UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 08-MD-1928-MIDDLEBROOKS

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION

This document applies to:
 ALL CASES

## ORDER ON MOTION TO COMPEL (DE458)

THIS CAUSE comes before the Court upon the Plaintiffs' Motion to Compel Production of Documents Regarding Margaret Foley and to Compel the Deposition of Margaret Foley (DE 458- MD). I have reviewed the Motion and the Response thereto[1] and am otherwise fully informed of the premises.

### Background

This MDL proceeding centers around a prescription medication aprotinin, trade name Trasylol®. The United States Food and Drug Administration (the "FDA") approved Trasylol for use in certain open-heart surgeries in 1993, and for all coronary artery bypass graft surgeries in 1998. The drug is intended to prevent peri-operative blood loss during surgery and reduce the need for blood transfusions.

Margaret Foley ("Foley") is an Associate Director of Regulatory Affairs for the Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer"). Foley had Trasylol-relat4ed responsibilities from 2000 - 2004, and from 2006 to the present. Foley was deposed and is expected to testify at trial as a fact witness for the defense.

The documents at issue in this Motion are: (1) Foley's custodial file; and (2) the

---

[1] Plaintiffs did not file a reply.

documents Foley prepared and reviewed in preparation for her deposition.

## The Motion to Compel

In their Motion, Plaintiffs seek to compel: (1) Foley's custodial file, and (2) the documents that she prepared and reviewed in preparation for her deposition. Specifically, the requests for production at issue herein, along with their responses, are as follows:

1. **Plaintiffs' Requests For Production Nos. 4 and 5**: Margaret Foley's complete custodial file related to compensation (Request No. 4) and performance reviews (Request No. 5).

   A. **Response to Requests Nos. 4 and 5**: [Bayer] objects to Request No. 4 [and 5] as being overly broad, vague and ambiguous, and as seeking documents that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2. **Plaintiffs' Requests for Production Nos. 8 & 9**: All documents reviewed by deponent in preparation for her deposition (Request No. 8) and all documents prepared by deponent in preparation for her deposition (Request No. 9).

   A. **Response to Requests Nos. 8 and 9**: [Bayer] objects to Request No. 8 [and 9] as seeking information protected by the attorney-client privilege, the attorney work product doctrine, and the provisions of Fed. R. Civ. P. 26(b)(3) regarding trial preparation materials.

## Analysis

### Ms. Foley's "custodial file"

In their Motion, the Plaintiffs assert that Bayer's Responses to Request Nos. 4 & 5 are deficient because Bayer fails to carry its burden to prove that the discovery requested is either privileged or objectionable. During the Court's previously scheduled status conference, the Parties informed me that by custodial file, the Parties refer to those files within Ms. Foley's personnel file which relate to her compensation and performance reviews.

Rule 26 of the Federal Rules of Civil Procedure provides for a broad scope of

2

discovery which makes discoverable "any matter relevant to the subject matter involved . . . ." FED. R. CIV. P. 26(b)(1). It is well established that the party opposing a motion to compel discovery bears the burden of establishing that the requested discovery is improper, unreasonable or burdensome." *See, e.g., Panola Land Buyers Ass'n. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

Defendants assert that "there is a strong public policy against the discovery of personnel files," because of concerns of invasion of privacy and fears that employers might cease to make full disclosures related to employment due to the potential of future exploitation of such materials. And so, according to Defendants, absent plaintiff making a specific, rather than a generalized, showing as to why they need private and personal information from Ms. Foley's personnel files, such materials should not be produced. Additionally, Defendants assert that in conformity with this Court's PTO No. 4, they have produced all of Ms. Foley's non-privileged personnel file.

The Plaintiffs informed me that they are seeking all files within Ms. Foley's personnel file relating to her performance reviews and compensation, because in the personnel files of some Bayer employees, there are documents which indicate that there is some relationship between sales of particular drugs and an individual employee's compensation or review. They seek to determine whether Ms. Foley's compensation or performance reviews had any such type of relationship with the sales of Trasylol.

At the Status Conference, I question Bayer as to whether Ms. Foley's personnel record contained any such documents, and they indicated that they were not sure if they did or did not. I informed Bayer that to the extent that any such document does exist within Ms.

3

Foley's personnel file, then such materials are discoverable and must be produced.

Alternatively, Bayer asserts that the information that Plaintiffs seek, whether or not Ms. Foley's compensation or reviews were tied to manufacture, sales or marketing of Trasylol, is readily available by deposing Ms. Foley. However, it is clear that simply making a deponent available will not necessarily reveal information that might be established by producing written documentation. *See Southern Ry. Co. v. Lanham,* 403 F. 2d 119 (5th Cir. 1968) ( holding that passage of time and conflicts of interest may result in incomplete or inaccurate testimony by a corporate deponent which would not be revealed without access to prior written documentation relating to the subject matter at issue). Accordingly, I find that, Ms. Foley's availability for deposition does not effect Bayer's obligation to produce the above-referenced documents should they exist.

