# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions

### DEFENDANT BAYER SCHERING PHARMA AG'S MASTER ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFFS' MASTER COMPLAINT

Defendant Bayer Schering Pharma AG, as successor in interest to Bayer HealthCare AG, for its Answer to Plaintiffs' Master Complaint (the "Complaint"), states as follows:

1.      Although the Complaint contains allegations referring to Bayer HealthCare AG and other entities collectively as "Defendants," "Defendant," and/or "Bayer," Bayer Schering Pharma AG is not answering the Complaint on behalf of any entity other than Bayer Schering Pharma AG, as successor in interest to Bayer HealthCare AG, and is not answering allegations that are directed to any entity other than Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG.  Bayer Schering Pharma AG denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 1 of the Complaint.

2.      Bayer Schering Pharma AG admits that this Court entered Pretrial Order No. 4 (Case Management and Scheduling Order No. 1) on May 22, 2008.  That Order speaks for itself, and Bayer Corporation denies the allegations in paragraph 2 of the Complaint to the extent they are inconsistent with the contents of that Order.  Bayer Corporation denies liability for any

injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 2 of the Complaint.

3.      Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences in paragraph 3 of the Complaint.  Bayer Schering Pharma AG denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 3 of the Complaint.

4.      Upon information and belief, Bayer Schering Pharma AG admits that Bayer Corporation is an Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time period to which the allegations in the third sentence of paragraph 4 of the Complaint refer but admits, upon information and belief, that at certain times prior to January 2003 Bayer Corporation was promoting, marketing, distributing, testing, and/or selling Trasylol® in interstate commerce in the United States.  Bayer Schering Pharma AG denies that Bayer Corporation has developed, manufactured, or licensed Trasylol®.  Because of the vagueness of the allegation in paragraph 4 that Bayer Corporation was "warranting" Trasylol®, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of that allegation.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 4 of the Complaint.

5.      Upon information and belief, Bayer Schering Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Wayne, New Jersey; that Bayer HealthCare Pharmaceuticals Inc. is indirectly wholly owned by Bayer Corporation; and that Bayer HealthCare Pharmaceuticals Inc. is successor in interest to Bayer Pharmaceuticals Corporation.  Bayer Schering Pharma AG further admits, upon

information and belief, that at certain times in and after November 2002 and prior to January

2008, Bayer Pharmaceuticals Corporation was a wholly owned subsidiary of Bayer Corporation

and had its principal place of business in West Haven, Connecticut.  Bayer Schering Pharma AG

is without knowledge or information sufficient to form a belief as to the time frame to which the

allegations in the fourth sentence of paragraph 5 of the Complaint refer but admits, upon

information and belief, that at certain times in and after January 2003 and prior to January 2008,

Bayer Pharmaceuticals Corporation maintained certain records relating to Trasylol®, sponsored

clinical studies of Trasylol®, was promoting and labeling Trasylol®, and from time to time

submitted to the United States Food and Drug Administration ("FDA") New Drug Application

supplements for Trasylol®.  Bayer Schering Pharma AG further admits that Bayer

Pharmaceuticals Corporation issued a press release on November 5, 2007, announcing that it had

elected temporarily to suspend marketing of Trasylol®.  Bayer Schering Pharma AG denies that

Bayer Pharmaceuticals Corporation developed Trasylol®.  Because of the vagueness of the

phrase "other actions central to the allegations of this lawsuit," Bayer Schering Pharma AG is

without knowledge or information sufficient to form a belief as to the truth of those allegations.

Bayer Schering Pharma AG denies the remaining allegations in paragraph 5 of the Complaint.

      6.     Paragraph 6 of the Complaint states legal conclusions to which no answer is

required.  To the extent a response may be required, Bayer Schering Pharma AG admits that this

Court entered Pretrial Order No. 4 (Case Management and Scheduling Order No. 1) on May 22,

2008.  That Order speaks for itself and Bayer Schering Pharma AG denies the allegations in

paragraph 6 of the Complaint to the extent they are inconsistent with the contents of that Order

or subsequent orders of this Court relating to case management.  Bayer Schering Pharma AG

denies the remaining allegations in paragraph 6 of the Complaint.

7.      Bayer Schering Pharma AG admits that at the time this Complaint was filed, Bayer HealthCare AG, the predecessor in interest of Bayer Schering Pharma AG, was a German corporation with its principal place of business in Leverkusen, Germany and was a wholly owned subsidiary of Bayer AG.  By way of further answer, Bayer Schering Pharma AG states that Bayer HealthCare AG was merged with and into Bayer Schering Pharma AG, effective December 30, 2008.  Bayer Schering Pharma AG admits that Bayer AG is a German corporation with its principal place of business in Leverkusen, Germany.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the fourth sentence of paragraph 7 of the Complaint refer but admits that at certain times in and after October 2003 and prior to December 30, 2008, Bayer HealthCare AG was testing and/or manufacturing Trasylol® and that at certain times prior to October 2003 Bayer AG was designing, testing, and/or manufacturing Trasylol®.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that this Court entered Pretrial Order No. 4 (Case Management and Scheduling Order No. 1) on May 22, 2008 and further states that this Court, on February 4, 2009, entered Pretrial Order No. 11, which amends Section VI.A of Case Management and Scheduling Order No. 1.  Those Orders speak for themselves and Bayer Schering Pharma AG denies the allegations in paragraph 8 of the Complaint to the extent they are inconsistent with the contents of those Orders or subsequent orders of this Court relating to case management.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint states legal conclusions to which no answer is

required.  To the extent a response may be required, Bayer Schering Pharma AG denies that this Court may exercise personal jurisdiction over Bayer Schering Pharma AG and expressly reserves all related defenses.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that, on April 7, 2008, and from time to time thereafter, certain civil actions have been transferred to the Southern District of Florida by orders of the United States Judicial Panel on Multidistrict Litigation for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 and that certain actions have been filed directly in this MDL.  Bayer Schering Pharma AG reserves all defenses related to venue of these actions that are not expressly waived.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint.

