## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS | ) |
| LIABILITY LITIGATION — MDL-1928 | ) |
|  | ) |
| THIS DOCUMENT RELATES TO: | ) |
|  | ) |
| *Meeks* v. *Bayer Corporation et al.*, | ) |
| Case No. 9:09-cv-80685 | ) |
|  | ) |

### ANSWER AND ADDITIONAL DEFENSES OF BAYER SCHERING PHARMA AG

Defendant Bayer Schering Pharma AG, for its Answer to Plaintiff's Complaint (the "Complaint"), states as follows:

1.      Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Upon information and belief, Bayer Schering Pharma AG admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205 and that Trasylol® is the proprietary name for aprotinin injection.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the third sentence of paragraph 3 of the Complaint refer, but denies that Bayer Corporation promoted, marketed, distributed, or sold Trasylol® at the time of the procedure alleged in the Complaint, and denies that Bayer Corporation has developed, manufactured, or licensed Trasylol®.  Bayer Schering Pharma AG

denies the remaining allegations in paragraph 3 of the Complaint.

4.     Upon information and belief, Bayer Schering Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business at 6 West Belt, Wayne, New Jersey 07470-6806; that Bayer HealthCare Pharmaceuticals Inc. is successor in interest to Bayer Pharmaceuticals Corporation; that Bayer HealthCare Pharmaceuticals Inc. is a wholly owned subsidiary of Schering Berlin Inc., which is wholly owned by Bayer HealthCare LLC; and that Bayer HealthCare Pharmaceuticals Inc. does business in North Carolina and in the Western District of North Carolina.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the third sentence of paragraph 4 of the Complaint refer, but admits, upon information and belief, that Bayer Pharmaceuticals Corporation, the predecessor in interest of Bayer HealthCare Pharmaceuticals Inc., promoted, marketed, distributed, and/or sold Trasylol® in interstate commerce in the United States, including in North Carolina, at the time of the procedure alleged in the Complaint.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 4 of the Complaint.

5.     Upon information and belief, Bayer Schering Pharma AG admits that Bayer HealthCare LLC is a Delaware limited liability company with its principal place of business at 555 White Plains Road, Tarrytown, New York 10591; that Bayer Corporation is the sole member of Bayer HealthCare LLC; that Bayer HealthCare LLC does business in North Carolina and in the Western District of North Carolina; and that Bayer HealthCare LLC's agent for service of process in North Carolina is Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 5 of the Complaint.

6.      Bayer Schering Pharma AG admits that it is a German corporation with its headquarters in Berlin, Germany; that it is successor in interest to Bayer HealthCare AG; that at the time of the procedure alleged in the Complaint Bayer HealthCare AG was a German corporation with its headquarters in Leverkusen, Germany; that Bayer HealthCare AG was merged with and into Bayer Schering Pharma AG effective December 30, 2008, and that as of that date Bayer Schering Pharma AG assumed all liabilities and functions of Bayer HealthCare AG, including those related to Trasylol®, and Bayer HealthCare AG ceased to exist.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the third sentence of paragraph 6 of the Complaint refer, but admits that Bayer HealthCare AG was testing, manufacturing, and/or selling Trasylol® at the time of the procedure alleged in the Complaint.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 6 of the Complaint.

7.      Bayer Schering Pharma AG admits that the Complaint contains allegations referring to Bayer Schering Pharma AG and other entities collectively as "Defendants," "Defendant," and/or "Bayer," but is not answering the Complaint on behalf of any entity other than Bayer Schering Pharma AG and is not answering allegations that are directed to any entity other than Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG. Bayer Schering Pharma AG accordingly denies the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies that this Court may exercise personal jurisdiction over Bayer Schering Pharma AG and expressly reserves all related defenses.  Bayer Schering Pharma AG admits that, on the face of the Complaint, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332 in that this is an action between citizens of different states and in which a citizen of a foreign state is an additional party and the amount in controversy exceeds $75,000, exclusive of interest and costs , and further admits that this action was transferred to the Southern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 8 of the Complaint.

