UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions

# PRETRIAL ORDER NO. 16 MODIFYING DISCOVERY AND PRETRIAL MOTIONS SCHEDULES IN ACTIONS NOT SELECTED FOR INITIAL TRIAL POOL

## CASE MANAGEMENT ORDER NUMBER 4 ("CMO 4")

THIS CAUSE comes before the Court upon Defendants' Renewed Motion for Entry of Case Management Order Modifying Discovery and Pretrial Motion Schedules (DE 2619), filed on October 30, 2009, and Plaintiffs' Motion for Entry of Case Management Order Modifying Discovery and Pretrial Motion Schedules (DE 2625), filed on November 2, 2009.

The Court has reviewed Plaintiffs' and Defendants' Motions and Proposed Orders. In areas where there is disagreement, the Court has taken into account each side's suggestion and, if possible, reached a compromise.

This Order revises certain discovery and pretrial motions deadlines in MDL-1928. This Order applies to all Parties as defined in Pretrial Order No. 4 (DE 60) (May 22, 2008).

**I.   DISCOVERY SCHEDULE FOR (THE 60) CASES FILED ON OR BEFORE JULY 15, 2008**

Pretrial Order No. 7 (DE 269), filed on September 17, 2008, is amended as follows:

**A.    REVISED GROUPS OF ACTIONS NOT SELECTED FOR INITIAL TRIAL POOL**

This Order incorporates Exhibit A to Defendants' Proposed CMO 4 (DE 2619-1) and Exhibit A to Plaintiffs' Proposed CMO 4 (DE 2625-5), which are identical. Exhibit A is a list of all Trasylol Products Liability personal injury actions filed on or before July 15, 2008.[1] The cases identified in Exhibit A were not selected for inclusion in the Initial Trial Pool. These cases shall be assigned to groups, in sequence by date of initial filing, for purposes of case-specific discovery and pretrial motions, as follows: Group 1 shall consist of the first 20 actions. Group 2 shall consist of the next 20 actions. Group 3 shall consist of all remaining actions filed on or before July 15, 2008. Each of these groups shall be a closed set. If an action included in any of these groups is transferred, dismissed, or otherwise resolved or disposed of, that group shall proceed with the remaining constituent actions; cases in the other groups will not be reallocated.

**B.    REVISED CASE-SPECIFIC DISCOVERY AND PRETRIAL MOTIONS SCHEDULE**

Case-specific discovery and pretrial motions for the actions in Groups 1 through 3 shall proceed according to the schedule below.

|  | Group 1 | Group 2 | Group 3 |
|---|---|---|---|
| **Plaintiffs serve Rule 26(a)(3)(A)(I) disclosures for all case-specific fact witnesses** | November 16, 2009 | December 1, 2009 | January 7, 2010 |

---

[1] This Order does not apply to any putative class actions or cases not alleging personal injuries.

|  | Group 1 | Group 2 | Group 3 |
|---|---|---|---|
| Defendants identify case-specific sales representatives and produce documents per Pretrial Order No. 4 § VIII.C(9) | November 23, 2009 | December 8, 2009 | January 14, 2010 |
| Depositions of case-specific fact witnesses completed; all case-specific fact discovery closed | February 15, 2010 | March 9, 2010 | April 8, 2010 |
| Plaintiffs serve Rule 26(a)(2) reports for case-specific experts and provide reasonable schedule of deposition dates | February 15, 2010 | March 9, 2010 | April 8, 2010 |
| Defendants serve Rule 26(a)(2) reports for case-specific experts and provide reasonable schedule of deposition dates | March 15, 2010 | April 9, 2010 | May 10, 2010 |
| Depositions of Plaintiffs' case-specific experts | March 15, 2010 through April 26, 2010 | April 9, 2010 through May 21, 2010 | May 10, 2010 through June 21, 2010 |
| Depositions of Defendants' case-specific experts | April 26, 2010 through June 7, 2010 | May 21, 2010 through July 2, 2010 | June 21, 2010 through August 2, 2010 |
| Dispositive motions and/or *Daubert* motions filed and served | July 5, 2010 | July 30, 2010 | August 30, 2010 |
| Responses to dispositive/*Daubert* motions filed and served | July 23, 2010 | August 19, 2010 | September 17, 2010 |

|  | Group 1 | Group 2 | Group 3 |
|---|---|---|---|
| **Replies in support of dispositive/*Daubert* motions filed and served** | August 6, 2010 | September 2, 2010 | October 1, 2010 |
| **Final Disposition/ Remand/ Commencement of Trials** | September 30, 2010 | October 28, 2010 | December 1, 2010 |

The Court considered both parties' proposed schedules and has altered some deadlines and shortened some time frames, in accordance with the goal of resolving this litigation in the most efficient and reasonable manner possible. Some date-related changes require particular attention:

- Defendants' proposed schedule provides eight weeks in each group of cases for depositions of each side's experts; Plaintiffs' proposed schedule provides about five weeks. (DE 2619 at 10.) The Court's schedule provides six weeks in each group of cases for depositions of each side's experts. Extensions may be requested only for good cause shown.

