### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) |
|  | ) |
| THIS DOCUMENT RELATES TO: | ) |
|  | ) |
| *Sterry v. Bayer Corporation et al.*, Case No. 9:09-cv-81594-DMM | ) ) |
|  | ) |

### DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Bayer HealthCare Pharmaceuticals Inc., for its Answer to Plaintiff's Complaint (the "Complaint"), states as follows:

1.      Although the Complaint contains allegations referring to Bayer HealthCare Pharmaceuticals Inc. and other entities collectively as "Defendants," "Defendant," and/or "Bayer," Bayer HealthCare Pharmaceuticals Inc. is not answering the Complaint on behalf of any entity other than Bayer HealthCare Pharmaceuticals Inc. and is not answering allegations that are directed to any entity other than Bayer HealthCare Pharmaceuticals Inc. and its predecessor in interest Bayer Pharmaceuticals Corporation.  Bayer HealthCare Pharmaceuticals Inc. denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 1 of the Complaint.

2.      Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Bayer HealthCare Pharmaceuticals Inc. admits that Bayer Corporation is an Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania.  Bayer

HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time period to which the allegations in the second sentence of paragraph 3 of the Complaint refer but denies that Bayer Corporation was promoting, marketing, distributing, testing, or selling Trasylol® at the time of the procedure alleged in the Complaint and denies that Bayer Corporation has developed, manufactured, or licensed Trasylol®.  Because of the vagueness of the allegation in paragraph 3 that Bayer Corporation was "warranting" Trasylol®, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of that allegation.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 3 of the Complaint.

4.      Bayer HealthCare Pharmaceuticals Inc. admits that it is a Delaware corporation with its principal place of business in Wayne, New Jersey; that it is indirectly wholly owned by Bayer Corporation; and that it is successor in interest to Bayer Pharmaceuticals Corporation. Bayer HealthCare Pharmaceuticals Inc. further admits that at the time of the procedure alleged in the Complaint Bayer Pharmaceuticals Corporation was a wholly owned subsidiary of Bayer Corporation and had its principal place of business in West Haven, Connecticut.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the fourth sentence of paragraph 4 of the Complaint refer but admits that at certain times prior to the time of the procedure alleged in the Complaint, Bayer Pharmaceuticals Corporation maintained certain records relating to Trasylol®, sponsored clinical studies of Trasylol®, was promoting and labeling Trasylol®, and from time to time submitted to the United States Food and Drug Administration ("FDA") New Drug Application supplements for Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. further admits that Bayer Pharmaceuticals Corporation issued a press release on November 5, 2007, announcing

that it had elected temporarily to suspend marketing of Trasylol®.  Bayer HealthCare

Pharmaceuticals Inc. denies that Bayer Pharmaceuticals Corporation developed Trasylol®.

Because of the vagueness of the phrase "other actions central to the allegations of this lawsuit,"

Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a

belief as to the truth of those allegations.  Bayer HealthCare Pharmaceuticals Inc. denies the

remaining allegations in paragraph 4 of the Complaint.

     5.     Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is the proprietary

name for aprotinin injection.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or

information sufficient to form a belief as to the time frame to which the allegations in the first

two sentences of paragraph 5 of the Complaint refer, but admits that at certain times prior to the

time of the procedure alleged in the Complaint Bayer Pharmaceuticals Corporation maintained

certain records relating to Trasylol®, sponsored clinical studies of Trasylol®, and was

promoting, labeling, marketing, distributing, testing, and/or selling Trasylol® in interstate

commerce in the United States, including in Connecticut.  Bayer HealthCare Pharmaceuticals

Inc. admits that Bayer Pharmaceuticals Corporation from time to time submitted to the United

States Food and Drug Administration ("FDA") New Drug Application supplements for

Trasylol®, and admits that Bayer Pharmaceuticals Corporation issued a press release on

November 5, 2007, announcing that it had elected temporarily to suspend marketing of

Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. denies that Bayer Pharmaceuticals

Corporation developed, manufactured, or licensed Trasylol®.  Because of the vagueness of the

term "warranting" and the phrase "other actions central to the allegations of this lawsuit," Bayer

HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief

as to the truth of those allegations in paragraph 5 of the Complaint.  Bayer HealthCare

Pharmaceuticals Inc. denies the remaining allegations in paragraph 5 of the Complaint.

