# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) |
| *Morrill* v. *Bayer Corporation, et al.*, Case No. 08-cv-80424 | ) ) ) ) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Schering Pharma AG jointly oppose Plaintiff Melissa Morrill's motion for leave to file a third amended complaint and submit this brief in support thereof.

### BACKGROUND

Plaintiff Melissa Morrill alleges that William Morrill was administered Trasylol during open heart surgery in October 2003, and that Trasylol caused his death. Second Am. Compl. ¶¶ 31-35. Plaintiff filed her original complaint in Florida state court on December 18, 2006—it was the first filed Trasylol product liability action in the country—and filed an amended complaint on April 4, 2007, adding new factual allegations and new causes of action. The amended complaint was served on April 23, 2007, and on May 11, 2007, defendants removed the case to the Middle District of Florida and answered the complaint. On November 15, 2007, plaintiff filed an unopposed motion for leave to file a second amended complaint, which was granted. The second amended complaint substituted a defendant and dropped the breach of

warranty claims. The second amended complaint does not ask for punitive damages, and in the two years that followed, plaintiff did not seek leave to add a plea for punitive damages to her complaint. The case was transferred to this Court on April 10, 2008.

On July 22, 2009, pursuant to section II.B.2 of Pretrial Order No. 6, defendants selected the *Morrill* case for inclusion in the Initial Trial Pool. On November 20, 2009, defendants selected this case as their first trial selection. Only after defendants selected this case as their first trial selection did plaintiff seek leave to amend her complaint to pursue punitive damages.

## ARGUMENT

The original CMO in this litigation, Pretrial Order No. 4 (May 22, 2008), provides: "The deadline for motions to amend pleadings or to add Parties is ninety (90) days from the date of this Order, or forty-five (45) days after transfer to MDL-1928, whichever is later." PTO 4 § VII.B. Thus, plaintiff Morrill's deadline for amending her complaint was August 20, 2008. Because that deadline was set by a scheduling order, requests to amend complaints after the deadline has passed are governed by the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) rather than the more liberal standard of Rule 15(a)(2). *See Mann v. Taser Int'l Inc.*, --- F.3d ---, 2009 WL 4279713, *15 (11th Cir. Dec. 2, 2009); *Sosa* v. *Airport Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)"); *accord Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992). Whether good cause exists under Rule 16(b)(4) depends on "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice." *Southwest Bell Tel. Co.* v. *City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Plaintiff has not shown good cause for her failure to meet the deadline in PTO 4.

- *Explanation for the Delay*. Plaintiff's only justification for her delay in seeking leave to amend her complaint is a Florida state court pleading rule which, as plaintiff concedes, has not applied to this case since it was removed to federal court more than two and a half years ago. *See* Motion To Amend at 3 (citing *Cohen* v. *Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999)). Plaintiff has already invoked federal pleading procedure by moving for and obtaining leave to amend the complaint once in this Court. Plainly, reliance on an inapplicable state court pleading rule is not a legitimate explanation. *Cf. Johnson*, 975 F.2d at 609 ("If [a] party was not diligent, the [good cause] inquiry should end.").

- *Importance of the Amendment*. Plaintiff makes no effort to articulate the importance of her proposed amendment. The fact that she waited two and a half years from the time this case was removed to federal court to seek leave invites the inference that she did not deem it important while the case was being prepared for trial.

- *Prejudice to Defendants*. Defendants selected this case for inclusion in the initial trial pool, and on November 20, 2009, selected it as their first case to be tried in this MDL, based on a thorough comparison of this case with the many possible alternatives, taking into account the allegations in the complaint, the relief sought by the plaintiff, and information learned in discovery. Plaintiff did not seek punitive damages in her complaint (which, moreover, does not allege intentional misconduct or other predicates to recover punitive damages). Plaintiff's expert report on damages, served on October 18, 2009, gave no indication that the plaintiff intended to seek punitive damages, nor was there any mention of punitive damages during the expert's

deposition on November 11, 2009.  *See* Ex. A, B.  Because the initial trials in this MDL will be bellwether trials, both parties' initial selections carry considerable strategic significance.  To allow plaintiff to upset defendants' carefully considered choice by materially altering her lawsuit at this late date would cause prejudice far beyond what such an amendment would cause in a normal one-on-one case.  And, by the nature of the prejudice that would result, it could not be cured by a continuance or similar schedule adjustment.

