# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) |
| *Morrill* v. *Bayer Corporation, et al.*, Case No. 08-cv-80424 | ) ) ) ) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY

Defendants oppose Plaintiff Melissa Morrill's motion to reopen discovery to depose Mark Curran, James Durnell, and Nicole Gazzo.

### BACKGROUND

On December 18, 2006, Plaintiff Morrill filed her original complaint in Florida state court. An amended complaint was filed on April 4, 2007, and served on April 23, 2007. The case was removed to the Middle District of Florida on May 11, 2007, and was transferred to this MDL on April 10, 2008.

On June 29, 2009, defendants produced to Amy Drushal, counsel for plaintiff Morrill, a sales call report identifying Nicole Gazzo as a Trasylol sales representative for the hospital at issue in this case. Ex. A. On June 30, 2009, defendants produced to Ms. Drushal additional information identifying all sales contacts with Thomas Kelly, the surgeon who operated on plaintiff's decedent, which identified the two sales representatives that directly communicated with Dr. Kelly regarding Trasylol, Mark Curran and James Durnell. Ex. B.

On July 21, 2009, defendants selected the *Morrill* case for inclusion in the Initial Trial Pool pursuant to PTO 6 (Sep. 18, 2008). It was put on a schedule providing for completion of case-specific fact discovery by September 14, 2009. *See* PTO 13 § I.G (July 21, 2009).

On August 12, 2009, defendants disclosed to Plaintiffs' Co-Lead Counsel, who are members of the Plaintiffs' Steering Committee ("PSC"), the identities of the case-specific sales representatives in the *Morrill* case—again identifying Mark Curran, James Durnell, and Nicole Gazzo as the relevant sales representatives in this case. Ex. C. As noted, case-specific fact discovery in the case closed a month later, on September 14, 2009.

On November 20, 2009, defendants selected the *Morrill* case to be one of the first two trial cases in this MDL. More than two weeks later, on December 2, 2009 (a month and a half after the close of case-specific fact discovery), plaintiff claimed—for the first time—that she had not received the names of the case-specific sales representatives.

## ARGUMENT

Under PTO 13, case-specific fact discovery was to be completed by September 14, 2009. Because that deadline was set by a scheduling order, any request to extend the period for case-specific fact discovery requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *see Garrett* v. *Dep't of Corrections of Fla.*, No. 5:06-cv-400-Oc-10, 2007 WL 5844122, *1 (M.D. Fla. Oct. 1, 2007); *Baker* v. *County Med. Serv., Inc.*, No. 3:05-cv-541-J-33, 2007 WL 114000, *1 (M.D. Fla. Jan. 10, 2007). The good cause requirement in Rule 16(b)(4) "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa* v. *Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks and citation omitted). Plaintiff has failed to show good cause for her failure to meet the deadline in PTO 13.

Plaintiff Morrill did not exercise the necessary diligence to justify an extension of the fact discovery period. On June 29 and 30, 2009, in emails sent directly to plaintiff's lawyer Amy Drushal, defendants disclosed the three sales representatives relevant to this case. Ex. A, B; *see also* Ex. D. Then, in their disclosure on August 12, 2009, defendants again identified the same three sales representatives. Ex. C. This record belies plaintiff's contention that she "did not receive notice of the Sales Representatives until December 3, 2009," Motion at 3. Plaintiff knew the identities of the sales representatives for more than two months before discovery closed in this case. Her failure to depose the sales representatives within the discovery period results from her own, unexcused lack of diligence.

Plaintiff's sole explanation for the failure to depose the sales representatives—that the August 12, 2009, disclosure was addressed to members of the PSC, rather than plaintiff's individual counsel—ignores the two emails in June 2009 that were sent directly to plaintiff Morrill's lawyer. And in any case, if as plaintiff claims the PSC failed to communicate relevant information to its fellow plaintiffs' attorneys, that is not defendants' fault and defendants should not be penalized.

Further, if plaintiff took the position that the disclosures had not been made as required, she should have inquired about them when the disclosure deadline passed. Instead, plaintiff did not raise the issue until two and a half months after the close of discovery. Indeed, even when she made her Rule 26 witness disclosures on August 17, 2009, plaintiff did not exercise even the most basic diligence with respect to potential sales representative witnesses, but merely copied the witness disclosures from other MDL cases—listing nine sales representatives who operated in other parts of the country, who obviously have nothing to do with the *Morrill* case. Ex. E. As the Eleventh Circuit has held, where a party seeking an extension "was not diligent, the good

3

cause inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Saewitz* v. *Lexington Ins. Co.,* 133 Fed.Appx. 695, 699 (11th Cir. 2005). Here, the record shows that plaintiff was not diligent, and the inquiry should end. Plaintiff has not shown good cause for the extension she seeks.

Additionally, reopening discovery at this late stage, in one of the first two bellwether cases in this MDL, would unfairly prejudice defendants. Defendants selected the *Morrill* case as their first trial selection in this MDL, based on a comprehensive analysis of this case and the many possible alternatives, taking into account (among other things) the discovery that had been taken in the case. Allowing additional fact discovery at this late date could unsettle defendants' carefully considered choice by altering the factual record in the case. To permit new factual discovery in this bellwether case, at such an advanced stage in the overall MDL calendar, would cause prejudice beyond what would exist in a normal one-on-one case.

For these reasons, plaintiff has not shown good cause as required under Rule 16(b)(4).

## CONCLUSION

Plaintiff has not shown good cause for her failure to complete discovery on time, and her motion should be denied.

Date:  January 5, 2010						Respectfully submitted,


							*/s/  Barbara Bolton Litten*
							Patricia E. Lowry (Florida Bar No. 332569)
							Email: plowry@ssd.com
							Barbara Bolton Litten (Florida Bar No. 91642)
							Email: blitten@ssd.com
							**SQUIRE, SANDERS & DEMPSEY L.L.P.**
							1900 Phillips Point West
							777 South Flagler Drive
							West Palm Beach, FL 33401-6198
							Telephone:  561-650-7120
							Facsimile:   561-655-1509


							Eugene A. Schoon
							Email: eschoon@sidley.com
							**SIDLEY AUSTIN LLP**
							One South Dearborn
							Chicago, Illinois  60603
							Telephone:  312-853-7279
							Facsimile:   312-853-7036

							***Attorneys for Defendant Bayer Corporation***

**CERTIFICATE OF SERVICE**

      I certify that on January 5, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      */s/  Barbara Bolton Litten*
      Barbara Bolton Litten

## SERVICE LIST

Case No. 9:08-CV-80424-MIDDLEBROOKS/JOHNSON
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

**United States District Court
Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
   FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
   & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott A. Love
Email:  slove@triallawfirm.
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*
*Counsel for Plaintiff Anna Bryant*

John D. Goldsmith
Florida Bar No. 444278
Email:  jdgoldsmith@trenam.com
Amy L. Drushal
Email:  aldrushal@trenam.com
Florida Bar No. 0546895
**TRENAM, KEMKER, SCHARF, BARKIN, FRYE,
   O'NEILL & MULLIS, P.A.**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
Telephone:   813-223-7474
Facsimile:    813-229-6553
*Attorneys for Plaintiff*

WESTPALMBEACH/562955.1