UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL – 1928

This Document Relates to:

*MELISSA MORRILL, etc.*
*v. BAYER PHARMACEUTICALS*
*CORPORATION, et al.,*
Case No. 9:08-cv-80424-DMM
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS'
MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT TO ADD CLAIM FOR PUNITIVE DAMAGES**

Plaintiff, Melissa Morrill, on Behalf of the Estate of William Cyrus Morrill ("Plaintiff"), hereby replies to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint to Add Claim for Punitive Damages, and states the following:

**REPLY**

Defendants' memorandum ignores key facts in the procedural history of this case. This case was selected for the initial trial pool over a month after the other cases were selected, due to one of the selected cases being dismissed. However, there was no special schedule for this case. Despite the fact that it was a month behind the other trial pool cases for the trial schedule, Plaintiff still was burdened with the same schedule as the other trial pool cases with numerous important deadlines rapidly approaching. Notably, this case does not have any members of the PSC assisting, and counsel for Mrs. Morrill had minimal involvement with the PSC prior to its selection in the initial trial

pool. As a result, counsel does not have the in-depth knowledge of the case-specific discovery, and was not involved in the selection of the dates established.

It is well settled that leave to amend is to be freely given. Fed. R. Civ. P. 15. After a scheduling order is entered, the Court also should consider Federal Rule of Civil Procedure 16, which requires that a party show good cause. In this case, Plaintiff did not seek punitive damages in the Complaint because the action was filed in Florida state circuit court, which prohibits a plaintiff from seeking punitive damages until the Court rules, after the motion, that there is sufficient evidence in the record to support a punitive damages claim. Fla. Stat. § 768.72 (2009). This requires a plaintiff to conduct discovery.

This rule does not apply in federal courts, although early courts were split on this issue. After removal, this case was transferred to this Court, pursuant to the MDL Panel's order. A Master Complaint was field by the PSC, seeking punitive damages. It was initially unclear to the undersigned whether anything further work needed to be done to seek punitive damages. The PSC (in which Plaintiff's counsel is not a member) and Defendants conducted extensive discovery not specific to any case. When this case suddenly was thrust into the initial trial pool after another trial pick was dismissed, operating on the same schedule as all cases in the initial trial pool, Plaintiff's counsel worked diligently to comply with all deadlines, including expert disclosures and discovery. The motion for leave to amend to seek punitive damages was filed after the deadline, but given the fact that punitive damages could not be initially sought, the removal, MDL transfer, and being belatedly put in the trial pool is good cause.

Most importantly, Defendants cannot show any prejudice or surprise. They have been on notice of punitive damages claims in the MDL cases since the beginning. Certainly, many of the complaints contain pleas for punitive damages, and most of the complaints are virtually identical except for the case-specific medical injuries. Moreover, the Master Complaint pleads punitive damages; thus, there is no surprise that Plaintiff would seek punitive damages. (See Master Compl., Dkt. No. 103, Count XIV).[1]

Defendants claimed prejudice is that the amendment would change its analysis and strategic selection of this case. This is not sufficient prejudice to justify denying Plaintiff's requested amendment, and Defendants' strategic considerations are irrelevant to the analysis. Indeed, Plaintiff's Complaint will not be materially altered, despite Defendants' claims. Plaintiff is merely seeking to add a claim for punitive damages – not new claims or new parties. It is the identical punitive claim raised in scores of cases and the Master Complaint in this MDL. Moreover, Defendants have failed to articulate what additional tasks they would need to complete based on adding a claim for punitive damages that would unfairly prejudice them. In fact, nothing else needs to be done. All discovery was done by Defendants and the PSC in the general discovery. Accordingly, Defendants' claim that they would be prejudiced by the amendment is without merit, and Plaintiff's motion should be granted.

---

[1] In the alternative, the Court could allow Plaintiff to file a notice adopting the Master Complaint.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant her motion and allow her to file the Third Amended Complaint, adding a claim for punitive damages.

/s/ Amy L. Drushal
JOHN D. GOLDSMITH
Florida Bar No. 444278
jdgoldsmith@trenam.com
AMY L. DRUSHAL
Florida Bar No. 0546895
aldrushal@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Tel:  (813) 223-7474
Fax:  (813) 229-6553
Attorneys for Melissa Morrill, as Personal
Representative of the Estate of
WILLIAM CYRUS MORRILL, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished via U.S. Mail to the attached Service List, this 15th day of January, 2010.

/s/ Amy L. Drushal
Attorney

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email: jronca@anapolschwartz.com
ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
Co-Lead Counsel for Plaintiff

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
BABBITT JOHNSON OSBORNE &
LECLAINCHE, P.A.
1641 Worthington Rd., Suite 100
West Palm Beach, FL 33409-6706
Telephone: 561-684-2500
Facsimile: 561-684-6308
Liaison Counsel for
Plaintiff

Patricia E. Lowry
Email: plowry@ssd.com
Guy E. Motzer
Email: gmotzer@ssd.com
Barbara Bolton Litten
Email: blitten@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
Attorneys for Defendants Bayer
Pharmaceuticals Corporation, Bayer
HealthCare AG, Bayer HealthCare LLC
and Bayer AG

Scott Love
Email: slove@triallawfirm.com
CLARK, DEAN & BURNETT, G.P.
440 Louisiana, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
Co-Lead Counsel for
Plaintiff

Neal Moskow
Email: neal@urymoskow.com
URY & MOSKOW, LLC
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
Federal-State Liaison for Plaintiff

Philip S. Beck
Email: bill.balachowski@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.corn
Shayna Cook
Email: shayna.cook@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR
 & SCOTT LLP
Courthouse Place
54 West Hubbard Place, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000 Facsimile: 312-853-7036

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
ECKERT SEAMANS CERIN
 & MELLOTT LLC
600 Grant Street, 44th
Floor Pittsburgh, PA 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099