UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*Melissa Morrill, as personal representative
of the Estate of William Cyrus Morrill, III,
v. Bayer Pharmaceutical Corp., et al.*,
Case No. 9:08-cv-80424
_____/

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW**

PLEASE TAKE NOTICE that Defendants Bayer HealthCare Pharmaceuticals Inc. (as successor in interest to Bayer Pharmaceutical Corporation, Bayer HealthCare LLC), Bayer AG, and Bayer Schering Pharma AG (as successor in interest to Bayer Healthcare AG) move for summary judgment on all claims asserted in Plaintiff's Second Amended Complaint due to plaintiff's failure to come forward with evidence establishing a genuine issue of material fact as to whether Trasylol caused Decedent's death.

**MEMORANDUM OF LAW**

William Morrill died from ventricular fibrillation and cardiomyopathy just days after suffering a massive heart attack and undergoing his second coronary artery bypass graft surgery ("CABG") accompanied by a high-risk transmyocardial laser revascularization procedure ("TMR"). Despite the heart attack and subsequent high-risk surgery and despite Mr. Morrill's pre-existing coronary artery disease, abnormal heart rhythm, chronic obstructive

pulmonary disease, cirrhosis of the liver, and tobacco abuse, plaintiff Melissa Morrill claims that Trasylol caused Mr. Morrill's death.

Bayer is entitled to summary judgment because plaintiff has no admissible evidence of causation. Bayer already has demonstrated that the opinion of plaintiff's hired expert must be excluded because the opinion conflicts with Mr. Morrill's medical records and is not supported by a differential diagnosis. *See Bayer's* Motion To Exclude Plaintiff's Case-Specific Causation And Damages Experts And Memorandum Of Law In Support (the "*Daubert* Motion") (Docket Entry 71). Plaintiff has no other evidence of causation. Because proof of causation is an essential element of all of plaintiff's claims, the Court should dismiss with prejudice plaintiff's case.

## BACKGROUND

Defendants incorporate by reference pages 2 through 8 of their *Daubert* Motion, detailing Mr. Morrill's medical history and Trasylol use. *See Daubert* Mot. (D.E. 71) at 2-8.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted where there is no genuine issue of material fact for trial. *Celotex v. Catrett,* 477 U.S. 317, 330 (1986); *Zivojinovich v. Barner*, 525 F.3d 1059, 1066 (11th Cir. 2008). If a plaintiff has no competent evidence to establish an element of her *prima facie* case, defendants are entitled to summary judgment. *Haller v. Astrazeneca Pharms. LP*, 598 F. Supp. 2d 1271, 1306 (M.D. Fla. 2009); *Colville v. Pharmacia & Upjohn Co.*, *LLC*, 565 F. Supp. 2d 1314, 1319 (N.D. Fla. 2008). "Conclusory allegations, evidence that is not significantly probative, and personal opinions will not suffice to defeat a motion for summary

judgment." *Haller*, 598 F. Supp. 2d at 1274; *Johnson v. Fleet Fin., Inc.*, 4 F.3d 946, 949 (11th Cir. 1993).

## ARGUMENT

This case cannot go to trial because plaintiff has no admissible evidence of causation. Plaintiff's Amended Complaint (D.E. 2-2) asserts four causes of action for wrongful death: (1) negligence; (2) strict liability design defect; (3) strict liability failure to warn; and (4) negligent misrepresentation. Each of these claims requires proof of causation-in-fact. *See Rink v. Cheminova, Inc.* 400 F.3d 1286, 1295 (11th Cir. 2005) (all products liability claims require proof of causation); *accord Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1322 (11th Cir. 1999) (negligence); *Wolicki-Gables v. Arrow Int'l, Inc.*, 641 F. Supp. 2d 1270, 1287-88 (M.D. Fla. 2009) (negligence); *Colville,* 565 F. Supp. 2d at 1320 (strict products liability, design defect, and failure to warn); *Beale v. Biomet, Inc.*, 492 F. Supp. 2d 1360, 1374 (S.D. Fla. 2007) (negligent misrepresentation).

