auUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*Anna E. Bryant v. Bayer Corp., et al.*,
Case No. 9:08-cv-80868
_____/

**BAYER'S MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW**

PLEASE TAKE NOTICE that Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG (collectively, "Bayer") move, under Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on all claims asserted by plaintiff Anna Bryant.

**MEMORANDUM OF LAW**

Defendants are entitled to summary judgment on each claim asserted by plaintiff Anna Bryant because, as set forth in defendants' *Daubert* motion relating to plaintiff's experts Drs. Chertow and Schuch, plaintiff has no competent, admissible specific causation evidence to support her claims. *See* Bayer's Motion to Exclude Plaintiff's Case-Specific Medical Experts (Docket Entry 82). Because plaintiff must present competent medical expert testimony to support causation, in-fact, all of her claims fail.

In addition, plaintiff lacks standing to bring her Connecticut consumer fraud claim because she is a California resident and the Connecticut statute on which her claim is based does not apply beyond that state's borders. Even if it did apply, plaintiff did not pay any amount of

money for the Trasylol administered to her, and therefore did not suffer an ascertainable loss of money or property as is required to recover under that claim.

## STATEMENT OF FACTS

Plaintiff Anna Bryant's medical history and Trasylol use is described in detail at pages 2 to 5 of Defendants' Motion to Exclude Plaintiff's Case-Specific Medical Experts And Memorandum Of Law In Support (the "*Daubert* Motion") (Docket Entry 82), which are incorporated here by reference. In brief:

At the time that plaintiff Anna Bryant underwent four-artery coronary artery bypass graft (CABG) surgery in March 2006, she was a 59-year-old woman with congestive heart failure and a long history of poorly controlled diabetes, high blood pressure, and chronic renal insufficiency, all of which increased her risk of renal failure. Deposition of Dr. Bassam Omari ("Omari Dep.") (Ex. A) at 24:11-17, 33:21-35:4, 39:19-40:10, 221:22-222:5, 225:2-7; Deposition of Anna Bryant ("Bryant Dep.") (Ex. B) at 8:5-11, 86:1-4, 88:7-9, 92:12-16, 93:22-94:12; SSA-140-143, 145-146; Medical Records of Anna Bryant ("Med. Recs.") (Ex. C) at MCHC-MD-22-23, 40-41, 46-47, 85; KWLAMC-MD-38-39.

In December of 2005, plaintiff was diagnosed with "moderate reversible ischemia" due to her diabetes and was sent to a heart pre-catheterization clinic for follow-up. Med. Recs. (Ex. C) at PFS 365-66. By January of 2006, plaintiff had been diagnosed with "probable coronary artery disease." *Id.* at MCHC-MD-16-17. At her heart catheterization on January 25, 2006, plaintiff's doctors concluded that she suffered from three-vessel coronary artery disease, *id.* at MCHC-MD-169-72, and referred her to Harbor UCLA Medical Center (and to Dr. Bassam Omari) for possible CABG surgery. Bypass surgery is a major operation in which the chest is opened, the heart is stopped, the blood is circulated through a heart-lung machine, and veins from other areas of the body are grafted around blockages in coronary arteries. Omari

Dep. (Ex. A) at 30:22-31:14, 40:14-44:3. Dr. Omari recommended CABG surgery because of Bryant's heart disease. *Id*. at 32:22-33:3, 106:13-16, 225:15-18.

On March 9, 2006, plaintiff underwent a quadruple bypass surgery during which she was administered Trasylol. *Id*. at 71:12-14; Med. Recs. (Ex. C) at HUCLAMC-MD-76-78, 160-62; Amended Complaint (Docket Entry 24-2) ¶¶ 23-24. Prior to going onto the cardiopulmonary bypass machine, plaintiff experienced a sudden, severe drop in blood pressure and consequently received three units of packed red blood cells. Med. Recs. (Ex. C) at HUCLAMC-MD-459-61. Plaintiff suffered several setbacks following her CABG surgery, including an apparent myocardial infarction (a heart attack) and several significant drops in blood pressure, *see id*. at HUCLAMC-MD-988-998, 999-1008, 1009-10020, 771-776, for which she was given medications that are "hard on the kidneys." Omari Dep. (Ex. A) at 62:25-63:10.

On March 10, 2006, a few hours after her first drop in blood pressure, plaintiff's urine output precipitously declined. Med. Recs. (Ex. C) at HUCLAMC-MD-775. In the late afternoon, she developed renal failure and began hemodialysis. Omari Dep. (Ex. A) at 84:12-85:9; Med. Recs. (Ex. C) at HUCLAMC-MD-768-770. She has remained on dialysis ever since.

