# Exhibit C

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ | No. MDL 05-01699 CRB<br><br>**ORDER RE: MOTIONS IN LIMINE** |

*This document relates to:*

Beverly Haslam, 06-2145 CRB
_____/

Plaintiff Beverly Haslam alleges that her husband suffered a heart attack and died as resulting of ingesting the prescription drug Bextra. Plaintiff makes claims for negligence, strict liability (inadequate warning), breach of warranty, and fraud. The gravamen of the complaint is that defendants failed to warn plaintiff's husband and his prescribing physician of Bextra's cardiovascular side effects. Now pending before the Court are the parties' motions in limine. After carefully considering the parties' motions, and having had the benefit of oral argument, the Court rules as is set forth below.

**A.    DEFENDANTS' MOTIONS IN LIMINE**

**No. 1:        To Exclude Evidence Of Bextra Promotional Communications**

Defendants' motion no. 1 is GRANTED in part and DENIED in part. Plaintiff may offer evidence of what Pfizer communicated directly to Dr. Gaspari through sales representatives and promotional material provided to Dr. Gaspari. All other promotional

evidence, including Pfizer's promotion of other drugs, is excluded as irrelevant.

**No. 2:** **To Exclude Evidence That Pfizer Provided Inadequate Information To The FDA**

Defendants' motion no. 2 is GRANTED.

**No. 3:** **To Exclude Evidence Of Or Argument Regarding Out-Of-State Conduct, Claims For Non-Parties, Claims About Other Prescription Drugs, And Pfizer's Wealth**

Defendants' motion no. 3 is GRANTED.

**No. 4:** **To Exclude Evidence Of "Off-Label" Promotion**

Defendants' motion no. 4 is GRANTED, except that plaintiff may offer evidence of what Pfizer communicated directly to Dr. Gaspari.

**No. 5:** **To Exclude Evidence Related To Foreign Regulatory Material**

Defendants' motion no. 5 is GRANTED.

**No. 6:** **To Exclude Evidence Of Improper Argument Regarding Damages**

In light of plaintiff's agreement not to argue damages arising from plaintiff's son's divorce, defendants' motion no. 6 is DENIED.

**B.     PLAINTIFF'S MOTIONS IN LIMINE**

**No. 1:** **To Exclude Evidence Or Discussion Concerning Defendant's Reputation And/Or Good Acts**

Plaintiff's motion no. 1 is GRANTED in part and DENIED in part. Defendants may admit evidence that provides some background, such as what they identify on page one of their opposition. Evidence of other conduct, such as their program to supply drugs to uninsured individuals, is excluded.

**No. 2:** **To Preclude Pfizer's Employees From Offering Undisclosed Expert Opinions**

Plaintiff's motion no. 2 is DENIED without prejudice to plaintiff moving to exclude specific testimony.

**No. 3:** **To Exclude Pfizer From Arguing That FDA Regulations Prohibited The Company From Making Label Changes Without Prior a Agency Approval**

In light of defendants' representation that they do not intend to make such an argument, plaintiff's motion no. 3 is DENIED as moot.

2

**No. 4:** **To Exclude Evidence Concerning Gastrointestinal Safety**

Plaintiff's motion no. 4 is GRANTED in part and DENIED in part. Defendants may offer evidence of the reason for the development of Cox-2 inhibitors such as Bextra, including the hypothesis that they would have fewer gastrointestinal side effects than traditional NSAIDs. Additional evidence as to gastrointestinal safety is collateral and therefore excluded.

**No. 5:** **To Exclude Evidence Or Argument To Plaintiff's Medical Conditions Where There Is No Expert Proof That Those Conditions Contributed To His Injury**

Plaintiff's motion no. 5 is DENIED.

**No. 6:** **To Preclude Pfizer From Making Any References To FDA Preemption Or The Preemption Preamble**

In light of defendants' representation that they do not intend to argue preemption to the jury, plaintiff's motion no. 6 is DENIED as moot.

**No. 7:** **To Exclude Evidence Or Argument That Plaintiff's Treating Physicians Took Bextra or Vioxx**

Plaintiff's motion no. 7 is GRANTED.

**No. 8:** **To Preclude Any Inference Or Suggestion That Information Was Given To FDA Unless There Is "Proof" That Such Information Was Provided To The FDA**

In light of defendants' representation that it does not intend to offer any such evidence, plaintiff's motion no. 8 is DENIED as moot.

**No. 9:** **Precluding The Use Of Any Standard Of Causation Other Than The Substantial Factor Test When Questioning Witnesses And Making Other Statements**

Plaintiff's motion no. 9 is DENIED. The Court will give the Utah Model Jury Instruction on the definition of cause.

**IT IS SO ORDERED.**

Dated: April 30, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\1699\Haslam\misc\order2motionsinlimine.wpd

3

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\CRBALL\2005\1699\Haslam\misc\order2motionsinlimine.wpd    4