UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions

**BAYER'S MOTION TO EXCLUDE PLAINTIFFS' UNTIMELY EXPERT
DISCLOSURES AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

On January 20, 2010, more than five months after the deadline for plaintiffs to submit their generic experts' reports and three months after the completion of those experts' depositions, plaintiffs served "Supplemental Appendices" to the expert reports of Suzanne Parisian, M.D. and Curt Furberg, M.D.  These "Supplemental Appendices" include 142 documents that these experts intend to discuss and rely upon at trial.

Plaintiffs offered no excuse for the late disclosure.  There is none.  Plaintiffs had these documents before their expert reports were due.  Bayer seeks to preclude these experts from relying upon or discussing these untimely disclosed documents as a basis for their opinions at trial.

**BACKGROUND**

Drs. Suzanne Parisian and Curt Furberg are two of the eight generic experts that plaintiffs have identified in this MDL proceeding.  Plaintiffs served Dr. Parisian's and Dr. Furberg's Rule

26(a)(2) expert reports on August 18, 2009, which was the deadline for submission of such reports. *See* PTO 13 § I.A (July 21, 2009).

Dr. Parisian is being proffered as an expert "on FDA regulations, procedures, and labeling requirements." Pls.' Opp. to Bayer's Mot. to Exclude (D.E. 3841) at 1 (Jan. 26, 2010). Her expert report is 250 pages long. Shortly before her October 6, 2009, deposition, and pursuant to the requirements of PTO 6 and the Stipulation Regarding Expert Discovery and Order of Approval entered on March 16, 2009, plaintiffs delivered a spreadsheet of all documents and other materials that Dr. Parisian considered in formulating her opinion. *See* Sept. 23, 2009 E-mail from J. Ronca to S. Derringer et al. & attachment thereto (Ex. A). This spreadsheet identified nearly 1,000 documents, 887 of which had been produced by Bayer in the Trasylol litigation. *Id.* Dr. Parisian confirmed at her deposition that the spreadsheet contained all of the materials she reviewed or relied on in reaching the opinions in her report, other than two patents she brought with her to the deposition. Parisian Dep. (Ex. B) at 35:13-36:18 & Ex. 4 thereto.

Dr. Furberg is a Professor of Public Health Sciences at Wake Forest University School of Medicine. His expert report is 39 pages long. Prior to his September 29, 2009, deposition, plaintiffs confirmed the list of materials attached to his expert report (attached hereto as Ex. C) "is the entire list of all documents, articles, data compilations and other material that Dr. Furberg considered in formulating his opinions in this litigation." *See* Sept. 14, 2009, email from J. Ronca to S. Derringer et al. (Ex. D). Dr. Furberg confirmed at his deposition that the list attached to his expert report is "the complete list" of documents he considered in connection with his report. *See* Furberg Dep. (Ex. E) at 27-29.

2

Bayer served its generic expert reports on November 3, 2009, including reports from two FDA regulatory experts. Both FDA experts have been deposed.

On December 17, 2009, Bayer filed *Daubert* motions to exclude the testimony of Dr. Parisian and Dr. Furberg. Plaintiffs filed a response to the motion to exclude Dr. Parisian on January 26, 2010. They received an extension of time until January 29, 2010 to file their response regarding Dr. Furberg.

On January 20, 2010, without explanation, plaintiffs served "Supplemental Appendices" to the expert reports of Dr. Furberg and Dr. Parisian, containing 142 documents produced by Bayer in the Trasylol litigation. *See* Jan. 20, 2010, Ltr. from S. Love to S. Derringer et al. & Enclosures (Ex. F). All of these documents were produced prior to the August 18, 2009 expert report deadline. Plaintiffs offered no excuse for the late disclosure of these documents.

Bayer responded on January 25, 2010, objecting to the untimely disclosure and asking whether Dr. Furberg or Dr. Parisian intended to discuss or rely upon any of the 142 newly disclosed documents at trial. *See* Jan. 25, 2010, Ltr. from S. Derringer to S. Love et al. (Ex. G). Plaintiffs' counsel responded: "As you might expect, Drs. Parisian and Furberg do intend to discuss and will rely on the documents included in their supplemental appendices at trial." Jan. 26, 2010, Ltr. from S. Love to S. Derringer et al. (Ex. H). Plaintiffs offered to make the experts available to be deposed for two hours "for the limited purposes of inquiring into their opinions regarding the additional documents referenced in their supplemental appendices." *Id*. Plaintiffs still offered no explanation for their untimely disclosure.

## ARGUMENT

Plaintiffs should be precluded from eliciting testimony or opinions at trial relating to the 142 documents that were disclosed five months after plaintiffs submitted their experts' reports

3

and four months after these disclosures were due pursuant to orders of this Court. Equally important, plaintiffs served the supplemental appendices after generic expert discovery has closed, after the deadline for *Daubert* motions has passed, and less than two months before the first trial.

