**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:  **CLASS CASES**

*Southeast Laborers Health & Welfare Fund*
*v.*
*Bayer Corp.*
Case No.  9:08-cv-80873-DMM

**BAYER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff's Opposition offers no reason for the Court to reconsider its prior ruling

that the economic loss claims in this action – whether alleged under the federal RICO statute, a

state consumer fraud statute, or state common law – fail to state a viable theory of proximate

causation and should therefore be dismissed.  As the Court has already concluded, the claim that

but-for the alleged misrepresentations by Bayer, plaintiff and other third-party payers would

have refused to pay for a prescription medication that has been administered to covered

individuals during surgery to control excessive bleeding is simply too remote, too attenuated, and

too speculative to satisfy the requirements of proximate cause.  Numerous other courts have

rejected similar theories in other prescription drug litigation, and a very recent decision from the

United States Supreme Court, *Hemi Group v. City of New York*, 559 U.S. ___, 2010 WL 246151

(Jan. 25, 2010), reaffirms this Court's conclusion that a RICO complaint that alleges, at most, a

remote or attenuated connection between defendant's conduct and plaintiff's harm should be

dismissed at the pleading stage.

Nor did plaintiff allege a different theory of proximate cause, as this Court stated it must.  Indeed, despite its assertions that it would never have paid for Trasylol (regardless of what FDA and doctors did) had it known about the medication's risks, conspicuously absent from its amended complaint are any allegations – likely because it could not truthfully assert any – about whether it in fact changed its reimbursement policy for Trasylol following the disclosure of any information about Trasylol as alleged in its Second Amended Complaint from 2006 up until the present.  For those reasons, and plaintiff's failure to rebut the other, independent arguments in support of the Motion to Dismiss, the Court should now dismiss the Second Amended Complaint without leave to amend.

## I.      PLAINTIFF HAS NOT ADEQUATELY PLED A RICO CLAIM.

### A.      Plaintiff Failed To Allege Proximate Causation.

Plaintiff's primary argument (Opp. at 1-4) is that the proximate cause theory that it alleged in the First Amended Complaint, and then repeated in the Second Amended Complaint, is sufficient at the pleading stage.  According to plaintiff, even though Trasylol is a medication prescribed and administered during surgery, plaintiff can meet its pleading burden by alleging that it "would never have incurred th[e] expense [of Trasylol] had Bayer been honest about the safety and efficacy of Trasylol," because it would not have agreed to pay for the medication when the medical claim for the surgery was submitted.  Opp. at 2.

This is the precise theory of proximate causation that this Court has already considered and rejected as too remote.  *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F. Supp. 2d 1270, 1281 (S.D. Fla. 2009) (rejecting as insufficient the allegation that "absent Bayer's illegal conduct, neither it-nor anyone else-would have 'paid for [Trasylol] period'").  This is also the precise theory of proximate causation that numerous other courts have rejected – a point that plaintiff does not mention (or even attempt to rebut).  *E.g., Ironworkers*

*Local Union No. 68 v. AstraZeneca Pharmaceuticals LP*, 585 F. Supp. 2d 1339, 1342, 1344-45

(M.D. Fla. 2008) (holding proximate was lacking despite the claim that "had [plaintiffs] known

of Defendants' fraudulent scheme, they would have taken steps to minimize the number of doses

of Seroquel they purchased"); *Southern Illinois Laborers' & Employers Health and Welfare*

*Fund v. Pfizer Inc.*, 2009 WL 3151807, at **2, 6 (S.D.N.Y. Sept. 30, 2009) (rejecting as

insufficient the allegation that a third-party payer "would not have paid this premium for Lipitor

if they had know[n] (sic) that Defendant was engaging in unlawful marketing"); *In re Schering-*

*Plough Corp. Intron/Temodar Consumer Class Action*, 2009 WL 2043604, at **1, 26 (D.N.J.

