UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO BAYER'S MOTION TO EXCLUDE PLAINTIFFS' SUPPLEMENTAL APPENDICES AND BRIEF IN SUPPORT THEREOF**

On January 20, 2010, Plaintiffs notified Bayer of two Supplemental Appendices to the reports of Dr. Curt Furberg and Dr. Suzanne Parisian.  *See* Exhibit "A."  These appendices identified 142 documents and did not alter the opinions of these experts.  Plaintiffs offered to make Dr. Furberg and Dr. Parisian available for a short deposition, should Bayer wish to question the experts regarding the additional documents.  *See* Exhibit "B."  Bayer declined, and instead sought Court intervention in the form of a motion to exclude the Supplemental Appendices.

## INTRODUCTION

Plaintiffs and Bayer have generally worked together to address ongoing discovery issues without Court intervention to ensure that neither party is subject to unreasonable or prejudicial delay.  Bayer's current motion bucks this trend.  In order to ensure complete disclosure, Plaintiffs identified 142 additional documents that have been made available to Drs. Furberg and Parisian.  Each of these documents was timely identified to Bayer when Plaintiffs served their Master Exhibit List on January 14, 2010.  Nonetheless, Bayer argues that it will be unduly prejudiced if Drs. Parisian and Furberg are allowed to consider these documents in their preparation for trial.  As discussed in more detail below, this is a red herring.

Bayer argues that because the discovery period is closed, utilization of the Supplemental Appendices would be prejudicial. Plainly put, Bayer's argument is belied by the facts of this case. For example, Plaintiffs have yet to complete the depositions of all of Bayer's experts, despite the passing of the deadline for generic discovery. Dr. Robert Flavahan, one of Bayer's key experts, was originally scheduled to give his deposition on January 13, 2010. However, Bayer's counsel requested that his deposition be rescheduled to take place only one month prior to the start of trial, on February 11, 2010. Understanding that circumstances may dictate adjustments to the discovery schedule, Plaintiffs agreed to Bayer's request. The deposition was rescheduled again by agreement of the parties for February 27, 2010, a mere 16 days prior to trial. Conversely, rather than agreeing to a limited additional deposition of Drs. Furberg and Parisian (if such additional depositions were even necessary), Bayer refused Plaintiffs' offer and requested Court intervention when no prejudice has been shown. Accordingly, Bayer's Motion should be denied in its entirety.

## ARGUMENT AND AUTHORITY

During the course of this litigation, Bayer has produced over 1 million documents, containing more than 22 million pages. This production has been ongoing for the better part of 2 years. In fact, the most recent batch of documents was produced on January 26, 2010. In that production, Bayer produced over 40,000 pages of documents and un-redacted additional documents from custodial files of Bayer employees who were deposed months ago. *See* Exhibit "C."

In the case at bar, none of the 142 documents enumerated in the Supplemental Appendices of Dr. Furberg or Dr. Parisian alters any opinion as set out in their reports and at their depositions. Moreover, there is no surprise to Bayer, as virtually all of the 142 documents

have been used in depositions of Bayer witnesses (many have been used in multiple depositions), and all 142 documents are listed on Plaintiff's Master Exhibit List.

Discovery in an MDL proceeding such as the Trasylol litigation is fluid and often times continues for years (as demonstrated by Bayer's continued production of documents even after the discovery period and after the Supplemental Appendices were produced to Bayer). As such, it makes no sense that any generic expert cannot continue to evaluate documents, deposition testimony or new studies after their expert reports are finalized. Indeed, Rule 26(e)(2) expressly contemplates supplementation of "information included in the [expert's] report." FED. R. CIV. P. 26(e)(2).[1] In this case, the additional information was made available two months before trial with an offer of an additional deposition should it be desired. Bayer refused. Any prejudice suffered by Bayer (and there is none) has been self-inflicted.

