**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 <br><br>THIS DOCUMENT RELATES TO: <br><br>*Anna Bryant* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80868 <br><br>*Melissa Morrill* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80424 <br><br>*Naguib Bechara, et al.,* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ADDITIONAL IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE OR ARGUMENT**

Defendants respectfully submit this "omnibus" motion *in limine* to exclude a variety of evidence, testimony, and argument not addressed in our longer motions *in limine* that is irrelevant and unfairly prejudicial.

1. *Argument that Compensatory Damages Should Be Used to Punish Defendants or for Any Other Purpose than to Reimburse for Actual Losses.* The "only permissible purpose for awarding compensatory damages is compensation, not punishment." *Cal. Shoppers, Inc.* v. *Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 67-68 (Cal. Ct. App. 1985) (finding prejudice when counsel argued for higher compensatory damages in order to receive higher punitive damages); *see also Marron* v. *Superior Court*, 108 Cal. App. 4th 1049, 1059 (Cal. Ct. App. 2003) (discussing different purposes of compensatory and punitive damages); *MCI Worldcom Network Serv., Inc.* v. *Mastec, Inc.*, 995 So. 2d 221, 224 (Fla. 2008) ("purpose of

compensatory damages is to compensate, not to punish defendants or bestow a windfall on plaintiffs"); *Champagne* v. *Raybestos-Manhattan, Inc.*, 562 A.2d 1100, 1113 (Conn. 1989) (punitive damages are "not doctrinally duplicative of compensatory damages, but rather serve special, limited purposes other than compensation") (citations omitted); *Rizzuto* v. *Davidson Ladders, Inc.*, 905 A.2d 1165, 1181 (Conn. 2006) ("the purpose of compensatory damages . . . is to restore an injured party to the position he or she would have been in if the wrong had not been committed"). Argument that suggests, directly or indirectly, that compensatory damages should be awarded to punish the defendants or should be awarded for anything other than the actual losses allegedly incurred by plaintiffs is improper and prejudicial and should be precluded.

        2.    *Alleged Future Damages Not Reasonably Certain to Accrue.* Plaintiffs should not be permitted to introduce or make any reference to evidence of future damages that are not reasonably certain to accrue because future damages may not be awarded unless they are established in terms of reasonable certainty. *See, e.g.*, Cal. Civ. Code § 3283 ("Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or *certain to result in the future.*") (emphasis added); *Green Wood Indus. Co.* v. *Forceman Int'l Dev. Group, Inc.*, 156 Cal. App. 4th 766, 778 (Cal. Ct. App. 2007) (describing future losses as recoverable only when they will occur with "reasonable certainty"); *Auto-Owners Ins. Co.* v. *Tompkins*, 651 So. 2d 89, 91 (Fla. 1995) (permitting recovery of future economic damages only when "such damages are established with reasonable certainty"); *Fla. Farm Bureau Gen. Ins.* v. *Jordan*, 995 So. 2d 1135, 1137 (Fla. 5th DCA 2008) (same); *Viejas Band of Kumeyaay Indians* v. *Lorinsky*, 976 A.2d 723, 735 (Conn. App. Ct. 2009) ("Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty"); *Madsen* v. *Gates*, 857 A.2d 412, 421 (Conn. App. Ct. 2004) ("[I]n

awarding future medical expenses, a jury's determination must be based upon an estimate of reasonable probabilities, not possibilities"). Accordingly, plaintiffs should be precluded from making any mention of such uncertain future damages.

