UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928<br><br>THIS DOCUMENT RELATES TO:<br><br>*Anna Bryant* v. *Bayer Corp. et al.*,<br>Case No. 9:08-cv-80868<br><br>*Naguib Bechara, et al.* v. *Bayer Corp., et al.*,<br>Case No. 9:08-cv-80776 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO EXCLUDE ARGUMENT, EVIDENCE AND TESTIMONY NOT RELEVANT TO THE ASSESSMENT OF PUNITIVE DAMAGES**

Defendants respectfully submit this motion to exclude argument and evidence that are irrelevant and improper under the federal Due Process Clause in the event the issue of punitive damages is submitted to the factfinder. *See Philip Morris* v. *Williams*, 549 U.S. 346 (2007); *State Farm Mut. Auto. Ins. Co.* v. *Campbell*, 538 U.S. 408 (2003); *BMW of N. Am.* v. *Gore*, 517 U.S. 559 (1996); Fed. R. Evid. 401-403.

**INTRODUCTION**

Plaintiffs each seek punitive damages. *See Bryant* v. *Bayer Corp.*, Case No. 9:08-cv-80868, Am. Compl. at 21-23 (seeking punitive damages); *Bechara* v. *Bayer Corp.*, Case No. 9:08-cv-80776, Compl. ¶ 5 (Count XIV-Punitive Damages). Although Bayer maintains that no punitive damages are warranted,[1] Bayer anticipates that plaintiffs may try to support their

---

[1] In addition, Bayer demonstrated in its summary judgment motions that each plaintiff's "cause of action" for punitive damages fails because punitive damages are not an independent cause of action under the pertinent law. *See* Mot. For Summ. J., *Bryant* v. *Bayer Corp.*, Case No. 9:08-

Case 1:08-md-01928-DMM   Document 4258   Entered on FLSD Docket 02/16/2010   Page 2 of 13

punitive damages claims with evidence and argument that cannot be used, as a matter of due process, to support such claims. Accordingly, the Court should exclude evidence related to (i) alleged harm against persons other than the plaintiff, (ii) alleged out-of-state conduct with no nexus to the harm allegedly incurred by the plaintiff, and (iii) inappropriate references to defendants' net worth.

## DUE PROCESS FRAMEWORK FOR PUNITIVE DAMAGE CLAIMS

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the evidence plaintiffs may offer to support claims for punitive damages. In *Campbell*, the United States Supreme Court reversed a state-court punitive damages award and, in doing so, curtailed the categories of evidence a plaintiff may introduce at trial in support of punitive damages. *See* 538 U.S. at 429. The Supreme Court (i) ruled that evidence of out-of-state conduct or alleged torts against non-plaintiffs were irrelevant to punitive damages, (ii) severely restricted plaintiffs' ability to justify large awards based on conduct involving third parties, and (iii) emphasized the limited relevance of corporate wealth as a factor in calculating punitive damages awards. *See id*.

In so doing, the *Campbell* court reversed a $145 million punitive damages award that was based on evidence of purported bad business practices by State Farm spanning a 20-year period in numerous states, where most of the evidence bore no relation to the misconduct alleged by the plaintiffs. *Id*. at 415. The Supreme Court held that the punitive damages award violated

---

cv-80868, at 9 (D.E. 92) (filed Jan. 22, 2010); *Bechara* v. *Bayer Corp.*, Case No. 9:08-cv-80776, at 21 (D.E. 73) (filed Feb. 1, 2010). In addition to these federal due process limitations, defendants are not waiving any potential state-law defenses to punitive damages.

This Court recently denied plaintiffs' belated effort to add a punitive damages claim in *Morrill* v. *Bayer Corp*, Case No. 9:08-cv-80424 (D.E. 78) (Jan. 27, 2010). Accordingly, this motion is not being made in *Morrill*.

State Farm's constitutional due process rights. *Id*. at 429. The Court held that defendants may not be punished for out-of-state conduct that has no nexus to the injury alleged by the plaintiffs, and, therefore, evidence of such out-of-state conduct with no such nexus is irrelevant at trial. *Id*. at 422. Similarly, plaintiffs may not base their punitive damages case on evidence of other alleged torts against non-plaintiffs or hypothetical harm to non-plaintiffs. *Id*. at 424. Finally, the Court underscored the marginal relevance of corporate wealth as a factor in awarding punitive damages. *Id*. at 427.

