UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Anna Bryant* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80868 | ) ) ) |
| *Melissa Morrill* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80424 | ) ) ) |
| *Naguib Bechara, et al.,* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) ) |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
OR ARGUMENT REGARDING UNRELATED ALLEGED WRONGFUL ACTS**

Defendants respectfully submit this motion *in limine* to preclude evidence, testimony, or argument relating to defendants' allegedly wrongful acts that are irrelevant and improper under the Federal Rules of Evidence. *See* Fed. R. Evid. 401-403, 404(b).

**INTRODUCTION AND SUMMARY**

In addition to Trasylol, Bayer markets numerous other products. Based on deposition testimony, defendants anticipate that plaintiffs may seek to offer argument or evidence regarding, among other things, previous litigation or governmental proceedings involving other Bayer products, such as cerivastatin sodium ("Baycol") and drospirenone and ethinyl estraodiol ("Yaz"). Defendants also anticipate that plaintiffs may seek to introduce evidence concerning a guilty plea entered by Bayer Corporation in a settlement with the United States government on April 14, 2003, which concerned other Bayer pharmaceutical products,

and a *qui tam* action currently pending in the United States District Court for the District of Minnesota (*United States ex rel Simpson* v. *Bayer HealthCare et. al.*, Case No. 08-5758)—neither of which involved Trasylol in any manner.

Indeed, plaintiffs have already signaled their intent to offer precisely this brand of irrelevant evidence. *See*, *e.g.*, D.E. 4093 (Pl.'s 2d Am. Page and Line Dep. Designations) at 49 (Tucker Dep. at 275:1-278:15) (testimony concerning Baycol). Such evidence and argument have no bearing on this case and would cause unfair prejudice to defendants.

Any evidence or testimony regarding these alleged "acts" or "wrongs" should be excluded because it is irrelevant to any disputed issue in the case, inadmissible under Federal Rule of Evidence 404(b), and, if admitted, far more prejudicial than it could possibly be probative. *See* Fed. R. Evid. 401-403, 404(b).

## ARGUMENT

### I. EVIDENCE OR ARGUMENT REGARDING ALLEGED WRONGFUL ACTS IS IRRELEVANT AND INADMISSIBLE.

Evidence and argument relating to products other than Trasylol, such as those described above, cannot possibly be "of consequence" to the determination of whether Trasylol caused plaintiffs' injuries and whether defendants' manufacturing or marketing of Trasylol renders them liable. Therefore, evidence and argument concerning such other products are irrelevant and inadmissible. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769, 2009 WL 223140, *7 (M.D. Fla. Jan. 30, 2009) (excluding evidence of a government settlement regarding the drug Zoladex on the grounds of irrelevance).

Evidence of alleged unrelated wrongful acts is not only irrelevant; it is also clearly inadmissible "propensity" evidence under Federal Rule of Evidence 404. *See* Fed. R.

2

Evid. 404. Rule 404(b) provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *Id*. The only conceivable purpose for offering such evidence would be to suggest that the defendants "act[ed] in conformity" with those alleged wrongful acts here—*i.e.*, that the defendants have allegedly committed wrongful acts with regard to other products and should be presumed to have done so with Trasylol. This line of argument is expressly foreclosed by Rule 404(b). *See Miller ex. rel Miller* v. *Ford Motor Co.*, No. 2:01-CV-545, 2004 WL 4054843, *4 (M.D. Fla. Jul. 22, 2004) (excluding evidence of prior corporate malfeasance by Ford and evidence of prior corporate good behavior that did not relate to the car model at issue in a roll-over case because "the only issues in this case are its liability for this one accident, and if liable, the extent of the damages").[1]

Indeed, Rule 404(b) would bar such evidence or argument even if it concerned facts with some logical relationship to these cases. *See*, *e.g.*, *Strait* v. *Busch Entm't Corp.*, 2006 WL 3313747, *1-2 (M.D. Fla. Nov. 13, 2006) (excluding evidence of a third party's injuries at an amusement park that resembled the circumstances surrounding plaintiff's injuries because the incident involved a "different type of tram, different drivers, and different parts of the parking lot"); *see also United States* v. *Veltmann*, 6 F.3d 1483, 1499 (11th Cir. 1993) (reversing conviction in part because trial court erroneously failed to exclude evidence of prior, remote, non-similar fires in trial for arson based on Rule 404(b)). The rationale for Rule 404(b) is particularly apt here, where the alleged conduct at issue has to do with products not involved in this case, and is far removed from the facts surrounding plaintiffs' allegations.

---

[1] Moreover, evidence that a corporation was previously convicted of a crime is not admissible under Federal Rule of Evidence 609(a)(2) to impeach the testimony of a company employee, absent a specific showing that the employee was responsible for the decisions that formed the basis of the conviction. *See Walden* v. *Georgia-Pacific Corp.*, 126 F.3d 506, 523-24 (3d Cir. 1997).

3

## II. EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING UNRELATED ALLEGED WRONGFUL ACTS SHOULD BE EXCLUDED UNDER RULE 403.

Assuming, *arguendo*, that plaintiffs' evidence of allegedly wrongful acts had some marginal relevance, any probative value would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay." Fed. R. Evid. 403.

