UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | ) ) ) ) |
| This Document Relates to: | ) ) |
| *Bryant v. Bayer Corp., et al.*, Case No. 9:08-cv-80868 | ) ) ) |
| *Bechara, et al., v. Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) ) |

**BAYER'S MOTION IN LIMINE TO EXCLUDE EXPERT MEDICAL TESTIMONY
BY LAY WITNESSES**

PLEASE TAKE NOTICE THAT Defendants ("Bayer") respectfully submit this Motion *in limine* to preclude "expert" testimony by a lay witness of facts beyond their personal knowledge including their summary of plaintiff's medical history and their opinions regarding whether Trasylol caused or otherwise contributed to plaintiff's medical condition. *See* Fed. R. Evid. 602, 701.

**MEMORANDUM OF LAW**

Based on deposition testimony, Bayer anticipates that non-physician witnesses on plaintiffs' behalf may testify regarding matters that are properly reserved only for a competent medical expert witness. For example, Bayer anticipates that Paul Deutsch, a life care planner who is not a medical doctor, may summarize plaintiffs' medical conditions and treatment based upon his cursory review of medical records. *See* Deutsch Report in Bryant (Ex. A) at 2-3, 11-18 (summarizing Bryant's medical history); Deutsch Report in Bechara (Ex. B) at 1-6, 12-24

(summarizing Bechara's medical history). Any such testimony should be excluded because it is impermissible lay opinion and because it is unhelpful to the jury. Fed. R. Evid. 602, 701, 403.

## ARGUMENT

Testimony by non-physicians regarding the cause of plaintiffs' alleged injuries or the contents of plaintiffs' medical records is inadmissible as either expert or lay opinion testimony.

### I.   LAY WITNESSES MAY NOT OFFER EXPERT MEDICAL OPINIONS ON CAUSATION

Under Federal Rule of Evidence 702, only qualified medical experts may offer opinions about medical causation. Witnesses, including Deutsch and other non-physicians, lack sufficient background or knowledge to offer an "expert" opinion on whether Trasylol caused plaintiff's medical condition. *See United States v. Paul*, 175 F.3d 906, 912 (11th Cir. 1999) (affirming exclusion of "expert" testimony by witness whose background and knowledge "did not qualify him as an expert"); *Lozada v. Delta Family-Care Disability and Survivorship Plan*, 1998 WL 426048, at *4 (M.D. Fla. July 24, 1998) (error to rely on Deutsch's "opinions regarding the *medical condition*" of plaintiff because "Deutsch is not a physician"); *see also Gordon v. Wal-Mart Supercenter*, 2009 WL 3850288, at *9 (S.D. Ala. Nov. 12, 2009) ("It is axiomatic that plaintiff is not qualified as an expert of medicine").

Courts around the country thus routinely preclude such improper expert testimony through motions *in limine*. *See, e.g.*, *Gordon*, 2009 WL 3850288 at *8-9 (granting motion *in limine* prohibiting plaintiff, not qualified as a medical expert, from offering "personal testimony regarding any expert medical opinion about her alleged injuries"); *Taylor v. Northeast Ill. Regional Commuter R.R. Corp.*, 2008 WL 244303, at *6 (N.D. Ill. Jan. 28, 2008) (granting motion *in limine* to bar "plaintiff (or any other lay witness) from offering medical opinions or

2

any testimony regarding causation"); *Russell v. Board of Public Educ. of the Sch. Dist. of Pittsburgh*, 2009 WL 689059, at *3 (W.D. Pa. Mar. 11, 2009) (granting motion in *limine* to preclude testimony from lay witness "as to the cause of Plaintiff's condition or psychological state because as a lay witness he is not qualified to do so"). This Court should do the same.

## II. LAY WITNESSES MAY NOT SUMMARIZE MEDICAL RECORDS BECAUSE THEY LACK FIRST-HAND KNOWLEDGE

Testimony by non-medical expert witnesses about medical causation or the contents of plaintiffs' medical records is also inadmissible as lay testimony.

It is settled that a lay witness can only testify if he or she has "personal knowledge of the matter." Fed. R. Evid. 602. The Rules of Evidence limit lay opinion testimony to "those opinions and inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *see also*, *e.g.*, *KW Plastics v. United States Can Co.*, 131 F. Supp. 2d 1265, 1272 (M.D. Ala. 2001) (explaining that Rule 701 incorporates the requirements of Rule 602, "thus mandating that the witness satisfy the elements of proper sensory perception, comprehension, present recollection, and ability to testify as to the matter perceived"). According to the Eleventh Circuit, "the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation – for example, a witness' [sic] opinion that a person with whom he had spoken was drunk, or that a car he observed was traveling in excess of a certain speed." *United States* v. *Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999).

The testimony of lay witnesses essentially summarizing plaintiffs' medical condition fails to pass muster under Rules 602 and 701 because these witnesses lack first-hand personal knowledge of the events. *See id.* Nor should the Court permit plaintiffs' witnesses,

3

including plaintiffs' life care expert, Deutsch, to testify about plaintiffs' medical condition based upon their cursory review of her medical records. *See Kemp v. Balboa*, 23 F.3d 211, 213 (8th Cir. 1994) (holding that the district court committed reversible error by allowing lay witness to offer testimony that was "based not upon her personal knowledge ... but solely upon what she had read in the medical records prepared by others"); *Corporate Fin., Inc. v. Principal Life Ins. Co.*, 2006 WL 3365602, at *3 (S.D. Fla. Nov. 20, 2006) (rejecting lay testimony of witness who simply studied "files during the course of litigation to gather information not originally within his knowledge and then form[ed] 'lay' opinions and inferences"); *see also O'Connor v. Pierson*, 426 F.3d 187, 202 (2d Cir. 2005) (noting that "[l]ay people are not qualified to [review medical records and] determine other people's medical fitness, whether physical or mental"); *Norwest Bank, N.A. v. Kmart Corp.*, 1997 WL 33479072, at *2 (N.D. Ind. Jan. 29, 1997) (excluding testimony of life care planning expert because "the court is unaware of any instance in which a witness with no education or licensure in medicine ... has been found qualified, regardless of experience, to give an opinion on a person's medical condition and medical future based on a review of medical records and an interview with the patient").

Medical and scientific "expert" opinion offered by lay witnesses is also inadmissible because it is likely to confuse and mislead the jury and thus would be unhelpful. *See* Fed. R. Evid. 403, 701 (b) (permitting only "helpful" testimony); *Corporate Fin.*, 2006 WL 3365602 at *3 (rejecting lay opinion testimony as unhelpful); *see also O'Leary v. Schweiker*, 710 F.2d 1337, 1343 n.8 (8th Cir. 1983) (noting that non-medical, vocational expert's interpretation of medical records was of little value). The Court thus should preclude lay testimony summarizing the contents of plaintiffs' medical records.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court exclude any and all scientific and medical opinion testimony by lay or non-physician witnesses.

## RULE 7.1(A)(3)(a) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

February 16, 2010                             Respectfully submitted,

/s/ Barbara Bolton Litten
Patricia E. Lowry
Florida Bar No. 332569
E-mail: plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
   & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:  312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              */s/ Barbara Bolton Litten*
                                              Barbara Bolton Litten

# SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 9:08-cv-80710-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
    O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*