UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | ) ) ) ) |
| This Document Relates to: | ) ) |
| *Bryant v. Bayer Corp., et al.*, Case No. 9:08-cv-80868 | ) ) ) |
| *Morrill v. Bayer Corp., et al.*, Case No. 9:08-cv-80424 | ) ) ) ) |
| *Bechara, et al., v. Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) ) |

**BAYER'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING**
**"MORAL DUTIES" AND "BUSINESS ETHICS"**

PLEASE TAKE NOTICE THAT Defendants ("Bayer") respectfully submit this motion *in limine* to preclude evidence, testimony or argument regarding Bayer's "moral duties," "business ethics" or other extra-legal duties, obligations, or standards of conduct. Any such testimony is irrelevant to the legal and factual issues of the case and is unfairly prejudicial. *See* Fed. R. Evid. 401, 403.

**MEMORANDUM OF LAW**

Based on questions asked of defendants' witnesses during depositions, and the testimony of some of plaintiffs' expert witnesses in deposition, defendants anticipate that plaintiffs will seek to present testimony, or advance argument in the form of questions to

witnesses or otherwise, concerning purported moral or ethical obligations of defendants in connection with Trasylol.[1] These questions often take the form of asking whether defendants' conduct was "fair," "honest," or "ethical," whether it met "high standards" or conformed to a witness' personal and subjective "expectations" of "ethical responsibility" or what defendants "should have done." In other instances, witnesses have opined that defendants did not meet their "obligation" regarding the "responsibility of drug development." Testimony of this character is not admissible and argument of this sort is not proper. *See* Fed. R. Evid. 401, 403; *see also, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 531, 545 (S.D.N.Y 2004) (excluding "opinions and rhetoric concerning ethics" because it suggests "alternative and improper grounds for decision on bases other than the pertinent legal standards").

## ARGUMENT

### I.  EVIDENCE OF SUPPOSED MORAL DUTIES, BUSINESS ETHICS OR SIMILAR EXTRA-LEGAL DUTIES IS IRRELEVANT.

Plaintiffs allege that they were injured by Trasylol and that their injuries would not have occurred had they had been adequately warned of Trasylol's alleged side effects. Whether defendants conformed to plaintiffs' (or someone else's) subjective views about business ethics, or responsible behavior by pharmaceutical manufacturers, has no bearing on that question. Fed. R. Evid. 402. As such, a discussion of business ethics or morality, or any

---

[1] *See*, *e.g.*, Deposition of George Holder (Ex. A) at 100:5-101:8; Deposition of Stanley Horton (Ex. B) at 307:4-308:10; *id*. at 333:12-20; *id*. at 156:13-17; Deposition of Luca A. Vricella, M.D. (Ex. C) at 166:1-10, 172:28 (asserting that Bayer violated ethical duties by allegedly failing to provide information to FDA); *id.* at 441:1-16 (discussing moral and ethical standards Bayer had to medical community); Deposition of Mark J. Eisenberg (Ex. D) at 202:22-204:16 (claiming Bayer breached "ethical standards" in its response to alleged "safety signals"); Deposition of F. Gary Toback, M.D., Ph.D.(Ex. E) at 173:17-174:15 (discussing ethical obligation to conduct certain studies); Deposition of Suzanne Parisian, M.D. (Ex. F) at 253:23-254:3 (opining that Bayer was not being "responsible" in its labeling); Report of Suzanne Parisian, M.D. (Ex. G) at ¶ 233 (same).

witness's own views about such matters, does not further the proof of any element of the claims alleged in the case.

Notwithstanding the lack of relevance, plaintiffs' counsel repeatedly asked questions of Bayer's witnesses seeking their personal views on ethics. For example, plaintiff's counsel asked George Holder whether he believed Bayer violated his "personal ethics:"

> Q: Are you aware that he testified that the message Bayer communicated to him was full dose, every patient, every time?
>
> A: No, I haven't –
>
> MS. CURTIN: Object to form.
>
> THE WITNESS: No, I am not.
>
> BY MR. MOSKOW:
>
> Q: If that's true, that would be a breach of the obligation of an ethical pharmaceutical company; correct?
>
> MS. CURTIN: Object to form.
>
> THE WITNESS: I don't know the legal ramifications here. All I know is that what I would do is present the data that is in the package insert.
>
> BY MR. MOSKOW:
>
> Q: Well, it would be contrary to the PI if you were told every patient, every time, full dose?
>
> A: That would be contrary to the PI.
>
> Q: And that would be against your ethics, to sell the drug on that basis; correct?
>
> MS. CURTIN: Object to form.
>
> THE WITNESS: That's against my personal ethics, yes.
>
> BY MR. MOSKOW:
>
> Q: And in your opinion, it would be unethical for a pharmaceutical company to do that, as well; correct?
>
> A: Yes.

