**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 <br><br> THIS DOCUMENT RELATES TO: <br><br> *Anna Bryant* v. *Bayer Corp., et al.*, <br> Case No. 9:08-cv-80868 <br><br> *Naguib Bechara, et al.,* v. *Bayer Corp., et al.*, <br> Case No. 9:08-cv-80776 <br><br> *Melissa Morrill* v. *Bayer Corp. et al.*, <br> Case No. 9:08-cv-80424 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING INJURIES NOT AT ISSUE IN A GIVEN CASE**

Defendants move *in limine* and request the Court to preclude evidence, testimony, or argument regarding injuries allegedly associated with Trasylol that are unrelated to those alleged in a given case. *See* Fed. R. Evid. 401-403.

**ARGUMENT**

Each of these plaintiffs alleges specific injuries caused by Trasylol. None of these plaintiffs should be permitted to introduce evidence or argument about injuries that are not at issue in their case. Plaintiff Anna Bryant alleges that she suffered renal insufficiency and failure as a result of taking Trasylol. Am. Compl. ¶ 25. Plaintiff Naguib Bechara alleges that Trasylol caused him to suffer renal dysfunction and failure. Compl. ¶ 4. Neither of these cases involves any allegation of death or a fatal injury, stroke, or myocardial infarction. Plaintiff Melissa

Morrill alleges that her husband suffered heart attacks and heart failure, renal failure, and death as a result of the administration of Trasylol.  2d Amend. Compl. ¶¶ 33-35.

Evidence or argument about injuries not alleged in a given case—whether it takes the form of anecdotes or medical reports about others' alleged injuries, or study findings concerning any possible association between Trasylol and such unrelated injuries—is not substantially similar to the injury at issue in each plaintiff's cases, and therefore should be excluded as irrelevant.  *See* Fed. R. Evid. 401-402.  Moreover, such evidence is inadmissible for the additional reason that it would cause confusion, waste of time, and unfair prejudice to Bayer.  *See* Fed. R. Evid. 403; *Cole* v. *Crosby*, No. 505-cv-222, 2006 WL 1169536, *64 (M.D. Fla. May 3, 2006) ("a jury argument which is not directly connected to the facts of the particular case and which blatantly appeals to hoped for passion or prejudice on the part of the jury, is universally condemned as improper").

I.  **EVIDENCE REGARDING INJURIES UNRELATED TO A GIVEN CASE IS IRRELEVANT AND SHOULD BE EXCLUDED.**

Plaintiffs should not be permitted to present argument or evidence about purported injuries unrelated to the injuries actually alleged in a given case.  Fed. R. Evid. 401-402.  Evidence regarding incidents other than those underlying a plaintiff's claims is inadmissible unless the proponent of the evidence makes a showing that, *inter alia*, "conditions substantially similar to the occurrence in question caused the other accidents."  *Pinchinat* v. *Graco Children's Prods., Inc.*, No. 2:04-cv-252, 2005 WL 5960928, at *2 (M.D. Fla. Apr. 7, 2005) (collecting cases); *see also Worsham* v. *A.H. Robins Co.*, 734 F.2d 676, 689 (11th Cir. 1984) ("For the evidence to be relevant, the proponent of it must show the similarity of conditions and that the occurrences are not too remote in time."); *Hahn* v. *Sterling Drug, Inc.*,

805 F.2d 1480, 1483 (11th Cir. 1986) (per curiam) (plaintiff must "establish[] that the prior incidents occurred under conditions substantially similar to those of this case").

Accordingly, before plaintiffs could present evidence or argument about other injuries purportedly associated with Trasylol that are not directly implicated by the applicable suit's allegations, they would be required to show that the reported patient characteristics and treatment details (including, for example, the injury sustained by the patient, the dosage of Trasylol administered to the patient, other drugs administered, and the patient's medical history and risk factors for the reported injury) were "substantially similar" to the circumstances at issue in plaintiffs' cases.[1]  *See Pinchinat*, 2005 WL 5960928 at *2 (excluding evidence of other incidents where "substantial similarity" was not shown); *Miller ex rel. Miller* v. *Ford Motor Co.*, No. 2:01-CV-545, 2004 WL 4054843, at *1-2 (M.D. Fla. July 22, 2004) (same).[2]

Plaintiffs cannot make such showings.  It is well recognized that the facts of each case involving injuries allegedly resulting from the use of a prescription drug are highly specific to each individual plaintiff or patient and his or her unique medical circumstances.  *See*, *e.g.*, *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 445-46 (D.N.J. 1998) (recognizing that "Plaintiffs in these fourteen [prescription drug] cases presumably have diverse medical histories and

---

[1] These same principles require the exclusion of evidence regarding adverse event reports or case studies involving Trasylol which have no bearing on the circumstances surrounding a plaintiff's alleged injuries.  *See* Defendants' Motion *In Limine* To Exclude Evidence, Testimony, And Argument Regarding Adverse Event Reports To Prove Causation Or Comparative Risk (filed herewith).

[2] Numerous other courts have followed this approach.  *See*, *e.g.*, *Benedi* v. *McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1386 (4th Cir. 1995) (prior incidents must be "sufficiently similar"); *Johnson* v. *Ford Motor Co.*, 988 F.2d 573, 579-80 (5th Cir. 1993) (affirming exclusion where plaintiff "failed to establish any recognizable similarity between his claim and those that are the subject of the evidence at issue"); *Freund* v. *Fleetwood Enters., Inc.*, 956 F.2d 354, 360 (1st Cir. 1992) (claims "show[ed] dissimilarity sufficient to undermine the probative value of the offered [evidence]"); *Kehm* v. *Procter & Gamble Mfg. Co.*, 724 F.2d 613, 625-26 (8th Cir. 1983) (consumer complaints must meet "substantial similarity" test to be admissible).

