UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions

**BAYER'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
PLAINTIFFS' UNTIMELY EXPERT DISCLOSURES**

Bayer's motion (Docket Entry 3995) demonstrated that plaintiffs have not offered and cannot support any reason for the late disclosure of 142 documents that their experts Suzanne Parisian, M.D., and Curt Furberg, M.D., intend to rely on and discuss at trial. Plaintiffs' responsive brief (Docket Entry 4223) ("Resp.") offers no reason. In fact, plaintiffs admit that the documents are not new, and that plaintiffs have even used many of these documents in depositions of Bayer witnesses. Resp. at 5. This admission confirms that plaintiffs should have disclosed these 142 documents in their Rule 26(a)(2) expert reports served August 18, 2009, and/or on their lists of materials reviewed, which were required by this Court's orders to be served two weeks before the Parisian and Furberg depositions. Plaintiffs have offered no justification for these violations of Rule 26 and the Court's orders.

Instead, plaintiffs attempt to convey the impression that expert discovery "is still ongoing," Resp. at 5, and use that assertion to claim that Bayer is not prejudiced by their delay. This impression is misleading. The only Bayer generic expert who has not yet been deposed is Dr. Nicholas Flavahan, Professor and Director of Research in the Department of Anesthesiology and Critical Care Medicine at Johns Hopkins University Medical School in Baltimore, Maryland. Dr. Flavahan offers opinions on the pharmacological effects of Trasylol; his opinions do not

overlap at all with Dr. Parisian's proffered opinions on FDA regulations and procedures or with Dr. Furberg's claimed expertise in "research methodologies" and "drug safety."  *See* Expert Report of Dr. Nicholas Flavahan (Ex. A); Furberg Dep. at 6-7 (Ex. B).  While it is true that Dr. Flavahan's original deposition was postponed because of a family medical emergency in his native Scotland, plaintiffs fail to mention that his rescheduled deposition was postponed at plaintiffs' request due to the threat (later realized) of a major snowstorm in Baltimore.  *See* [Email exchange between Zielke and Miceli] (Ex. C).  In any event, discovery of plaintiffs' generic experts ended months ago, and the fact that Dr. Flavahan's deposition has not been completed provides no excuse for plaintiffs' late disclosure of their experts' reliance documents.

Plaintiffs also imply that there is some lingering confusion over the documents relied upon by Dr. Paul Waymack, one of Bayer's regulatory experts.  Plaintiffs rely on a quotation from Dr. Waymack's January 6, 2010, deposition that implies he reviewed certain documents after finalizing his expert report.  But later in the deposition, Dr. Waymack clarified that he actually reviewed all of these materials *before* finalizing his report, and pointed out that the documents were included on the list of materials reviewed that was attached to his report.  *See* Waymack Dep. at 220-221 (Ex. D).  That testimony ended the inquiry, and there is no "discovery process" ongoing with respect to Dr. Waymack.  Resp. at 4.

Plaintiffs' reliance on the fact that Bayer recently produced additional documents is similarly irrelevant.[1]  By plaintiffs' admission, the documents listed on Dr. Parisian's and Dr. Furberg's tardy reliance lists "are not new," Resp. at 5; in fact, as Bayer established in its opening brief, they were produced before plaintiffs' expert reports were served.

---

[1] The vast majority of Bayer's recent production was related to specific plaintiffs outside of the initial trial pool and has no bearing on the plaintiffs' generic expert reports.

2

The first trial, at which plaintiffs intend to call Dr. Parisian to testify, begins in one month. Plaintiffs cannot credibly contend that serving this brand-new list of 142 documents that purportedly support certain unidentified opinions contained within Dr. Parisian's 250-page expert report does not prejudice Bayer's ability to prepare for trial. Their offer to present Dr. Parisian for a two-hour deposition, at which Bayer would have less than a minute per document to ascertain how Dr. Parisian believes the document supports her many opinions, does not cure this prejudice. For these reasons and those in its motion, Bayer respectfully submits that this Court should strike Plaintiffs' untimely expert disclosures and preclude plaintiffs' experts from relying upon or discussing the 142 untimely disclosed documents as a basis for their opinions at trial.

February 17, 2010                                              Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail: plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
   & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                */s/ Barbara Bolton Litten*
                Barbara Bolton Litten

SERVICE LIST

In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

United States District Court
Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Scott Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*