UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928- MIDDLEBROOKS/JOHNSON

|   |   |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION-MDL-1928 | ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) |
| *Anna Bryant v. Bayer Corp. et al.,* Case No. 9:08-cv-80868 | ) ) ) |
| *Naguib Bechara, et al. v. Bayer Corp., et al.* Case No. 9:08-cv-80776 | ) ) ) |

**PLAINTIFFS' MOTION FOR CHARACTERIZATION OF CERTAIN BAYER DOCUMENTS AS BUSINESS RECORDS PER FED. R. EVID. 803(6) AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs respectfully move the Court for an order determining the characterization of certain Bayer documents as business records pursuant to Rule 803(6) of the Federal Rules of Evidence.

**I.   BACKGROUND**

Defendants have produced literally hundreds of thousands of documents in this litigation. In an effort to streamline the trials of the Trasylol cases, the Plaintiffs Steering Committee and the Bayer Counsel worked diligently and reached an agreement as to whether certain documents are authentic. However, Bayer will not agree that certain of

these documents, although produced by Bayer from Bayer's files, qualify as business records pursuant to Federal Rule of Evidence 803(6). The documents at issue essentially fall within the following seven categories:

1. Internal Bayer Notes or Summaries of Information;

2. Internal Bayer Communications;

3. Internal Bayer Presentations;

4. Bayer Communications to the Outside;

5. Bayer Notes – Meetings with Outside;

6. Reports in Bayer's Files from Outside; and

7. Outside Communications to Bayer.

Examples of these documents are attached as Exhibits 1 – 25.

## II.   ARGUMENT AND AUTHORITIES

Rule 803(6) of the Federal Rules of Evidence provides records of a regularly conducted activity, sometimes referred to as business records, are admissible as an exception to the hearsay rule as follows:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification …, unless the source of information or the

> method or circumstances of preparation indicate lack of trustworthiness.

To be admissible as a business record under Rule 803(6), "'the person who actually prepared the documents need not have testified so long as other circumstantial evidence and testimony suggest their trustworthiness.'" *United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984) (*citing Itel Capital Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1259 (11th Cir. 1983)).

With regard to documents produced by Bayer that were in Bayer's records, but were provided to Bayer by other sources, if kept in the regular course of business, the documents are also Rule 803(6) business records. *See United States v. Ullrich*, 580 F.2d 765, 770 (5th Cir. 1978). In *Ullrich*, the Fifth Circuit upheld the admission of an inventory schedule and manufacturer's statement of origin that were "integrated" into the business records of an automobile dealership even though the documents were actually created and supplied to the dealership by Ford Motor Credit Corporation. The Court stated that it was "obvious" that the documents were admissible as business records, noting that the documents were transmitted by persons with knowledge and then confirmed and used in the regular course of the dealership's business. *Id*. at 772.

There can be no dispute that Defendants Bayer Corporation, Bayer Healthcare A.G, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharmaceuticals Corporation, are pharmaceutical companies in the business of developing and marketing medications, including Trasylol. All of the documents at issue pertain to that business, in particular to

the marketing and development of their pharmaceutical product that is at issue in this case, Trasylol. All were produced by Defendants from Defendants' files and contain Bates numbers provided by Defendants. Thus, all the documents at issue should be admitted as exceptions to the hearsay rule pursuant to Rule 803(6).

Plaintiffs anticipate that Defendants will seek exclusion of all or some of these records based on *Harrington v. Disney Reg'l Entm't, Inc.*, 276 Fed. Appx. 863 (11th Cir. 2007). However, unlike the documents at issue in *Harrington*, the documents in this case were not created as part of a "special investigation" and were instead, created as part of the pharmaceutical product development and marketing business of the Bayer Defendants.

In *Harrington*, the plaintiffs, servers and buss-boy employees of ESPN Zone, filed complaints against ESPN Zone for racial discrimination. ESPN Zone, a restaurant and entertainment center, hired an outside consultant to perform an investigation into ESPN Zone's management practices regarding diversity. The report was critical of ESPN Zone's practices. The *Harrington* plaintiffs sought admission of the report as a business record exception to the hearsay rule. *Id.* at 870. The trial court excluded the report as not authenticated and as inadmissible hearsay. Id. On appeal, the Eleventh Circuit Court held that the hearsay exception of Rule 806(3) was inapplicable because "[the report] and accompanying notes were created by outside consultants in the course of a special investigation." *Id.* Further, the Court noted that the *Harrington* plaintiffs failed to

present evidence regarding the creation of the notes and, thus, failed to meet the requirement of *Rule 803(6)* that a document be kept in the regular course of business. *Id.* While ESPN Zone, a restaurant and entertainment center, was not in the business of racial discrimination or diversity training, Bayer is clearly in the business of marketing and developing drugs, particularly Trasylol. Because the documents at issue fall within rule 803(6), the documents should be admitted as exceptions to the hearing rule.

### III.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask that the Court enter an order determining that Defendants' records meet the requirements of Rule 803(6) of the Federal Rules of Evidence.

### RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for Plaintiffs hereby certifies that counsel for the Plaintiffs have made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, parties have attempted to reach an agreement and could not as of the time of filing.

DATED: February 18th, 2010.

        Respectfully submitted,


        /s/ Joseph A. Osborne
        Joseph A. Osborne
        **BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
        1641 Worthington Blvd., Suite 100
        West Palm Beach, FL  33409
        Telephone:  (561) 684-2500
        Facsimile:  (561) 684-6308
        Email:  JAOsborne@babbitt-johnson.com

        Neal L. Moskow, Esq.
        **URY & MOSKOW, LLC**
        883 Black Rock Turnpike
        Fairfield, CT 06825
        Telephone (203) 226-8088
        Facsimile  (203) 610-6399
        Email:  neal@urymoskow.com

        Edward J. Parr, Jr., Esq.
        **URY & MOSKOW, PLLC**
        1250 Connecticut Ave., NW, Suite 200
        Washington, DC 20036
        Telephone  (202) 321-8982
        Facsimile: (202) 318-3255
        Email:  tedparr@urymoskow.com

        David P. Matthews
        Julie L. Rhoades
        **MATTHEWS & ASSOCIATES**
        Texas Bar No.:  16811710
        2905 Sackett Street
        Houston, Texas 77098
        Telephone:  (713) 522-5250
        Facsimile:  (713) 535-7184
        Email:dmatthews@thematthewslawfirm.com
        jrhoades@thematthewslawfirm.com

Michael T. Gallagher
U.S. District Court Admission #5395
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:  (713) 222-0066 (fax)
Email:  PamM@gld-law.com

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I filed the foregoing document via <u>electronic filing</u> with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via Electronic Mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s/ Joseph A. Osborne
Joseph A. Osborne

**SERVICE LIST**
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email:  JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs' Steering Committee*

Patricia E. Lowry
Email:  plowry@ssd.com
Barbara Bolton Litten
Email:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email:  rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone:  203-498-4400
Facsimile:  203-782-2889
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Catherine Barrad, Esq.
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California  90013
Telephone: 213-896-6688
Facsimile: 213-896-6600
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
Shayna Cook
Email: shayna.cook@bartlit-beck.com
**BARTLIT, BECK, HERMAN, PALENCHAR**
     **& SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*