UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928- MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION-MDL-1928 | ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Anna Bryant v. Bayer Corp., et al.,* Case No. 9:08-cv-80868 | ) ) ) |
| *Melissa Morrill v. Bayer Corp., et al*, Case No. 9:08-cv-80424 | ) ) ) |
| *Naguib Bechara, et al. v. Bayer Corp., et al*. Case No. 9:08-cv-80776 | ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND
ARGUMENT REGARDING WORLD WAR II AND GERMANY'S NAZI PAST**

Plaintiffs respectfully submit this response in opposition to Bayer's motion to preclude Plaintiffs from offering evidence, testimony, or argument relating to the Third Reich, World War II, the Nazi regime, and the wartime conduct of German companies.

I.   ARGUMENT AND AUTHORITIES

A.   **Defendants' motion is impermissibly vague and fails to satisfy the fundamental requirements for motions *in limine*.**

Defendants have filed fifteen specific motions *in limine* – fourteen addressing separate "topics" and one addressing "additional" matters which has nine discrete

---

subparts. The problem with most, if not all, of the motions is that they are fundamentally flawed - seldom do Defendants identify a specific document. When a specific document is identified, Defendants merely identify a couple of documents and then attempt to bootstrap arguments relating to the exclusion of those documents to sweep in a broad, vague, and/or general categories of evidence.

The motions ignore the most fundamental concepts of motions *in limine*. While motions *in limine* may "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, without lengthy argument at the trial,"[1] it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *See Sperbera v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975), *cert. denied,* 423 U.S. 987, 96 S.Ct. 395.46 L.Ed.2d 303 (1975); *Hunter v. Blair.* 120 F.R.D. 667 (S.D.Ohio 1987).

A motion *in limine* should be denied where it is too sweeping in scope. *Sperberg,* 519 F.2d at 712; *Equity Lifestyle Props. v. Florida Mowing & Landscape Serv.*, 2006 U.S. Dist. LEXIS 22329 (M.D. Fla. Apr. 24, 2006)(motion *in limine* that did not specify evidence at issue denied as too vague for court to make a ruling). Similarly, a motion *in limine* should be denied where the moving party fails to specify the evidence it seeks to exclude with any particularity. *Wechsler v. Hunt Health Sys., Ltd.,* 381 F.Supp.2d 135, 150 (S.D.N.Y. 2003); *Starling v. Union Pac. R.R. Co.,* 203 F.R.D. 468, 482 (D.Kan.

---

[1] *Palmieri v. Defaria* 88 F.3d 136, 141 (2d Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines. Inc.,* 652 F. Supp. 1400, 1401 (D.Md.1987)).

2001). Vague and overly broad exclusion would be difficult for the Court to enforce and would prevent the party from presenting relevant evidence. *See United States v. Rosenthal*, 793 F.2d 1214, 1237 (11th Cir. 1986) (upholding the trial court's denial of motion *in limine* that was too broad, where subject matter that the movant sought to exclude was undefined); *United States v. Hicherson*, 732 F.2d 611, 613 (7th Cir. 1984) (holding in limine motion that "was far too broad to pinpoint the objectionable evidence" did not preserve the objection for appeal).

Defendants only reference a few specific items or instances of testimony that they seek to exclude per Rule 403. Otherwise, the motion is impermissibly vague and should be summarily denied. Subject to this objection, Plaintiffs respond as follows:

**B.    Plaintiffs should not be prohibited making certain references.**

A district court's decision not to exclude evidence pursuant to Rule 403 is subject to review under an abuse of discretion standard. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003. In applying Rule 403, the Court should "'look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.'" Id. (quoting *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002)(quoting *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989)).

Contrary to Defendants' assertions, at trial, Plaintiffs do not intend to conduct a World War II smear campaign" by referencing Bayer's involvement in manufacturing Zyknon B during the 1930s and 1940s, use of slave labor from concentration camps

during the war, and financial support of Auschwitz. What Plaintiffs do intend to do is seek to introduce relevant and probative evidence, and argue such evidence, regarding Bayer's own documents and present-day activities with regard to Trasylol.

