UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928- MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION-MDL-1928 | ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Anna Bryant v. Bayer Corp., et al.,* Case No. 9:08-cv-80868 | ) ) ) |
| *Melissa Morrill v. Bayer Corp., et al*, Case No. 9:08-cv-80424 | ) ) ) |
| *Naguib Bechara, et al. v. Bayer Corp., et al*. Case No. 9:08-cv-80776 | ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE ADDITIONAL IRRELEVANT AND
UNFAIRLY PREJUDICIAL EVIDENCE OR ARGUMENT**

Plaintiffs respectfully submit this response in opposition to Bayer's motion to exclude "a variety of evidence, testimony, and argument" that was not addressed in one of Bayer's other motions and that is allegedly irrelevant and unfairly prejudicial.

I.   ARGUMENT AND AUTHORITIES

A. **Defendants' motion is impermissibly vague and fails to satisfy the fundamental requirements for motions *in limine*.**

Defendants have filed fifteen specific motions *in limine* – fourteen addressing separate "topics" and one addressing "additional" matters which has nine discrete subparts. The problem with most, if not all, of the motions is that they are fundamentally

Plaintiffs'Response to Defendants' Motion *in Limine*
Re:  Additional Irrelevant and Unfairly Prejudicial Evidence                                                                 Page 1

flawed - seldom do Defendants identify a specific document. When a specific document is identified, Defendants merely identify a couple of documents and then attempt to bootstrap arguments relating to the exclusion of those documents to sweep in a broad, vague, and/or general categories of evidence.

The motions ignore the most fundamental concepts of motions *in limine.* While motions *in limine* may "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, without lengthy argument at the trial,"[1] it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *See Sperbera v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975), *cert. denied,* 423 U.S. 987, 96 S.Ct. 395.46 L.Ed.2d 303 (1975); *Hunter v. Blair.* 120 F.R.D. 667 (S.D.Ohio 1987).

A motion *in limine* should be denied where it is too sweeping in scope. *Sperberg*, 519 F.2d at 712; *Equity Lifestyle Props. v. Florida Mowing & Landscape Serv.*, 2006 U.S. Dist. LEXIS 22329 (M.D. Fla. Apr. 24, 2006)(motion *in limine* that did not specify evidence at issue denied as too vague for court to make a ruling). Similarly, a motion *in limine* should be denied where the moving party fails to specify the evidence it seeks to exclude with any particularity. *Wechsler v. Hunt Health Sys., Ltd.,* 381 F.Supp.2d 135, 150 (S.D.N.Y. 2003); *Starling v. Union Pac. R.R. Co.,* 203 F.R.D. 468, 482 (D.Kan. 2001). Vague and overly broad exclusion would be difficult for the Court to enforce and

---

[1] *Palmieri v. Defaria* 88 F.3d 136, 141 (2d Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines. Inc.,* 652 F. Supp. 1400, 1401 (D.Md.1987)).

would prevent the party from presenting relevant evidence. *See United States v. Rosenthal*, 793 F.2d 1214, 1237 (11th Cir. 1986) (upholding the trial court's denial of motion *in limine* that was too broad, where subject matter that the movant sought to exclude was undefined); *United States v. Hicherson*, 732 F.2d 611, 613 (7th Cir. 1984) (holding in limine motion that "was far too broad to pinpoint the objectionable evidence" did not preserve the objection for appeal).

Further, a motion *in limine* is not a device by which the moving party may obtain summary judgment. *Bowers v. NCAA*, 563 F. Supp.2d 508. 532 (D.N.J. 2008); *Galentine v. Estate of Stekervetz.* 273 F. Supp.2d 538, 543-44 (D. Del. 2003). The purpose of a motion *in limine* is not to invade the province of the trier of fact and attempt to resolve issues of fact or weigh the evidence. *Goldman v. Healthcare Mgmt. Sys. Inc.*, 559 F. Supp.2d 853, 871 (W.D. Mich. 2008); *C & E Servs. Inc. v. Ashland Inc.,* 539 F. Supp.2d 316, 323 (D.D.C. 2008). Where a motion *in limine* seeks to exclude categories of claims or damages, it is in actuality a motion for partial summary judgment. *Point Prods. A.G. v. Sony Music Entertainment,* 215 F. Supp.2d 336, 340 (S.D.N.Y. 2002). Under those circumstances, the opposing party has not been afforded the appurtenant procedural safeguards and the nominal motion *in limine* should be denied. *C & E Servs. Inc.,* 539 F. Supp.2d at 323

