UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928 - MIDDLEBROOK/JOHNSON

|  |  |
|---|---|
| IN RE: TRASYLOL PRODUCTS LIABILITY LITIGATION - MDL 1928 | ) ) ) ) |
| This Document Relates to: | ) ) |
| *Anna Bryant v. Bayer Corp., et al.* Case No. 9:08-cv-80868 | ) ) ) ) |
| *Naguib Bechara, et al. V. Bayer Corp., et al.* Case No.: 9:08-cv-80776 | ) ) ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE ARGUMENT, EVIDENCE AND TESTIMONY NOT RELEVANT TO THE ASSESSMENT OF PUNITIVE DAMAGES**

**COME NOW** Plaintiffs and respond in opposition to Defendants'[1] Motion to Exclude Argument, Evidence and Testimony Not Relevant To The Assessment of Punitive Damages as follows:

**I.**

**INCORPORATION BY REFERENCE OF MATTERS SET FORTH IN PLAINTIFFS' CONCURRENTLY FILED OPPOSITION**

In the interest of brevity and to avoid burdening the Court with duplicative briefing, Plaintiffs hereby incorporate by reference section I of "Plaintiffs' Opposition to Bayer's Motion to Exclude Evidence and Argument Regarding Irrelevant Marketing Materials," setting forth the

---

[1] Defendants Bayer Healthcare Pharmaceuticals Inc. (as successor in interest to Bayer Pharmaceutical Corporation), Bayer Healthcare LLC, Bayer AG, and Bayer Schering Pharma AG (as successor in interest to Bayer Healthcare AG), are referenced collectively throughout this motion as "Bayer" or "Defendants."

1

appropriate standards for a motion including the requirement that the motion state with specificity the evidence for which Defendants seek exclusion.

## II.
## INTRODUCTION

[F]ederal law and the Federal Rules of Evidence govern the admissibility of evidence in a diversity action because the admissibility of evidence is a procedural matter. *Reid v. BMW of North America*, 464 F.Supp.2d 1267 (N.D.Ga. 2006), citing, *Heath v. Suzuki Motor Corp*., 126 F.3d 1391, 1396 (11th Cir.1997); *Miller ex rel. Miller v. Ford Motor Co*., No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *1-2 (M.D.Ga. July 22, 2004).

Defendants seek by this motion[2] to exclude from evidence at the trial of this matter, three (3) broad categories of "argument, evidence and testimony" based upon alleged constitutional prohibitions concerning same: (1) Defendants' harm to non-parties; (2) Defendants' out-of-state conduct; and (3) Defendants' net worth. For the reasons set forth below, Defendants' positions are not supported by law or fact, and the motion is due to be denied.

## III.
## DEFENDANTS' HARM TO
## NON-PARTIES MAY BE RELEVANT AND ADMISSIBLE EVIDENCE

Defendants' motion refers in the most general of terms to the type of evidence they seek to exclude by this motion stating only that based upon the Complaint filed in this action, they believe that Plaintiffs intend to seek recovery in this case based upon others' injuries.[3] Without referring to any piece of specific evidence that may be introduced at trial, Defendants ask the Court to preclude Plaintiffs from presenting "evidence or argument regarding alleged harm to persons other than the specific plaintiff before the factfinder." Such a request is so vague and so

---

[2] Docket Entry No. 4258
[3] Defendants' motion, p. 1-2.

broad, that it should be denied summarily. Without having more information concerning the type of evidence that Defendants seek to exclude at trial, Plaintiffs are left to speculate as to what is meant by "harm" to non-parties. Plaintiffs will, however, attempt to respond to the relief requested by the motion by showing that the premise behind Defendants' argument is flawed.

First, Plaintiffs currently do not intend to present evidence at the trial of this matter of the other Trasylol plaintiffs, and the other numerous lawsuits that have been filed against the Defendants related to their pharmaceutical drug, Trasylol. However, if the Defendants open the door to this type of evidence by arguing or suggesting that Plaintiffs' injuries are isolated incidents, Plaintiffs should be allowed to rebut those statements with evidence of the other lawsuits and plaintiffs.

