UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION—MDL—1928 | ) ) ) ) |
| This Document Relates to: | ) ) |
| *Anna Bryant v. Bayer Corp. et al.,* Case No. 9:08-cv-80868 | ) ) ) ) |
| *Naguib Bechara, et al. v. Bayer Corp., et al.* , Case No. 9:08-cv-80776 | ) ) ) ) |
| *Melissa Morrill v. Bayer Corp., et al.,* Case No. 9:08 cv-80424 | ) ) ) ) ) |

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING IRRELEVANT MARKETING MATERIALS

COME NOW Plaintiffs and file this their "Plaintiffs' Response in Opposition to

Defendants' Motion *In Limine* to Exclude Evidence and Argument Regarding Irrelevant

Marketing Materials" and show as follows:

I.

DEFENDANTS' MOTION FAILS TO SATISFY THE FUNDAMENTAL
REQUIREMENTS FOR MOTIONS *IN LIMINE*

This most recent flurry of motions by Defendants[1] demonstrates they intend to challenge

every aspect of this litigation regardless of merit.  With respect to the two first trial group cases,

*Bryant* and *Bechara,* Defendants have (1) filed Motions for Summary Judgment; (2) filed

---

[1] Defendants Bayer Healthcare Pharmaceuticals Inc. (as successor in interest to Bayer Pharmaceutical Corporation), Bayer Healthcare LLC, Bayer AG, and  Bayer Schering Pharma AG (as successor in interest to Bayer Healthcare AG), are referenced collectively throughout this motion as "Bayer" or "Defendants".

Daubert challenges for *all* eight general experts; and (3) challenged *all* case specific experts except one.

Now, Defendants have filed fifteen (15) specific motions *in limine* – fourteen (14) addressing separate "topics"[2] and one (1) addressing "additional" matters which has nine[3] (9) subparts.  The problem with most, if not all, of the motions is that they are fundamentally flawed. Seldom do they identify a specific document.  When they do, they identify a couple of documents and then attempt to bootstrap arguments relating to the exclusion of those documents to sweep in a broad, vague, and/or general categories of evidence.

The motions ignore the most fundamental concepts of motions *in limine.* While motions *in limine* may "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, without lengthy argument at the trial"[4], it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *See Sperbera v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975), *cert. denied,* 423 U.S. 987, 96 S.Ct. 395.46 L.Ed.2d 303 (1975); *Hunter v. Blair.* 120 F.R.D. 667 (S.D.Ohio 1987).

---

[2] Defendants' Motion *In Limine* to Exclude Evidence, Testimony, and Argument Alleging that Bayer Provided Inadequate or  Incomplete Data to the Federal Food and Drug Administration, Defendants' Motion *In Limine* to Exclude Evidence and Argument Regarding the Timing of Bayer's Disclosure of the i3 Drug Safety Study and Preliminary Results from that Study, Defendants' Motion *In Limine* to Exclude Evidence, Testimony, and Argument Regarding World War II and Germany's Nazi Past, Defendants' Motion *In Limine* to Exclude Argument, Evidence and Testimony not Relevant to the Assessment of Punitive Damages, Defendants' Motion *In Limine* to Exclude Evidence and Argument Regarding Alleged Off-Label Promotion of Trasylol, Defendants' Motion *In Limine* to Exclude Evidence or Argument Regarding Unrelated Alleged Wrongful Acts, Bayer's Motion *In Limine* to Exclude Evidence and Argument that Bayer had a Duty to Comparatively Test Trasylol, Defendants' Motion *In Limine* to Exclude Evidence and Argument Regarding Animal-Based Pharmacological Studies to Prove Causation, Defendants' Motion *In Limine* to Exclude Expert Medical Testimony By Lay Witnesses, Defendants' Motion *In Limine* to Exclude Evidence and Argument Regarding Irrelevant Marketing Materials, Defendants' Motion *In Limine* to Exclude Evidence, Testimony, and Argument Regarding Adverse Even Reports to Prove Causation or Comparative Risk, Defendants' Motion *In Limine* to Exclude Evidence and Argument Regarding Injuries Not at Issue in a Given Case, Defendants' Motion *In Limine* to Exclude Evidence or Argument Relating to the Bart Mortality Finding and Subsequent Remedial Measures, and Defendants' Motion *In Limine* to Exclude Evidence or Testimony Regarding "Moral Duties" and "Business Ethics".

[3] Defendants' Motion *In Limine* to Exclude Additional Irrelevant and Unfairly Prejudicial Evidence or Argument.

[4] *Palmieri v. Defaria* 88 F.3d 136, 141 (2d Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines. Inc.,* 652 F. Supp. 1400, 1401 (D.Md.1987)).

