UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

IN RE: TRASYLOL PRODUCTS LIABILITY

CASE NO. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

LITIGATION - MDL - 1928

JANUARY 21, 2009

Deposition of PAMELA CYRUS, a Witness, in the hereinbefore-entitled action, taken by the Plaintiffs, pursuant to Notice before Victorine Kaliszewski, a duly qualified Notary Public in and for the State of Connecticut, held at the Law Offices of Wiggin & Dana, 265 Church Street, New Haven, Connecticut on January 21, 2009.

REPORTED BY: VICTORINE KALISZEWSKI

LICENSE NUMBER: 00208



DEL VECCHIO REPORTING
(203) 245-9583

Page 3

```
 1              PAMELA CYRUS, M.D., a Witness,
 2         being examined by counsel in behalf of
 3         the Plaintiffs, being first duly sworn,
 4         deposed and testified as follows:
 5              THE REPORTER: Would you state your
 6         full name and present address for the
 7         record, please.
 8              THE WITNESS: Pamela Cyrus, Madison,
 9         Connecticut.
10
11              MR. OSBORNE:  I'll take a mini, an ASCII
12         and an E-Tran. We all represent the same
13         interests, so one transcript.
14              MR. DANDREA: So, we want the mini, the
15         ASCII, the E-tran as well.
16              VIDEOGRAPHER: On the record at 10:37 a.m.
17         This is the deposition of Pam Cyrus
18         recorded on January 21st, 2009 in New Haven,
19         Connecticut.
20         This deposition is being taken in the
21         Trasylol Products Liability Litigation and was
22         noticed on behalf of the Steering Committee,
23         the plaintiff.
24         The videotape operator is Walter Stopka of
25         Geomatrix Productions, 270 Amity Road, New
```

1    they would take into consideration for the
2    overall risk-benefit of a given patient.
3    However, CABG surgery is a very complex surgery
4    and what one may take for the benefit of a
5    product versus possible risk is a very
6    different threshold.
7  BY MR. OSBORNE:
8       Q    But, in general, you're a physician,
9  correct?
10      A    Yes.
11      Q    And cardiothoracic surgeons, obviously,
12 are practiced in a different medical specialty to
13 you, but they're physicians, correct?
14      A    Correct.
15      Q    And whether you're a neurologist or a
16 cardiothoracic surgeon, you are instructed and you
17 learn that patient safety comes first, correct?
18      A    Correct, but patient safety also includes
19 safety when you fail to intervene.
20      Q    Okay.  Bayer -- well, as a physician, you
21 have an obligation, an absolute obligation, to make
22 sure that patient safety is your number one
23 priority, correct?
24      A    That is correct.
25      Q    Okay.  Bayer has an obligation to make

Page 88

1  sure that patient safety is its number one priority,
2  correct?
3      A    It has an obligation to patient safety,
4  yes.
5      Q    And sitting here today, ma'am, in 2009,
6  was Bayer making patient safety a number one
7  priority by hiding the St. George's study and by
8  hiding this Kress study and not disclosing it to its
9  prescribing physicians, is it your testimony that
10 that was putting patient safety first?
11          MR. DANDREA:  Object to form.
12          THE WITNESS:  First, I'll comment.  I
13     object to hiding.  I don't know, you know, what
14     the intention was or wasn't, or whether this
15     was available and who it was available to.
16     Secondly, I take each study separately.  In
17     regards to the St. George's study, that data,
18     as by documents you've just shown to me, was
19     shared with the FDA in November of 2006.  After
20     November of 2006, there was a label change
21     made, the FDA had this data available when that
22     label change was made.  Furthermore, there was
23     a second advisory committee and the FDA didn't
24     warrant this to be a scientific rigor enough to
25     be a focus of that second scientific advisory

Page 255

```
 1
 2
 3                       CERTIFICATE
 4   STATE OF CONNECTICUT
 5                            ss:   New Haven
 6   COUNTY OF NEW HAVEN
 7
 8              I, Victorine Kaliszewski, a Notary
 9   Public in and for the State of Connecticut, duly
10   commissioned and qualified and authorized to
11   administer oaths, do hereby certify that I was
12   attended at the law office of      ,      ,
13   Connecticut, on     , starting at    , by counsel for
14   the respective parties as appears in the
15   herein-entitled cause and the deponent named in the
16   foregoing deposition, to wit:        ; that said
17   deponent was by me duly sworn and thereupon
18   testified as appears in the foregoing deposition;
19   that said deposition was taken stenographically by
20   me in the presence of counsel for the respective
21   parties and reduced to typewriting under my
22   direction; that the foregoing is a true and correct
23   transcript of the testimony.
24              I also certify that I am neither of
25   counsel nor attorney to either of the parties to
```

Page 256

1  said suit, nor am I an employee of either party to
2  said suit, or of either counsel in said suit, nor am
3  I interested in the outcome of said cause.
4           Witness my hand and Seal as such Notary
5  Public at New Haven, Connecticut this     day of
6     , 2009.
7
8
9
10                    _____
                      VICTORINE KALISZEWSKI
                           COURT REPORTER
11                         NOTARY PUBLIC
12
13  My Commission Expires:
14  November 30, 2010
15
16  CSR NO. 00208
17
18
19
20
21
22
23
24
25