**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 <br><br> THIS DOCUMENT RELATES TO: <br><br> *Anna Bryant* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80868, <br><br> *Melissa Morrill* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80424 <br><br> *Naguib Bechara, et al.*, v. *Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**BAYER DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE***
**TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT**
**REGARDING WORLD WAR II AND GERMANY'S NAZI PAST**

Citing multiple, specific examples of plaintiffs' campaign during discovery to smear the Bayer Defendants ("Bayer") by (falsely) accusing the company of war crimes, Bayer asked this Court to "preclude plaintiffs from introducing evidence or making arguments relating to the Third Reich, World War II, the Nazi regime, and the wartime conduct of German companies." Defendants' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Regarding World War II and Germany's Nazi Past (D.E. 4244 in 1:08-md-1928) ("Motion").

Nowhere in their response do plaintiffs present any evidence that their discovery smears are true. And nowhere do plaintiffs assert any connection between their false accusations and the safety or efficacy of Trasylol. Without any connection between the Holocaust and Trasylol,

there is no reason talk about the Third Reich, World War II, the Nazi regime, or the wartime conduct of German companies.

Plaintiffs' transparent reason for wanting to do so is to unfairly prejudice the jury against Bayer.  What is more, if plaintiffs are allowed falsely to accuse Bayer of the wrongdoing described in Bayer's motion, Bayer will be forced to defend itself by (1) presenting evidence of the post-war treaties pursuant to which Bayer AG was created after the war free of liability for such wrongdoing, (2) presenting evidence that it was not involved in the actions plaintiffs raised during discovery, and (3) presenting evidence of the leading role Bayer AG played in resolving the Holocaust-related claims of forced laborers in 2000.  Rule 403 is intended to prevent both unfairly prejudiced juries and the evidentiary sideshow and waste of time that would result if World War II-era wrongdoing becomes an issue in this trial.  For these reasons, Bayer's motion should be granted.

## I.     Bayer's Motion *in Limine* Is Specific.

Unable to link Trasylol to the crimes of the Nazi regime, plaintiffs protest that Bayer's motion *in limine* is "impermissibly vague."  Plaintiffs' Response in Opposition to Defendants' Motion *in Limine* (D.E. 4581 in 1:08-md-1928) ("Pltfs' Resp.") at 1.  Plaintiffs' protest is unfounded.  Bayer's motion identified by page and line five instances from four depositions where plaintiffs used accusations of wartime wrongdoing to smear Bayer.  Motion at 2-3. Copies of each instance were attached to Bayer's motion as exhibits A-E.  Far from being a "couple of documents" used to "bootstrap" the exclusion of "vague … categories of evidence," Pltfs' Resp. at 2, these specific examples demonstrate the scope of plaintiffs' campaign to inflame a jury against Bayer and the necessity of preventing this campaigning from extending itself into the courtroom.

Most tellingly, one of the five, specific examples Bayer cited relates to the public affairs company "Kekst," which Bayer discussed using in connection with the 2006 FDA Advisory Committee.  Motion at 3.  Bayer's motion showed how plaintiffs' counsel Brian Barr used this document "to suggest that Bayer viewed Dennis Mangano's 2006 Trasylol paper as a 'crisis' on par with issues raised by the U.S./German settlement [of Holocaust-related lawsuits]."  *Id.* Plaintiffs' response makes explicit their intention to use this very document to link Bayer to the Holocaust at trial.  Indeed, plaintiffs announce that they plan to use this document precisely as Bayer said they would:  to suggest a link between Trasylol and Holocaust settlements.  *Id.* at 4. Bayer's motion *in limine*, therefore, is not vague; it is prescient and has revealed plaintiffs' intention to do exactly what Bayer feared they would.  Rule 403 exists to prevent these kinds of inflammatory sideshows, and Bayer asks this Court to use it to prevent plaintiffs from making this trial about something other than the safety and efficacy of Trasylol.

