UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 <br><br> THIS DOCUMENT RELATES TO: <br><br> *Anna Bryant* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80868 <br><br> *Melissa Morrill* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80424 <br><br> *Naguib Bechara, et al.,* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE ADDITIONAL IRRELEVANT AND
UNFAIRLY PREJUDICIAL EVIDENCE OR ARGUMENT**

Plaintiffs have agreed to half of the issues raised in Bayer's motion *in limine* to exclude irrelevant and unfairly prejudicial evidence or argument (D.E. 4245) ("Motion"). The Court should grant Bayer's motion with respect to the remaining issues, as outlined below.

As a threshold matter, plaintiffs' assertion that defendants' motion is unduly vague is refuted by their responses to each of defendants' arguments. Plaintiffs had no trouble responding to each portion of the motion. For the portions to which plaintiffs did not agree, they were able to identify relevant evidence pertinent to Bayer's point and argue why the evidence was relevant. In such circumstances, plaintiffs' arguments about vagueness should not be credited.

In any event, although motions *in limine* may be denied on vagueness grounds in certain circumstances, the issues here are ones that courts routinely dispose of before trial in order to expedite the proceedings and set ground rules in advance so that trial can proceed smoothly with a minimum of disruptions. The cases cited by plaintiffs involved motions *in limine* that, unlike here, concerned amorphous or unexplained concepts that were not readily understandable by the court before trial. For example, the Eleventh Circuit upheld the denial of a motion *in limine* to exclude evidence concerning a so-called "CIA defense" where the trial judge was "'not sure what the government means by the CIA defense or what I understand the CIA defense or what the defendants CIA defense what they mean by that or we all mean the same thing.'" *United States* v. *Rosenthal*, 793 F.2d 1214, 1237 (11th Cir. 1986) (quoting district court's oral ruling). Similarly, the Seventh Circuit held a motion to exclude "any evidence at the trial of this cause regarding any facts not directly related to the issue being tried" to be unduly broad. *United States* v. *Hickerson*, 732 F.2d 611, 613 (7th Cir. 1984). And in *Equity Lifestyle Properties, Inc.* v. *Florida Mowing & Landscape Service*, Nos. 05-165 & 05-187, 2006 WL 1071997, *2 (M.D. Fla. Apr. 24, 2006), the district court rejected as too broad a motion "to exclude evidence of violations of the Florida Unfair and Deceptive Trade Practices Act because no such claim was alleged in the Second Amended Complaint."

These cases have no application to Bayer's targeted motion. Bayer has identified particular kinds of evidence and argument and has articulated the specific reasons for each request for exclusion. Bayer's motion thus serves the purpose of pre-trial motions *in limine*, which is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy

argument at, or interruption of, the trial." *Royale Green Condo. Ass'n, Inc.* v. *Aspen Specialty Ins. Co.*, No. 07-21404, 2009 WL 2208166, *1 (S.D. Fla. July 24, 2009).

## AREAS OF AGREEMENT

Bayer understands that the parties have come to an agreement[1] as to the following matters addressed in Bayer's motion:

**1. Argument that compensatory damages should be used to punish defendants or for any other purpose than to reimburse for actual losses.** Plaintiffs agree not to present such argument.

**3. Promise to give a portion of damages award to charity and evidence regarding plaintiff's personal financial condition.** Plaintiffs agree not to offer testimony or argument regarding any intention to give a portion of any damages award to charity. Bayer agrees that objections to plaintiffs' personal financial conditions may best be resolved in context during trial, and it therefore reserves the right to object during trial to any irrelevant or prejudicial evidence regarding plaintiffs' financial condition.

**4. The existence of liability insurance.** Plaintiffs and Bayer agree not to mention the existence of liability insurance. Bayer does reserve the right, however, to offer evidence that plaintiffs' insurer—and not plaintiffs themselves—paid for the Trasylol administered to Mr. Bechara, in order to show that the *Bechara* plaintiffs have not suffered an

---

[1] On February 23, 2010, defendants' counsel met with counsel for the plaintiffs in both *Bryant* and *Bechara* and reached agreement as to the following categories of evidence. By email of March 4, 2010, Tim K. Goss, counsel for the *Bechara* plaintiffs, reconfirmed this agreement. Counsel for *Morrill* did not file a separate response to this motion; the response filed in *Morrill* is identical to that filed in the other two above-captioned matters, and was signed by plaintiffs' counsel in *Bryant* and *Bechara*. Plaintiffs' Response in Opposition to Defendants; Motion in Limine to Exclude Additional Irrelevant and Unfairly Prejudicial Evidence or Argument (D.E. 4583 in 8:01-1928; D.E. 154 in 9:08-cv-80868-DMM (*Bryant*), D.E. 113 in 9:08-cv-80424-DMM (*Morrill*), D.E. 112 in 9:08-cv-80776 (*Bechara*)) ("Resp."). Accordingly, Bayer did not specifically consult with plaintiff's counsel in *Morrill*, but presumes that their position is the same given the involvement of the Plaintiffs' Steering Committee in the briefing. In case there has been any misunderstanding by defendants about the scope of agreement, however, Bayer reserves the right to respond.

ascertainable loss as required by California's Unfair Competition Law, and therefore do not have standing to bring their claim for violation of that law. *See* Compl. at Count VIII, *Bechara, et al.,* v. *Bayer Corp., et al.*, No. 08-80776 (S.D. Fla. filed July 15, 2008).

