UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928- MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION-MDL-1928 | ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Anna Bryant v. Bayer Corp., et al.,* Case No. 9:08-cv-80868 | ) ) ) |
| *Melissa Morrill v. Bayer Corp., et al*, Case No. 9:08-cv-80424 | ) ) ) |
| *Naguib Bechara, et al. v. Bayer Corp., et al.* Case No. 9:08-cv-80776 | ) ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
<u>UNRELATED ALLEGED WRONGFUL ACTS</u>**

Plaintiffs respectfully submit this response in opposition to Bayer's Motion *In Limine* to exclude Evidence or Argument regarding Unrelated Alleged Wrongful Acts.

**I.**

**<u>ARGUMENT AND AUTHORITIES.</u>**

A.  Introduction.

"'Relevant evidence' means evidence having <u>any tendency</u> to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In applying Rule 403 to relevant evidence alleged to be unduly prejudicial, the Court should "'look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.'"

1

*United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003)(quoting *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002)(quoting *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989)). A district court's decision not to exclude evidence pursuant to Rule 403 as unduly prejudicial is subject to review under an abuse of discretion standard. *Jernigan*, 341 F.3d at 1284.

Defendants' motion fails because the events Bayer characterizes as "unrelated" and "allegedly wrongful" is relevant and admissible for three primary reasons: 1) for impeachment of Bayer's witnesses pursuant to Rule 609; 2) Bayer's state of mind and financial motive regarding marketing and the desire and need to profit from Trasylol, sometimes referred to by Bayer's employees as it's "cash cow;"[1] 3) to show Bayer's intent and common plan or scheme pursuant to Rule 404(b); 4) as evidence punitive damages because regardless of risks, as is its habit and custom, Bayer aggressively marketed its dangerous drug, putting profits over patient safety.

**B.     Defendants' Criminal History.**

Defendants are no strangers to criminal charges and convictions. A sampling of these convictions includes the following:

In 2001, Bayer paid $14 million to end a Justice Department investigation of price manipulation and Medicaid fraud arising from its marketing and sales practices.[2]

---

[1] Trasylol is derived from bovine lung tissue, apparently leading Bayer employees to use the cow reference.
[2] In re Pharmaceutical Industry Wholesale Price Litigation; No. 01-cv-12257; In the United States District Court, District of Massachusetts.

In 2003, Bayer Corporation was charged with and pled guilty to 21 U.S.C. sections 331(p), 333(a)(2)(1), and 360(j), "failure to list drug with the FDA" in connection with the marketing and sale of its prescription medication Cipro.[3] The guilty plea included an assessment of $400 and a fine of $5,590,800 against Bayer Corporation.

In December 2004, Bayer Corporation and Bayer AG, along with two Bayer executives, pled guilty by voluntary agreement to conspiracy, the purpose of which was to suppress and eliminate competition through pricing of the companies' adipic-based polyester polyols sold in the United States and elsewhere.[4] The sentence at to Bayer Corporation was a fine of $33,000,000.

2007 was a particularly busy year for Bayer's criminal counsel. In 2007, Bayer Corporation was charged with violations (occurring from 2003 forward) of a 1991 cease and desist order[5] that prohibited certain misrepresentations and unsupported claims made in connection with marketing and sales of multivitamin and dietary supplement products.[6] Bayer again agreed to an adverse judgment and this time, was assessed a penalty of $3,200,000.

Also in 2007, Bayer Corporation entered into an Agreed Final Judgment regarding improprieties in connection with the marketing and sale of its prescription medication Yaz.[7]

---

[3] United States of America v. Bayer Corporation; No. 03-cr-10118; In the United States District Court, District of Massachusetts. Judgment was entered May 14, 2003.

[4] United States of America v. Bayer AG; No. CR 04-0331; In the United States District Court, Northern District of California, San Francisco Division. Plea Agreements filed December 8 and 9, 2004 (Bayer AG) and May 24, 2005 (Bayer Corporation).

[5] The cease and desist order was against Miles Inc., Bayer Corporation's predecessor.

[6] United States of America v. Bayer Corporation; No. 07-01; United States District Court, District of New Jersey. Consent Decree signed January 3, 2007.

[7] State of Tennessee v. Bayer Corporation; No. 07C227; In the Second Circuit Court for Davidson County, Tennessee, Twentieth Judicial District at Nashville. [Exhibit 1].

Again in 2007, Bayer entered into another Final Judgment and Agreed Permanent Injunction, this time in connection with marketing conduct from 1997 to 2001 involving the prescription medication Baycol.[8]

Bayer also entered into a Consent Decree in 2007[9] regarding violations of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.  The allegations arose from EPA response actions that commenced in 1990 at the Himco Dump Superfund Site in Elkhart, Indiana.

