UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION—MDL—1928<br><br>This Document Relates to:<br><br>*Anna Bryant v. Bayer Corp. et al.,*<br>Case No. 9:08-cv-80868<br><br>*Naguib Bechara, et al. v. Bayer Corp., et al.,*<br>Case No. 9:08-cv-80776<br><br>*Melissa Morrill v. Bayer Corp., et al.,*<br>Case No. 9:08 cv-80424 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO BAYER'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING
"MORAL DUTIES" AND "BUSINESS ETHICS"**

**COME NOW** Plaintiffs and file this Plaintiffs' Opposition to Bayer's Motion *in Limine* to Exclude Evidence or Testimony Regarding "Moral Duties" and "Business Ethics" and would show the Court as follows:

**I.**

**INCORPORATION BY REFERENCE OF MATTERS SET FORTH IN
PLAINTIFFS' CONCURRENTLY FILED OPPOSITION**

In the interest of brevity and to avoid burdening the Court with duplicative briefing, Plaintiffs hereby incorporate by reference Section I of "Plaintiffs' Opposition to Bayer's Motion to Exclude Evidence and Argument Regarding Irrelevant Marketing Materials," setting forth the appropriate standards for a motion *in limine* including the requirement that Bayer specifically identify the evidence it seeks to exclude.

## II.

## SUMMARY OF THE ARGUMENT

"Ethics" evidence tends to fall into one of two camps. On one side, there is testimony that a defendant is, in the subjective views of the speaker, a "bad" company. To the extent that Bayer's[1] motion *in limine* seeks to exclude this type of ethics evidence, Plaintiffs will agree not to solicit testimony that Bayer is generally "immoral," "unethical" or a "bad company." However, there is a second form of ethics evidence that is regularly admitted. This is evidence relevant to the question of whether or not the actor behaved in conformity with governing standards. It is in this spirit and for this the purpose, that Plaintiffs have inquired of Bayer executives and of Plaintiffs' experts whether certain instances of conduct by Bayer were proper. The mere fact that a deposition exchange *substantively* relating Bayer's compliance with the standard may be phrased in relation to "ethics" does not render it categorically inadmissible when (1) it is based on industry standards and/or regulations (not merely subjective ideals) and (2) when it is consistent with governing legal standards such that it will not create confusion. Where the substance of the so-called "ethics" testimony Bayer seeks to exclude consists of admissible evidence regarding Bayer's compliance with the standard of care, Bayer's motion *in limine* must be denied.

---

[1] Defendants Bayer Healthcare Pharmaceuticals Inc. (as successor in interest to Bayer Pharmaceutical Corporation), Bayer HealthCare LLC, Bayer AG, and Bayer Schering Pharma AG (as successor in interest to Bayer HealthCare AG), are referenced collectively throughout this opposition as "Bayer."

## III.

## LEGAL ARGUMENT

A. **THE ADMISSIBLITY OF TESTIMONY THAT RELATES *IN SUBSTANCE* TO THE STANDARD OF CARE SHOULD NOT BE EXCLUDED BASED ON SEMANTICS.** [2]

The jury in this case will be asked to determine whether Bayer acted in conformity with the standard of care governing pharmaceutical companies. Not surprisingly, regulations governing the pharmaceutical industry set forth standards of conduct that are consistent with generally-accepted ideas of ethical behavior: *e.g.* honesty, consideration for the welfare of others. For example, FDA regulations require pharmaceutical companies to evaluate and report to the FDA all adverse drug experience information – including post-marketing epidemiological or surveillance studies, reports in medical literature, and unpublished scientific papers. 21 C.F.R. 3.80. That Bayer's Director of Marketing, Stanley Horton, may have been asked whether covering up adverse drug information in the BART study would be "unethical" is merely semantics. The *substance* of the testimony is simply that, *if* it occurred (a fact which must be separately proven by Plaintiffs), attempts to delay or conceal the adverse findings of the BART study would violate industry standards. Similarly, testimony from Bayer's Medical Sales Liaison, George Holder, that it is unethical to promote the drug for purposes contrary to those listed on the package insert is consistent with governing

---

[2] By Bayer's own admission, the evidence it seeks to exclude is merely "whether defendants conformed to plaintiffs' (or someone else's) subjective views about business ethics or responsible behavior by pharmaceutical manufacturers." [Bayer's Motion *in Limine*, p.2]. Bayer's motion, w*hen so limited*, cannot support the exclusion of testimony from witnesses whose opinions are rooted in expertise in the governing legal standards. For example, Dr. Parisian has been offered as an expert on regulatory matters in the pharmaceutical industry. That Bayer may have phrased questions to Dr. Parisian in terms of ethics, and that she may have responded in kind, does not alter the substance of her opinions from being on the standard of care for pharmaceutical companies.

