**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Anna Bryant* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80868 | ) ) ) |
| *Naguib Bechara, et al.* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) |
| *Melissa Morrill* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80424 | ) ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING IRRELEVANT MARKETING MATERIALS**

Defendants respectfully submit this reply in support of their motion *in limine* to exclude evidence, testimony or argument about marketing materials, including comments by reviewers at a division of the federal Food & Drug Administration ("FDA") related to certain marketing materials, that are irrelevant and otherwise inappropriate in these cases. Fed. R. Evid. 401-403.

**ARGUMENT**

As Defendants showed in their motion *in limine* (D.E. 4268 in 1:08-md-1928) ("Motion"), DDMAC letters concerning marketing materials never relied on by plaintiffs' treating physicians should be excluded from trial because (i) they have nothing to do with the actual marketing of Trasylol to plaintiffs' treating physicians, (ii) even if they were relevant, they are inadmissible hearsay; and (iii) admission of these materials would violate Rule 403.

Plaintiffs' response (D.E. 4609 in 1:08-md-1928) ("Resp.") does not undermine these conclusions.

### A. The DDMAC Letters, and Other Promotional Pieces, are Irrelevant to Plaintiffs' Cases.

First, plaintiffs' boilerplate claim that Defendants' motion *in limine* is "vague and overbroad" is unavailing.[1] Defendants' motion referenced three specific letters from FDA, dated June 1, 1994, March 31, 1995, and January 23, 1997, and seeks exclusion of those letters and the promotional materials referenced therein. Motion at 2. By way of further clarification, Defendants also seek exclusion of irrelevant promotional pieces, including any promotional material plaintiffs' physicians did not rely on in deciding to prescribe Trasylol to plaintiffs. Having failed to show that their prescribing physicians received *any* Trasylol promotional materials, plaintiffs should be precluded from introducing evidence or testimony related to *any* specific promotional pieces. Like the DDMAC letters, promotional pieces have no bearing on these cases because there is no evidence that plaintiffs' doctors ever saw the DDMAC letters, the promotional pieces discussed in them, or any promotional pieces.

Plaintiffs clearly intend to engage in a sideshow about sales and marketing matters irrespective of the lack of connection to their cases. As an example, the *Bechara* plaintiffs designated nearly two hours of deposition testimony from two sales representatives from a *different* case (*Bryant*), neither of whom had any interaction with Dr. Pfeffer, Mr. Bechara's treating physician. *See* Sixth Amended Plaintiffs' Disclosure of Fact Witnesses and Designation of Testimony for Trial (D.E. 4644 in 1:08-md-1928; D.E. 123 in 9:08-cv-80776) at 2. One of the designated sales representatives, Hilda Dizon, first worked on Trasylol in April

2007, more than two years *after* Mr. Bechara was administered Trasylol in December 2004. *See* Deposition of Hilda Dizon at 12:13-16 (Ex. A). Plainly, her interactions with a different doctor, *two years after* Mr. Bechara's surgery, have no bearing on matters in the *Bechara* case.

With the same indifference to relevance or probative value, plaintiffs list numerous promotion-related materials on their exhibit list, despite the fact that neither Dr. Pfeffer nor Dr. Kelly (Mr. Morrill's physician) received or relied on any promotional materials. Incredibly, plaintiffs' exhibit lists include two promotional pieces, the "IR Kidney Sell Sheet" and "Examine the Evidence," which were first implemented in 2006—two years after Mr. Bechara's surgery, and three years after Mr. Morrill's 2003 surgery. *See* Plaintiffs' Amended Exhibit List (D.E. 4263 in 1:08-md-1928; D.E. 85 in 9:08-cv-80776) at Schedule B, Exhibits 113 (Examine the Evidence) (3/06) and 383 (IR Kidney Sell Sheet) (1/06). Plaintiffs have also designated extensive deposition testimony from witnesses about these two promotional aids. *See, e.g.,* Deposition of Jennifer Maurer (Ex. B) at 1060:24-1078:13, 1085:12-1094:13. An earlier promotional aid, the "renal sell sheet" (implemented in May 2004), is no more relevant to plaintiffs' case, because plaintiffs did not show, or even attempt to show, that Dr. Pfeffer or Dr. Kelly received this piece. *See, e.g.,* Deposition of Katie Sheffield-Motika (Ex. C) at 98. Absent such proof, plaintiffs should not be permitted to trot out these promotional aids—or any promotional aids—at trial because they have no connection to these cases.

