UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928<br><br>This Document Relates to:<br><br>*Bryant* v. *Bayer Corp., et al.*,<br>Case No. 9:08-cv-80868<br><br>*Morrill* v. *Bayer Corp., et al.*,<br>Case No. 9:08-cv-80424<br><br>*Bechara, et al.,* v. *Bayer Corp., et al.*,<br>Case No. 9:08-cv-80776 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE AND ARGUMENT THAT BAYER HAD A DUTY TO
COMPARATIVELY TEST TRASYLOL**

Bayer's motion should be granted because (1) as Bayer showed in its motion, and as plaintiffs failed to rebut, there is no basis for plaintiffs' (apparent) contention that Bayer had a *legal* duty to conduct head-to-head clinical trials comparing Trasylol with the lysine analogues; and (2) in the absence of such a legal duty, testimony from plaintiffs' expert Dr. Eisenberg (or any other evidence) regarding a supposed "ethical" or "moral" duty to conduct comparative testing would be confusing, misleading, and unfairly prejudicial to Bayer.

As a preliminary matter, there is no merit to plaintiffs' argument that Bayer's motion lacks specificity. Plaintiffs' Response in Opposition to Defendants' Motion *in limine* (D.E. 4611 in 1:08-md-1928) ("Opp.") at 1-2. In the motion (D.E. 4264 in 1:08-md-1928) ("Motion"), Bayer identified the specific relief sought – the exclusion of all "evidence and argument that Bayer had a duty to comparatively test Trasylol by conducting head-to-head

clinical trials comparing Trasylol with Amicar and tranexamic acid," Motion at 1, and identified specific examples of the type of testimony plaintiffs' experts apparently would offer at trial concerning Bayer's purported duty to conduct comparative testing. Motion at 2, 6, 7. This is more than adequate to place plaintiffs on notice of the scope of the motion and the relief requested. Indeed, numerous courts have held motions *in limine* properly may be directed at topical lines of argument and evidence, rather than individual pieces of evidence. *See, e.g., In re Seroquel Prods. Liab. Litig.*, No. 6:06MD1769, 2009 WL 223140, at **6-7 (M.D. Fla. Jan. 30, 2009) (granting the defendants' motion *in limine* to exclude "evidence and argument about Zoladex settlement").

## ARGUMENT

I. **PLAINTIFFS CANNOT IDENTIFY ANY BASIS FOR A LEGAL DUTY TO CONDUCT COMPARATIVE TESTING.**

A pharmaceutical company has no legal duty to conduct comparative testing of its drug therapies against drugs manufactured by other companies. As the Sixth Circuit stated in *Ackley v. Wyeth Labs., Inc.*, 919 F.2d 397, 405 (6th Cir. 1990), a manufacturer is "obligated to make a reasonable disclosure of all the risks inherent in its own drug" but is "not obligated to provide a comparison of its drug with others." *Id.* at 405 (rejecting plaintiff's claim that defendant had an obligation to warn that a different vaccine was allegedly safer than the one produced by defendant); *see also Pluto v. Searle Labs.,* 690 N.E.2d 619, 621 (Ill. App. 1997) (following *Ackley* and holding that the defendant had no duty to warn that its product allegedly provided less protection from sexually transmitted diseases than other forms of birth control); *Powell v. Standard Brands Paint Co.*, 166 Cal. App. 3d 357, 364 (1985) ("the law does not require a manufacturer to study and analyze the products of others"); Motion at 2-5.

In response to this showing, plaintiffs make four arguments, none of which is sufficient to support plaintiffs' claim that Bayer had a legal duty to conduct clinical trials comparing Trasylol with the lysine analogues.

*First*, plaintiffs argue in the abstract that Bayer had a duty to test Trasylol. Opp. at 2-3. In this Motion, however, Bayer does not contest that abstract legal principle. The issue before the Court is not whether Bayer had some obligation to conduct testing of the efficacy and safety of Trasylol; rather, the issue relates to the scope of that obligation – and, specifically, whether (as plaintiffs contend) Bayer had a duty to conduct testing that *compares* the efficacy and safety of Trasylol to the efficacy and safety of therapies involving drugs manufactured by other companies *that had not even been approved by the FDA* for the same indication as Trasylol. Plaintiffs offer no legal support for such a novel proposition of law, and none exists. *See* Motion at 2-5.

*Second*, plaintiffs argue that although there is no case law to support their argument, an FDA regulation nevertheless requires comparative testing. Opp. at 6-7. This argument is based on a serious misreading of 21 C.F.R. § 314.126, the regulation plaintiffs cite. In fact, section 314.126 lists the types of "adequate and well-controlled studies" that the FDA will accept and includes placebo-controlled studies, comparative studies ("active-controlled studies"), and other types of studies. That the FDA recognizes that comparative studies can, under certain circumstances, fit within the definition of "adequate and well-controlled studies," however, falls far short of imposing (as plaintiffs apparently contend) a legal duty on drug manufacturers to perform studies of competitors' drugs, especially those that have not been approved by the FDA for the same use. And, as Bayer explained in its Motion, comparative studies are most often used in clinical trials situations where administering a placebo (the

3

equivalent of no treatment at all) would pose a significant health risk to patients or would otherwise be unethical.  Motion at 5-6.[1]

*Third,* plaintiffs assert that Bayer has admitted that it "could" have conducted comparative testing.  Opp. at 9-11; *see also id.* at 3-5.  But this factual issue is beside the point.  Where, as here, plaintiffs cannot establish that Bayer had any legal duty to conduct comparative testing, evidence that Bayer may have been capable of doing so at any particular time is irrelevant and poses a risk of misleading and confusing jurors and causing serious unfair prejudice to Bayer.[2]

*Fourth*, although plaintiffs do not cite a single case for the affirmative proposition that a pharmaceutical manufacturer has a legal duty to conduct comparative testing, plaintiffs make various unsuccessful attempts to distinguish some – but not all – of the cases cited by Bayer in the Motion.  Opp. at 5-8.  Indeed, plaintiffs do not even attempt to distinguish *Ackley* and *Pluto*, the two federal cases cited in the Motion that are directly on point.  Motion at 4-5.

