UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS<br>LIABILITY LITIGATION — MDL-1928<br><br>THIS DOCUMENT RELATES TO:<br><br>*Anna Bryant* v. *Bayer Corp. et al.*,<br>Case No. 9:08-cv-80868<br><br>*Melissa Morrill* v. *Bayer Corp. et al.*,<br>Case No. 9:08-cv-80424<br><br>*Naguib Bechara, et al.,* v. *Bayer Corp., et al.*,<br>Case No. 9:08-cv-80776 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING ADVERSE EVENT REPORTS TO PROVE CAUSATION OR COMPARATIVE RISK**

Plaintiffs fail to refute Bayer's showing that evidence and argument related to adverse event reports ("AERs") or individual case studies involving Trasylol are inadmissible to prove that Trasylol caused an injury or to compare the risks of different drugs. See Fed. R. Evid. 401-403, 702, 802.

As a preliminary matter, there is no merit to plaintiffs' argument that Bayer's motion lacks specificity. Opposition ("Opp.") at 3 (D.E. 4610). Contrary to plaintiffs' claim, Bayer does not seek "wholesale exclusion" of AER evidence. *Id*. at 3. Bayer seeks narrow, focused relief: an order precluding plaintiffs from using AERs or case studies "to prove causation or comparative risk." Motion at 1 (D.E. 4272). Plaintiffs acknowledge the narrow focus of Bayer's motion: the "gravamen of Bayer's motion *in limine* is the question of whether or not AER's are probative of causation." Opp. at 4. Thus, this motion is different from the one

denied in *Vioxx*, which sought "to exclude *all evidence of and reference to* adverse event reports and case reports." *In re Vioxx Prods. Liab. Litig.*, MDL 1657, 2005 WL 3164254, *1 (E.D. La. Nov. 21, 2005) (cited, Opp. at 3) (emphasis added).[1]

Plaintiffs also have acknowledged that they do not "intend on using 'anecdotes' or 'other persons' medical records' in their case in chief." Plaintiffs' Opposition to Defendants Motion *In Limine* To Exclude Evidence And Argument Regarding Injuries Not At Issue In A Given Case (D.E. 4614) at 4, 14; *see also* Plaintiffs' Response to Defendants' Motion To Exclude Argument, Evidence, and Testimony Not Relevant to the Assessment of Punitive Damages (D.E. 4608) at 3 (plaintiffs acknowledging that they "currently do not intend to present evidence at trial of this matter of the other Trasylol plaintiffs" except in certain rebuttal contexts). Plaintiffs have not adequately addressed Bayer's targeted and well-supported motion, as shown below.

1. **Plaintiffs Fail To Refute Bayer's Showing That AERs Are Inadmissible To Prove Causation Or Comparative Risk.**

Bayer's motion showed that FDA, the Eleventh Circuit, numerous federal district courts (including this one), and state courts have rejected the use of AERs to prove causation or comparative risk. *See* Motion at 2-6 & n.2. Plaintiffs do not challenge those authorities, and they do not contest the principles established in case law—they merely assert, without any support, that AERs "are probative of causation," Opp. at 4; *see id.* at 10 (asserting erroneously that "an important purpose" of AERs "is to identify whether the *cause* of adverse reaction *[sic]* is due to ingestion of a drug") (emphasis added); *contra* 21 C.F.R. § 314.80(k) (stating that an AER does not indicate "that the drug *caused or contributed to* an adverse effect") (emphasis added).

---

[1] For a detailed reply to plaintiffs' boilerplate commentary regarding the validity of motions *in limine*, *see* Defendants' Reply in Support of Their Motion *in Limine* to Exclude Additional Irrelevant and Unfairly Prejudicial Evidence or Argument (D.E. 4652), at 2-3.

Plaintiffs have not cited any case law that actually refutes Bayer's request for relief. One of the cases plaintiffs cite (Opp. at 3-4) directly rejected plaintiffs' argument. *Meyerson* v. *Walgreen Co.*, No. 05-60025, 2006 WL 5249740, *7 (S.D. Fla. May 19, 2006) ("To the extent that [plaintiff's expert] relies, in part, upon the AERs to conclude that ingesting [the drug at issue] was the cause of Plaintiff's . . . injury (testimony which he may not offer), the AERs are irrelevant and, thus, inadmissible"). The court in *Fosamax* (*see* Opp. at 4) allowed plaintiffs' experts to rely on "adjudicated AERs"—those where Merck had specifically "verified" causation as "highly likely"—but did *not* allow the use of AERs that (like the ones at issue here) were "unconfirmed." *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 184, 200 (S.D.N.Y. 2009). Likewise, in *Giles* (*see* Opp. at 8), the court permitted plaintiff's expert to offer an opinion based partly on case reports, because (unlike here) the opinion was also based on "several statistically significant epidemiological studies" as well as "challenge/rechallenge/dechallenge studies" and plaintiffs' experts' clinical experience with "thousands" of relevant cases. *Giles* v. *Wyeth, Inc.*, 500 F. Supp. 2d 1048, 1061 (S.D. Ill. 2007). And the *Vioxx* order (Opp. at 3), as noted, denied a motion that was exceedingly broad, by contrast with Bayer's narrow motion here.[2] One "opinion" cited repeatedly by plaintiffs is actually a brief by the plaintiffs in a *Vioxx* case. *See Cona* v. *Merck & Co.*, No. 3553-05 , 2006

