**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | )<br>)<br>) |
| THIS DOCUMENT RELATES TO: | )<br>)<br>) |
| *Anna Bryant* v. *Bayer Corp. et al.*,<br>Case No. 9:08-cv-80868 | )<br>)<br>) |
| *Melissa Morrill* v. *Bayer Corp. et al.*,<br>Case No. 9:08-cv-80424 | )<br>)<br>) |
| *Naguib Bechara, et al.* v. *Bayer Corp., et al.*,<br>Case No. 9:08-cv-80776 | )<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MARCH 10, 2010 SUPPLEMENTAL BRIEF REGARDING ADMISSIBILITY OF REGULATORY EVIDENCE AND ALLEGEDLY INADEQUATE SUBMISSIONS TO THE FDA**

Plaintiffs' March 10, 2010 brief (D.E. 4741) ("Pls.' Supp. Br.") is not responsive to the questions raised by this Court during its February 26, 2010 hearing. Bayer's supplemental brief (D.E. 4680) ("Bayer's Supp. Br.") explained why evidence of FDA's objective findings based on Bayer's regulatory submissions is relevant and admissible, whereas arguments that Bayer did not timely submit certain information to FDA in violation of federal reporting obligations *to the agency* inherently require speculation by the jury and violate the core holding of *Buckman Co.* v. *Plaintiffs' Legal Committee*, 531 U.S. 341, 349 & n.5, 353 (2001) (holding that plaintiffs may not recover under state law for "noncompliance" with the FDCA, or rely on "federal enactments [a]s a critical element in their case"). Instead of responding to these points, plaintiffs change the subject to issues not relevant here.

*First*, plaintiffs spend the bulk of their brief discussing *Wyeth* v. *Levine*, 129 S. Ct. 1187 (2009), and the purported "role of regulatory evidence in other cases." Pls.' Supp. Br. at 5-6, 9-11. Plaintiffs miss the point. Bayer's motion is not asserting that FDA approval of Trasylol's labeling "establishes [a] maximum standard" of care and *Buckman* does not bear on this point. *Id.* at 5; *see id.* at 9-10. Contrary to plaintiffs' representations, nothing in *Levine* suggests that the "[t]he [FDCA] regulatory scheme, including the CBE regulation allowing label changes without FDA approval is . . . inextricably intertwined with the state common law claims." *Id.* at 10. Rather, the *Levine* court held only that on the record presented, federal labeling laws did not preclude the company from providing stronger warnings to doctors and patients given its *independent* duties under state law. *See Levine*, 129 S. Ct. at 1197-1203. There was no issue in *Levine* about whether the company had failed to provide certain disclosures to the agency; the issue was whether the FDA-approved warnings were as strong as plaintiff claimed they should be under state law and whether federal regulations would have prevented the company from making the warnings stronger without FDA's prior approval. Therefore, *Levine* and other cases in which FDA approval was alleged to preempt state-law liability (*see* Pls.' Supp. Br. 5-6) are completely inapposite here. *See*, *e.g.*, *Lefaivre* v. *KV Pharm. Co.*, No. 09-588, 2010 WL 59125, *4 (E.D. Mo. 2010) (rejecting plaintiff's argument that "the Supreme Court's rejection in [*Levine*] of *per se* conflict preemption of state law suits . . . is an implicit authorization of private causes of action to enforce the FDCA").

*Second*, plaintiffs' discussion of how Bayer's regulatory experts may rebut plaintiffs' expert testimony does not change the analysis. *See also* Bayer's Mot. Exclude Dr. Parisian (D.E. 3065) at 11 (explaining rebuttal testimony). For the first time, plaintiffs now suggest that Bayer's designation of Dr. Robert Fenichel as an expert undoes all of its arguments

regarding the evidence at issue. *See* Pls.' Supp. Br. 1-4. This is mistaken. Nothing in the testimony plaintiffs identify refutes Bayer's showing that objective evidence can be used to demonstrate FDA approval. *See id.* at 2-4.[1]

In any event, the testimony plaintiffs cite does not support the conclusion they ultimately seek to establish. Based on the testimony identified, plaintiffs first contend that "the behavior of a pharmaceutical company is inextricably intertwined with the federal regulations." *Id.* at 2. This, of course, is irrefutable given the impossibility of marketing prescription drugs in the United States absent FDA's blessing. *See* Bayer's Supp. Br. 3-4. Neither this point nor the testimony plaintiffs identify, however, supports the proposition that plaintiffs may "establish" Bayer's negligence under state law by introducing evidence of purported non-compliance with FDCA regulations. Pls.' Supp. Br. 4-5, 10; *see also* Bayer's Supp. Br. 10 (citing plaintiffs' arguments from the February 26, 2010 hearing). Indeed, plaintiffs' arguments are no different from an impermissible claim that violations of the FDCA establish negligence *per se*. *Accord* Hr'g Tr. 73-74 (Feb. 26, 2010) (Mr. Love: "[T]he [federal] regulations establish a standard of care, and a violation of any or more of them as it relates to safety information can establish that a company did[n]'t act like a reasonably prudent pharmaceutical company would under the same or similar circumstances.").

