UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Anna Bryant* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80868 | ) ) ) |
| *Melissa Morrill* v. *Bayer Corp. et al.*, Case No. 9:08-cv-80424 | ) ) ) |
| *Naguib Bechara, et al.* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80776 | ) ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING UNRELATED ALLEGED WRONGFUL ACTS**

Plaintiffs' Opposition (D.E. 4675) reinforces Bayer's showing that plaintiffs intend to use argument and evidence regarding unrelated alleged wrongful acts as supposed evidence of Bayer's bad character. As demonstrated in Bayer's opening brief (D.E. 4261), such argument and evidence is barred by Rule 404(b). Likewise, plaintiffs' contention that these unrelated acts are generally probative of Bayer's state of mind and financial motive violates Rule 404(b)'s prohibition on character evidence and would result in unfair prejudice, juror confusion, and a waste of the Court's time in contravention of Rule 403.

      **1.**    **Rule 404(b).** Plaintiffs intend to introduce evidence about numerous irrelevant topics with no relation to Trasylol, including Medicaid pricing, polyester polyols, prescription medications other than Trasylol (Cipro, Yaz, and Baycol), multivitamins and dietary supplements, a CERCLA cleanup dispute, and electronic monitors and testing strips used to test

blood sugar levels in diabetes patients. Opposition ("Opp.") at 2-4. Plaintiffs make no effort to explain how such evidence is relevant to these Trasylol cases.

To the contrary, plaintiffs' papers confirm that they intend to introduce argument and evidence barred by Rule 404(b): "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of [Bayer] in order to show action in conformity therewith." Fed. R. Evid. 404(b). Plaintiffs assert that such evidence would "show Bayer's intent and common plan or scheme pursuant to Rule 404(b)." Opp. at 2. But plaintiffs admit that they intend to use evidence and argument to establish Bayer's supposed "habit and custom" of wrongdoing. *Id.* That is precisely what this rule does not allow.[1]

Plaintiffs' attempt to distinguish *Miller ex rel. Miller* v. *Ford Motor Co.*, No. 01-545, 2004 WL 4054843 (M.D. Fla. July 22, 2004), *see* Opp. at 7, fails. *Miller* was a vehicle accident case, and the court granted defendants' motion *in limine* and excluded argument and evidence of "other accidents involving vehicles which are not substantially similar to the [vehicle

---

[1] To the extent plaintiffs' "habit and custom" reference is intended to invoke Rule 406, that rule is inapplicable because the instances plaintiffs cite involve different products, allegations, and timeframes, and do not meet the bar for establishing a routine practice. *See G.M. Brod & Co.* v. *United States*, 759 F.2d 1526, 1532 (11th Cir. 1985) (concluding that examples of five breached contracts in a year and a half did not establish routine practice of corporation breaching contracts with small businesses); *Jablonski* v. *St. Paul Fire and Marine Ins. Co.*, No. 07-386, 2009 WL 2252094, *5 (M.D. Fla. July 24, 2009) (recognizing that three instances over five years did not establish corporation's routine practice of unfair estimation practices, noting that "the Eleventh Circuit . . . has held that 'adequacy of sampling and uniformity of response are controlling considerations [in making such a determination under Rule 406].' In other words, 'conduct admitted as evidence of habit must reflect a systematic response to specific situations to avoid the danger of unfair prejudice that ordinarily accompanies the admission of propensity evidence.'") (quoting *Goldsmith* v. *Bagby Elevator Co.*, 513 F.3d 1261, 1285 (11th Cir. 2008)); *see also* Charles Alan Wright et. al., Federal Prac. & Proc. § 5274 (explaining that under Rule 406 "the conduct to be characterized as 'routine practice' must be such that it is fairly easy to prove. This means the number of instances of such behavior must be large enough that doubt about a single instance does not destroy the inference that the practice existed. If there are only a handful of instances, the opponent may enter into a dispute about the existence of each so that the trial becomes an inquiry into a host of collateral incidents . . .").

2

at issue in that case], other accidents which are not substantially similar to the accident in this case or which are remote, and evidence concerning incidents involving other defects such as driver's air bags." *Miller*, 2004 WL 4054843 at *12; *see* Motion at 3. In this case, the evidence plaintiffs intend to offer is far more attenuated than in *Miller* it involves technical regulatory areas (such as how other products were listed with FDA, priced, or labeled) having no discernable relationship to a case about whether Trasylol caused plaintiffs' injuries. Plaintiffs assert that the evidence is "the very conduct at issue" because some of the prior incidents involved "sales and marketing" for other products. Under this improper logic, all evidence having to do with cars would have been admissible in the *Miller* case. Opp. at 7.

        2.    **"Impeachment."**  Contrary to plaintiffs contentions, prior corporate convictions are inadmissible to impeach testimony by Bayer witnesses "that Bayer is a good company, follows the law, or that [Bayer's] primary purpose is patient health or safety." Opp. at 4. First, as Bayer has already demonstrated, a corporate conviction is not admissible under Rule 609(a)(2) absent a specific showing that the testifying employees themselves were responsible for the decisions that formed the basis of the conviction. Motion at 3 n.1 (citing *Walden* v. *Georgia-Pacific Corp.*, 126 F.3d 506, 523-24 (3d Cir. 1997)).[2] Plaintiffs have not offered any evidence that any Bayer witnesses will testify at trial that they were responsible for the decisions that formed the basis of any of the prior events plaintiffs seek to use at trial. Second, to the extent plaintiffs reference applicable "convictions" within the meaning of Rule 609, there is no indication that Bayer intends to offer affirmative testimony about its general corporate "character." Statements about how witnesses view their job priorities or Bayer's priorities with

---

[2] Plaintiffs' attempt to distinguish *Walden*, Opp. at 6, is unpersuasive and, as with their attempt to distinguish *Miller*, only underscores Bayer's point. Just as *Walden* involved a failed attempt to use a prior conviction for tax evasion in an employment law case, the prior convictions that plaintiffs would introduce are completely unrelated to the issues in these Trasylol cases.

