**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) |
| *Summerlin* v. *Bayer Corp., et al.*, Case No. 9:08-cv-80903-DMM | ) ) ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT AND TO CERTIFY
QUESTIONS OF LAW TO THE SUPREME COURT OF ALABAMA**

Plaintiff's certification request fails for two reasons: (1) by waiting to request certification until *after* his case was adversely decided, plaintiff's request undermines the reasons for certification—conservation of time, energy, and resources, and cooperation among state and federal courts; and (2) plaintiff's proposed questions concern an issue of Alabama law that is well-settled or would not save his claims even if answered in his favor by the Alabama Supreme Court. Accordingly, the Court should deny plaintiff's motion (D.E. 4683, filed Mar. 9, 2010) and refuse to alter or amend its grant of summary judgment in favor of Bayer.

**I.    PLAINTIFF'S REQUEST TO CERTIFY IS PROCEDURALLY IMPROPER.**

Certification is inappropriate where plaintiff "did not move [the Court] to certify the question until after the motion for summary judgment had been decided against [him]," *Perkins* v. *Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209-210 (8th Cir. 1987), and therefore "neither this court nor the parties would reap any conservation of time, energy, or resources were this court to grant certification," *Boyd Rosene & Assocs., Inc.* v. *Kansas Mun. Gas Agency*, 178 F.3d

1363, 1364-65 (10th Cir. 1999) (quoting *Lehman Bros.* v. *Schein*, 416 U.S. 386, 390-91 (1974)). Plaintiff chose not to seek certification to the Alabama Supreme Court until nearly a month *after* this Court already had entered judgment against him. Plaintiff has known for over a year and a half that defendants would challenge his wrongful death claims. *See*, *e.g.*, Bayer Corp.'s Answer & Add'l Defenses to Pl.'s Compl. (filed in S.D. Ala. June 12, 2008) (Ex. A) at 22-23 (asserting that "[p]laintiff's recovery of damages under Alabama's wrongful death statute, Ala. Code § 6-5-410, is barred . . . or limited by applicable wrongful death law and jurisprudence"). Yet, rather than seeking guidance from the Alabama Supreme Court, plaintiff allowed this Court to expend its resources in adjudicating his claims and, being unhappy with the result, now seeks to re-litigate his action. As the Eighth Circuit has reasoned:

> [Plaintiffs] did not move the district court to certify the question until after the motion for summary judgment had been decided against them. The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, *the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision*. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after a case has been decided.

*Perkins*, 823 F.2d at 209-10 (emphasis added); *see also Boyd Rosene*, 178 F.3d at 1364-65 ("Late requests for certification . . . are generally disapproved, particularly when the district court has already ruled.") (collecting cases); *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) (a party should not be allowed a "second chance at victory" after district court has decided the issue); *Harris* v. *Karri-On Campers, Inc.*, 640 F.2d 65, 68 (7th Cir. 1981) (certification after decision would only prolong litigation).

The proper purposes of state-court certification are to "save[] time, energy, and resources, and help[] build a cooperative judicial federalism." *Lehman*, 416 U.S. at 390-91. Here, even if "[c]ertification may well have been an appropriate option at some time earlier in this litigation,"

2

plaintiff's request to certify these issues to the Alabama Supreme Court "at this late hour" undermines those purposes; it "would be inefficient and wasteful of the parties' and the federal courts' previously expended time, energy, and resources." *Boyd Rosene*, 178 F.3d at 1365.[1]

Plaintiff's persistence in pursuing these issues suggests that plaintiff will appeal the summary judgment order to the Eleventh Circuit. On appeal, "[i]f the Eleventh Circuit has any serious doubts about the law of Alabama in this regard, it can, of course, certify the doubtful questions to the Supreme Court of Alabama." *Love* v. *Wyeth*, 569 F. Supp. 2d 1228, 1237 (N.D. Ala. 2008) (refusing to certify questions regarding untimeliness of plaintiff's claims and stating that "[a]lthough the precise questions presented in the instant case have not been ruled on by Alabama's court of last resort, this court will not wear out its welcome with the Supreme Court of Alabama by certifying these two tolling questions to it").

## II.     PLAINTIFF'S REQUEST IS SUBSTANTIVELY UNNECESSARY AND FUTILE.

Even if the motion were not untimely, plaintiff has not provided any basis for certification of the questions to the Alabama Supreme Court. With respect to plaintiff's first question, Alabama law not only "provides substantial confidence in how the [state's] Supreme Court would rule," *Jennings* v. *BIC Corp.*, 181 F.3d 1250, 1254 (11th Cir. 1999), but indeed provides a *well-settled answer*. And answers to plaintiff's second and third questions would not disturb the

---

[1] Moreover, plaintiff's motion is inappropriate because, "[h]aving sought a Federal forum, [plaintiff] must abide by federal determination as to the present state of [Alabama] law." *Seaboard Sur. Co.* v. *Garrison, Webb & Stanaland, P.A.*, 823 F.2d 434, 438 (11th Cir. 1987). "As plaintiff, he had knowledge of the state of the law under his theories for recovery, and had the choice of forums to file suit, either in the local courts or the federal court." *Fischer* v. *Bar Harbor Banking and Trust Co.*, 857 F.2d 4, 8 (1st Cir. 1988). Thus, plaintiff "'is in a peculiarly poor position to seek certification'" because courts "'do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort.'" *Id.* (quoting *Cantwell* v. *University of Mass.*, 551 F.2d 879, 880 (1st Cir. 1977)).

