UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928<br><br>THIS DOCUMENT RELATES TO:<br><br>*Melissa Morrill* v. *Bayer Pharm. Corp. et al.*,<br>Case No. 9:08-cv-80424 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATED TO THE KRESS STUDY**

Defendants move *in limine* to exclude evidence, testimony, and argument related to the Kress study. Fed. R. Evid. 401-403.

In depositions of Bayer witnesses, as well as before this Court, Plaintiff has argued that Defendants failed to disclose the draft Kress study report to the medical community and the FDA in a timely manner, and implied that Bayer prevented its publication. *See, e.g.,* Deposition of Valentine Pascale, Aug. 13, 2009 (Ex. A) at 842:25-844:3; Feb. 26, 2010 Hearing Tr. (Ex. B) at 37:20-38:8. Plaintiff designated videotaped testimony on the Kress study from *eight* Bayer witnesses,[1] and listed numerous exhibits on the subject.

Evidence, testimony, and argument related to the Kress study should be excluded for the following reasons:

1. The draft Kress study report was not provided to Bayer until six weeks after Mr. Morrill's October 3, 2003, surgery and therefore evidence regarding the timing of disclosure of

---

[1] In addition to Dr. Pascale, Plaintiff designated videotaped testimony related to Kress from the following witnesses: Jennifer Maurer, Stephen Zaruby, Reinhard Fescharek, Ernst Weidmann, Terry Taylor, Pam Cyrus, and Anita Shah.

the draft study report is irrelevant to the surgeon's decision to use Trasylol in the *Morrill* case. Fed. R. Evid. 401, 402.

      2.      The probative value of this evidence, if any, is substantially outweighed by the risks of unfair prejudice against defendants and confusion of the issues for the jury, and the time that would have to be wasted in order to explain these matters to the jury. Fed. R. Evid. 403.

      3.      For reasons previously briefed, any argument or evidence that Bayer violated FDA reporting requirements by not informing FDA about the study until November 2006 is prohibited by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001).

## BACKGROUND

**A.    William Cyrus Morrill III's Surgery and Alleged Injuries.**

Plaintiff Melissa Morrill's husband, William Cyrus Morrill, III, underwent open heart surgery on October 3, 2003. Second Amended Complaint ("2d Am. Compl.") (Ex. C) ¶ 31. He died on October 6, 2003. *Id.* ¶ 35. Plaintiff alleges that Trasylol caused Mr. Morrill to suffer heart attacks, heart failure, kidney failure, and death. *Id.* ¶¶ 32-36. Plaintiff claims that Bayer is liable for Mr. Morrill's death on theories of negligence in designing, manufacturing, marketing, selling, and promoting Trasylol and in warning about its risks, *id.* ¶¶ 61-74; strict liability (defective design and failure to warn), *id.* ¶¶ 75-98; and negligent misrepresentation concerning the safety of Trasylol, *id.* ¶¶ 99-112.

**B.    Kress Study**

In 2001 and 2002, Dr. David Kress and others at St. Luke's Hospital in Milwaukee discussed with Bayer personnel the possibility of doing a retrospective study of heart surgery patient records to determine whether aprotinin reduced the rate of atrial fibrillation. *See, e.g.* Email string ending Mar. 23, 2001 (Ex. D). In late December 2002, Bayer received a

2

proposal from St. Luke's for a study that would examine this question. Dec. 26, 2002, email with attached proposal (Ex. E).

Bayer first received a draft study report on or around November 20, 2003. Draft #7 of "What is the Effect of Aprotinin (Trasylol) on the Incidence of Selected Outcomes after CABG?" ("Kress Rep.") (Ex. F). The Kress draft study report concluded that "aprotinin should be discontinued in CABG patients once the full-dose has been administered" and described a 3.1 times higher risk of postoperative renal failure (as defined by the authors) in patients receiving *higher than* the approved full dose. Kress Rep. (Ex. F) at 4. Bayer never received a final study report, and there is no evidence that the draft study report was ever finalized.

