UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Melissa Morrill v. Bayer Corp. et al.*, Case No. 9:08-cv-80424 | ) ) ) ) |

**DEFENDANTS' MOTION TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATED TO ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE**

Defendants move *in limine* to exclude evidence, testimony, and argument related to assertions of the attorney-client privilege by Bayer or Bayer personnel. Fed. R. Evid. 401-403.

In depositions of Bayer witnesses, plaintiffs' counsel have insinuated that Bayer misused privilege assertions to shield non-privileged information. *See*, *e.g.*, Deposition of Edwin Tucker at 321 ("Does that go on a lot where Bayer employees try and claim certain documents might be privileged and confidential when they're not?") (Ex. A); Deposition of Reinhard Fescharek at 225 (questions regarding who advised Dr. Fescharek to "put 'privileged and confidential / attorney client communication' on documents that are not being sent to or from an attorney") (Ex. B); Deposition of Kemal Malik at 96-97 ("Do you think it would be honest and transparent to try and hide information behind an attorney-client privilege, Doctor?") (Ex. C). Based on this record, Bayer anticipates that plaintiffs may make similar suggestions to the jury.

Plaintiffs' purported proof of this alleged scheme demonstrates that their charge is baseless. In asking the deposition questions noted above, plaintiffs' counsel referred to documents that were marked "privileged and confidential." Despite this legend, these documents were produced to the PSC in this litigation—demonstrating that Bayer was not and is not

inappropriately "hiding" behind the privilege.[1]  Argument to the contrary will lead to a sideshow about the privilege that should be addressed to the Court, not the jury.

In fact, this issue already has been addressed to, and resolved by, the Court. Nearly one year ago, plaintiffs brought a motion challenging Bayer's privilege assertions.  The Court, after an in camera review of documents and after giving the PSC the opportunity to bring additional documents to the Court's attention, denied plaintiffs' challenge to Bayer's privilege assertions.  *See* D.E. 2089.  Plaintiffs should not be permitted to suggest that Bayer misused the privilege when this Court has determined that no such charge is supported by the record.

I.  **EVIDENCE REGARDING PRIVILEGE ASSERTIONS IS IRRELEVANT AND INADMISSIBLE.**

Evidence or argument concerning discovery disputes or purported discovery misconduct is not relevant to any issue the jury must decide.  *See*, *e.g.*, *Waters* v. *Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 814, 818 (E.D. Pa. 2005) ("Evidence of . . . disputes surrounding production of documents is entirely irrelevant . . . . Arguments by either side about the completeness of the production of documents will not be tolerated."); *Sanford* v. *Ektelon/Prince Sports Group, Inc.*, No. 97-368, 1999 WL 33544436, *4 (D. Neb. Nov. 5, 1999) (excluding evidence of discovery disputes because it is "not relevant"); *Empire Gas Corp.* v. *American Bakeries Co.*, 646 F. Supp. 269, 274 (N.D. Ill. 1986) ("How [] documents were obtained, for what period, and to what extent they were withheld by [a party] during discovery, are irrelevant

---

[1]  For example, plaintiffs point to an e-mail sent by Kemal Malik in which, forwarding another e-mail, he states that "[e]mails such as this must go out under Attorney-Client privilege."  Malik Dep. at 96 (Ex. C) & Exhibit 4 thereto.  At his deposition, Dr. Malik testified that he was following the advice of legal counsel in sending the email.  Malik Dep. at 96-97.  Contrary to plaintiffs' suggestion that this e-mail demonstrates a policy to hide behind the privilege inappropriately, Bayer produced this e-mail to the PSC despite the fact that it was marked "Attorney-Client Privileged Communication."

in this case.").[2]  Accordingly, any evidence relating to the parties' prior disputes over privilege logs or other discovery issues should be excluded, and plaintiffs should be barred from referring to those disputes and issues in the jury's presence.  Fed. R. Evid. 401, 402.

Even if there was a basis for putting any privilege dispute before the jury in some cases, there is no basis here because the dispute has been resolved by the Court.  The PSC's contentions about whether Bayer properly asserted the privilege were briefed and decided almost a year ago.  At the June 23, 2009, hearing, the Court gave plaintiffs a chance to produce evidence to back up their accusations of misuse of privilege.  Two months later, plaintiffs still had no such evidence, and the Court denied their motion.  D.E. 2089.  That should be the end of it.  Plaintiffs should not be allowed to revive or replay this settled dispute in front of the jury.  *Cf. Peery* v. *Serenity Behavioral Health Sys.*, No. 106-172, 2009 WL 1438939, *1 (S.D. Ga. May 15, 2009) (precluding plaintiffs from making objections, in the jury's presence, on grounds of spoliation of evidence where there was no "actual evidence of spoliation"; ordering plaintiffs "not to attempt to use this trial as an opportunity to develop the basis of a spoliation claim").

