UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE:  TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL – 1928

This Document Relates to:

*MELISSA MORRILL, etc.*
*v. BAYER PHARMACEUTICALS*
*CORPORATION, et al.,*
Case No. 9:08-cv-80424-DMM

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Melissa Morrill, on behalf of the Estate of William Cyrus Morrill

("Plaintiff"), respectfully submits the attached proposed jury instructions to the Court.

Plaintiff expressly reserves the right to modify, augment, or supplement the proposed

instructions prior to the submission of the case to the jury.

Respectfully submitted,


_____/s/ Amy L. Drushal_____
JOHN D. GOLDSMITH
Florida Bar No. 444278
AMY L. DRUSHAL
Florida Bar No. 546895
TRENAM, KEMKER, SCHARF, BARKIN, FRYE,
O'NEILL & MULLIS, P.A.
Bank of America Plaza, Suite 2700
101 E. Kennedy Blvd.
Tampa, Florida 33601-1102
Tel:   (813) 223-7474
Fax:  (813) 229-6553
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished via the Court's CM/ECF

system and/or U.S. Mail to the attached Service List, this ——1st day of

~~March~~April, 2010.


_____
/s/ Amy L. Drushal
Attorney


## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email: jronca@anapolschwartz.com
ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
Co-Lead Counsel for Plaintiff

Scott Love
Email: slove@triallawfirm.com
CLARK, DEAN & BURNETT, G.P.
440 Louisiana, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
Co-Lead Counsel for
Plaintiff

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
BABBITT JOHNSON OSBORNE &
LECLAINCHE, P.A.
1641 Worthington Rd., Suite 100
West Palm Beach, FL   33409-6706
Telephone: 561-684-2500
Facsimile: 561-684-6308
Liaison Counsel for
Plaintiff

Neal Moskow
Email: neal@urymoskow.com
URY & MOSKOW, LLC
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
Federal-State Liaison for Plaintiff

Patricia E. Lowry
Email: plowry@ssd.com
Guy E. Motzer
Email: gmotzer@ssd.com
Barbara Bolton Litten

Philip S. Beck
Email:  bill.balachowski@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.corn
Shayna Cook

Email: blitten@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
Attorneys for Defendants Bayer
Pharmaceuticals Corporation, Bayer
HealthCare AG, Bayer HealthCare LLC
and Bayer AG

Eugene A. Schoon
Email: eschoon@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Email: shayna.cook@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR
 & SCOTT LLP
Courthouse Place
54 West Hubbard Place, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
ECKERT SEAMANS CERIN
 & MELLOTT LLC
600 Grant Street,
44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

### PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on - that is, I will explain to you- the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will consist primarily of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**   On the other hand, any exhibits admitted in evidence during the trial *will* be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, do not be concerned because you will get to see and study it later during your deliberations.

**Note taking - Permitted.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, be careful not to get so involved in note-taking that you become distracted from the ongoing proceedings.  Also, your notes should be used only as aids to your memory; and if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Note taking - Not Permitted.**   A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like.  It is requested, however, that jurors *not* take notes during the trial.  One of the reasons for having six persons on the jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the jury may *not* have skill or experience in note-taking and may not wish to do so.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard *all* of the testimony and evidence, the closing arguments or summations of the lawyers, *and* my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions, you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as

possible, but you should remember the importance of the matter you are here to determine, and you should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."  When the Plaintiff finishes (by announcing "The Plaintiff rests"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers then will be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So

I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Given _____<br>
Given as modified_____<br>
Denied _____<br>
Withdrawn _____

**Authority:**   Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

Given _____
Given as modified_____
Denied _____
Withdrawn _____


**Authority:**   Pattern Jury Instructions No. 1, Civil Cases, U.S. Eleventh Circuit Judges
Assn. (~~1990~~ 2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything that the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything that I may

have said during the trial in arriving at your decision concerning the facts.  It is your own

recollection and interpretation of the evidence that controls.

