# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*Melissa Morrill, as Personal Representative of*
*the Estate of William Cyrus Morrill, III,*
*v. Bayer Pharm. Corp., et al.*
Case No. 9:08-cv-80424-DMM
_____/

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer AG,

and Bayer Schering Pharma AG (collectively "Defendants" or "Bayer"), by and through their

undersigned counsel, submit the following proposed jury instructions in the above-captioned case.

Defendants respectfully reserve their right to supplement these proposed jury instructions based on

evidence actually admitted at trial and rulings of the Court before or during trial.

Dated:  April 1, 2010

Respectfully submitted,

*/s/  Barbara Bolton Litten*_____
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509
***Attorneys for Defendants Bayer HealthCare***
***Pharmaceuticals Inc., Bayer HealthCare LLC,***
***Bayer AG and Bayer Schering Pharma AG***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se partied identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

**SERVICE LIST**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE &
LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: aldrushal@trenam.com
**TRENAM KEMKER SCHARF BARKIN
     FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:  813-229-6553
*Counsel for Plaintiff Melissa Morrill*

Scott Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
440 Louisiana, Suite 1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

**INDEX**

**I.      PRELIMINARY INSTRUCTIONS**

DEFENDANTS' REQUEST NO. 1:  Opening Instruction

DEFENDANTS' REQUEST NO. 2:  General Preliminary Instruction Before Trial

DEFENDANTS' REQUEST NO. 3:  Transcripts/Exhibits

DEFENDANTS' REQUEST NO. 4:  Notetaking

DEFENDANTS' REQUEST NO. 5:  Open Mind

DEFENDANTS' REQUEST NO. 6:  Use of Electronic Technology

DEFENDANTS' REQUEST NO. 7:  Rulings

DEFENDANTS' REQUEST NO. 8:  Conferences with Lawyers

DEFENDANTS' REQUEST NO. 9:  Juror Questions

DEFENDANTS' REQUEST NO. 10:  Order of Proceedings

DEFENDANTS' REQUEST NO. 11:  Interim Statements to Jury by Counsel

DEFENDANTS' REQUEST NO. 12:  Opening Statements

**II.     FINAL INSTRUCTIONS**

      **A.      Basic Instructions**

DEFENDANTS' REQUEST NO. 13:  Introduction

DEFENDANTS' REQUEST NO. 14:  Prejudice

DEFENDANTS' REQUEST NO. 15:  Involvement of Corporation

DEFENDANTS' REQUEST NO. 16:  Consideration of Evidence

DEFENDANTS' REQUEST NO. 17:  Statements to Jury by Counsel

DEFENDANTS' REQUEST NO. 18:  Questions by the Jury

DEFENDANTS' REQUEST NO. 19:  Credibility of Witnesses

DEFENDANTS' REQUEST NO. 20:  Impeachment/Inconsistent Statements

DEFENDANTS' REQUEST NO. 21:  Expert Witnesses

**B.     Liability**

DEFENDANTS' REQUEST NO. 22:  Burden of Proof

DEFENDANTS' REQUEST NO. 23: Defect Required

DEFENDANTS' REQUEST NO. 24:  Causation

DEFENDANTS' REQUEST NO. 25:  Prescription Drugs: Inherent Risks

DEFENDANTS' REQUEST NO. 26:  Learned Intermediary Rule

DEFENDANTS' REQUEST NO. 27:  Failure to Warn

DEFENDANTS' REQUEST NO. 28:  Prescribing Decision

DEFENDANTS' REQUEST NO. 29:  FDA Approval

DEFENDANTS' REQUEST NO. 30:  Suspension of Marketing Not Evidence of Negligence

DEFENDANTS' REQUEST NO. 31: Manufacturer's Duty of Care/Responsibility

**C.     Damages**

DEFENDANTS' REQUEST NO. 32:  Damages

DEFENDANTS' REQUEST NO. 33:  Damages to Estate

DEFENDANTS' REQUEST NO. 34:  Present Cash Value

DEFENDANTS' REQUEST NO. 35:  Attorneys' Fees and Court Costs

**D.     Deliberation**

DEFENDANTS' REQUEST NO. 36:  Duty to Deliberate

DEFENDANTS' REQUEST NO. 37:  Election of Foreperson/Explanation of Verdict Form

**III.   <u>VERDICT FORM</u>**

## DEFENDANTS' REQUEST NO. 1
### (Opening Instruction)

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

This is a civil trial. The subject of a civil trial is a disagreement between people or companies, where the claims of one ore more of these parties have been brought to court to be resolved.  It is called "a trial of a lawsuit."

