IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:  **CLASS CASES**

*Southeast Laborers Health & Welfare Fund*
*v. Bayer Corp.*
Case No.  9:08-cv-80873-DMM
_____/

**BAYER'S MOTION TO DISMISS PLAINTIFF'S**
**THIRD AMENDED CLASS ACTION COMPLAINT**

Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., Bayer Schering Pharma AG, as successor in interest to Bayer HealthCare AG, and Bayer HealthCare LLC respectfully move the Court to dismiss plaintiff's Third Amended Complaint (D.E. 4814) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

This Court dismissed plaintiff's First and Second Amended Class Action Complaints because plaintiff's proffered proximate cause theory – that "but for" alleged misrepresentations and concealment by Bayer, plaintiff and other third party payers would never have paid for Trasylol administered to covered individuals – was too indirect and "purely speculative" to support recovery under RICO, breach of warranty, and other claims.  *See Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F. Supp. 2d. 1270 (S.D. Fla. 2009) (dismissing First Amended Complaint); *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, No. 1:08-md-01928-DMM (S.D. Fla. Feb. 11, 2010) [D.E. 4209] (dismissing Second Amended

Complaint). This Court dismissed plaintiff's breach of express and implied warranty claims for the additional reasons that plaintiff had alleged neither a cognizable warranty nor that Trasylol was not fit for its intended use. Order (Feb. 11, 2010) [D.E. 4209], at 16-20. Noting that "Plaintiff has had plenty of chances to bring its claims," *id.* at n.15, this Court granted plaintiff leave to amend only its newly-added claims for breach of express and implied warranty.

Plaintiff's Third Amended Complaint makes no new allegations to address the defects in plaintiff's proximate cause theory, including for its warranty claims, and for that reason alone the Third Amended Complaint should be dismissed without leave to amend. *Compare generally* TAC ¶¶ 1-206, 213-286 *with* SAC ¶¶ 1-275 and FAC ¶¶ 1-174.[1] Nor did plaintiff amend any of its allegations relating to the express warranty claim, and thus has cured no defect with respect to that claim. *Compare* TAC ¶¶ 307-316 *with* SAC ¶¶ 296-305. Plaintiff's sole new allegations, which are directed only to its implied warranty claim – that Trasylol was not "fit for its intended purpose and use" because it "carr[ied] an undisclosed, heightened safety risk," *see* TAC, ¶¶ 207-212 – merely restates and summarizes other allegations in the complaint, without curing the defects that caused this Court to dismiss it earlier.[2] Thus plaintiff has not adequately pled, as this Court ruled that it must, that Trasylol was unfit for its intended use in preventing

---

[1] References are to the First Amended Class Action Complaint (FAC) [D.E. 457], Second Amended Class Action Complaint (SAC) [D.E. 2224], and Third Amended Class Action Complaint (TAC) [D.E. 4814].

[2] *Compare, e.g.*, TAC ¶ 208 ("the risks associated with the use of aprontinin would still outweigh any potential short-term benefit, were there any") *with id.* ¶ 70 ("Bayer suppressed, omitted, or failed to inform that the overall risk/benefit profile of Trasylol is unfavorable"); *id.* ¶ 209 ("Trasylol significantly increases the risk of series adverse events, including specifically, fatal and nonfatal renal injuries and renal failure") *with id.* ¶ 106 ("Despite representations to the contrary in its drug labeling and marketing materials, Bayer had long known that Trasylol was associated with undisclosed dangers ... particularly increased risk of renal dysfunction and failure"); *see also id.* ¶ 209 (quoting plaintiff's experts Daniel Furberg, Mark Dershwitz, and Mark Eisenberg).

perioperative bleeding, that Trasylol caused its plan members any injury, or that there was any cognizable warranty.  For all of these reasons, plaintiff's Third Amended Complaint should be dismissed with prejudice.

## ALLEGATIONS IN THIRD AMENDED COMPLAINT

As before, plaintiff alleges that it is a Tennessee-based employee benefit plan that reimburses for some or all of the covered healthcare costs incurred by plan members.  *See, e.g.*, TAC, ¶¶ 11, 24, 29.  Plaintiff alleges that Trasylol is administered intravenously during surgery, nearly always during coronary artery bypass graft procedures and without the patient's prior knowledge, to control excessive bleeding.  *Id*. ¶¶ 61, 63, 66.  Plaintiff purports to represent a nationwide class of third-party payers who reimburse for such surgeries.  *See id*. ¶ 287.

