UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates To:

MORDECAI V. BAYER CORPORATION, ET AL.,
Case No. 9:08-cv-80781

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. PAMELA CYRUS RELATING TO THE VALIDITY OR SUPERIORITY OF RANDOMIZED CONTROLLED STUDIES VS. OBSERVATIONAL RETROSPECTIVE STUDIES OR ADVERSE EVENTS REPORTING AND MEMORANDUM OF LAW IN SUPPORT

PLEASE TAKE NOTICE THAT Plaintiff Linda Mordecai respectfully submits this motion to exclude the certain testimony of Pamela Cyrus regarding the validity or superiority of randomized controlled studies vs. observational retrospective studies or adverse events reporting as she has not been identified as a generic or case-specific experts in this case and is not qualified to render an opinion on this issue.

### MEMORANDUM OF LAW

Pamela Cyrus has been identified in Bayer's Third Amended Rule 26(a)(3)(A)(i) Disclosure as a witness to be called live at the trial of this matter. Ms. Cyrus was previously deposed and provided extensive testimony in this matter; however, she has been not been disclosed as an expert witness, and neither has submitted an expert report.  Consequently, Ms. Cyrus should not be permitted to testify to matters beyond her observations and personal knowledge as a lay witnesses as set forth in the Federal Rules of Evidence.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a party disclose its expert witnesses and submit timely written reports with the disclosure. Fed. R. Civ. Proc. 26(a)(2). A party cannot avoid this rule by offering the testimony of a treating physician on topics properly assigned to experts. *Scheider v. Hertz Corp.*, No. 3:05-cv-1298-J-MCR, 2007 U.S. Dist. LEXIS 33294 (M.D. Fla. May 7, 2007) ("the majority of courts addressing this issue have determined that a plaintiff may not avoid the requirements of providing an expert report by simply indicating that his/her expert is a treating physician"); *see also Principi v. Survivair, Inc.*, No. 6:04-cv-476-Orl-JGG, 2005 U.S. Dist. LEXIS 35022 at **18-21 (M.D. Fla. Oct. 18, 2005) (precluding treating physician from testifying as to cause of plaintiff's injury because physician had not submitted a timely expert report.) Plaintiff is entitled to proper expert disclosures, along with complete and timely expert reports, so as to have the opportunity to challenge this proposed testimony on Daubert grounds. At this late date, any attempt by Defendants to introduce opinion testimony, amounting to the proffering of expert opinion, would be severely prejudicial to Plaintiff and should be excluded.

Additionally, such testimony should be precluded because Ms. Cyrus is a lay witness, not qualified to render such opinions. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Federal Rules of Evidence Rule 701, 28 U.S.C.A. First, the opinions rendered by Ms. Cyrus are not rationally based upon her perception because neither her educational or employment history involved the

evaluation or conduction of clinical trials or the accumulation and evaluation of clinical data. Ms. Cyrus is a neurologist, not an epidemiologist, nephrologist, or even an expert to testify regarding FDA requirements for submissions of clinical data. *See* Exhibit A, p. 5-6, 179 (January 22, 2009). Bayer has retained and disclosed numerous experts to address these issues and Bayer should not be permitted to present testimony from Ms. Cyrus or any other Bayer employee who is not qualified to discuss the purpose, methodology, or characterization of any study as a "good study" or "bad study" or what weight to give to a particular study or clinical data.

Most importantly, the testimony anticipated to be elicited from Ms. Cyrus is clearly scientific, technical, and other specialized knowledge within the scope of Rule 702, and therefore, should be precluded. Rule 702 permits expert testimony to assist the jury in understanding the evidence or determining a fact in issue only where it is "based upon sufficient facts or data," is "the product of reliable principles and methods," and where "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The Supreme Court's decision in *Daubert*, 509 U.S. 579 and its progeny govern the application of Rule 702. *Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV- MOORE/SIMONTON, 2009 U.S. Dist. LEXIS 76128 at **5-6 (S.D. Fla. June 26, 2009). The Rule compels the district courts to act as "gatekeepers" concerning the admissibility of expert evidence. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (*en banc*) (quoting *Daubert*, 509 U.S. 579).

In undertaking a Daubert analysis, courts apply a "rigorous three-part inquiry," considering whether:

1. the expert is qualified to testify competently regarding the matters he intends to address;
2. the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and

    3.  the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* at 1260. As to methodology, among the reliability factors the court should consider is whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead a subjective, conclusory approach that cannot be reasonably assessed for reliability. Fed. R. Evid. 702, advisory committee's note (discussing the year 2000 amendments to the rule and the requirements of *Daubert*); *see also Landrin v. MGA Entm't, Inc.*, No. 05-21145-CIV-HUCK/SIMONTON, 2006 U.S. Dist. LEXIS 97335 at *27 (S.D. Fla. Jan. 3, 2006) (excluding expert evaluation based upon "conclusory subjective opinion.")

## CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court exclude the certain testimony of Pamela Cyrus regarding the validity or superiority of randomized controlled studies vs. observational retrospective studies or adverse events reporting as she has not been identified as a generic or case-specific experts in this case and is not qualified to render an opinion on this issue.

## CERTIFICATION OF LOCAL RULE 7.1.A.3 CONFERENCE

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for Plaintiff hereby certifies that counsel for Plaintiff has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that Defendants will contest this motion.

**PLAINTIFF**

**By Counsel**

*/s/ Jonathan D. Boggs*
P. Gregory Haddad, Esq.
*ghaddad@baileyglasser.com*
Kerrie Wagoner Boyle, Esq.
*kboyle@baileyglasser.com*
Jonathan D. Boggs, Esq. (FL Bar #0106305)
*jboggs@baileyglasser.com*
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

David F. Miceli
*dmiceli@simmonsfirm.com*
Simmons, Browder, Gianaris, Angelides & Barnerd, LLC
119 Maple Street
Suite 201
Carrollton, GA 30117
770-834-2122
770-214-2622

Leslie Ann Caldwell, Esq.
*lac@lusklaw.com*
LUSK, CALDWELL & DEAN P.C.
2101 Highland Avenue, Suite 410
Birmingham, Alabama 35205
(205) 933-7090 Telephone
(205) 933-7099 Facsimile

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-1928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:
LINDA MORDECAI v. BAYER CORPORATION, et al.,
Case No. 9:08-civ-80781-DMM

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2010, the foregoing ***PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. PAMELA CYRUS RELATING TO THE VALIDITY OR SUPERIORITY OF RANDOMIZED CONTROLLED STUDIES VS. OBSERVATIONAL RETROSPECTIVE STUDIES OR ADVERSE EVENTS REPORTING AND MEMORANDUM OF LAW IN SUPPORT*** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

>Brian A. Wahl
>Bradley, Arant, Rose & White, LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, Alabama 35203
>
>Phillip S. Beck
>Bartlit Beck Herman Palenchar & Scott LLP
>Courthouse Place
>54 West Hubbard Place, Suite 300
>Chicago, IL 60610
>
>Patricia Elaine Lowry
>Barbara Bolton Litten
>Squire Sanders & Dempsey LLP
>777 S Flagler Drive, Suite 1900
>West Palm Beach, FL 33401-6198
>
>Elizabeth C. Curtin
>Sidley Austin LLP
>1 S Dearborn Street
>Chicago, IL 60603

Richard K. Dandrea
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Daniel G. Wyllie
Dykema Gossett
400 Renaissance Center, 35th Floor
Detroit, MI 48243

*/s/ Jonathan D. Boggs*
Jonathan D. Boggs, Esq. (FL Bar #0106305)
*jboggs@baileyglasser.com*