# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|   |   |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 <br><br> THIS DOCUMENT RELATES TO: <br><br> *Linda Mordecai* v. *Bayer Corp., et al.*, <br> Case No. 9:08-cv-80781 | ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ADDITIONAL IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE OR ARGUMENT

Defendants respectfully submit this "omnibus" motion *in limine* to exclude a variety of evidence, testimony, and argument not addressed in our longer motions *in limine* that is irrelevant and unfairly prejudicial.[1]

      1.    *Promise to give a portion of damages award to charity.* Plaintiff should not be permitted to offer any testimony or make any argument to the effect that any portion of a damages award might be donated to charity because such testimony or argument would be unfairly prejudicial and would cause confusion of issues. *See* Fed. R. Evid. 403; *see also*, *e.g.*, *Las Palmas Assocs.* v. *Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1247 (Cal. Ct. App. 1991) (finding appeal to jury's sympathy by suggesting damages might be donated to charity was improper).

---

[1] This motion *in limine* is similar to the one defendants filed [D.E. 4245 in 1:08-md-1928] in *Anna Bryant* v. *Bayer Corp.* [D.E. 121 in 9:08-cv-80868], *Naguib Bechara* v. *Bayer Corp.* [D.E. 80 in 9:08-cv-80776], and *Melissa Morrill* v. *Bayer Corp.* [D.E. 90 in 9:08-cv-80424], except that this motion has been tailored, where appropriate, to account for Alabama law.

        2.    *The existence of liability insurance.*  Plaintiff should not be permitted to offer any testimony or make any argument concerning the existence of liability insurance.  *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully").  Because the statutory exceptions for proof of "agency, ownership, or control, or bias or prejudice of a witness," *id.*, do not apply, this Court should forbid any mention of liability insurance unless plaintiff's counsel satisfies an exception in advance.

        3.    *References to other Trasylol litigation.*  As this Court is well aware, numerous cases, including personal injury cases, making claims regarding the defendants' conduct with respect to Trasylol are pending nationwide.  The defendants anticipate that plaintiff may attempt to seize upon the mere existence of those other cases as a means of excusing their own legally insufficient case.  Plaintiff should be precluded from offering evidence, testimony or argument regarding any other Trasylol-related case as it would be irrelevant and would cause unfair prejudice.  *See*, *e.g.*, *In re Related Asbestos Cases*, 543 F. Supp. 1152, 1159 (N.D. Cal. 1982) (granting motion to exclude reference to other pending asbestos lawsuits); Fed. R. Evid. 401-03.  Furthermore, any evidence of other Trasylol litigation is inadmissible hearsay, not subject to any exception.  Fed. R. Evid. 802.  This motion does not apply to examination of expert witnesses because an expert's work (if any) on other Trasylol cases, and the attorneys with whom those expert witnesses have worked on such cases, may be relevant to issues such as expertise, credibility and bias.  This motion also does not apply to the testimony of plaintiff's treating physicians who have been deposed in other Trasylol cases and questioned by Mr. Mordecai's counsel.  Such testimony is relevant to the physicians' knowledge of Trasylol risks and benefits, as well as other subjects at issue in this case.

4. *References to Trasylol settlements.* The defendants anticipate that plaintiff may attempt to use as evidence the existence of potential future settlements involving Trasylol as a means of avoiding proving her own legally insufficient case. Plaintiff's counsel should be precluded from offering evidence, testimony or argument regarding any Trasylol-related settlement "to prove liability for or invalidity of claim or its amount." Fed. R. Evid. 408, advisory committee note. Furthermore, any settlement evidence would be irrelevant and would cause unfair prejudice. Fed. R. Evid. 401-03, 408; *see also In re Related Asbestos Cases*, 543 F. Supp. at 1159 (granting motion to exclude reference to settlements of other asbestos cases); *Agrofollajes, S.A.* v. *E.I. Du Pont De Nemours & Co.*, Nos. 3D07-2322, 3D07-2318, 3D07-1036 --- So. 3d ---, 2009 WL 4828975, *16 (Fla. 3d DCA Dec. 16, 2009) ("It is well-settled that evidence that a defendant settled other claims involving the same product deprives the defendant of a fair trial"); *Super Valu Stores, Inc.* v. *Peterson*, 506 So. 2d 317, 321 (Ala. 1987) ("The general rule is that offers of compromise by one party to another in a civil action, whether before or after the litigation is begun, [are] inadmissible.").

5. *References to Bayer's lawyers or the number of them.* The number of defendants' lawyers and any related comments about such lawyers are wholly irrelevant to the issues in dispute. This includes matters such as the companies that defendants' counsel have represented, or that defendants' counsel specialize in defending large companies or particular types of industries, or other work of defendants' counsel. Any commentary by plaintiff's counsel regarding defendants' lawyers or the number of lawyers could only cause confusion of the issues and prejudice the jury. *See* Fed. R. Evid. 401-03; *see also, e.g., Brown* v. *Arco Petroleum Prods. Co.*, 552 N.E.2d 1003, 1005-06 (Ill. App. Ct. 1990) (finding reversible error due to plaintiff's counsel asking potential juror if he knew "any of the 150 attorneys at

defendant's law firm"); *DeLaporte* v. *Robey Bldg. Supply, Inc.*, 812 S.W.2d 526, 537 (Mo. App. Ct. 1991) (cautioning counsel on retrial not to make disparaging remarks concerning opposing counsel that "arouse prejudice").

