UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

**This Document Relates To:**

**MORDECAI V. BAYER CORPORATION, ET AL.,**
Case No. 9:08-cv-80781

## MOTION IN LIMINE TO PRECLUDE
## THE DEFENDANTS' EXPERT, DR. FLAVAHAN

COMES NOW the Plaintiff, by counsel, and moves this Court to enter an order precluding Dr. Nicholas Flavahan from testifying at the trial of this matter or otherwise attempting to introduce Dr. Flavahan's opinions through any other witness.

The Defendants were to identify all witnesses that they expect to call at trial by March 11, 2010.[1] In their witness list filed on March 12, 2010, Dr. Flavahan was not identified as a witness the Defendants were going to call at trial. Nor did Defendants identify Dr. Flavahan in their amended witness list filed March 26, 2010.[2] Finally, on Monday, April 5, 2010, Bayer filed a third witness list which identified Dr. Flavahan as a witness that Bayer will call live in rebuttal to Dr. Dershwitz, who Plaintiffs identified as a may call on March 1. Apparently, the failure to disclose was "unintentionally, regrettable human error".[3]

---

[1] The defendants filed their witness list on March 12, 2010 based upon agreement reached between counsel for the parties.

[2] Plaintiff agreed to allow Defendants to file an **amended** witness list, not a **supplemental** witness list to add additional witnesses. The disclosure of a new witness is almost a month late, and therefore, should be stricken.

[3] Scheeren dep. p. 227. Q. Is the manner in which the i3 study was conducted, without any knowledge provided to the FDA, evidence, in your mind, of transparent communication? A. Well, as I said before, it would have made sense in order to inform the FDA about this particular study, that we were to conduct this study, and we have also qualified this as a nonintentional regretful human error. Scheeren dep. p. 232. Q. Yet the explanation for why the mere existence of the i3 study was never brought up to the FDA is simple human error, correct? A. Unintentionally, regrettable human error, yes. Scheeren dep. p. 248. Q. You are part of the number of individuals who, through

A district court may, in its discretion, exclude the testimony at trial of any witness that a party has failed to properly disclose. *See* Fed. R. Civ. Proc. 37(c)(1) ("If a party fails to…identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless.") The Eleventh Circuit holds that, in determining whether to exclude the testimony of an improperly disclosed witness, the district should consider (1) the importance of the testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. *Bearint v. Dorell Juvenile*, 389 F.3d 1339, 1353 (11th Cir. 2004). Defendants' listing of yet another expert beyond the deadline is inappropriate and could not have been inadvertent. Defendants have offered no excuse for this late disclosure and Plaintiff would be prejudiced by having to prepare for cross-examination of this most recently late-disclosed witness. Because Defendants have no valid excuse for this eleventh hour disclosure and Plaintiff would be prejudiced by allowing Dr. Flavahan's testimony, this Court should exclude his testimony. *See Debose v. Broward Health*, Case No. 08-61411-CIV-MOORE-SIMONTON, 2009 U.S. Dist. LEXIS 45546 at **15-17 (S.D. Fla. May 20, 2009) (following *Bearint* and excluding two late disclosed witnesses when the party offering them offered no valid reason for not disclosing them sooner and the opposing party would be hindered in preparing for trial in face of new witnesses).

---

regrettable human error, simply failed to inform the FDA that the i3 study was being conducted? A. Unintentionally regrettable human error, yes. Scheeren dep. p. 249. Q. Do you have any idea as to how many people had the identical unintentional regrettable human error of failing to inform the FDA of the i3 study's existence? A. I'm sorry. Can you be more specific there? Q. Sure. We already went over five people who were in attendance on July 17 of 2006 who were in the presence of numerous FDA employed individuals and failed to mention that there was an i3 safety study being performed, correct? A. Well, the communication didn't happen to the FDA. Yes. It was, as I indicated before, an unintentionally regrettable human error.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order precluding Dr. Flavahan from offering testimony at the trial of this action and further precluding the Defendants from introducing Dr. Flavahan's opinions through other witnesses that may be called.

### CERTIFICATION OF LOCAL RULE 7.1.A.3 CONFERENCE

As required by this Court's Local Rule 7.1(A)(3)(a), counsel for Plaintiff hereby certifies that counsel for Plaintiff has made reasonable efforts to confer in good faith with counsel for all parties who may be affected by the relief sought in the motion, and has been advised that Defendants will contest this motion.

**PLAINTIFF**

**By Counsel**

*/s/ Jonathan D. Boggs*
P. Gregory Haddad, Esq.
*ghaddad@baileyglasser.com*
Kerrie Wagoner Boyle, Esq.
*kboyle@baileyglasser.com*
Jonathan D. Boggs, Esq. (FL Bar #0106305)
*jboggs@baileyglasser.com*
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

David F. Miceli
*dmiceli@simmonsfirm.com*
Simmons, Browder, Gianaris, Angelides & Barnerd, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117
770-834-2122
770-214-2622

Leslie Ann Caldwell, Esq.
*lac@lusklaw.com*
LUSK, CALDWELL & DEAN P.C.
2101 Highland Avenue, Suite 410
Birmingham, Alabama 35205
(205) 933-7090 Telephone
(205) 933-7099 Facsimile

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-1928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

**This Document Relates to:**
LINDA MORDECAI v. BAYER CORPORATION, et al.,
Case No. 9:08-civ-80781-DMM

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2010, the foregoing ***MOTION IN LIMINE TO PRECLUDE THE DEFENDANTS' EXPERT, DR. FLAVAHAN*** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Brian A. Wahl
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Phillip S. Beck
Bartlit Beck Herman Palenchar & Scott LLP
Courthouse Place
54 West Hubbard Place, Suite 300
Chicago, IL 60610

Patricia Elaine Lowry
Barbara Bolton Litten
Squire Sanders & Dempsey LLP
777 S Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198

Elizabeth C. Curtin
Sidley Austin LLP
1 S Dearborn Street
Chicago, IL 60603

Richard K. Dandrea
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Daniel G. Wyllie
Dykema Gossett
400 Renaissance Center, 35th Floor
Detroit, MI 48243

*/s/ Jonathan D. Boggs*
Jonathan D. Boggs, Esq. (FL Bar #0106305)
*jboggs@baileyglasser.com*