UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-Middlebrooks/Johnson

IN RE: TRASYLOL PRODUCTS LIABILITY
LITIGATION - MDL - 1928

This Document Relates to:

*Melissa Morrill v. Bayer Corp., et al.*,
Case No. 9:08-cv-80424

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT RELATED TO ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE

Plaintiff Melissa Morrill files this response to Bayer Defendants' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Related to Assertions of Attorney-Client Privilege (D.E. 5204). In support thereof, Plaintiff respectfully shows the Court the following:

A defendant is not allowed to shield discoverable information by claiming a false privilege. In the present case, there are examples where Defendant Bayer was obviously forwarding information to its legal counsel in attempt to cloak the information in privilege. Of the millions of documents and pages provided during discovery, Plaintiffs have seen oceans of information blacked out. Plaintiffs do not know what is hidden behind the blacked out parts. We only know what has slipped through. Some of the documents that have slipped through show Bayer's intent to hide information by claiming a privilege where one does not exist. This fact should not be hidden from the jury.

As the Court is well aware, "the attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'" *Miccosukke Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1262 (11th Cir. 2008) (quoting *Mead Data Central, Inc. v. U.S. Dept. Of Air Force*,

566 F.2d 242, 252 (D.C. Cir. 1977)). Pursuant to Florida law, "[a] communication between lawyer and client is 'confidential' if it is not intended to be disclosed to third persons." Fla. Stat. § 90.502(1)(c); *accord Cunningham v. Appel*, 831 So.2d 214, 215 (Fla. 5th Dist. Ct. App. 2002). As this Court stated in *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 689 (S.D. Fla. 2009):

> The Florida Supreme Court has held that the standard for asserting the privilege is more stringent for corporations than it is for individuals and, therefore, a corporation seeking to shield a communication between lawyer and client from disclosure bears the burden of proving, among other things, that: 'the communication would not have been made but for the contemplation of legal services; . . . the content of the communication relates to the legal services being rendered;' and 'the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.' *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 699 (S.D. Fla. 2008) (citing *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994)).

The burden of proof rests squarely on the party claiming the attorney-client privilege to show that the primary purpose of the communication in question was for the purpose of obtaining legal advice, not business advice. *Id.* (citing *Carpenter v. Mohawk Indus.*, No. 4:07-CV-0049-HLM, 2007 U.S. Dist. LEXIS 98135 (N.D. Ga. Oct. 1, 2007) ("When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply."); *Hasty v. Lockheed Martin Corp.*, No. Civ. A. 98-1950, 1999 U.S. Dist. LEXIS 12373 (E.D. La. Aug. 6, 1999) ("[T]he business aspects of [a corporate] decision are not protected simply because legal considerations are also involved;" and, "in those cases where the document does not contain sufficient information to indicate whether the material was considered confidential, that material should not be privileged.")).

As this Court further stated in *Preferred Care*:

> "[t]here is general agreement that the protection of the privilege applies only if the primary or predominate purpose of the attorney-client

> consultations is to seek legal advice or assistance." [1 Paul R. Rice, Attorney-Client Privilege in the United States] § 7:5. "There are substantial policy reasons for holding that business documents submitted for attorney review are not by that virtue automatically exempt as privileged or work product protected communications." *Visa USA, Inc. v. First Data Corp.*, 2004 U.S. Dist. LEXIS 17117 (N.D.Cal.2004).
>
> The structure of certain business enterprises, when their legal departments have broad powers, and the manner in which they circulate documents is broad, has consequences that those companies must live with relative to their burden of persuasion when privilege is asserted. *See, e.g., In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 805 (E.D.La. 2007). **When the business "simultaneously sends communications to both lawyers and non-lawyers, it usually cannot claim that the primary purpose of the communication was for legal advice or assistance because the communication served both business and legal purposes."** *Id.* (citing *United States v. Chevron Corp.*, 1996 U.S. Dist. LEXIS 8646 (N.D.Cal.1996)); *United States v. International Business Machines Corp.*, 66 F.R.D. 206, 213 (S.D.N.Y.1974) ("If the document was prepared for purposes of simultaneous review by legal and non-legal personnel, it cannot be said that the primary purpose of the document is to secure legal advice."). Consequently, the privilege does not protect such communications. *In re Vioxx*, 501 F.Supp.2d at 805; Attorney-Client Privilege § 7.2.1 ("Because of the ease with which e-mail technology allows in-house counsel to be brought into discussions, counsel are contacted far more frequently, and through those contacts, are likely encouraged to participate in regular business matters far more frequently and broadly than was the case in the past.").

