UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928  THIS DOCUMENT RELATES TO:  *Melissa Morrill v. Bayer Corp. et al.*, Case No. 9:08-cv-80424 | ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATED
TO ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE**

Bayer demonstrated in its motion *in limine* (D.E. 5204) that evidence, testimony, and argument related to assertions of the attorney-client privilege by Bayer or Bayer personnel should be excluded under Fed. R. Evid. 401-403 because it is not relevant to any issue the jury must decide and would be unfairly prejudicial and confusing. Plaintiff fails to address Bayer's arguments and instead improperly attempts to revive privilege challenges that this Court previously determined have no merit. Plaintiff's challenge to the Court's previous ruling is both untimely and unfounded.

Plaintiff's "response" to Bayer's motion is not a response at all, but a thinly-disguised motion to compel (or a collateral attack on the Court's prior privilege rulings), making the baseless accusation that "thousands of documents and other pages . . . are hidden based upon a claimed privilege that has not been verified." Opp. at 4 (D.E. 5372). It is far too late, however, for plaintiff to raise this sort of discovery issue. Plaintiff does not (and cannot) contest that dispute was litigated one year ago. In April 2009, the Plaintiffs Steering Committee filed a motion (D.E. 1009) making the same challenge to Bayer's privilege assertions that plaintiff

Morrill is making now.  After full briefing, a hearing, and an *in camera* review of documents that plaintiffs themselves selected and highlighted in their motion to compel, the Court rejected plaintiffs' challenges.  *See* D.E. 2089.  Significantly, the Court gave plaintiffs the opportunity to challenge more documents, but they never did so.  *Id.*  Given the Court's determination that plaintiffs' claims of misuse of privilege were not supported by the record, and after plaintiffs were given every opportunity to produce evidence to back up their accusations, the matter is settled.  This plaintiff should not be permitted to relitigate privilege challenges that this Court previously determined have no merit.

In any event, plaintiff's response confirms that exclusion is warranted under Rules 401-403.  Plaintiff does not argue that evidence relating to Bayer's privilege assertions is relevant to any issue in this case, and does not respond to Bayer's showing that courts routinely disallow as irrelevant and prejudicial evidence relating to the parties' prior discovery disputes and even discovery violations.  *See* Mot. at 3-4.  Such evidence serves no legitimate purpose and is highly prejudicial because it is designed to suggest to the jury "that [the party], its executives, and its lawyers are bad people." *Empire Gas Corp.* v. *American Bakeries Co.*, 646 F. Supp. 269, 276 (N.D. Ill. 1986); *see also Peery* v. *Serenity Behavioral Health Sys.*, No. 106-172, 2009 WL 1438939, *1 (S.D. Ga. May 15, 2009) (precluding plaintiffs from raising allegations of spoliation of evidence at trial, where only apparent purpose was "to vilify opposing counsel in front of the jury").  Plaintiff's response confirms that this improper purpose is precisely why plaintiff wants to replay this settled discovery dispute in front of the jury.  *See* Opp. at 1 (asserting that "Bayer's intent to hide information by claiming a privilege where one does not exist" is a "fact" that "should not be hidden from the jury"); *id.* at 4 (asserting that plaintiffs "should be able to discuss" Bayer's allegedly "improper" conduct before the jury).  Plaintiff's argument also

demonstrates that the only intent in raising the issue is to inject "unfair prejudice" into the case. Rule 403. Finally, plaintiff fails to refute Bayer's showing (Mot. at 4) that such evidence or argument would confuse the issues by diverting the jury's attention from the merits and would waste time by forcing Bayer to explain to the jury the nature of the attorney-client privilege and the basis for its privilege claims.

## CONCLUSION

Bayer respectfully requests that this Court exclude evidence, testimony, and argument related to assertions of attorney-client privilege.

April 13, 2010                                              Respectfully submitted,

                                                          */s/Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail: plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
 & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL 60603
Telephone: 312-494-4400
Facsimile: 312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
Susan A. Weber
Email: saweber@sidley.com
Craig A. Knot
Email: cknot@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Rebecca K. Wood
Email: rwood@sidley.com
Richard H. Menard, Jr.
Email: rmenard@sidley.com
Amy L. Hanke
Email: ahanke@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer HealthCare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Schering Pharma AG, and Bayer AG*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

# SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
    **& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
    **& LECLAINCHE, P.A.**
1450 Centrepark Blvd., Suite 100
West Palm Beach, FL  33401
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Plaintiffs' Steering Committee/Liaison Counsel*

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Plaintiffs' Steering Committee/*
*Federal-State Liaison*

John D. Goldsmith
Email: jgoldsmith@trenam.com
Amy L. Drushal
Email: adrushal@trenam.com
**TRENAM KEMKER SCHRAF BARKIN**
**FRYE O'NEILL & MULLIS PA**
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone:  813-223-7474
Facsimile:  813-229-6553
*Counsel for Plaintiff Morrill*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*