UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS<br>LIABILITY LITIGATION – MDL-1928 | )<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO: | )<br>)<br>)<br>) |
| *Roberts v. Bayer Corp.*,<br>Case No. 9:08-cv-80401-DMM | )<br>)<br>) |

**DEFENDANT BAYER'S MOTION TO TAX COSTS,
BILL OF COSTS AND SUPPORTING MEMORANDUM OF LAW**

Defendant Bayer Corporation ("Bayer"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 7.3 of the Local Rules for the Southern District of Florida, and as the prevailing party in this action, moves to tax costs against Plaintiff. Costs incurred are set forth in the Bill of Costs, attached hereto as Exhibit A.

**MEMORANDUM OF LAW**

As one of the prevailing parties in this action,[1] Bayer is entitled to the "costs" recoverable under Federal Rule of Civil Procedure 54(d)(1). Moreover, "[t]he disposition of a case on a motion for summary judgment is no impediment to an award of costs." *Desisto v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 912 (M.D. Fla. 1989) (citing *Hudson v. Nabisco Brands,*

---

[1] On March 5, 2010, the Court granted Bayer's motion for summary judgment [D.E. 4672 in 1:08-md-01928-DMM and D.E. 101 in 9:08-cv-80401-DMM], thereby making Bayer a prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure. *See Desisto v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 911 (M.D. Fla. 1989). The Court entered final judgment in favor of Bayer on March 15, 2010, retaining jurisdiction for the purposes of awarding costs and fees [D.E. 4843 in 1:08-md-01928-DMM and D.E. 103 in 9:08-cv-80401-DMM].

*Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985)).  These costs are defined in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
>
> (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)     Fees and disbursements for printing and witnesses;
>
> (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)     Docket fees under section 1923 of this title;
>
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  *See* 28 U.S.C. § 1920.

Bayer has properly submitted its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), thereby creating a presumption that such costs are taxable.  *See* Exhibit A.  The standard for determining whether a party may recover costs is whether the incurred costs were necessarily obtained for use in the case, and the Court must determine whether the incurred costs were "reasonable at the time they were taken."  *United States Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) ("use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file. . . . Rather like with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."); *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1990) (costs recoverable for

depositions not used at trial), *adopted by* 756 F. Supp. 1540 (S.D. Fla. 1991), *aff'd*, 961 F.2d 174 (11th Cir. 1992). If an objection is raised by Plaintiff, this Court has discretion to determine which objections, if any, have merit, and which expenses are available. *Cochran v. E.I. DuPont*, 933 F.2d 1533, 1540 (11th Cir. 1991) (Rule 54(d) costs shall be allowed as a matter of course to the prevailing party); *see also* 28 U.S.C. §§ 1821 and 1920.

   A. **Fees of the Clerk and Marshal.**

28 U.S.C. § 1920(1) provides that a prevailing party can recover "[f]ees of the clerk and marshal." This section permits the court to tax as costs the expenses incurred by a prevailing party for all service of process by the U.S. Marshal. Since the enactment of § 1920(1), however, the method for serving civil summonses and subpoenas has been changed. The U.S. Marshal is no longer used in most cases; rather, a party normally employs a private process server to serve its summonses and subpoenas. *See* Fed. R. Civ. P. 4(c), 45(b). As a result, courts will now allow the recovery of costs incurred by prevailing parties for the use of private process servers in serving civil summonses and subpoenas necessary for the proper presentation of the case. *See W&O, Inc.*, 213 F.3d at 624 (private process server fees may be taxed pursuant to §§ 28 U.S.C. 1920(1) and 28 U.S.C. 1921); *Tang How*, 756 F. Supp. at 1545 (process servers' fees properly taxed as costs pursuant to § 1920(1)). In a product liability action like this involving a prescription medication, it was necessary for Bayer to use private process servers to serve subpoenas duces tecum for the collection of Plaintiff's medical and employment records. The fees of the clerk and marshals, including private process servers, that Bayer is entitled to recover as the prevailing party pursuant to § 1920(1) are reflected in the itemized schedule attached to the Bill of Costs and total $535.00.

### B. Fees of the Court Reporter for All or Any Part of the Stenographic Transcript Necessarily Obtained for Use in the Case.

