**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:  **CLASS CASES**

*Southeast Laborers Health & Welfare Fund
v. Bayer Corp.*
Case No.  9:08-cv-80873-DMM
_____/

**BAYER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**

Despite promising that "[t]he Third Amended Complaint sets forth detailed allegations … giving rise to valid claims for breach of express and implied warranties[,]" plaintiff's Opposition does not (and cannot) cite to any allegations that satisfy the required elements of those claims.  *See* Opp. at 2 [D.E. 5586 in 1:08-md-01928; D.E. 75 in 9:08-cv-80873].  As this Court previously determined, plaintiff's breach of express and implied warranty claims lack allegations that there was a cognizable warranty, that Trasylol was unfit for its intended use in preventing perioperative bleeding, or that Trasylol caused plaintiff's plan members any injury.  Nor has plaintiff offered any allegations demonstrating that it is a "buyer" in a "sale."  For those reasons, the Court should now dismiss the Third Amended Complaint without leave to amend.

### I. PLAINTIFF HAS NOT ADEQUATELY PLED BREACH OF EXPRESS WARRANTY CLAIMS.

Plaintiff asserts that it has adequately stated a claim for breach of express warranty because of its allegations that Bayer made an express warranty. Plaintiff is wrong for two reasons.

As an initial matter, plaintiff offers no response to Bayer's demonstration, in the Motion to Dismiss, that the Third Amended Complaint fails to establish the required element of proximate cause. *See* Motion to Dismiss [D.E. 5288 in 1:08-md-1928; D.E. 74 in 9:08-cv-80873] at 10-11; Opp. at 7-8. By failing to address how the Third Amended Complaint adequately alleges this element, plaintiff concedes that the breach of express warranty claim fails for lack of proximate cause. *See* Order Granting Bayer's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint [D.E. 4209 in 1:08-cv-1928; D.E. 71 in 9:08-cv-80873] ("Feb. 11 Order") at 18, n.10; *see Lara-Arcinega v. Crown Equip. Corp.*, No. 06-0020, 2008 WL 2783341, at *8 (D.N.J. July 15, 2008) (holding that a plaintiff can only recover for an injury "proximately resulting" from the breach of express warranty).

Second, plaintiff asserts that its breach of express warranty claim is sufficient because Bayer expressly warranted that Trasylol "was efficacious, safe, cost-effective, and superior to its competitors." Opp. at 7-8. However, these are the precise allegations that this Court found insufficient to create a warranty in its Order dismissing plaintiff's second amended complaint. *See* Feb. 11 Order at 18-19 (finding allegations that Bayer warranted "that Trasylol had low safety risk relative to efficacy and high cost efficiency, and that scientific data supported its assertion, when in fact none of those affirmations were true" did not create an express warranty where plaintiff failed to alleged that such statements were made directly to plaintiff or

became the "basis of the bargain").  Plaintiff's Opposition points to no allegations that identify a single communication between plaintiff and Bayer, or that assert that plaintiff was aware of the terms of any alleged warranty made by Bayer to anyone.  Therefore, as before, plaintiff has failed to allege a cognizable warranty.  *See id.*; *Cipollone v. Liggett Group, Inc.*, 893 F.2d 541, 567 (3d Cir. 1990) (requiring plaintiff to have "read, heard, saw or knew of the advertisement containing the affirmation of fact or promise" to create an express warranty), *aff'd in part, rev'd in part on other grounds*, 505 U.S. 504 (1992).

Accordingly, as before, plaintiff's breach of express warranty claim fails as a matter of law for lack of a cognizable warranty and proximate causation.

## II.   PLAINTIFF HAS NOT ADEQUATELY PLED BREACH OF IMPLIED WARRANTY CLAIMS.

Plaintiff also asserts that it has adequately alleged a claim for breach of implied warranty, including that Trasylol was not fit for its intended purpose, that it alleged proximate cause, and that it need not have been a "buyer" in a "sale" in order to assert a breach of implied warranty claim.  Plaintiff is wrong on all three points.

