UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*LUPE DE LEON, et al. v. BAYER CORPORATION, et al.*,
No. 9:08-cv-80395-DMM
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION OF DOUGLAS R. ZUSMAN, M.D.**

PLEASE TAKE NOTICE that Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Schering Pharma AG (collectively, "Bayer") hereby move, under Federal Rule of Civil Procedure 26(c), for a protective order staying the deposition of Douglas R. Zusman, M.D. (Bayer's case-specific expert in this matter) pending this Court's ruling on Defendants' Motion to Bar and Strike Plaintiff's "Rebuttal" Expert Report of Jon-Cecil Walkes, M.D. (D.E. 5522 in 1:08-md-1928; D.E. 89 in 9:08-cv-80395) ("Motion to Bar and Strike"), and for an order quashing the Zusman deposition notice.

As detailed in Bayer's Motion to Bar and Strike, filed on April 22, 2010, plaintiffs Lupe DeLeon and Anna Macias DeLeon served a "rebuttal" report for a brand-new expert (Dr. Jon-Cecil Walkes) on April 14, 2010, two months after the deadline for case-specific expert reports. Plaintiffs' service of the so-called rebuttal report, nearly 60 days late, was entirely improper — Pre-Trial Order 16 ("PTO 16") (D.E. 2693 in 1:08-md-1928) does not allow rebuttal reports, and in any event Dr. Walkes' report is not a proper rebuttal report. Bayer moved to strike Dr. Walkes' report and bar his testimony on these grounds.

Bayer respectfully requests that its own case-specific expert not be deposed until the Court rules on Bayer's Motion to Bar and Strike plaintiffs' improper and untimely "rebuttal" report. This relief is necessary in order to preserve the sequencing of expert discovery contemplated by this Court's CMOs in this MDL.

## BACKGROUND

Plaintiffs filed this lawsuit nearly three years ago, on May 17, 2007. They allege that Mr. DeLeon underwent open heart surgery at Kaiser Permanente in San Francisco on May 18, 2005, during which he was allegedly administered Trasylol. *See* Plaintiff Fact Sheet (Ex. A) at 11. As a result of Bayer's alleged conduct and the administration of Trasylol, plaintiffs assert that Mr. DeLeon suffered a "perioperative heart attack," *see* Addendum to Plaintiff's Fact Sheet (Ex. B) at 1-2, and "injury to his cardiovascular and renal systems, as well as other injuries presently undiagnosed," s*ee* First Amended Complaint (Ex. C) ¶ 15.

The *DeLeon* case was designated as a "Group 1" case under PTO 16. Pursuant to that PTO, plaintiffs were required to designate case-specific experts and serve their reports on February 15, 2010. Bayer was required to designate case-specific experts and serve their reports on March 15, 2010. No CMO provides for the designation of rebuttal experts.

Plaintiffs served their case-specific experts disclosure on February 12, 2010. *See* Plaintiffs' First Disclosure of Case-Specific Expert Witnesses (Ex. D). They designated two case-specific experts: Terry Krekorian, M.D. (a cardiac anesthesiologist) and Phillip H. Allman, Ph.D. (an economist). *Id.* Dr. Krekorian was designated to "give opinions regarding Lupe DeLeon's medical condition before and after coronary artery bypass graft surgery, the nature of his injuries and the cause of his injuries, as more specifically stated in his report and as will be

stated in his deposition." *Id.* In response, Bayer timely served plaintiffs' counsel with a case-specific expert report for Douglas R. Zusman, M.D. (a cardiac surgeon) on March 15, 2010.

On April 14, 2010, two months after plaintiffs' expert reports were due and without leave of court, explanation, or justification, plaintiffs served a "Rebuttal Report" from a cardiac surgeon, Dr. Jon-Cecil Walkes. Dr. Walkes opined on cardiac-related issues, both as to causation and injuries – topics that overlap entirely with those covered in Dr. Krekorian's expert report. Due to the untimely service of this additional case-specific expert report, Bayer moved to strike the report and to bar Dr. Walkes from testifying in this case. *See* Bayer's Motion to Bar and Strike.

On April 21, 2010 – the day before Bayer filed its Motion to Bar and Strike plaintiffs' untimely expert disclosure – plaintiffs served a notice for Dr. Zusman's deposition for May 24, 2010. *See* Plaintiff's Notice of Taking Deposition *Duces Tecum* of Douglas R. Zusman (Ex. E). Plaintiffs did so even after Bayer advised plaintiffs' counsel that it would not present Dr. Zusman for deposition on May 24, 2010, unless plaintiffs withdrew Dr. Walkes' report, or until the Court ruled on Bayer's Motion to Bar and Strike.

