UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| **ALL CASES** | ) ) ) |

**DEFENDANTS' RESPONSE TO ORDER FOR BRIEFING**

Defendants submit this Response to the Court's May 3, 2010 Order for Briefing (D.E. 5693) regarding arguments in Bayer's motion *in limine* extending its *Buckman*-based arguments to all cases (D.E. 5603). *See Buckman Co.* v. *Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001). In that order, the Court sought clarity on the following statement: "'Plaintiffs should be precluded . . . from suggesting that Defendants' actions violate the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., which categorically forecloses private rights of action and makes the alleged violation of the FDCA enforceable only by the federal government, 21 U.S.C. § 337(a).'" D.E. 5693 at 1-2 (quoting D.E. 5603 at 1).

**ARGUMENT**

While the briefing and argument on *Buckman*- and FDCA-related issues have been mainly focused on the "fraud-on-the-FDA" aspects of alleged FDCA violations, Bayer always has maintained that plaintiffs cannot prevail as a matter of state law by showing that Bayer allegedly violated federal law, and thus this Court should exclude evidence and argument directed at showing purported FDCA violations. For instance, Bayer's original motion stated: "The FDCA authorizes FDA alone to enforce compliance with its disclosure and other

provisions. *See* 21 U.S.C. § 337(a) ('all . . . proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States')." D.E. 3994 at 3. Moreover, that motion explained:

> Numerous courts have held that plaintiffs may not evade § 337 and *Buckman* by claiming that *a violation of the FDCA* gives rise to their asserted state-law causes of action. *See*, *e.g.*, *Riley* v. *Cordis Corp.*, 625 F. Supp. 2d 769, 776-77 (D. Minn. 2009) ("A private litigant cannot sue a defendant for violating the FDCA. Similarly, a private litigant *cannot bring a state-law claim against a defendant when the state-law claim is in substance (even if not in form) a claim for violating the FDCA . . . .*") . . . .

*Id.* at 7 (emphasis added); *see also id.* at 7-8 n.6 (collecting authority applying *Buckman* and § 337(a) to reject plaintiffs' attempts to enforce the FDCA "'under the guise of state law claims'" or to use purported FDCA violations to establish state-law negligence *per se* claims).

During briefing and oral argument on the motion, plaintiffs' intent to use FDCA-related evidence and argument at trial became increasingly clear. During the February 26, 2010 hearing before this Court, plaintiffs contended that Bayer's alleged violation of *federal* duties imposed by the FDCA and arising from the Code of Federal Regulations and the Federal Register establishes plaintiffs' *state law* claims:

> Our case is that [Bayer] failed to do all three of those things [*i.e.*, (1) craft a label that complied with 21 C.F.R. § 201.80(e); (2) revise that label in a timely manner in accord with the same FDCA regulation; and (3) conduct post-marketing surveillance sufficient to satisfy 21 C.F.R. § 314.80(b) and 73 Fed. Reg. 49605]. So it's part of the case. That was the duty. They breached the duty. Our client suffered damage as a result. That's the wrongful conduct, Judge.

Feb. 26, 2010 Hr'g Tr. at 69 (Ex. A); *see also id.* at 66 ("[T]he existence of the CFR establishes that duty. And then we show that they failed to comply with that as a breach. That's part of what we need to show this jury.").

Plaintiffs intend to argue to the jury that Bayer violated federal law and those purported violations establish liability under state law. *See* D.E. 4680 at 6 n.3; D.E. 5605 at 8

2

n.5.  This is impermissible under *Buckman*.  Contrary to what plaintiffs attempt to do here, *Buckman* held that plaintiffs cannot rely on "federal enactments [a]s a critical element in their case."  531 U.S. at 353; *accord Riley*, 625 F. Supp. 2d at 777 ("[T]he conduct on which the claim is premised must be the type of conduct that would traditionally give rise to liability under state law—and that would give rise to liability under state law even if the FDCA had never been enacted.  If the defendant's conduct is not of this type, then the plaintiff is effectively suing for a violation of the FDCA (no matter how the plaintiff labels the claim), and the plaintiff's claim is thus impliedly preempted under *Buckman*.").  *Buckman* confirms what 21 U.S.C. § 337(a) makes plain:  "The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance [with the FDCA]."  531 U.S. at 349 & n.4 (citing 21 U.S.C. § 337(a)); *accord* D.E. 5763 at 28.[1]

>    Just as "*Buckman* is . . . implicated where a plaintiff seeks to use a violation of an FDA reporting requirement as proof of negligence," D.E. 5763 at 20, it also applies where plaintiffs attempt to use *other* alleged FDCA violations as proof of their state law claims.  *Cf. id.* at 15 (distinguishing between FDCA-based claims and "traditional state-law claims for failure to warn").  As this Court recognized, even prior to *Buckman*, the federal courts were dubious that a plaintiff could pursue "a negligence per se theory based upon an alleged FDCA violation" without triggering preemption.  *Id.* at 20 (discussing *In re Bendectin Litig.*, 857 F.2d 290, 312-14 (6th Cir. 1988)).  Moreover, in addition to these statements and the authorities Bayer previously cited that apply *Buckman* and/or § 337(a) to prohibit plaintiffs from privately enforcing the

---

[1] *See also* D.E. 4680 at 6 n.3 (explaining how these efforts by plaintiffs to establish their state-law claims solely on the basis of alleged violations of the FDCA contravenes *Buckman* and § 337(a)); *id.* at 5 ("Evidence Of . . . Purported Non-Compliance With The FDCA Should Be Excluded As Irrelevant And Unduly Prejudicial."); D.E. 5605 at 8 n.5, 11 n.6 (making similar showing); D.E. 4680 at 5-8 & nn.3, 5 (same); *id.* at 11.