### The documents reviewed in preparation of Ms. Foley's deposition

In the Motion to Compell, Plaintiffs seek to compel production of all of the documents reviewed by Ms. Foley in preparation for her deposition. Bayer opposes the production of the documents as protected by the attorney work-product privilege. This privilege is encompassed by FED. R. CIV. P. 26(b)(3), which provides, in pertinent part, that:

> [o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by [a party's attorney unless] . . . they are otherwise discoverable under Rule 26(b)(1) and [the party seeking the discovery] shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Bayer claims that Plaintiffs' request for all documents reviewed by Ms. Foley in preparation for her deposition are protected by this work-product privilege as opinion work

product. This is because, as Bayer asserts, its attorneys selected only discreet individual documents from amongst the voluminous documents produced in this case thus far, to prepare Ms. Foley for her deposition, and that act of culling and selection of a discreet number of documents, constitutes Bayer's attorneys' opinion of the important issues in the case and necessarily reveals their trial strategy.

At least two appellate courts have held that opinion work-product subject to Rule 26(b)(3) protection may be reflected in something as subtle as the act of selecting or ordering documents because this may reflect an attorney's opinion as to the significance of those documents in the preparation of the case. *Spork v. Peil*, 759 F. 2d 312,(3d Cir.(1985), *cert. denied*, 474 U.S. 903, 106 S.Ct. 232, 88 L Ed. 2d 230 (1985); *Shelton v. American Motors Corp.* 805 F.2d 1323, 1329 (8th Cir. 1986). Opinion work product enjoys a nearly absolute immunity from discovery. *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 138, 1422 (11th Cir. 1994).

In *Sporck* , decided by a divided panel of the Third Circuit, determined that "the selection and compilation of documents by counsel . . . in preparation for pretrial discovery falls within the highly-protected category of opinion work product." *Sporck*, 759 F.2d at 316. *Shelton*, decided by the Eighth Circuit, made a similar finding, but the facts of that case involved a deposition of an attorney, not a general or corporate witness. The attorney deponent in *Shelton* refused to acknowledge the existence or non-existence of particular documents during the course of his deposition. The *Shelton* court held that because the attorney, by acknowledging the existence of documents referred to by plaintiff's counsel, would "reflect her judgment as an attorney in identifying, examining and selecting from [the case's] voluminous files those documents on which she [would] rely in preparing her client's

defense" because, under such circumstances, the attorney's ability to recollect the existence of any individual document would be limited to those that she necessarily "selected as significant and important with respect to her legal theories." *Shelton,* 805 F.2d at 1327-28.

Cases that have considered issues similar to those presented in *Sporck, Shelton* and the case herein, have demonstrated a good deal of disagreement as to the application of such a "selection-based opinion work-product" privilege, and the result has been the production of a multitude of distinguishing principles. The foremost and most consistent of such principles is that "the mere selection and grouping of information by counsel for a deponent to review does not automatically transform otherwise discoverable documents into work product." *See, e.g., In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1018 (1st Cir. 1988). The Court in the *San Juan* case criticized the *Sporck* decision as flawed because it assumed that the revelatory nature of the sought-after information was, in and of itself, sufficient to impart the information with the cloak of heightened protection of opinion work product.

The Eleventh Circuit has not had opportunity as yet to consider the applicability of the *Sporck* doctrine. The cases within this Circuit that have had such opportunity, however, have recognized the far-reaching effects of the decision, and have crafted a narrower application of the doctrine. *See, e.g., Hunter's Ridge Golf, Co., Inc. v. Georgia Pacific Corp.,* 233 F.R.D. 678, 681 (M.D. Fla. 2006); *Jackson v. Geometrica, Inc.,* 2006 WL 510059 (M.D. Fla. Mar 2, 2006); *In re Seroquel Products Liability Lit.,* 2008 WL 215707 (M.D. Fla. 2008). Much of this narrower application derives from the *Sporck* dissent and the *San Juan fire* case wherein the First Circuit recognized that "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work

product . . . . Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule." 859 F.2d at 1015.

Under this narrower application, as it has evolved, a party asserting an attorney opinion privilege claim must come forward with some evidence that disclosure of the requested documents creates a real, non-speculative danger of revealing counsel's thoughts. It is conceivable that some circumstances might warrant application of the *Sporck* principle, but under the facts presented related to Ms. Foley, Bayer has not come forward with any such showing. Rather, it asserts a broad general privilege which basically would extend the work-product privilege into the norm rather than the exception. "Construed too broadly, the work product privilege can interfere with the essential function of the discovery process of narrowing issues for trial." *In re Seroquel*, 2008 WL 215707 at *5. Accordingly, for the reasons set forth herein, it is

ORDERED and ADJUDGED that the Motion (DE 458) be and is hereby GRANTED IN PART and DENIED IN PART.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 7 day of April, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record

product . . . . Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule." 859 F.2d at 1015.

Under this narrower application, as it has evolved, a party asserting an attorney opinion privilege claim must come forward with some evidence that disclosure of the requested documents creates a real, non-speculative danger of revealing counsel's thoughts. It is conceivable that some circumstances might warrant application of the *Sporck* principle, but under the facts presented related to Ms. Foley, Bayer has not come forward with any such showing. Rather, it asserts a broad general privilege which basically would extend the work-product privilege into the norm rather than the exception. "Construed too broadly, the work product privilege can interfere with the essential function of the discovery process of narrowing issues for trial." *In re Seroquel*, 2008 WL 215707 at *5. Accordingly, for the reasons set forth herein, it is

ORDERED and ADJUDGED that the Motion (DE 458) be and is hereby GRANTED IN PART and DENIED IN PART.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 7 day of April, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record