11.      Bayer Schering Pharma AG admits that Trasylol® is a prescription pharmaceutical, that Trasylol® is the proprietary name for aprotinin injection, and that since 1993 Trasylol® has been indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in certain coronary artery bypass graft surgical settings specified in its FDA-approved labeling.  Bayer Schering Pharma AG admits that antifibrinolytics may be used to reduce or prevent bleeding when fibrinolysis contributes to bleeding.  Bayer Schering Pharma AG admits that Trasylol® is a proteinase inhibitor which, through inhibition of various hemostatic factors and processes, results in the attenuation of inflammatory responses, fibrinolysis, and thrombin generation, and that Trasylol®'s effects include inhibition of fibrinolysis.  Bayer Schering Pharma AG further admits that Trasylol® from time to time is

referred to as an "antifibrinolytic," although its mechanism of action is different from those of other drugs referred to as "antifibrinolytics."  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 11 of the Complaint.

12.     Bayer Schering Pharma AG admits that aprotinin is the active ingredient in Trasylol®, that Trasylol® is a natural proteinase inhibitor obtained from bovine lung, that Trasylol® consists of 58 amino acid residues that are arranged in a single polypeptide chain, cross-linked by three disulfide bridges, that it has a molecular weight of 6512 daltons, that the active center of the aprotinin molecule is located on the lysine 15 and alanine 16 amino acid residues, and that aprotinin forms reversible stoichiometric enzyme-inhibitor complexes.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 12 of the Complaint.

13.     Bayer Schering Pharma AG admits that, in or around 1930 in Germany, Dr. Kraut and others isolated a kallikrein inhibitor from bovine lung; that aprotinin was first marketed as "Trasylol" in Germany in 1959 for treatment of pancreatitis; and that aprotinin from time to time has been sold outside the United States.  The allegation in paragraph 13 of the Complaint that Trasylol was sold "for several other indications" is vague and ambiguous, and therefore Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of that allegation.  Bayer Schering Pharma AG admits that at certain times in and after October 2003 and prior to December 30, 2008, its predecessor in interest Bayer HealthCare AG manufactured Trasylol® in Germany.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 13 of the Complaint.

14.     Bayer Schering Pharma AG admits that the FDA-approved labeling for Trasylol® stated that Trasylol® was supplied in 100 and 200 milliliter vials  and should be administered by

a health care professional intravenously through a central line during surgery.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the state of mind of individuals who may have been administered Trasylol®.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 14 of the Complaint.

15.     Bayer Schering Pharma AG admits that aminocaproic acid and tranexamic acid are antifibrinolytic agents and admits upon information and belief that the FDA approved the sale and distribution in the United States of aminocaproic acid in 1964 and of tranexamic acid in 1986.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 15 of the Complaint.

16.     Bayer Schering Pharma AG admits that an article authored by Dr. David Royston et al. was published in *The Lancet* on or about December 5, 1987.  That article speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 16 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 16 of the Complaint.

17.     Bayer Schering Pharma AG admits that the FDA approved the sale and distribution of Trasylol® in the United States in December 1993 and approved labeling, including a package insert, for Trasylol® at that time; admits that the FDA regulates prescription drugs pursuant to, *inter alia*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. ("the FDCA") and conducts its regulatory activities, including review and approval of labeling for prescription drugs, pursuant to the FDCA and regulations promulgated under the FDCA; and admits the remaining allegations in the first sentence of paragraph 17 of the Complaint.  Bayer Schering Pharma AG further admits that, at the time it was approved by the FDA for sale and distribution in the United States, Trasylol® was indicated for prophylactic use to reduce

perioperative blood loss and the need for blood transfusion in patients undergoing

cardiopulmonary bypass graft surgery in the course of repeat coronary artery bypass graft

surgery, and for selected cases of primary coronary artery bypass graft surgery where the risk of

bleeding is especially high (impaired hemostasis, e.g., presence of aspirin or other coagulopathy)

or where transfusion is unavailable or unacceptable.  Bayer Schering Pharma AG denies the

remaining or inconsistent allegations in paragraph 17 of the Complaint.

18.     Upon information and belief, Bayer Schering Pharma AG admits that potential

renal effects of Trasylol® were discussed with the FDA in connection with the preclinical and

clinical studies of Trasylol®.  Bayer Schering Pharma AG further admits that the "Indications

and Usage" section of the FDA-approved labeling for Trasylol® in January 1994 stated that

"selected use of Trasylol® in primary CABG patients is based on the risk of renal dysfunction

and on the risk of anaphylaxis (should a second procedure be needed)" and discussed laboratory

findings and data regarding renal dysfunction, kidney failure, and serum creatinine elevations in

the "Adverse Reactions" section.  Because of the vagueness of the allegations, Bayer Schering

Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 18 of the Complaint.

19.     Bayer Schering Pharma AG admits that the Trasylol® package insert approved by

the FDA in October 1994 states under the heading "DOSAGE AND ADMINISTRATION" that

Trasylol is given "in both dose Regimen A and Regimen B (half dose Regimen A)."  Bayer

Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 19 of the

Complaint.

20.     Bayer Schering Pharma AG admits that on August 8, 1997, the FDA approved a

supplemental New Drug Application for Trasylol® that provided for new and revised statements

in the Trasylol® package insert regarding the risk of anaphylactic reactions to Trasylol® as well as new data regarding other potential adverse reactions.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 20 of the Complaint.

21.     Bayer Schering Pharma AG admits that the Trasylol® package insert approved by the FDA in August 1998 states under the heading "INDICATIONS AND USAGE" that "Trasylol is indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery."  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 21 of the Complaint.