9.      Bayer Schering Pharma AG admits that aprotinin was first marketed as "Trasylol" in Germany in 1959 for treatment of pancreatitis.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 9 of the Complaint.

10.     Bayer Schering Pharma AG admits that the United States Food and Drug Administration ("FDA") approved the sale and distribution of Trasylol® in the United States in 1993, and that Trasylol® is safe and effective when used in accordance with FDA-approved labeling.  Bayer Schering Pharma AG admits that at the time it was approved by the FDA for sale and distribution in the United States Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass graft surgery in the course of repeat coronary artery bypass graft surgery, and for selected cases of primary coronary artery bypass graft surgery where the risk of bleeding is especially high (impaired hemostasis, e.g., presence of aspirin or other coagulopathy) or where transfusion is unavailable or unacceptable.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 10 of the Complaint.

11.     Bayer Schering Pharma AG admits that in 1996 Bayer Corporation submitted to the FDA a Supplemental New Drug Application seeking approval from the FDA for revisions to the Indications sections of the Trasylol® package insert, among other things.  Bayer Schering

Pharma AG admits that the Trasylol® package insert approved by the FDA on August 28, 1998, stated under the heading "INDICATIONS AND USAGE" that "Trasylol is indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery." Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 11 of the Complaint.

12.     Bayer Schering Pharma AG admits that from January 1, 1985, through March 31, 2006, there had been an estimated cumulative 4.38 million patient exposures worldwide to Trasylol®.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 12 of the Complaint.

13.     Bayer Schering Pharma AG admits that it was reported in the 2005 Annual Report of Bayer AG that in 2005 Trasylol® generated sales of €230 million and was listed as eleventh among "Best-Selling Bayer HealthCare Products."  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 13 of the Complaint.

14.     Bayer Schering Pharma AG admits that in late 2005 it was estimated that the sales potential of Trasylol® could exceed €500 million.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 14 of the Complaint.

15.     Bayer Schering Pharma AG denies the allegations in paragraph 15 of the Complaint.

16.     Bayer Schering Pharma AG admits that Bayer AG reported that in fiscal year 2005 sales of Trasylol® increased 86.7% in the second quarter and 31.3% in the third quarter. Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 16 of the Complaint.

17.     Because of the vagueness of the allegations in paragraph 17 of the Complaint, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to truth of those allegations.

18.     Bayer Schering Pharma AG denies the allegations in paragraph 18 of the Complaint.

19.     Bayer Schering Pharma AG denies the allegations in paragraph 19 of the Complaint.

20.     Bayer Schering Pharma AG denies the allegations in paragraph 20 of the Complaint.

21.     Bayer Schering Pharma AG admits that an article authored by Mangano et al. was published in *The New England Journal of Medicine* on or about January 26, 2006.  That article speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 21 of the Complaint to the extent they are inconsistent with the contents of the article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 21 of the Complaint.

22.     The article authored by Mangano et al. speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 22 of the Complaint to the extent they are inconsistent with the contents of the article.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 22 of the Complaint.

23.     Bayer Schering Pharma AG admits that the FDA receives and reviews various sources of information regarding approved pharmaceuticals, including studies in the medical and scientific literature and reports submitted through the MedWatch program, and evaluates whether labeling changes and other actions are warranted with regard to prescription drugs.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 23 of the Complaint.

24.     Bayer Schering Pharma AG admits that the FDA issued a Public Health Advisory on or about February 8, 2006, portions of which are quoted in paragraph 24 of the Complaint. Bayer Schering Pharma AG denies the allegations in paragraph 24 of the Complaint to the extent they are inconsistent with the contents of that Advisory.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, including the time frame during which the FDA was "continuing its evaluation."

25.     Bayer Schering Pharma AG admits that the FDA convened a public meeting of the Cardiovascular and Renal Drugs Advisory Committee on September 21, 2006, to discuss Trasylol®.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint.

26.     Bayer Schering Pharma AG denies the allegations in paragraph 26 of the Complaint.

27.     Bayer Schering Pharma AG admits that at the request of Bayer HealthCare AG Dr. Alexander Walker of i3 Drug Safety was performing an observational study of data drawn from a commercial database involving patients who underwent coronary artery bypass graft surgery.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 27 of the Complaint.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 27 of the Complaint.