- The Court's schedule provides fourteen business days in each group of cases for responses to dispositive/*Daubert* motions and ten business days in each group of cases for replies in support of dispositive/*Daubert* motions. These deadlines, although more aggressive than the ones proposed by the parties, are less aggressive than the default deadlines under Local Rule 7.1.

The parties have reached agreement on the following condition, the resolution of which is represented in the schedule above:

- Defendants will serve their case-specific expert witness disclosures after plaintiffs'

4

disclosures and before the start of plaintiffs' case-specific expert depositions. (DE 2619 at 2, 9.)

The parties have *not* been able to reach agreement on the following conditions, the resolutions of which are represented in the schedule above:

- Plaintiffs propose two tracks in their submitted schedule: one for detailed expert reports and one for summary reports. (DE 2625 at 2.) Plaintiffs' counsel would choose "whether to file detailed expert reports and forego depositions in favor of an earlier trial ready date, or file a summary expert report and allow depositions of Plaintiffs' case-specific experts." (DE 2625 at 3.) Plaintiffs argue that their proposal, unlike Defendants' proposal, would result in a more aggressive schedule. They also argue that such a proposal is not without precedent: "In some states, expert depositions are not taken and the courts rely on detailed expert reports." (DE 2625 at 4.) According to Defendants, the Federal Rules do not allow such a procedure. (DE 2619 at 4.) "Detailed expert reports are not optional and neither are expert depositions. Bayer is entitled to 'depose any person who has been identified as an expert whose opinions may be presented at trial.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(4)(A)). The Court agrees with Defendants: unless otherwise stipulated, expert reports shall be provided and depositions shall be conducted in accordance with the Federal Rules of Civil Procedure.

- Defendants propose that Plaintiffs serve their Rule 26(a)(2) reports for case-specific experts on the same day as the close of all case-specific fact discovery. According to Defendants, "[B]y the time plaintiffs' Rule 26(a)(2) reports are due in each group of cases, those cases will have been pending for about two years. Two years is more

than sufficient time to determine whether there is medical support for a plaintiff's claims." (DE 2619 at 9.) In contrast, for Groups 2 and 3 only, Plaintiffs propose to have about a month between the close of case-specific fact discovery and the service of their Rule 26(a)(2) reports for case-specific experts. According to Plaintiffs, "expert opinions are often based on the facts developed during discovery." (DE 2625 at 5.) The Court believes that Plaintiffs will have sufficient time to conduct case-specific fact discovery such that their Rule 26(a)(2) reports should be due on the day case-specific fact discovery closes.

## II.  DISCOVERY SCHEDULE FOR (THE 600+) CASES FILED AFTER JULY 15, 2008

Pretrial Order No. 7 (DE 269), filed on September 17, 2008, is amended as follows:

### A.  REVISED GROUPS OF ACTIONS NOT SELECTED FOR INITIAL TRIAL POOL

This Order incorporates Exhibit C to Defendants' Proposed CMO 4 (DE 2619-1) and Exhibit C to Plaintiffs' Proposed CMO 4 (DE 2625-7), which are identical. Exhibit C is a list of all personal injury actions pending in MDL-1928 that were filed after July 15, 2008 and on or before September 9, 2009. These cases shall be assigned to groups, in sequence by date of initial filing, for purposes of the case-specific discovery schedule. Actions filed on the same date shall be assigned in sequence alphabetically by last name of the first named plaintiff. Discovery and pretrial motions schedules for actions filed after September 9, 2009, shall be established in a subsequent order.

The actions shall be assigned as follows: Group 4 shall consist of the first 80 actions. Group 5 shall consist of the next 120 actions. Group 6 shall consist of the next 180 actions. Group 7 shall consist of all remaining actions filed on or before September 9, 2009. Each of these groups shall be a closed set.