6.     Bayer HealthCare Pharmaceuticals Inc. admits that Bayer Schering Pharma AG is

a German corporation.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or

information sufficient to form a belief as to the time frame to which the allegations in the second

sentence of paragraph 6 of the Complaint refer but admits that Bayer HealthCare AG was testing

and/or manufacturing Trasylol® at the time of the procedure alleged in the Complaint.  Bayer

HealthCare Pharmaceuticals Inc. denies that Bayer AG was designing, testing, or manufacturing

Trasylol® at the time of the procedure alleged in the Complaint.  Bayer HealthCare

Pharmaceuticals Inc. denies the remaining allegations in paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint states legal conclusions to which no answer is

required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc.

states that, on the face of the Complaint, this United States District Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this is an action between

citizens of different states and in which a citizen of a foreign state is an additional party, with an

amount in controversy exceeding $75,000, exclusive of interest and costs.  Bayer HealthCare

Pharmaceuticals Inc. further admits that this action was transferred to the Southern District of

Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Bayer

HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 7

of the Complaint.

8.     Paragraph 8 of the Complaint states legal conclusions to which no answer is

required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc.

denies the allegations in paragraph 8 of the Complaint.

9.      Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is a prescription pharmaceutical, that Trasylol® is the proprietary name for aprotinin injection, and that since 1993 Trasylol® has been indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in certain coronary artery bypass graft surgical settings specified in its FDA-approved labeling.  Bayer HealthCare Pharmaceuticals Inc. admits that antifibrinolytics may be used to reduce or prevent bleeding when fibrinolysis contributes to bleeding.  Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is a proteinase inhibitor which, through inhibition of various hemostatic factors and processes, results in the attenuation of inflammatory responses, fibrinolysis, and thrombin generation, and that Trasylol®'s effects include inhibition of fibrinolysis.  Bayer HealthCare Pharmaceuticals Inc. further admits that Trasylol® from time to time is referred to as an "antifibrinolytic," although its mechanism of action is different from those of other drugs referred to as "antifibrinolytics."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 9 of the Complaint.

10.      Bayer HealthCare Pharmaceuticals Inc. admits that aprotinin is the active ingredient in Trasylol®, that Trasylol® is a natural proteinase inhibitor obtained from bovine lung, that Trasylol® consists of 58 amino acid residues that are arranged in a single polypeptide chain, cross-linked by three disulfide bridges, that it has a molecular weight of 6512 daltons, that the active center of the aprotinin molecule is located on the lysine 15 and alanine 16 amino acid residues, and that aprotinin forms reversible stoichiometric enzyme-inhibitor complexes.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 10 of the Complaint.

11.     Bayer HealthCare Pharmaceuticals Inc. admits that, in or around 1930 in Germany, Dr. Kraut and others isolated a kallikrein inhibitor from bovine lung; that aprotinin was first marketed as "Trasylol" in Germany in 1959 for treatment of pancreatitis; and that aprotinin from time to time has been sold outside the United States.  The allegation in paragraph 11 of the Complaint that Trasylol was sold "for several other indications" is vague and ambiguous, and therefore Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of that allegation.  Bayer HealthCare Pharmaceuticals Inc. admits that at the time of the procedure alleged in the Complaint Bayer HealthCare AG, the predecessor in interest of Bayer Schering Pharma AG, manufactured Trasylol® in Germany.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 11 of the Complaint.

12.     Bayer HealthCare Pharmaceuticals Inc. admits that the FDA-approved labeling for Trasylol® stated that Trasylol® was supplied in 100 and 200 milliliter vials  and should be administered by a health care professional intravenously through a central line during surgery. Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the state of mind of individuals who may have been administered Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 12 of the Complaint.

13.     Bayer HealthCare Pharmaceuticals Inc. admits that aminocaproic acid and tranexamic acid are antifibrinolytic agents and admits upon information and belief that the FDA approved the sale and distribution in the United States of aminocaproic acid in 1964 and of tranexamic acid in 1986.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 13 of the Complaint.

14. Bayer HealthCare Pharmaceuticals Inc. admits that an article authored by Dr. David Royston et al. was published in *The Lancet* on or about December 5, 1987. That article speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 14 of the Complaint to the extent they are inconsistent with the contents of that article. Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 14 of the Complaint.

15. Bayer HealthCare Pharmaceuticals Inc. admits that the FDA approved the sale and distribution of Trasylol® in the United States in December 1993 and approved labeling, including a package insert, for Trasylol® at that time; admits that the FDA regulates prescription drugs pursuant to, *inter alia*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. ("the FDCA") and conducts its regulatory activities, including review and approval of labeling for prescription drugs, pursuant to the FDCA and regulations promulgated under the FDCA; and admits the remaining allegations in the first sentence of paragraph 15 of the Complaint. Bayer HealthCare Pharmaceuticals Inc. further admits that, at the time it was approved by the FDA for sale and distribution in the United States, Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass graft surgery in the course of repeat coronary artery bypass graft surgery, and for selected cases of primary coronary artery bypass graft surgery where the risk of bleeding is especially high (impaired hemostasis, e.g., presence of aspirin or other coagulopathy) or where transfusion is unavailable or unacceptable. Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 15 of the Complaint.

16. Bayer HealthCare Pharmaceuticals Inc. admits, upon information and belief, that potential renal effects of Trasylol® were discussed with the FDA in connection with the

preclinical and clinical studies of Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. further admits that the "Indications and Usage" section of the FDA-approved labeling for Trasylol® in January 1994 stated that "selected use of Trasylol® in primary CABG patients is based on the risk of renal dysfunction and on the risk of anaphylaxis (should a second procedure be needed)" and discussed laboratory findings and data regarding renal dysfunction, kidney failure, and serum creatinine elevations in the "Adverse Reactions" section.  Because of the vagueness of the allegations, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17.     Bayer HealthCare Pharmaceuticals Inc. admits that the Trasylol® package insert approved by the FDA in October 1994 states under the heading "DOSAGE AND ADMINISTRATION" that Trasylol is given "in both dose Regimen A and Regimen B (half dose Regimen A)."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 17 of the Complaint.

18.     Bayer HealthCare Pharmaceuticals Inc. admits that on August 8, 1997, the FDA approved a supplemental New Drug Application for Trasylol® that provided for new and revised statements in the Trasylol® package insert regarding the risk of anaphylactic reactions to Trasylol® as well as new data regarding other potential adverse reactions.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 18 of the Complaint.

19.     Bayer HealthCare Pharmaceuticals Inc. admits that the Trasylol® package insert approved by the FDA in August 1998 states under the heading "INDICATIONS AND USAGE" that "Trasylol is indicated for prophylactic use to reduce perioperative blood loss and the need

for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 19 of the Complaint.

20.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 20 of the Complaint.

21.     Bayer HealthCare Pharmaceuticals Inc. admits, upon information and belief, that Bayer Corporation agreed to provide the FDA with post-marketing evaluations and analysis of reported adverse drug events in connection with the Supplemental New Drug Application approved by the FDA on August 28, 1998.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 21 of the Complaint.

22.     Because of the vagueness of the allegations, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 23 of the Complaint.

24.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 24 of the Complaint.

25.     Bayer HealthCare Pharmaceuticals Inc. admits that from January 1, 1985, through March 31, 2006, there had been an estimated cumulative 4.38 million patient exposures worldwide to Trasylol®; that it was reported in the 2005 Annual Report of Bayer AG that in 2005 Trasylol® generated sales of €230 million and was listed as eleventh among "Best-Selling Bayer HealthCare Products"; and that in late 2005 it was estimated that the sales potential of

Trasylol® could exceed €500 million.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 25 of the Complaint.

26.     Bayer HealthCare Pharmaceuticals Inc. admits that an article authored by Mangano et al. was published in *The New England Journal of Medicine* on or about January 26, 2006.  That article speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 26 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 26 of the Complaint.

27.     The article authored by Mangano et al. speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 27 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 27 of the Complaint.

28.     Bayer HealthCare Pharmaceuticals Inc. admits that an article authored by Karkouti et al. titled "A propensity score case-control comparison of aprotinin and tranexamic acid in high-transfusion-risk cardiac surgery" was published in the online edition of *Transfusion* on or about January 20, 2006.  That article speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 28 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 28 of the Complaint.

29.     Bayer HealthCare Pharmaceuticals Inc. admits that on February 1, 2006, an employee of Bayer HealthCare AG contacted Dr. Alexander Walker of i3 Drug Safety to discuss the possibility of conducting an observational study involving Trasylol®, aminocaproic acid, and tranexamic acid.  Upon information and belief, Bayer HealthCare Pharmaceuticals Inc. admits

that Dr. Alexander Walker is a physician and pharmacoepidemiologist, is a graduate of the

Harvard School of Public Health, and was senior vice president for epidemiology at i3 Drug

Safety.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations

in paragraph 29 of the Complaint.

30.     Bayer HealthCare Pharmaceuticals Inc. admits that the FDA announced in July

2006 that it would convene a public meeting of the Cardiovascular and Renal Drugs Advisory

Committee on September 21, 2006, to discuss Trasylol®.  Bayer HealthCare Pharmaceuticals

Inc. denies the remaining or inconsistent allegations in paragraph 30 of the Complaint.

31.     Bayer HealthCare Pharmaceuticals Inc. admits that two employees of Bayer

HealthCare AG received a preliminary report concerning the ongoing observational study by i3

Drug Safety on or about September 14, 2006.  Bayer HealthCare Pharmaceuticals Inc. admits

that the ongoing observational study by i3 Drug Safety and the preliminary report from that

study were not discussed at the September 21, 2006, meeting of the Cardiovascular and Renal

Drugs Advisory Committee convened by the FDA and admits that Bayer Pharmaceuticals

Corporation submitted information regarding the i3 Drug Safety study, including the preliminary

report, to the FDA on September 27, 2006.  Bayer HealthCare Pharmaceuticals Inc. denies the

remaining or inconsistent allegations in paragraph 31 of the Complaint.

32.     Bayer HealthCare Pharmaceuticals Inc. admits that in a report dated August 2007

and prepared after an independent investigation, Zuckerman Spaeder LLP, in answering the

question, "Why was the existence of the i3 study not communicated to FDA in advance of the

Advisory Committee meeting on September 21, 2006?" identified the following factors:  "First,

BPC's regulatory affairs leaders responsible for the FDA relationship believed erroneously that

the i3 study's preliminary results would not be available until months after the Advisory

Committee meeting.  Second, BPC's scientific leaders opposed contracting for the i3 study because they were skeptical about its potential scientific value.  This negative view colored the approach to disclosure.  Third, the study did not undergo BPC's formal review procedures. Fourth, Bayer management handled the study in a way that diminished its visibility and importance to the BPC leaders.  Management assigned responsibility for the i3 study to Dr. Weidmann and Dr. Sprenger in Germany without establishing clear lines of communication to the BPC leaders coordinating Bayer's preparation for the Advisory Committee meeting; thus, the i3 study was a secondary priority in the minds of these BPC leaders."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 32 of the Complaint.

33.     Bayer HealthCare Pharmaceuticals Inc. admits that the FDA receives and reviews various sources of information regarding approved pharmaceuticals and that a revised Trasylol® package insert was approved by the FDA on December 15, 2006.  The package insert speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 33 of the Complaint to the extent they are inconsistent with the contents of the FDA-approved labeling. Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 33 of the Complaint.

34.     Bayer HealthCare Pharmaceuticals Inc. admits that on or about December 15, 2006, the FDA issued an "FDA Alert" portions of which are quoted in the indented portions of paragraph 34 of the Complaint.  Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 34 of the Complaint to the extent they are inconsistent with the contents of the Alert and denies the remaining allegations in paragraph 34 of the Complaint.

35.     Bayer HealthCare Pharmaceuticals Inc. admits that in October 2007, Bayer Pharmaceuticals Corporation was informed that the executive committee of a study conducted in Canada by the Ottawa Health Research Institute, titled "Blood conservation using antifibrinolytics: A randomized trial in a cardiac surgery population" (the "BART" study), had halted patient enrollment in the aprotinin treatment group arm of the study.  Bayer HealthCare Pharmaceuticals Inc. further admits that Bayer Pharmaceuticals Corporation was informed that a planned periodic data analysis indicated reduced bleeding but also an increase in all-cause mortality (that almost reached conventional statistical significance for 30-day mortality) for patients receiving Trasylol® compared to patients who received either aminocaproic acid or tranexamic acid.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 35 of the Complaint.

36.     Bayer HealthCare Pharmaceuticals Inc. admits that, on or about November 5, 2007, Bayer Pharmaceuticals Corporation elected to temporarily suspend marketing of Trasylol® until final results from the BART study could be compiled, received and evaluated, and that the FDA announced the marketing suspension on November 5, 2007.  The November 5, 2007, FDA press release speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 36 of the Complaint to the extent they are inconsistent with the contents of that press release.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 36 of the Complaint.

37.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 37 of the Complaint.  The second sentence of paragraph 37 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare

Pharmaceuticals Inc. admits that its predecessor in interest Bayer Pharmaceuticals Corporation was promoting, distributing, and/or selling Trasylol® at the time of the procedure alleged in the Complaint.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiff's decedent.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 37 of the Complaint.

38.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 38 of the Complaint.

39.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 39 of the Complaint.

40.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 40 of the Complaint.

41.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

42.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 43 of the Complaint.

44.     Bayer HealthCare Pharmaceuticals Inc. denies that the warnings regarding Trasylol® were inadequate and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint.

45.      Paragraph 45 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation had any duty to provide warnings directly to Plaintiff's decedent, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiff's claims, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in paragraph 45 of the Complaint.

46.      Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 46 of the Complaint.

47.      Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 47 of the Complaint.

48.      Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 48 of the Complaint.

49.      Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 49 of the Complaint, including all subparts thereof.

50.      Paragraph 50 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that the warnings regarding Trasylol® were inadequate.  Because of the vagueness of the remaining allegations in paragraph 50 of the Complaint, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of those allegations.

51.      Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 51 of the Complaint.

52.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 52 of the Complaint.

53.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 53 of the Complaint.

54.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 54 of the Complaint.

55.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

56.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 56 of the Complaint.

57.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 57 of the Complaint refer, but admits that its predecessor in interest Bayer Pharmaceuticals Corporation distributed and/or sold Trasylol® at the time of the procedure alleged in the Complaint.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiff's decedent.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation manufactured Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the Complaint because of the vagueness of those allegations.

59.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 59 of the Complaint, including all subparts thereof.

60.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 60 of the Complaint.

61.     Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the Complaint, including as to whether Trasylol® was administered to Plaintiff's decedent and, if so, whether it reached Plaintiff's decedent without substantial change from the condition in which it was sold.

62.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiff's decedent and, if so, whether it reached Plaintiff's decedent without substantial change from the condition in which it was sold.

63.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. states that because of the vagueness of the terms "entitled" and "withdraw," it is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 64 of the Complaint.

65.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 65 of the Complaint.

66.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

67.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiff's claims, and denies the remaining allegations in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that the warnings for Trasylol® were inadequate, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiff's claims, and denies the remaining allegations in paragraph 69 of the Complaint.

70.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 70 of the Complaint, including all subparts thereof.

71.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 71 of the Complaint.

72.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the first sentence of paragraph 72 of the Complaint.  The second sentence of paragraph 72 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation manufactured Trasylol® and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 72 of the Complaint because of the vagueness of those allegations.

73.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 73 of the Complaint.

74.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

75.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 75 of the Complaint.

76.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. states that because of the vagueness of various terms including "entitled," "bona fide scientific data," and "withdrawn," Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of those allegations in paragraph 77 of the Complaint.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 77 of the Complaint.

78.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 78 of the Complaint, including all subparts thereof.

79.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 79 of the Complaint.

80.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 80 of the Complaint.

81.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 81 of the Complaint.

82.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable legal duty relating to Plaintiff's claims and denies the remaining allegations in paragraph 83 of the Complaint.

84.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 84 of the Complaint.

85.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 85 of the Complaint.

86.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 86 of the Complaint.

87.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 87 of the Complaint.

88.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

89.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 89 of the Complaint.

90.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 90 of the Complaint refer, but admits that its predecessor in interest Bayer Pharmaceuticals Corporation tested, distributed, promoted, and/or sold Trasylol® at the time of the procedure alleged in the Complaint.  Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiff's decedent and, if so, whether it reached Plaintiff's decedent without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. admits that at the time of the procedure alleged in the Complaint Trasylol® was intended to be administered to patients by physicians in accordance with FDA-approved labeling and was safe and effective when used in accordance with FDA-approved labeling.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 91 of the Complaint.

92.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 92 of the Complaint.

93.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 93 of the Complaint.

94.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 94 of the Complaint.

95.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

96.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable legal duty relating to Plaintiff's claims and denies the remaining allegations in paragraph 97 of the Complaint.

98.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 98 of the Complaint.

99.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 99 of the Complaint.

100.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 100 of the Complaint, including all subparts thereof.

101.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 101 of the Complaint.

102.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 102 of the Complaint.

103.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 103 of the Complaint.

104.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 104 of the Complaint.

105.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

106.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 106 of the Complaint.

107.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 107 of the Complaint.

108.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 108 of the Complaint.

109.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 109 of the Complaint.

110.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 110 of the Complaint.

111.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

112.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 112 of the Complaint.

113.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 113 of the Complaint.

114.     Paragraph 114 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiff's claims, and denies the remaining allegations in paragraph 114 of the Complaint.

115.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 115 of the Complaint, including all subparts thereof.

116.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 116 of the Complaint.

117.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 117 of the Complaint.

118.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 118 of the Complaint.

119.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 119 of the Complaint.

120.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 120 of the Complaint.

121.     Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint and denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following paragraph 120 of the Complaint, including all subparts thereof.

122.     Wherever Plaintiff has incorporated by reference prior allegations in the Complaint, Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to such allegations.

123.     Bayer HealthCare Pharmaceuticals Inc. denies each and every allegation in the Complaint that relates to or is directed to Bayer HealthCare Pharmaceuticals Inc. and its predecessor in interest Bayer Pharmaceuticals Corporation unless such allegations are expressly responded to in this Answer.

## ADDITIONAL DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Bayer HealthCare Pharmaceuticals Inc. in this matter.  Bayer HealthCare Pharmaceuticals Inc. accordingly reserves the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Bayer HealthCare Pharmaceuticals Inc. may withdraw any of these additional defenses as may be appropriate. Bayer HealthCare Pharmaceuticals Inc. further reserves the right to amend its answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.  Further answering, and by way of additional defense, Bayer HealthCare Pharmaceuticals Inc. states as follows:

**Defense No. 1.**     Plaintiff's Complaint and each and every count contained therein fail to state a cause of action or claim upon which relief can be granted against Bayer HealthCare Pharmaceuticals Inc.

**Defense No. 2.**     Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

**Defense No. 3.**   Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

**Defense No. 4.**   Plaintiff's Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

**Defense No. 5.**   The alleged damages and injuries, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Bayer HealthCare Pharmaceuticals Inc. or its predecessor in interest Bayer Pharmaceuticals Corporation.

**Defense No. 6.**   Neither Plaintiff nor Plaintiff's decedent suffered any actual injury, loss, or damages because of the alleged use of Trasylol®.

**Defense No. 7.**   The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and no act or omission on the part of Bayer HealthCare Pharmaceuticals Inc. or its predecessor in interest Bayer Pharmaceuticals Corporation was a proximate or competent producing cause of such alleged injuries or damages.

**Defense No. 8.**   The injuries sustained by Plaintiff or Plaintiff's decedent, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, for which Bayer HealthCare Pharmaceuticals Inc. has no legal responsibility.

**Defense No. 9.**   The acts and omissions of Plaintiff, Plaintiff's decedent, and/or other persons or entities, over whom Bayer HealthCare Pharmaceuticals Inc. and its predecessor in  interest Bayer Pharmaceuticals Corporation had no supervision or control and for whose actions and omissions Bayer HealthCare Pharmaceuticals Inc. has no legal responsibility, caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of contributory and/or comparative negligence.  Plaintiff's recovery, if any, therefore is

barred or should be reduced and/or apportioned in accordance with Conn. Gen. Stat. § 52-572o or other applicable law.

**Defense No. 10.**   Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.  To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Connecticut law or any other applicable law.

**Defense No. 11.**   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer HealthCare Pharmaceuticals Inc., if any, should be reduced accordingly.

**Defense No. 12.**   Plaintiff's claims are barred because Trasylol® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying Trasylol® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

**Defense No. 13.**   The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

**Defense No. 14.**   Neither Plaintiff nor Plaintiff's decedent detrimentally relied on any labeling, warnings, or information concerning Trasylol®.

**Defense No. 15.**   Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, testing, distribution, marketing, and sale of Trasylol®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package

insert and other literature, conformed to the applicable state of the art.  Trasylol®, including its

labeling approved by the United States Food and Drug Administration, complied with the state

of scientific and medical knowledge at the time of its design, testing, manufacture, distribution,

marketing, and sale.  Plaintiff's recovery accordingly is barred.

**Defense No. 16.**  Trasylol® complied with the applicable product safety regulations

promulgated by the United States Food and Drug Administration.  Compliance with such

regulations demonstrates that due care was exercised with respect to the design, manufacture,

testing, distribution, marketing, and sale of Trasylol®, and that it was neither defective nor

unreasonably dangerous.

**Defense No. 17.**  If Plaintiff or Plaintiff's decedent sustained the injuries or incurred the

expenses as alleged, which is expressly denied, said injuries or expenses were caused by the

unforeseeable alteration, improper handling, or other unforeseeable misuse of Trasylol®.

Plaintiff's recovery accordingly is barred.

**Defense No. 18.**  Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to

the Supremacy Clause of the United States Constitution by reason of the federal government's

regulation of the manufacturing, testing, marketing, sale, and labeling of prescription drugs.

**Defense No. 19.**  Plaintiff's claims regarding warnings and labeling are barred in whole or in

part by the doctrine of primary jurisdiction, in that the United States Food and Drug

Administration is charged under law with determining the content of warnings and labeling for

prescription drugs.

**Defense No. 20.**  Plaintiff cannot state a claim with regard to the warnings and labeling for

prescription drugs because the remedy sought by Plaintiff is subject to the exclusive regulation of

the United States Food and Drug Administration.

**Defense No. 21.**   This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

**Defense No. 22.**   Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

**Defense No. 23.**   Plaintiff's claims are barred in whole or in part because the commercial speech relating to Trasylol® was not false or misleading and is protected under the First Amendment of the United States Constitution and by applicable state constitutional provisions.

**Defense No. 24.**   Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages.

**Defense No. 25.**   Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorney fees, expenses, pre-judgment interest, post-judgment interest, or treble damages.

**Defense No. 26.**   To the extent applicable to the facts and circumstances of this case, Plaintiff is not a real party in interest and lacks capacity and/or standing to bring the claims asserted in the Complaint.

**Defense No. 27.**   Plaintiff's recovery of damages in this action is barred or limited by applicable wrongful death law and jurisprudence.

**Defense No. 28.**   Plaintiff's Complaint fails to state a claim upon which relief can be granted against Bayer HealthCare Pharmaceuticals Inc. under any applicable state product liability law.

**Defense No. 29.**   Bayer HealthCare Pharmaceuticals Inc. asserts all available defenses under any applicable state product liability law.

**Defense No. 30.**  Plaintiff's claims are barred pursuant to Restatement (Second) of Torts § 402A, comment k.

**Defense No. 31.**  Plaintiff's claims are barred because Trasylol® provides net benefits for a class of patients.

**Defense No. 32.**  Neither Bayer HealthCare Pharmaceuticals Inc. nor its predecessor in interest Bayer Pharmaceuticals Corporation sold or distributed Trasylol® directly to Plaintiff or Plaintiff's decedent, and neither Plaintiff nor Plaintiff's decedent received or relied upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty are barred by lack of privity between Plaintiff or Plaintiff's decedent on one hand and Bayer HealthCare Pharmaceuticals Inc. and/or its predecessor in interest Bayer Pharmaceuticals Corporation on the other.

**Defense No. 33.**  Plaintiff's claims of breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

**Defense No. 34.**  Plaintiff's claims for breach of warranty are barred by the applicable provisions of the Connecticut Commercial Code or other applicable law.

**Defense No. 35.**  Plaintiff's Complaint fails to state a claim for fraud, misrepresentation, deceit, concealment, suppression and/or omission, and fails to allege the circumstances constituting fraud with the required particularity.

**Defense No. 36.**  Plaintiff's claims under "CUTPA" are precluded by the exclusivity provision contained in Conn. Gen. Stat. § 52-572n of the Connecticut Products Liability Act, Conn. Gen. Stat. §§ 52-572m et seq.

**Defense No. 37.**  Plaintiff's Complaint fails to state a claim against Bayer HealthCare Pharmaceuticals Inc. upon which relief can be granted for punitive or exemplary damages.

**Defense No. 38.**  Bayer HealthCare Pharmaceuticals Inc. denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiff has produced evidence sufficient to support or sustain the imposition of punitive damages against Bayer HealthCare Pharmaceuticals Inc. pursuant to the applicable standards of proof.

**Defense No. 39.**  Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad, would violate Bayer HealthCare Pharmaceuticals Inc.'s constitutional rights as secured by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, and would contravene the prohibition of excessive fines and other provisions of the United States Constitution, the Connecticut Constitution, and any other applicable state constitution.

**Defense No. 40.**  Plaintiff cannot recover punitive or exemplary damages against Bayer HealthCare Pharmaceuticals Inc. because such an award, which is penal in nature, would violate Bayer HealthCare Pharmaceuticals Inc.'s rights under the United States Constitution and any other applicable state constitution, unless Bayer HealthCare Pharmaceuticals Inc. is afforded the same procedural safeguards as are criminal defendants.

**Defense No. 41.**  Any imposition of punitive or exemplary damages in this case against Bayer HealthCare Pharmaceuticals Inc. would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute an undue and unreasonable burden on interstate commerce.

**Defense No. 42.**  With respect to Plaintiff's demand for punitive or exemplary damages, Bayer HealthCare Pharmaceuticals Inc. incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under Connecticut law or other applicable state law.

**Defense No. 43.**   No act or omission of Bayer HealthCare Pharmaceuticals Inc. or its predecessor in interest Bayer Pharmaceuticals Corporation was intentional, reckless, willful misconduct, wanton, reckless, and/or with actual malice, oppression, and/or fraud as defined in Conn. Gen. Stat. §§ 52-572m, *et. seq*., or with conscious disregard and indifference to the rights, safety and welfare of Plaintiff or Plaintiff's decedent, or evidencing that entire want of care which would raise the presumption of conscious indifference to the consequences, and therefore any award of punitive or exemplary damages is barred.  Bayer HealthCare Pharmaceuticals Inc. asserts all statutory or judicial protections from punitive or exemplary damages that are available under applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 44.**   The claim for punitive or exemplary damages against Bayer HealthCare Pharmaceuticals Inc. cannot be sustained under Connecticut law because, in all respects pertinent to this action, Bayer HealthCare Pharmaceuticals Inc. and its predecessor in interest Bayer Pharmaceuticals Corporation complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using Trasylol®.

**Defense No. 45.**   Plaintiff's claims of injury and claims for damages are speculative.

**Defense No. 46.**   Plaintiff's Complaint fails to state a claim upon which relief can be granted for joint and several liability.

**Defense No. 47.**   Bayer HealthCare Pharmaceuticals Inc. preserves all objections and defenses relating to personal jurisdiction and venue.

**Defense No. 48.**   Bayer HealthCare Pharmaceuticals Inc. adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer HealthCare Pharmaceuticals Inc.'s defenses pleaded in this Answer.

**WHEREFORE**, Bayer HealthCare Pharmaceuticals Inc. denies any and all liability with regard to Plaintiff's claims and respectfully requests that Plaintiff's claims against it be dismissed with prejudice and that Bayer HealthCare Pharmaceuticals Inc. be awarded such general, further relief as justice may require.

**JURY DEMAND**

Bayer HealthCare Pharmaceuticals Inc. respectfully requests that a jury try the issues in this matter.

DATED:  November 25, 2009                    Respectfully submitted,

*/s/  Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

***Attorneys for Defendant Bayer HealthCare Pharmaceuticals Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>*/s/  Barbara Bolton Litten*</u>
Barbara Bolton Litten

**SERVICE LIST**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**
**Case No. 9:09-cv-81594-DMM**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,**
**FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE &**
**LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs and*
*Counsel for Plaintiff Ruth Sterry*

Kelli Williamson
**TORHOERMAN LAW LLC**
P.O. Box 536
101 West Vandalia Street, Ste. 350
Edwardsville, IL 62025
Telephone:  618-656-4400
Facsimile:  618-656-4401
*Counsel for Plaintiff Ruth Sterry*

WPB/561763.1