For these reasons, plaintiff has not shown good cause as required under Rule 16(b)(4).[1]

## CONCLUSION

Plaintiff has not offered good cause for her motion for leave to file a third amended complaint, and the motion should be denied.

---

[1] Plaintiff's request should be denied even under the more liberal standard of Rule 15(a)(2) (providing that leave to amend should be given "when justice so requires").  Under Rule 15(a)(2), "undue delay . . . on the part of the movant" or where the amendment would cause "undue prejudice to the opposing party," and "futility of amendment" are bases for denial of leave to amend.  *Foman* v. *Davis*, 371 U.S. 178, 182 (1962).  Here, plaintiff's undue delay is obvious, extreme, and unexplained.  Moreover, the amendment is futile because it adds only a request for punitive damages without providing allegations of either intentional misconduct or gross negligence, at least one of which must be proved for an award of punitive damages under Florida law.  Fla. Stat. § 768.72(2).  And, as shown above, the proposed amendment would cause significant prejudice to defendants in the unique circumstances of this case and this MDL. *See also Maynard* v. *Board of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (affirming denial of motion for leave to amend when there was "no good reason why [the plaintiff] could not have made the motion earlier" and the movant had not explained its failure to include the amended claim in its original filing); *Carruthers* v. *BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2003) (affirming denial of motion for leave to amend under Rule 15(a) where plaintiff "filed her motion on 17 January 2003, six months after the court's 25 July 2002 deadline for amendments to the pleadings and two months after its 25 November 2002 deadline for completion of discovery") ; *Palm Beach County Envtl. Coalition* v. *Florida*, --- F. Supp. 2d ---, 2009 WL 2523901, *20 (S.D. Fla. Jul 27, 2009) (Middlebrooks, J.) (denying motion to amend in part because requesting leave to amend based on events occurring fifteen months earlier constitutes undue delay).

Date:  January 5, 2010	Respectfully submitted,


	*/s/  Barbara Bolton Litten*
	Patricia E. Lowry (Florida Bar No. 332569)
	Email: plowry@ssd.com
	Barbara Bolton Litten (Florida Bar No. 91642)
	Email: blitten@ssd.com
	**SQUIRE, SANDERS & DEMPSEY L.L.P.**
	1900 Phillips Point West
	777 South Flagler Drive
	West Palm Beach, FL 33401-6198
	Telephone:  561-650-7120
	Facsimile:   561-655-1509


	Eugene A. Schoon
	Email: eschoon@sidley.com
	**SIDLEY AUSTIN LLP**
	One South Dearborn
	Chicago, Illinois  60603
	Telephone:  312-853-7279
	Facsimile:   312-853-7036

	***Attorneys for Defendant Bayer Corporation***

5

## CERTIFICATE OF SERVICE

I certify that on January 5, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

Case No. 9:08-CV-80424-MIDDLEBROOKS/JOHNSON
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

United States District Court
Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-790-4584
Facsimile: 215-875-7701
*Co-Lead Counsel for Plaintiffs*

Scott A. Love
Email: slove@triallawfirm.
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Federal-State Liaison for Plaintiffs*
*Counsel for Plaintiff Anna Bryant*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
*Liaison Counsel for Defendants*

John D. Goldsmith
Florida Bar No. 444278
Email: jdgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
Florida Bar No. 0546895
**TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: 813-223-7474
Facsimile: 813-229-6553
*Attorneys for Plaintiff*

WESTPALMBEACH/562953.1