To establish causation-in-fact, plaintiff must prove that "but for" the defendant's alleged misconduct, plaintiff's injury would not have occurred. *Rink,* 400 F.3d at 1295; *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1191 (11th Cir. 1995); *Haller*, 598 F. Supp. 2d at 1303-1304; *Colville*, 565 F. Supp. 2d at 1322; *Jones v. Utica Mut. Ins.*, 463 So.2d 1153, 1156 (Fla. 1985). In a products liability action involving a prescription medication, plaintiff must offer expert testimony to establish causation. *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) ("[t]his type of proof [*i.e.*, specific causation] requires expert testimony"); *Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 2058384, at *11 (S.D. Fla. June 25, 2009)

(J. Moore) ("[i]n the absence of any reliable expert evidence on causation, summary judgment must be granted in favor of [defendant]").

Here, plaintiff has no admissible expert testimony that Trasylol caused Mr. Morrill's death. Neither of Mr. Morrill's treating physicians opines that Trasylol caused Mr. Morrill's death. To the contrary, Mr. Morrill's cardiac surgeon, Dr. Thomas Kelly, opined that Trasylol did ***not*** contribute to Mr. Morrill's myocardial infarction and arrhythmias that caused his death. Deposition of Thomas Kelly, M.D. ("Kelly Dep.") (Ex. A) at 8:18-9:11, 86:2-19; *see also id.* at 83:1-85:10. Instead, Dr. Kelly determined that Mr. Morrill's postoperative myocardial infarction and ventricular fibrillation (leading to his death) were caused by cardiomyopathy and damage to the heart muscle from the TMR procedure, which necessarily involves damage and death to heart muscle. *Id.* at 84:16-85:10; *see also id.* at 86:1-19, 88:10-25.

Mr. Morrill's medical records show that Dr. Kelly and Mr. Morrill's cardiologist, Dr. Michael Barron, considered several other conditions to be more likely than Trasylol as the cause of Mr. Morrill's death. These include the risks inherent in a re-do CABG surgery and the TMR procedure, Mr. Morrill's pre-existing ischemia and myocardial infarction, and his extensive history of significant medical problems, including chronic alcoholism. *See id.* at 26:20-28:15, 84:16-85:10, 86: 2-19, 88:10-25 (cardiac surgeon, Dr. Kelly); SMH Med. R. (Ex. B) at 763-66 (cardiologist, Dr. Barron). Dr. Kelly's report after the surgery stated that Mr. Morrill was at high risk of complications due to portal hypertension with left ventricular dysfunction, low ejection fraction (creating a "very weak heart"), chronic obstructive pulmonary disease, hypertension, cirrhosis, and the fact that it was Mr. Morrill's second CABG surgery. Kelly Dep. (Ex. A) at 80:12-82:1. The autopsy revealed a "large and extensive" myocardial infarction, established cirrhosis, an enlarged spleen, congestive heart failure, a heart more than double the size of a normal heart, and native coronary arteries with extensive arthrosclerosis of nearly 100%

4

in some areas.  SMH Med. R. (Ex. B) at 976-80 (Autopsy Rep.).  Plaintiff conceded that she did not recall *anyone* ever telling her that Mr. Morrill's death was caused by or even related to Trasylol.  Deposition of Melissa Morrill (Ex. C) at 26:10-22, 27:14-28:5, 202:4-12, 216:21-217:2.

Thus, plaintiff's causation case rests entirely on the testimony of her hired expert, nephrologist Marc Weinberg, M.D., who proposes a novel theory of causation:  Trasylol caused a blood clot to form in Mr. Morrill's bypass graft, which restricted blood flow to his heart muscle, which in turn caused infarction (death of heart muscle), which caused ventricular fibrillations and arrhythmias, which led to his death.  Deposition of Marc Weinberg, M.D. ("Weinberg Dep.") (Ex. D) at 172:15-20, 174:20-175:3, 202:9-17.  This theory is directly contradicted by Mr. Morrill's autopsy report, which includes an explicit finding of no blood clots in Mr. Morrill's bypass grafts aside from clots that formed after his death.  SMH Med. R. (Ex. B) at 976-80 (Autopsy Rep.).

Bayer demonstrated in its *Daubert* brief that a causation opinion that conflicts with the actual medical record is unreliable and should not be presented to a jury.  *See Daubert* Mot. (D.E. 71) at 13-15.  Bayer further demonstrated that Dr. Weinberg's opinion is inadmissible under *Daubert* because:  (1) as a nephrologist, Dr. Weinberg is not qualified to opine about Mr. Morrill's cardiac-related death; (2) Dr. Weinberg failed to review important medical records; and (3) Dr. Weinberg failed to consider and rule out other more likely causes of Mr. Morrill's death.  *Id.* at 11-20.  Indeed, Dr. Weinberg admitted that he was unable to rule out Mr. Morrill's pre-existing conditions and other known risk factors as the cause of his death; nor has Dr. Weinberg tried to assess quantitatively the role of these other causes, as the law requires.  Weinberg Dep. (Ex. D) at 72:17-22, 116:7-17, 165:4-14, 170:15-25.  *See McClain*, 401 F.3d at 1253; *Allison*, 184 F.3d at 1322; *Hendrix v. Evenflo Co. Inc.*, 255 F.R.D. 568, 596 (N.D. Fla. 2009).  Bayer's *Daubert*

5

Motion discusses all of these deficiencies in detail and shows that Dr. Weinberg's failure to follow scientific method requires exclusion of his opinion. *See Daubert* Mot. (D.E. 71) at 15-19.

Without Dr. Weinberg, plaintiff has no medical evidence of causation. Where, as here, a plaintiff fails to provide admissible expert evidence that the medication at issue caused his or her injuries, the court must enter judgment in the defendant's favor. *See, e.g., Haller,* 598 F. Supp. 2d at 1303 n.290 (exclusion of expert testimony is itself a basis for granting summary judgment because plaintiff is unable to establish specific causation); *Haggerty v. Upjohn Co.,* 950 F. Supp. 1160, 1167 (S.D. Fla. 1996) ("[w]ithout this [expert] testimony, Plaintiff cannot establish a genuine issue of material fact as to causation, and Upjohn is entitled to summary judgment on this claim"); *Chikovsky v. Ortho Pharm. Corp.*, 832 F. Supp. 341, 346 (S.D. Fla. 1993) ("[w]ithout [expert's] testimony, the plaintiffs cannot establish a genuine issue of material fact as to causation," which entitles the defendant "to summary judgment as a matter of law").

## CONCLUSION

Plaintiff's "failure to proffer sufficient evidence of causation, an element critical to all of [her] claims, is necessarily fatal to [her] efforts to avoid summary judgment." *Kilpatrick*, 2009 WL 2058384, at *11. This Court should enter judgment in Bayer's favor as to each of the claims set forth in Plaintiff's Second Amended Complaint.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good

6

faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

January 22, 2010                                   Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
Guy E. Motzer
Florida Bar No. 562467
Email: gmotzer@ssd.com
**SQUIRE SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR**
   **& SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:  312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:  312-853-73036

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:  313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMENS CHERIN &
    MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer AG, and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        */s/ Barbara Bolton Litten*
                                        Barbara Bolton Litten

# SERVICE LIST

**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**
**Case No. 9:08-cv-80424** *Morrill v. Bayer Pharma. Corp.*

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Scott A. Love
Email:  slove@triallawfirm.
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

John D. Goldsmith
Email:  jgoldsmith@trenam.com
Amy L. Drushal
Email:  aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
Telephone:  813-223-7474
Facsimile:  813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*