After seeing a lawyer's advertisement on television, Bryant Dep. (Ex. B) at 29:20-30:13, plaintiff filed a complaint on April 16, 2008, that, as amended, states claims for strict liability and negligence (both on failure to warn theories); breach of express and implied warranties; fraud, misrepresentation and suppression; punitive damages; and violation of the Connecticut Unfair Trade Practices Act. Amended Complaint (D.E. 24-2) ¶¶ 28-94.[1]

---

[1] California law applies to the substantive issues in this case, which was originally filed in the District of Connecticut. Applying the transferor court's choice of law rules, *see St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894 n.1 (11th Cir. 2009), in tort cases the Connecticut courts "apply the law of the state in which the plaintiff was injured, unless to do so would produce an arbitrary or irrational result." *Macomber v. Travelers*

3

## ARGUMENT

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). If a plaintiff fails to proffer reliable or sufficient evidence of causation, then summary judgment is appropriate. *Allison*, 184 F.3d at 1322*; see also Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 2058384, at *11 (S.D. Fla. June 25, 2009).

### I. PLAINTIFF HAS NO COMPETENT EVIDENCE ESTABLISHING CAUSATION-IN-FACT.

Bayer is entitled to summary judgment on Ms. Bryant's amended complaint because she has no admissible evidence that Trasylol caused her kidney failure. Proof of causation-in-fact is required for each of her product liability claims. *See generally Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 (11th Cir. 2005) (all product liability claims require proof of causation); *Valentine v. Baxter Healthcare Corp.*, 68 Cal. App. 4th 1467, 1480-81 (1999) (causation required for strict products liability and negligence claims); *In re: Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 819-21 (N.D. Ohio 2004) (requiring causation for fraud and misrepresentation claims) (applying California law); *Brown v. Superior Court*, 44 Cal. 3d 1049, 1072 (1988) (causation required for breach of warranty claims); Cal. Comm. Code § 2313 (express warranty) and § 2314 (implied warranty). Moreover, plaintiff can only establish

---

*Property & Cas. Ins. Corp.*, 894 A.2d 240, 256-57 (Conn. 2006); *see also Norton v. Michonski*, 368 F. Supp. 2d 175, 178 (D. Conn. 2005). Because plaintiff is a California resident, the surgery and administration of Trasylol both occurred in California, and plaintiff's physician practices in California, under Connecticut choice of law principles, California law applies. *See* Amended Complaint (D.E. 24-2) ¶¶1, 23, 51; *Norton*, 368 F. Supp. 2d at 178.

causation through expert medical testimony. *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (proof of specific causation requires expert testimony); *Kilpatrick*, 2009 WL 2058384, at *11 (summary judgment "must be granted" where there is no "reliable expert evidence on causation").

Ms. Bryant does not have evidence that would create a triable issue of fact on causation. Her surgeon, Dr. Omari, discussed with plaintiff's nephrologist at the hospital the potential causes of plaintiff's renal failure, including her pre-existing chronic renal insufficiency, complications from diabetes, being on the heart-lung machine, her drops in blood pressure, the use of medications during and after surgery, and irregular heart function after surgery. Omari Dep. (Ex. A) at 86:1-89:12, 132:23-133:12, 207:25-208:7. Although Dr. Omari understood that Trasylol could have had an effect on plaintiff's kidneys, *he could not conclude that Trasylol was the cause of her renal failure given her many significant independent risk factors. Id.* at 89:14-93:5. He testified that it would be "pure speculation" to say that Trasylol "was a substantial factor" in plaintiff's renal failure, and that he could not agree that eliminating one risk factor – such as Trasylol – would have prevented her dialysis. *Id.* at 199:15-24, 215:4-24.

Thus, plaintiff's case rests entirely on the testimony of her hired experts. Bayer demonstrated in its *Daubert* motion that the testimony of these experts is inadmissible. The testimony of plaintiff's principal expert, Dr. Glenn Chertow, is inadmissible because he did not know key facts about Ms. Bryant's medical history. *See McClain*, 401 F. 3d at 1243 ("the likelihood that the chemical caused the disease or illness in an individual should be considered in the context of other known causes") (citation omitted); Fed. R. Evid. 702, Advisory Committee's Notes (noting that experts must account for obvious alternative explanations); *see also Hendrix v. Evenflo Co.*, 255 F.R.D. 568, 596 (N.D. Fla. 2009) (noting that the expert "must eliminat[e] all

5

causes but one") (internal quotation marks and citation omitted). For instance, he assumed that Ms. Bryant's diabetes was well controlled, when the medical record shows that Ms. Bryant was suffering from neuropathy, chronic renal insufficiency, and diabetic retinopathy and had recently started taking insulin to control her diabetes. *Daubert* Mot. (D.E. 82) at 8-9; Bryant Dep. (Ex. B) at 93:22-94:12; Med. Recs. (Ex. C) at MCHC-MD-14-15, 20-23, 40-41, 85, SSA-143, KWLAMC-MD-38-39. Dr. Chertow also assumed that Ms. Bryant's CABG surgery was "a routine procedure without complications" when, in fact, she experienced several hypotensive episodes (low blood pressure) and an apparent myocardial infarction (heart attack) during and after that surgery. *Daubert* Mot. (D.E. 82) at 4-6; Med. Recs. (Ex. C) at HUCLAMC-MD-459-61.

Where an opinion is based on factual assumptions contrary to the medical record, the opinion is not admissible. *Boucher v. United States Suzuki Motor Corp.*, 73 F.3d 18, 21-22 (2d Cir. 1996) (vacating judgment because expert testimony based on factual assumption contradicted by evidence should have been excluded); *Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 6-7 (1st Cir. 1992) (affirming exclusion of expert testimony where factual assumptions were not supported by the record); *Moltner v. Starbucks Coffee Co.*, No. 08 Civ. 9257, 2009 WL 3573190, at *6-7 (S.D.N.Y. Oct. 23, 2009) (expert testimony was unreliable where not supported by evidence in the record); *MDG Int'l, Inc. v. Australian Gold, Inc.*, No. 1:07-cv-1096, 2009 WL 1916728, at *4-6 (S.D. Ind. June 29, 2009) (excluding as unreliable expert testimony premised on assumptions contrary to the evidence).

Moreover, because Dr. Chertow did not know the facts, he could not perform a reliable differential diagnosis. *Daubert* Mot. (D.E. 82) at 10-12; *see also Haggerty v. Upjohn Co.*, 950 F. Supp. 1160, 1166-67 (S.D. Fla. 1996) (excluding expert testimony where the expert

6

"failed to eliminate many possible causes of Plaintiff's behavior . . . before arriving at her specific causation opinion"); *Haller v. AstraZeneca Pharmaceuticals LP,* 598 F. Supp. 2d 1271, 1295 (M.D. Fla. 2009) (excluding specific causation expert because he did not address the "other factors at work" and therefore he did not apply the "same scientific rigor to [the] case that he employ[ed] in his own clinical practice").  Ultimately, he conceded that his causation opinion rested on speculation arising from the temporal relationship between Ms. Bryant's exposure to Traylol and her kidney failure.  *Daubert* Mot. (D.E. 82) at 12-13; Deposition of Glenn Chertow, M.D. (Ex. D) at 130:10-22.  That is insufficient as a matter of law to establish the scientific reliability and admissibility of a causation opinion.  *McClain*, 401 F.3d at 1243.

Ms. Bryant's other medical expert, cardiothoracic surgeon Donald Schuch, did not offer a causation opinion.  Deposition of Douglas Schuch, M.D. (Ex. E) at 58:22-24.  As Bayer demonstrated in its *Daubert* motion, Dr. Schuch's general standard of care testimony is inadmissible.  *Daubert* Mot. (D.E. 82) at 14-15.

Thus, Ms. Bryant has no admissible evidence – from her treaters or her experts – to support her claim that Trasylol caused her kidney failure.  Because Ms. Bryant cannot establish this key element of her *prima facie* case, Bayer is entitled to summary judgment.  *See Haller*, 598 F. Supp. 2d at 1306; *Colville v. Pharmacia & Upjohn Co., LLC*, 565 F. Supp. 2d 1314, 1319 (N.D. Fla. 2008).

## II.     PLAINTIFF'S CLAIM UNDER THE CONNECTICUT UNFAIR TRADE PRACTICES ACT FAILS.

Plaintiff's claim under the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a, *et seq.*, fails for two reasons.  First, plaintiff cannot invoke extraterritorial application of the statute.  Second, even assuming that she could meet the

requirements for extraterritorial application, plaintiff lacks standing to bring a claim under the statute.

"[T]he plain language of CUTPA is directed at unfair competition taking place 'in this state.'" *Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.* 406 F. Supp. 2d 175, 200 (D. Conn. 2005) (quoting Conn. Gen. Stat. § 42-110a(4)). Where, as here, the injury occurred in a state other than Connecticut – and therefore plaintiff was not injured by any supposed unfair trade practice that took place in Connecticut – the plaintiff cannot invoke CUTPA unless she can demonstrate that either (1) "the violation is tied to a form of trade or commerce intimately associated with Connecticut"; or (2) "Connecticut choice of law principles are applicable." *Id*.

Plaintiff meets neither standard. Defendants' alleged conduct cannot be "tied to a form of trade or commerce intimately associated with Connecticut" because Trasylol was advertised, marketed and sold throughout the United States. *See id.* (finding CUTPA did not apply extraterritorially where the offending products "were marketed and sold in stores nationwide . . . not just in Connecticut"); Amended Complaint (D.E. 24-2) ¶ 6 (admitting that Trasylol was marketed, promoted, and distributed in "interstate commerce"). In addition, Connecticut choice-of-law rules dictate the application of California law here.

But even if plaintiff could invoke extraterritorial application of the statute, her claim nonetheless fails for lack of standing. To bring a claim under CUTPA, plaintiff must have suffered an "ascertainable loss of money or property." Conn. Gen. Stat. § 42-110g(a). Plaintiff asserts that she suffered a loss in an amount equal to "the difference between the *price paid* for Trasylol as a result of the Defendants' unfair trade practices and the cost of any of the substantially cheaper, and safer, drug alternatives." Amended Complaint (D.E. 24-2) ¶ 84

8

(emphasis added). But she has admitted that she paid no money out of pocket for the Trasylol administered to her.[2] Accordingly, plaintiff did not suffer any "loss of money or property," and she therefore has no standing to assert a claim under the CUTPA. *See* Conn. Gen. Stat. § 42-110g(a).

### III. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW.

Plaintiff's separate "cause of action" for punitive damages "pursuant to Conn. Gen. Stat. §§ 52-572m, et seq. and 42-110a, et seq," Amended Complaint (D.E. 24-2) at 21, fails because punitive damages are not an independent cause of action. *See Hilliard v. A.H. Robins Co.*, 148 Cal. App. 3d 374, 391 (1983) ("Punitive damages are merely incident to a cause of action, and can never constitute the basis thereof"); *accord Supreme Indus., Inc. v. Bloomfield*, No. X03CV034022269, 2007 WL 901805, *26 (Conn. Super. Mar. 8, 2007) ("a claim for punitive damages is not a separate count inasmuch as it is a remedy"); *see also* Conn. Gen. Stat. § 42-110g(a) (explaining that punitive relief is ancillary to a cause of action under CUTPA), § 52-240b (same as to product liability actions).

### CONCLUSION

For the foregoing reasons, Bayer respectfully requests that the Court enter summary judgment in favor of defendants and against plaintiff Anna Bryant on each and every claim asserted in the Amended Complaint.

---

[2] *See* Plaintiff's Responses to Defendant Bayer's First Requests For Admission to Anna E. Bryant, No. 1 (D.E. 46) (Question: "Admit that you did not pay any amount for the Trasylol administered to you in connection with the surgical procedure you underwent on March 9, 2006." Response: "Admit"); Plaintiff, Anna E. Bryant's Responses to Defendant Bayer's First Set Of Interrogatories, No. 13 (D.E. 41) (Question: "Did you pay any money for the Trasylol that you allege was administered to you?" Response: "Plaintiff does not believe that she personally paid any money directly to her hospital specifically for the Trasylol which was used in her surgery").

DATED:  January 22, 2009                                Respectfully submitted,


                                              */s/ Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569
Email:  plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email:  Blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL 60603
Telephone:  312-494-4400
Facsimile:  312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7303624

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

        Richard K. Dandrea
        Email: rdandrea@eckertseamans.com
        **ECKERT SEAMENS CHERIN &**
        **MELLOTT, LLC**
        USX Tower, 600 Grant St., 44th Floor
        Pittsburgh, PA. 15219
        Telephone:  412-566-6000
        Facsimile:   412-566-6099

        *Attorneys for Bayer Corporation and Bayer*
        *HealthCare Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      */s/ Barbara Bolton Litten*
                                                     Barbara Bolton Litten

# SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott A. Love
Email:  slove@triallawfirm.
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*
*Counsel for Plaintiff Anna Bryant*