Pursuant to PTO 13, plaintiffs' Rule 26(a)(2) expert disclosures were due August 18, 2009. Rule 26(a)(2) requires an expert disclosure to include "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize and support them." Fed. R. Civ. P. 26(1)(2)(B). This Court's PTO 6 requires the party designating an expert to produce to the other party an index of "all documents, articles, data compilations and other material that the expert considered in formulating his or her opinion no later than fourteen (14) days in advance of that expert's deposition." PTO 6 § IV (Sept. 19, 2008). A stipulation regarding expert discovery entered into by the parties and signed by the Court reiterates this requirement. *See* Stipulation and Order (Mar. 16, 2009).

Plaintiffs offered no justification for their tardy disclosure of the supplemental appendices. Nor could they: All of the documents were produced by Bayer prior to the expert disclosure deadlines. *See* Declaration of Brian E. Calla (Jan. 29, 2010) & Ex. 1 thereto (attached hereto as Ex. I).

Bayer is prejudiced by plaintiffs' late and unexcused disclosures, particularly considering the proximity of the March 15, 2010, trial date. Permitting plaintiffs' experts to discuss and rely upon these 142 documents at trial would restart the entire expert discovery process, as Bayer would need to retake depositions of Drs. Parisian and Furberg.[1] Bayer's own experts, who

---

[1] Plaintiffs' offer to present Drs. Parisian and Furberg for a "short deposition" of two hours "for the limited purposes of inquiring into their opinions regarding the additional documents referenced in their

4

prepared their reports based in part upon the opinions and bases originally set forth by plaintiffs' experts, then may need to supplement their reports to respond to the heretofore undisclosed opinions from plaintiffs' experts. This, in turn, could lead to more depositions. Bayer also would need to consider whether additional *Daubert* arguments were invoked by the plaintiffs' dilatory disclosures. This is precisely the kind of last-minute delay and burden that the scheduling orders entered in this case were intended to avoid. These distractions in the month and a half leading up to trial are unduly prejudicial to Bayer, especially given the absence of good cause for plaintiffs' untimely disclosures and the large volume of materials that plaintiffs seek to add to their experts' reliance lists.

## CONCLUSION

For the foregoing reasons, Bayer respectfully requests that this Court strike Plaintiffs' untimely expert disclosures and preclude plaintiffs' experts from relying upon or discussing the 142 untimely disclosed documents as a basis for their opinions at trial.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been

---

supplemental appendices" does not cure the prejudice to Bayer. Instead, these short depositions will simply give plaintiffs' experts an opportunity to add new opinions to those already stated in their reports, or to add new bases for the opinions that were disclosed months ago. Given the proximity of the trial date and the multiple other pretrial deadlines Bayer must meet during this time, it is simply too late for plaintiffs to disclose new expert opinions and bases.

advised that plaintiffs will contest this motion.

January 29, 2010                                       Respectfully submitted,

                                                       */s/ Barbara Bolton Litten*
                                                       Patricia E. Lowry
                                                       Florida Bar No. 332569
                                                       E-mail:  plowry@ssd.com
                                                       Barbara Bolton Litten
                                                       Florida Bar No. 91642
                                                       E-mail:  blitten@ssd.com
                                                       **SQUIRE SANDERS & DEMPSEY L.L.P.**
                                                       1900 Phillips Point West
                                                       777 South Flagler Drive
                                                       West Palm Beach, FL  33401-6198
                                                       Telephone:  561-650-7200
                                                       Facsimile:  561-655-1509

                                                       Philip S. Beck
                                                       Email:  philip.beck@bartlit-beck.com
                                                       Steven E. Derringer
                                                       Email:  steven.derringer@bartlit-beck.com
                                                       **BARTLIT BECK HERMAN PALENCHAR
                                                           & SCOTT LLP**
                                                       54 W. Hubbard Street, Suite 300
                                                       Chicago, IL  60603
                                                       Telephone:  312-494-4400
                                                       Facsimile:  312-494-4440

                                                       Eugene A. Schoon
                                                       Email:  eschoon@sidley.com
                                                       **SIDLEY AUSTIN LLP**
                                                       One South Dearborn Street
                                                       Chicago, Illinois 60603
                                                       Telephone:  312-853-7000
                                                       Facsimile:  312-853-73036

                                                       Richard K. Dandrea
                                                       Email:  rdandrea@eckertseamans.com
                                                       **ECKERT SEAMENS CHERIN &
                                                           MELLOTT, LLC**
                                                       USX Tower, 600 Grant St., 44th Floor
                                                       Pittsburgh, PA.  15219
                                                       Telephone:  412-566-6000
                                                       Facsimile:  412-566-6099

                                                       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

# SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,**
**FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Scott Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
**& LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*