July 10, 2009) (dismissing complaint on proximate cause grounds); *In re Acctimmune Mktg.*

*Litig.*, 614 F. Supp. 2d 1037, 1050, 1053 (N.D. Cal. 2009) (same).

   The recent decision from the United States Supreme Court, *Hemi Group v. City of*

*New York,* provides even further support for the dismissal of the complaint.  In *Hemi Group*,

New York City brought a RICO claim alleging that the city suffered harm (in the form of lost

cigarette tax revenue) when an out-of-state cigarette retailer failed to comply with a statute

requiring it to provide a different government entity (New York State) with customer

information.  *Hemi Group*, 2010 WL 246151 at *3-4.  The Supreme Court affirmed the dismissal

of the complaint, holding that the defendant's alleged fraud in reporting was not the direct or

proximate cause of any harm sustained by the city.  *Id.* at *7-10.  The Court explained that the

alleged wrongdoing (the fraudulent report to the state) was distinct from the conduct that directly

caused the city's harm (the failure of the customers to pay their taxes) and rejected the city's

causation claim, which would have required the Court to "extend RICO liability to situations

where the defendant's fraud on the third party (the State) has made it easier for a *fourth* party

(the taxpayer) to cause harm to the plaintiff (the City).  *Id.* at *7.

Just as in *Hemi Group*, plaintiff's causation theory here involves, at a minimum, four separate actions by four separate parties.  Plaintiff alleges that Bayer's purported fraud on third parties (the FDA and physicians) made it easier for a fourth party (a hospital or patient) to cause harm to plaintiff by submitting payment or reimbursement claims.  Under *Hemi Group*, such an allegation of proximate causation is plainly insufficient.  *Id.*[1]

Plaintiff also repeats various arguments about, for example, independent factors, immediate victims, and deterrence (Opp. at 3-4).  Each of these arguments has already been addressed, and rejected, by this Court.  *See Southeast Laborers*, 655 F. Supp. 2d at 1280-84.  Plaintiff offers nothing new for this Court to consider.

In the alternative, plaintiff briefly discusses two other proximate causation theories (Opp. at 4-5).  Plaintiff's first alternative theory, however, is that Bayer "defrauded the FDA" (Opp. at 4), and, as a result, (1) relies upon a causal chain that is at least as remote and attenuated as plaintiff's primary causation theory and, in any event, (2) is barred because there is no federal private cause of action for fraud on the FDA, and any state law causes of action have been preempted.  *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

Plaintiff's second alternative theory is one of price inflation – that Bayer's alleged fraud caused an increase in the total price of heart surgery (Opp. at 5).  As this Court has already stated, however, courts have "consistently held that, for RICO purposes, the increased cost of medical care" is "too far attenuated from … the alleged fraud of failing to disclose dangers" associated with a prescription drug or other product to establish proximate cause.  *Southeast*

---

[1] The *Hemi Group* decision also defeats plaintiff's argument (Opp. at 3) that *Bridge v. Phoenix Bond*, 128 S. Ct. 2131 (2008), provides any support to its claim.  As the Supreme Court stated in *Hemi Group*, a claim that the plaintiff was the "primary" or "intended" victim of defendant's conduct, or that the harm to plaintiff was "foreseeable," is not a sufficient to allege proximate cause under RICO.  2010 WL 246151 at *7.

*Laborers*, 655 F. Supp. 2d at 1282.  Although plaintiff argues that its pleading of causation

should be taken as true, courts regularly reject such conclusory allegations of causation at the

pleading stage and dismiss claims where the other factual allegations in a complaint fail to

establish that the alleged RICO violation is a proximate cause of plaintiff's harm.  *E.g.*, *Hemi*

*Group*, 2010 WL 246151 at *7-10; *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006);

*United Food & Commercial Workers Unions, Employers Health & Welfare Fund v. Philip*

*Morris, Inc.*, 223 F.3d 1271, 1273-74 (11th Cir. 2000); *Ironworkers*, 585 F. Supp. 2d at 1344-45.

> **B.      Plaintiff Failed To Allege A Cognizable RICO Enterprise.**

The Second Amended Complaint also fails to allege two other elements that are

necessary for a proper RICO enterprise: (1) a common fraudulent or illegal purpose; and (2) a

distinction between the RICO enterprise and the defendants.  Motion, at 10-12.  In response to

the first point, plaintiff argues that it has alleged a common purpose (Opp. at 6), but plaintiff

misses the point entirely.  What is required is not merely a common purpose but *a common*

*purpose that is itself illegal or fraudulent*.  Because plaintiff has not alleged that the members of

the alleged enterprise shared such an illegal or fraudulent purpose, the RICO claim should be

dismissed.  *E.g.*, *In re Pharm. Indust. Average Wholesale Price Litig. II*, 307 F. Supp. 2d 196,

204-05 (D. Mass. 2004) (dismissing RICO claim where the publishers were not alleged to have

been aware of the fraudulent nature of the information they were publishing); *Blue Cross of Cal.*

*v. SmithKline Beecham Clinical Labs., Inc.*, 62 F. Supp. 2d 544, 553 (D. Conn. 1998) (dismissing

RICO claim because complaint lacked "specific allegation[s] that any physician, hospital, or

laboratory shared [defendant's] alleged common purpose to defraud public and private health

care payers"); *cf. Williams v. Mohawk Indus.*, 465 F.3d 1277, 1285-86 (11th Cir. 2006) (*Williams*

*II)* (holding that a RICO claim was stated where complaint alleged that employer and third-party

employment agencies had "had the common purpose of providing illegal workers to Mohawk").

On the second point (Opp. 7-9), the Eleventh Circuit has stated that to satisfy the requirement that an association-in-fact RICO enterprise be distinct from the RICO defendants, an enterprise member must be "free to act independently and advance its own interests contrary to those of" the other members.  *United States v. Goldin Industries, Inc.*, 219 F.3d 1271, 1277 (11th Cir. 2000).  The key point here is that, as alleged in the Second Amended Complaint, the KOLs did not have the freedom "to act independently."  To the contrary, the message that the KOLs conveyed was tightly controlled, and they were, according to plaintiff, nothing more than agents of Bayer.  *See, e.g.*, SAC ¶ 216 (discussing that Bayer took the KOLs "to task for any variation from Bayer's scripted message"); Opp. at 8 (discussing that "Bayer utilized these Key Opinion Leaders to control the medical literature … ensuring that Bayer's message … would be the only message heard") (citing SAC ¶ 57).  Thus, Plaintiff has failed to allege the distinctiveness required for a cognizable RICO enterprise. [2]

## II.    PLAINTIFF CANNOT PROPERLY ALLEGE A CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT.

### A.    Plaintiff Failed To Allege Proximate Causation.

Plaintiff's primary argument is that its allegations of proximate cause, even if insufficient under RICO, are nonetheless sufficient under the "less onerous" standards of the New Jersey Consumer Fraud Act.  Opp. at 10.  Plaintiff asserts that, so long as it can draw a connection between "the concealment of a material fact and the loss," it has sufficiently stated a causal nexus under the NJCFA.   Opp. at 10-13.

---

[2] Plaintiff's reliance upon *Williams v. Mohawk Indus., Inc.*, 411 F.3d 1252 (11th Cir. 2005) (*Williams I*) does nothing to establish the required distinction .  In *Williams I*, despite allegations that some of the other members of the enterprise "work[ed] closely with Mohawk," there was nothing to suggest that these companies were prohibited from advancing their own interests contrary to Mohawk.  *Id.* at 1258.

Plaintiff is simply wrong.  Under the NJCFA, the connection between the act and

the loss cannot be speculative or attentuated.  *See Int'l Union of Operating Eng'rs Local No. 68*

*Welfare Fund v. Merch & Co., Inc.*, 929 A.2d 1976, 1086 (N.J. 2007) (dismissing claim for

failure to allege facts establishing "a causal relationship between the defendant's unlawful

conduct and the plaintiff's ascertainable loss"); *New  Jersey Citizen Action v. Schering-Plough*

*Corp.*, 842 A.2d 174 (N,J. Super. Ct. App. Div. 2003); *Ironworkers Local Union No. 68 v.*

*AstraZeneca Pharmaceuticals LP*, 585 F. Supp. 2d 1339, 1345-46 (M.D. Fla. 2008) (dismissing

NJCFA claim for lack of proximate cause); *In re Schering-Plough Corp. IntronTemodar*

*Consumer Class Action*, 2009 WL 2043604, at *31 (D.N.J. July 10, 2009) (same).   This Court

already held that the theories of recovery alleged by plaintiff in its Second Amended Complaint

– that had Bayer not deceived the FDA, Trasylol would not have been approved for marketing,

no doctor would have administered it, and plaintiff would have never reimbursed for its use; and

had Bayer disclosed the truth regarding Trasylol's risks, plaintiff would not have reimbursed for

Trasylol use regardless of the FDA's or prescribing physician's decisions – cannot establish an

ascertainable loss under the NJCFA.[3]  *Southeast Laborers*, 655 F. Supp. 2d at 1285.

---

[3] Plaintiff characterizes its "new" theories this way in their brief, *see* Opp. at 12, although the allegations in their Second Amended Complaint repeatedly refer to deception aimed at the market, resulting in a higher price paid for Trasylol than for alternative therapies. *See, e.g.,* SAC ¶¶ 2, 4, 187, 257, 267.  This is no different than plaintiff's prior theories of proximate cause – correctly rejected by this Court – that (1) "absent Bayer's deceptive marketing, physicians would not have used Trasylol, and therefore Plaintiff would not have had to pay for Trasylol as cheaper alternative drugs were available"; and (2) "absent Bayer's illegal conduct, neither it – nor anyone else – would have 'paid for [Trasylol] period.'" *Southeast Laborers*, 655 F. Supp. 2d at 1280, 1281.  Although plaintiff renews its claim that it would not have paid for Trasylol if Bayer had disclosed the risks, conspicuously absent from the Second Amended Complaint are any allegations that plaintiff reviewed the risk-benefit of any of the medications for which its plan members sought reimbursement, that it ever refused to pay for any medications based on risk-benefit determinations that it made, or that it changed its reimbursement policies regarding Trasylol following, for example, the January 2006 Mangano and Karkouti articles (*see* SAC ¶¶

Plaintiff's reliance on *Matera v. M.G.C.C. Group, Inc.*, 952 A.2d 525 (N.J. Super. Ct. Law Div. 2007), is misplaced.  That New Jersey Superior Court case addressed whether homeowners whose land was flooded due to development adjacent to their property could state a cause of action under the NJCFA against the previous owner of the neighboring property for its misrepresentations (relating to the likelihood of flooding) made to secure development permits.  *Id.* at 531.  *Matera* stands for the unremarkable proposition that – unlike the instant case – where the causal connection between the unlawful act and the ascertainable loss is otherwise close, the misrepresentations did not have to be made to the injured party in order for that party to state a claim under the NJCFA.  *Id.*

Plaintiff's continued reliance on *Desiano v. Warner-Lambert Co.*, 326 F.3d 339 (2d Cir. 2003) to support its proximate causation argument is also unavailing.  As this Court noted, *Desiano,* in which the Second Circuit anticipated how the New Jersey courts would rule, is inconsistent with later-decided and binding state court precedent, and presents substantially different factual circumstances (including allegations of what plaintiff would have done to ensure that it did not reimburse for the medication).  *Southeast Laborers*, 655 F. Supp. 2d at 1288; *Desiano*, 326 F.3d at 349 n.9.  Accordingly, plaintiff has not satisfied, and cannot satisfy, the NJCFA's proximate causation requirement.

## B.      Plaintiff Failed To Allege Standing Under the NJCFA.

Plaintiff asserts that it has standing to bring a claim as a "consumer" under the NJCFA because no New Jersey court has held that a third-party payer was not a consumer under the statute.  Opp. at 16.  Plaintiff dismisses recently-decided cases in which three separate courts, interpreting settled New Jersey law, have independently concluded that third-party payers are not

---

124-125),  two 2006 FDA Public Health Advisories (*see* SAC ¶¶ 127, 171), or the withdrawal/removal of Trasylol in 2007 and 2008 (*see* SAC ¶¶ 182, 185).

"consumers" under the NJCFA, as "rely[ing] on one another for authority."  Opp. at 16.

Tellingly, plaintiff offers no alternative reasoned interpretation of New Jersey law, but instead

invites the Court to "follow New Jersey precedent."  *Id.*

Following New Jersey state law precedent leads directly to the conclusion that

third-party payers are not "consumers" under the NJCFA because they do not use or consume the

medication.  *See Plumbers & Pipefitters Local 572 Health and Welfare Fund v. Merck & Co.,*

*Inc.*, 2003 WL 25652433, at *6 (N.J. Super. Ct. Law Div. Feb. 14, 2003) (a third-party payer

"who buys for the use of another does not qualify as a 'consumer'" and thus "cannot raise a

claim pursuant to the [NJCFA]"); *see also Central Regional Employee Benefit Fund v.*

*Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009); *Southern Illinois Laborers' and*

*Employers Health and Welfare Fund v. Pfizer Inc.*, 2009 WL 3151807, at *10 (S.D.N.Y. Sept.

30, 2009); *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 2009 WL

2043604, at **31-32 (D.N.J. July 10, 2009)).  Accordingly, plaintiff is not a consumer under the

NJCFA and its NJCFA claim must fail.[4]

## III.    PLAINTIFF CANNOT MAINTAIN ITS ADDITIONAL STATE LAW CLAIMS.

The Second Amended Complaint fails to allege causes of action for unjust

enrichment, breach of warranty, negligent misrepresentation, and fraud.  Mot. at 15-16.  Plaintiff

did not respond to the motion as to the unjust enrichment and negligent misrepresentation claims,

and therefore concedes that both must be dismissed.

---

[4] Plaintiff argues that New Jersey's Product Liability Act does not subsume its NJCFA claim, Opp. at 16 n.19, but fails to cite any New Jersey authority to the contrary and mischaracterizes the holding in *McDarby v. Merck & Co., Inc.*, 949 A.2d 223 (N.J. Super. Ct. App. Div. 2008). Both *McDarby* and *In re Lead Paint Litig.*, 924 A.2d 484 (N.J. 2007) held that causes of action for economic damages attributed to a product are to be brought expressly under the purview of the PLA.  *See also Sinclair v. Merck & Co.*, 948 A.2d 587, 596 (N.J. 2008) (holding that where a failure to warn allegation is the essence of the plaintiff's claim, the plaintiff cannot avoid the PLA's requirements by bringing suit under the NJCFA).

As to the fraud claim, plaintiff concedes that Bayer made no affirmative misrepresentation to it. Instead, plaintiff asserts that Bayer's purported failure to "disclose adverse safety information about Trasylol, not just to the medical and regulatory community at large, but especially to Plaintiff and the entire class of third party payors" constitutes fraud through omission. Opp. at 17. But this Court already rejected that basis for recovery, *Southeast Laborers*, 655 F. Supp. 2d at 1289, and plaintiff offers no other. Because plaintiff has failed, as this Court required, "to set forth any particular statements upon which it reasonably relied to its detriment and how such statement[s] proximately caused it the alleged harm," *id.*, the fraud claim must be dismissed.

As Bayer explained in its opening brief, plaintiff's breach of warranty claims fail for four separate reasons: (1) the claims lack proximate causation; (2) plaintiff never alleged Trasylol failed to work for or injured its plan members; (3) plaintiff never alleged a cognizable warranty; and (4) plaintiff was not a "buyer" in a "sale." Motion at 16-18.

Plaintiff did not respond to the first three bases for dismissal, and thus concedes them. As to the fourth, plaintiff asserts that *Desiano* establishes that it is a "buyer" entitled to maintain breach of warranty claims. Opp. at 18. Plaintiff's reliance on *Desiano* is misplaced, as it ignores that the relevant statutory definition of "buyer" is "a person who buys or contracts to buy goods." *See* N.J. State Ann. § 12A:2-103; Tenn. Code Ann. § 47-2-103. The allegations in its Second Amended Complaint establish that plaintiff cannot assert that it is a "buyer" under the statute. *See* SAC at ¶ 29 ("The Fund reimburses for 'Covered Medical Expenses' incurred by its participants in the course of their health care").[5]

---

[5] Even if plaintiff could be considered a "buyer," it has offered no argument to explain how its reimbursement process is part of a "sale," an event that requires the transfer of title from the seller to the buyer. *See* N.J. State Ann. § 12A:2-106; Tenn. Code Ann. § 47-2-106.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's Second Amended

Complaint with prejudice.

DATED:  February 8, 2010                           Respectfully submitted,

                                                   */s/ Barbara Bolton Litten*
                                                   Patricia E. Lowry (Florida Bar No. 332569
                                                   Email:  plowry@ssd.com
                                                   Barbara Bolton Litten (Florida Bar No. 91642)
                                                   Email:  Blitten@ssd.com
                                                   **SQUIRE, SANDERS & DEMPSEY L.L.P.**
                                                   1900 Phillips Point West
                                                   777 South Flagler Drive
                                                   West Palm Beach, FL  33401-6198
                                                   Telephone:  561-650-7120
                                                   Facsimile:   561-655-1509

                                                   Eugene A. Schoon
                                                   Email:  eschoon@sidley.com
                                                   Catherine Valerio Barrad
                                                   Email: cbarrad@sidley.com
                                                   **SIDLEY AUSTIN LLP**
                                                   One South Dearborn
                                                   Chicago, IL 60603
                                                   Telephone:  312-853-7000
                                                   Facsimile:   312-853-7036

                                                   ***Attorneys for Defendants***

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pre se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
        FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
        & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Joe R. Whatley, Jr.
Email:  jwhatley@wdklaw.com
Edith M. Kallas, Esq.
Email: ekallas@wdklaw.com
W. Tucker Brown, Esq.
Email:  tbrown@wdklaw.com
**WHATLEY DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY  10036
Telephone:  212-447-7011
Facsimile:  212-447-7077
*Attorneys for Plaintiffs*

Steven J. Kherkher, Esq.
Email: skherkher@williamskherkher.com
John T. Boundas, Esq.
Email:  jboundas@williamskherkher.com
G. Erick Rosemond, Esq.
Email: erosemond@williamskherkher.com
E. Armistead (Armi) Easterby
Email:  aeasterby@williamskherkher.com
**WILLIAMS KHERKHER HART BOUNDAS, LLC**
8441 Gulf Freeway, Suite 600
Houston, TX  77017
Telephone:  713-230-2308
Facsimile:  713-643-6226
*Attorneys for Plaintiffs*

William Charles Wright, Esq.
Email: willwright@wrightlawoffice.com
**WILLIAMS C. WRIGHT, P.A.**
319 Clematis Street, Suite 109
West Palm Beach, FL  33401
Telephone:  561-514-0904
Facsimile:  561-514-0905
*Attorneys for Plaintiffs*

James G. Stranch III, Esq.
Email: jgs@branstetterlaw.com
J. Gerard Stranch, IV, Esq.
Email: gstranch@branstetterlaw.com
Joe P. Leniski, Esq.
Email: jleniski@branstetter.com
Randall C. Ferguson, Esq.
Email: rcf@branstetter.com
**BRANSTETTER STRANCH AND JENNINGS, PLLC**
227 Second Ave., North, 4th Floor
Nashville, TN  37201
Telephone:  615-254-8801
Facsimile:  615-250-3937
*Attorneys for Plaintiffs*