There are many examples, in this MDL and others, where accommodations are made as a result of newly discovered or produced documents, developing science, or previously produced documents supplement already established expert opinions. For example, Bayer has designated Dr. Paul Waymack as a generic expert. In Dr. Waymack's deposition, he stated that counsel for Bayer provided him with documents to review after he had finalized his report:

---

[1] Rule 26(e)(2) controls supplementation of expert reports, and states that:

> [T]he duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

*Id*. Rule 23(a)(3) pre-trial disclosures were due for the first trial setting on January 15, 2010. *See* Pre-Trial Order No. 6 §IV.B (at p. 7). Plaintiffs' supplementation is at most five days late (for the first trial setting) and is timely for all subsequent trials. Bayer cannot in good faith argue that a five-day delay is prejudicial.

>   Q.   You mentioned that you did a report and then subsequent to the report, and I just want to make sure we're on the same page, that you were provided some internal e-mails. True?
>
>   A.   That is my recollection.
>
>   Q.   You were provided some depositions of Bayer employees?
>
>   A.   That is my recollection.
>
>   Q.   And you were provided some reports from defense experts?
>
>   A.   That is correct.

*See* Exhibit "D" (117:6-117:16) (Excerpts from Waymack Depo.). Rather than seek to exclude the documents provided to Dr. Waymack after he finalized his report, Plaintiffs chose to avail themselves of the discovery process over Court intervention.

Another example previously mentioned is the fact that another of Bayer's generic experts, Dr. Robert Flavahan, has yet to be produced for deposition. At Bayer's request, and to accommodate Dr. Flavahan, Plaintiffs agreed to take Dr. Flavahan's deposition on February 11, 2010. *See* Exhibit "E." This date is after the close of generic expert discovery, almost one month after the production of the Supplemental Appendices, and barely one month before trial. Just recently, Dr. Flavahan's deposition was rescheduled for a second time, and is now set to take place on February 27, 2010, barely two weeks prior to the start of trial. Plaintiffs agreed to accommodate Bayer and its expert because, as here, there is no prejudice. While unnecessary, Plaintiffs similarly offered to obtain deposition dates for Bayer to inquire about the 142 documents made available to Drs. Parisian and Furberg. As stated in correspondence from counsel for Plaintiffs on January 26, 2010, "[i]n an effort to ensure that no party is prejudiced at the time of trial, the [PSC] is willing to produce Drs. Parisian and Furberg in the next several weeks for a short deposition." *See* Exhibit "B." This offer was rejected.

At the end of the day, Bayer's Motion must fail for the simple reason that it cannot demonstrate prejudice:

- Almost two months prior to trial, Plaintiffs' identified 142 additional documents that were provided to two experts.

- Each of the 142 documents was enumerated on Plaintiffs' Master Exhibit List, which was timely produced on January 14, 2010.

- These documents are not new or unfamiliar to the parties. Bayer produced them, and most have been used in at least one deposition of Bayer witnesses (some in multiple depositions).

- Fact discovery is still ongoing, as Bayer produced over 40,000 pages of documents on January 26. *See* Exhibit "C." On that same date, Bayer withdrew redactions on 85 pages of documents from Bayer employees who were deposed months ago. *Id.*

- Generic expert discovery is still ongoing, as Bayer has yet to produce Dr. Flavahan for deposition, and will not be doing so until 16 days prior to trial.

- Plaintiffs offered to re-open the depositions of Drs. Furberg and Parisian, and Bayer declined.

Accordingly, Bayer's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court deny Bayer's motion in its entirety.

DATED: February 12, 2010

Respectfully submitted,

/s/ _____
Theodore Babbitt (Florida Bar No. 91146)
Email: tedbabbitt@babbitt-johnson.com
Joseph Osborne (Florida Bar No. 880043)
Email: JAOsborne@babbitt-johnson.com
Babbitt, Johnson, Osborne
& LeClainche, P.A.

                            1641 Worthington Road, Suite 100
                            West Palm Beach, FL 33409
                            Telephone: (561) 684-2500
                            Facsimile:  (561) 684-6308

***Liaison Counsel for Plaintiffs and Plaintiffs'***
***Steering Committee***

## CERTIFICATE OF SERVICE

      I hereby certify that on February 12, 2010, I caused the foregoing document to be electronically filed with the Clerk of the Court, and served upon all counsel of record authorized to receive electronic Notices of Filing via the CM/ECF system.

                            /s/ _____
                            Theodore Babbitt (Florida Bar No. 91146)