        3.     *Promise to Give a Portion of Damages Award to Charity or Evidence Regarding Plaintiffs' Personal Financial Condition.* Plaintiffs should not be permitted to offer any testimony or make any argument to the effect that any portion of a damages award might be donated to charity because such testimony or argument would be unfairly prejudicial and would cause confusion of issues. *See, e.g.*, Fed. R. Evid. 403; *Las Palmas Assocs.* v. *Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1247 (Cal. Ct. App. 1991) (finding appeal to jury's sympathy by suggesting damages might be donated to charity was improper). In addition, evidence bearing on the ultimate wealth of the plaintiffs would be wholly immaterial and irrelevant to a determination of the issues in this case, and should therefore be barred. *See, e.g.*, Fed. R. Evid. 401-402; *Love* v. *Wolf*, 226 Cal. App. 2d 378, 388 (Cal. Ct. App. 1964) ("evidence of the wealth or poverty of a party is ordinarily inadmissible"); *Carnival Corp.* v. *Pajares*, 972 So. 2d 973, 977 (Fla. 3d DCA 2007) ("This Court and the courts of this state have long recognized the danger that jurors might be influenced by evidence of a party's wealth or poverty and sympathize with the financially stricken party."); *see generally Spiess* v. *Traversa*, 375 A.2d 1007, 1009 (Conn. 1977) (referencing defendant's "unlimited funds" was "grossly improper and highly prejudicial").

        4.     *The Existence of Liability Insurance*. Plaintiffs should not be permitted to offer any testimony or make any argument concerning the existence of liability insurance. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully"). Because the statutory exceptions for proof of "agency, ownership, or control, or bias or prejudice

of a witness," *id.*, do not apply, this Court should forbid any mention of liability insurance unless plaintiffs' counsel satisfies an exception in advance.

    5. *References to Other Trasylol Litigation*.  As this Court is well aware, numerous cases, including personal injury cases, making claims regarding the defendants' conduct with respect to Trasylol are pending nationwide.  The defendants anticipate that plaintiffs may attempt to seize upon the mere existence of those other cases as a means of excusing their own legally insufficient cases.  Plaintiffs should be precluded from offering evidence, testimony or argument regarding any other Trasylol-related case as it would be irrelevant and would cause unfair prejudice.  *See, e.g.*, *In re Related Asbestos Cases*, 543 F. Supp. 1152, 1159 (N.D. Cal. 1982) (granting motion to exclude reference to other pending asbestos lawsuits); Fed. R. Evid. 401-03.  Furthermore, any evidence of other Trasylol litigation is inadmissible hearsay, not subject to any exception.  Fed. R. Evid. 802.

    6. *References to Trasylol Settlements*.  The defendants anticipate that plaintiffs may attempt to use as evidence the existence of potential future settlements involving Trasylol as a means of avoiding proving her own legally insufficient case.  Plaintiffs' counsel should be precluded from offering evidence, testimony or argument regarding any Trasylol-related settlement "to prove liability for or invalidity of claim or its amount."  Fed. R. Evid. 408.  Furthermore, any settlement evidence would be irrelevant and would cause unfair prejudice.  *See In re Related Asbestos Cases,* 543 F. Supp. at 1159 (granting motion to exclude reference to settlements of other asbestos cases); Fed. R. Evid. 401-03, 408; *see also Agrofollajes, S.A.* v. *E.I. Du Pont De Nemours & Co.*, --- So. 3d ---, 2009 WL 4828975, *16 (Fla. 3d DCA Dec. 16, 2009) ("It is well-settled that evidence that a defendant settled other claims involving the same product

deprives the defendant of a fair trial"); *Van Wart* v. *Allstate Ins. Co.*, 1997 WL 80657 (Conn. Super. Ct. 1997) (deeming evidence of a prior settlement inadmissible).

       7. *References about Defendants' Lawyers or the Number of Them.* The number of defendants' lawyers and any related comments about such lawyers are wholly irrelevant to the issues in dispute. Any commentary by plaintiffs' counsel regarding defendants' lawyers or the number of lawyers could only cause confusion of the issues and prejudice the jury. *See* Fed. R. Evid. 401-03; *see also, e.g., Brown* v. *Arco Petroleum Prods. Co.*, 552 N.E.2d 1003, 1005-06 (Ill. App. Ct. 1990) (finding reversible error due to plaintiff's counsel asking potential juror if he knew "any of the 150 attorneys at defendant's law firm"); *DeLaporte* v. *Robey Bldg. Supply, Inc.*, 812 S.W.2d 526, 537 (Mo. Ct. App. 1991) (cautioning counsel on retrial to not make disparaging remarks concerning opposing counsel that "arouse prejudice").

       8. *References about Defendants' Employees' Attendance or Non-Attendance at Trial.* Any reference to defendants' employees who do or do not attend any or all of the trial is irrelevant and likely prejudicial to the defendants. There is no conceivably relevant reason to inform the jury whether defendants' employees are or are not present at the trial as non-witnesses. *See* Fed. R. Evid. 401-03. Accordingly, plaintiffs' counsel should be precluded from any mention of the number of defendants' lawyers and the presence of any employees of defendants at the trial.

       9. *References to Witnesses Who Testify By Recorded Deposition Rather Than Live*. The defendants expect that this trial will involve a mix of live and recorded testimony. In light of these expectations, the defendants move to preclude plaintiffs from suggesting that the jury should treat recorded testimony any differently than live testimony, or that the jury may draw any adverse inferences about witnesses (whether party witnesses, experts or other fact

5

witnesses) who do not give live testimony.  *See* Fed. R. Evid. 401-03.  Parties have a right to utilize deposition testimony at trial where otherwise admissible, and doing so should not give plaintiffs an opportunity to suggest that various witnesses deserve less credibility because they did not testify live, or from making more egregious suggestions that the defendants' party witnesses or experts have manifested a lack of care for plaintiffs because such witnesses do not attend trial and testify in person.  Such suggestions would have no relevance to the issues in this case, but instead would merely be attempts to prejudice jurors against the defendants.  *See* Fed. R. Evid. 401-403.

## CONCLUSION

For these reasons, defendants respectfully request that this motion be granted in its entirety.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

February 12, 2010

Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail: plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR**
    **& SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL 60603
Telephone: 312-494-4400
Facsimile: 312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Peter C. Pfaffenroth
Email: ppfaffenroth@sidley.com
Adam C. Doverspike
Email: adoverspike@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**SIDLEY AUSTIN LLP**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*__Attorneys for Bayer Corporation,__*
*__Bayer HealthCare Pharmaceuticals Inc.,__*
*__and Bayer Schering Pharma AG__*

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                 */s/ Barbara Bolton Litten*
                 Barbara Bolton Litten

**SERVICE LIST**

**In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

**United States District Court
Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN
 & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
 & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
 & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs
and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

| | |
|---|---|
| John D. Goldsmith<br>Email: jgoldsmith@trenam.com<br>Amy L. Drushal<br>Email: aldrushal@trenam.com<br>**TRENAM KEMKER SCHARF BARKIN FRYE<br>    O'NEILL & MULLIS PA**<br>101 E. Kennedy Blvd., Suite 2700<br>Tampa, FL 33602<br>Telephone:  813-223-7474<br>Facsimile:   813-229-6553<br>*Counsel for Plaintiff Melissa Morrill* | Michael T. Gallagher<br>Email: rebeccam@gld-law.com<br>**THE GALLAGHER LAW FIRM**<br>2095 Sackett Street<br>Houston, TX 77098<br>Telephone:  713-222-8080<br>Facsimile:   713-222-0066<br>*Counsel for Plaintiff Naguib Bechara* |
| Patricia E. Lowry<br>Florida Bar No. 332569<br>Email: plowry@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6198<br>Telephone:  561-650-7200<br>Facsimile:   561-655-1509<br>*Liaison Counsel for Defendants* | Tim K. Goss<br>Email: goss39587@aol.com<br>Tamara L. Banno<br>Email: tbanno@tlb-law.com<br>**FREESE &GOSS PLLC**<br>3031 Allen Street<br>Suite 100<br>Dallas, TX 75204<br>Telephone:  214-761-6610<br>Facsimile:   214-761-6688<br>*Counsel for Plaintiff Naguib Bechara* |