In *Williams*, the Supreme Court again held that "a jury may not punish for the harm caused others" in awarding punitive damages. 549 U.S. at 356-57. In *Williams*, the trial court rejected a proposed jury instruction "that specified the jury could not seek to punish Philip Morris for injury to other persons not before the court," and plaintiff's counsel invited the jury to base punitive damages on the "many other Jesse Williams in the last 40 years" who had purportedly been harmed by Philip Morris. *Id*. at 350. This created "an unreasonable and unnecessary risk" that the jury's punitive damages award improperly sought "to *punish* the defendant for having caused injury to others," which the Due Process Clause forbids. *Id*. at 357.

These principles are directly applicable here and limit the evidence plaintiffs may introduce on the question of punitive damages.

## ARGUMENT

I. **UNDER THE CONSTRAINTS OF FEDERAL DUE PROCESS, ARGUMENT OR EVIDENCE OF ALLEGED HARM TO PERSONS WHOSE CLAIMS ARE NOT BEFORE THE FACTFINDER IS IRRELEVANT TO THE ISSUE OF PUNITIVE DAMAGES.**

Plaintiff Bryant alleges that punitive damages are warranted because defendants "misled both the medical community and the public at large" and targets Bayer's alleged conduct "towards the public generally." *Bryant* Compl. ¶¶ 86-89. Plaintiff Bechara likewise appears to

advance claims that seek to recover based upon others' injuries.  *See, e.g.*, *Bechara* v. *Bayer Corp.*, Case No. 9:08-cv-80776, Compl. ¶ 5 (Count XIV-Punitive Damages); Plaintiffs' Master Compl. ¶¶ 64-66, MDL No. 1928 (filed June 16, 2008) (seeking recovery for defendants' alleged "reckless disregard of the life and safety of the Plaintiffs *and the public*") (emphasis added).  Introduction of evidence to support such claims would violate defendants' right to due process.

Under the Supreme Court's rulings in *Campbell* and *Williams*, "a jury may not punish for the harm caused others" in awarding punitive damages, and therefore evidence of harm allegedly suffered by individuals whose claims are not before the factfinder is irrelevant to the plaintiffs' claims for punitive damages.  *Williams*, 549 U.S. at 356-57; *see Campbell*, 538 U.S. at 423-24.  As the Court explained in *Williams*, "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties" and "those who are, essentially, strangers to the litigation."  549 U.S. at 353.  A punitive damages award based in part on harm to "persons who are not before the court . . . would amount to a taking of 'property' from the defendant without due process."  *Id*. at 349.

Therefore, such evidence (and related argument) should be excluded because it would improperly "create an unreasonable and unnecessary risk of . . . confusion" as to whether an award of punitive damages was—contrary to due process—intended to punish a defendant for harm to unrelated persons.  *Id*. at 357.  Instead, any punitive damages award "must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff." *Campbell*, 538 U.S. at 425; *see generally Cooper Indus., Inc.* v. *Leatherman Tool Group, Inc.*, 532 U.S. 424, 437 n.11 (2001) (requiring that juries engage in a "fact-sensitive undertaking" in assessing punitive damages).

Accordingly, plaintiffs should not be allowed to present to the factfinder, in support of their punitive damages claims, evidence or argument regarding alleged harm to persons other than the specific plaintiff before the factfinder. If the factfinder were to rely on such evidence, then a resulting punitive damages award would not "be based upon the facts and circumstances" of the plaintiff in a given case, as due process requires, but rather on those of individuals who are "strangers" to that proceeding. *Campbell*, 538 U.S. at 425; *Williams*, 549 U.S. at 353. To allow such evidence would create the "unreasonable and unnecessary risk" the Constitution forbids. 549 U.S. at 357; *see*, *e.g.*, *Merrick* v. *Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1016 (9th Cir. 2007) (holding that evidence of a fraudulent scheme directed at other victims created a "significant risk" that jury would punish defendant for harm to non-parties in violation of *Williams*); *Stroud* v. *Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 258 (E.D. Pa. 2008) ("Because punitive damages are merely an additional element of damages that may be recovered on an appropriate cause of action upon which liability is proven, a defendant's acts that are independent from the conduct on which liability is premised may not serve as the basis for punitive damages.") (internal quotation omitted); *Holdgrafer* v. *Unocal Corp.*, 160 Cal. App. 4th 907, 912-13 (2008) (applying *Williams* and reversing punitive verdict because "the jury was effectively invited to punish Unocal for injuring persons or entities that are not parties to this litigation, for conduct that had nothing to do with that which harmed the plaintiffs in this case").

Because harms sustained by persons whose claims are not before the factfinder would not be relevant to any constitutional basis for awarding punitive damages, plaintiffs should be precluded from offering such evidence or argument at trial. *See* Fed. R. Evid. 401-402. Furthermore, if such evidence were allowed, defendants would be entitled—and bound—to try to counter the resulting, unfair prejudice by presenting evidence to defend against claims or

allegations by absent parties (or non-parties), causing confusion of the issues and needless delay and waste of time. *See* Fed. R. Evid. 403.

## II. UNDER FEDERAL DUE PROCESS STANDARDS, ARGUMENT OR EVIDENCE OF OUT-OF-STATE CONDUCT WITH NO NEXUS TO THE HARM ALLEGED BY PLAINTIFF IS IRRELEVANT TO THE ISSUE OF PUNITIVE DAMAGES.

In *Campbell*, the Supreme Court held that a State may not punish a defendant for out-of-state conduct. *See* 538 U.S. at 420-23. The Court explained that "as a general rule, . . . a State [does not] have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction." *Id*. at 421. Rather, "each State alone can determine what measure of punishment, if any, to impose on a defendant who acts within its jurisdiction." *Id.* at 422; *see also BMW*, 517 U.S. at 583. This holding precludes plaintiffs from introducing nationwide or worldwide evidence for the purpose of arguing that a jury in either of these cases may seek to deter national (or international) conduct or conduct in other states (or countries).

In short, the Due Process Clause does not permit these plaintiffs to offer evidence or argument that punitive damages should be imposed based on evidence of conduct in another state. Not only are plaintiffs forbidden from seeking to punish defendants for conduct in other states, but the applicable rules of law vary from state to state, and thus the same set of facts tried under different states' law often will produce different verdicts on liability and punitive damages. For these reasons, evidence or argument about out-of-state conduct by defendants that has no nexus to the specific harm alleged by an individual plaintiff—including out-of-state sales figures, out-of-state marketing efforts, or out-of-state business practices—is irrelevant to these plaintiffs' claims for punitive damages and should be excluded. Fed. R. Evid. 401-402. Additionally, because introducing such evidence would risk (i) imposing damages multiple times based on the same conduct and (ii) punishing conduct that was legal where it occurred, any evidence

6

regarding out-of-state (or out-of-country) conduct should be excluded from any punitive damages consideration due to the substantial risk of unfair prejudice. *See* Fed. R. Evid. 403.

### III. ARGUMENT OR EVIDENCE OF NET WORTH IS OF MARGINAL RELEVANCE TO PUNITIVE DAMAGES AND SHOULD BE EXCLUDED BECAUSE ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE.

Under *Campbell*, evidence of net worth is, at best, of marginal relevance to the question of punitive damages and may not be used to justify an otherwise unconstitutional punitive damages award. 538 U.S. at 427-28. In light of *Campbell*, evidence of corporate net worth should be excluded where, as here, any probative value is substantially outweighed by the risk of undue prejudice. *See* Fed. R. Evid. 403.

The plaintiffs in *Campbell* argued that the defendant was a large, wealthy company and pointed to the company's assets as proof that a punitive damages award was necessary. 538 U.S. at 427. The Supreme Court rejected that argument, explaining that a defendant's wealth "had little to do with the actual harm sustained by" the plaintiffs and "cannot justify an otherwise unconstitutional punitive damages award." *Id.* Likewise here, to the extent plaintiffs might argue that they should be awarded punitive damages because of defendants' net worth, that argument cannot withstand the reasoning of *Campbell* that corporate wealth "ha[s] little to do with the actual harm sustained by the [plaintiff]." *Id.*

In all events, even if corporate wealth were a marginally relevant factor for the purpose of assessing punitive damages, any evidence, testimony, or argument regarding defendants' wealth or net worth should be excluded because the unfairly prejudicial impact of this evidence far outweighs its probative value. *See* Fed. R. Evid. 403. By introducing evidence of defendants' net worth, plaintiffs would bias the jury against defendants by suggesting that

7

defendants' size and wealth alone renders punitive damages necessary. The admission of such evidence would result in undue prejudice that far outweighs any possible probative value.

## CONCLUSION

For these reasons, Bayer respectfully requests that this Court, in the event that the issue of punitive damages is submitted to the factfinder, preclude plaintiffs from offering argument or evidence about matters that are irrelevant to punitive damages issues under Supreme Court precedent.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

February 16, 2010                                          Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Peter C. Pfaffenroth
Email:  ppfaffenroth@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

       Richard K. Dandrea
       Email:  rdandrea@eckertseamans.com
       **ECKERT SEAMENS CHERIN & MELLOTT, LLC**
       USX Tower, 600 Grant St., 44th Floor
       Pittsburgh, PA.  15219
       Telephone:  412-566-6000
       Facsimile:   412-566-6099

       *Attorneys for Bayer Corporation,*
       *Bayer HealthCare Pharmaceuticals Inc.,*
       *and Bayer Schering Pharma AG*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                             */s/ Barbara Bolton Litten*
                                             Barbara Bolton Litten

# SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE & GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*