Rule 403 prohibits plaintiffs from introducing evidence that could mislead the jury into returning a verdict against the defendants based upon matters that have no bearing on defendants' conduct, culpability, or causation in this case. *See generally Cole* v. *Crosby*, No. 505-cv-222, 2006 WL 1169536, *64 (M.D. Fla. May 3, 2006) ("a jury argument which is not directly connected to the facts of the particular case and which blatantly appeals to hoped for passion or prejudice on the part of the jury, is universally condemned as improper"); *Janssen Pharmaceutica, Inc.* v. *Bailey*, 878 So. 2d 31, 62 (Miss. 2004) (en banc) (vacating judgment in a pharmaceutical product liability case where trial court improperly admitted statements designed to play on jurors' sympathies). This tactic is expressly proscribed by federal law.

Likewise, evidence regarding products other than Trasylol have no bearing on this case and would be very likely to confuse and mislead the jury. Such evidence would necessarily focus the jury's attention on evidence and argument entirely unrelated to the plaintiffs' Trasylol-related claims. The resulting confusion, arising from facts "collateral to the issues at hand," is explicitly targeted by Rule 403 and requires exclusion. *See Hendrix* v. *Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1502 (11th Cir. 1985) (noting that relevant evidence may be excluded where it has an "'undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one'") (quoting Fed. R. Evid. 403 advisory committee note).

4

Similarly, admission of evidence of alleged "wrongful acts" would result in undue delay because the defendants would be compelled to contest their relevance and admissibility on an act-by-act basis, and provide context for the events. This would needlessly enmesh the Court and jury in time-consuming collateral matters: if such acts are ruled admissible, defendants would be entitled and obligated to introduce contrary evidence regarding the other acts to attempt to demonstrate both that the other acts were not wrongful and that, in any case, they should not affect the jury's findings in plaintiffs' cases. Such undue delay and waste of time is specifically contemplated by Rule 403 and supplies an independent reason to exclude the evidence. *See* Fed. R. Evid. 403.

In short, evidence of alleged wrongful acts, if admitted, would result in undue prejudice far outweighing any probative value. Such evidence has no bearing on plaintiffs' Trasylol-related claims and should thus be excluded by this Court.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court preclude plaintiffs from introducing evidence of other alleged wrongful acts unrelated to Trasylol.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good

faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

February 16, 2010                                  Respectfully submitted,

>                                                  */s/ Barbara Bolton Litten*
>                                                  Patricia E. Lowry
>                                                  Florida Bar No. 332569
>                                                  E-mail:  plowry@ssd.com
>                                                  Barbara Bolton Litten
>                                                  Florida Bar No. 91642
>                                                  E-mail:  blitten@ssd.com
>                                                  **SQUIRE SANDERS & DEMPSEY L.L.P.**
>                                                  1900 Phillips Point West
>                                                  777 South Flagler Drive
>                                                  West Palm Beach, FL  33401-6198
>                                                  Telephone:  561-650-7200
>                                                  Facsimile:   561-655-1509
>
>                                                  Philip S. Beck
>                                                  Email:  philip.beck@bartlit-beck.com
>                                                  Steven E. Derringer
>                                                  Email:  steven.derringer@bartlit-beck.com
>                                                  **BARTLIT BECK HERMAN PALENCHAR**
>                                                      **& SCOTT LLP**
>                                                  54 W. Hubbard Street, Suite 300
>                                                  Chicago, IL  60603
>                                                  Telephone:  312-494-4400
>                                                  Facsimile:   312-494-4440
>
>                                                  Eugene A. Schoon
>                                                  Email:  eschoon@sidley.com
>                                                  Susan A. Weber
>                                                  Email:  saweber@sidley.com
>                                                  Catherine Valerio Barrad
>                                                  Email:  cbarrad@sidley.com
>                                                  **SIDLEY AUSTIN LLP**
>                                                  One South Dearborn Street
>                                                  Chicago, Illinois 60603
>                                                  Telephone:  312-853-7000
>                                                  Facsimile:   312-853-7036

        Rebecca K. Wood
        Email:  rwood@sidley.com
        Clifford W. Berlow
        Email:  cberlow@sidley.com
        **SIDLEY AUSTIN LLP**
        1501 K Street, NW
        Washington, DC 20005
        Telephone:  202-736-8000
        Facsimile:  202-736-8711

        Susan Artinian
        Email:  sartinian@dykema.com
        Daniel Stephenson
        Email:  dstephenson@dykema.com
        **DYKEMA GOSSETT PLLC**
        400 Renaissance Center
        Detroit, MI  48243
        Telephone:  313-268-9788
        Facsimile:  313-568-6658

        Richard K. Dandrea
        Email:  rdandrea@eckertseamans.com
        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
        USX Tower, 600 Grant St., 44th Floor
        Pittsburgh, PA.  15219
        Telephone:  412-566-6000
        Facsimile:  412-566-6099

        *Attorneys for Bayer Corporation,*
        *Bayer HealthCare Pharmaceuticals Inc.,*
        *and Bayer Schering Pharma AG*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

9

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
    O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*