Deposition of George Holder Dep. (Ex. A) at 100:5-101:8.  Similarly, plaintiff's counsel repeatedly (and improperly) tried to interject ethics into the deposition of Stanley Horton:

> Q: Would it concern you if people at Bayer were considering attempting to delay the BART study?
>
> MR. SCHOON: Object to form.
>
> THE WITNESS: Yeah, but I don't know how anyone would be capable of interacting with a study in which we had no impact.
>
> BY MR. MONSOUR:
>
> Q: Would that be unethical for somebody to do that?
>
> MR. SCHOON: Object to form.
>
> THE WITNESS: I would think that that would definitely teeter on the ethics border, depending on what they were intending to do.
>
> BY MR. MONSOUR:
>
> Q: If somebody ever presented to you an opportunity to slow down the BART study, what would you tell them?
>
> MR. SCHOON: Object to form.
>
> THE WITNESS: I guess it would depend on who they were.
>
> BY MR. MONSOUR:
>
> Q: Would you tell them, that's unethical, that's not what we do?
>
> MR. SCHOON: Objection.  Form.
>
> THE WITNESS: That would definitely come up in the conversation.
>
> * * *
>
> Q: Do you believe -- simply put, Michael Beecroft's suggestion of delaying the BART study in and of itself was unethical. Don't you agree with that?
>
> MR. SCHOON: Objection. Form.
>
> THE WITNESS: I thought -- I think it was an unwise suggestion.
>
> * * *

4

> Q:   Is it unethical to market a product for uses for which it is not approved?
>
> MR. SCHOON:   Object to form.
>
> THE WITNESS:   Yes.

Deposition of Stanley Horton (Ex. B) at 307:4-308:10; *id*. at 333:12-20; *id*. at 156:13-17

Many of plaintiffs' generic experts also improperly seek to interject their personal ethical beliefs into this case. Dr. Vricella, for example, seeks to testify on Bayer's ethical obligations, separate and apart from its obligations under federal regulations:

> Q.   Are you relying on your own ideas of what is ethical to support your statement to say that Bayer should have submitted the Saint George's Study as soon as they got the data?
>
> A.   Well, it's my idea ethically, it's my concern as a clinician, and I sure think that that's what the patient would hope.
>
> * * *
>
> Q.   Did Bayer violate any FDA regulations in relating to the Saint George's Study?
>
> A.   As I told you, I'm not an FDA -- regulation expert, so I can't really tell if you there's an regulation that obligates a company to be candid about their data. I can tell you that ethically I think it is -- it is something that I hold true.

Vricella Dep. (Ex. C) at 165:10-17, 166:1-10. Dr. Eisenberg likewise seeks to impose his own personal ethical standard on Bayer:

> Q.   I understand that you think it's important. I want to understand whether you can point the jury to any source of authority, whether it's a rule, a regulation, a standard that defines or sets forth that obligation, outside of your own personal opinion.
>
> A.   Well, I don't know if it speaks to this issue, but we have had many situations in the past where drugs were thought to be beneficial. They were released. They were thought to be beneficial based on small randomized controlled trials. And they were released, and it was only when they were used in large number of patients that it became apparent that there was a problem. And I believe that it's the responsibility of the drug companies to accept that, you know, there may be a problem with the drug that's only going to be seen when it's released, and you have got to do large studies in order to look for that possibility. You know, hopefully there won't be any safety issues, but the only way to know for sure is to look.

5

* * *

> Q. I am asking you what you are using as your basis for this statement.
>
> A. You know, I would hope that there would be an ethical standard that would make the pharmaceutical company do those kinds of studies, even if there was not a regulation to do it.
>
> Q. Can you point me to any source that spells out that ethical obligation?
>
> A. No, I can't.

Eisenberg Dep. (Ex. D) at 202:24-203:21, 204:8-16. Other plaintiffs' experts have testified similarly. *See, e.g.*, Toback Dep. (Ex. E) at 173:17-174:15; Parisian Dep. (Ex. F) at 253:23-254:3.

This type of testimony should be precluded. A witness's own views on business ethics, morality and extra-legal obligations does not further the proof of any element of the claims alleged in the case. To the contrary, the core issues in this litigation necessarily turn upon *legal* standards, not moral or ethical ones. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 544 (S.D.N.Y. 2004) ("While the defendants may be liable in the court of public opinion, or before a divine authority for any ethical lapses, expert testimony as to the ethical character of their actions simply is not relevant to these lawsuits."); *Dibella v. Hopkins*, 2002 WL 31427362, at *4 (S.D.N.Y. Oct. 30, 2002) (testimony on business ethics inadmissible because the dispute was over "what happened" "not over what is ethical"); *see also Whitfield* v. *Harris*, 474 F. Supp. 2d 822, 824 (N.D. Miss. 2007) (granting defendant's motion in *limine* to preclude "arguments or references to religion 'which suggest jurors apply a standard of judgment beyond what the law requires'").[2] Any discussions regarding any purported moral or ethical duties or extra-legal obligations, therefore, are irrelevant to the outcome of the case and should be excluded.

---

[2] *Cf. Brown* v. *R.J. Reynolds Tobacco Co.*, 576 F. Supp. 2d 1328, 1347 (M.D. Fla. 2008) ("A constitutionally sound verdict must be premised on adherence to the law, and not the caprice of

6

## II.    EVIDENCE REGARDING ETHICAL OR MORAL DUTIES IS INADMISSIBLE AS LAY OR EXPERT OPINION.

Testimony about "ethical" or "moral" obligations also is inadmissible as either lay or expert opinion testimony.

*First*, it is well-settled that a non-expert witness may testify "in the form of opinions" only to the extent that the opinions are "rationally based on the perception of the witness." Fed. R. Evid. 701. That is, a lay witness is precluded from offering opinion testimony, unless the opinion is directly linked to his personal, first-hand observations, such as describing a person's appearance or behavior based on direct perception. *See*, *e.g.*, *United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999) ("[T]he opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation – for example, a witness' opinion that a person with whom he had spoken was drunk, or that a car he observed was traveling in excess of a certain speed"). Testimony regarding "moral duties" clearly falls within the range forbidden by Rule 701. It reflects the witness's opinion about subjective, abstract matters, not personal, first-hand perceptions of what the witness observed, said or did. Such opinion testimony, therefore, is inadmissible. *See id.*; Fed. R. Evid. 701; *see also Johnson* v. *Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (striking lay opinion testimony speculating about the meaning of a letter).

*Second*, plaintiff cannot sneak in moral or ethical opinions through an "expert." Testimony by an expert is subject to Rule 702, which permits expert opinions only if "scientific, technical, or other specialized knowledge" offered by that expert will assist the trier of fact. Corporate morality and business ethics are not areas of "scientific, technical, or other specialized knowledge" with which the trier of fact needs assistance to understand the evidence or determine

---

individual moral discretion.").

7

a fact in issue.  Courts routinely have excluded an expert's personal opinion on the moral duties or business ethics of pharmaceutical companies in product liability cases.  *See, e.g.*, *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1053, 1054 (D. Minn. 2007) (excluding expert opinion on whether "Bayer acted ethically, irresponsibly or recklessly" because "[p]ersonal views on corporate ethics and morality are not expert opinions"); *In re Rezulin*, 309 F. Supp. at 542-43 (excluding proposed expert opinions "concerning the ethical obligations of pharmaceutical companies and whether the defendants' conduct was ethical").[3]

Even if what is "moral" or "ethical" were a relevant consideration, the jurors are just as qualified as a putative expert to make those judgments.  An expert witness is neither needed nor permitted to help the jury reach such determinations.  *See In re Rezulin*, 309 F. Supp. 2d at 553; *In re Baycol*, 532 F. Supp. 2d at 1067.  Accordingly, evidence regarding business ethics or moral duties should be excluded.

## III. EVIDENCE OR ARGUMENT ON MORAL AND ETHICAL DUTIES WILL CONFUSE THE ISSUES AND MISLEAD THE JURY.

Moreover, any conceivable probative value of testimony or argument on these topics is outweighed by the prejudicial effect of questioning on the basis of moral, ethical or extra-legal responsibilities.  *See* Fed. R. Evid. 403.  Testimony directed to what the fair, moral, or ethical action would have been, especially when such testimony or argument bears the

---

[3] *See also In re Prempro Prods. Liab. Litig.*, 554 F. Supp. 2d 871, 879 (E.D. Ark. 2008) (precluding an expert from "talk[ing] about or refer[ing] to what an 'ethical' or 'responsible' pharmaceutical company does or would do") *aff'd in relevant part, rev'd in part on other grounds* 586 F.3d 547 (8th Cir. 2009); *Lofton v. McNeil Consumer & Specialty Pharms.*, 2008 WL 4878066, *7 (N.D. Tex. Jul. 25, 2008) (excluding physician's opinion on defendant pharmaceutical company's "ethical obligations, motive, state of mind, asserted knowledge, and alleged conduct"); *Kadlec Med. Ctr. v. Lakeview Anesthesia Ass'n*, 2006 WL 1328809, *1 (E.D. La. May 12, 2006) ("The Court remains unpersuaded by plaintiffs' arguments that expert testimony as to defendants' ethical and/or moral duties would be helpful"); *In re Diet Drugs*, MDL No. 1203, 2001 WL 454586 at *3, *9-10 (E.D. Pa. Feb. 1, 2001) (excluding testimony on "truth, honesty and integrity in the context of medical ethics") (internal quotation marks excluded).

unmistakable implication that defendants failed the test, can have only one purpose: to create confusion, causing jurors to conflate "moral" or "ethical" standards with the *legal* standards about which they will be instructed. This is archetypal "unfair prejudice" because it tends to "suggest decision on an improper basis," such as "an emotional one." *See* Fed. R. Evid. 403 cmt. Consequently, even if this evidence or argument were otherwise marginally relevant, its probative value would be outweighed by its prejudicial effect, confusion of the issues, and misleading the jury. Such evidence and argument should, therefore, be excluded. *See* Fed. R. Evid. 403; *see also In re Rezulin*, 309 F. Supp. 2d at 545 (excluding testimony regarding ethical obligations under Rule 403, where such testimony "would be likely unfairly to prejudice and confuse the trier by introducing the 'experts'' opinions and rhetoric concerning ethics as alternative and improper grounds for decision on bases other than the pertinent legal standards").

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant its Motion to preclude plaintiff from introducing evidence, testimony, or argument concerning the alleged moral, ethical or extra-legal obligations of Bayer in connection with Trasylol.

## RULE 7.1(A)(3)(a) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good

faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

Date:  February 16, 2010					Respectfully submitted,


						*/s/ Barbara Bolton Litten*
						Patricia E. Lowry
						Florida Bar No. 332569
						E-mail:  plowry@ssd.com
						Barbara Bolton Litten
						Florida Bar No. 91642
						E-mail:  blitten@ssd.com
						**SQUIRE SANDERS & DEMPSEY L.L.P.**
						1900 Phillips Point West
						777 South Flagler Drive
						West Palm Beach, FL  33401-6198
						Telephone:  561-650-7200
						Facsimile:  561-655-1509

						Philip S. Beck
						Email:  philip.beck@bartlit-beck.com
						Steven E. Derringer
						Email:  steven.derringer@bartlit-beck.com
						**BARTLIT BECK HERMAN PALENCHAR**
						    **& SCOTT LLP**
						54 W. Hubbard Street, Suite 300
						Chicago, IL  60603
						Telephone:  312-494-4400
						Facsimile:  312-494-4440

						Eugene A. Schoon
						Email:  eschoon@sidley.com
						Catherine Valerio Barrad
						Email:  cbarrad@sidley.com
						**SIDLEY AUSTIN LLP**
						One South Dearborn Street
						Chicago, Illinois 60603
						Telephone:  312-853-7000
						Facsimile:  312-853-7036

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-790-4584
Facsimile: 215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email: jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Federal-State Liaison for Plaintiffs
and Counsel for Plaintiff Anna Bryant*

David Matthews
Email: dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone: 713-222-8080
Facsimile: 713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
     O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*