3

alleg[ations], and therefore must present evidence to a jury of dramatically different injuries . . . . This evidence is specific and unique to each Plaintiff's case"); *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 399-400 & n.11 (S.D.N.Y. 2008) (recognizing that prescription drug cases are "inherently individualized" and turn on issues such as the "unique medical history of each patient"). Specific causation turns on "such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 146 (S.D.N.Y. 2001); *see In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 66-68 (S.D.N.Y. 2002) (cataloging the myriad of case-specific factors that make cases like those here unique).

Therefore, evidence relating to injuries different from those alleged in each of these cases is irrelevant and inadmissible. Fed. R. Evid. 401-402; *see also Marsee* v. *U.S. Tobacco Co.*, 866 F.2d 319, 322 (10th Cir. 1989) (affirming exclusion of other injury allegedly caused by defendant's product where, as here, "any inferences the jury could have drawn from [the other incident] would have been purely conjectural"); *Amatucci* v. *Delaware & Hudson Ry. Co.*, 745 F.2d 180, 183 (2d Cir. 1984) (reversing district court judgment due to improper admission of evidence that others allegedly had suffered heart attacks caused by defendant because "[t]he circumstances surrounding the other alleged heart attacks, including the personal and family medical histories of the victims, remain unknown and therefore the testimony had no probative value on the questions of the [defendant's] negligence, notice, or causation").

Nevertheless, plaintiffs have already signaled their intent to offer evidence about injuries other than those alleged in a given case. For example, in deposition testimony they have designated for use in *Bryant*, they seek to rely on evidence completely unrelated to renal failure,

4

which is the plaintiff's only alleged injury. *See* Am. Compl. ¶ 25. They seek to rely at trial on evidence concerning myocardial infarctions ("MI"), strokes and death, none of which are substantially similar to the plaintiff's alleged renal failure. *See*, *e.g.*, Maurer Dep. at 389-390 (Ex. A) (discussing a study purportedly finding "a higher incidence of MI with aprotinin . . . to go along with the higher incidence of mortality"); Harrison Dep. at 87, 161 (Ex. B) (questions about studies on "mortality or rate of death"); *id.* at 305-09 (questions about the risk of mortality and stroke); Cyrus Dep. at 119 (Ex. C) (same); *see also* Defendants' Motion *In Limine* To Exclude Evidence Or Argument Relating To The BART Mortality Finding And Subsequent Remedial Measures (filed herewith). Plaintiffs should be barred from introducing such evidence or argument. *See* Fed. R. Evid. 401-402.

## II.     EVIDENCE REGARDING IRRELEVANT INJURIES SHOULD BE EXCLUDED UNDER RULE 403.

Evidence regarding irrelevant injuries also should be excluded because it would be unfairly prejudicial and would confuse the issues. Fed. R. Evid. 403. For example, the jury might infer, incorrectly, that Trasylol's purported association with injuries in other (unrelated) persons makes it more likely Trasylol is responsible for the different injuries alleged by a plaintiff. That likelihood of confusion, in turn, would require (and entitle) Bayer to try to counter the improper inference by presenting and explaining to the jury the body of scientific evidence related to Trasylol's purported association with injuries not claimed in these cases or with mortality from various causes. Such an extensive detour is needless, would further complicate already complex trials, and would waste a substantial amount of time—an independent reason for exclusion under Rule 403. *See Olson* v. *Ford Motor Co.*, 481 F.3d 619, 623-24 (8th Cir. 2007) (affirming exclusion of evidence that would have turned the "trial 'into a whole host of 8, 10, 12, 15 mini-trials'" since "[n]o judge wants to see one trial turn into several,

5

especially when the one trial presents complex issues with which the jury may already be struggling"); *Ellis* v. *Int'l Platex, Inc.*, 745 F.2d 292, 305 (4th Cir. 1984) ("Had the complaints [of unrelated incidents] been admitted, it was likely that the trial would have been unduly prolonged while [defendant] challenged the substance of each complaint . . . . These questions were clearly tangential to the main questions facing the jury.").

This detour into irrelevant injuries also would cause unfair prejudice to Bayer. *See Cole*, 2006 WL 1169536 at *64; *Hendrix* v. *Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1502 (11th Cir. 1985) (noting that relevant evidence may be excluded where it has an "'undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one'") (quoting Fed. R. Evid. 403 advisory committee note); *see also Marsee*, 866 F.2d at 322 (holding that evidence of other injuries was unfairly prejudicial); *Amatucci*, 745 F.2d at 184 (same).

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant its motion *in limine* to preclude evidence, testimony, or argument regarding unrelated injuries allegedly associated with Trasylol.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good

faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiffs will contest this motion.

February 16, 2010                           Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

**SERVICE LIST**

**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
  **& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
  **& LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
  **& LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*
*and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
    O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: 813-223-7474
Facsimile: 813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone: 713-222-8080
Facsimile: 713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone: 214-761-6610
Facsimile: 214-761-6688
*Counsel for Plaintiff Naguib Bechara*