For example, in preparing for the 2006 FDA Advisory meeting, in internal emails, Bayer executives discussed the retention of a public relations company to assist "as an extension" of the Bayer staff with management of the "high profile" issues associated with Trasylol. In support of and as an indication of the qualifications and credentials of this public relations company, Bayer's own executive makes follows endorsement:

> To help us prepare for the Ad Com, and also to help us manage the reputation communications around this, Markus and I have engaged a communications firm called Kekst and Company. … Kekst is a New York based firm who specialize in high profile issues management assignments -- the first work they did for Bayer was on the Holocaust settlements. They are named among the top issues management/financial management firms in the world and in the last years have actually been the top firm.

A copy of the email (produced by Bayer with Bates number Bay02716623) is attached hereto as Exhibit 1. This document and testimony related thereto, including the reference to the public relation company's handling of other recent "high profile issues" for the company is, at minimum, relevant to Bayer's state of mind. The reference is indicative of the seriousness that Bayer considered the threat to their "cash cow," Trasylol. Because it is clearly relevant and an issue raised by Defendants in Defendants'

own internal documents, it is not unduly prejudicial and should not be excluded by Rule 403.

Additionally, as a part of its contemporary marketing process, Bayer employed well respected medical professionals to act as Key Opinion Leaders, spreading news of the alleged benefits of Trasylol within the medical community. Dr. David Royston, perhaps the most highly compensated and primary Key Opinion Leader ("KOL") for Bayer, made analogy to Stalin and the Nazis in emails with Bayer executives when discussing the marketing issues arising with Trasylol.

Specifically, in an email to Bayer executives regarding information being published about Trasylol, KOL Royston stated:

> Can someone of sufficient rank in Bayer let their speakers know what is the official line on this so we can disseminate it to audiences we talk to. I hope that the hierarchy/lawyers appreciate that a bland statement that "we know nothing" is the same argument made over the years by the Nazi's, the Stalin regime, Stazi and Ba'ath party and is usually taken as an admission of guilt for their war crimes…

A copy of Dr. Royston's email (produced by Bayer with Bates number BAYSC00197121) is attached hereto as Exhibit 2. This email, too, is indicative of Bayer's state of mind in handling the mounting information regarding the danger posed by their drug.

Likewise, Plaintiffs should not be prohibited from discussing the history of the development of Trasylol, including the communications between Bayer's United States

entity and its entity in Germany. Given the vagueness of Defendants' motion, it is unclear the extent of the Germany references that Defendants seek to exclude. Communications (or lack thereof) between all of Bayer's counterparts regarding Trasylol are relevant and the fact that the company has substantial corporate management and decision-making personnel in Germany is not unduly prejudicial.

## II.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask that the Court deny Defendants' motion and allow Plaintiffs to introduce all relevant evidence.

DATED: February 26, 2010.

Respectfully submitted,

/s/ Joseph A. Osborne
Joseph A. Osborne
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  (561) 684-2500
Facsimile:  (561) 684-6308
Email:  JAOsborne@babbitt-johnson.com

Neal L. Moskow, Esq.
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone (203) 226-8088
Facsimile  (203) 610-6399
Email:  neal@urymoskow.com

Edward J. Parr, Jr., Esq.
**URY & MOSKOW, PLLC**
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone  (202) 321-8982
Facsimile: (202) 318-3255
Email:  tedparr@urymoskow.com

David P. Matthews
Julie L. Rhoades
**MATTHEWS & ASSOCIATES**
Texas Bar No.:  16811710
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 522-5250
Facsimile:  (713) 535-7184
Email:dmatthews@thematthewslawfirm.com
jrhoades@thematthewslawfirm.com

Michael T. Gallagher
U.S. District Court Admission #5395
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:  (713) 222-0066 (fax)
Email:  PamM@gld-law.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2010, I filed the foregoing document via <u>electronic filing</u> with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via Electronic Mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s/ Joseph A. Osborne
Joseph A. Osborne

**SERVICE LIST**
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email: JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Blvd., Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs' Steering Committee*

Patricia E. Lowry
Email: plowry@ssd.com
Barbara Bolton Litten
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
*Liaison Counsel for Defendants and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Scott A. Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email: rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone: 203-498-4400
Facsimile: 203-782-2889
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Eugene A. Schoon
Email:  eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Catherine Barrad, Esq.
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California  90013
Telephone: 213-896-6688
Facsimile: 213-896-6600
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
Shayna Cook
Email: shayna.cook@bartlit-beck.com
**BARTLIT, BECK, HERMAN, PALENCHAR**
    **& SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone:  312-494-4400
Facsimile:  312-494-4440
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*