Defendants only reference a few specific items or instances of testimony that they seek to exclude per Rule 403. Otherwise, the motion is impermissibly vague and should

be summarily denied. Subject to this objection, Plaintiffs further respond as follows:

**B.    Defendants' Enumerated Topics:**

**1.    Argument that compensatory damages should be used to punish Defendants or for any other purpose than to reimburse for actual losses.**

Plaintiffs agree to this portion of the motion.

**2.    Alleged Future Damages Not Reasonably Certain to Accrue.**

Without more specific information as to what particular testimony or evidence Defendants are seeking to exclude Plaintiffs in the three cases before the court cannot reasonably address this portion of Defendants' motion on behalf of all MDL Plaintiffs. Because it is impermissibly vague, this portion of Defendants' motion should be summarily denied.

Further, with regard to the three cases presently before this Court, *Bryant, Bechara*, and *Morrill*, this portion of the motion is nothing more than an attempt to re-visit the *Daubert* challenges leveled at Plaintiffs' life care and economic experts. Thus, Plaintiffs hereby incorporate by reference as if set forth in full all responses in opposition to Defendants' challenges to Plaintiffs' life care and economic experts.

**3.    Promise to give a portion of damages award to charity or evidence regarding Plaintiffs' personal financial condition.**

Plaintiffs agree not to offer testimony or argument regarding any intention to give a portion of any damages award to charity. However, each Plaintiff's financial condition,

lack of wealth, is directly relevant to the burden, financial and emotional, that the injuries and damages attributable to Trasylol place on each Plaintiff.

The cases cited by Defendants to exclude references to a plaintiff's financial situation actually do apply. Instead, all cases cited by Defendants pertain to references to a defendants' relative wealth.

In the first case relied upon by Defendants, *Love v. Wolf*, 226 Cal.App. 2d 378 (Cal. Ct. App. 1964), the appellate court held that plaintiff's counsel committed reversible error when arguing that the profits the defendant drug company made justified a finding of liability and an amount of compensatory damages. The *Love* Court observed:

> This does not mean that having elicited the evidence for a proper and limited purpose, a party's attorney may thereupon, by argument, urge its reception by the jury for an improper purpose. This is what occurred here. [Plaintiff's counsel] could have argued with propriety to the jury that a large sales volume furnished a reason or motive for overpromotion and therefore made plaintiff's evidence of the latter believable. **But he could not properly argue that the jury should allow large damages because the defendant was rich or because it could well afford to be held to absolute liability as a price for marketing chloromycetin**.

*Love*, 226 Cal App. 2d at 389 (emphasis added).

Likewise, in *Carnival Corp. v. Pajares*, the plaintiff's counsel made the following improper argument regarding the relative wealth of the defendant, Carnival Cruise Lines:

> Now, one of the most unbelievable things that I have ever heard was don't think of who's involved. As if Mr. Pajares-- Mr. Pajares, that's who's involved. This is real life. Of course you have to consider who's involved. And this is a shipping company, is also involved. The company that operates how many cruise ships; how many crew members?

*Carnival Corp. v. Pajares*, 972 So. 2d 973, 977 (Fla. Dist. Ct. App. 3rd Dist 2007). The third case relied upon by Defendants, *Spiess v. Traversa*, 375 A.2d 1007 (Conn. 1977) is another example of a plaintiff arguing that a defendant's wealth justifies a finding of liability and is likewise inapplicable.

Because each Plaintiff's financial condition is directly relevant to the burden, financial and emotional, that the injuries and damages attributable to Trasylol place on each Plaintiff, Plaintiffs should not be prohibited from offering evidence or argument regarding Plaintiffs' financial situation.

**4.     The existence of liability insurance.**

Plaintiffs agree to this portion of the motion.

**5.     References to other Trasylol litigation.**

Plaintiffs reserve the right to ask experts how much they have been paid by Defendants in connection with this and any other litigation. Such inquiry is directly relevant to the bias or prejudice of the expert witness. Aside from this caveat, Plaintiffs agree to this portion of the motion.

**6.     References to Trasylol settlements.**

Plaintiffs agree to this portion of the motion.

**7.     References about Defendants' lawyers or the number of them.**

In what appears to be a "boiler plate" request, Defendants ask that this Court prohibit references about Defendants' lawyers or the number of them. However, the specific facts of the Trasylol story and Defendants' counsel and their law firms, themselves, make this situation far from boilerplate.

With regard to the Trasylol story, when facts began to emerge to before the FDA and the public that Bayer had hidden information regarding the risks posed by Trasylol, Bayer retained a law firm to investigate (and exonerate) the company: Zuckerman Spaeder. This law firm, which bills itself on its website as "A haven for clients in trouble," "maintains a national practice with lawyers in five offices, including Washington, New York, Tampa, Baltimore, and Wilmington, DE." www.zuckerman.com/about us/. They also have a presence at 1 E. Broward Blvd., Ste. 700 in Fort Lauderdale and formerly had an office in Miami. In addition to its local and national physical presence, in 2009, the firm was honored by a Florida magazine, Florida Trend Magazine, as "Legal Elite." Even though this matter may not be discussed during trial in accordance with the court's prior order, Zuckerman Spaeder's presence in the local community requires that Plaintiffs be able to ensure that the jury pool is not tainted.

With regard to Defendants' counsel, in the Trasylol litigation, particularly the three trial-pick cases, the Defendants are represented by Phil Beck and attorneys from Bartlit, Beck, Herman, Palenchar & Scott, L.L.P.; Barbara Litten, Patricia Lowry, and

attorneys from Squire, Sanders & Dempsey, L.L.P.; Eugene Schoon, Catherine Barrad and attorneys from Sidley Austin, L.L.P.; Alan Schwartz and attorneys from Wiggin & Dana; Daniel Wyllie and attorneys from Dykema Gossett.

Phil Beck has been featured in USA Today and other publications, as has his firm, which a nationwide practice and notoriety for handling high-profile defendants. Squire, Sanders & Dempsey has at least 16 offices nationwide, including Miami, Tampa, and West Palm Beech, and 16 offices internationally. Sidley Austin also enjoys both a substantial national and international presence. Likewise, Wiggin & Dana and Dykema Gossett both handle cases nationwide.

The area from which potential jurors is drawn for this Court attracts new residents from all parts of the country, many of whom could well be from areas where one or more of the defense firms practices. Plaintiffs should be entitled to ask if any of the potential jurors are familiar with each of these law firms and the attorneys involved in these cases and whether that familiarity would be influential.

> **8.     References about Defendants' employees' attendance or non-attendance at trial; and**
>
> **9.     References to witnesses who testify by recorded deposition rather than live.**

As noted by the Court in *St. Cyr v. Flying J, Inc.*, when a defendant fails to indicate the specific absent witness defendant wishes to bar the plaintiff from referencing,

the motion should be denied. *St. Cyr v. Flying J Inc.*, 2007 U.S. Dist. LEXIS 72000 (M.D. Fla. 2007); see *Jones v. Otis Elevator Co.*, 861 F.2d 655, 659 (1lth Cir. 1988).

Generally speaking, depending on which employee, Defendants failure to bring a key employee, particularly one to address a significant issue, is a potential indicator of the lack of significance Defendants place on the issue or the trial, itself, or an indication that that witness may offer adverse testimony. The Eleventh Circuit has long recognized a presumption called the "missing witness rule." The rule provides "that if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable." *Graves v. United States*, 150 U.S. 118, 121 (1893). The rule applies whenever a witness, because of his relationship to one party, is in effect "unavailable" to the other party. *See, Jones v. Otis Elevator Co.*, 861 F.2d 655, 659 (1lth Cir. 1988)(adverse inference jury instruction against defendant for not calling as witnesses its employees with direct personal knowledge of material facts who were unavailable to plaintiff). A witness is deemed unavailable, in a practical sense, when the relationship is such that it creates bias or hostility against the opposing party. *Jones v. Otis Elevator Co.,* 861 F.2d at 659, citing *McClanahan v. United States*, 230 F.2d 919, 926 (5th Cir. 1956). The employer-employee relationship is recognized as one creating practical unavailability because of an employee's economic interests. *Jones v. Otis Elevator Co.,* 861 F.2d at 659. "When a witness is peculiarly within the control of one

party, and that witness' testimony would elucidate facts in issue, an instruction is appropriate regarding the permissible inference which the jury may draw from the party's failure to call the witness." *United States v. Nahoom*, 791 F.2d 841, 846 (11th Cir. 1986).

Because neither Plaintiffs nor the Court can ascertain whether circumstances may give rise to application of the missing witness rule, at this point and without specificity regarding which absent witness the defendant seeks to prohibit reference, Defendants motion should be denied. Likewise, it is impossible to determine whether or not a witness should have appeared live, as opposed to by deposition without the name of the witness and the vague motion should also be denied on that basis.

Further, there can be no controversy that live testimony, where the jury has the ability to better judge the credibility of a witness is preferable to deposition testimony. Plaintiffs' counsel should be allowed to reference this fact.

## II.   CONCLUSION

A district court's decision not to exclude evidence pursuant to Rule 403 is subject to review under an abuse of discretion standard. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003. In applying Rule 403, the Court should "'look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.'" Id. (quoting *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002)(quoting *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989)).

Aside from the portions of Defendants' motion to which Plaintiffs have agreed, as indicated above, Defendants' motion should be denied.

### III.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask that the Court deny Defendants' Motion and allow Plaintiffs to proceed to trial with all relevant evidence.

DATED: February 26, 2010.

Respectfully submitted,

/s/ Joseph A. Osborne
Joseph A. Osborne
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  (561) 684-2500
Facsimile:  (561) 684-6308
Email:  JAOsborne@babbitt-johnson.com

Neal L. Moskow, Esq.
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone (203) 226-8088
Facsimile  (203) 610-6399
Email:  neal@urymoskow.com

Edward J. Parr, Jr., Esq.
**URY & MOSKOW, PLLC**
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone  (202) 321-8982
Facsimile: (202) 318-3255
Email:  tedparr@urymoskow.com

>David P. Matthews
>Julie L. Rhoades
>**MATTHEWS & ASSOCIATES**
>Texas Bar No.:  16811710
>2905 Sackett Street
>Houston, Texas 77098
>Telephone:  (713) 522-5250
>Facsimile:  (713) 535-7184
>Email:dmatthews@thematthewslawfirm.com
>jrhoades@thematthewslawfirm.com
>
>Michael T. Gallagher
>U.S. District Court Admission #5395
>**THE GALLAGHER LAW FIRM**
>2905 Sackett Street
>Houston, Texas 77098
>Telephone:  (713) 222-8080
>Facsimile:  (713) 222-0066 (fax)
>Email:  PamM@gld-law.com
>
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2010, I filed the foregoing document via <u>electronic filing</u> with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via Electronic Mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>/s/ Joseph A. Osborne
>Joseph A. Osborne

**SERVICE LIST**
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email:  JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs' Steering Committee*

Patricia E. Lowry
Email:  plowry@ssd.com
Barbara Bolton Litten
Email:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email:  rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone:  203-498-4400
Facsimile:  203-782-2889
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

| | |
|---|---|
| Eugene A. Schoon<br>Email:  eschoon@sidley.com<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  312-853-7000<br>Facsimile:  312-853-7036<br>*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*<br><br>Catherine Barrad, Esq.<br>Email: cbarrad@sidley.com<br>**SIDLEY AUSTIN LLP**<br>555 West Fifth Street<br>Los Angeles, California  90013<br>Telephone: 213-896-6688<br>Facsimile: 213-896-6600<br>*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG* | Philip S. Beck<br>Email:  philip.beck@bartlit-beck.com<br>Steven E. Derringer<br>Email:  steven.derringer@bartlit-beck.com<br>Shayna Cook<br>Email: shayna.cook@bartlit-beck.com<br>**BARTLIT, BECK, HERMAN, PALENCHAR & SCOTT LLP**<br>54 West Hubbard, Suite 300<br>Chicago, IL 60610<br>Telephone:  312-494-4400<br>Facsimile:  312-494-4440<br>*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG* |