Next, Defendants' blanket argument that evidence of any harm to non-parties is constitutionally prohibited is simply wrong. It is important to note that each of the cases relied upon by the Defendants to support their "due process" arguments involved post-trial appeals. However, Defendants are confusing post-trial review of an award of punitive damages with admissibility of evidence. For instance, while Defendants appear to argue that *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), creates a heightened relevance standard for the admission of evidence relating to punitive damages, this is not the import of the decision. *Campbell* specifies that a defendant "should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." 538 U.S. at 423. However, in that decision, when the Supreme Court listed five factors a court should consider in reviewing a jury's punitive damages verdict, there was no reference to a pre-trial standard for the admission of evidence:

> We have instructed courts to determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Id*. at 419. Thus, these factors apply to post-trial review of a jury's verdict, not the admissibility of evidence. *Clark v. Chrysler Corp*., 436 F.3d 594, 600-01 (6th Cir.2006); *Willow Inn, Inc. v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 232 (3d Cir.2005). Clearly, Defendants' framework for the admissibility of evidence is not supported by the case law.

Moreover, with respect to the admission of evidence of "harm to non-parties," Defendants rely upon *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S.Ct. 1057, 166 L.Ed.2d 940 (2007), for the proposition that "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Id*. at 353. In *Williams*, (another case involving post-verdict review) a cigarette smoker's widow brought suit against Philip Morris, the manufacturer of the cigarettes her husband smoked. In vacating the award for punitive damages, the Supreme Court specifically set forth an exception to the general rule concerning harm done by Defendants to non-parties, and clarified that both actual and potential harm to others are relevant and may be considered in certain instances:

> Respondent argues that she is free to show harm to other victims because it is relevant to a different part of the punitive damages constitutional equation, namely, reprehensibility. That is to say, harm to others shows more reprehensible conduct. Philip Morris, in turn, does not deny that a plaintiff may show harm to others in order to demonstrate reprehensibility. Nor do we. **Evidence of**

> **actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible**--although counsel may argue in a particular case that conduct resulting in no harm to others nonetheless posed a grave risk to the public, or the converse. Yet for the reasons given above, a jury may not go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on nonparties.

*Id.* at 355, 127 S.Ct. 1057 (emphasis added).

The Court closed by observing:

> We have explained why we believe the Due Process Clause prohibits a State's inflicting punishment for harm caused strangers to the litigation. **At the same time we recognize that conduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few.** And a jury consequently may take this fact into account in determining reprehensibility.

*Id.* at 357, 127 S.Ct. 1057 (emphasis added).

Thus, contrary to Defendants' attempt to establish a wholesale prohibition of this type of evidence, the unambiguous holding of the United States Supreme Court allows Plaintiffs in this action to present evidence of harm done to non-parties by the Defendants. Indeed, the Defendants' conduct toward third parties may be relevant and admissible on the issue of punitive damages liability *and* probative on the issues of whether Defendants' actions constituted willful misconduct or that entire want of care which would raise the presumption of conscious indifference to consequences. *See, e.g., Tomczyk v. Rollins*, 2009 WL 1044868 (N.D.Ga. 2009).

This view was adopted and implemented by the Eleventh Circuit in *Action Marine, Inc. v. Continental Carbon Inc.*, 481 F.3d 1302, 1320 (11th Cir. 2007). In that case, property owners in Georgia sued the manufacturer of carbon black alleging that the manufacturer intentionally damaged their properties. In a post-verdict review of the punitive damages award, the Eleventh

Circuit utilized the factors set forth by the United States Supreme Court in *Campbell*, supra, to determine whether the award was unconstitutionally excessive. The Court found that, "[o]f the three guideposts, the reprehensibility of a defendant's conduct is the most relevant; punitive damages imposed on a defendant should reflect 'the enormity of his offense.'" *Id.*, at 1318, citing, *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575, 116 S. Ct. 1589, 1599, 134 L. Ed. 2d 809 (1996). The Court went on to hold that evidence of harm to others (non-parties) is relevant to the issue of reprehensibility for purposes of a punitive damages award:

> We note that Continental's actions likely harmed a great number of people and businesses who are not parties to this litigation. While punitive damages may not be awarded to punish for harm inflicted on nonparties, **we may consider the risk of harm to others as part of the reprehensibility analysis**."

*Id.*, citing, *Williams,* supra, 127 S.Ct. 1057, 1063-64 (emphasis added).

In response to the subject motion, Plaintiffs are left only to suppose the kind of evidence that Defendants seek to exclude from the trial of this matter. Perhaps it is evidence of the harm that Trasylol did to others in the many scientific studies that are relied upon by the experts in this case. Perhaps it is harm that the Defendants did to others by virtue of the manner in which they manufactured, marketed and advertised other drugs in a similar fashion to Trasylol. What is clear is that evidence of this type -- that shows the Defendants' harm to others who are non-parties to this litigation -- is not to be excluded merely by the nature of the evidence itself. Rather, if it can be shown to be relevant to the issues in this case, including the issue of punitive damages, then it should be deemed admissible by the Court.

## IV.
## EVIDENCE OF DEFENDANTS' OUT-OF-STATE CONDUCT IS RELEVANT AND ADMISSIBLE

Again, Defendants' bare-boned motion provides no information about or description of the specific evidence Plaintiffs should be precluded from presenting at the trial of this matter. Moreover, the Constitutional arguments concerning evidence of "out of state" conduct do not support event the vaguest of Defendants' arguments.

Defendants rely upon *Campbell*, supra, to support their argument that "a State may not punish a defendant for out-of-state conduct."[4] The decision is not, however, as prohibitive as Defendants would like it to be. Under *Campbell*, plaintiffs may introduce evidence of Defendants' out of state conduct if it "demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious, but that conduct must have a nexus to the specific harm suffered by plaintiff." *Campbell*, 538 U.S. at 422. Out of state conduct may often be excluded under *Campbell*, but exclusion is not automatic. *Diesel Machinery, Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 839 (8th Cir.2005) (court should instruct the jury on the limited use of out of state evidence rather than exclude this category of evidence entirely); *Gonda v. Metropolitan Life Ins. Co.*, 2006 WL 2037482 (W.D.Pa. June 29, 2006) ("there is no blanket prohibition on out-of-state conduct to establish entitlement to punitive damages. Rather, so long as a nexus exists between the harm inflicted within the forum state, and [ ] out-of-state conduct, then such evidence is permissible"); *Markham v. National States Ins. Co*., 2004 WL 3019309 *5 (W.D.Okla. Dec. 27, 2004) (*Campbell* does not apply when plaintiff relies on out of state evidence in support of claim for actual damages).

---

[4] Defendants' motion, p. 6.

It would be premature to exclude all out of state evidence because, under *Campbell*, some of this evidence may be admissible at trial. For instance, felony convictions against the Defendants that have occurred out of state may be admissible under other rules of evidence, including impeachment of witness credibility.

Defendants' argument that the jury should only be allowed to consider evidence of Defendants' sales, marketing and business practices related to Trasylol in the state of Plaintiffs' residence and not other states is misplaced. Moreover, it is an incorrect application of what the United States Supreme Court stated in *BMW,* and certainly does not justify the exclusion of the evidence. In stating that "a State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasor's lawful conduct in other states," the *BMW* court was addressing a non-disclosure rule that made the defendant's conduct lawful in other states but not lawful in Alabama. In the instant case, by contrast, Defendants' conduct in designing, manufacturing, marketing and selling a defective product is tortious in *every* state. In all fifty (50) states, a product manufacturer who places a defective and unreasonably dangerous defective product into the stream of commerce and thereby proximately causes personal injury is subject to tort liability. Accordingly, it is entirely proper to consider Defendants' sales, marketing and advertising efforts wherever such sales occurred in considering Defendants' liability for punitive damages. *BMW* did not hold that only those profits generated by tortious conduct in the state may be considered by the jury as Defendants imply. The Court in *BMW* simply precluded one state from sanctioning a defendant for conduct that was lawful in other states. Certainly, willfully, wantonly or recklessly designing, manufacturing and selling an unreasonably dangerous defective product and then concealing this from the public is not conduct that is lawful in other states.

There is simply no support for Defendants' attempt to preclude the admission of the Defendants' out-of-state activities by this motion, and the same is due to be denied.

## V.
## EVIDENCE OF DEFENDANTS' NET WORTH IS RELEVANT AND ADMISSIBLE EVIDENCE

A Defendant's net worth and financial condition are relevant and admissible to establish the appropriate amount of punitive damages. *Southern California Housing Rights Ctr. v. Krug*, No. CV06-1420SJOJCX, 2006 WL 4122148, at *2 (C.D.Cal. Sept.5, 2006), citing, *City of Newport v. Facts Concerts, Inc*., 453 U.S. 247, 270 (1981) (noting that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded."); *Oakes v.. Halvorsen Marine Ltd*., 179 F.R.D. 281, 284 (C.D.Cal.1998) (evidence of net worth crucial to issue of punitive damages); *United States v. Big D Enterprises, Inc*., 184 F.3d 924, 932 (8th Cir.1999) (under federal law, evidence of defendant's financial worth traditionally admissible for purpose of evaluating amount of punitive damages).

Importantly, the Supreme Court cases concerning the imposition of punitive damages relied upon by the Defendants do not change the traditional federal rule that proof of a defendant's net worth is admissible on the issue of punitive damages. In *Campbell*, cited extensively by the Defendants in their motion, the Supreme Court quoted from Justice Breyer's concurring opinion in *BMW* that:

> "[Wealth] provides an open-ended basis for inflating awards when the defendant is wealthy .... ***That does not make its use unlawful or inappropriate***; it simply means that this factor cannot make up for the failure of other factors, such as 'reprehensibility,' to constrain significantly an award that purports to punish a defendant's conduct."

*Campbell,* supra, 538 U.S. 427-428 (emphasis added).

The Defendants contend that by allowing Plaintiffs to introduce evidence of Defendants' net worth, Plaintiffs would bias the jury against Defendants by suggesting that Defendants' size and wealth alone renders punitive damages necessary. Plaintiffs do not agree. Even if Defendant's fears were realized, the Court's post-trial review – rather than the exclusion of wealth evidence *ab initio* - provides the proper check on any improper reliance by the jury on the evidence showing Defendant's ability to pay. Plaintiffs' position is further supported by *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 449 (1993). There, the Supreme Court rejected a contention similar to Defendants' that the admission of wealth evidence might lead the jury to base its award on impermissible prejudice:

> TXO also contends that the admission of evidence of its alleged wrongdoing in other parts of the country, as well as the evidence of its impressive net worth, led the jury to base its award on impermissible passion and prejudice. (Brief for Petitioner 22-23.) **Under well-settled law, however, factors such as these are typically considered in assessing punitive damages.** Indeed, the Alabama factors we approved in *Haslip* included both. See *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991) ("(b) . . . the existence and frequency of similar past conduct; . . . (d) **the `financial position of the defendant"**).

*Id.* 509 U.S. at 473 n. 28 (emphasis added).

Likewise, and in accord with controlling legal precedent, Plaintiffs should be allowed to submit evidence of the Defendants' net worth at the trial of this matter. Defendants' motion is, therefore, due to be denied.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Exclude Argument, Evidence and Testimony Not Relevant To The Assessment of Punitive Damages should be DENIED.

DATED: March _2_, 2010

Respectfully Submitted,

/s/ Michael T. Gallagher
Michael T. Gallagher
U.S. District Court Admission #5395
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, TX 77098
Telephone (713) 222-8080
Facsimile (713)222-0066
Email:PamM@gld-law.com

Tim K. Goss
Tamara L. Banno
**FREESE & GOSS, PLLC**
3031 Allen Street, suite 100
Dallas, Texas 75204
(214) 761-6610 telephone
(214) 761-6688 facsimile
Goss39587@aol.com
tbanno@tlb-law.com

Joseph A. Osborne
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL 33409
Telephone: (561) 684-2500
Facsimile: (561) 684-6308
Email: JAOsborne@babbitt-johnson.com

Neal L. Moskow, Esq.
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone (203) 226-8088
Facsimile (203) 610-6399
Email: neal@urymoskow.com

Edward J. Parr, Jr., Esq.

**URY & MOSKOW, PLLC**
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone (202) 321-8982
Facsimile: (202) 318-3255
Email: tedparr@urymoskow.com

David P. Matthews, Esq.
Julie L. Rhoades, Esq.
**MATTHEWS AND ASSOCIATES**
2509 Sackett Street
Houston, TX 77098
Phone: 713-522-5250
Email: dmatthews@thematthewslawfirm.com
Email: jrhoades@thematthewslawfirm.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                            /s/ *Michael T. Gallagher*
                                                            Michael T. Gallagher

SERVICE LIST
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email: JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE
& LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs'
Steering Committee*

Patricia E. Lowry
Email: plowry@ssd.com
Barbara Bolton Litten
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
*Liaison Counsel for Defendants and
Attorney for Defendants Bayer Corporation,
Bayer Healthcare Pharmaceuticals, Inc., Bayer
Healthcare LLC, Bayer AG, and Bayer
 Healthcare AG*

Scott A. Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email: rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099
*Defendants Co-Lead Counsel and
Attorney for Defendants Bayer Corporation, Bayer
Healthcare Pharmaceuticals, Inc., Bayer
Healthcare LLC, Bayer AG, and Bayer Healthcare
AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone: 203-498-4400
Facsimile: 203-782-2889
*Defendants Co-Lead Counsel and
Attorney for Defendants Bayer Corporation, Bayer
Healthcare Pharmaceuticals, Inc., Bayer
Healthcare LLC, Bayer AG, and Bayer Healthcare
AG*

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Catherine Barrad, Esq.
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6688
Facsimile: 213-896-6600
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation, Bayer*
*Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer Healthcare*
*AG*

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
Shayna Cook
Email: shayna.cook@bartlit-beck.com
**BARTLIT, BECK, HERMAN, PALENCHAR**
**& SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation, Bayer*
*Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer Healthcare*
*AG*