A motion *in limine* should be denied where it is too sweeping in scope. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Equity Lifestyle Props. v. Florida Mowing & Landscape Serv.*, 2006 U.S. Dist. LEXIS 22329 (M.D. Fla. Apr. 24, 2006)(motion *in limine* that did not specify evidence at issue denied as too vague for court to make a ruling); *Weiss v. La Suisse, Societe D' Assurances Sur La Vie,* 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003). Similarly, a motion *in limine* should be denied where the moving party fails to specify the evidence it seeks to exclude with any particularity. *Wechsler v. Hunt Health Sys., Ltd.,* 381 F. Supp. 2d 135, 150 (S.D.N.Y. 2003); *Starling v. Union Pac. R.R. Co.,* 203 F.R.D. 468, 482 (D.Kan. 2001). Vague and overly broad exclusion would be difficult for the Court to enforce, and would prevent the party from presenting relevant and probative evidence. *See United States v. Rosenthal*, 793 F.2d 1214, 1237 (11th Cir. 1986) (upholding the trial court's denial of motion *in limine* that was too broad, where subject matter that the movant sought to exclude was undefined); *United States v. Hicherson*, 732 F.2d 611, 613 (7th Cir. 1984) (holding in limine motion that "was far too broad to pinpoint the objectionable evidence" did not preserve the objection for appeal).

Further, a motion *in limine* is not a device by which the moving party may obtain summary judgment. *Bowers v. NCAA*, 563 F. Supp. 2d 508. 532 (D.N.J. 2008); *Galentine v. Estate of Stekervetz.* 273 F. Supp.2d 538, 543-44 (D. Del. 2003). The purpose of a motion *in limine* is not to invade the province of the trier of fact and attempt to resolve issues of fact or weigh the evidence. *Goldman v. Healthcare Mgmt. Sys. Inc*., 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008); *C & E Servs. Inc. v. Ashland Inc.,* 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Where a motion *in limine* seeks to exclude categories of claims or damages, it is in actuality a motion for partial summary judgment. *Point Prods. A.G. v. Sony Music Entertainment,* 215 F. Supp. 2d

336, 340 (S.D.N.Y. 2002). Under those circumstances, the opposing party has not been afforded the appurtenant procedural safeguards and the nominal motion *in limine* should be denied. *C & E Servs., Inc*., supra, at 323.

## II.

## SUMMARY OF ARGUMENT

Defendants' motion seemingly addresses only (3) specific letters, yet seeks wholesale exclusion of all "other marketing and promotional materials". The three letters they do address are letters they received from the Food & Drug Administration's ("FDA") Division of Drug Marketing, Advertising, and Communications ("DDMAC"). Defendants contend that these letters and "other" Bayer marketing materials should be excluded as they are irrelevant, have nothing to do with these cases, are inadmissible hearsay, and are more prejudicial than probative pursuant to Fed. R. Evid. 403.

Defendants' motion should be denied because 1) it is procedurally flawed because it is vague and overly broad; 2) the DDMAC letters are highly relevant; 3) the DDMAC letters are admissible as squarely within the Fed. R. Evid. 803(8) "public records and reports" hearsay exception; and 4) the probative value of the DDMAC letters far outweighs any alleged prejudice or undue delay.

## III.

## ARGUMENT AND AUTHORITY

**1.     DEFENDANTS' MOTION *IN LIMINE* MUST FAIL FOR VAGUENESS AND OVERBREADTH**

In accordance with the authorities cited above, Defendants' request that this Court exclude "other irrelevant materials" and "related correspondence" without properly identifying the documents they seek excluded is too vague and overly broad for this Court to make a ruling.

4

As such, Defendants' motion should be denied as failing to meet the threshold requirements (set forth above) for such a motion.

**2.     THE DDMAC LETTERS ARE RELEVANT**

Assuming Defendants' motion does not entirely fail for vagueness, the DDMAC letters referenced in Defendants' motion are nonetheless relevant.[5]  "The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably that it would be without the evidence.'"  *United States v. La Rosa*, 236 Fed.App. 584, 588 (11th Cir. 2007) (quoting Fed. R. Evid. 401).  Relevancy determinations are "well within the broad discretion of the district courts and will not be disturbed on appeal absent a showing that the trial court abused its discretion."  *United States v. Tinoco*, 304 F.3d 1088, 1121 (11th Cir. 2002) (internal citations, quotations and brackets omitted).  Therefore, "when evidence is challenged solely on the ground that it is irrelevant, it is inadmissible only if it fails to meet the definition of Rule 401 - it must be without probative value as to any fact of consequence to the determination of the action."  *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 267 (5th Cir. 1980) (emphasis ours) (referencing Fed. R. Evid. 401) (also referencing 22 Wright & Graham, Federal Practice and Procedure: Evidence § 5221, at 309-10 (1978).

Defendants argue that the DDMAC letters should be excluded because Plaintiffs have not shown that the promotional/marketing materials to which the letters relate were received and relied upon by Plaintiffs' prescribing physicians.  Defendants therefore posit that the only possible relevance of the DDMAC letters is to prove that other persons, unrelated to these cases, reacted to these materials.  This argument is overly broad and does not properly anticipate

---

[5] The three (3) DDMAC letters at issue collectively are attached hereto as Exhibit A.

Plaintiffs' rationale; namely, that the letters are relevant to demonstrate: 1) evidence that Defendants were on notice regarding defects or inaccuracies in their marketing/promotional materials; 2) evidence that Defendants were in control of the dissemination of these materials to prescribers regarding Trasylol's safety; and 3) the issue of punitive damages.  Also, from a common sense standpoint, Defendants' argument improperly assumes that the Plaintiffs' prescribing physicians developed their respective opinions about the safety and efficacy of Trasylol in a vacuum.  In other words, without Defendants' promotional/marketing information, how would anyone outside of the Defendants know about the drug at all?

### A.     The DDMAC Letters are Relevant in Support of Punitive Damages

Plaintiffs are seeking punitive damages and the issue of punitive damages has not been bifurcated in these cases; therefore, evidence tending to meet the requisites for punitive (or "exemplary") damages is relevant. *In re Seroquel Prod. Liab. Litig.*, 2009 WL 223140 at *5. The DDMAC letters are reflective of the reprehensibility of Defendants' conduct and conscious indifference for the safety of others. As such, they are admissible in support of Plaintiffs' punitive damages claim.

### B.     The DDMAC Letters are Relevant to Show Defendants' State of Mind as to the Safety and Efficacy of Trasylol.

Defendants' state of mind is indisputably at issue with respect to notice and Plaintiffs' failure to warn claims.  Simply, the DDMAC letters at issue here are core documents revealing exactly what Defendants knew Trasylol did and did not do and how that knowledge was imparted to physicians through promotion and marketing.  In other words, Plaintiffs are not seeking introduction of this evidence to show that Defendants' promotional and marketing materials were in fact false, but instead to show that Defendants' were put on notice and therefore had knowledge that the DDMAC believed them to be so.

**C.      The DDMAC Letters are Relevant to Show Control**

The DDMAC letters also show the extent to which Defendants controlled and manipulated the content and dissemination of relevant Trasylol safety information to healthcare providers.  This factor is relevant to the issue of negligence and whether Defendants complied with the applicable standard of care with respect to the matters it disseminated to the medical community as a whole regarding the risks and benefits of Trasylol.

**D.      Defendants' Reliance on *In re Seroquel Products Liability Litigation* is Unfounded**

Defendants cite *In re Seroquel Prod. Liab. Litig.*, 2009 WL 223140 (M.D.Fla. 2009) as controlling on the admissibility of DDMAC letters.  That case is, however, distinguishable on several important fronts.  First, in *Seroquel* the plaintiffs were seeking to introduce DDMAC letters about non-Seroquel products as well as Seroquel products.  Clearly not the case here as the three DDMAC letters all relate to Trasylol.  Second, the *Seroquel* defendant's motion called into question the use of F.R.E. 404(b) - the inadmissibility of evidence of other acts to prove character.   Plaintiffs here are not making such an argument but instead point to the other contemplated relevant and admissible uses of the DDMAC letters as set forth above.  Finally, and perhaps most importantly, even the *Seroquel* court ruled that plaintiffs may use the DDMAC letters "in rebuttal if Plaintiffs establish facts that support their claim for punitive damages." *In re Seroquel Prod. Liab. Litig.*, 2009 WL 223140 at *5.   Here, the DDMAC letters are evidence tending to support Plaintiffs' claims for punitive damages.   As Defendants have not sought to bifurcate the punitive damage stage of the trial the letters are relevant during the entire trial.

In summation, the DDMAC letters are relevant for showing that Defendants were on notice regarding defects or inaccuracies in their marketing/promotional materials, that Defendants were in control of the content and dissemination of these materials to prescribers

regarding Trasylol's safety and efficacy, and that they are relevant to support Plaintiffs' claims

for punitive damages - claims that have not been bifurcated in these cases.

**3.      THE DDMAC LETTERS CLEARLY SATISFY THE FED. R. EVID. 803(8) "PUBLIC RECORDS AND REPORTS" HEARSAY EXCEPTION AND ARE THEREFORE ADMISSIBLE**

Defendants correctly anticipate Plaintiffs argument on this subject; however, incorrectly

and without basis summarily conclude that DDMAC reviewers' letters are not official reports or

formal findings of an administrative agency.  A similarly unavailing *in limine* argument was

made in *Novartis Pharmaceuticals Corp v. Teva Pharmaceuticals USA, Inc*.    The court

concluded the letters fell within the purview of the exception stated :

> The FDA is a regulatory agency.   The DDMAC conducts surveillance of marketing and advertisements and in the course of surveillance, appears to extend letters memorializing the findings and conclusions of the individual regulatory review officers monitoring the case.  Indeed, contrary to Plaintiffs' assertion that these letters are not final, at least with respect to the latter, [referencing a particular DDMAC letter and review officer], conclusions and findings are advanced with respect to promotional activities for the marketing of <u>Famvir</u>®. Therefore, such records will not be excluded as inadmissible hearsay.

*Novartis Pharmaceuticals Corp. v. Teva Pharmaceuticals USA, Inc.*, 2009 WL 3754170, *10-11

(D.N.J. 2009).   In fact, Defendants cited authorities on this issue deal with "preliminary

opinions," "proposed findings," "tentative internal reports," or "oral" or "informal" FDA

opinions - all improper characterizations of the DDMAC letters at issue here.  *See Smith v. Isuzu*

*Motors, Ltd.*, F.3d 859, 862 (5th Cir. 1998), *Toole v. McClintock*, 999 F.2d 1430, 1434-35 (11th

Cir. 1993), *United States v. Gray*, 852 F.2d 136,139 (4th Cir. 1988), and C.F.R. § 10.85(k),

respectively.   Defendants make no argument as to whether the DDMAC letters they seek to

exclude here are anything but "final"  and on their face the letters reflect nothing to the contrary.

**4.      THE DDMAC LETTERS SHOULD NOT BE EXCLUDED UNDER RULE 403**

Defendants' alternative Rule 403 argument also fails as the gravamen of the argument is that Defendants would be forced to defend themselves should the letters be found admissible; obviously an incorrect interpretation of Rule 403.  Rule 403 "favors admissibility of relevant evidence and should be invoked *very sparingly* to bar its admission," as "the rule permits the exclusion of relevant evidence only when its probative value is *substantially outweighed* by the potential for undue harm."  *Hendrix v. Raybestos-Manhattan, Inc.*, F.2d 1492, 1502 (11th Cir. 1985) (emphasis ours).  Furthermore, a court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed."  *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (citations and internal quotes omitted).  And, a Rule 403 ruling is an "extreme measure" at the pretrial stage as a substantive background is important in the decision.  *See Hines v. Consol R.R. Corp.*, 926 F.2d 262, 274 (3d Cir. 1991).

Here, Defendants appear to be arguing that Rule 403 should bar the admission of the DDMAC reports because they would be forced to introduce evidence that they complied with the recommendations found therein. If Defendants did comply, this simple offering will not cause any substantial delay and will mitigate even any arguable substantial prejudice.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion *in Limine* to exclude evidence and argument regarding allegedly "irrelevant marketing materials" should be DENIED.

DATED:  March  _2__, 2010

Respectfully Submitted,


/s/ Michael T. Gallagher
Michael T. Gallagher
U.S. District Court Admission #5395
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, TX 77098
Telephone (713) 222-8080
Facsimile (713)222-0066
Email:PamM@gld-law.com


Tim K. Goss
Tamara L. Banno
**FREESE & GOSS, PLLC**
3031 Allen Street, suite 100
Dallas, Texas 75204
(214) 761-6610 telephone
(214) 761-6688 facsimile
Goss39587@aol.com
tbanno@tlb-law.com


Joseph A. Osborne
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  (561) 684-2500
Facsimile:  (561) 684-6308
Email:  JAOsborne@babbitt-johnson.com

Neal L. Moskow, Esq.
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone (203) 226-8088
Facsimile  (203) 610-6399
Email:  neal@urymoskow.com


Edward J. Parr, Jr., Esq.
**URY & MOSKOW, PLLC**

1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone  (202) 321-8982
Facsimile: (202) 318-3255
Email:  tedparr@urymoskow.com


David P. Matthews, Esq.
Julie L. Rhoades, Esq.
**MATTHEWS AND ASSOCIATES**
2509 Sackett Street
Houston, TX  77098
Phone: 713-522-5250
Email: dmatthews@thematthewslawfirm.com
Email: jrhoades@thematthewslawfirm.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March __2__, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel or records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/   *Michael T. Gallagher*
Michael T. Gallagher

**SERVICE LIST**
**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**
**United States District Court**
**Southern District of Florida**

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
**& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email:  JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE**
**& LeCLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs'*
*Steering Committee*

Patricia E. Lowry
Email:  plowry@ssd.com
Barbara Bolton Litten
Email:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email:  rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone:  203-498-4400
Facsimile:  203-782-2889
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

13

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*


Catherine Barrad, Esq.
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California  90013
Telephone: 213-896-6688
Facsimile: 213-896-6600
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
Shayna Cook
Email: shayna.cook@bartlit-beck.com
**BARTLIT, BECK, HERMAN, PALENCHAR**
    **& SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*