**II.     Plaintiffs Should Be Precluded From Suggesting Links Between Trasylol and Wartime Wrongdoing.**

The "Kekst" document also underscores why references to the Holocaust have no place in this trial.  Plaintiffs claim they need to talk about Holocaust settlements to show Bayer's "state of mind" was that the 2006 FDA Advisory Committee was a "high profile issue[]."  Pltfs' Resp. at 4.  Plaintiffs, however, can make that argument without tarring Bayer with false, inflammatory associations to the Holocaust.  The document itself states that Kekst "specialize[s] in high profile issues" and notes that it "is named among the top issues management/financial management firms in the world…."  *Id.*  Everything plaintiffs need to make their "high profile" argument is in the document without resorting to Holocaust insinuations.  What is more, the record is full of other references to the "seriousness," *id.*, with which Bayer approached the 2006 Advisory

Committee meeting.  Accordingly, the unfair prejudice of Holocaust insinuations far outweighs any marginal probative value this reference might have.

Plaintiffs' second document, *id* at 5, also illustrates the necessity of granting Bayer's motion *in limine*.  This document was written by a non-Bayer employee on October 22, 2006 – almost two years after Mr. Bechara's surgery – and it requests guidance about how to handle questions about the i3 Preliminary Report.  On February 27 (D.E. 4573), this Court ruled that documents like this were irrelevant to surgeries that took place prior to Anna Bryant's surgery in March 2006, including Mr. Bechara's December 2004 surgery and Mr. Morrill's October 2003 surgery.  Because this document has absolutely zero relevance, there is no reason for plaintiffs to make arguments based on the non-employee author's reference to Nazis, Stalin, the East German secret police, or Sadaam Hussein.

Finally, plaintiffs complain that Bayer's motion would exclude "[c]ommunications (or lack thereof) between all of Bayer's counterparts regarding Trasylol…."  *Id.* at 5-6.  It is clear from the face of Bayer's motion that this is not true.  Bayer's motion did not seek to exclude relevant communications regarding Trasylol between Bayer's German and American units.  Instead, it asked this Court to "preclude plaintiffs from introducing evidence or making arguments relating to the Third Reich, World War II, the Nazi regime, and the wartime conduct of German companies."  Plaintiffs' response makes clear that plaintiffs plan to introduce such evidence at trial and that is why Bayer's motion should be granted.

**CONCLUSION**

For these reasons, and for the reasons state in its motion Bayer  respectfully request that this Court preclude plaintiffs from introducing evidence or making arguments relating to the

Third Reich, World War II, the Nazi regime, and the wartime conduct of German companies.

March 5, 2010                                   Respectfully submitted,

                                                */s/ Patricia E. Lowry*
                                                Patricia E. Lowry
                                                Florida Bar No. 332569
                                                E-mail:  plowry@ssd.com
                                                Barbara Bolton Litten
                                                Florida Bar No. 91642
                                                E-mail:  blitten@ssd.com
                                                **SQUIRE, SANDERS & DEMPSEY L.L.P.**
                                                1900 Phillips Point West
                                                777 South Flagler Drive
                                                West Palm Beach, FL  33401-6198
                                                Telephone:  561-650-7200
                                                Facsimile:  561-655-1509

                                                Philip S. Beck
                                                Email:  philip.beck@bartlit-beck.com
                                                Steven E. Derringer
                                                Email:  steven.derringer@bartlit-beck.com
                                                **BARTLIT BECK HERMAN PALENCHAR
                                                   & SCOTT LLP**
                                                54 W. Hubbard Street, Suite 300
                                                Chicago, IL  60603
                                                Telephone:  312-494-4400
                                                Facsimile:  312-494-4440

                                                Eugene A. Schoon
                                                Email:  eschoon@sidley.com
                                                Susan A. Weber
                                                Email:  saweber@sidley.com
                                                Catherine Valerio Barrad
                                                Email:  cbarrad@sidley.com
                                                **SIDLEY AUSTIN LLP**
                                                One South Dearborn Street
                                                Chicago, Illinois 60603
                                                Telephone:  312-853-7000
                                                Facsimile:  312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Richard Menard
Email: remenard@sidley.com
Peter Pfaffenroth
Email: ppfaffenroth@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 5, 2010, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.


*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

**SERVICE LIST**

**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
    **& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE,**
**P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone: 561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs and Counsel for*
*Plaintiffs Naguib Bechara and Nabila Saad*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE & GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone: 214-761-6610
Facsimile:  214-761-6688
*Counsel for Plaintiff Naguib Bechara*
*and Nabila Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*
*and Counsel for Plaintiff Anna Bryant*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone: 713-222-8080
Facsimile:  713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
***Liaison Counsel for Defendants***

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN
FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: 813-223-7474
Facsimile:  813-229-6553
***Counsel for Plaintiff Melissa Morrill***