    5. **References to other Trasylol litigation.** Plaintiffs and Bayer agree that such references should not be allowed, except that both sides may question expert witnesses about their work on other Trasylol cases and how much they have been or will be paid in connection with this case, other Trasylol cases, or any other litigation. *See, e.g.,* Eleventh Circuit Pattern Jury Instructions (Civil Cases), No. 5.2 ("When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.").

    6. **References to Trasylol settlements.** Plaintiffs and Bayer agree not to address settlements of cases alleging that Trasylol caused or contributed to a plaintiff's injuries.

    Bayer notes, however, that this agreement does not extend to evidence or argument about any settlement between plaintiffs and third parties. As argued in Bayer's response in *Bechara, et al.* v. *Bayer Corp., et al.* to Plaintiffs' Motion in Limine to Exclude Evidence of Settlement Agreement and Plaintiffs' Position in Prior Arbitration Proceeding [D.E. 4378], the fact and amount of plaintiffs' settlement with Kaiser in their medical malpractice arbitration proceeding are relevant to the set-off of economic damages required by California law. Cal. Civ. Proc. Code § 877 (2009); *Slaven* v. *BP Am., Inc.*, 958 F. Supp. 1472, 1476 (C.D. Cal. 1997). Plaintiffs received $900,000 in exchange for a release of claims against Kaiser that Kaiser's negligence caused Mr. Bechara's kidney injury. The *Bechara* matter clearly fits within the purview of § 877, and defendants are entitled to a set-off of any economic damages awarded

by the jury. Accordingly, defendants should be entitled to introduce evidence of the existence and amount of the settlement to the jury with instructions that the jury should deduct the amount previously paid to the plaintiffs from any recovery of economic damages allowed the plaintiffs in this Court. *See, e.g., Barker* v. *Fleetwood Enters., Inc.*, No. A094058, 2002 WL 453931, *7-8 (Cal. Ct. App. Mar. 26, 2002); *Steele* v. *Hash*, 212 Cal. App. 2d 1, 2-4 (Cal. Dist. Ct. App. 1963). In the alternative, the Court should at the very least inform the jury of the fact of settlement and then calculate the amount of the set-off itself. *See, e.g., Piedra* v. *Dugan*, 123 Cal. App. 4th 1483, 1491-92 (Cal. Ct. App. 2004).

       **7. References to Bayer's lawyers or the number of them (partial agreement).** Plaintiffs appear to agree with Bayer that references to Bayer's lawyers may not be made "during trial." Resp. at 7. That necessarily includes opening and closing statements and the introduction and presentation of witnesses. Plaintiffs, however, contend that lawyers may be identified during *voir dire* in order to facilitate the selection of an impartial jury. Bayer agrees that limited references to trial counsel are permissible during *voir dire* to ensure an untainted jury, and each side should be allowed a degree of latitude in that regard. Such references, however, should be limited to the lawyers who will be present in the courtroom during trial. As noted below, the Court should place appropriate limits on the scope of these questions.

## AREAS OF DISAGREEMENT

       The parties have not been able to reach agreement on the following parts of Bayer's motion:

       **2. Alleged future damages not reasonably certain to accrue.** Contrary to plaintiffs' assertion, Resp. at 4, this part of Bayer's motion is not vague, but is clear and specific: Bayer seeks exclusion of "evidence of future damages that are not reasonably certain to accrue."

5

Motion at 2.  For example, evidence related to a possible future dialysis kidney transplant for plaintiff Bechara would be inappropriate because no doctor has asserted that he will need dialysis in the future, he is not even on a list of transplant candidates nor is there any certainty that he will ever be placed on a list, be selected, and ultimately receive a transplant.  *But see Bechara* Deutsch Expert Report, Tab B, pp. 20-21 (including cost of $78,000 to $234,000 per year for dialysis and $310,000 to $360,000 for kidney transplant).  As Bayer demonstrated, such speculation about future expenses does not constitute a permissible basis for recovery of damages.  *See* Motion at 2-3 (citing authorities).  Plaintiffs do not challenge the authorities cited by Bayer, and they cite no contrary authorities.

Plaintiffs' assertion that this part of Bayer's motion "is nothing more than an attempt to revisit the *Daubert* challenges leveled at Plaintiffs' life care and economic experts," Resp. at 4, is likewise incorrect and, in any case, irrelevant.  Here, Bayer is not targeting testimony or other evidence for failure to comply with Rule 702, but instead seeks the exclusion of evidence that is speculative and irrelevant—whether or not offered through an expert witness.  The fact that there is some overlap between this category of evidence and certain evidence that plaintiffs' experts may rely on has no bearing on the merits of Bayer's argument in this motion.  In sum, plaintiffs have not offered a response to the substance of defendants' showing.

**7. References to Bayer's lawyers or the number of them (partial disagreement).**  As stated above, the parties agree that references to Bayer's attorneys or statements about the number of lawyers should not be made during trial, and that only during *voir dire* should Bayer's trial counsel be specifically referenced in order to facilitate the selection of an impartial jury.  Resp. at 7-8.  Plaintiffs should not be allowed to use *voir dire* as a vehicle to inject commentary about the size of the law firms retained by Bayer, the firms' "nationwide

practice," Resp. at 8, the number of offices they have, or the clients and industries Bayer's lawyers have represented. *Id.*; *see Brown* v. *Arco Petroleum Prods. Co.*, 552 N.E.2d 1003, 1005-06 (Ill. App. Ct. 1990) (finding reversible error due to plaintiff's counsel asking potential juror if he knew "any of the 150 attorneys at defendant's law firm").

For related reasons, *any* reference to the Zuckerman Spaeder law firm should be forbidden. That firm has never acted as Bayer's counsel for this litigation. On the contrary, as this Court is well aware, the Zuckerman Spaeder firm was retained several years ago, before the litigation even started, to conduct an independent investigation into the i3 matter—an investigation that has long since concluded, and evidence about which this Court has already circumscribed. *See* Bayer's Motion for Protective Order [D.E. 1474] at 5-6; Order Granting Motion for Protective Order [D.E. 2003] at 3-4. Moreover, the subject of that investigation—the i3 study and the circumstances of its disclosure to the FDA—has already been excluded by the Court. *See* Hr'g Tr. 93:14-15, *In re Trasylol Prods. Liab. Litig.*, MDL 1928 (S.D. Fla. Feb. 26, 2010). Accordingly, because there is no legitimate purpose for referring to the Zuckerman Spaeder firm or any of its lawyers during *voir dire* or otherwise, all such references should be categorically barred.

**8. References to Bayer employees' attendance or non-attendance at trial.**
Bayer moved to preclude plaintiffs from commenting on whether its "employees are or are not present at the trial *as non-witnesses*." Motion at 5 (emphasis added). Plaintiffs appear to concede that such references are impermissible, as they do not even respond to this motion as stated, but instead focus exclusively on live and deposition *testimony* at trial by Bayer witnesses. Resp. at 8-10. That issue is addressed below.

**9. References to witnesses who testify by recorded deposition rather than live.** Bayer seeks to preclude plaintiffs "from suggesting that the jury should treat recorded testimony any differently than live testimony, or that the jury may draw any adverse inferences about witnesses . . . who do not give live testimony." Motion at 5-6. Plaintiffs' opposition does not address that issue. Instead, plaintiffs focus on the irrelevant and unrelated "missing witness rule." Resp. at 9. Under that rule, "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate [a] transaction, the fact that he does not do it creates the presumption that the testimony . . . would be unfavorable." *Graves* v. *United States*, 150 U.S. 118, 121 (1893). As the Eleventh Circuit has held, this rule only applies where a witness is practically unavailable and his testimony would be relevant and noncumulative if presented to the jury. *Jones* v. *Otis Elevator Co.*, 861 F.2d 655, 659 (11th Cir. 1988). Yet, notwithstanding plaintiffs' argument, Resp. at 9, there are *no* missing Bayer witnesses at issue here. Binding circuit precedent establishes that where a company witness testified at a deposition, the rule does not apply, since the witness is "equally available" to both sides. *Labit* v. *Santa Fe Marine, Inc.*, 526 F.2d 961, 963 (5th Cir. 1976) (where defendant's employee testified at deposition, the rule did not apply even though witness was not called to testify live at trial); *see also, e.g., Latin Am. Music Co.* v. *Am. Soc'y of Composers Authors and Publishers*, 593 F.3d 95, 102 (1st Cir. 2010) (rejecting application of the rule because witness "was not missing in the classic sense. Although he did not testify in person, he testified in a deposition in which he was questioned by LAMCO's counsel. This deposition was videotaped and shown to the jury."). Indeed, in none of the cases cited by plaintiffs was the "unavailable witness" deposed. In short, plaintiffs' invocation of this rule has no bearing on the point of this motion. *Cf. Jones*, 861 F.2d at 659 n.4 (questioning whether the rule even remains valid in modern trial settings).

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this motion be granted, as addressed above.

March 5, 2010                                              Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail: plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Peter C. Pfaffenroth
Email:  ppfaffenroth@sidley.com
Adam C. Doverspike
Email:  adoverspike@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:  202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:  313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:  412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

**SERVICE LIST**

**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-790-4584
Facsimile: 215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
Joseph A. Osborne
Email: jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs and Counsel for Plaintiffs Naguib Bechara and Nabila Saad*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone: 713-222-8080
Facsimile: 713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Scott A. Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Federal-State Liaison for Plaintiffs and Counsel for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: 813-223-7474
Facsimile: 813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE & GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara and Nabila Saad*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-535-7184
*Attorneys for Plaintiff Anna Bryant*