In 2008, Bayer Healthcare LLC again reached another settlement with the Department of Justice.  This time, the allegations arose from Bayer's marketing efforts with Medicare between 1998 and 2002 for its diabetes care supplies.

### C. Impeachment of Bayer's anticipated testimony regarding the company.

Plaintiffs anticipate that Bayer witnesses will repeatedly testify that Bayer is a good company, follows the law, or that their primary purpose is patient health or safety.  Edwin Tucker, Vice President of Pharmacovigilance for Bayer, the person responsible for processing safety information in the United States, testified that his "primary role is for patient safety and to ensure that we represent information with regards to safety to our prescribers and to our patients to maximize the patient safety." [Exhibit 3, Tucker 13:4 – 8 (emphasis added)].  He further testified:

> Q.   So, if I'm looking at your job, the most important thing in your job is patient safety.  Fair statement?

---

[8] State of Texas v. Bayer Corporation; No DC-07-05554; In the District Court of Dallas County, Texas, 14th Judicial District. [Exhibit 2].
[9] United States of America and State of Indiana v. Bayer Healthcare LLC, et al; No. 2:07-cv-304; In the United States District Court for the Northern District of Indiana, South Bend Division.

> A. I would regard that as my primary role, yes.
>
> Q. Okay. At Bayer, what's more important, profits or patient safety?
>
> A. We don't differentiate between those. **Patient safety is our primary goal**.
>
> Q. So, when you say you don't differentiate between them, does that mean that profits are right up there with patient safety?
>
> A. No. **Patient safety is our primary goal**.

[Exhibit 3, Tucker 35:13 – 36:5 (emphasis added)].

Further, in 2004, in addressing the importance of reporting adverse events, Dr. Tucker[10] issued an email, as Head of Drug Safety for Bayer Corporation U.S., describing the company "as an ethical company, we are dedicated to patient safety and ensuring compliance with all regulations relating to patient safety." [Exhibit 4 (BAYCS00264891 - 92)]. This email was sent to Bayer sales representatives who called on doctors to market and increase sales of Trasylol.

Likewise, Pam Cyrus,[11] former Bayer Director of Medical Science and current Bayer Vice President, U.S. Medical Affairs, testified:

> Q. Okay. Bayer has an obligation to make sure that patient safety is its number one priority, correct?
>
> A. It has an obligation to patient safety, yes.

[Exhibit 5, Cyrus (Vol. I) 87:25 – 88:4].

These are but a few examples of the statements Plaintiffs anticipate that Bayer will make regarding Bayer's emphasis on patient safety or Bayer's compliance with legal requirements.

---

[10] Defendants have indicated that Dr. Tucker will testify live at trial.
[11] Defendants have also indicated that Pam Cyrus will be at trial.

5

Defendants citation to *Walden v. Georgia-Pacific Corp.*, does not apply to prohibit impeachment of the type of testimony quoted above. In Walden, an employment law case, the plaintiff sought to impeach corporate witnesses, generally, with their employer corporation's conviction for tax evasion. The testimony by the employees was entirely unrelated to tax evasion. In the instant case, the convictions are admissible to impeach corporate witnesses who testify that the company is a "good company" or "places patient safety over profits" or "does not violate FDA safety mandates when marketing" or other testimony similar to that quoted above. See Fed. R. Evid. 405 (once a party "opens the door" to reputation or character evidence on direct examination, inquiry is allowed into "relevant specific instances of conduct" that rebut or impeach that evidence).

Additionally, "a corporation's vicarious representations, through a representative, can be impeached by evidence of a prior corporate conviction." *Stone v. C.R. Bard, Inc.*, 2003 U.S. Dist. LEXIS 22035 (S.D.N.Y. Dec. 8, 2003). As observed by the Eastern District of Tennessee,

> Because a corporation speaks through its officers, employees, and other agents, however, it stands to reason a corporation can be a vicarious witness. The Court concludes, therefore, Rule 609 allows the use of a corporation's felony conviction to impeach the corporation's vicarious testimony.

*Hickson Corp. v. Norfolk S. Ry. Co.*, 227 F. Supp. 2d 903, 907 (E.D. Tenn. 2002).

**D.    Criminal Convictions are Admissible under Rule 404(b).**

Extensive United States Supreme Court case law explicitly states that "corporations should be treated as natural persons for virtually all purposes of constitutional and statutory analysis." *See Wilson v. Omaha Indian Tribe,* 442 U.S. 653, 667 (1979). Furthermore, unless the statute indicates otherwise, the word "person", "for purposes of statutory construction…is

6

normally construed to include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." *Id.; City of Oklahoma City v. Tuttle,* 471 U.S. 808, 835 (1985); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978); *Owen v. City of Independence,* 100 S.Ct. 1398, 1410, 445 U.S. 622, 639 (1980). Moreover, there is no wording or phrase within Rule of Evidence 404(b) which would lead the average, reasonable person to believe that "person" cannot be construed to include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals. Therefore, Rule of Evidence 404(b) applies to the Defendants in the instant action.

Defendant's inaccurately cite to *Miller v. Ford Motor Co.* as mandating exclusion of the Bayer's wrongful acts in this case. See Defendants' Motion at 3. In *Miller*, plaintiffs sought admission of statistics arising from other, unrelated rollover accidents. In the instant case, Bayer's prior wrongful acts arise from its sales and marketing conduct – the very conduct at issue in this case. *See Estate of Miller v. Ford Motor Co.*, 2004 U.S. Dist. LEXIS 29846 (M.D. Fla. July 22, 2004). Thus, *Miller* is inapplicable.

**E.     Punitive damages.**

Evidence regarding Defendants' disregard for safety, as evidenced by its criminal convictions arising from its sales and marketing activities, is both relevant and admissible towards punitive damages. For brevity, Plaintiffs hereby incorporate by reference as if set forth in full Plaintiffs' Response to Defendants' Motion to exclude Evidence, Argument, and Testimony not Relevant to the Assessment of Punitive Damages.

**F.     More probative than prejudicial.**

Bayer's argument to exclude under Rule 403 is groundless. The language of Rule 403 is clear: "Relevant evidence will not be excluded unless its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The evidence regarding convictions for improprieties arising from Defendants' marketing and promotion is necessary to demonstrate Bayer's financial incentive and motive for placing profits over patient safety and habit and practice of placing profits over patient safety. Clearly, these are not facts that could mislead or confuse anyone, but instead is the truth that shows Bayer's philosophy that the risk to their patient population is outweighed by the monetary gain and Bayer's habit and practice of acting pursuant to that philosophy. Therefore, the probative value of such evidence far outweighs any the danger of misleading or confusing the jury.

While it should go without saying that all evidence is adverse to some party and thus prejudicial, evidence is only inadmissible if it creates "undue" prejudice so that it threatens an injustice. *See Bendi v. McNeil-P.P.C., Inc.,* 6 F.3d 1378, 1385 (4th Cir. 1995) (explaining how the probative values of certain reports was not outweighed by the danger of unfair prejudice, because the reports were highly probative on the issue of notice and defendant was free to offer testimony rebutting their significance). It would certainly be an injustice if the Plaintiffs were not allowed to offer evidence regarding Bayer's improper activities for the relevance discussed above. The danger of causing any unfair prejudice in this instance does not substantially outweigh the clear probative value of the evidence challenged by Bayer. Thus, it should be admitted.

## II.

## PRAYER

Plaintiffs ask that the Court deny Defendants' Motion and allow Plaintiffs to proceed to trial with all relevant evidence.

DATED: March 8, 2010.

Respectfully submitted,

/s/ *Michael T. Gallagher*
Michael T. Gallagher
U.S. District Court Admission #5395
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone: (713) 222-8080
Facsimile: (713) 222-0066 (fax)
Email: PamM@gld-law.com

Tim K. Goss
Tamara L. Banno
**FREESE & GOSS, PLLC**
3031 Allen Street, Suite 100
Dallas, Texas 75204
Telephone: (214) 761-6610
Facsimile: (214) 761-6688
Email: Goss39587@aol.com
tbanno@tlb-law.com

David P. Matthews
Julie L. Rhoades
**MATTHEWS & ASSOCIATES**
Texas Bar No.: 16811710
2905 Sackett Street
Houston, Texas 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email:dmatthews@thematthewslawfirm.com
jrhoades@thematthewslawfirm.com

>Joseph A. Osborne
>**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
>1641 Worthington Blvd., Suite 100
>West Palm Beach, FL  33409
>Telephone:  (561) 684-2500
>Facsimile:  (561) 684-6308
>Email:  JAOsborne@babbitt-johnson.com
>
>*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2010, I filed the foregoing document via <u>electronic filing</u> with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via Electronic Mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>/s/ *Michael T. Gallagher*
>Michael T. Gallegher

**SERVICE LIST**
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email:  JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs' Steering Committee*

Patricia E. Lowry
Email:  plowry@ssd.com
Barbara Bolton Litten
Email:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email:  rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone:  203-498-4400
Facsimile:  203-782-2889
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Eugene A. Schoon
Email:  eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Catherine Barrad, Esq.
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California  90013
Telephone: 213-896-6688
Facsimile: 213-896-6600
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
Shayna Cook
Email: shayna.cook@bartlit-beck.com
**BARTLIT, BECK, HERMAN, PALENCHAR**
    **& SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone:  312-494-4400
Facsimile:  312-494-4440
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*