3

regulatory standards. This Court should decline to categorically exclude relevant and probative evidence that relates in substance to the standard of care in the name of an overly-zealous eradication of any mention of the word "ethics."

B.     **EVIDENCE REGARDING ETHICAL STANDARDS HAS BEEN ADMITTED IN NUMEROUS CASES.**

Witnesses have offered testimony regarding "ethics" issues in numerous health-care related cases. *Andrade Garcia v. Columbia Med. Ctr.,* 996 F. Supp. 617, 626 (E.D. Tex. 1998) (ethics testimony regarding responsibilities of physicians, nurses, hospitals, and their employees); *United States v. Morvant,* 898 F. Supp. 1157, 1163 (E.D. La. 1995) (ethics testimony regarding standards for referring HIV positive dental patients); *Zenith Lab. Inc. v. Bristol-Myers Squibb Co.,* 24 U.S.P.Q.2d (BNA) 1652, 1656, 1664 (D.N.J. 1992) (ethics testimony regarding standards in human subjects research), *rev'd*, 19 F.3d 1418 (Fed. Cir. 1994); *DeGidio v. Pung,* 704 F. Supp. 922, 957 (D. Minn. 1989) (ethics testimony regarding dual responsibilities of physicians practicing institutional medicine), aff'd, 920 F.2d 525 (8th Cir. 1990); *Wetherill v. University of Chicago,* 565 F. Supp. 1553, 1564 (N.D. Ill. 1983) (ethics testimony regarding standards of informed consent in research); *American Academy of Pediatrics v. Lungren*, 32 Cal. Rptr. 2d 546, 560 (Ct. App. 1994) (ethics testimony regarding decision to undergo abortion), *rev'd*, 912 P.2d 1148 (Cal. 1996), vacated, 940 P.2d 797 (Cal. 1997); *Conservatorship of Morrison*, 253 Cal. Rptr. 530, 533-34 (Ct. App. 1988) (ethics testimony regarding conservator's duty and testimony regarding physicians' rights and obligations when conscientiously objecting to withdrawing life-sustaining treatment); *Bartling v. Superior Court*, 209 Cal. Rptr. 220, 223, 225 (Ct. App. 1984) (ethics testimony regarding standards for withdrawing ventilator support from competent non-terminal patient); Hart v. Brown, 289 A.2d 386, 389 (Conn. 1972) (ethics testimony regarding reasoning about child's organ donation);

*Breesmen v. Department of Prof'l Regulation, Bd. of Med.,* 567 So. 2d 469, 470-71 (Fla. Dist. Ct. App. 1990) (ethics testimony regarding standards for documenting patient's refusal of tests and treatment); *Curran v. Bosze,* 566 N.E.2d 1319, 1338 (Ill. 1990) (ethics testimony regarding standards of consent and assent for minor's donation of bone marrow for transplant); *In re Estate of Greenspan,* 558 N.E.2d 1194, 1196-97 (Ill. 1990) (ethics testimony regarding elective status of artificial nutrition and hydration); *Neade v. Portes,* 710 N.E.2d 418, 422 (Ill. App. Ct. 1999) (ethics testimony regarding disclosure of physician's financial incentives to limit treatment); *Herridge v. Board of Registration in Med.,* 648 N.E.2d 745, 747, 751 (Mass. 1995) (ethics testimony regarding psychopharmacologist-patient sex); *McKnight v. Midwest Eye Inst., Inc.*, 799 S.W.2d 909, 917-18 (Mo. Ct. App. 1990) (ethics testimony regarding appropriateness of preventing physicians from seeing patients during contract dispute); Dow Chem. Co. v. Mahlum, 970 P.2d 98, 126, 130 (Nev. 1998) (ethics testimony regarding standards for animal research); I*n re Delio v. Westchester County Med. Ctr.,* 516 N.Y.S.2d 677, 683 (App. Div. 1987) (ethics testimony regarding distinction between withholding and withdrawing treatment); *MacClements v. LaFone,* 408 S.E.2d 878, 882 (N.C. Ct. App. 1991) (ethics testimony regarding prohibition on psychologist-client sex); *Weiner v. State Med. Bd.,* No. 98AP-605, 1998 Ohio App. LEXIS 5716, at *6 (Ct. App. 1998) (ethics testimony regarding standards in podiatry). The similar testimony offered in this case should likewise be admitted.

C. **OCCASIONAL TESTIMONY PHRASED IN RELATION TO "ETHICS" WILL NOT CONFUSE OR MISLEAD THE JURY BECAUSE THE SUBSTANCE OF THE TESTIMONY IS CONSISTENT WITH GOVERNING LAW.**

Bayer urges the Court to exclude the so-called "ethics" testimony because it might confuse jurors into deciding the case based on an ethical standard rather than a legal

5

standard. Yet, Bayer has not identified any particular in which the testimony phrased in terms of "ethics" differs from the governing regulatory standards or industry practices. Because the testimony identified in Bayer's motion is not inconsistent with governing law, there is no danger of the jury being mislead by its admission. Bayer's motion *in limine* should be denied.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion *In Limine* to Exclude Evidence Regarding "Moral Duties" and "Business Ethics" should be DENIED.

DATED: March 8, 2010.

        Respectfully submitted,

        /s/ *Michael T. Gallagher*
        Michael T. Gallagher
        U.S. District Court Admission #5395
        **THE GALLAGHER LAW FIRM**
        2905 Sackett Street
        Houston, Texas 77098
        Telephone: (713) 222-8080
        Facsimile: (713) 222-0066 (fax)
        Email: PamM@gld-law.com

        Tim K. Goss
        Tamara L. Banno
        **FREESE & GOSS, PLLC**
        3031 Allen Street, Suite 100
        Dallas, Texas 75204
        Telephone: (214) 761-6610
        Facsimile: (214) 761-6688
        Email: Goss39587@aol.com
        tbanno@tlb-law.com

        David P. Matthews
        Julie L. Rhoades
        **MATTHEWS & ASSOCIATES**
        Texas Bar No.: 16811710
        2905 Sackett Street

>Houston, Texas 77098
>Telephone: (713) 522-5250
>Facsimile: (713) 535-7184
>dmatthews@thematthewslawfirm.com
>jrhoades@thematthewslawfirm.com
>
>Joseph A. Osborne
>**BABBITT, JOHNSON, OSBORNE &
>LECLAINCHE, P.A**.
>1641 Worthington Blvd., Suite 100
>West Palm Beach, FL 33409
>Telephone: (561) 684-2500
>Facsimile: (561) 684-6308
>Email: JAOsborne@babbitt-johnson.com
>
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2010, I filed the foregoing document via electronic filing with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via Electronic Mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>/s/ *Michael T. Gallagher*
>Michael T. Gallegher

**SERVICE LIST**
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Joseph A. Osborne
Email:  JAOsborne@babbitt-johnson.com
**BABBITT, JOHNSON, OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Blvd., Suite 100
West Palm Beach, FL  33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs and Plaintiffs' Steering Committee*

Patricia E. Lowry
Email:  plowry@ssd.com
Barbara Bolton Litten
Email:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana #1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Richard K. Dandrea, Esq.
Email:  rdandrea@eckertseamans.com
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Alan G. Schwartz
Email: aschwartz@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Telephone:  203-498-4400
Facsimile:  203-782-2889
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Catherine Barrad, Esq.
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6688
Facsimile: 213-896-6600
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
Shayna Cook
Email: shayna.cook@bartlit-beck.com
**BARTLIT, BECK, HERMAN, PALENCHAR**
         **& SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440
*Defendants Co-Lead Counsel and*
*Attorney for Defendants Bayer Corporation,*
*Bayer Healthcare Pharmaceuticals, Inc., Bayer*
*Healthcare LLC, Bayer AG, and Bayer*
*Healthcare AG*