Plaintiffs' stated rationale for introducing the DDMAC letters does not make the letters relevant, or affect the admissibility of other irrelevant marketing materials. Plaintiffs argue that the letters are relevant to punitive damages because the letters are "reflective of the

---

[1] For a detailed reply to plaintiffs' commentary regarding the validity of motions in *limine*, Resp. at 1-4, *see* Defendants' Reply in Support of Their Motion in *Limine* to Exclude Additional Irrelevant and Unfairly Prejudicial Evidence or Argument (D.E. 4652 in 1:08-md-1928) at 1-3.

reprehensibility of Defendants' conduct and conscious indifference for the safety of others." Resp. at 6. Punitive damages are not at issue in *Morrill*, so this argument is inapplicable on its face. With respect to *Bechara*, plaintiffs have failed to explain how the content of the DDMAC letters shows conduct relevant to *their* case. As the Supreme Court explained in *Philip Morris* v. *Williams*, "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties" and "those who are, essentially, strangers to the litigation." 549 U.S. 346, 353 (2007). Admitting the letters to show how defendants' actions may have affected hypothetical doctors with hypothetical patients who received the subject promotional materials in the 1990s would violate this established precedent.[2] *See* Defendants' Reply in Support of Motion to Exclude Argument, Evidence and Testimony Not Relevant to the Assessment of Punitive Damages (filed concurrently).

Nor are these materials relevant to show "Defendants' state of mind as to the safety and efficacy of Trasylol," and plaintiffs make no attempt to explain how letters written by FDA staff could possibly constitute evidence of Defendants' state of mind. Plaintiffs' statement that the letters reveal how Defendants "imparted [knowledge] to physicians through promotion and marketing" similarly falls short, as plaintiffs cannot show that any of the "knowledge" purportedly revealed by the DDMAC letters was delivered to each of *plaintiffs'* physicians.

Plaintiffs' statement that the DDMAC letters are relevant because they "show the extent to which Defendants controlled and manipulated the content and dissemination of relevant

---

[2] The *Seroquel* court excluded DDMAC letters from the plaintiffs' main case but made a passing reference to the notion that the letters *may* be available for *rebuttal* if punitive damages are allowed. The court did not admit the DDMAC letters. The reference to potential use in rebuttal on punitive damages does not affect the relevancy analysis here, or provide any support for plaintiffs' attempts to use the DDMAC letters in their case-in-chief. *In re Seroquel Prod. Liab. Litig.*, No. 06-md-1769-Orl-22DAB, 2009 WL 223140 (M.D. Fla. Jan. 30, 2009), at *5.

Trasylol safety information to healthcare providers" was apparently taken, verbatim, from briefing in the *Seroquel* matter. *See In re Seroquel*, at *4 (referencing plaintiffs' claim that DDMAC letters "show the extent to which AZ controlled and manipulated the content and dissemination of relevant Seroquel safety information to healthcare providers.") It should be rejected here, just as it was rejected by the *Seroquel* court.

Finally, plaintiffs' argument about the applicability of the *Seroquel* ruling misstates the content and significance of that ruling. While it is true that some of the DDMAC letters plaintiffs sought to admit there concerned other drugs, the Court excluded those materials without elaboration and focused its analysis on DDMAC letters concerning the drug in question: "As to the 1999 and 2006 Letters, which *do concern promotional materials on Seroquel*, Plaintiffs have not shown that their prescribing physicians were exposed to the promotional materials; thus, the evidence is excluded." *In re Seroquel*, at *5 (emphasis added). The Seroquel court excluded the DDMAC letters because plaintiffs did not show their prescribing physicians were exposed to the promotional materials described in the letters, and the same result is appropriate here.

### B.  The DDMAC Letters are Inadmissible Hearsay.

Letters from DDMAC reviewers would involve hearsay to the extent plaintiffs use their content—statements suggesting that a reviewer considers certain promotional aids "false and misleading"—to prove that those promotional aids (which plaintiffs have not shown their physicians received) were in fact "false and misleading." These out of court statements have no pertinent hearsay exception. An "informal communication" such as a letter from a DDMAC reviewer does not constitute a public record or report within the meaning of Rule 803(8) because that provision applies only to *final* reports and *final* findings of administrative

5

agencies, which the DDMAC letters are not. *See* Motion at 4 (citing *Smith* v. *Isuzu Motors, Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998) (holding preliminary opinions of agency staff members do not satisfy the Rule 803(8) hearsay exception); *Toole* v. *McClintock*, 999 F.2d 1430, 1434-35 (11th Cir. 1993). In this regard, Plaintiffs' response ignores the language of FDA's regulations concerning written communications from agency staffers, cited by Defendants in the opening Motion. *See* Motion at 4-5. Pursuant to these regulations, written statements by FDA employees, such as DDMAC letters, are nothing more than "informal communication." 21 C.F.R. § 10.85. Plaintiffs have offered no contrary evidence concerning FDA's regulatory authority, because there is none. The cited District of New Jersey decision is not instructive, because the parties did not brief, and the Court did not consider, 21 C.F.R. § 10.85. *See generally* Novartis' Motion *in Limine* No. 10 (Ex. D).

        C.        **The DDMAC Letters are Inadmissible under Rule 403.**

Plaintiffs' response fails to undermine Defendants' showing that admission of irrelevant marketing materials and the DDMAC letters would be improper under Rule 403. Indeed, the only reason plaintiffs would seek to introduce the letters is to convey the false impression that the federal government criticized marketing materials prepared by Bayer that had some influence on Dr. Omari, Dr. Pfeffer and Dr. Kelly's decisions to prescribe Trasylol to Ms. Bryant, Mr. Bechara and Mr. Morrill, respectively.[3] This impression would be false, of course, because Plaintiffs have no evidence that these physicians received any promotional pieces, much less promotional pieces that were discontinued in the 1990s, years before plaintiffs' surgeries. Plaintiffs' response brushes away the distraction and time-wasting the letters and irrelevant

---

[3] Plaintiffs' use of selected portions of the letters with witnesses who had never seen the letters before only adds to the prejudicial effect, as well as violating Fed. R. Evid. 106. *See, e.g.,* Deposition of Nahid Dolkhani (Ex. E) at 105:8-106:22, 123:10-127:5.

6

promotional pieces will cause, as Defendants would be forced to adduce substantial additional evidence to correct the misimpression the letters and irrelevant marketing materials create—not only discussing Bayer's written responses to the letters, but detailing the company's procedure for discontinuing the subject promotional pieces, and explaining the lack of relevance to plaintiffs' cases.  This is precisely the sort of confusion, waste of time, and prejudice Rule 403 aims to prevent.

## CONCLUSION

For these reasons, and for the reasons set forth in the Motion, Defendants respectfully request that this Court grant its motion in *limine* to exclude evidence and argument regarding irrelevant marketing materials and the DDMAC letters.

March 9, 2010                                        Respectfully submitted,


*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

7

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

8

       Richard K. Dandrea
       Email:  rdandrea@eckertseamans.com
       **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
       USX Tower, 600 Grant St., 44th Floor
       Pittsburgh, PA.  15219
       Telephone:  412-566-6000
       Facsimile:   412-566-6099

       *Attorneys for Bayer Corporation,*
       *Bayer HealthCare Pharmaceuticals Inc.,*
       *and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          */s/ Barbara Bolton Litten*
                                          Barbara Bolton Litten

# SERVICE LIST

## In re Trasylol Products Liability Litigation – MDL-1928

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
    O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*