And even where plaintiffs do make an attempt to distinguish the cases Bayer cites, those attempts fall flat.  For example, plaintiffs argue that the cases cited in the Motion relate

---

[1] Contrary to plaintiffs' assertion, section 314.126(b)(2)(iv) does not preclude placebo-controlled trials after the drug had gained FDA approval.  *See* Opp. at 6.  That regulatory section defines active-controlled studies and provides an *example* of where such a comparator could be appropriate.  21 C.F.R. § 314.126(b)(2)(iv) ("The test drug is compared with known effective therapy; for example, where the condition treated is such that *administration of placebo or no treatment would be contrary to the interest of the patient*") (emphasis added).  Here, in contrast, the use of placebo-controlled trials had been discussed with the FDA and approved as ethical by Institutional Review Boards.

[2] Plaintiffs' expert Dr. Parisian testified that, at certain times, Bayer could have done comparative studies or that it "would have been good" to do them, but, despite the rhetoric in plaintiffs' Opposition, she did not testify that Bayer had a *legal duty* to conduct such comparative studies.  *See* Motion at 6 (citing her deposition testimony); Opp. at 3-5 (same).  In addition, Dr. Parisian's reliance on the FDA requirement of pharmacovigilance does not assist plaintiffs here.  Although Dr. Parisian stated that pharmacovigilance requires that manufacturers monitor the literature, evaluate complaints, and update their labeling, noticeably absent from her testimony was any statement that pharmacovigilance requires that a manufacturer conduct comparative testing.

4

only to a manufacturer's "duty to warn about other manufacturers' drugs." Opp. at 5; *see also id.* at 7 ("*Powell* involved a case where the plaintiff was injured by a comparator product, not the product manufactured by the defendant"). This, however, is precisely what plaintiffs (and their experts) would like Bayer to do: plaintiffs argue that had Bayer conducted head-to-head clinical trials, Bayer would have warned physicians about (a) Trasylol's known risks; (b) Amicar's and tranexamic acid's known risks; and (c) the comparative safety issues and efficacy of Trasylol, Amicar, and tranexamic acid. Motion at 2.[3]

## II.  IN THE ABSENCE OF A LEGAL DUTY TO CONDUCT COMPARATIVE TESTING, EVIDENCE REGARDING MORAL OR ETHICAL BELIEFS WOULD MISLEAD AND CONFUSE THE JURY.

Lacking any basis for asserting a *legal* duty to conduct comparative testing, plaintiffs seek to present such evidence or argument to the jury through the "backdoor" by arguing that there is a *moral* or *ethical* duty to conduct such testing. This Court, however, has already issued an order barring plaintiffs' expert Dr. Eisenberg from testifying that Bayer had a moral or ethical duty to compare Trasylol against off-label uses of other drugs because those opinions were "based on his subjective beliefs and personal views." Order on Bayer's Motion to Exclude Testimony of Plaintiffs' Expert Mark J. Eisenberg (D.E. 4441 in 1:08-md-1928) at 20.

Plaintiffs assert that further testimony regarding a moral or ethical duty to conduct comparative testing would not run afoul of the Court's Order because, they argue, evidence of a moral or ethical duty is admissible because Bayer had a legal duty to conduct comparative testing. Opp. at 11-12. That argument presumes its conclusion: as explained above (and in the Motion), there is no basis for a legal duty to conduct head-to-head clinical trials comparing

---

[3] Notably, plaintiffs do not contest – and therefore concede – that there is no cause of action for an alleged failure to test. See Motion at 3-4; Opp. at 8. Thus, if evidence of any alleged failure to test is relevant at all, it is relevant only to the extent that it relates to allegedly actionable conduct based upon the design of, manufacture of, or warnings associated with, the product.

5

Trasylol with the lysine analogues.  As a result, testimony regarding the personal opinion of various witnesses regarding a "moral" or "ethical" duty to conduct comparative testing is irrelevant, would confuse and mislead the jury, is not a proper subject of expert testimony, and would be unduly prejudicial.  Accordingly, such testimony should be barred under Federal Rules of Evidence 402 and 403.

## CONCLUSION

For these reasons, and for the reasons set forth in the Motion, Bayer respectfully requests that this Court exclude any and all evidence and argument that Bayer had a duty to conduct head-to-head trials comparatively testing Trasylol with Amicar and tranexamic acid.

March 9, 2010                                              Respectfully submitted,

/s/ Barbara Bolton Litten
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
  & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  *Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

## In re Trasylol Products Liability Litigation – MDL-1928

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN
      & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
      & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
      & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs
and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

9

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
   O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*