---

[2] *Crawford* v. *Muscletech Research & Dev. Inc.*, No. 01-1298, 2002 WL 31852828, *1 (W.D. Okla. Oct. 10, 2002) (*see* Opp. at 3), which allowed AERs and case studies "to establish a causal link," is an outlier and was wrongly decided. It should be disregarded. In the same vein, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 289 F. Supp. 2d 1230 (W.D. Wash. 2003) (*see* Opp. at 9) does not help plaintiffs. There, expert testimony that relied in part on case reports was admitted (albeit inappropriately) because "considering the non-epidemiological evidence relied upon by plaintiffs' experts, the court [found] significant the sheer volume of case reports, case series, and spontaneous reports associating PPA with hemorrhagic stroke in women." *Id.* at 1242. In any event, none of these cases supplants Eleventh Circuit law which supports the exclusion urged in Bayer's motion.

3

WL 4948951 (N.J. Super. Ct. Law Div. Feb. 16, 2006); *see* Opp. at 3, 4-5, 9, 10.

As Bayer has established (Motion at 4), the Eleventh Circuit held that the admission of medical causation testimony based on AERs is reversible error because such "[u]ncontrolled anecdotal information offers one of the least reliable sources to justify opinions about both general and individual causation." *McClain* v. *Metabolife Int'l, Inc.*, 401 F.3d 1233, 1250 (11th Cir. 2005); *see id.* (finding it significant, that as here, plaintiff's own experts disclaimed the value of AERs); *accord* Parisian Dep. (Motion, Ex. D) at 168 (plaintiffs' putative putative generic expert confirmed that "[f]or every given adverse event . . . there's no certainty [that the suspected drug caused the reaction]").

Plaintiffs also make no effort to refute Bayer's showing that evidence of other incidents is inadmissible without a showing of substantial similarity, and that plaintiffs cannot make that showing with respect to AERs. *See* Motion at 4 & Exhibit C thereto. Thus, plaintiffs have not rebutted Bayer's showing that evidence regarding AERs and case reports is inadmissible to prove causation or comparative risk.

> 2. **Plaintiffs' "Non-Causation" Arguments Are Façades For Impermissible Uses Of AER Evidence.**

Plaintiffs argue that AERs are admissible for reasons other than proving causation, specifically (a) to show "notice and that Bayer failed to warn or properly investigate, evaluate, and resolve safety risks," Opp. at 4; (b) as evidence of "whether Bayer acted in conformity with the standard of care," *id.* at 6; and (c) as support for punitive damages, *id.* at 9. Each of these arguments is cover for a use of AER evidence that is forbidden under controlling law.

> a. **"Notice."** It is undisputed that AERs play a role in postmarketing safety surveillance of FDA-regulated prescription drugs. *See* Opp. at 4-5; *see also*, *e.g.*, *In re Baycol*

*Prods. Liab. Litig.*, 532 F. Supp. 2d 1029, 1042-43 (D. Minn. 2007) (cited, Opp. at 6) (allowing plaintiffs' experts to "testify as to the existence of . . . [an AER data-related] signal," while excluding AER-based causation opinion because, *inter alia*, "the evidence concerning adverse event reports, standing alone, is unreliable"). Bayer does not dispute the general proposition that AERs may serve as "a signal to drug companies about *potential* problems with drugs." Opp. at 5 (emphasis added). But plaintiffs should not be allowed to use "notice" as a back door to using AERs as proof of causation or comparative risk. For example, it is right that AERs can be "a signal . . . about *potential* problems" (Opp. at 5), but plaintiffs should not be allowed to argue the additional point that AERs establish that causal link. *E.g.*, Opp. at 6 (stating that AERs gave "a clear 'signal' . . . that Trasylol was associated with renal issue[s], including renal failure").

        **b. "Whether Bayer acted in conformity with the standard of care."** It is not clear what plaintiffs mean by arguing that "AERs are relevant to whether Bayer acted in conformity with the standard of care." Opp. at 6.[3] To the extent plaintiffs intend to offer AER evidence to support their accusation (*id*. at 6-7) that Bayer failed to comply with its regulatory submission obligations, any such evidence and argument is barred under *Buckman Co.* v. *Plaintiffs' Legal Comm.*, 531 U.S. 341, 350-51 (2001). *See* Bayer's *Buckman* Motion (D.E. 3994), Reply (D.E. 4502), and Supplemental Brief (D.E. 4680); *see also*, *e.g.*, *Webster* v. *Pacesetter, Inc.*, 259 F. Supp. 2d 27, 36 (D.D.C. 2003) (holding that plaintiffs "cannot bootstrap their arguments regarding defendant's alleged failure to report [certain adverse information] to the FDA into a defective warning case") (citing *Buckman*).

---

[3]   *Smith* v. *Wyeth-Ayerst Laboratories Co.*, 278 F. Supp. 2d 684 (W.D.N.C. 2003) (*see* Opp. at 4), has nothing to do with the admission of AERs. The court in *Smith* held that an expert's "experience with the FDA [was] sufficient to support opinion testimony *regarding* the applicable standard of care for reporting adverse drug events"—not that the expert could rely on specific AERs as proof of anything. 278 F. Supp. 2d at 702.

5

    **c. "Punitive damages."** Plaintiffs offer no support for their bald assertion that AER evidence is "relevant to the issue of punitive damages," Opp. at 9, and there is none. *See also* Defendants' Motion To Exclude Argument, Evidence, And Testimony Not Relevant To the Assessment of Punitive Damages (D.E. 4258). In *State Farm Mut. Auto. Ins. Co.* v. *Campbell*, 538 U.S. 408 (2003), the Supreme Court reversed an award for punitive damages where it was based on "conduct that bore no relation to the [plaintiff's] harm," because a "defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Id.* at 410, 422-23; *see id.* ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."); *Brown* v. *Miller*, 631 F.2d 408, 412-13 (5th Cir. 1980) (reversing punitive damages award based on wrongly admitted evidence of acts "entirely independent of the subject matter of th[e] lawsuit" and "obviously irrelevant to the present action").[4]

    As demonstrated above and in Bayer's opening brief (at 6), evidence of other, unrelated incidents (which AERs necessarily comprise) is not admissible unless plaintiffs establish that the AER-related incidents "were substantially similar to the occurrence in question." *Borden, Inc.* v. *Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985) (quoting *Jones & Laughlin Steel Corp.* v. *Matherne*, 348 F.2d 394, 400 (5th Cir. 1965)). Plaintiffs have done nothing to demonstrate a factual nexus between their specific injuries and *any* AER as

---

[4]  *See also Holdgrafer* v. *Unocal Corp.*, 73 Cal. Rptr. 3d 216, 234-38 (Cal. Ct. App. 2008) (reversing punitive damages award based on evidence that was "too dissimilar to the evidence presented regarding [defendant's] conduct in causing [harm to plaintiffs]"); *Ford Motor Co.* v. *Hall-Edwards*, 971 So. 2d 854, 859 (Fla. 3d DCA 2007) (reversing punitive damages award because "at no time, did the plaintiff lay a sufficient foundation to establish substantial similarity between the evidence relating to other accidents and the accident at issue in this case . . . . [W]e are aware of no case which, absent a showing of substantial similarity, has allowed reference to 'other cases' simply because punitive damages were at issue").

required by *State Farm*. *See In re Simon II Litig.*, 407 F.3d 125, 139 (2d Cir. 2005) ("*State Farm* made clear that conduct relevant to the reprehensibility analysis must have a nexus to the specific harm suffered by the plaintiff, and that it could not be independent of or dissimilar to the conduct that harms the plaintiff"). Thus, the punitive damages award that plaintiffs seek cannot be based on the AER evidence they seek to introduce.

### 3. Plaintiffs Fail To Refute Bayer's Showing That AERs Are Inadmissible Hearsay If Offered To Show Causation.

Plaintiffs argue that the hearsay rule does not apply to AERs because they "are not being offered to prove the truth of the matter asserted"—*i.e.*, that Trasylol caused a patient's injury. Opp. at 9. Plaintiffs thus appear to concede (as Bayer showed, Motion at 6-7) that AER evidence would fall within the definition of hearsay if offered to prove causation, and they appear to confirm that they will not offer AER evidence for that purpose.

Plaintiffs' additional arguments about the application of hearsay exceptions, Opp. at 9-10, are inapposite and mistaken because they fail to consider the way in which AERs are prepared or to account for each layer of the hearsay problem. AERs are not "made at or near the time" or necessarily "from information transmitted by [] a person with knowledge." Fed. R. Evid. 803(6). Even if the ultimate report that Bayer compiles and submits to FDA is shown to meet these requirements of the business records exception, this does not account for the underlying information Bayer receives as part of those reports. That information is not compiled in the course of Bayer's business but is reported by others and may come from multiple sources which do not necessarily meet the tests of reliability required by the rule. *See*, *e.g.*, *Muilenberg v. Upjohn Co.*, 320 N.W.2d 358 (Mich. Ct. App. 1982) (rejecting plaintiff's contention that AERs were admissible under the business records exception to the hearsay rule); *accord*

*Cosgrove* v. *Merrell Dow Pharms., Inc.*, 788 P.2d 1293, 1298-99 (Idaho 1989).[5]  Further, adverse events are not statements for medical diagnosis under Rule 803(4), because they are not "statements [that a] patient makes for purposes of diagnosis or treatment."  *Gong* v. *Hirsch*, 913 F.2d 1269, 1273-74 (7th Cir. 1990) (collecting cases); *see United States* v. *Wright*, 340 F.3d 724, 732 (8th Cir. 2003) (to qualify for the Rule 803(4) exception, "the declarant's motive in making the statement must be for 'purposes of medical diagnosis or treatment'" and "the content of the statement must be 'pertinent' such that it is the kind of statement reasonably relied upon by health care providers in treatment or diagnosis") (citations omitted).  Moreover, an AER generally has no bearing on diagnosis or treatment of the patient at issue, because it is reported *after* the event in question.  *See Gong*, 913 F.2d at 1274 (affirming that Rule 803(4) was inapplicable to a "post-occurrence statement").[6]

### 4. Plaintiffs Fail To Refute Bayer's Showing That AER Evidence Should Be Excluded Under Rule 403.

Plaintiffs do not respond to Bayer's showing (Motion at 8-9) that AER evidence offered to show causation or comparative risk would "create[] a suspicion" of causation "without any medical proof," and therefore that "any probative value attributable to [them is] outweighed by the danger of undue prejudice."  *Reynolds* v. *Warthan*, 896 S.W.2d 823, 828 (Tex. App. 1995); *see also In re Baycol*, 532 F. Supp. at 1041.  Instead, plaintiffs argue only that AERs are "probative on the issue of notice."  Opp. at 10.  But any use of AERs other than to prove

---

[5]  *Martinkovic by Martinkovic* v. *Bangash*, No. 84-9568, 1987 WL 28400, *1-2 (N.D. Ill. Dec. 18, 1987) (cited, Opp. at 9), is not to the contrary.  There, the court found only that "the *records maintained* by defendant of the *receipt* of [AERs] are admissible" under Rule 803(6), but also that, "*[o]f course* the anecdotal reports of alleged adverse reactions are not admissible to prove the truth of the matter declared in the reports."  *Id.* at *2 (emphasis added).

[6]  *Heinzerling* v. *Goldfarb*, 818 A.2d 345 (N.J. Super. Ct. Law. Div. 2002) (*see* Opp. at 10), did not involve AERs.  It involved summary testimony from a nurse who had treated the plaintiff and examined his medical records.  *Id.* at 352.

8

causation or comparative risk is beyond the scope of this motion *in limine*.[7] If plaintiffs offer AERs to prove causation or comparative risk, the evidence would be confusing and unfairly prejudicial for the reasons stated in Bayer's opening brief. Plaintiffs offer no argument or authority to the contrary.

## CONCLUSION

For these reasons and those presented in its opening brief, Bayer respectfully requests that this Court grant its motion *in limine* to exclude evidence, testimony or argument related to AERs involving Trasylol to show causation or comparative risk.

March 9, 2010                                    Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

---

[7] This is not to concede that AER evidence offered for "notice" or any other given purpose would necessarily be otherwise admissible.

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
   & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:  312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Richard H. Menard, Jr.
Email:  rmenard@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:  202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:  313-568-6658

>Richard K. Dandrea
>Email:  rdandrea@eckertseamans.com
>**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
>USX Tower, 600 Grant St., 44th Floor
>Pittsburgh, PA.  15219
>Telephone:  412-566-6000
>Facsimile:   412-566-6099
>
>*Attorneys for Bayer Corporation,*
>*Bayer HealthCare Pharmaceuticals Inc.,*
>*and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

**SERVICE LIST**

**In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

**United States District Court
Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN
    & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
    & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
    & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs
and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
    O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*