---

[1] For these same reasons, plaintiffs' citations to the subset of cases in which Dr. Parisian has been permitted to testify about the "general nature of the approval and regulatory process" are irrelevant here. D.E. 4741 at 7. The issue before this Court is whether evidence of alleged non-disclosures to FDA that purportedly violate FDCA regulations would require impermissible speculation by the jury and threaten to prejudice Bayer insofar as it may be held liable based on an asserted violation of the FDCA, not because plaintiffs have established the elements of their state-law claims. *See* Bayer's Supp. Br. 5 (detailing plaintiffs' concessions that the jury is not permitted to speculate "about FDA actions"); *id.* at 5-8 (illustrating the manner in which using evidence of alleged non-disclosures as an "integral part of Plaintiffs' claims," D.E. 4741 at 4, violates *Buckman*).

Plaintiffs' argument contravenes 21 U.S.C. § 337(a) and the holding in *Buckman*, 531 U.S. at 349 & n.5, 353.[2]  Plaintiffs' claims must turn on a violation of state-law duties, not disclosure duties that exist solely by virtue of federal law and that are owed to FDA alone. *Id.* The showings plaintiffs seek to make here, however, necessarily: (i) invite the jury to find Bayer liable based on perceived violations of federal disclosure regulations, thus contravening 21 U.S.C. § 337(a) and *Buckman*, and (ii) require—on this record, where FDA itself has not found that it was defrauded or other violations of the FDCA—that the jury speculate about whether federal duties were violated and whether those purported violations establish proximate causation. Bayer's Supp. Br. 3, 5-9. Plaintiffs already have acknowledged they are not entitled to undertake such speculation. *See* Bayer's Supp. Br. 5 (citing Opp. 2 [D.E. 4240, 4336]; *id.* at 9 ("Plaintiff[s] agree that speculation about FDA actions would be inappropriate . . . ."); Tr. at 62 ("we're not saying if you had done this, the FDA would have done something else") (Mr. Moscow); *id.* at 73 ("The fact that the FDA may have done something different is irrelevant") (Mr. Love)).

*Third*, plaintiffs can only point to one case (at 8-9), *Globetti v. Sandoz Pharmaceutical Corp.*, No. 98-2649, 2001 WL 419160 (N.D. Ala. 2001), contradicting the clear majority of courts—pre- and post-*Levine*—that have held that a complaint's failure to

---

[2] Moreover, plaintiffs' attempts to use alleged federal regulatory violations in this manner also runs afoul of numerous state law principles. *See Murray* v. *Briggs*, 569 So. 2d 476, 480 (Fla. 5th DCA 1990) ("we are not satisfied that a federal regulation should necessarily control state law questions of negligence by enlarging common law duties or creating new duties"); *Groh* v. *Hasenkamp*, 407 So. 2d 949, 953 (Fla. 3d DCA 1981) ("To demonstrate actionable negligence, a party relying on violation of a statute or ordinance must establish that . . . the violation of the statute was the proximate cause of his injury."); *Blinn* v. *Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) (rejecting negligence *per se* theory founded on alleged violation of FDCA regulations, "because Florida law does not allow the use of a statutory violation as the basis for civil liability unless the statute expressly provides a private cause of action") (discussing 21 U.S.C. § 337(a)).

denominate a claim as "fraud-on-the-FDA" does not render *Buckman* irrelevant.  *See* Bayer's Motion. 7-9 & n.6 (D.E. 3994); Reply 4-5 (D.E. 4502).  The majority of courts have acknowledged that whether a claim is labeled "fraud-on-the-FDA" or whether a plaintiff tries to show that a company's violated FDCA disclosure requirements, the jury must engage in the same impermissible speculative inquiry, and the defendant is at equal risk of being held liable under state law for allegedly violating an obligation arising under federal law.  *See*, *e.g.*, *Buckman*, 541 U.S. at 353; *Riley* v. *Cordis Corp.*, 625 F. Supp. 2d 769, 776-77 (D. Minn. 2009) ("[A] private litigant cannot sue a defendant for violating the FDCA.  Similarly, a private litigant cannot bring a statelaw claim against a defendant when the state-law claim is in substance (even if not in form) a claim for violating the FDCA . . . ."); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, No. 05-md-1699, 2006 WL 2374742, at *10 (N.D. Cal. Aug. 16, 2006) (citing *Buckman* and holding that "[t]he law is well established that a claim premised on a drug manufacturer's failure to provide data to the FDA is preempted").  Plaintiffs concede that "federal regulations . . . are an integral part of Plaintiffs' claims." Pls.' Supp. Br. 4; *see id.* at 10-11 (similar).  Thus, *Buckman* precludes plaintiffs from offering argument or evidence that defendants improperly disclosed or failed to disclose information to the agency or speculation about what regulatory determinations would have been made in light of different disclosures.

## CONCLUSION

For these reasons and those previously briefed, Bayer respectfully requests that this Court grant its motion *in limine* to exclude evidence, testimony or argument regarding any alleged failure by Bayer to provide more timely or accurate information to FDA.

March 12, 2010

Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Eamon P. Joyce
Email:  ejoyce@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

SERVICE LIST

In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

**United States District Court
Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN
   & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
   & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
   & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs
and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
     O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*