3

respect to Trasylol are outside the scope of general statements about corporate character and therefore are not susceptible to impeachment under Rule 609. Similarly, incidents that did not result in criminal convictions, including consent decrees involving Bayer's marketing of Baycol and Yaz, *see* Opp. 3-4, cannot possibly form the basis for impeachment under Rule 609, which applies solely to criminal convictions.[3] Third, plaintiffs' "impeachment" of testimony about Bayer's conduct with respect to Trasylol would unfairly suggest that Bayer is a bad or unlawful company, which is directly forbidden by Rule 404(b).

        **3.** **"Punitive damages."** Plaintiffs argue that evidence about unrelated prior acts is "relevant and admissible towards punitive damages," Opp. at 7. But as Bayer explained in its motion to exclude evidence not relevant to punitive damages (D.E. 4258) and reply in support thereof (D.E. 4715), punitive damages may not be based on "conduct that bore no relation to the [plaintiff's] harm," because a "defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *State Farm Mut. Auto. Ins. Co.* v. *Campbell*, 538 U.S. 408, 410, 419, 422 (2003); *see id.* at 423 ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."); *Brown* v. *Miller*, 631 F.2d 408, 412-13 (5th Cir. 1980) (reversing punitive damages award based on wrongly admitted evidence of acts "entirely independent of the subject matter of th[e] lawsuit" and "obviously irrelevant to the present action"). Evidence

---

[3] Plaintiffs' suggestion that evidence of specific prior incidents, including those not resulting in criminal convictions, may be admissible to impeach under Rule 405 if defendants "open the door" is baseless. Even if such character evidence can be offered with regard to a corporation, *but see* Charles Alan Wright et. al., Federal Prac. & Proc. § 5263 n. 5 ("Although it can be argued that a corporation is a person, it is questionable that a corporation can have a 'character' as that term is used in Rules 404 and 405."), impeachment under Rule 405 through specific prior acts applies only to affirmative statements of good character made by defendants' witnesses on direct examination. None of the statements plaintiffs seek to rebut constitutes a statement of good character.

related to prior acts that have no connection to plaintiffs' claims is not admissible to support any claim for punitive damages.

    **4.**  **Rule 403.** Finally, plaintiffs fail to refute Bayer's showing that evidence about unrelated prior acts would confuse or mislead the jury and cause undue delay.  Motion at 4-5; Opp. at 8.  Plaintiffs' arguments about motive or habit fail for reasons set out above.  Further, plaintiffs provide no meaningful response to Bayer's arguments that the potential for jury confusion and misleading far outweighs any potential marginal relevance, especially in light of the propensity inference inherent in the argument and evidence plaintiffs seek to introduce.  Likewise, plaintiffs have no response to Bayer's showing that such evidence would needlessly delay the proceedings, as Bayer would be compelled to introduce exculpatory evidence for each of these instances, thereby creating numerous mini-trials.

## CONCLUSION

    For these reasons and those in Bayer's opening brief, Bayer respectfully requests that this Court exclude evidence, testimony, and argument relating to other alleged wrongful acts unrelated to Trasylol.

March 12, 2010            Respectfully submitted,

                     */s/ Barbara Bolton Litten*
                     Patricia E. Lowry
                     Florida Bar No. 332569
                     E-mail:  plowry@ssd.com
                     Barbara Bolton Litten
                     Florida Bar No. 91642
                     E-mail:  blitten@ssd.com
                     **SQUIRE SANDERS & DEMPSEY L.L.P.**
                     1900 Phillips Point West
                     777 South Flagler Drive
                     West Palm Beach, FL  33401-6198
                     Telephone:  561-650-7200
                     Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR**
   **& SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:  312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Craig A. Knot
Email:  cknot@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
Richard Menard
Email:  remenard@sidley.com
Clifford W. Berlow
Email:  cberlow@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:  202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:  313-568-6658

           Richard K. Dandrea
           Email:  rdandrea@eckertseamans.com
           **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
           USX Tower, 600 Grant St., 44th Floor
           Pittsburgh, PA.  15219
           Telephone:  412-566-6000
           Facsimile:   412-566-6099

           *Attorneys for Bayer Corporation,*
           *Bayer HealthCare Pharmaceuticals Inc.,*
           *and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Joseph A. Osborne
Email:  jaosborne@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Counsel for Plaintiffs Bechara & Saad*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs
and Counsel for Plaintiff Anna Bryant*

David Matthews
Email:  dmatthews@thematthewslawfirm.com
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:  713-535-7184
*Attorneys for Plaintiff Anna Bryant*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN FRYE
    O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Michael T. Gallagher
Email: rebeccam@gld-law.com
**THE GALLAGHER LAW FIRM**
2095 Sackett Street
Houston, TX 77098
Telephone:  713-222-8080
Facsimile:   713-222-0066
*Counsel for Plaintiff Naguib Bechara*

Tim K. Goss
Email: goss39587@aol.com
Tamara L. Banno
Email: tbanno@tlb-law.com
**FREESE &GOSS PLLC**
3031 Allen Street
Suite 100
Dallas, TX 75204
Telephone:  214-761-6610
Facsimile:   214-761-6688
*Counsel for Plaintiff Naguib Bechara*