Court's grant of summary judgment, thus they are not "'determinative of [the underlying] cause.'" *Palmore* v. *First Unum*, 841 So. 2d 233, 235 (Ala. 2002) (quoting Ala. R. App. P. 18(a)).

**1.**     "'[T]he most important'" factors on which the decision whether to certify is based are "'the closeness of the question and the existence of sufficient sources of state law.'" *Jennings*, 181 F.3d at 1254 (quoting *Escareno* v. *Noltina Crucible and Refractory Corp.*, 139 F.3d 1456, 1461 (11th Cir. 1998) ("Certification should never be automatic or unthinking. 'We use much judgment, restraint and discretion in certifying.  We do not abdicate.'") (internal citations & alterations omitted)).  And a question *only* "should be certified to the Alabama Supreme Court under Rule 18(a) [of the Ala. R. App. P.] '[w]hen substantial doubt exists about the answer to a *material* state law question *upon which the case turns*.'"  *Rodgers* v. *Jones*, No. 05-0635, 2006 WL 3627118, *2-3 (S.D. Ala. Dec. 11, 2006) (quoting *Forgione* v. *Dennis Pirtle Agency, Inc.*, 93 F.3d 758, 761 (11th Cir. 1996)) (emphasis added).

In this case, "existing [Alabama] law provides substantial confidence in how the [state's] Supreme Court would rule on the question."  *Jennings*, 181 F.3d at 1254 (quoting *Escareno*, 139 F.3d at 1461).  In granting summary judgment, this Court observed that "[t]he Supreme Court of Alabama has repeatedly held that Alabama's wrongful death statute [Ala. Code § 6-5-410(d)] is a statute of creation, and therefore, its two-year limitations period is not subject to any tolling provisions." *Summerlin* Order (D.E. 4252, filed Feb. 12, 2010) ("Order") at 14 (citing *Ogle* v. *Gordon*, 706 So. 2d 707, 708 (Ala. 1997); *Cofer* v. *Ensor*, 473 So. 2d 984, 992 (Ala. 1985)); *accord Cofer*, *supra*, at 992 ("It is well-settled that the limitations period found in § 6-5-410(d) is . . . not subject to tolling provisions because it is 'of the essence of the cause of action.'") (citation omitted).  The Alabama Supreme Court not only has "addressed" plaintiff's first

4

question (*contra* Motion at 2), but "*has clearly stated* that the two-year limitation is not subject to equitable tolling *for any reason*." Order at 17-18 (emphasis added).

In *Jennings*, despite acknowledging that "Florida law provides no explicit answer to the central issue in th[e] case," the Eleventh Circuit rejected plaintiff's request to certify a question to the Florida Supreme Court because "existing Florida law provide[d] substantial confidence in how [that court] would rule on the question." 181 F.3d at 1254; *see id.* at 1255 ("decisions of the Florida courts provide sufficient and significant guidance as to how the Florida Supreme Court would rule on the issue if the issue were considered"). Likewise here, existing Alabama law provides substantial confidence, and indeed makes abundantly clear, that wrongful death claims are not tolled. Order at 14-18; *see Posner* v. *Essex Ins. Co.*, 178 F.3d 1209, 1216-17 (11th Cir. 1999) (refusing to certify questions where, "[u]nlike many of the cases employing certification . . . this case does not present a situation in which '[t]here is no case law directly addressing [the] issue'") (citation omitted).

2.    The second question plaintiff seeks to certify fails before it can be asked: even if the Alabama Supreme Court were to hold (contrary to existing law[2]) that "a defendant who fraudulently conceals or suppressed [*sic*] the facts identifying a wrongful death cause of action is estopped from asserting the statute of limitations as a defense," Motion at 1, that would not save plaintiff's claims because this Court found that "there is no allegation or evidence that Bayer induced Plaintiff not to sue" as Alabama requires plaintiff to establish to invoke estoppel. Order

---

[2] Indeed, the Alabama Supreme Court has held—"[t]o avoid misunderstanding"—that (1) the "two-year period [in § 6-5-410(d)] is a substantive part of the cause of action and *is not to be treated as a statute of limitations*," *Buck* v. *City of Rainsville*, 572 So. 2d 419, 424 (Ala. 1990) (collecting cases & emphasis added), and, as this Court recognized, that (2) "the plaintiff has the burden of *affirmatively* showing that his wrongful death claims were commenced within the two-year period," Order at 17 n.8 (citing *Cofer*, 473 So. 2d at 992); thus, there is no "defense" to "estop[]" defendants from asserting.

5

at 17 (citing *City of Birmingham* v. *Cochrane Roofing & Metal Co.*, 547 So. 2d 1159, 1167 (Ala. 1989)); *see Seybold* v. *Magnolia Land Co.*, 376 So. 2d 1083, 1085 (Ala. 1979) ("the type of conduct which is sufficient to give rise to an estoppel against pleading the statute of limitations must amount to an affirmative inducement to the claimant to delay bringing action").

Alabama's certification procedure makes plain that, for the Alabama Supreme Court "to consider a certified question from a federal court, the question must be, among other things, 'determinative of [the underlying] cause.'" *Palmore*, 841 So. 2d at 235 (quoting Ala. R. App. P. 18(a)).[3] In *Palmore*, the Alabama Supreme Court found that this "requirement correctly leads us to view the question presented in its proper context, lest our answer resemble an opinion on an abstract point of law irrelevant to the underlying case." *Id.* (citing *Smith* v. *Alabama Dry Dock & Shipbuilding Co.*, 309 So. 2d 424, 429 (Ala. 1975) (stating that "[i]t has long been the law of this State that courts will not decide moot, abstract or hypothetical questions"). Accordingly, the *Palmore* court "decline[d] to answer this certified question, because *no answer that we could give would be determinative of the underlying cause*." 841 So. 2d at 235 (emphasis added). The same result is warranted here: The Alabama Supreme Court would not answer plaintiff's second question because the answer would be purely academic.

**3.** Plaintiff's third proposed question fails for the same reason. Plaintiff asserts that "the question of whether fraudulent concealment of the facts giving rise to a tort claim could serve as a tort separate and apart from the wrongful death claim, such that it might survive to the

---

[3] The Alabama Supreme Court explained in *Palmore* that "'Rule 18 [of the Ala. R. App. P.] is based upon the Florida Appellate Rules, § 4.61 [now Fla. R. App. P. 9.150, which allows certification of a question if the 'answer is determinative of the cause'].'" 841 So. 2d at 235 (quoting committee comments to Ala. R. App. P. 18).

6

estate" was "not addressed in" the Court's summary judgment order. Motion at 2.[4] To the contrary, the Court (i) addressed the question, *see* Order at 27 n.18 (recognizing that the Alabama Supreme Court "has not expressly rejected a separate cause of action for the fraudulent concealment of a wrongful death claim" but "neither has it expressly held that such a cause of action exists"), and (ii) anticipated the very question plaintiff poses: "*even if* this Court were to assume that Alabama would recognize" a separate cause of action, "[p]laintiff *does not prevail on this claim on summary judgment*" because, *inter alia*, "[p]laintiff has not even alleged, much less shown, that Bayer knew about [the decedent's] death or suppressed facts relating to its involvement in her death after the death occurred," *id.* at 27-28 (emphasis added). Accordingly, as with plaintiff's second question, certifying his third question to the Alabama Supreme Court is a futile endeavor because even an affirmative answer to it would not provide plaintiff with a viable cause of action. *Palmore*, 841 So. 2d at 235.

---

[4] Plaintiff also makes the baseless contention that this question actually was "raised" by Bayer "in its summary judgment briefing." Motion at 2 (purporting to cite Bayer's Mot. Summ. J. (D.E. 2815) at 4 n.3). On the contrary, there, defendants pointed out that "in Alabama, unfiled tort claims do not survive the victim's estate." Mot. Summ. J., *supra* (citing *Bassie* v. *OBGYN Assocs. of Nw. Ala., P.C.*, 828 So. 2d 280, 285 (Ala. 2002) (Houston, J., concurring)).

## CONCLUSION

For the reasons stated above, defendants respectfully request that the Court deny plaintiff's motion to alter or amend the Court's Order granting summary judgment for Bayer and to certify questions of law to the Supreme Court of Alabama.

March 24, 2010                                    Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida  33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  312-853-7279
Facsimile:  312-853-7036

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Barbara Bolton Litten*
                                                Barbara Bolton Litten

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:09-CV-80903-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Scott A. Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-759-1400
Facsimile: 713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Plaintiffs' Steering Committee/Liaison Counsel*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Plaintiffs' Steering Committee/ Federal-State Liaison*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
*Defendants' Liaison Counsel and Attorneys for Defendant Bayer Corporation*

Leslie Ann Caldwell
Email: lac@lusklaw.com
**LUSK, LUSK, DOWDY & CALDWELL, P.C.**
2100 Highland Avenue, Suite 410
Birmingham, Alabama 35205
Telephone: 205-933-7090
Facsimile: 205-933-7099
*Attorneys for Plaintiff*

WESTPALMBEACH/567026.1