## ARGUMENT

**I.     EVIDENCE OR ARGUMENT ABOUT THE KRESS STUDY IS IRRELEVANT.**

Much of Plaintiff's evidence and argument related to the Kress study focuses on Bayer's alleged delay in disclosing the November 2003 draft study report to the medical community or the FDA and Bayer's purported role in Dr. Kress's decision not to publish his results. Even if the results of this retrospective study were probative of Trasylol's adverse effects — and they are not — any evidence or argument about a delay in reporting the results in that draft report is irrelevant to this case because it concerns information that was unavailable to Bayer until weeks after Mr. Morrill's surgery and events that happened long afterwards. Therefore, the draft Kress report and any follow-up could not have affected the use of Trasylol during Mr. Morrill's surgery. Just as this Court excluded evidence related to the disclosure of the i3 study because the events in question post-dated the surgeries in *Bryant, Bechara,* and here, Feb. 26, 2010 Hearing Tr. (Ex. B) at 54:15-19, evidence or argument about the Kress study should be excluded.

Plaintiff's core claim is that Bayer failed adequately to warn about the risks of Trasylol. *See* 2d Am. Compl. (Ex. C) ¶¶ 65, 70, 92-93. To support that claim (whether on a theory of negligence or strict liability), Plaintiff must prove that Bayer's alleged failure to warn or inadequate warning was a "substantial factor" in bringing about" her injuries. *Walls v. Armour Pharm. Co.*, 832 F. Supp. 1467, 1494-95 (M.D. Fla. 1993) (applying Florida law).[2] Under the learned intermediary doctrine, Plaintiff must establish that Mr. Morrill's treating physician, Dr. Thomas Kelly, relied on the allegedly inadequate warnings in making his treatment decision and that a different warning would have made a difference to the treatment decision. *See Upjohn Co. v. MacMurdo*, 562 So. 2d 680, 683 (Fla. 1990) ("manufacturer's duty to warn of the drug's dangerous side effects is directed to the physician rather than the patient").[3] Even assuming the draft Kress report were probative on the issue of causation, Bayer could not have provided it to Dr. Kelly until after Mr. Morrill's surgery because Bayer did not receive it until around November 20, 2003, more than six weeks after Mr. Morrill's surgery and death. Therefore, the Kress study is irrelevant to Plaintiff's claims and inadmissible in her case. *See*, *e.g.*, *Skibniewski v. American Home Prods. Corp.*, No. 99-0842, 2004 WL 5628157, *4-5 (W.D. Mo. Apr. 1, 2004) (granting motion *in limine* to exclude evidence of drug's prior warning where plaintiff could not show that warning had any effect on doctor's decision to prescribe drug and was therefore irrelevant). *See generally Baker v. Danek Med.*, 35 F. Supp. 2d 875, 878 (N.D. Fla. 1998) (dismissing negligent misrepresentation/strict liability claim because physician "did

---

[2] *See* Bayer's Mtn. for Summ. J. and Supporting Mem. of Law (D.E. 3811 in 1:08-md-1928; D.E. 74 in 9:08-cv-80424) at 3-4.
[3] *See also* 2d Am. Compl. (Ex. C) ¶ 107 (alleging that decedent's surgeon "was induced to and did administer Aprotinin" in reliance on Bayer's "misrepresentations").

4

not rely upon any representation, brochure or label in deciding to use" defendant's medical device).[4]

The same logic applies to Plaintiff's arguments regarding Bayer's purported role in Dr. Kress's decision not to publish his study at any later time. In addition to being entirely speculative — as this argument pre-supposes that Dr. Kress would have revised his report so it would be in the form of a medical journal article and that a medical journal would have accepted it for publication after subjecting it to peer review — the Kress report could not have been published until long after Mr. Morrill's surgery. The question about why Dr. Kress never published his study has no bearing on Dr. Kelly's decision to prescribe Trasylol to Mr. Morrill in October 2003, and has no relevance to Plaintiff's case.

Nor is there any evidence that the Kress study results are relevant to the general and specific causation inquiries at issue in Plaintiff's case. The study report, and arguments regarding their content, cannot be used to support Plaintiff's claim that Trasylol caused Mr. Morrill's death. Plaintiff has proffered two generic causation experts (Drs. Parikh and Eisenberg) and one specific causation expert, Dr. Marc Weinberg. None of these experts relied upon the Kress study to support his opinions about a causal relationship between Trasylol and renal failure or death (either generally or as alleged by Ms. Morrill). Absent expert testimony or opinion linking the Kress study conclusions with general or specific causation — and there is none — Plaintiff is left with nothing more than lay witnesses and her counsel's gloss on the

---

[4] Evidence about the timing in disclosing preliminary results of the Kress study is not relevant to Plaintiff's negligent misrepresentation claim. *See Baker*, 35 F. Supp. 2d at 878 (reliance is an element of negligent misrepresentation). Such evidence is likewise irrelevant to plaintiff's defective design claims, which require proof that the alleged design defect proximately caused the alleged injuries. *See Barrow v. Bristol-Meyers Squibb*, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at *27 (M.D. Fla. Oct. 29, 1998). Moreover, any purported delay in disclosing preliminary results received after the decedent was administered the drug does not bear on the issue of the safety of Trasylol's design.

study report, neither of which can be used to prove causation. Accordingly, this study has no relevance to Plaintiff's claims.

Finally, because there is no punitive damages claim in this case, any alleged obligation to disclose these results earlier can have no possible bearing on any issue of punitive damages. *See* Order Denying Motion for Leave to File Third Amended Complaint (D.E. 3938 in 1:08-md-1928; D.E. 78 in 9:08-cv-80424) (denying plaintiff's belated effort to add a punitive damages claim).

## II. EVIDENCE OR ARGUMENT REGARDING THE KRESS STUDY SHOULD BE EXCLUDED UNDER RULE 403.

Evidence or argument related to the Kress study also should be excluded because any marginal probative value (and there is none) is substantially outweighed by the risk of unfair prejudice and misleading and confusing the jury. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Evidence is unfairly prejudicial when it has "an undue tendency to suggest a decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

As shown above, Plaintiff's argument that Bayer concealed information about the draft Kress report dated November 2003 has no probative value in Mr. Morrill's case, where Trasylol was administered during an October 2003 surgery. Such argument also would be unfairly prejudicial and improperly allow the jury to determine liability on grounds other than those related to Plaintiff's claims. *See Kociemba v. G.D. Searle & Co.*, 683 F. Supp. 1582, 1583-84 (D. Minn. 1988) (excluding as irrelevant and highly prejudicial FDA task force report that generally criticized defendant's laboratory testing and data reporting procedures because

6

exclusion "is the only way to ensure a fair trial based on the merits of the case"); *see also United States v. Rothenberg*, 328 Fed. Appx. 897, 900 (5th Cir. 2009) (in criminal case against doctor who allegedly defrauded patients, concluding that district court abused its discretion in admitting an article stating that unrelated individuals were harmed by a similar product two months after the defendant stopped using the product at issue).

If Plaintiff were permitted to argue that Bayer delayed disclosure of the draft Kress report and somehow impacted Dr. Kress's decision about whether to publish his study results, the result would be a trial-within-a-trial, wasting Court and juror time on matters not even tangentially related to Plaintiff's claims. For example, Plaintiff designated large sections of testimony from Val Pascale, a Bayer employee who testified regarding the Kress study. Much of his testimony focuses on emails and events from 2004. To respond to these arguments and designations, Defendants were required to counter-designate similarly large sections of testimony to provide context for the 2004 events and rebut the claim that Dr. Kress wished to publish his study results and Bayer prevented him from doing so. As noted, Dr. Pascale is only one of eight Bayer witnesses from which Plaintiff designated testimony related to the Kress study. This sideshow would require the jury to watch hours of videotaped testimony that has nothing to do with Plaintiff's case.

Weighing the complete lack of probative value against the clear risks of prejudice, jury confusion, and waste of time, the balance is decidedly tipped in favor of excluding this evidence under Rule 403.

## CONCLUSION

For these reasons, Bayer respectfully requests that this Court exclude evidence, testimony, and argument related to the Kress study.

7

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that, as of the time of filing of this motion, plaintiffs have not agreed to the relief sought.

March 26, 2010                               Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
Susan A. Weber
Email: saweber@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Rebecca K. Wood
Email: rwood@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer HealthCare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Schering Pharma AG, and Bayer AG*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

SERVICE LIST

In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

**United States District Court
Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN
     & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
     & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN
     FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:  813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*