## II.   EVIDENCE OR ARGUMENT ABOUT BAYER'S PRIVILEGE ASSERTIONS WOULD BE UNFAIRLY PREJUDICIAL AND WOULD CONFUSE THE ISSUES.

Evidence or argument concerning Bayer's privilege assertions should be excluded for the additional reason that any probative value—and there is none—would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Fed. R. Evid. 403; *see Sanford*, 1999 WL 33544436 at *4 (excluding references to discovery disputes as "unduly prejudicial and irrelevant"); *Empire Gas*, 646 F. Supp. at 276 ("Generally, it

---

[2]  *See also General Motors Corp.* v. *Moseley*, 447 S.E. 2d 302, 307 (Ga. App. 1994) (trial court erred in failing to exclude evidence of discovery disputes, including remarks by plaintiffs' counsel about the defendant's alleged "attempt to hide information" by "giving elusive answers to interrogatories" and conducting incomplete searches in response to discovery requests).

3

is said that the danger of unfair prejudice in the admission of evidence always exists where it is used for something other than its logical probative force."). Such evidence or argument would be unfairly prejudicial because it would suggest to the jury—with no basis—that Bayer acted wrongly by asserting the privilege. *Id*. (precluding references to a party's "pretrial conduct," which would have no apparent reason other than "to show the jury that [the party], its executives, and its lawyers are bad people"). And it would confuse the issues by "diverting the jury's attention" from the issues in the litigation to collateral discovery issues, and waste time by forcing Bayer to give the jury a tutorial on the attorney-client privilege and its application to the evidence in this litigation. *Id*.; *see Sanford*, 1999 WL 33544436 at *4 (references to discovery disputes "would take the jury away from the case").

Such evidence or argument would invite the jury to speculate about what advice was given or what information was privileged, potentially putting Bayer in the untenable position of having to waive the privilege in order to rebut the inferences plaintiffs seek to have the jury draw. This Court and others have recognized that "[a]ny such inference would intrude upon the protected realm of the attorney-client privilege," and therefore may not be allowed by courts or encouraged by parties. *Parker* v. *Prudential Ins. Co. of Am.*, 900 F.2d 772, 775 (4th Cir. 1990); *In re Terazosin Hydrochloride Antitrust Litig.*, 335 F. Supp. 2d 1336, 1365 (S.D. Fla. 2004) (holding that no "negative inference can arise from the assertion of the privilege"). Allowing a jury to draw an adverse inference based on the invocation of the attorney-client privilege is unprecedented and would bring with it seriously harmful consequences. *Nabisco, Inc.* v. *PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir. 1999).[3]

---

[3] For these reasons, any testimony by Bayer witnesses about their discussions with counsel, including actions taken at the direction of counsel, should be excluded. *See*, *e.g.*, *Sharer* v. *Tandberg, Inc.*, No. 1:06cv626, 2007 WL 983849, *2 (E.D. Va. Mar. 27, 2007) (excluding references to the plaintiff's consultation with counsel prior to his sending certain e-mails because the fact that the plaintiff had

## CONCLUSION

For the foregoing reasons, Bayer respectfully requests that the Court exclude all evidence or argument that Bayer allegedly misused the attorney-client privilege to shield information from disclosure.

## RULE 7.1(A)(3) CERTIFICATION

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that, as of the time of filing of this motion, plaintiffs have not agreed to the relief sought.

March 26, 2010                                      Respectfully submitted,

/s/ Patricia E. Lowry
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

---

consulted with counsel prior to the critical e-mail exchange could "only [be] relevant to the extent that an inference may be drawn as to the substance of the legal communications between attorney and client"); *Beraha* v. *Baxter Healthcare Corp.*, No. 88-9898, 1994 WL 494654, *3 (N.D. Ill. Sep. 6, 1994) (excluding references to conversations that took place between defendant's in-house counsel and its employees because "the only purpose for which [plaintiff] seeks to admit evidence of the fact that these communications occurred is to enable the jury to draw an adverse inference therefrom").

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
Susan A. Weber
Email: saweber@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email: rwood@sidley.com
Richard H. Menard, Jr.
Email: rmenard@sidley.com
Amy L. Hanke
Email: ahanke@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

>Richard K. Dandrea
>Email:  rdandrea@eckertseamans.com
>**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
>USX Tower, 600 Grant St., 44th Floor
>Pittsburgh, PA.  15219
>Telephone:  412-566-6000
>Facsimile:   412-566-6099
>
>*Attorneys for Bayer HealthCare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Schering Pharma AG, and Bayer AG*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Barbara Bolton Litten
Barbara Bolton Litten

# SERVICE LIST

## In re Trasylol Products Liability Litigation – MDL-1928
## Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
   **& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:   215-875-7701
*Co-Lead Counsel for Plaintiffs*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:   713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
   **& LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:   561-684-6308
*Liaison Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:   203-610-6399
*Federal-State Liaison for Plaintiffs*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN**
   **FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:   813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*