Given _____

Given as modified_____

Denied _____

Withdrawn _____

**Authority:**   Pattern Jury Instructions No. 2.2, Civil Cases, U.S. Eleventh Circuit
Judges Assn. (2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular matter is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness tell the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things that he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or evidence?

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Pattern Jury Instructions No. 3, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**

You also should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only unimportant detail.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Pattern Jury Instructions No. 4.1, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying as an expert, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Pattern Jury Instructions Nos. 5.1, 5.2, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**

In this case it is the responsibility of Plaintiff to prove every essential part of her claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claims are more likely true than not true.  In other words, think of an ordinary balanced scale, with a pan on either side.  On one side, place all of the believable evidence favorable to the Plaintiff.  On the other side, place all of the believable evidence favorable to the Defendants.  Because the Plaintiff must prove her case, she may recover against the Defendants only if the scale tips in her favor.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, by tipping the scale in her favor, you must decide such claim in favor of the Defendants.  Also, if the evidence is equally balanced with regard to any of Plaintiff's claims, or it favors the Defendants, you must decide such claim in favor of the Defendants.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities:** Pattern Jury Instructions No. 6.1, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2005 ~~ed.~~edition).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### Wrongful Death

During the course of this trial you will hear the term "wrongful death" used.  I will explain that term to you now.  When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable for damages.  This is what we term "wrongful death."

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities:** Fla. Stat. § 768.19, Fla. Stat.; *Cline v. Powell,* 141 Fla. 119, 192 So. 628 (Fla. 1939); *Poole v. Tallahassee Memorial Hosp.,* 520 So. 2d 627 (Fla. 1st DCA 1988); *review denied;* 527 So. 2d 1183 (Fla. 1988).;

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

**Description of Wrongful Death Claim**

Plaintiff seeks to recover damages because Plaintiff claims that the death of William Cyrus Morrill was caused by Defendants, and the negligence would have entitled William Cyrus Morrill to maintain an action and recover damages if his death had not ensued.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities:**  Fla. Stat.  §§ 46.021, ; Fla. Stat. § 768.19, Fla. Stat.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### Products Liability

Plaintiff claims damages resulting from the death of her husband, William Cyrus Morrill, alleged to have been caused by the administration of Aprotinin (Trasylol) to him during open-heart surgery, which drug was manufactured, marketed, sold, and distributed by Defendants.

Given _____
Given as modified _____
Denied _____
Withdrawn _____

**Authorities:** Federal Jury Practice and Instructions, §122.01 (1987 ~~ed~~edition ~~.~~);
*D'Amario v. Ford Motor Co~~mpany~~*, 806 So.2d 429 (Fla. 2002).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**

**Products Liability claim against Defendants**

To recover on her product liability claim:  Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:   that Defendants manufactured, distributed, marketed, and/or sold the Aprotinin (Trasylol) that was administered to William Cyrus Morrill;

Second:  that, at the time of such manufacture and sale, the Aprotinin (Trasylol) was in a defective condition making it unreasonably dangerous;

Third:  that the product was expected to, and did in fact reach William Cyrus Morrill, and was thereafter operated up to the time of the accident without substantial change in its condition from the time Defendants manufactured it; and

Fourth:  that the defective condition of the product was a "legal cause" of the William Cyrus Morrill's death.

In cases involving allegedly defective, unreasonably dangerous products, Defendants may be liable to Plaintiff even though you may find that Defendants exercised all reasonable care in the design, manufacture, and sale of Aprotinin.

Given _____
Given as modified _____
Denied _____
Withdrawn _____

**Authority**:   Pattern Jury Instruction No. 2.1, Civil Cases, State Claims Instructions, U.S. Eleventh Circuit Judges Assn. (2005 editioned.).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**

**Strict Liability – Failure to Warn**

The next issue for your determination on the claim of Plaintiff against Defendants is whether the Aprotinin sold by Defendants was defective when it left the possession of Defendants by reason of inadequate warning and, if so, whether such defect was a legal cause of damage sustained by Plaintiff.

A product is defective due to inadequate warning if it does not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities:** *McConnell v. Union Carbide Corp.*, 31 Fla. L. Weekly 1736 (Fla. 4th DCA 2006); *Ferayorni v. Hyundai Motor Co.,* 711 So. 2d 1167 (Fla. 4th DCA 1998).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

### Failure to Warn

A product also is deemed defective if it is unreasonably dangerous when being used as intended and has been marketed to consumers without a warning of the dangerous condition, unless the product's danger is open and obvious or is otherwise known to the Plaintiff.  To establish a manufacturer's liability for failure to warn, Plaintiff must prove:

First:_____That Defendants knew or had reason to know that Aprotinin (Trasylol) was or was likely to be unreasonably dangerous in the use for which it was made;

Second:      That the danger was not open and obvious;

Third:        That Defendants failed to exercise reasonable care to warn consumers of its dangerous condition or the facts that made it dangerous; and

Fourth:       That the failure to warn was a "legal cause" of the injury complained of by Plaintiff.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority**:   Pattern Jury Instructions, No. 2.1, Civil Cases, State Claims Instructions, U.S. Eleventh Circuit Judges Assn. (2005 editioned.).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**

**Duty to Warn**

In determining whether Defendants had a duty to warn of the dangerous conditions associated with Aprotinin (Trasylol), you are instructed that Plaintiff needs not prove unanimous agreement among experts as to the extent of the risk or harm created by the drug.  A duty to warn arises, not when scientific certainty is established, but whenever a reasonable person would want to be informed of the risk to decide whether to expose himself or herself to such a risk.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities:** Florida Forms of Jury Instruction § 90.08; *Johns-Manville Sales Corp. v. Jansenns*, 463 So. 2d 242 (Fla. 1st DCA 1984), *rev. denied*, 467 So. 2d 999 (Fla. 1985).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

### Duty of Care

The manufacturer of a product such as Defendants hasve a duty to take reasonable steps to notify users of the product - - in this case the medical community - - of the risks and dangers of the product and to provide adequate instructions, about how to use the product safely.  This standard of conduct of reasonable care does not require that useful drugs with dangerous potential be removed from the market. Instead, the law requires that Defendants exercise reasonable care to warn or protect against the risks. Defendants as a manufacturer and distributor of the potentially dangerous drug Aprotinin (Trasylol) is held to a high degree of care.  Manufacturers such as Defendants that make and sell drugs and medicines for use in the human body, are held to a high degree of responsibility.   Defendants are liable for any failure to exercise vigilance commensurate with the harm which would be likely to result.

First, you have to determine the nature and extent of Defendants' duty to warn and advise about the risks of injury to patients presented by Aprotinin.  You must decide the extent to which Defendants should have warned and advised of the risk and injuries that could result from the administration of Aprotinin.  The manufacturer's duty to warn of all potential dangers in its pharmaceutical drugs that it knew, or in the exercise of reasonable care, should have known to exist. It is for you to decide the nature and scope of the warning required.

The standard is "What would a reasonable manufacturer and distributor have done under similar circumstances to provide warning and instruction about the risks of the product?"  Warnings for prescription drugs are intended for the physician and his

or her staff whose duty it is to balance the risks against the benefits of various drugs and treatments and to prescribe them and supervise their effects.  You may consider the factors that you have heard in the course of this trial, including the seriousness of the risk to patients, the likelihood or incidence of injury, and the content of the warning and advice provided by Defendants.

After you have determined the nature of the warning required, you must consider whether the information presented by Defendants to physicians at the time William Cyrus Morrill received the drug complied with the duty or fell short of compliance.  In other words, you must decide what a reasonable drug manufacturer and distributor should do to inform physicians about the risks and potential harm presented by Aprotinin and then you must decide whether Defendants' actions met this standard or not.  The warning must reasonably advise of the risks and provide adequate instructions to the physician or other medical professional for its safe use.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   *Johns-Manville Sales Corp. v. Janssens,* 463 So. 2d 242 (Fla. 1st DCA 1984); *Wyeth v. Levine, pp. 216-217*129 S. Ct. 1187 (2009).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**

**Revision of Drug Label**

Defendants are required to revise their label to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug.  After the FDA approves a drug, the manufacturer remains under an obligation to investigate and report any adverse events associated with the drug, and must periodically submit any new information that may affect the FDA's previous conclusions about the safety effectiveness, or labeling of the drug.  "Newly acquired information" is not limited to new data, but also encompasses "new analyses of previously submitted data."  Risk information accumulates over time and that same data may take on a different meaning in light of subsequent developments.  If the manufacturer submits adverse event information to FDA, and then later conducts a new analysis of data showing risks of a different type or of greater severity or frequency than did reports previously submitted to FDA, the manufacturer has newly acquired information requiring stronger warnings.

Given _____
Given as modified _____
Denied _____
Withdrawn _____

**Authority:**   See 21 C.F.R. § 314.80; 21 U.S.C. § 355(k); *Wyeth v. Levine*, 555 U.S. 129 S.Ct. 1187 (2009) slip opinion, p. 12; 73 Fed. Reg. 49606 and 49607 and 49609; 21 C.F.R. § 201.80(e).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**

**Post-Marketing Survey of Effects**

Bayer is responsible for post-marketing surveillance on the effects its drug has on individuals.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   21 CFR § 314.80(b); *Wyeth v. Levine*, 555 U.S. - - (2009) slip opinion, p. 14.129 S.Ct. 1187 (2009).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

### Duty to Update Label

Bayer has a continuing responsibility under federal law to maintain their labeling and update their labeling with new safety information.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   21 C.F.R. § 314.80(b); *Wyeth v. Levine*, ~~555 U.S. - - (2009) slip opinion, p. 14.~~ 129 S.Ct. 1187 (2009).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19**

**FDA Regulation Compliance**

Compliance with the Food and Drug Administration's requirements for obtaining approval of the Aprotinin warning by itself does not establish that the warning was adequate for purposes of this case.  The FDA has limited resources to monitor the 11,000 drugs on the market, and manufacturers have superior access to information about their drugs, especially in the post- marketing phase as new risks emerge.  You must decide whether the instructions and warnings were adequate based upon all of the evidence presents in this trial, including evidence about the FDA process.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**    *Wyeth v. Levine*, p. 216129 S.Ct. 1187 (2009).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**

**Negligence Per Se**

If you find that the Defendants violated a Federal Drug Administration Regulation or that Defendants violated any statute intended to protect individuals such as William Cyrus Morrill from harm of the type suffered, then Defendants are guilty of negligence *per se*.

Sometimes a product cannot be made reasonably safe, but it is nevertheless desirable that the product be manufactured and distributed because of its utility.  In such cases, it is the obligation of the manufacturer and seller to give appropriate warning of any dangerous condition that is likely to be encountered.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Fla. Std. Jury Instr. (Civ.) 4.9; *DeJesus v. Seaboard Coast Line Railroad Co.,* 281 So.2 d 198 (Fla. 1973); *Lindsay v. Oortho Pharm. Corp.,* 637 F. 2d 87, 92 (2d Cir. 1980); Restatement (Third) of Torts: *Products Liability,* §§ 2, 10.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21

### Nature of Warning/Varies With Degree of Danger

The precautions necessary to comply with the duty to warn vary with the degree of danger involved, greater potential harm requiring greater care.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   RESTATEMENT (SECOND) TORTS § 388 comment n, at p. 309 (1965) ("[A]s in every case which involves the determination of the precautions which must be taken to satisfy the requirements of reasonable care, the magnitude of the risk involved must be compared with the burden which would be imposed by requiring them, and the magnitude of the risk is determined not by the chance that some harm may result but also the seriousness or trivial character of the harm which is likely to result.").

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**

**Learned Intermediary Instruction**

A drug manufacturer has a duty to provide legally adequate warnings and/or instructions about its products to: (1) prescribing physicians and other health-care providers who are in a position to reduce the risks of harm in accordance with those instructions or warnings; or (2) the patient when the manufacture knows or has reason to know that health-care provider will not be in a position to reduce the risks of harm in accordance with the instructions or warnings.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**    RESTATEMENT (SECOND) TORTS §6(d).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23**

**Negligence in Failure to Warn**

In determining whether Defendants exercised reasonable care in giving a warning of the unreasonably dangerous condition of Aprotinin (Trasylol), you must consider whether Defendants' actions were something that a reasonable manufacturer, distributor, and/or seller would or would not have done under the same circumstances.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Federal Jury Practice and Instructions, 122.13 (5th Ed. 2000).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24**

**Legal Cause**

A defect in a product is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing the damage, so that it can reasonably be said that, but for the defect, the damage would not have occurred.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities**:  Fla. Std. Jury Instr. [Civ. 5] 5.2; *West v. Caterpillar Tractor Co.mpany, Inc.,* 336 So. 2d 80 (Fla. 1976); *Stazenski v. Tennant Co.,* 617 So. 2d 344 (Fla. 1st DCA 1993).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25

### Damages

If you find that Plaintiff has proven her claims, then you must determine the amount of damages that Plaintiff has sustained.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted, in any way, as an indication that I believe that Plaintiff should, or should not, prevail in this case.

If you should find in favor of Defendants, you should return a verdict accordingly and disregard any instructions regarding damages.  If, however, you should find in favor of Plaintiff from a preponderance of the evidence, you should follow these instructions to guide you in determining the amount of Plaintiff's damages, if any.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**    Pattern Jury Instructions No. 7.1, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2005 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**

**Wrongful Death Damages**

If you find for the Plaintiff, you should award an amount of money that the preponderance of the evidence shows will fairly and adequately compensate the decedent's estate and the decedent's survivors for their injuries or damages.

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect, it is not value that you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

Given _____
Given as modified _____
Denied _____
Withdrawn _____

**Authority:**    Fla. Std. Jury Instr. (Civ.) 6.6; 6.6; 768.21, Fla. Stat. § 768.21; , Modern Federal Jury Instructions 11th Circuit, Instruction 2.1 (2001 ed. edition)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27

### Wrongful Death Damages Recovery for Estate and Survivors

You should award the decedent's personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate the decedent's estate and the decedent's survivors for their damages, including any such damages that the estate and the survivors are reasonably certain to incur or experience in the future.

In determining any damages to be awarded the decedent's personal representative for the benefit of the decedent's surviving spouse, you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:

(a)     The estate's loss of net accumulations. "Net accumulations" is the part of the decedent's net income after taxes, including pension benefits, which the decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.

(b)     The survivor's loss, by reason of decedent's injury and death, of the decedent's support and services. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor and the decedent.

In evaluating past and future loss of support and services, you shall consider the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the survivor, and the replacement value of the decedent's services to the survivor. "Support" includes contributions in kind as well as

sums of money.  "Services" means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent's death.

(c)     The wife's loss of the decedent's companionship and protection, and her mental pain and suffering as a result of the decedent's death.  In determining the duration of such losses, you may consider the joint life expectancy of the decedent and the surviving spouse/life expectancy of the surviving spouse, together with the other evidence in this case.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Fla. Std. Jury Instrx. (Civ.) 6.6; Fla. Stat. § 768.21, Fla. Stat.; *Bellsouth Telecomms., Inc. v. Meeks,* 863 So. 2d 287 (Fla. 2003); *McQueen v. Jersani,* 909 So. 2d 491 (Fla. 5th DCA 2005).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28**

**Mortality Table Damages Instruction – Life Expectancy**

If the preponderance of the evidence shows that William Cyrus Morrill's death was caused by Aprotinin (Trasylol), you may consider William Cyrus Morrill's life expectancy in your calculation of damages.  The mortality tables received in evidence may be considered in determining how long William Cyrus Morrill may have been expected to live but for the administration of the Aprotinin (Trasylol).

Bear in mind, however, that life expectancy is shown by mortality tables is merely an estimate of the average life span of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group.  So, such tables are not binding on you but may be considered together with other evidence in the case bearing on William Cyrus Morrill's own health, age, and physical condition, before and after the injury, in determining the probable length of William Cyrus Morrill's life.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Modern Federal Jury Instructions 11th Circuit, Instruction 3.1 (2005 ed.-ition).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29

### Plaintiff's Collateral Source Instruction

In any damages calculation you may undertake, you should not reduce or take into account any compensation to which Plaintiffs is otherwise entitled on account of wages, insurance, medical insurance payments, or other benefits that Plaintiff may have received from any other sources.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authorities:** Florida Forms Jury Instructions, § 140.05 (2003 edition ); Fla. Stat. § 768.76.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**

Decisions of the United States Supreme Court are the rule of law and are binding on administrative agencies including the FDA.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**  *Federal Maritime Board v. Isbrandtsen Company, Inc.,* 356 U.S. 481 (1958); *Catalina Marketing Sales Corp. v. Department of Treasury,* 678 N.W.2d 619 (Mich. 2004).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3~~1~~0**

**Unanimous Verdict and Duty to Deliberate**

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**   Pattern Jury Instructions No. 7.1, Civil Cases, U.S. Eleventh Circuit Judges Assn. (2000 edition).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3~~2~~1**

**Election of Foreperson**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.  A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.  If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshall who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Given _____
Given as modified_____
Denied _____
Withdrawn _____

**Authority:**    Modern Federal Jury Instructions 11th Circuit, Instruction 8 (2001 ed. ition).

## PLAINTIFF'S PROPOSED VERDICT FORM

1.    Was Aprotinin /Trasylol defective and, if so, was that defective condition a legal cause of William Cyrus Morrill's death?

**Yes \_\_\_\_ or No \_\_\_\_.**

*(Please answer question number 2.)*

2.    Did Defendants fail to exercise reasonable care in warning of Aprotinin's/Trasylol's dangerous condition, and was this failure to warn the legal cause of William Cyrus Morrill's death?

**Yes \_\_\_\_ or No \_\_\_\_.**

*(If your answer to either question number 1 or 2 was "Yes," please proceed to question numbers 3, 4, and 5.  If your answer to both questions 1 and 2 were "No," skip the remaining questions and have the foreperson of the jury sign and date the verdict form.)*

3.    What is the total amount of any damages Melissa Morrill, as the Personal Representative for the Estate of William Cyrus Morrill, is entitled to receive for:

(a)    any earning of the decedent lost from the date of injury to his death, not including any amount of support lost by a survivor in that period?  _____

(b)    loss of net accumulations?  _____

DAMAGES OF MELISSA MORRILL:

4.      What is the amount of any damages sustained by Melissa Morrill?

(a)     loss of the decedent's support?  _____

(b)     loss of the decedent's services?  _____

(c)     Medical or funeral expenses resulting from William Cyrus Morrill's death paid by Melissa Morrill?  _____

5.      What is the amount of any damage sustained by Melissa Morrill in the loss of her husband's companionship and protection and in pain and suffering as a result of William Cyrus Morrill's death?  _____

TOTAL DAMAGES OF MELISSA MORRILL  _____


**SO SAY WE ALL.**

_____
Foreperson


Dated:_____

4297709v1