The party who brings a lawsuit is called the plaintiff.  In this action the plaintiff is Melissa Morrill.  Ms. Morrill is bringing this suit as the Personal Representative of the Estate of her deceased husband, William Cyrus Morrill, III.  Mr. Morrill will be referred to as the decedent.  The parties against whom the suit is brought are called the defendants.  In this action, the defendants are Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC, and Bayer Schering Pharma A.G.  These are different business units for what you will likely hear referred to collectively as "Bayer."

*(continued on next page)*

On October 3, 2003, decedent underwent quadruple bypass heart surgery in Sarasota, Florida. Immediately after the surgery and in the following days, the decedent suffered several episodes of ventricular arrhythmias (irregular heart beat), requiring cardioversion (electric shock) defibrillation. On October 6, 2003 – three days after his surgery – the decedent had a cardiac arrest, could not be resuscitated, and died.

Among the various medications the decedent received during surgery was one called Trasylol. Bayer is the manufacturer and marketer of Trasylol. Trasylol is used to reduce blood loss and the need for blood transfusions in patients undergoing heart bypass surgery. Ms. Morrill has sued Bayer, alleging that Trasylol caused the decedent's death and that Bayer failed to warn decedent's physician, Dr. Thomas Kelly, about the risk of death when administering Trasylol. Bayer alleges, however, that the decedent's death was caused by his severe medical problems prior to surgery, the stress of the surgery itself, and the cardiac and other medical problems that he experienced after surgery (and agents administered to treat these problems).

Authority:    Adapted from 3 Kevin F. O'Malley, *et al. Federal Jury Practice and Instructions, Civil* §101.01 (5th ed. 2000); *Florida Standard Jury Instructions in Civil Cases*, Description of the Case (Prior to Voir Dire) (No. 201.1) (2008)

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

2

**DEFENDANTS' REQUEST NO. 2**
**(General Preliminary Instruction Before Trial)**

You have now been sworn as the jury to try this case.  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

Authority:    *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Preliminary Instructions Before Trial</u> (2005)

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 3**
**(Transcripts/Exhibits)**

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the court reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, do not be concerned because you will get to see and study it later during your deliberations.

Authority:   *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Preliminary Instructions Before Trial (2005)

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 4**
**(Notetaking)**

If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impressions of each juror concerning what that testimony was.

Authority:    *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Preliminary Instructions Before Trial (2005)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 5**
**(Open Mind)**

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.  The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been made, closing arguments have been made, and I have instructed you on the law.  It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.

It is the things you hear and see in this courtroom that matter in this trial.  The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and lawyers.  Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.  You should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

(*continued on next page*)

6

To avoid even the appearance of impropriety, you should not communicate with the lawyers or others you may come to recognize as having a connection to this case while you are serving on the jury.  You may encounter the lawyers in the elevator or out in the hall.  They won't talk to you.  They are not being rude.  They just cannot have any contact at all with jurors while you are serving.

After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Authority:    Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Preliminary Instructions Before Trial (2005); *Florida Standard Jury Instructions in Civil Cases*, Explanation of the Trial Procedure (No. 202.2) (2008)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 6**
**(Use of Electronic Technology)**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.

Please do not try to find out information from any source outside this courtroom.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case, to search for legal or medical terms, to look up the parties or lawyers involved in the case, or to help you understand legal issues or decide the case.

I hope that for all of you this case is interesting and noteworthy.  I know that many of you use cell phones, Blackberries, the internet, and other tools of technology.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends and each other.  You may not communicate with anyone, including your fellow jurors, about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, or YouTube until after you conclude your deliberations and I accept your verdict.

(*continued on next page*)

Authority:    Adapted from Proposed Model Jury Instructions, <u>The Use of Electronic Technology to Conduct Research on or Communicate about a Case</u>, prepared by the Judicial Conference Committee on Court Administration and Case Management (December 2009); *Florida Standard Jury Instructions in Civil Cases*, <u>Explanation of the Trial Procedure</u> (No. 202.2) (2008)

GRANTED _____    DENIED _____    MODIFIED _____

WITHDRAWN _____    PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 7**
**(Rulings)**

From time-to-time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  You should not hold it against a lawyer, or the party he or she represents, if the lawyer objects to evidence or moves to strike evidence, regardless of my ruling.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.  And you should not place any emphasis on a piece of evidence merely because I overruled an objection to it.


Authority:      Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Preliminary Instructions Before Trial (2005); *Florida Standard Jury Instructions in Civil Cases*, Explanation of the Trial Procedure (No. 202.2) (2008)


GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 8**
**(Conferences with Lawyers)**

During the trial it may be necessary for me to talk with the lawyers from time-to-time out of your hearing with regard to questions of law or procedure that require consideration by the judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority:     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Preliminary Instructions Before Trial</u> (2005)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 9**
**(Questions By the Jury)**

In this trial, we are using a procedure that you may not have seen before. As members of the jury, you will be permitted to submit questions to me that you may have about the case. Here is how the procedure works: At certain points throughout the trial, I will ask you if you have any questions about what you have heard during the day. If you have a question, you should write it down and give it to the court staff when asked for it.

If you submit a question, the court staff will provide it to me and I will share your questions with the lawyers in the case. If your question is permitted under the rules of evidence and helpful to the understanding of the issues, the lawyers may then choose to address that question through the presentation of evidence during the remainder of the case. Sometimes, I may not allow a question to be asked or addressed because the question cannot be asked under the law, or the lawyers may simply choose not to address the question. Of course, if a question submitted is not asked or addressed, you should not draw any conclusions from that fact or speculate on what the answer might be; nor should you hold it against either party or their lawyers.

Here are several important things to keep in mind about your questions:

First, all questions must be submitted in writing. Please do not ask questions orally.

Second, do not feel that you need to submit any questions. It is perfectly fine for a juror to listen to the evidence without suggesting additional questions.

(*continued on next page*)

12

Finally, as jurors you should remain neutral and open throughout the trial.  As a result, you should always phrase any questions in a neutral way that does not express an opinion about the case.  Remember that at the end of the trial, you will be deciding the case.  For that reason, you must keep an open mind until you have heard all of the evidence and the closing arguments of counsel, and I have given you final instructions on the law.

Authority:       Adapted from Seventh Circuit Bar Association, American Jury Project
                 Commission, Phase II, Project Manual, Questions by the Jury During Trial
                 (2008); *Florida Standard Jury Instructions in Civil Cases*, Juror Questions (No.
                 202.4) (2008)

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 10
### (Order of Proceedings)

The order of the trial's proceedings will be as follows:  In just a moment, the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call plaintiff's "case in chief."  When plaintiff finishes (by announcing that plaintiff "rests"), defendants will present their witnesses and evidence, after which, within certain limitations, plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof upon the plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.


Authority:   *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Preliminary Instructions
Before Trial (2005)


GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

14

**DEFENDANTS' REQUEST NO. 11**
**(Interim Statements to Jury By Counsel)**

At various times during the trial the lawyers will address you.  You will soon hear the

lawyers' opening statements, and at the end of the trial you will hear their closing arguments.

From time-to-time in between, the lawyers may choose to make short statements to you, either to

preview upcoming evidence or to summarize and highlight evidence that was previously

presented.  These statements and arguments are the lawyers' views of the evidence or of what

they anticipate the evidence will be.  They are not themselves evidence.

Authority:      Adapted from Seventh Circuit Bar Association, American Jury Project
                Commission, Phase II, Project Manual, Interim Statements to Jury By Counsel
                (2008)

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 12**
**(Opening Statements)**

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I repeat, the statements that the lawyers make now (as well as the arguments they present during and at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Authority:     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Preliminary Instructions Before Trial (2005)

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

16

**DEFENDANTS' REQUEST NO. 13**
**(Introduction)**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.


Authority:     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Basic Instructions</u>, "Face
Page Introduction" (No. 1) (2005)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 14**
**(Prejudice)**

In deciding the case you must follow and apply all of the law as I explain it to you,

whether you agree with that law or not; and you must not let your decision be influenced in any

way by sympathy, or by prejudice, for or against anyone.

Authority:     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions,
               "Consideration of the Evidence/Duty to Follow Instructions/Corporate Party
               Involved" (No. 2.2) (2005)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

18

**DEFENDANTS' REQUEST NO. 15**
**(Involvement of Corporation)**

The fact that a corporation is involved as a party must not affect your decision in any

way.  A corporation and all other persons stand equal before the law and must be dealt with as

equals in a court of justice.  When a corporation is involved, of course, it may act only through

people as its employees; and, in general, a corporation is responsible under the law for any of the

actions of its employees that are made within the scope of their duties as employees of the

company.

Authority:     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions,
               "Consideration of the Evidence/Duty to Follow Instructions/Corporate Party
               Involved" (No. 2.2) (2005)

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

19

## DEFENDANTS' REQUEST NO. 16
### (Consideration of Evidence)

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record.  You should not consider any information about the issues that was not presented into evidence in this courtroom.  As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  You may choose to believe or disbelieve either kind.  Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

Your job is to determine what the facts are.  You may use reason and common sense to reach conclusions.  You may draw reasonable inferences from the evidence.  But you should not guess about things that were not covered here.

Authority:    Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions, "Consideration of the Evidence/Duty to Follow Instructions/Corporate Party Involved" (No. 2.2) (2005); *Florida Standard Jury Instructions in Civil Cases*, Explanation of the Trial Procedure (No. 202.2), Weighing the Evidence (No. 601.1) (2008)

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 17**
**(Statements By Counsel)**

At various times during the trial, the lawyers addressed you.  At the beginning of the trial you heard the lawyers' opening statements, at the end of the trial you heard the lawyers' closing arguments, and in between you heard the lawyers' short statements.  If a lawyer said something that was not shown by the evidence, you should disregard what the lawyer said.  None of the statements or arguments made by the lawyers are evidence.

And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Authority:    Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)* (2005), Basic Instructions, "Consideration of the Evidence/Duty to Follow Instructions/Corporate Party Involved" (No. 2.2); Seventh Circuit Bar Association, American Jury Project Commission, Phase II, Project Manual, Interim Statements to Jury By Counsel (2008)

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 18**
**(Questions by the Jury)**

During the trial, written questions by some members of the jury have been submitted to the Court. Testimony answering a question submitted by a juror should be considered in the same manner as any other evidence in the case. If you submitted a question that was not answered, that may be because I determined that under the rules of evidence the answer would not be admissible, just as when I sustained any objection to questions posed by counsel. You should draw no conclusion or inference from the fact that your question was not answered, and you should not speculate about the possible answer.

Authority:   Adapted from Seventh Circuit Bar Association, American Jury Project
             Commission, Phase II, Project Manual, Questions by the Jury During Trial (2008)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 19**
**(Credibility of Witnesses)**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must

<u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each

witness had to say, and how important that testimony was.  In making that decision, you may

believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying

concerning any particular dispute is not controlling.


<u>Authority:</u>     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Basic Instructions,</u>
                "Credibility of Witnesses" (No. 3) (2005)


GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

23

**DEFENDANTS' REQUEST NO. 20**
**(Impeachment/Inconsistent Statements)**

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions,
               "Impeachment of Witnesses/Inconsistent Statement" (No. 4.1) (2005)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

24

**DEFENDANTS' REQUEST NO. 21**
**(Expert Witnesses)**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.  This individual is called an "expert."

Merely because such an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.  You may accept all, part, or none of an expert's testimony.

In deciding whether to believe an expert's testimony, and the weight to give such testimony, you should consider:

    1.     The expert's education, training, and experience;

    2.     The facts the expert relied on;

    3.     The methods employed by the expert;

    4.     The reasons for the expert's opinion; and

    5.     The reliability of the expert's opinion.

*(continued on next page)*

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity.

Authority:      Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Basic Instructions</u>, "Expert Witnesses/When Expert Witness Fees Represent A Significant Portion of the Witness's Income" (No. 5.2) (2005); *Florida Standard Jury Instructions in Civil Cases*, <u>Believability of Witnesses</u> (No. 601.2.b.) (2008); Federal Rule of Evidence 702;  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 22**
**(Burden of Proof)**

In this case it is the responsibility of the plaintiff to prove every essential part of her claim by the "greater weight of the evidence."  This is sometimes called the "burden of proof."

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

In deciding whether any fact has been proved by the greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the greater weight of the evidence does not support the claim of plaintiff, then your verdict on that claim should be for defendants. However, if the greater weight of the evidence supports one of plaintiff's claims, then your verdict should be for the plaintiff on that claim.

Authority:     Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions, "Burden of Proof When Only Plaintiff Has Burden of Proof" (No. 6.1) (2005); *Florida Standard Jury Instructions in Civil Cases*, Summary of Claims (Nos. 401.2, 409.2), Greater Weight of the Evidence (Nos. 401.3, 409.3), Burden of Proof on Main Claim (Nos. 401.21, 409.10), Product Liability (No. PL) (2008)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 23
### (Defect Required)

To prevail on her claims, plaintiffs must show that there was a defect in Bayer's product,

Trasylol.


Authority:    Adapted from *Florida Standard Jury Instructions in Civil Cases*, <u>Product Liability</u> <u>-- Strict Liability (design defect)</u> (No. PL 5); *West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 86 (Fla. 1976); *Foreline Security Corp. v. Scott*, 871 So. 2d 906, 910 (Fla. 5th DCA 2004); *Consolidated Aluminum Corp. v. Robert Braun, Jefferson Stores, Inc*., 447 So. 2d 391, 392 (Fla. 4th DCA 1984); *Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1143 (Fla. 1st DCA 1981); *E.R. Squibb & Sons, Inc. v. Clyde Jordan*, 254 So. 2d 17, 20-21 (Fla. 1st DCA 1971) (reversible error not to instruct)


GRANTED _____    DENIED _____    MODIFIED _____

WITHDRAWN _____    PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 24**
**(Causation)**

Plaintiff must prove that a defect in Trasylol caused decedent's death.  Trasylol caused decedent's death only if it directly and in natural and continuous sequence produced or contributed substantially to producing his death, so that it can reasonably be said that, but for the administration of Trasylol, decedent's death would not have occurred.  A "mere possibility" that Trasylol caused decedent's death is not enough.  Instead, legal causation requires that there is a "reasonable medical probability" that Trasylol caused his death.

Authority:      Adapted from *Florida Standard Jury Instructions in Civil Cases*, General Negligence – Legal Cause (No. 401.12.a), Legal Cause (No. 409.6.a) (2008); *Rink v. Cheminova, Inc.* 400 F.3d 1286, 1295 (11th Cir. 2005); *Wolicki-Gables v. Arrow Int'l, Inc.*, 641 F. Supp. 2d 1270, 1287-88 (M.D. Fla. 2009); *Colville v. Pharmacia & Upjohn Co., LLC*, 565 F. Supp. 2d 1314, 1322 (N.D. Fla. 2008); *Gooding v. Univ. Hosp. Bldg.*, 445 So. 2d 1015, 1018 (Fla. 1984); *West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 86 (Fla. 1976); *Proto v. Graham*, 788 So. 2d 393, 395 (Fla. 5th DCA 2001); *E.R. Squibb & Sons v. Stickney*, 274 So. 2d 898, 905 (Fla. 1st DCA 1973)

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 25**
**(Prescription Drugs – Inherent Risks)**

Some products, including prescription drugs, cannot be made absolutely safe.  The law

recognizes that prescription drugs involve risks that cannot be avoided, but are still beneficial.

Thus, you cannot find defendants liable just because decedent experienced side effects after

receiving Trasylol.


Authority:      Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, State
                Claims Instructions, Products Liability (Against Manufacturer) (No. 2.1) (2005);
                *Restatement (Second) of Torts*, § 402A, cmt. k; *Colville v. Pharmacia & Upjohn
                Co., LLC*, 565 F. Supp. 2d 1314, 1320-21 (N.D. Fla. 2008); *Beale v. Biomet, Inc.*,
                492 F. Supp.2d 1360, 1366 (S.D. Fla. 2007); *Felix v. Hoffman-LaRoche, Inc.*, 540
                So. 2d 102, 103-105 (Fla. 1989); *E.R. Squibb & Sons, Inc. v. Stickney*, 274 So. 2d
                898, 905-907 (Fla. 1st DCA 1973)


GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 26
### (Learned Intermediary Doctrine)

There is a rule of law that applies in cases like this one that concerns the warnings given by prescription drug manufacturers.  This rule is called the "Learned Intermediary Doctrine."  It means that a prescription drug manufacturer satisfies its duty to warn the patient who actually receives the drug by providing a warning <u>to the physician</u> who decides whether to prescribe the drug.

Defendants' duty to warn extends only to the risks that defendants knew or reasonably should have known at the time that Dr. Kelly used Trasylol during decedent's surgery.  There is no duty to warn of risk that were unknown or unknowable at the time of distribution.

You have heard several witnesses talk abut the label or package insert for Trasylol.  If the label or package insert for a prescription drug adequately informs the physician (the learned intermediary) of the risks involved, then the manufacturer has discharged its duty to warn, even if the doctor fails to give the warning to the patient.

<u>Authority:</u>     Adapted from *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1192 (11th Cir. 1995); *Wolicki-Gables v. Arrow Int'l, Inc*., 641 F. Supp. 2d 1270, 1286-87 (M.D. Fla. 2009); *Colville v. Pharmacia & Upjohn Co., LLC*, 565 F. Supp. 2d 1314, 1321 (N.D. Fla. 2008); *Beale v. Biomet, Inc.*, 492 F. Supp.2d 1360, 1374 (S.D. Fla. 2007); *E.R. Squibb & Sons, Inc. v. Farnes,* 697 So.2d 825, 827 (Fla. 1997); *Upjohn Co. v. MacMurdo,* 562 So. 2d 680, 683 (Fla. 1990); *Hoffman-LaRoche, Inc. v. Mason*, 27 So. 3d 75, 77 (Fla. 1st DCA 2009)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

31

**DEFENDANTS' REQUEST NO. 27**
**(Failure to Warn)**

In this case, the plaintiff claims that the defendants failed to warn decedent's physician(s) that Trasylol increased the risk of death when used in accordance with the label in effect at the time of the decedent's surgery.  Defendants deny that Trasylol increased the risk of death when used in accordance with the label in effect at the time of the decedent's surgery, deny that they failed to adequately warn about the risks associated with Trasylol, and deny that the decedent's death was caused by Trasylol.  To establish plaintiff's claim for failure to warn, she must prove all of the following by the greater weight of the evidence:

1.      That the defendants manufactured or sold Trasylol;

2.      That Trasylol unreasonably increased the risk of death when used in accordance with the label in effect at the time of decedent's surgery;

3.      That such increased risk was known or knowable by the use of scientific knowledge available at the time of manufacture or sale;

4.      That doctors using Trasylol would not have recognized that Trasylol increased the risk of death when used in accordance with the label in effect at the time of decedent's surgery;

5.      That defendants failed to adequately warn Dr. Kelly that Trasylol increased the risk of death when used in accordance with the label in effect at the time of decedent's surgery;

6.      That Trasylol, used in accordance with the label in effect at the time of decedent's surgery, caused decedent's death; and,

*(continued on next page)*

32

7.      That the lack of an adequate warning that Trasylol increased the risk of death

when used in accordance with the label in effect at the time of decedent's surgery caused

decedent's death.

Authority:      Adapted from *Wolicki-Gables v. Arrow Int'l, Inc*., 641 F. Supp. 2d 1270, 1287
(M.D. Fla. 2009); *Colville v. Pharmacia & Upjohn Co., LLC*, 565 F. Supp. 2d
1314, 1320-22 (N.D. Fla. 2008); *Beale v. Biomet, Inc.*, 492 F. Supp.2d 1360,
1366, 1368 (S.D. Fla. 2007); *Timmons v. Purdue Pharma Co.*, No. 8:04-CV-
1479-T-26MAP, 2006 WL 263602, at *3 n.2 (M.D. Fla. Feb. 2, 2006); *Pinchinat
v. Graco Children's Prods., Inc.,* 390 F. Supp. 2d 1141, 1146-47, 1149 (M.D. Fla.
2005); *Marzullo v. Crosman Corp.*, 289 F. Supp. 2d 1337, 1347 (M.D. Fla. 2003);
*Upjohn Co. v. MacMurdo*, 562 So. 2d 680, 683 (Fla. 1990); *Felix v. Hoffman-
LaRoche, Inc.*, 540 So. 2d 102, 103-105 (Fla. 1989); *Griffin v. Kia Motors Corp.*,
843 So. 2d 336, 339 (Fla. 1st DCA 2003); *Ferayorni v. Hyundai Motors Co.*, 711
So. 2d 1167, 1172 (Fla. 4th DCA 1998); *Buckner v. Allergan Pharmaceuticals,
Inc.*, 400 So. 2d 820, 822-24 (Fla. 5th DCA 1981)

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 28**
**(Prescribing Decision)**

Plaintiff also must prove that an adequate warning would have prevented Dr. Kelly from

prescribing Trasylol.  In other words, the plaintiff must prove that Dr. Kelly did not know that

Trasylol could potentially increase the risk of death, and, also must prove that, had defendants

warned that Trasylol increased the risk of death, Dr. Kelly would not have administered Trasylol

to decedent during his heart surgery.


Authority:     Adapted from *Wolicki-Gables v. Arrow Int'l, Inc.*, 641 F. Supp. 2d 1270, 1287
               (M.D. Fla. July 22, 2009); *Colville v. Pharmacia & Upjohn Co., LLC*, 565 F.
               Supp. 2d 1314, 1322 (N.D. Fla. 2008); *Felix v. Hoffman-LaRoche, Inc.*, 540 So.
               2d 102, 105 (Fla. 1989); *Hoffman-LaRoche, Inc. v. Mason*, 27 So. 3d 75, 77-768
               (Fla. 1st DCA 2009); *Timmons v. Purdue Pharma Co.*, No. 8:04-cv-1479, 2006
               WL 263602, *4 (M.D. Fla. Feb. 2, 2006)


GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 29**
**(FDA Approval)**

Under the Food and Drug Administration ("FDA") regulations, a prescription drug

manufacturer must obtain approval from the FDA to distribute its product.  The fact that the FDA

has approved a drug means that the FDA has found that the drug is safe and effective when used in

accordance with the drug's label.

The FDA approved the use of Trasylol during coronary artery bypass graft surgery in 1993.

The FDA also approved the package insert or label that was in effect at the time of decedent's

surgery.  In deciding whether the warning contained in the label or package insert was adequate,

you may consider the fact that the FDA approved that label.

Authority:     Adapted from *Wyeth v. Levine,* 129 S. Ct. 1187, 1193 (2009); *Wolicki-Gables v.
               Arrow Int'l, Inc*., 1270 F. Supp. 2d 1270, 1286 (M.D. Fla. 2009)

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

35

**DEFENDANTS' REQUEST NO. 30**
**(Suspension of Marketing Not Evidence of Negligence)**

You have heard testimony that defendants voluntarily suspended the marketing of Trasylol

in November 2007.  You may not consider defendants' decision to suspend the marketing of

Trasylol as evidence that the warning for Trasylol was inadequate, that Trasylol was defective, or

that defendants were negligent.


Authority:      Adapted from Federal Rule of Evidence 407; Florida Statute § 90.407 (2009);
                *Wolf v. Proctor & Gamble Co.*, 555 F. Supp. 613, 622-24 (D.N.J. 1982); *Carnival
                Cruise Lines v. Rosania*, 546 So. 2d 736, 738 (Fla. 3d DCA 1989); *Voynar v.
                Butler Mfg. Co.,* 463 So .2d 409, 411-13 (Fla. 4th DCA 1985)


GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 31
### (Manufacturer's Duty of Care/Responsibility)

In considering plaintiff's claims, I instruct you that, as a matter of law, a manufacturer is not under a duty or responsibility to manufacture a product which is totally incapable of injuring those who foreseeably come into contact with the product. The law does not make the manufacturer an insurer against all foreseeable accidents which involve its product, and does not require the manufacturer to produce a foolproof product, or the safest possible product.

Authority:    *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979); *West v. Caterpillar Tractor Co.*, 330 So. 2d 80, 90 (Fla. 1979); *Knox v. Delta Int'l Mach. Corp.*, 554 So. 2d 6, 7 (Fla. 3d DCA 1989); *Voynar v. Butler Mfg. Co.*, 463 So. 2d 409, 412 (Fla. 4th DCA 1985); *Husky Indus., Inc. v. Black*, 434 So. 2d 988, 991 (Fla. 4th DCA 1983); *Perez v. National Presto Indus., Inc.*, 431 So. 2d 667, 669 (Fla. 3d DCA 1983); *Kohler v. Medline Indus., Inc.*, 453 So. 2d 908, 909-910 (Fla. 4th DCA 1984); *Builders Shoring & Scaffolding Equip. Co., Inc.*, 411 So. 2d 1004, 1007 (Fla. 5th DCA 1982)

GRANTED _____    DENIED _____    MODIFIED _____

WITHDRAWN _____    PLAINTIFF OBJ _____

37

**DEFENDANTS' REQUEST NO. 32**
**(Damages)**

If your verdict is for defendants on all of plaintiff's claims, you will not consider the

matter of damages.  But if you find that Trasylol caused decedent's death, that defendants failed

to warn Dr. Kelly that Trasylol increased the risk of death, and that it was the lack of an adequate

warning that caused the decedent's death, then you should award plaintiff an amount of money

that the greater weight of the evidence shows will fairly and adequately compensate decedent's

estate for its damages that were caused by Trasylol and defendants' failure to warn, including

any damages that the estate is reasonably certain to incur or experience in the future.

Compensatory damages are not allowed as a punishment and must not be imposed or

increased to penalize defendants.  Furthermore, compensatory damages must not be based on

speculation or guesswork because it is only <u>actual</u> damages that are recoverable.

The arguments of the attorneys are not evidence of damages.  Your award must be based

on your reasoned judgment applied to the testimony of the witnesses and the other evidence that

has been admitted during trial.


<u>Authority</u>:     Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases*) (2005),
              <u>State Claims Instructions</u>, "Negligence" (No. 1.1), "Products Liability (Against
              Manufacturer)" (No. 2.1) (2005); *Florida Standard Jury Instructions in Civil
              Cases*, <u>Damages</u> (No. 409.13), <u>Wrongful Death Damages: Introduction</u> (No.
              502.1.b.) (2007)


GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 33**
**(Damages to Estate)**

In determining any damages recoverable on behalf of decedent's estate, you shall consider the following elements to the extent you find them proved by the greater weight of the evidence:

*Estate's Loss of Net Accumulations:* "Net accumulations" is the part of decedent's net income from salary after taxes, including pension benefits but excluding income from investments continuing beyond death, which decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of this estate if he had lived his normal life expectancy.

Authority:      Adapted from *Florida Standard Jury Instructions in Civil Cases*, Wrongful Death Damages: Elements for Estate and Survivors (No. 502.2.b) (2008)

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 34
### (Present Cash Value)

If you decide that the plaintiff's harm includes future damages, then the amount of those future damages must be reduced to their present cash value.  This is necessary because money received now will, through investment, grow to a larger amount in the future.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide plaintiff with the amount of her future damages.

<u>Authority</u>:      Adapted from *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Supplemental Damages Instructions</u>, "Reduction to Present Value Inflation and Calculation of Below-Market Discount Rate" (No. 5.1) (2005); *Florida Standard Jury Instructions in Civil Cases*, <u>Reduction of Damages to Present Value</u> (No. 502.7) (2008)

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 35**
**(Attorneys' Fees and Court Costs)**

If you find for the plaintiff, you must not take into account any consideration of

attorneys' fees or court costs in deciding the amount of plaintiff's damages.

<u>Authority:</u>     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, <u>Supplemental Damages</u>
<u>Instructions</u>, "Attorneys Fees and Court Costs" (No. 6.1) (2005)

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 36
### (Duty To Deliberate)

The fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Authority:      *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions, "Duty to Deliberate When Only the Plaintiff Claims Damages" (No. 7.1) (2005)

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 37**
**(Election Of Foreperson/Explanation Of Verdict Form)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Authority:      *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions,
                "Election of Foreperson/Explanation of Verdict Form" (No. 8) (2005)

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

43

## <u>VERDICT FORM</u>

**Question 1**.   Do you find by the greater weight of the evidence that Trasylol increased the risk of death in patients who received it?  Answer Yes or No ___

     If you answered "No," stop here.

**Question 2:**  Do you find by the greater weight of the evidence that Trasylol caused decedent's death?  Answer Yes or No _____

     If you answered "No," stop here.

**Question 3:**   Do you find by the greater weight of the evidence that defendants failed to provide an adequate warning to Dr. Kelly that Trasylol could increase the risk of death?  Answer Yes or No _____

     If you answered "No," stop here.

**Question 4:**   If you answered "Yes" to Question 3, do you find by the greater weight of the evidence that such failure to warn caused decedent's death?  Answer Yes or No _____

     If you answered "No," stop here.

**Question 5:**  If you answered "Yes" to Questions 1, 2, 3, <u>and</u> 4, what sum of money do you find by the greater weight of the evidence to be the total amount of any net accumulations lost by the estate?

                                        $_____

     SO SAY WE ALL.          _____

                                        Foreperson

     Dated_____