Plaintiff did not amend any of its allegations relating to proximate cause.  Instead, it once more alleges that one or more of the defendants made certain misrepresentations and "non-disclosures" regarding safety and efficacy in connection with the marketing and labeling of Trasylol (*see, e.g.*, *id*. ¶¶ 2, 5, 54-55, 69-70, 107, 109-111, 310), that defendants enlisted outside medical experts, referred to as "key opinion leaders" (KOLs), to promote their message about the safety and efficacy of Trasylol (*id*. ¶¶ 56-7, 213, 217-19, 234-43, 312), that the purported representations and omissions of defendants and the KOLs "lulled" surgeons into using Trasylol during surgeries (*id*. ¶ 214), that less expensive alternative medications exist (*id*. ¶ 68), and that plaintiff and other third-party payers paid too much for Trasylol as a result (*id*. ¶¶ 2, 4, 212).  As in its Second Amended Complaint, plaintiff again does not allege that any or all of the doctors' decisions to administer Trasylol to plan members were based solely (or even principally) on affirmative statements or omissions by defendants or the KOLs.

3

Plaintiff also realleges the same express warranty claim as in its Second Amended Complaint: that "Bayer directly and through the Key Opinion Leaders, made numerous statements about the risks associated with Trasylol which gave the false impression that Trasylol was medically necessary" (TAC ¶ 310, SAC ¶ 299), that Bayer allegedly breached an express warranty because Trasylol was not medically necessary and did not have the qualities warranted (TAC ¶ 311, SAC ¶ 300), and that as a direct and proximate result, plaintiff was injured by paying for a product that it would not have paid for had it known that Bayer's warranties were false (TAC ¶¶ 312-13, SAC ¶¶ 301-02).

As to its implied warranty claim, plaintiff again alleges that Bayer's conduct in purportedly concealing safety risks amounted to a breach of implied warranty under New Jersey law (TAC ¶ 323, SAC ¶ 311). Plaintiff further alleges that Trasylol was not merchantable or medically necessary in that it "was not fit for the ordinary purpose for which anti-fibrinolytic drugs are used" because it "was not adequately labeled with the safety dangers known only to Bayer" (TAC ¶ 322).[3] Although plaintiff now makes the conclusory assertion that the "facts [alleged in the complaint] demonstrate that Trasylol failed in its ordinary and intended purpose: preventing perioperative bleeding in a reliably safe and effective manner" (*id.* ¶ 208), plaintiff still does not allege that Trasylol failed to reduce perioperative bleeding as intended for any of its plan participants or that Trasylol injured any plan participant.

---

[3] This allegation, although more expansive, is not substantively different from the previous allegation in the Second Amended Complaint. *Compare* TAC ¶ 322 ("At the time it was sold by Bayer, Trasylol was not merchantable or medically necessary in that it: (1) was not fit for the ordinary purpose for which anti-fibrinolytic drugs are used; (2) was not adequately labeled with the safety dangers known only to Bayer; and (3) did not conform to the promises or affirmations of fact made on the label about its safety and efficacy") *with* SAC ¶ 310 ("At the time it was sold by Bayer, Trasylol was not merchantable or medically necessary, in that risks associated with all known uses outweighed whatever benefits, if any, that it provided to patients").

4

**LEGAL STANDARD**

Dismissal of a complaint at the pleading stage is appropriate where, accepting the allegations as true, the complaint fails to allege the essential elements of a claim or discloses a defect in a claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A complaint must "state a claim to relief that is plausible on its face," not simply one that is "speculative," "conceivable" or "possible."  *Twombly*, 550 U.S. at 555-56, 562-63, 570.  Thus, a complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence" sufficient to establish the existence of each required element of plaintiff's claims.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).  The court may properly conduct an examination of proximate cause on a motion to dismiss.  *See, e.g.*, *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 459-61 (2006); *United Food & Commercial Workers Unions, Employers Health & Welfare Fund v. Philip Morris, Inc.*, 223 F.3d 1271, 1273-74 (11th Cir. 2000).

**ARGUMENT**

**I.    PLAINTIFF'S EXPRESS AND IMPLIED WARRANTY CLAIMS FAIL AS A MATTER OF LAW.**

In its Second Amended Complaint, plaintiff alleged claims for breach of express and implied warranty under New Jersey law, N.J. Stat. Ann. §§ 12A:2-313, 12A:2-314, alleging that Trasylol was inherently defective because it did not have the qualities supposedly warranted. This Court dismissed both warranty claims for failure to establish proximate cause, for failure to allege a cognizable warranty to support its express warranty claim, and for failure to allege that Trasylol was not fit for its intended use in reducing perioperative bleeding to support its implied warranty claim.  *See* Order (Feb. 11, 2010) [D.E. 4209], at 16-20.  Plaintiff's Third Amended Complaint does not cure any of these defects.  In addition, plaintiff is not a "buyer" in a "sale" as

5

required to create an express or implied warranty. Accordingly, plaintiff's breach of express and implied warranty claims should be dismissed with prejudice.[4]

### A. Plaintiff's Breach of Express Warranty Claim Fails Because Plaintiff Has Not Alleged Both a Cognizable Warranty and Proximate Cause

This Court dismissed plaintiff's express warranty claim in the Second Amended Complaint because plaintiff failed to allege both a cognizable warranty and proximate cause. In particular, plaintiff failed to allege "that Bayer made an express warranty directly to Plaintiff or that Plaintiff saw or read the referenced Trasylol label and physician's brochure, or heard the alleged numerous statements about the risks associated with Trasylol during the relevant period." Order (Feb. 11, 2010) [D.E. 4209], at 19. The Court also found that plaintiff had "not adequately alleged that the breach of express warranty proximately caused its economic damages." *Id.* at 18 n.10.

Plaintiff has not amended its claim for express warranty at all, let alone sufficiently to cure either defect. Instead, plaintiff realleges that Bayer, "directly and through the Key Opinion Leaders," made unspecified warranties through its label and sales and marketing materials to physicians and hospitals. *See* TAC ¶ 5 (alleging "false statements on the Trasylol label, on physician pamphlets and other materials … that Trasylol was safe and effective"); *id.* ¶¶107, 109-111, 310. Plaintiff still does not identify a single communication between plaintiff and Bayer, nor allege that plaintiff was aware of the terms of any alleged warranty made by Bayer to

---

[4] Although it is not clear whether New Jersey or Tennessee law applies to plaintiff's breach of warranty claims, the Court need not resolve the issue for purposes of this motion. Both New Jersey and Tennessee warranty claims are governed by statutes that codify the Uniform Commercial Code, *see Cipollone v. Liggett Group, Inc.*, 893 F.2d 541, 565 (3d Cir. 1990) (noting that New Jersey has adopted the U.C.C.), *aff'd in part, rev'd in part on other grounds*, 505 U.S. 504 (1992); *Xerox Corp. v. Digital Express Graphic, LLC*, 2008 WL 2278492, at *5 (Tenn. Ct. App. May 22, 2008) (noting that Tennessee has adopted the U.C.C.), and thus are substantially similar.

6

anyone. Accordingly, plaintiff again fails to allege a cognizable warranty, and once more, its express warranty claim fails as a matter of law. *See Cipollone v. Liggett Group, Inc.*, 893 F.2d 541, 567 (3rd Cir. 1990) (holding that to effectuate the "basis of the bargain" requirement for an express warranty, the plaintiff must prove that it "read, heard, saw or knew of the advertisement containing the affirmation of fact or promise") (applying New Jersey law), *aff'd in part, rev'd in part on other grounds*, 505 U.S. 504 (1992); *accord Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 973 (M.D. Tenn. 2002) (dismissing warranty claim under Tennessee law because it was unclear whether the plaintiff "read or specifically relied" on affirmations), *aff'd*, 89 Fed. Appx. 927 (6th Cir. 2003).[5]

Nor did plaintiff amend its allegations relating to proximate cause. Again, plaintiff alleges that Trasylol is administered by a doctor during surgery, while the patient is anesthetized. TAC ¶ 66. Plaintiff further alleges that but for Bayer's misrepresentations and concealment of safety risks from doctors, plaintiff and other third-party payers would have refused to pay for Trasylol. *See, e.g.,* TAC ¶¶ 59, 60, 269, 277, 281, 298, 304, 312. Because plaintiff's theory of proximate cause necessarily implicates a doctor's decision-making process, *see* TAC ¶ 6, and physicians may take many different factors into account when prescribing a medication, *Southeast Laborers*, 655 F. Supp. 2d at 1280-81, this Court has twice held that the link between the allegedly fraudulent marketing of Trasylol and the purported economic harm to plaintiff is far

---

[5] Nor can plaintiff save its claim by alleging that it is a third party beneficiary of any warranty by Bayer. Those claims, too, require that the plaintiff saw, heard, read, or knew of the express warranty. *Brady v. Rockwell Int'l Corp.*, 1993 WL 424238, at *5 (D.N.J. Oct. 14, 1993); *accord Masters by Masters v. Richton*, 863 S.W.2d 702, 706 (Tenn. Ct. App. 1992) (rejecting express warranty claim where helmet at issue was borrowed and neither parents nor rider had ever seen an advertisement for helmet nor heard any representations made about its safety). Moreover, plaintiff is not a proper third-party beneficiary. That protection extends only to "any natural person who is in the family or household of his buyer or who is a guest in his home." N.J. Stat. Ann. § 2-318; Tenn. Code Ann. § 47-2-318 (same). Plaintiff does not meet that test.

7

too remote and indirect to satisfy the principles of proximate cause. *Id.* at 1281; Order (Feb. 11, 2010 ) [D.E. 4209], at 13.  Because plaintiff must establish that the alleged breach of express warranty was the proximate cause of the damages sustained, plaintiff's continued failure to establish proximate cause is fatal to its express warranty claim. *See Lara-Arcinega v. Crown Equip. Corp.*, 2008 WL 2783341, at *8 (D.N.J. Jul. 15, 2008) ("In breach of warranty actions, a plaintiff is entitled to recover [only] for any injury 'proximately resulting' from the breach of warranty"); *Hollinger v. Shoppers Paradise of New Jersey, Inc.*, 340 A.2d 687, 692 (N.J. Super. Ct. Law Div. 1975) (stating that defect must proximately cause injury in implied warranty case), *aff'd*, 361 A.2d 578 (N.J. Super. Ct. App. Div. 1976) (applying New Jersey law); *accord Penn. Employers Benefit Trust Fund v. AstraZeneca Pharm. LP*, 2009 WL 2231686, at *4-6 (M.D. Fla. Jul. 20, 2009) ("Plaintiff's alleged harm is simply too remote from Defendant's alleged unlawful acts to permit" recovery); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 937 (3rd Cir. 1999) (finding that plaintiff's breach of warranty claims, among others, failed for lack of proximate cause); *Texas Carpenters Health Benefit Fund v. Philip Morris, Inc.*, 21 F. Supp. 2d 664, 677 (E.D. Tex. 1998) (dismissing breach of warranty claims on for failure to allege proximate cause); *Ford Motor Co. v. Eads*, 457 S.W.2d 28, 29, 32 (Tenn. 1970) (dismissing causes of action for breach of express and implied warranties under Tennessee law for lack of proximate cause).

Accordingly, plaintiff's claim for breach of express warranty fails as a matter of law.

**B.     Plaintiff's Breach of Implied Warranty Claim Fails Because Plaintiff Has Not Alleged That Trasylol Did Not Work For Any of Its Plan Participants as Intended or that Trasylol Injured Any Participant**

To establish a claim for breach of implied warranty under New Jersey law, plaintiff must establish that Trasylol "was not reasonably fit for the ordinary purposes for which it was sold and such defect proximately caused injury to the ultimate consumer." *See Hollinger*, 340 A.2d at

692. This Court dismissed plaintiff's implied warranty claim in the Second Amended Complaint both for failure to allege that Trasylol was not fit for its intended use, and for failure to allege proximate cause. Plaintiff has cured neither defect.

### 1. Plaintiff Fails To Allege That Trasylol Was Not Fit For Its Intended Use

This Court dismissed plaintiff's implied warranty claim in part because "Plaintiff has not alleged that Trasylol was not fit for its intended use in preventing perioperative bleeding." Order (Feb. 11, 2010) [D.E. 4209], at 20 (citing *Heindel v. Pfizer Inc.*, 381 F. Supp. 2d 364, 379 (D.N.J. 2004)). Plaintiff now alleges that "Trasylol "failed in its ordinary and intended purpose: preventing perioperative bleeding in a reliably safe and effective manner" (TAC ¶ 208), that Trasylol "was never merchantable, nor was it fit for its intended purpose" because it "was not adequately labeled with the safety dangers known only to Bayer" (TAC ¶ 211), and that Bayer concealed an "increased risk" of known side effects of Trasylol (*see, e.g.,* TAC ¶ 209). Even assuming that these allegations are an appropriate characterization of the intended use, plaintiff's implied warranty claim still fails because it never alleges that Trasylol failed to prevent perioperative bleeding for plaintiff's plan participants.

Courts that have considered claims for breach of implied warranty of fitness and merchantability under the Uniform Commercial Code have consistently held that no claim for breach of implied warranty can lie unless a product actually manifests the alleged defect. *See. e.g., In re Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation*, 2007 WL 2028408, at *7 (N.D. Cal. July 10, 2007) (collecting cases). In the prescription medication context, a claim for breach of implied warranty cannot lie where the complaint fails to allege the "manifestation of the defect," – that is, that the plaintiff actually suffered from the risk alleged. *Id.* at *8. Here, although plaintiff makes the conclusory allegation that Trasylol "caused ...

9

numerous deaths and injuries" and "economic injuries to those who paid for the product," TAC ¶ 212, and that Bayer concealed an "increased risk" of known side effects of Trasylol (*see, e.g.,* TAC ¶ 209), it fails to allege that its plan members suffered perioperative bleeding in conjunction with an increased rate of side effects (or in fact, that they suffered those side effects at all). Accordingly, plaintiff has failed to allege that it did not get the benefit of its bargain – a medication that reduced the risk of "perioperative bleeding in a reliably safe and effective manner" in the plan participants who received it. *In re Bextra and Celebrex*, 2008 WL 2028408, at *8 (dismissing warranty claim where alleged side effects "did not manifest for any of the plaintiffs"); *Heindel*, 381 F. Supp. 2d at 379 (summary judgment granted on breach of implied warranty claim where no actual injury, even though risks were concealed); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 320 (5th Cir. 2002) (breach of implied warranty class could not be certified where plaintiff "paid for an effective pain killer, and she received just that – the benefit of her bargain").

### 2. Plaintiff Fails to Allege Proximate Cause

Plaintiff cannot state a claim for breach of implied warranty unless it can establish that the named defect in the product "proximately caused injury to the ultimate consumer." *Hollinger*, 340 A.2d at 692. As demonstrated above, plaintiff has not amended its proximate cause theory, which this Court has already determined is fatal to its implied warranty claim. *See supra* section I.A; Order (Feb. 11, 2010) [D.E. 4209], at 20.

Moreover, plaintiff has not made any allegation regarding how the alleged defect – an "increased risk" of side effects – proximately caused any actual injury to its plan participants or any economic injury to plaintiff. In particular, plaintiff has not alleged that Trasylol did not work for its plan members, or that Trasylol's "increased risk" injured its plan members. *See Heindel*, 381 F. Supp. 2d at 379 ("breach of implied warranty claims are not intended to address

hypothetical economic loss; they are meant to compensate a buyer who had not gotten the benefit of her bargain," that is, that buyers did "not get what they paid for," and rejecting "fraud on the market" economic loss based on the theory "that consumers might be inclined to take a drug with certain side [e]ffects if they could pay less for it, or that drugs with certain side effects should cost less").

Accordingly, plaintiff's implied warranty claim should be dismissed with prejudice.[6]

### C. Both Plaintiff's Express and Implied Warranty Claims Fail Because Third Party Payers are Not "Buyers" In a "Sale"

Both plaintiff's express and implied warranty claims fail for the additional reason that plaintiff, as a third party payer, is not a "buyer" in a "sale," as is required to create an express or implied warranty under either New Jersey or Tennessee law. *See* N.J. Stat. Ann. § 12A: 2- 313 (express warranties can only be made by the "seller to the buyer as part of a contract for sale"); *accord* Tenn. Code Ann. § 47-2-313 (same); N.J. Stat. Ann. §12A: 2-314 (explaining that "the warranty of merchantability applies to sales"); *accord* Tenn. Code Ann. § 47-2-314 (same). The transaction at issue here – reimbursing medical providers for Trasylol – is not a "sale" because plaintiff never takes title to the medication. *See* N.J. Stat. Ann. § 12A:2-106 ("[a] 'sale' consists in the passing of title from the seller to the buyer for a price"); accord Tenn. Code Ann. § 47-2-106 (same); *see also American Container Corp. v. Hanley Trucking Corp.*, 268 A.2d 313, 316

---

[6] Plaintiff's implied warranty claim fails for an additional reason under Tennessee law. In Tennessee, privity is required for implied warranty claim alleging economic loss. *See, e.g.*, *McCrary v. Kelly Technical Coatings, Inc.*, 1985 WL 75663, at *3 (Tenn. Ct. App. Aug. 28, 1985) ("[p]rivity has been abolished in [implied warranty] actions in Tennessee *only* with regard to 'personal injury or property damage'" and not with respect to purely economic losses) (emphasis added); *Walker Truck Contractors, Inc. v. Crane Carrier Co.*, 405 F. Supp. 911, 919 n.12 (E.D. Tenn. 1975); *see also Messer Griesheim Indus., Inc.*, 131 S.W.3d, 457, 463 (Tenn. Ct. App. 2003); *Long v. Monaco Coach Corp.*, 2006 WL 2564040, at *5 (E.D. Tenn. 2006) (barring recovery for breach of implied warranty because parties were not in "contractual privity") (applying Tennessee law). Because plaintiff has not and cannot establish contractual privity, its implied warranty claim fails.

11

(N.J. Super. Ct. Ch. Div. 1970) (recognizing that a "sale" consists of the transfer of title and possession of the property). Nor can third party payers be considered "buyers" because they merely reimburse others for its purchase. *Compare* N.J. Stat. Ann. §12A:2-103 (defining buyer as "a person who buys or contracts to buy goods"), *and* Tenn. Code Ann. § 47-2-103 (same) *with U.S. v. Serafini*, 233 F.3d 758, 767 n.11 (3d Cir. 2000) (reimbursement entails the "delivery of money to a person to pay back that person for money that the person expended"). For that additional reason, plaintiff's warranty claims should be dismissed with prejudice.

## II.     ALL REMAINING CLAIMS WERE DISMISSED WITH PREJUDICE AND CANNOT BE REVIVED HERE

All remaining claims in plaintiff's Third Amended Complaint were dismissed with prejudice by the Court in connection with the Second Amended Complaint. *See* Order (Feb. 11, 2010) [D.E. 4209], at 24. Plaintiff acknowledges as much, *see* Third Amended Complaint at 1 n.1, and offers no reason, even if such a request were timely, for the Court to reconsider its earlier ruling. Accordingly, these claims cannot be revived.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss plaintiff's Third Amended Complaint with prejudice.

DATED: April 2, 2010                                     Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: Blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7120
Facsimile: 561-655-1509

Eugene A. Schoon
Email: eschoon@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pre se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

        */s/ Barbara Bolton Litten*
        Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Joe R. Whatley, Jr.
Email:  jwhatley@wdklaw.com
Edith M. Kallas, Esq.
Email: ekallas@wdklaw.com
Tucker Brown, Esq.
Email:  tbrown@wdklaw.com
**WHATLEY DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY  10036
Telephone: (212) 447-7011
Facsimile: (212) 447-7077
*Attorneys for Plaintiffs*

| | |
|---|---|
| Steven J. Kherkher, Esq.<br>Email: skherkher@williamskherkher.com<br>John T. Boundas, Esq.<br>Email:  jboundas@williamskherkher.com<br>G. Erick Rosemond, Esq.<br>Email: erosemond@williamskherkher.com<br>E. Armistead (Armi) Easterby<br>Email:  aeasterby@williamskherkher.com<br>**WILLIAMS KHERKHER HART BOUNDAS, LLC**<br>8441 Gulf Freeway, Suite 600<br>Houston, TX  77017<br>Telephone:  713-230-2308<br>Facsimile:  713-643-6226<br>*Attorneys for Plaintiffs* | James G. Stranch III, Esq.<br>Email: jgs@branstetterlaw.com<br>J. Gerard Stranch, IV, Esq.<br>Email: gstranch@branstetterlaw.com<br>Joe P. Leniski, Esq.<br>Email: jleniski@branstetter.com<br>Randall C. Ferguson, Esq.<br>Email: rcf@branstetter.com<br>**BRANSTETTER STRANCH AND JENNINGS, PLLC**<br>227 Second Ave., North, 4th Floor<br>Nashville, TN  37201<br>Telephone:  615-254-8801<br>Facsimile:  615-250-3937<br>*Attorneys for Plaintiffs* |
| William Charles Wright, Esq.<br>Email: willwright@wrightlawoffice.com<br>**WILLIAMS C. WRIGHT, P.A.**<br>319 Clematis Street, Suite 109<br>West Palm Beach, FL  33401<br>Telephone:  561-514-0904<br>Facsimile:   561-514-0905<br>*Attorneys for Plaintiffs* | |