      6.      *References about Defendants' Employees' Attendance or Non-Attendance at Trial.*  Any reference to defendants' employees who do or do not attend any or all of the trial is irrelevant and likely prejudicial to the defendants.  There is no conceivably relevant reason to inform the jury whether defendants' employees are or are not present at the trial as non-witnesses.  *See* Fed. R. Evid. 401-03.  Accordingly, plaintiff's counsel should be precluded from any mention of the number of defendants' lawyers and the presence of any employees of defendants at the trial.

      7.      *References to Witnesses Who Testify By Recorded Deposition Rather Than Live*.  The defendants expect that this trial will involve a mix of live and recorded testimony.  In light of these expectations, the defendants move to preclude plaintiff from suggesting that the jury should treat recorded testimony any differently than live testimony, or that the jury may draw any adverse inferences about witnesses (whether party witnesses, experts or other fact witnesses) who do not give live testimony.  *See* Fed. R. Evid. 401-03.  Parties have a right to utilize deposition testimony at trial where otherwise admissible, and doing so should not give plaintiff an opportunity to suggest that various witnesses deserve less credibility because they did not testify live, or from making more egregious suggestions that the defendants' party witnesses or experts have manifested a lack of care for plaintiff because such witnesses do not attend trial and testify in person.  Such suggestions would have no relevance to the issues in this case, but instead would merely be attempts to prejudice jurors against the defendants.  *See* Fed. R. Evid. 401-403.

        8.    *Testimony of Gene Rollins, Carl Quinn, and Gary Lockhart.* These three individuals on Plaintiff's "may call" witness list were not involved in the care or treatment of Mr. Mordecai and have no knowledge of any other facts that are relevant to the trial of this case. Their only relationship to the decedent is that they worked with him in the maintenance department of Carraway Medical Center. Under Alabama law, the only damages available for wrongful death are punitive damages. Plaintiff cannot recover punitive damages to compensate her for her loss of the decedent—"the *only* recoverable damages are punitive damages intended to punish the tortfeasor for its actions." *Trott* v. *Brinks, Inc.*, 972 So. 2d 81, 84 (Ala. 2007) (emphasis added). Consequently, their testimony as to their knowledge of the decedent is not relevant to any fact at issue. This testimony should be excluded for the additional reason that it is prejudicial. *See* Fed. R. Evid. 401-03.

## CONCLUSION

        For these reasons, defendants respectfully request that this motion be granted in its entirety.

## RULE 7.1(A)(3) CERTIFICATION

        As required by this Court's Local Rule 7.1(A)(3)(a), counsel for defendants hereby certifies that counsel for the defendants has made reasonable efforts to confer in good

Case 9:08-cv-80781-DMM   Document 107   Entered on FLSD Docket 04/05/2010   Page 6 of 10

faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that plaintiff will contest this motion.

April 5, 2010					Respectfully submitted,

/s/ Barbara Bolton Litten
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:  312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
James W. Mizgala
Email:  jmizgala@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036

6

Rebecca K. Wood
Email:  rwood@sidley.com
Peter C. Pfaffenroth
Email:  ppfaffenroth@sidley.com
Adam C. Doverspike
Email:  adoverspike@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

# SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Leslie A. Caldwell
Email:  lac@lusklaw.com
**LUSK CALDWELL & DEAN PC**
2101 Highland Ave., Suite 410
Birmingham, AL  35205
Telephone: 205-933-7090
Facsimile:  205-933-7099
*Counsel for Plaintiff Mordecai*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

P. Gregory Haddad
Email:  ghaddad@baileyglasser.com
Kerrie Wagoner Boyle
Email:  kboyle@baileyglasser.com
Jonathan D. Boggs
Email:  jboggs@baileyglasser.com
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV  25301
Telephone:  304-345-6555
Facsimile:  304-342-1110
*Counsel for Plaintiff Mordecai*

| | |
|---|---|
| David F. Miceli<br>Email:  dmiceli@simmonsfirm.com<br>**SIMMONS BROWDER GIANARIS ANGELIDES**<br>    **& BARNERD LLC**<br>119 Maple St., Suite 201<br>Carrollton, GA  30117<br>Telephone:  770-834-2122<br>Facsimile:  770-214-2622<br>*Counsel for Plaintiff Mordecai* | Patricia E. Lowry<br>Florida Bar No. 332569<br>Email: plowry@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6198<br>Telephone:  561-650-7200<br>Facsimile:   561-655-1509<br>*Liaison Counsel for Defendants* |