*Preferred Care Partners*, 258 F.R.D at 689-90 (emphasis added) (quoting *In re Seroquel Prods. Liability Litig*., No. 6:06-md-1769-Orl-22DAB, 2008 U.S. Dist. LEXIS 39467, at *95-97 (M.D. Fla. May 7, 2008)).

Here, Bayer has failed to satisfy its burden of proving that the blacked out portions of numerous emails are protected by the attorney-client privilege because there is no evidence to establish that this communication was offered for the purpose of obtaining legal advice, as opposed to business advice. Examples of Bayer's attempts to hide information are found in numerous emails, including the following:

3

1. An email from Kemal Malik to both legal and non-legal personnel dated March 23, 2006 stating "I have said repeatedly that mails such as this must go out under Attorney-Client Privilege". *See* Exhibit A.

2. An email from Kemal Malik to both legal and non-legal personnel dated October 31, 2006 stating "What is the recommendation in terms of informing authorities about this?" with attachment of St. George Report. *See* Exhibit B.

Bayer will argue the fact that Exhibits A and B slipped through the cracks shows that they did not execute the privilege improperly. This is a misleading position. Instead, these exhibits show an intent to hide information by utilizing the attorney-client privilege where none should exist. The Plaintiffs have no way to verify the appropriateness of any claimed privilege. This Court, in checking a handful of documents, found valid privileges claimed. However, thousands of documents and other pages or phases are hidden based upon a claimed privilege that has not been verified. This is improper and should be proven by Bayer in each instance offered by Plaintiff. If such burden is not met, the redacted information must be disclosed, and Plaintiffs should be able to discuss it.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Bayer Defendants' Motion *in Limine* to exclude all evidence or argument related to assertions of attorney-client privilege.

April 9, 2010                                              Respectfully submitted,


                                      */s/ Joseph A. Osborne*
                                      Joseph Anthony Osborne
                                      BABBITT JOHNSON OSBORNE & LECLAINCHE
                                      1641 Worthington Road
                                      Suite 100
                                      West Palm Beach, FL 33409
                                      561-684-2500
                                      684-6308 (fax)
                                      JAOsborne@Babbitt-Johnson.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                                      */s/ Joseph A. Osborne*
                                      Joseph Anthony Osborne

**SERVICE LIST**

James R. Ronca
Email: jronca@anapolschwartz.com
ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
Plaintiffs' Steering Committee/Co-Lead
Counsel

Scott Love
Email: slove@triallawfirm.com
CLARK, DEAN & BURNETT, G.P.
440 Lousiana, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-757-1219
Plaintiffs' Steering Committee/Co-Lead
Counsel

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
CORY WATSON CROWDER &
DEGARIS
2131 Magnolia Ave.
Birmingham, AL 35205
Telephone: 205-328-2200
Facsimile: 205-324-7896
Plaintiffs' Steering Committee

Neal Moskow
Email: neal@urymoskow.com
URY & MOSKOW, LLC
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
Plaintiff Steering Committee/
Federal-State Liaison

Philip S. Beck
Email: philip.beck@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR
 & SCOTT LLP
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone: 312-494-4400
Facsimile: 312-494-4440
Defendants Co-Lead Counsel and
Attorney for Defendants Bayer Corporation,
Bayer Healthcare Pharmaceuticals, Inc.,
Bayer Healthcare LLC, And
Bayer Schering Pharma AG

Eugene A. Schoon
Email: eschoon@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036
Defendants Co-Lead Counsel and
Attorney for Defendants Bayer Corporation,
Bayer Healthcare Pharmaceuticals, Inc.,
Bayer Healthcare LLC, And
Bayer Schering Pharma AG

Susan Artinian
Email: sartinian@dykema.com
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-568-6800
Facsimile: 313/568-6658
Defendants Co-Lead Counsel and
Attorney for Defendants Bayer Corporation,
Bayer Healthcare Pharmaceuticals, Inc.,
Bayer Healthcare LLC, And
Bayer Schering Pharma AG

Patricia E. Lowry
Email: plowry@ssd.com
Barbara Bolton Litten
Email: blitten@ssd.com
SQUIRE, SANDERS & DEMPSEY, L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
Liaison Counsel for Defendants and
Attorney for Defendants Bayer Corporation,
Bayer Healthcare Pharmaceuticals, Inc.,
Bayer Healthcare LLC, And
Bayer Schering Pharma AG