Pursuant to 28 U.S.C. § 1920(2), Bayer is entitled to recover costs for deposition transcripts necessarily obtained for use in this case. Costs of depositions are recoverable when the deposition is reasonably necessary at the time of its taking. *United States v. Kolestar*, 313 F.2d 835, 840 (5th Cir. 1963) (costs associated with the taking of the depositions are recoverable as long as the depositions were necessarily obtained for use in the case); *Tang How*, 756 F. Supp. at 1545; *Desisto*, 718 F. Supp. at 911 (costs awarded to defendants who prevailed on summary judgment for depositions taken to pursue their legal theories and to pursue discovery on plaintiff's allegations). Bayer took the depositions of six witnesses in this action, including the depositions of Plaintiff, Plaintiff's husband, three of Plaintiff's key treating medical providers and Plaintiff's expert. Accordingly, Bayer is entitled to recover the transcript costs set forth in the itemized schedule attached to the Bill of Costs totaling $8,064.10.[2]

### C. Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case.

Pursuant to 28 U.S.C. § 1920(4), Bayer is also entitled to recover costs for copies of all papers "necessarily obtained for use in the case." Section 1920(4) does not exclude any categories of documents from its scope, and has been interpreted to include copying charges attributable to discovery, pleadings, motions, memoranda, depositions, exhibits, medical records and all other necessary papers. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411, 414 (S.D. Fla. 1986); *Simmons v. O' Malley*, 235 F. Supp. 2d 442, 443 (D. Md. 2002) (cost of copying plaintiff's medical records recoverable). As set forth in the Bill of Costs, the copying costs only include costs for copying

---

[2] Bayer did not include the court reporters' charges for ASCII disks and "realtime" reporting in its Bill of Costs.

(i) discovery requests, discovery responses, and notices served on counsel but not filed with the court; and (ii) copies of medical records and non-medical records pertaining to Plaintiff necessarily obtained for use in this case. Accordingly, Bayer is entitled to recover the copying costs set forth in the itemized schedule attached to the Bill of Costs totaling $5,384.92.

### D. Witness Fees.

As the prevailing party Bayer is also entitled to recoup witness fees at the statutory rate. *Andrews v. Suzuki Motor Co., LTD.*, 161 F.R.D. 383, 385 (S.D. Ind. 1995). Under 28 U.S.C. § 1920(3), the Court may tax "fees and disbursements for printing and witnesses." Witness expenses are generally limited by the provisions of 28 U.S.C. § 1821(b), which sets the taxable witness fees amount at $40.00 per day. The costs recoverable by Bayer pursuant to this section are reflected in the itemized schedule attached to the Bill of Costs and total $200.00.

### VERIFICATION AND LOCAL RULE 7.1.A.3. CERTIFICATION

Undersigned counsel for Bayer hereby certifies she has fully reviewed the data supporting this request for taxation of costs and that this Motion is well grounded in fact and is justified. Undersigned counsel for Bayer also declares under penalty of perjury that the statements of fact contained herein are true and correct to the best of her knowledge and belief.

Counsel for Bayer further certifies that Bayer made a good faith effort to confer with Plaintiff to resolve the issues raised in this Motion. Plaintiff's counsel has advise that Plaintiff intends to oppose this Motion.

**CONCLUSION**

For the reasons set forth above, Bayer respectfully request the entry of an order taxing costs in the amount of $14,184.02 against Plaintiff in this action.

April **14**, 2010                              Respectfully submitted,

                              */s/  Barbara Bolton Litten*
                              Patricia E. Lowry (Florida Bar No. 332569)
                              plowry@ssd.com
                              Barbara Bolton Litten (Florida Bar No. 91642)
                              blitten@ssd.com
                              **SQUIRE, SANDERS & DEMPSEY L.L.P.**
                              1900 Phillips Point West
                              777 South Flagler Drive
                              West Palm Beach, FL 33401-6198
                              Telephone:  561-650-7120
                              Facsimile:   561-655-1509

                              *Attorneys for Defendant Bayer Corporation*


**CERTIFICATE OF SERVICE**

I certify that on April **14**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              */s/  Barbara Bolton Litten*
                              Barbara Bolton Litten

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:08-CV-80401-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-735-1130
Facsimile: 215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Scott A. Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-759-1400
Facsimile: 713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Plaintiffs' Steering Committee/Liaison Counsel*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Plaintiffs' Steering Committee/ Federal-State Liaison*

Jeffrey J. Lowe
Email: jeff@jefflowepc.com
**LOWE LAW FIRM**
8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: 314-678-3400
Facsimile: 314-678-3401
*Counsel for Plaintiff*

Mitchell Lee Lundeen
Email: mitchelllundeen@georgehartz.com
**GEORGE HARTZ LUNDEEN FLAGG & FULMER**
4800 Le Jeune Road
Coral Gables, FL 33146
Telephone: 305-662-4800
Facsimile: 305-667-8015
*Counsel for Plaintiff*

John J. Carey
Email: jcarey@careydanis.com
Joseph P. Danis
Email: jdanis@careydanis.com
**CAREY & DANIS LLC**
8235 Forsyth Blvd. Suite 1100
St. Louis, MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905
*Counsel for Plaintiff*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
*Defendants' Liaison Counsel and Attorneys for Defendant Bayer Corporation*

WESTPALMBEACH/567645.1