Plaintiff first asserts that its allegations that Trasylol "was never fit for its intended medical use: preventing perioperative bleeding in a reliably safe and effective manner" establish a viable breach of implied warranty claim.  Opp. at 3.  Plaintiff ignores, however, that it never alleged that Trasylol failed in preventing perioperative bleeding or that it caused any injury to plaintiff's plan participants.  *See In re Bextra and Celebrex Mktg., Sales Practices and Prod. Liab. Litig.*, MDL No. 05-1699, 2007 WL 2028408, at *7 (N.D. Cal. July 10, 2007) (requiring that plaintiff allege the "manifestation of the defect"); *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 460 (D.N.J. 1998) (stating that in most jurisdictions, including New Jersey, a breach of implied

3

warranty claim is not actionable "unless a product actually manifests the alleged defect"). Without allegations that Trasylol did not prevent perioperative bleeding in, or caused injury to, plaintiff's plan participants, plaintiff again has not properly alleged that Trasylol was unfit for its intended purpose. *See* Feb. 11 Order at 20 (dismissing plaintiff's breach of implied warranty claim because plaintiff "has not alleged that Trasylol was not fit for its intended use in preventing perioperative bleeding").

Perhaps because of this, plaintiff contends that "injur[ies] [to] any of its plan participants [are] irrelevant" because its warranty claims sound in contract, and "allegation[s] of physical injury [are] only required in the tort context." Opp. at 4-5. Plaintiff ignores that the essence of its breach of implied warranty claim – that Trasylol is defective because it did not "prevent[] perioperative bleeding in a reliably safe and effective manner" (Opp. at 3) – sounds in tort. *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 320 (5th Cir. 2002) (the plaintiffs' claim that the defendant "violated the implied warranty of merchantability by selling a defective drug" is an "attempt to recast their product liability claim in the language of contract law"). But regardless whether plaintiff's claim sounds in contract or tort, plaintiff must allege the "manifestation of the defect" in order to assert a breach of implied warranty claim involving a pharmaceutical product. *See Bextra*, 2007 WL 2028408, at *7 (requiring that the plaintiffs allege a "manifestation of a defect" to properly assert a breach of implied warranty claim). Here, plaintiff asserts that Trasylol is defective because it did not "prevent[] perioperative bleeding in a reliably safe and effective manner" (Opp. at 3), but fails to allege that Trasylol caused any injury to, or failed to work for, its plan participants. Without such allegations, plaintiff has not alleged "the manifestation of the defect," and thus has not stated a claim for breach of implied warranty

claim. *See Bextra*, 2007 WL 2028408, at *8 (dismissing the plaintiff's breach of implied warranty claim "because it does not include any allegation that any of the plaintiffs suffered cardiovascular or gastrointestinal problems from taking" the product); *see also Rivera*, 283 F.3d at 320-321 (rejecting allegations of product liability wrongs, i.e., "failure to warn and sale of a defective product," as the basis for a breach of implied warranty claim).

Second, plaintiff contends that Bayer's proximate causation argument is "atypical" and "lacks merit" as applied to the facts. Opp. at 3. Other than that, plaintiff makes no showing that it sufficiently alleged proximate cause in conjunction with its breach of implied warranty claim. Plaintiff never shows that the theory of proximate cause presented in the Third Amended Complaint is any different than the inadequate and insufficient theories proffered in the First or Second Amended Complaints, or that proximate cause exists in the allegations at all. Without allegations establishing proximate causation, plaintiff's breach of implied warranty claim fails as a matter of law. *See* Feb. 11 Order at 20 (dismissing plaintiff's breach of implied warranty claim for lack of proximate cause); *Hollinger v. Shoppers Paradise of N.J., Inc.*, 340 A.2d 687, 692 (N.J. Super. Ct. 1975) (holding that product's defect must "proximately cause[] injury to the ultimate consumer" to maintain breach of implied warranty claim).

Finally, plaintiff asserts that it need not allege that it is a "buyer" in a "sale" because "there is no statutory or common law requirement that the plaintiff in a breach of implied warranty [claim] have any specific status, as a consumer, buyer or otherwise." Opp. at 5 (citing N.J. Stat. Ann. § 12A:2-314).[1] Plaintiff's argument overlooks the relevant statutory

---

[1] Plaintiff offers no opposition to Bayer's argument that plaintiff must be a "buyer" in a "sale" to assert a breach of express warranty claim, *see* Motion at 11, and thus concedes it.

definitions.[2]  Section 12A:2-314 of the New Jersey Statutes states that a warranty of merchantability "is implied in a contract for the[] sale[]" of goods.  N.J. Stat. Ann. § 12A:2-314; *accord* Tenn. Code Ann. § 47-2-314 (same).  The New Jersey Statutes define "sale" (as used in section 12A:2-314) as a "passing of title from the seller to the buyer for a price."  N.J. Stat. Ann. § 12A:2-106; *accord* Tenn. Code Ann. § 47-2-106 (same).  Thus, plaintiff must be a "buyer" in a "sale" to properly assert a breach of implied warranty claim, which plaintiff has conceded that it is not here, as it does not buy, or contract to buy, Trasylol, but rather reimburses others for their purchases.  *See* Third Amended Class Action Complaint [D.E. 4818 in 1:08-md-1928; D.E. 72 in 9:08-cv-80873] ¶ 29 ("The Fund reimburses for 'Covered Medical Expenses' incurred by its participants in the course of their health care"); *see U.S. v. Serafini*, 233 F.3d 758, 767 n.11 (3d Cir. 2000) (reimbursement is defined by the "delivery of money to a person to pay back that person for money that the person expended"); *cf. Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386, 397 (M.D. Pa. 2004) (dismissing warranty claims because defendant was not a "seller" under materially identical UCC provision).  Moreover, plaintiff has not alleged that it takes title to the Trasylol, as required by N.J. Stat. Ann. § 12A:2-106 and Tenn. Code Ann. § 47-2-106 for a sale to be completed.

        Therefore, plaintiff's breach of implied warranty claims must be dismissed.

---

[2] Plaintiff argues at great length that it need not be in vertical privity with Bayer to assert a breach of implied warranty claim.  Opp. at 6 (citing *Cintrone v. Hertz Truck Leasing*, 212 A.2d 769, 775 (N.J. Sup. Ct. 1965)).  However, Bayer has never claimed that plaintiff must be in privity to assert its breach of warranty claim under New Jersey law.  *See* Motion at 11-12.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's Third Amended Complaint with prejudice.

DATED: May 7, 2010                                          Respectfully submitted,

                                                          /s/ *Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: Blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

Eugene A. Schoon
Email: eschoon@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036

*Attorneys for Defendants*

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's Third Amended Complaint with prejudice.

DATED:  May 7, 2010                                          Respectfully submitted,

 /s/ *Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569
Email:  plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email:  Blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

Eugene A. Schoon
Email:  eschoon@sidley.com
Catherine Valerio Barrad
Email: cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May **7**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pre se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

                                                */s/ Barbara Bolton Litten*
                                                Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

James G. Stranch III, Esq.
Email: jgs@branstetterlaw.com
J. Gerard Stranch, IV, Esq.
Email: gstranch@branstetterlaw.com
Joe P. Leniski, Esq.
Email: jleniski@branstetter.com
Randall C. Ferguson, Esq.
Email: rcf@branstetter.com
**BRANSTETTER STRANCH AND JENNINGS, PLLC**
227 Second Ave., North, 4th Floor
Nashville, TN  37201
Telephone:  615-254-8801
Facsimile: 615-250-3937
*Attorneys for Plaintiff*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Joe R. Whatley, Jr.
Email:  jwhatley@wdklaw.com
Edith M. Kallas, Esq.
Email: ekallas@wdklaw.com
Tucker Brown, Esq.
Email:  tbrown@wdklaw.com
**WHATLEY DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY  10036
Telephone: (212) 447-7011
Facsimile: (212) 447-7077
*Attorneys for Plaintiff*

Steven J. Kherkher, Esq.
Email: skherkher@williamskherkher.com
John T. Boundas, Esq.
Email: jboundas@williamskherkher.com
G. Erick Rosemond, Esq.
Email: erosemond@williamskherkher.com
E. Armistead (Armi) Easterby
Email: aeasterby@williamskherkher.com
**WILLIAMS KHERKHER HART BOUNDAS, LLC**
8441 Gulf Freeway, Suite 600
Houston, TX  77017
Telephone:  713-230-2308
Facsimile:  713-643-6226
*Attorneys for Plaintiff*

William Charles Wright, Esq.
Email: willwright@wrightlawoffice.com
**WILLIAMS C. WRIGHT, P.A.**
319 Clematis Street, Suite 109
West Palm Beach, FL  33401
Telephone:  561-514-0904
Facsimile:   561-514-0905
*Attorneys for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*