## ARGUMENT

PTO 16 governs all factual and expert-related discovery for non-trial pool cases filed before September 9, 2009. PTO 16 provides for a specifically sequenced and efficient progression of expert discovery – plaintiffs are required to disclose their case-specific experts and present those experts for deposition before defendants are required to serve their own expert reports and present their experts for deposition. This progression is intended to afford defendants the opportunity to respond to *all* of plaintiffs' case-specific expert opinions through defense expert reports and depositions. PTO 16 does not contain a provision permitting

3

plaintiffs to serve rebuttal reports — whether true rebuttal reports or, as here, late primary expert reports submitted under the guise of "rebuttal" opinions.

Plaintiffs' submission of a "rebuttal" report for Dr. Walkes on issues where the burden of proof is on plaintiffs, and that were apparent from the outset of this case, undermines PTO 16. Bayer opposes plaintiffs' service of Dr. Walkes' report and believes that its Motion to Bar and Strike should be granted. Under the scheme plaintiffs are attempting to employ, plaintiffs, who have the burden of proof, can sandbag defendants with a weak report from an unqualified or minimally qualified witness, wait to see what defendants will provide in their reports, and then benefit from nearly two extra months to correct deficiencies in their case-in-chief by filing their actual case-specific expert report.

If this Court allows Dr. Walkes' report to stand at all — which Bayer opposes — then the sequence of expert discovery prescribed by the operative CMOs in this case should be preserved as much as possible by requiring Dr. Walkes to be deposed before Bayer's case-specific expert is deposed.[1] Otherwise, Bayer's expert will not be in a position to consider and respond to whatever information is disclosed by Dr. Walkes at his deposition.[2]

Accordingly, Bayer requests a protective order staying the deposition of its case-specific expert until this Court has ruled on Bayer's Motion to Bar and Strike, and an order quashing the deposition notice for Dr. Zusman. Fed. R. Civ. P. 26(c)(1).

---

[1] Plaintiffs' counsel offered to make Dr. Walkes available for deposition in advance of Dr. Zusman's deposition. This is an empty gesture unless plaintiffs also agree to withdraw their deposition notice until after the Court has ruled on Bayer's Motion to Bar and Strike.

[2] By making this motion, Bayer does not intend to suggest that the prejudice that would result from allowing plaintiffs to submit a "rebuttal" report can be remedied simply by allowing Bayer to depose Dr. Walkes before plaintiffs depose Dr. Zusman. Permitting the ploy that plaintiffs are attempting here could open the door to heretofore unauthorized "rebuttal" reports in hundreds of cases in this MDL, which would entirely unravel the expert discovery schedule now in place. And, as explained above and in Bayer's Motion to Bar and Strike, it could set a precedent that encourages plaintiffs across this litigation to do what plaintiffs are seeking to do here: Submit a "trial balloon" report, see if it stands up to the scrutiny of others, and then present a different expert to clean up the deficiencies of the first expert. Plaintiffs should not be permitted to game the system in this manner.

## CONCLUSION

For the foregoing reasons, Bayer respectfully requests a protective order staying the deposition of case-specific defense expert Dr. Zusman pending this Court's ruling on Defendants' Motion to Bar and Strike Plaintiff's "Rebuttal" Expert Report of Jon-Cecil Walkes, M.D., and an order quashing the deposition notice of Dr. Douglas R. Zusman.

## RULE 7.1(A)(3) CERTIFICATION

Counsel for Bayer certifies that on May 6, 2010, Bayer made a good faith effort to confer with plaintiffs to resolve the issues raised in this Motion, but has not reached agreement with plaintiffs' counsel.

Dated:  May **7**, 2010

Respectfully submitted,

*/s/  Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7120
Facsimile:   561-655-1509

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  312-853-7279
Facsimile:   312-853-7036

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I certify that on May **7**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        */s/ Barbara Bolton Litten*
                                                        Barbara Bolton Litten

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:08-cv-80395-DMM

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Khaldoun A. Baghdadi
Email: kbaghdadi@walkuplawoffice.com
Emily C. Wecht
Email: ewecht@walkuplawoffice.com
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
650 California Street, Floor 26
San Francisco, CA 94108
Telephone:  415-981-7210
Facsimile:  415-391-6965
*Counsel for Plaintiffs Lupe De Leon and Anna Macias De Leon*

WESTPALMBEACH/568700.1