3

FDCA, *see supra* at 2, 3 n.1 (citing prior briefing), a number of recent cases reinforce these principles.

For instance, several weeks ago, the Ninth Circuit unanimously held that *Buckman* and § 337(a) not only foreclose attempts to enforce the FDCA through state-law, but likewise bar efforts to use other federal rights of action for that purpose. *PhotoMedex, Inc.* v. *Irwin*, __ F.3d __, 2010 WL 1462377, *3-9 (9th Cir. Apr. 14, 2010). In holding that *Buckman* and § 337(a) precluded plaintiffs' Lanham Act claims, the court concluded that "[b]ecause the FDCA forbids private rights of action under that statute, a private action . . . may not be pursued when, as here, the claim would *require litigation of the alleged underlying FDCA violation in a circumstance where the FDA has not itself concluded that there was such a violation*." *Id.* at *3 (emphasis added). It recognized that to permit such private rights of action to proceed "would intrude on the exclusive government enforcement authority established under the FDCA." *Id.* at *4. The court therefore held that "[plaintiff] is not permitted to circumvent the FDA's exclusive enforcement authority by seeking to prove that Defendants violated the FDCA, when the FDA did not reach that conclusion." *Id.* at *7. In doing so, the Ninth Circuit affirmed that where claims of FDCA violations are at issue "the appropriate forum . . . is the responsible regulatory agency. Permitting [plaintiff] to bypass the FDA and instead bring suit would require the court to make a decision the FDA chose not to make." *Id.* at *8. Several district courts recently have issued similar rulings.[2]

---

[2] *See, e.g., Lewkut* v. *Stryker Corp.*, __ F. Supp. 2d __, 2010 WL 1544275, *8 (S.D. Tex. Apr. 16, 2010) (holding that "private enforcement of *FDCA regulations* via state common law would interfere with this regulatory scheme") (emphasis added) (citing, *inter alia*, *Buckman*, 531 U.S. at 350); *see also id.* at *9 ("[E]ven to the extent that [plaintiffs' allegations] present parallel state claims . . . [they] are nonetheless preempted by the federal statute that explicitly precludes private enforcement of federal laws regarding 'adulterated' devices.") (citing 21 U.S.C. § 337); *Cent. Reg'l Employees Benefit Fund* v. *Cephalon, Inc.*, No. 09-3418(MLC), 2010 WL 1257790,

Here, because plaintiffs have no right to enforce violations of the FDCA, any evidence or argument that Bayer allegedly violated the FDCA, where FDA has not reached that determination, would be irrelevant. *See* Fed. R. Evid. 401-02; D.E. 5763 at 25 ("*Buckman* informs the relevance analysis"); *see also Garcia* v. *Wyeth-Ayerst Labs.*, 385 F.3d 961, 966 (6th Cir. 2004) (suggesting that claims may proceed where FDA itself has found an FDCA violation). For example, although state law and the FDCA may both prohibit misleading warnings, a warning that is deemed sufficient for purposes of state law may nonetheless violate provisions of the FDCA—whether because under the particular state's law duties to warn attach only where a causal relationship between an agent and an adverse effect exist, or because federal law imposes unique disclosure requirements, etc. *See generally* April 1, 2010 Hearing Tr. at 20-22 (Ex. B).

In short, just as FDA approval of a warning is not a complete proxy for an adequate warning under state-law, it is also the case that a warning that is inadequate in FDA's view (or, more aptly, under a plaintiff's reading of what FDCA imposes) does not necessarily violate state law. *See id.* Thus, the admission of such evidence surely would confuse jurors because they likely would conflate the federal standards with the state-law showings plaintiffs must make to prevail, which would cause significant prejudice to Bayer. *See id.*; Fed. R. Evid. 403; D.E. 3994 at 8 (collecting cases precluding plaintiffs from offering evidence of alleged FDCA violations).

---

\*6 n.4 (D.N.J. Mar. 29, 2010) (dismissing with prejudice complaint that alleged manufacturer misrepresented the drugs' safety and efficacy such that they were "misbranded" under FDCA because "*[e]nforcement of FDA regulations, as well as the FDCA statutory provisions* prohibiting 'misbranding' of drugs 'lies exclusively within the federal government's domain, by way of either the FDA or the Department of Justice'") (emphasis added, citations omitted); *Wheeler* v. *DePuy Spine, Inc.*, __ F. Supp. 2d __, 2010 WL 1539855, \*3-4 & nn.3-4 (S.D. Fla. Mar. 9, 2010) (holding that "Florida law does not authorize . . . 'negligence' claims . . . based on violation of federal requirements," and applying *Buckman* and § 337(a) to reject plaintiffs' efforts to found their state-law claims on FDCA violations).

**CONCLUSION**

For these reasons and those stated in Defendants' prior briefing and at oral argument, which were incorporated by reference in D.E. 5603, Defendants respectfully request that this Court exclude evidence or argument concerning alleged FDCA violations.

May 13, 2010	Respectfully submitted,

/s/ Barbara Bolton Litten
Barbara Bolton Litten
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
   & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

6

Rebecca K. Wood
rwood@sidley.com
Eamon P. Joyce
Email: ejoyce@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              */s/ Barbara Bolton Litten*
                                              Barbara Bolton Litten

# SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

## United States District Court
## Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:   215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**Babbitt Johnson Osborne & LeClainche, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:   561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509
*Liaison Counsel for Defendants*

Scott Love
Email: slove@triallawfirm.com
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:   713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:   203-610-6399
*Federal-State Liaison for Plaintiffs*

WESTPALMBEACH/568895.1