22.     Bayer Schering Pharma AG denies the allegations in paragraph 22 of the Complaint.

23.     Upon information and belief, Bayer Schering Pharma AG admits that Bayer Corporation agreed to provide the FDA with post-marketing evaluations and analysis of reported adverse drug events in connection with the Supplemental New Drug Application approved by the FDA on August 28, 1998.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 23 of the Complaint.

24.     Because of the vagueness of the allegations, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Bayer Schering Pharma AG denies the allegations in paragraph 25 of the Complaint.

26.     Bayer Schering Pharma AG denies the allegations in paragraph 26 of the Complaint.

27.     Bayer Schering Pharma AG admits that from January 1, 1985, through March 31, 2006, there had been an estimated cumulative 4.38 million patient exposures worldwide to Trasylol®; that it was reported in the 2005 Annual Report of Bayer AG that in 2005 Trasylol® generated sales of €230 million and was listed as eleventh among "Best-Selling Bayer HealthCare Products"; and that in late 2005 it was estimated that the sales potential of Trasylol® could exceed €500 million.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 27 of the Complaint.

28.     Bayer Schering Pharma AG admits that an article authored by Mangano et al. was published in *The New England Journal of Medicine* on or about January 26, 2006.  That article speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 28 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 28 of the Complaint.

29.     The article authored by Mangano et al. speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 29 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 29 of the Complaint.

30.     Bayer Schering Pharma AG admits that an article authored by Karkouti et al. titled "A propensity score case-control comparison of aprotinin and tranexamic acid in high-transfusion-risk cardiac surgery" was published in the online edition of *Transfusion* on or about January 20, 2006.  That article speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 30 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 30 of the Complaint.

31.     Bayer Schering Pharma AG admits that on or about February 8, 2006, the FDA issued a Public Health Advisory discussing, *inter alia*, an article relating to Trasylol® authored by Mangano et al. that had been published in *The New England Journal of Medicine* in January 2006 and an article relating to Trasylol® authored by Karkouti et al. that had been published in the online edition of *Transfusion* in January 2006, and stating that the FDA "anticipates the public presentation of the recently reported information and other data at an advisory committee in the near future."  The FDA Advisory speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 31 of the Complaint to the extent they are inconsistent with the contents of that Advisory.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 31 of the Complaint.

32.     Bayer Schering Pharma AG admits that in or about April 2006 a steering committee was formed to discuss issues related to Trasylol® and that the members of that committee included employees of Bayer Pharmaceuticals Corporation and Bayer HealthCare AG.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 32 of the Complaint.

33.     Bayer Schering Pharma AG admits that on February 1, 2006, an employee of Bayer HealthCare AG contacted Dr. Alexander Walker of i3 Drug Safety to discuss the possibility of conducting an observational study involving Trasylol®, aminocaproic acid, and tranexamic acid.  Upon information and belief, Bayer Schering Pharma AG admits that Dr. Alexander Walker is a physician and pharmacoepidemiologist, is a graduate of the Harvard School of Public Health, and was senior vice president for epidemiology at i3 Drug Safety.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 33 of the Complaint.

34. Because of the vagueness of the phrase "independent reviewers," Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34 of the Complaint.  Bayer Schering Pharma AG admits that a Services Agreement between Bayer HealthCare AG and i3 Drug Safety, under which i3 Drug Safety was to conduct an observational study of data drawn from a commercial database involving patients who had undergone coronary artery bypass graft surgery, was signed by Dr. Ernst Weidmann on behalf of Bayer HealthCare AG on or about June 19, 2006.  Bayer Schering Pharma AG admits that, under the Services Agreement, i3 Drug Safety agreed, *inter alia*, to deliver to Bayer HealthCare AG, within three months after the date of receipt of the fully executed contract, a preliminary report based exclusively on electronic data from the commercial database.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 34 of the Complaint.

35. Bayer Schering Pharma AG admits that the FDA announced in July 2006 that it would convene a public meeting of the Cardiovascular and Renal Drugs Advisory Committee on September 21, 2006, to discuss Trasylol®.  Bayer Schering Pharma AG further admits, upon information and belief, that, at the request of the FDA in advance of the meeting, Bayer Pharmaceuticals Corporation submitted materials including a briefing document addressing, *inter alia*, an article relating to Trasylol® authored by Mangano et al. that had been published in *The New England Journal of Medicine* in January 2006 and an article relating to Trasylol® authored by Karkouti et al. that had been published in the online edition of *Transfusion* in January 2006.  Because of the vagueness of the allegations in paragraph 35 of the Complaint concerning "voluminous information" and "numerous contacts," Bayer Schering Pharma AG is without

knowledge or information sufficient to form a belief as to the truth of those allegations. Bayer

Schering Pharma AG denies the remaining allegations in paragraph 35 of the Complaint.

36.     Bayer Schering Pharma AG admits that two employees of Bayer HealthCare AG

received a preliminary report concerning the ongoing observational study by i3 Drug Safety on

or about September 14, 2006. Bayer Schering Pharma AG admits that the ongoing observational

study by i3 Drug Safety and the preliminary report from that study were not discussed at the

September 21, 2006, meeting of the Cardiovascular and Renal Drugs Advisory Committee

convened by the FDA and admits, upon information and belief, that Bayer Pharmaceuticals

Corporation submitted information regarding the i3 Drug Safety study, including the preliminary

report, to the FDA on September 27, 2006. Bayer Schering Pharma AG denies the remaining or

inconsistent allegations in paragraph 36 of the Complaint.

37.     Because of the vagueness of the allegation, Bayer Schering Pharma AG is without

knowledge or information sufficient to form a belief as to the truth of the allegation in the first

sentence of paragraph 37 of the Complaint. Bayer Schering Pharma AG denies the remaining

allegations in paragraph 37 of the Complaint.

38.     Bayer Schering Pharma AG admits that the FDA convened a public meeting of

the Cardiovascular and Renal Drugs Advisory Committee on September 21, 2006, to discuss

Trasylol®. The transcript and minutes of that meeting speak for themselves, and Bayer Schering

Pharma AG denies the allegations in paragraph 38 of the Complaint to the extent they are

inconsistent with the contents of that transcript and those minutes. Bayer Schering Pharma AG

denies the remaining allegations in paragraph 38 of the Complaint.

39.     Bayer Schering Pharma AG admits that the minutes of the September 21, 2006,

Advisory Committee meeting reflect that the Committee voted yes, 18 to 0 with one abstention,

in response to the question, "Based upon the presentations today, do you regard the totality of clinical data as supporting acceptable safety and efficacy for Trasylol usage among certain CABG/CPB patients?"  The transcript and minutes of the September 21, 2006, meeting speak for themselves, and Bayer Schering Pharma AG denies the allegations in paragraph 39 of the Complaint to the extent they are inconsistent with the contents of that transcript and those minutes.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 39 of the Complaint.

40.     Bayer Schering Pharma AG admits that at the request of Bayer HealthCare AG, Dr. Alexander Walker of i3 Drug Safety was performing an observational study of data drawn from a commercial database involving patients who underwent coronary artery bypass graft surgery but denies that the study properly is characterized as a "67,000 patient-study."  Upon information and belief, Bayer Schering Pharma AG admits that on September 27, 2006, Bayer Pharmaceuticals Corporation submitted to the FDA information regarding the ongoing observational study of Trasylol® by i3 Drug Safety, including the preliminary report.  Bayer Schering Pharma AG further admits that an FDA statement issued on September 29, 2006, stated that FDA was not aware of the preliminary report when it held the September 21, 2006, Advisory Committee meeting.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint.

41.     Bayer Schering Pharma AG admits that in a report dated August 2007 and prepared after an investigation, Zuckerman Spaeder LLP answered the question, "Why was the existence of the i3 study not communicated to FDA in advance of the Advisory Committee meeting on September 21, 2006?" as follows:  "We conclude that the failure to disclose was not motivated by an intent to conceal the i3 study from FDA or the Advisory Committee but was

regrettable human error." Bayer Schering Pharma AG admits that, at a September 12, 2007, joint meeting of the Cardiovascular and Renal Drugs Advisory Committee and the Drug Safety and Risk Management Advisory Committee, which was open to the public, representatives of Bayer Pharmaceuticals Corporation and other participants presented testimony and evidence regarding, *inter alia*, deficiencies in the i3 Drug Safety study. Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 41 of the Complaint.

42. Bayer Schering Pharma AG admits that on or about September 29, 2006, the FDA issued a Public Health Advisory discussing, *inter alia*, the ongoing observational study by i3 Drug Safety, and further admits that on February 8, 2006, the FDA had issued a Public Health Advisory discussing the article by Mangano et al. published in the *New England Journal of Medicine* in January 2006 and the article by Karkouti et al. published in the online edition of *Transfusion* in January 2006. Those FDA Advisories speak for themselves, and Bayer Schering Pharma AG denies the allegations in paragraph 42 of the Complaint to the extent they are inconsistent with the contents of the Advisories. Bayer Schering Pharma AG denies the remaining allegations in paragraph 42 of the Complaint.

43. Bayer Schering Pharma AG admits that the FDA receives and reviews various sources of information regarding approved pharmaceuticals and that a revised Trasylol® package insert was approved by the FDA on December 15, 2006. The package insert speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 43 of the Complaint to the extent they are inconsistent with the contents of the FDA-approved labeling. Bayer Schering Pharma AG denies the remaining allegations in paragraph 43 of the Complaint.

44. Bayer Schering Pharma AG admits that on or about December 15, 2006, the FDA issued an "FDA Alert" portions of which are quoted in the indented portions of paragraph 44 of

the Complaint.  Bayer Schering Pharma AG denies the allegations in paragraph 44 of the Complaint to the extent they are inconsistent with the contents of the Alert and denies the remaining allegations in paragraph 44 of the Complaint.

45.     Bayer Schering Pharma AG admits that three ongoing clinical studies for Trasylol®, which were investigating the safety and efficacy of Trasylol® on transfusion requirements and blood loss in adults undergoing elective spinal fusion surgery, pneumonectomy or esophagectomy for cancer, and radical or total cystectomy in bladder cancer, have been discontinued.  Bayer Schering Pharma AG admits that on January 25, 2007, a press release was issued regarding the discontinuation of those three studies.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 45 of the Complaint.

46.     Bayer Schering Pharma AG admits that the FDA's Cardiovascular and Renal Drugs Advisory Committee, in joint session with the Drug Safety and Risk Management Advisory Committee (collectively, the "Advisory Committee"), met on September 12, 2007, concerning Trasylol®.  Bayer Schering Pharma AG further admits that the Advisory Committee voted 16 to 1, with one member abstaining, to recommend continued marketing authorization for Trasylol.  The transcript and minutes of the September 12, 2007, Advisory Committee meeting speak for themselves, and Bayer Schering Pharma AG denies the remaining allegations in paragraph 46 of the Complaint to the extent they are inconsistent with the contents of that transcript and those minutes.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 46 of the Complaint.

47.     Bayer Schering Pharma AG admits that in October 2007, Bayer HealthCare AG was informed that the executive committee of a study conducted in Canada by the Ottawa Health Research Institute, titled "Blood conservation using antifibrinolytics: A randomized trial in a

cardiac surgery population" (the "BART" study), had halted patient enrollment in the aprotinin treatment group arm of the study.  Bayer Schering Pharma AG further admits that Bayer HealthCare AG was informed that a planned periodic data analysis indicated reduced bleeding but also an increase in all-cause mortality (that almost reached conventional statistical significance for 30-day mortality) for patients receiving Trasylol® compared to patients who received either aminocaproic acid or tranexamic acid.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 47 of the Complaint.

48.     Bayer Schering Pharma AG admits that, on or about November 5, 2007, Bayer Pharmaceuticals Corporation elected to temporarily suspend marketing of Trasylol® until final results from the BART study could be compiled, received and evaluated, and that the FDA announced the marketing suspension on November 5, 2007.  The November 5, 2007, FDA press release speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 48 of the Complaint to the extent they are inconsistent with the contents of that press release.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 48 of the Complaint.

49.     Bayer Schering Pharma AG admits that an article authored by Dean A. Fergusson, Paul C. Hébert, and others was published in the May 29, 2008, edition of *The New England Journal of Medicine*.  That article speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 49 of the Complaint to the extent they are inconsistent with the contents of that  article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 49 of the Complaint.

50.     Bayer Schering Pharma AG admits that, on or about May 14, 2008, the FDA announced that Bayer HealthCare Pharmaceuticals Inc. had notified the FDA that it would begin removing the remaining Trasylol® stock from the United States market.  Bayer Schering Pharma

AG denies the remaining or inconsistent allegations in paragraph 50 of the Complaint.

51.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiffs or to individuals for whom Plaintiffs are representatives.  Bayer Schering Pharma AG denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 51 of the Complaint.

52.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the relationships between Plaintiffs and other persons alleged to have received Trasylol®.  Bayer Schering Pharma AG denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 52 of the Complaint.

53.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

54.     Bayer Schering Pharma AG denies the allegations in paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies the allegations in paragraph 55 of the Complaint.

56.     Bayer Schering Pharma AG denies that the warnings regarding Trasylol® were inadequate and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer HealthCare AG had

any duty to provide warnings directly to patients, denies that it or its predecessor in interest
Bayer HealthCare AG breached any applicable duty of care relating to Plaintiffs' claims, denies
liability for any injury alleged in the Complaint, and denies the remaining allegations in
paragraph 57 of the Complaint.

58.     Bayer Schering Pharma AG denies the allegations in paragraph 58 of the
Complaint.

59.     Bayer Schering Pharma AG denies the allegations in paragraph 59 of the
Complaint.

60.     Bayer Schering Pharma AG denies the allegations in paragraph 60 of the
Complaint.

61.     Bayer Schering Pharma AG denies the allegations in paragraph 61 of the
Complaint, including all subparts thereof.

62.     Paragraph 62 of the Complaint states legal conclusions to which no answer is
required.  To the extent a response may be required, Bayer Schering Pharma AG denies that the
warnings regarding Trasylol® were inadequate.  Because of the vagueness of the remaining
allegations in paragraph 62 of the Complaint, Bayer Schering Pharma AG is without knowledge
or information sufficient to form a belief as to the truth of those allegations.

63.     Bayer Schering Pharma AG denies the allegations in paragraph 63 of the
Complaint.

64.     Bayer Schering Pharma AG denies the allegations in paragraph 64 of the
Complaint.

65.     Bayer Schering Pharma AG denies the allegations in paragraph 65 of the
Complaint.

66.     Bayer Schering Pharma AG denies the allegations in paragraph 66 of the Complaint.

67.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

68.     Bayer Schering Pharma AG denies the allegations in paragraph 68 of the Complaint.

69.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 69 of the Complaint refer but admits that its predecessor in interest Bayer HealthCare AG manufactured and/or sold Trasylol® at certain times in and after October 2003, and prior to December 30, 2008.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiffs or other patients as alleged and denies the remaining allegations in paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that its predecessor in interest Bayer HealthCare AG manufactured Trasylol® at certain times in and after October 2003 and prior to December 30, 2008.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of the Complaint because of the vagueness of those allegations.

71.     Bayer Schering Pharma AG denies the allegations in paragraph 71 of the Complaint, including all subparts thereof.

72.     Bayer Schering Pharma AG denies the allegations in paragraph 72 of the Complaint.

73.    Bayer Schering Pharma AG admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the Complaint, including as to whether Trasylol® was administered to patients as alleged by Plaintiffs and, if so, whether it reached such patients without substantial change from the condition in which it was sold.

74.    Bayer Schering Pharma AG without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to patients as alleged by Plaintiffs and, if so, whether it reached such patients without substantial change from the condition in which it was sold.

75.    Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG states that because of the vagueness of the terms "entitled" and "withdraw," it is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 76 of the Complaint.

77.    Bayer Schering Pharma AG denies the allegations in paragraph 77 of the Complaint.

78.    Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

79.     Bayer Schering Pharma AG denies the allegations in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that the warnings for Trasylol® were inadequate, denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 81 of the Complaint.

82.     Bayer Schering Pharma AG denies the allegations in paragraph 82 of the Complaint, including all subparts thereof.

83.     Bayer Schering Pharma AG denies the allegations in paragraph 83 of the Complaint.

84.     Bayer Schering Pharma AG denies the allegations in the first sentence of paragraph 84 of the Complaint.  The second sentence of paragraph 84 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that at certain times in and after October 2003 and prior to December 30, 2008, its predecessor in interest Bayer HealthCare AG manufactured Trasylol®. Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in the second sentence of paragraph 84 of the Complaint because of the vagueness of those allegations.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 83 of the Complaint.

85.     Bayer Schering Pharma AG denies the allegations in paragraph 85 of the Complaint.

86.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

87.     Paragraph 87 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that manufacturers and distributors of prescription drugs in the United States are subject to FDA regulation and other legal duties.  Bayer Schering Pharma AG denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable legal duty relating to Plaintiffs' claims.  Because of the vagueness of various phrases in paragraph 87, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.     Bayer Schering Pharma AG denies the allegations in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to patients as alleged by Plaintiffs.  Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint and denies the remaining allegations in paragraph 89 of the Complaint.

90.     Bayer Schering Pharma AG denies the allegations in paragraph 90 of the Complaint.

91.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

92.     Bayer Schering Pharma AG denies the allegations in paragraph 92 of the Complaint.

93.     Bayer Schering Pharma AG denies the allegations in paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG states that because of the vagueness of various terms including "entitled," "bona fide scientific data," and "withdrawn," Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of those allegations in paragraph 94 of the Complaint.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 94 of the Complaint.

95.     Bayer Schering Pharma AG denies the allegations in paragraph 95 of the Complaint, including all subparts thereof.

96.     Bayer Schering Pharma AG denies the allegations in paragraph 96 of the Complaint.

97.     Bayer Schering Pharma AG denies the allegations in paragraph 97 of the Complaint.

98.     Bayer Schering Pharma AG denies the allegations in paragraph 98 of the Complaint.

99.     Bayer Schering Pharma AG denies the allegations in paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable legal duty relating to Plaintiffs' claims and denies the remaining allegations in paragraph 100 of the Complaint.

101.    Bayer Schering Pharma AG denies the allegations in paragraph 101 of the Complaint.

102.    Bayer Schering Pharma AG denies the allegations in paragraph 102 of the Complaint.

103.    Bayer Schering Pharma AG denies the allegations in paragraph 103 of the Complaint.

104.    Bayer Schering Pharma AG denies the allegations in paragraph 104 of the Complaint.

105.    Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 105 of the Complaint.

106.    Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 106 of the Complaint.

107.    Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 107 of the Complaint.

108.     Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 108 of the Complaint.

109.     Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 109 of the Complaint.

110.     Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 110 of the Complaint.

111.     Because Count VI of the Complaint has been dismissed pursuant to the Court's order of March 5, 2009, no response is required to paragraph 111 of the Complaint.

112.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

113.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 113 of the Complaint refer but admits that its predecessor in interest Bayer HealthCare AG tested, manufactured, and/or sold Trasylol® at certain times in and after October 2003 and prior to December 30, 2008. Bayer Schering Pharma AG admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to patients as alleged by Plaintiffs and, if so, whether it reached such patients without substantial change from the condition in which it was sold.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 113 of the Complaint.

114.     Paragraph 114 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that Trasylol® has been indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in certain patients undergoing coronary artery bypass graft surgery

and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 114 of the Complaint.

115.    Bayer Schering Pharma AG denies the allegations in paragraph 115 of the Complaint.

116.    Bayer Schering Pharma AG denies the allegations in paragraph 116 of the Complaint.

117.    Bayer Schering Pharma AG denies the allegations in paragraph 117 of the Complaint.

118.    Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

119.     Paragraph 119 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable legal duty relating to Plaintiffs' claims and denies the remaining allegations in paragraph 119 of the Complaint.

120.    Bayer Schering Pharma AG denies the allegations in paragraph 120 of the Complaint.

121.    Bayer Schering Pharma AG denies the allegations in paragraph 121 of the Complaint.

122.    Bayer Schering Pharma AG denies the allegations in paragraph 122 of the Complaint, including all subparts thereof.

123.    Bayer Schering Pharma AG denies the allegations in paragraph 123 of the Complaint.

124.     Bayer Schering Pharma AG denies the allegations in paragraph 124 of the Complaint.

125.     Bayer Schering Pharma AG denies the allegations in paragraph 125 of the Complaint.

126.     Bayer Schering Pharma AG denies the allegations in paragraph 126 of the Complaint.

127.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

128.     Bayer Schering Pharma AG denies the allegations in paragraph 128 of the Complaint.

129.     Bayer Schering Pharma AG denies the allegations in paragraph 129 of the Complaint.

130.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 130, and denies the remaining allegations in paragraph 130 of the Complaint.

131.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

132.     Paragraph 132 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the nature of the relationship(s) between Plaintiffs and Spouse Plaintiffs and/or Family Member Plaintiffs and the medical condition(s) of Plaintiffs.  Bayer Schering Pharma AG denies liability for any injuries or

damages alleged in the Complaint and denies the remaining allegations in paragraph 132 of the Complaint.

133.    Bayer Schering Pharma AG denies the allegations in paragraph 133 of the Complaint.

134.    Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint.

135.    Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint.

136.    Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint.

137.    Bayer Schering Pharma AG denies the allegations in paragraph 137 of the Complaint.

138.    Bayer Schering Pharma AG denies the allegations in paragraph 138 of the Complaint.

139.    Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

140.    Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the individuals who survive Plaintiffs' decedents, and denies the remaining allegations in paragraph 140 of the Complaint.

141.    Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint.

142.    Bayer Schering Pharma AG denies the allegations in paragraph 142 of the Complaint.

143.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 143, and denies the remaining allegations in paragraph 143 of the Complaint.

144.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 144, and denies the remaining allegations in paragraph 144 of the Complaint.

145.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

146.     Bayer Schering Pharma AG denies the allegations in paragraph 146 of the Complaint.

147.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 147, and denies the remaining allegations in paragraph 147 of the Complaint.

148.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 148, and denies the remaining allegations in paragraph 148 of the Complaint.

149.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

150.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 150, and denies the allegations in paragraph 150 of the Complaint.

151.    Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 151, and denies the remaining allegations in paragraph 151 of the Complaint.

152.    Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiffs are entitled to the relief requested in paragraph 152, and denies the remaining allegations in paragraph 152 of the Complaint.

153.    Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

154.    Bayer Schering Pharma AG denies the allegations in paragraph 154 of the Complaint.

155.    Bayer Schering Pharma AG denies the allegations in paragraph 155 of the Complaint.

156.    Paragraph 156 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 156 of the Complaint.

157.    Bayer Schering Pharma AG denies the allegations in paragraph 157 of the Complaint, including all subparts thereof.

158.    Bayer Schering Pharma AG denies the allegations in paragraph 158 of the Complaint.

159.    Bayer Schering Pharma AG denies the allegations in paragraph 159 of the Complaint.

160.     Bayer Schering Pharma AG denies the allegations in paragraph 160 of the Complaint.

161.     Bayer Schering Pharma AG denies the allegations in paragraph 161 of the Complaint.

162.     Bayer Schering Pharma AG denies the allegations in paragraph 162 of the Complaint.

163.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint and denies that Plaintiffs are entitled to the relief requested in the "Wherefore" clause following paragraph 162 of the Complaint, including all subparts thereof.

164.     Wherever Plaintiffs have incorporated by reference prior allegations in the Complaint, Bayer Schering Pharma AG incorporates by reference its responses to such allegations.

165.     Bayer Schering Pharma AG denies each and every allegation in the Complaint that relates to or is directed to Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG unless such allegations are expressly responded to in this Answer.

<u>**ADDITIONAL DEFENSES**</u>

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Bayer Schering Pharma AG in this matter.  Bayer Schering Pharma AG accordingly reserves the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Bayer Schering Pharma AG may withdraw any of these additional defenses as may be appropriate.  Bayer Schering Pharma AG further reserves the right to amend its answer and defenses, and to assert additional defenses and other claims, as

discovery proceeds.  Further answering, and by way of additional defense, Bayer Schering Pharma AG states as follows:

**Defense No. 1.**    Bayer Schering Pharma AG is not subject to the personal jurisdiction of this Court.

**Defense No. 2.**    Plaintiffs' Complaint and each and every count contained therein fail to state a cause of action or claim upon which relief can be granted against Bayer Schering Pharma AG.

**Defense No. 3.**    Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, prescription, or preemption and/or statutes of repose.

**Defense No. 4.**    Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

**Defense No. 5.**    Plaintiffs' Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

**Defense No. 6.**    The alleged damages and injuries, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG.

**Defense No. 7.**    Neither Plaintiffs nor Plaintiffs' decedents or other alleged Trasylol® recipients suffered any actual injury, loss, or damages because of the alleged use of Trasylol®.

**Defense No. 8.**    The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and no act or omission on the part of Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG was a proximate or competent producing cause of such alleged injuries or damages.

**Defense No. 9.**    The injuries sustained by Plaintiffs or Plaintiffs' decedents or other alleged Trasylol® recipients, if any, were caused, in whole or in part, by pre-existing or subsequent

physical, medical, and/or physiological conditions, for which Bayer Schering Pharma AG has no legal responsibility.

**Defense No. 10.**   The acts and omissions of Plaintiffs, Plaintiffs' decedents, and/or other persons or entities, over whom Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG had no supervision or control and for whose actions and omissions Bayer Schering Pharma AG has no legal responsibility, caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of contributory and/or comparative negligence.  Plaintiffs' recovery, if any, therefore is barred or should be reduced and/or apportioned in accordance with any applicable law.

**Defense No. 11.**   Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.  To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under any applicable law.

**Defense No. 12.**   To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Schering Pharma AG, if any, should be reduced accordingly.

**Defense No. 13.**   Plaintiffs' claims are barred because Trasylol® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying Trasylol® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

**Defense No. 14.**  The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

**Defense No. 15.**  Neither Plaintiffs nor Plaintiffs' decedents or other alleged Trasylol® recipients detrimentally relied on any labeling, warnings, or information concerning Trasylol®.

**Defense No. 16.**  Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, testing, distribution, marketing, and sale of Trasylol®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Trasylol®, including its labeling approved by the United States Food and Drug Administration, complied with the state of scientific and medical knowledge at the time of its design, testing, manufacture, distribution, marketing, and sale.  Plaintiffs' recovery accordingly is barred.

**Defense No. 17.**  Trasylol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, distribution, marketing, and sale of Trasylol®, and that it was neither defective nor unreasonably dangerous.

**Defense No. 18.**  If Plaintiffs or Plaintiffs' decedents or other alleged Trasylol® recipients sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of Trasylol®.  Plaintiffs' recovery accordingly is barred.

**Defense No. 19.**  If Plaintiffs or Plaintiffs' decedents or other alleged Trasylol® recipients sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries

or expenses were caused by an inherent characteristic of Trasylol® which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.  Plaintiffs' recovery accordingly is barred under any applicable law.

**Defense No. 20.**  Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal government's regulation of the manufacturing, testing, marketing, sale, and labeling of prescription drugs.

**Defense No. 21.**  Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

**Defense No. 22.**  Plaintiffs cannot state a claim with regard to the warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the United States Food and Drug Administration.

**Defense No. 23.**  This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

**Defense No. 24.**  Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

**Defense No. 25.**  Plaintiffs' claims are barred in whole or in part because the commercial speech relating to Trasylol® was not false or misleading and is protected under the First Amendment of the United States Constitution and by applicable state constitutional provisions.

**Defense No. 26.**  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate the alleged damages.

**Defense No. 27.**  Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorney fees, expenses, pre-judgment interest, post-judgment interest, or treble damages.

**Defense No. 28.**  To the extent applicable to the facts and circumstances of this case, Plaintiffs are not real parties in interest and lack capacity and/or standing to bring the claims asserted in the Complaint.

**Defense No. 29.**  Plaintiffs' recovery of damages in this action is barred or limited by applicable wrongful death law and jurisprudence.

**Defense No. 30.**  Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Bayer Schering Pharma AG under any applicable state product liability law.

**Defense No. 31.**  Bayer Schering Pharma AG asserts all available defenses under any applicable state product liability law.

**Defense No. 32.**  Plaintiffs' claims are barred pursuant to Restatement (Second) of Torts § 402A, comment k.

**Defense No. 33.**  Plaintiffs' claims are barred because Trasylol® provides net benefits for a class of patients.

**Defense No. 34.**  Neither Bayer Schering Pharma AG nor its predecessor in interest Bayer HealthCare AG sold or distributed Trasylol® directly to patients, and neither Plaintiffs nor

Plaintiffs' decedents nor any other alleged Trasylol® recipients received or relied upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims for breach of warranty are barred by lack of privity between Plaintiffs (or Plaintiffs' decedents or other alleged Trasylol® recipients) and Bayer Schering Pharma AG and/or its predecessor in interest Bayer HealthCare AG.

**Defense No. 35.**  Plaintiffs' claims of breach of warranty are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty.

**Defense No. 36.**  Plaintiffs' claims for breach of warranty are barred by the applicable provisions of any applicable state law.

**Defense No. 37.**  Plaintiffs' Complaint fails to state a claim for fraud, misrepresentation, deceit, concealment, suppression and/or omission, and fails to allege the circumstances constituting fraud with the required particularity.

**Defense No. 38.**  The conduct and activities of Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG with respect to the product which is the subject matter of this action were fair and truthful and were based upon the state of knowledge existing at the relevant time alleged in Plaintiffs' Complaint, and therefore Plaintiffs' claims are barred under applicable state consumer protection law.

**Defense No. 39.**  Plaintiffs' consumer protection claims are frivolous, without legal or factual merit, and/or have been brought solely for the purpose of harassment, and Bayer Schering Pharma AG is entitled to indemnification for its resulting damages, including reasonable attorney fees and costs.

**Defense No. 40.**  Bayer Schering Pharma AG asserts all available defenses under any applicable state consumer protection law.

**Defense No. 41.**  Plaintiffs' Complaint fails to state a claim against Bayer Schering Pharma AG upon which relief can be granted for punitive or exemplary damages.

**Defense No. 42.**  Bayer Schering Pharma AG denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiffs have produced evidence sufficient to support or sustain the imposition of punitive damages against Bayer Schering Pharma AG pursuant to the applicable standards of proof.

**Defense No. 43.**  Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad, would violate Bayer Schering Pharma AG's constitutional rights as secured by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, and would contravene the prohibition of excessive fines and other provisions of the United States Constitution and any applicable state constitution.

**Defense No. 44.**  Plaintiffs cannot recover punitive or exemplary damages against Bayer Schering Pharma AG because such an award, which is penal in nature, would violate Bayer Schering Pharma AG's rights under the United States Constitution and any applicable state constitution, unless Bayer Schering Pharma AG is afforded the same procedural safeguards as are criminal defendants.

**Defense No. 45.**  Any imposition of punitive or exemplary damages in this case against Bayer Schering Pharma AG would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute an undue and unreasonable burden on interstate commerce.

**Defense No. 46.**  With respect to Plaintiffs' demand for punitive or exemplary damages, Bayer Schering Pharma AG incorporates by reference any and all standards or limitations regarding the

determination and enforceability of punitive or exemplary damages awards under any applicable state law.

**Defense No. 47.**  The imposition of punitive or exemplary damages would violate the open court provision(s) of applicable state constitution(s) and other applicable law.

**Defense No. 48.**  No act or omission of Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG was intentional, reckless, willful misconduct, wanton, reckless, and/or with actual malice, oppression, and/or fraud, or with conscious disregard and indifference to the rights, safety and welfare of Plaintiffs or Plaintiffs' decedents, or evidencing that entire want of care which would raise the presumption of conscious indifference to the consequences, and therefore any award of punitive or exemplary damages is barred.  Bayer Schering Pharma AG asserts all statutory or judicial protections from punitive or exemplary damages that are available under applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 49.**  The claim for punitive or exemplary damages against Bayer Schering Pharma AG cannot be sustained under any applicable state law because, in all respects pertinent to this action, Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using Trasylol®.

**Defense No. 50.**  Plaintiffs' claims of injury and claims for damages are speculative.

**Defense No. 51.**  Plaintiffs' Complaint fails to state a claim upon which relief can be granted for joint and several liability.

**Defense No. 52.**  Bayer Schering Pharma AG preserves all objections and defenses relating to venue.

**Defense No. 53.**  Bayer Schering Pharma AG adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer Schering Pharma AG's defenses pleaded in this Answer.

**WHEREFORE**, Bayer Schering Pharma AG denies any and all liability with regard to Plaintiffs' claims and respectfully requests that Plaintiffs' claims against it be dismissed with prejudice and that Bayer Schering Pharma AG be awarded such general, further relief as justice may require.

## JURY DEMAND

Bayer Schering Pharma AG respectfully requests that a jury try the issues in this matter.

DATED:  April 20, 2009                     Respectfully submitted,

> */s/  Barbara Bolton Litten*
> Patricia E. Lowry (Florida Bar No. 332569)
> Email: plowry@ssd.com
> Barbara Bolton Litten (Florida Bar No. 91642)
> Email: blitten@ssd.com
> **SQUIRE, SANDERS & DEMPSEY L.L.P.**
> 1900 Phillips Point West
> 777 South Flagler Drive
> West Palm Beach, FL 33401-6198
> Telephone:  561-650-7120
> Facsimile:  561-655-1509
>
> ***Attorneys for Defendant***
> ***Bayer Schering Pharma AG***

**CERTIFICATE OF SERVICE**

I certify that on April 20, 2009, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

day on all counsel of record or pro se parties identified on the attached Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.


*/s/  Barbara Bolton Litten*
Barbara Bolton Litten

**SERVICE LIST**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN
    & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
    & LECLAINCHE, P.A.**
1450 Centrepark Blvd., Suite 100
West Palm Beach, FL  33401
Telephone:  561-684-2500
Facsimile:   561-684-6308
*Plaintiffs' Steering Committee/Liaison Counsel*

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:   203-610-6399
*Plaintiffs' Steering Committee/
Federal-State Liaison*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Defendants' Liaison Counsel and
Attorneys for Defendant Bayer Schering
Pharma AG*