28.     Bayer Schering Pharma AG admits that Bayer HealthCare AG knew that i3 Drug Safety's observational study of data drawn from a commercial database was ongoing, and that

highly preliminary data from that study were not disclosed to the FDA at or prior to the

September 21, 2006, Advisory Committee meeting.  Bayer Schering Pharma AG denies the

remaining or inconsistent allegations in paragraph 28 of the Complaint.

29.     Bayer Schering Pharma AG denies the allegations in paragraph 29 of the

Complaint.

30.     Bayer Schering Pharma AG admits that on November 5, 2007, Bayer

Pharmaceuticals Corporation announced that it had elected temporarily to suspend worldwide

marketing of Trasylol® until final results from a study conducted in Canada, titled "Blood

conservation using antifibrinolytics: A randomized trial in a cardiac surgery population" (the

"BART" study), could be compiled, received, and evaluated.  Bayer Schering Pharma AG denies

the remaining or inconsistent allegations in paragraph 30 of the Complaint.

31.     Bayer Schering Pharma AG admits that an article authored by Dean A. Fergusson

et al. was published in the May 29, 2008, edition of *The New England Journal of Medicine*.  That

article speaks for itself, and Bayer Schering Pharma AG denies the allegations in paragraph 31 of

the Complaint to the extent they are inconsistent with the contents of the article.  Bayer Schering

Pharma AG denies the remaining allegations in paragraph 31 of the Complaint.

32.     Bayer Schering Pharma AG admits that on or about May 14, 2008, the FDA

announced that Bayer HealthCare Pharmaceuticals Inc. had notified the FDA that it would begin

removing the remaining Trasylol® stock from the United States market.  Bayer Schering Pharma

AG denies the remaining or inconsistent allegations in paragraph 32 of the Complaint.

33.     Bayer Schering Pharma AG denies the allegations in paragraph 33 of the

Complaint.

34.     Bayer Schering Pharma AG denies the allegations in paragraph 34 of the

Complaint.

35.     Bayer Schering Pharma AG denies the allegations in paragraph 35 of the Complaint.

36.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiff's decedent.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 37 of the Complaint.

38.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the circumstances or date of death of Plaintiff's decedent and denies the remaining allegations in paragraph 38 of the Complaint.

39.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

40.     Paragraph 40 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that the warnings for Trasylol® were inadequate, denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable duty of care relating to Plaintiff's claims, and denies the remaining allegations in paragraph 40 of the Complaint.

41.     Bayer Schering Pharma AG denies the allegations in paragraph 41 of the Complaint, including all subparts thereof.

42.     Bayer Schering Pharma AG denies the allegations in paragraph 42 of the Complaint.

43.     Bayer Schering Pharma AG denies the allegations in paragraph 43 of the Complaint.

44.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

45.     Paragraph 45 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies that it or its predecessor in interest Bayer HealthCare AG had any duty to provide warnings directly to Plaintiff's decedent, denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable duty of care relating to Plaintiff's claims, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in paragraph 45 of the Complaint.

46.     Bayer Schering Pharma AG denies the allegations in paragraph 46 of the Complaint, including all subparts thereof.

47.     Bayer Schering Pharma AG denies the allegations in paragraph 47 of the Complaint.

48.     Bayer Schering Pharma AG denies the allegations in paragraph 48 of the Complaint.

49.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

50.     Paragraph 50 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that manufacturers and distributors of prescription drugs in the United States are subject to FDA regulation and other legal duties.  Bayer Schering Pharma AG denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable legal duty relating to Plaintiff's claims.

Because of the vagueness of various phrases in paragraph 50, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that manufacturers and distributors of prescription drugs and biologics in the United States, among other entities, are subject to regulation by the FDA pursuant to the United States Food, Drug and Cosmetic Act and the regulations promulgated pursuant to that Act.  Bayer Schering Pharma AG denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable legal duty relating to Plaintiff's claims and denies the remaining allegations in paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies the allegations in paragraph 52 of the Complaint to the extent they are inconsistent with the contents of 21 C.F.R. § 201.56, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in paragraph 52 of the Complaint.

53.     Bayer Schering Pharma AG denies the allegations in paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiff's decedent.  Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint and denies the remaining allegations in paragraph 54 of the Complaint.

55.     Bayer Schering Pharma AG denies the allegations in paragraph 55 of the Complaint.

56.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

57.     Bayer Schering Pharma AG admits that its predecessor in interest Bayer HealthCare AG manufactured and/or sold Trasylol® at the time of the procedure alleged in the Complaint.  Bayer Schering Pharma AG admits that at the time of the procedure alleged in the Complaint Trasylol® was intended to be administered to patients by physicians in accordance with FDA-approved labeling and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG denies that its duties are accurately stated, denies that the warnings for Trasylol® were inadequate, denies that it or its predecessor in interest Bayer HealthCare AG breached any applicable duty relating to Plaintiff's claims, and denies the remaining allegations in paragraph 58 of the Complaint.

59.     Bayer Schering Pharma AG denies the allegations in paragraph 59 of the Complaint.

60.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

61.     Bayer Schering Pharma AG denies the allegations in paragraph 61 of the Complaint.

62.     Bayer Schering Pharma AG denies the allegations in paragraph 62 of the

Complaint.

63.     Bayer Schering Pharma AG denies the allegations in paragraph 63 of the Complaint.

64.     Bayer Schering Pharma AG denies the allegations in paragraph 64 of the Complaint.

65.     Bayer Schering Pharma AG denies the allegations in paragraph 65 of the Complaint.

66.     Bayer Schering Pharma AG denies the allegations in paragraph 66 of the Complaint.

67.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

68.     Bayer Schering Pharma AG denies the allegations in paragraph 68 of the Complaint.

69.     Bayer Schering Pharma AG denies the allegations in paragraph 69 of the Complaint.

70.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

71.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 71 of the Complaint refer, but admits that its predecessor in interest Bayer HealthCare AG tested, manufactured, and/or sold Trasylol® at the time of the procedure alleged in the Complaint.  Bayer Schering Pharma AG admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in

which it was sold.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiff's decedent and, if so, whether it reached Plaintiff's decedent without substantial change from the condition in which it was sold.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that at the time of the procedure alleged in the Complaint Trasylol® was intended to be administered to patients by physicians in accordance with FDA-approved labeling and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 72 of the Complaint.

73.     Bayer Schering Pharma AG denies the allegations in paragraph 73 of the Complaint.

74.     Bayer Schering Pharma AG denies the allegations in paragraph 74 of the Complaint.

75.     Bayer Schering Pharma AG denies the allegations in paragraph 75 of the Complaint.

76.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

77.     Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 77 of the Complaint refer, but admits that its predecessor in interest Bayer HealthCare AG tested, manufactured, and/or sold Trasylol® at the time of the procedure alleged in the Complaint.  Bayer Schering

14

Pharma AG admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer Schering Pharma AG is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiff's decedent, and, if so, whether it reached Plaintiff's decedent without substantial change from the condition in which it was sold.  Bayer Schering Pharma AG denies the remaining allegations in paragraph 77 of the Complaint.

78.   Paragraph 78 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Schering Pharma AG admits that at the time of the procedure alleged in the Complaint Trasylol® was intended to be administered to patients by physicians in accordance with FDA-approved labeling and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Schering Pharma AG denies the remaining or inconsistent allegations in paragraph 78 of the Complaint.

79.   Bayer Schering Pharma AG denies the allegations in paragraph 79 of the Complaint.

80.   Bayer Schering Pharma AG denies the allegations in paragraph 80 of the Complaint.

81.   Bayer Schering Pharma AG denies the allegations in paragraph 81 of the Complaint.

82.   Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

83.   Bayer Schering Pharma AG denies the allegations in paragraph 83 of the Complaint.

84.     Bayer Schering Pharma AG denies the allegations in paragraph 84 of the Complaint, including all subparts thereof.

85.     Bayer Schering Pharma AG incorporates by reference its responses to each and every paragraph of the Complaint.

86.     Bayer Schering Pharma AG admits that, on the face of the Complaint, Plaintiff seeks damages in excess of $75,000, but denies liability for any injury alleged in the Complaint, denies that Plaintiff is entitled to the relief requested in paragraph 86, and denies the remaining allegations in paragraph 86 of the Complaint.

87.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiff is entitled to the relief requested in paragraph 87, and denies the remaining allegations in paragraph 87 of the Complaint.

88.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint, denies that Plaintiff is entitled to the relief requested in paragraph 88, and denies the remaining allegations in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint does not state a claim for relief against Bayer Schering Pharma AG.  To the extent a response may be required, Bayer Schering Pharma AG respectfully requests that a jury try the issues in this matter.  Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint and denies the remaining allegations in paragraph 89 of the Complaint.

90.     Bayer Schering Pharma AG denies liability for any injury alleged in the Complaint and denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following paragraph 89 of the Complaint, including all subparts thereof.

91.     Wherever Plaintiff has incorporated by reference prior allegations in the

16

Complaint, Bayer Schering Pharma AG incorporates by reference its responses to such allegations.

92.     Bayer Schering Pharma AG denies each and every allegation in the Complaint that relates to or is directed to Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG unless such allegations are expressly responded to in this Answer.

**ADDITIONAL DEFENSES**

Discovery and investigation may reveal that one or more of the following defenses should be available to Bayer Schering Pharma AG in this matter.  Bayer Schering Pharma AG accordingly reserves the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Bayer Schering Pharma AG may withdraw any of these additional defenses as may be appropriate.  Bayer Schering Pharma AG further reserves the right to amend its answer and defenses and to assert additional defenses and other claims, as discovery proceeds.  Further answering, and by way of additional defense, Bayer Schering Pharma AG states as follows:

**Defense No. 1.**     Bayer Schering Pharma AG is not subject to the personal jurisdiction of this Court.

**Defense No. 2.**     Plaintiff's Complaint and each and every count contained therein fail to state a cause of action or claim on which relief can be granted against Bayer Schering Pharma AG.

**Defense No. 3.**     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**Defense No. 4.**     Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

**Defense No. 5.**     Plaintiff's Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

**Defense No. 6.**    To the extent applicable to the facts and circumstances of this case, Plaintiff is not a real party in interest and lacks capacity and/or standing to bring the claims asserted in the Complaint.

**Defense No. 7.**    Plaintiff's recovery of damages in this action is barred or limited by applicable wrongful death law and jurisprudence.

**Defense No. 8.**    Plaintiff's Complaint fails to state a claim for fraud, misrepresentation, deceit, concealment, suppression and/or omission, and fails to allege the circumstances constituting fraud with the required particularity.

**Defense No. 9.**    The alleged damages and injuries, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG.

**Defense No. 10.**    Neither Plaintiff nor Plaintiff's decedent has suffered any actual injury, loss, or damages because of the alleged use of Trasylol®.

**Defense No. 11.**    The injuries and damages sustained by Plaintiff or Plaintiff's decedent, if any, resulted from an intervening or superseding cause and/or causes, and no act or omission on the part of Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG was a proximate or competent producing cause of such alleged injuries or damages.

**Defense No. 12.**    The injuries and damages sustained by Plaintiff or Plaintiff's decedent, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, for which Bayer Schering Pharma AG has no legal responsibility.

**Defense No. 13.**    The acts and omissions of Plaintiff, Plaintiff's decedent, and/or other persons or entities, over whom Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG had no supervision or control and for whose actions and omissions Bayer

Schering Pharma AG has no legal responsibility, caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of comparative fault. Plaintiff's recovery, if any, therefore is barred or should be reduced and/or apportioned in accordance with applicable law.

**Defense No. 14.**  Plaintiff's claims are barred pursuant to the Restatement (Second) of Torts, section 402A, comment k.

**Defense No. 15.**  To the extent applicable to Plaintiff's claims, Bayer Schering Pharma AG will rely on the rights, defenses and presumptions accorded to it under the terms and provisions of North Carolina law, which does not recognize the doctrine of strict liability in products liability actions and mandates dismissal of such claims, and the North Carolina Products Liability Act, N.C. Gen. Stat. §§ 99B-1 to 99B-11.

**Defense No. 16.**  Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.  To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under North Carolina law or any other applicable law.

**Defense No. 17.**  Plaintiff's claims are barred because Trasylol® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying Trasylol® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

**Defense No. 18.**  To the extent applicable under governing law, Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

**Defense No. 19.**   Neither Bayer Schering Pharma AG nor its predecessor in interest Bayer HealthCare AG sold or distributed Trasylol® to Plaintiff or Plaintiff's decedent, and neither Plaintiff nor Plaintiff's decedent received or relied on any representations or warranties as alleged in the Complaint.

**Defense No. 20.**   Plaintiff's claims for breach of warranty are barred by lack of privity between Plaintiff or Plaintiff's decedent on one hand and Bayer Schering Pharma AG and/or its predecessor in interest Bayer HealthCare AG on the other.

**Defense No. 21.**   Neither Plaintiff nor Plaintiff's decedent detrimentally relied on any labeling, warnings, or information concerning Trasylol®.

**Defense No. 22.**   Plaintiff's claims for breach of warranty are barred by the applicable provisions of North Carolina law or other applicable law.

**Defense No. 23.**   Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

**Defense No. 24.**   Plaintiff's Complaint fails to state a claim on which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, testing, distribution, marketing, and sale of Trasylol®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Trasylol®, including its labeling approved by the United States Food and Drug Administration, complied with the state of scientific and medical knowledge available at the time of its design, testing, manufacture, distribution, marketing, and sale.  Plaintiff's recovery accordingly is barred.

**Defense No. 25.**   Trasylol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration.  Compliance with such

regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, distribution, marketing, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.  Plaintiff's recovery accordingly is barred.

**Defense No. 26.**  If Plaintiff or Plaintiff's decedent sustained the injuries or incurred the expenses as alleged in the Complaint, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of Trasylol®.  Plaintiff's recovery accordingly is barred.

**Defense No. 27.**  Any alleged exposure to Trasylol®, and any alleged conduct of Bayer Schering Pharma AG, was insufficient to be a substantial contributing cause to the injuries and damages alleged.

**Defense No. 28.**  Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal government's regulation of the manufacturing, testing, marketing, sale and labeling of prescription drugs.

**Defense No. 29.**  Plaintiff's claims regarding warnings and labeling are barred by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

**Defense No. 30.**  Plaintiff cannot state a claim with regard to the warnings and labeling for prescription drugs because the remedy sought by Plaintiff is subject to the exclusive regulation of the United States Food and Drug Administration.

**Defense No. 31.**  This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

**Defense No. 32.**  Any claims by Plaintiff relating to alleged communications with governmental

regulatory agencies are barred in whole or in part under applicable law, including the First and Fourteenth Amendment rights to petition the government.

**Defense No. 33.**  Plaintiff's claims are barred in whole or in part because the commercial speech relating to Trasylol® was not false or misleading and is protected under the First and Fourteenth Amendments to the United States Constitution and applicable state constitutional provisions.

**Defense No. 34.**  Plaintiff's claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

**Defense No. 35.**  Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff and/or Plaintiff's decedent to mitigate the alleged damages.

**Defense No. 36.**  To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Schering Pharma AG, if any, should be reduced accordingly.

**Defense No. 37.**  Plaintiff's Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, or treble damages.

**Defense No. 38.**  Plaintiff's Complaint fails to state a claim against Bayer Schering Pharma AG on which relief can be granted for punitive or exemplary damages.

**Defense No. 39.**  Bayer Schering Pharma AG denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiff has produced evidence sufficient to support or sustain the imposition of punitive damages against Bayer Schering Pharma AG pursuant to the applicable standards of proof.

**Defense No. 40.**  Permitting recovery of punitive or exemplary damages in this case would be

unconstitutionally vague and/or overbroad, would violate Bayer Schering Pharma AG's constitutional rights as secured by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, and would contravene the prohibition of excessive fines and other provisions of the United States Constitution, the North Carolina Constitution, and any other applicable state constitution.

**Defense No. 41.**   Plaintiff cannot recover punitive, exemplary, or treble damages against Bayer Schering Pharma AG because such an award, which is penal in nature, would violate Bayer Schering Pharma AG's rights under the United States Constitution, the North Carolina Constitution, and any applicable state constitution, unless Bayer Schering Pharma AG is afforded the same procedural safeguards as are criminal defendants.

**Defense No. 42.**   Any imposition of punitive or exemplary damages in this case against Bayer Schering Pharma AG would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute an undue and unreasonable burden on interstate commerce.

**Defense No. 43.**   With respect to Plaintiff's demand for punitive damages, Bayer Schering Pharma AG incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under North Carolina law, including the punitive damages cap provided under N.C. Gen. Stat. §§ 1D-25(b) and (c), or under other applicable state law.

**Defense No. 44.**   No act or omission of Bayer Schering Pharma AG or its predecessor in interest Bayer HealthCare AG was intentional, fraudulent, malicious, reckless, in any way morally culpable, or made with conscious, malicious, or intentional disregard for the health and well-being of Plaintiff's decedent or others.  Bayer Schering Pharma AG asserts any statutory or

judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 45.**  Plaintiff's claim for punitive damages against Bayer Schering Pharma AG cannot be sustained because, in all respects pertinent to this action, Bayer Schering Pharma AG and its predecessor in interest Bayer HealthCare AG complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using Trasylol®.

**Defense No. 46.**  Any claim for punitive or exemplary damages against Bayer Schering Pharma AG cannot be sustained because any award of punitive or exemplary damages without bifurcating the trial and trying all punitive or exemplary damages issues only if and after liability on the merits has been found, would violate Bayer Schering Pharma AG's due process rights guaranteed by the United States and state constitutions, and would be improper under the common law and public policies of North Carolina.

**Defense No. 47.**  Plaintiff's claim for punitive damages against Bayer Schering Pharma AG cannot be sustained to the extent that, prior to the entry of any judgment or award in this case, an award of punitive or exemplary damages has been recovered from Bayer Schering Pharma AG in a court of this state relating to Trasylol®.

**Defense No. 48.**  Plaintiff's Complaint seeks damages in excess of those permitted by law. Bayer Schering Pharma AG asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 49.**  Plaintiff's claims of injury and claims for damages are speculative.

**Defense No. 50.**  Plaintiff's Complaint fails to state a claim on which relief can be granted for

joint and several liability.

**Defense No. 51.**   Bayer Schering Pharma AG adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer Schering Pharma AG's defenses pleaded in this Answer.

**WHEREFORE**, Bayer Schering Pharma AG denies any and all liability with regard to Plaintiff's claims and respectfully requests that Plaintiff's claims against it be dismissed with prejudice and that Bayer Schering Pharma AG be awarded such general, further relief as justice may require.

**JURY DEMAND**

Bayer Schering Pharma AG respectfully requests that a jury try the issues in this matter.

DATED:  June 5, 2009                                         Respectfully submitted,

*/s/  Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

***Attorneys for Defendant Bayer Schering
Pharma AG***

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/  Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:09-CV-80685-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
     **& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
***Plaintiffs' Steering Committee/Co-Lead Counsel***

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
***Plaintiffs' Steering Committee/Co-Lead Counsel***

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
     **& LECLAINCHE, P.A.**
1450 Centrepark Blvd., Suite 100
West Palm Beach, FL  33401
Telephone: 561-684-2500
Facsimile:  561-684-6308
***Plaintiffs' Steering Committee/Liaison Counsel***

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile:  203-610-6399
***Plaintiffs' Steering Committee/Federal-State Liaison***

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
***Defendants' Liaison Counsel and Attorneys for Defendant Bayer Schering Pharma AG***

Gregory M. Martin
Email:  gmm@m-j.com
Matthew S. Healey
Walter M. Wood
**MARTIN & JONES, PLLC**
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603
Telephone: 919-821-0005
***Attorneys for Plaintiff***