B.  **REVISED CASE-SPECIFIC DISCOVERY AND PRETRIAL MOTIONS SCHEDULE**

Case-specific discovery and pretrial motions for the actions in Groups 4 through 7 shall proceed according to the schedule below.

|  | Group 4 | Group 5 | Group 6 | Group 7 |
|---|---|---|---|---|
| **Plaintiffs serve Rule 26(a)(3)(A)(I) disclosures for all case-specific fact witnesses; Defendants identify case-specific sales representatives and produce documents per Pretrial Order No. 4 § VIII.C(9)** | July 2, 2010 | October 1, 2010 | January 28, 2011 | April 1, 2011 |
| **Plaintiffs serve Rule 26(a)(2) reports for case-specific experts and provide reasonable schedule of deposition dates** | July 23, 2010 | October 22, 2010 | February 18, 2011 | April 22, 2011 |
| **Defendants serve Rule 26(a)(2) reports for case-specific experts and provide reasonable schedule of deposition dates** | August 23, 2010 | November 23, 2010 | March 18, 2011 | May 23, 2011 |
| **Depositions of Plaintiffs' case-specific experts** | September 1, 2010 through December 1, 2010 | December 1, 2010 through March 1, 2011 | April 1, 2011 through July 1, 2011 | June 1, 2011 through September 1, 2011 |

|  | Group 4 | Group 5 | Group 6 | Group 7 |
|---|---|---|---|---|
| **Depositions of Defendants' case-specific experts** | December 1, 2010 through February 15, 2011 | March 1, 2011 through May 2, 2011 | July 1, 2011 through September 1, 2011 | September 1, 2011 through November 1, 2011 |
| **Depositions of case-specific fact witnesses completed; all case-specific fact discovery closed** | December 1, 2010 | March 1, 2011 | July 1, 2011 | September 1, 2011 |
| **Dispositive motions and/or *Daubert* motions filed and served** | March 1, 2011 | May 16, 2011 | September 15, 2011 | November 15, 2011 |
| **Responses to dispositive/ *Daubert* motions filed and served** | April 1, 2011 | June 15, 2011 | October 17, 2011 | December 15, 2011 |
| **Replies in support of dispositive/ *Daubert* motions filed and served** | April 15, 2011 | June 30, 2011 | November 1, 2011 | December 30, 2011 |
| **Final Disposition/ Remand/ Commencement of Trials** | July 1, 2011 | September 15, 2011 | January 16, 2012 | March 15, 2012 |

The Court considered both parties' proposed schedules and has altered some deadlines and time frames, in accordance with the goal of resolving this litigation in the most efficient and reasonable manner possible. One date-related change requires particular attention:

- For some groups, Plaintiffs propose to schedule two months for the depositions of Plaintiffs' case-specific experts; Defendants propose to schedule four months. As a compromise, the Court has chosen a three-month time frame for each group. This has

affected the deadlines for subsequent events. Extensions may be requested only for good cause shown.

The parties have *not* been able to reach agreement on the following conditions, the resolutions of which are represented in the schedule above:

- As with the proposed schedule for the 60 cases filed before July 15, 2008, Plaintiffs propose two tracks: one for detailed expert reports and one for summary reports. Plaintiffs want an option to not produce experts for deposition if they have filed a detailed expert report. Defendants, again, disagree with this approach. The Court has decided that, as with the schedule for the 60 cases, unless otherwise stipulated, expert reports shall be provided and depositions shall be conducted in accordance with the Federal Rules of Civil Procedure.

- While Plaintiffs propose that Defendants serve their expert reports before Plaintiffs' case-specific experts are deposed, Defendants propose to serve their Rule 26(a)(2) reports after the depositions of Plaintiffs' case-specific experts are completed. As the Court has indicated before, it prefers Plaintiffs' approach on this point. (DE 2619 at 2.) The schedule is arranged such that Defendants will serve their case-specific expert reports after plaintiffs' disclosures and before the start of plaintiffs' case-specific expert depositions.

### III. LIMITATION OF DURATION OF DEPOSITIONS IN ALL CASES

As the Plaintiffs propose, all case-specific depositions shall be limited in time to the following durations:

- Named plaintiffs - 7 hours
- All other witnesses - 4 hours

- For treating physicians, the 4 hour maximum shall be divided as follows: 2.5 hours for Defendants and 1.5 hours for Plaintiffs.

The parties may shorten or extend these times by agreement. Defendants may request that the Court grant additional time for good cause shown.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 14 day of November, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE