UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*Mordecai v. Bayer Corp., et al.*

Case No. 9:08-cv-80781
_____/

**BAYER'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF DR. PAMELA CYRUS RELATING TO THE VALIDITY OR SUPERIORITY OF RANDOMIZED CONTROLLED STUDIES VS. OBSERVATIONAL RETROSPECTIVE STUDIES OR ADVERSE EVENTS REPORTING**

Defendants respectfully oppose plaintiff's motion *in limine* to preclude Dr. Pamela Cyrus from testifying about the validity or superiority of randomized controlled clinical trials as compared to observational retrospective studies or adverse events reporting ("Motion") (D.E. 5310 in 1:08-md-01928; D.E. 103 in 9:08-cv-80781). Contrary to plaintiff's conclusory assertions, Dr. Cyrus's observations about these matters fall squarely within her percipient knowledge as Bayer's Vice President of Medical Affairs and former Medical Affairs Director. Because testimony of this type does not fall within the category of expert testimony governed by Federal Rule of Civil Procedure 26(a)(2), her testimony should not be barred as undisclosed expert opinion.

**BACKGROUND**

Dr. Pamela Cyrus is a medical doctor who has served as the Vice President of U.S. Medical Affairs at Bayer since February 2005. Deposition of Pamela Cyrus, M.D., Jan. 21, 2009 ("Cyrus Dep.") (Ex. A) at 5:17-6:13, 6:24-7:4. Before becoming Vice President, Dr. Cyrus

was the Bayer Director of Medical Science from 2000 to 2005. *Id.* at 7:5-10. In both roles, Dr. Cyrus had responsibility for reviewing Trasylol clinical studies, assessing Trasylol's risk-benefit profile, and interacting with FDA about Trasylol's safety and efficacy. *Id.* at 10:1-18, 91:4-11 ("It's my job to assess the risk-benefit and to answer the questions as posed by the FDA"). To assess Trasylol's risks and benefits, Dr. Cyrus continually evaluated data from numerous sources, including randomized controlled clinical trials and observational studies, and formed a real-world assessment about their relative importance. Her perspective on these issues informed her real-world actions. *Id.* at 84:9-25 ("the scientific rigor of the study and the totality of the data must be viewed and not taken in isolation"). It is this underlying assessment that plaintiff improperly seeks to exclude as so-called "expert" testimony in her motion *in limine*.

## ARGUMENT

Plaintiff argues that Dr. Cyrus should be prevented from telling the jury about the validity or superiority of randomized controlled clinical trials versus observational studies or adverse events reporting, because this testimony supposedly falls within the ambit of "expert" testimony. Motion at 1. This is wrong. Plaintiff neither cites the specific testimony she seeks to exclude, nor explains why this testimony requires disclosure as "expert opinion" under Federal Rule 702. Nor could she. Contrary to plaintiff's assertion that "neither her educational or employment history involved the evaluation or conduction of clinical trials or the accumulation and evaluation of clinical data," Motion at 2-3, Dr. Cyrus was responsible as Vice President of U.S. Medical Affairs and (before that) as Director of Medical Science for evaluating new Trasylol clinical trials and continually assessing Trasylol's risk-benefit profile in light of new safety and efficacy data. Cyrus Dep. (Ex. A) at 10:1-18, 91:4-11. Accordingly, Dr. Cyrus's observations regarding the weight of this data and its impact on Trasylol's risk-benefit profile are

2

the result of her work and responsibilities as a Bayer employee. Indeed, plaintiff's designation of the following deposition testimony from Dr. Cyrus illustrates as much:

> Q: I just want to make sure that the jury understands what you're saying, because I originally asked you . . . the question that in January of 2005, Bayer had in its possession important safety information that linked the use of aprotinin with renal failure, and you disagreed with me, correct?
>
> A: Correct, because *I look at the totality of the data and the scientific rigor of that data*.
>
> Q: And, you're –
>
> A: And you've taken it in isolation, in my opinion.
>
> Q: That's your testimony. So you're basically telling the jury that St. George's didn't count, correct, because you're going to discount that for your own reasons, correct?
>
> A: You view it, but *it's discounted because it's not scientifically rigorous*.
>
> Q: Okay. And Kress doesn't count now, correct?
>
> A: I'm discounting it because *it's not scientifically rigorous*.

*Id.* at 89:24-90:20 (cited in Plaintiff's Deposition Designations, D.E. 5037 in 1:08-md-01928, D.E. 83 in 9:08-cv-80781, at 28) (emphasis added). Dr. Cyrus's observations about the weight of clinical data that Bayer received about Trasylol over time are rationally based on her own perceptions, part and parcel of her job responsibilities, and thus, fall well within the spectrum of lay opinion testimony permitted by the Federal Rules of Evidence. *See* Fed. R. Evid. 701, Advisory Comm. Notes (2000) (acknowledging admissibility of employee opinion testimony, "because of the particularized knowledge that the witness has by virtue of his or her position").

Moreover, the only "scientific, technical, or other specialized knowledge" at issue in Dr. Cyrus's observations about the weight of various types of study data is the knowledge that she garnered as a Bayer employee responsible for the safety and efficacy of Trasylol. This is precisely the kind of opinion testimony exempted from the reporting requirements of Federal

3

Rule of Civil Procedure 26(a)(2). On its face, Rule 26 requires a party to submit expert reports only for those witnesses "retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee *regularly involve giving expert testimony*." Fed. R. Civ. Proc. 26(a)(2)(B) (emphasis added); *see also Prieto* v. *Malgor*, 361 F.3d 1313, 1317-18 (11th Cir. 2004) (acknowledging the limitations of Rule 26(a)(2)'s reporting requirements)[1]; *Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co.*, 199 F.R.D. 320, 326 (D. Minn. 2000) (allowing defendant's employee to provide opinion testimony where opinions were "predicated on documents and facts to which he had been exposed as the CEO").

Because Dr. Cyrus has gained personal experience with Trasylol studies as part of her employment at Bayer, was not specially employed to provide expert testimony in this case, and does not regularly give expert testimony, her opinions need not be disclosed under Rule 26. *See Comanche Nation v. United States*, No. CIV-08-849, 2008 WL 4186220, at *2 (W.D. Okla. Sept. 9, 2008) (excluding defendants from reporting requirement where employee witnesses did not regularly provide expert testimony); *Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006

---

[1] In *Prieto*, the Eleventh Circuit acknowledged Rule 26(a)(2)(B)'s exception for employee testimony, but found that the specific facts of the case did not warrant application of the exception. *Prieto*, 361 F.3d at 1318-19. There, the plaintiff objected to testimony from a police officer who opined that the plaintiff had committed a "deadly force attack," justifying the defendants' use of force in response. *Id.* at 1317. The officer "had no connection to the specific events underlying [the] case apart from his preparation for trial," and routinely provided testimony on behalf of the police department. *Id.* at 1318 and 1318 n.6. On those facts, the Court determined that the witness "functioned exactly as an expert witness normally does, providing a technical evaluation of evidence he had reviewed in preparation for trial," and thus, the defense had an obligation to prepare and serve an expert report. *Id.* at 1319. In so ruling, the Court did not purport to set forth a blanket exclusion of employee opinion testimony as such. *See, e.g.*, *United States v. Adam Bros. Farming, Inc.*, No. CV-00-7409 CAS, 2005 WL 5957827, at *5 n.11 (C.D. Cal. Jan. 25, 2005) (distinguishing *Prieto* and allowing opinion testimony of EPA employee who formed opinions during his investigation of defendants' wetlands site). Unlike the police officer in *Prieto*, Dr. Cyrus has a direct connection to the events underlying this case: It was Dr. Cyrus's job at Bayer to evaluate the meaning of the safety and efficacy data on Trasylol that is at issue in this case.

4

WL 644848, at *3 (D. Utah Mar. 10, 2006) (same); *Navajo Nation v. Norris*, 189 F.R.D. 610, 613 (E.D. Wash. 1999) (same).  Thus, Dr. Cyrus should be allowed to tell the jury the basis for her real-world decisions, which included an assessment of the weight that should be given to data obtained from clinical trials, observational studies, and adverse events reports.  *See, e.g.,* Cyrus Dep. (Ex. A) at 121:20-123:15 (explaining that information cannot be considered in a vacuum, but must be assessed with an eye towards assessing its scientific import and rigor).

If Dr. Cyrus were precluded from testifying to her observations about the validity of randomized controlled clinical trials as compared to observational studies or adverse events reports, the jury would hear only a one-sided presentation of the facts that Dr. Cyrus is uniquely positioned to present.  That is because plaintiff seeks to ask Dr. Cyrus why she neglected certain safety data for Trasylol, but then prevent Dr. Cyrus from testifying about whether and why she found that data irrelevant for purposes of assessing Trasylol's safety profile over time.  Indeed, plaintiff's deposition designations of Dr. Cyrus's testimony show that this is exactly how plaintiff intends to present Dr. Cyrus's testimony to the jury.  *Compare* Plaintiff's Deposition Designations (D.E. 5037 in 1:08-md-01928; D.E. 83 in 9:08-cv-80781) at 28-29 (designating snippets of testimony at 121:13-121:19, 122:13-122:17, and 123:16-124:03 to paint the picture that Dr. Cyrus and Bayer neglected early safety data from Dr. Mangano, while seeking to exclude that portion of her testimony explaining why she found that data unpersuasive in the hierarchy of evidence), *with* Cyrus Dep. (Ex. A) at 121:13-124:3 (providing Dr. Cyrus's observation that the underlying data about which plaintiff asked was not scientifically rigorous so as to change her opinion regarding Trasylol's safety profile at the time).  Because any such result would mislead the jury and prejudice Bayer, plaintiff's motion *in limine* should be denied.

## CONCLUSION

For these reasons, this Court should deny Plaintiff's Motion *in Limine*.

Dated: May 13, 2010                       Respectfully submitted,

*s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail:  blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL  60603
Telephone:  312-494-4400
Facsimile:   312-494-4440

Eugene A. Schoon
Email:  eschoon@sidley.com
Susan A. Weber
Email:  saweber@sidley.com
Catherine Valerio Barrad
Email:  cbarrad@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Rebecca K. Wood
Email: rwood@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          */s/ Barbara Bolton Litten*
          Barbara Bolton Litten

SERVICE LIST

In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
Case No. 9:08-cv-80781 *Mordecai v. Bayer Corp.*

United States District Court
Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-790-4584
Facsimile: 215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
& LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs*

Leslie A. Caldwell
Email: lac@lusklaw.com
**LUSK CALDWELL & DEAN PC**
2101 Highland Ave., Suite 410
Birmingham, AL 35205
Telephone: 205-933-7090
Facsimile: 205-933-7099
*Counsel for Plaintiff Mordecai*

Scott A. Love
Email: slove@triallawfirm.
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Federal-State Liaison for Plaintiffs*

P. Gregory Haddad
Email: ghaddad@baileyglasser.com
Kerrie Wagoner Boyle
Email: kboyle@baileyglasser.com
Jonathan D. Boggs
Email: jboggs@baileyglasser.com
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
*Counsel for Plaintiff Mordecai*

9

| | |
|---|---|
| David F. Miceli<br>Email:  dmiceli@simmonsfirm.com<br>**SIMMONS BROWDER GIANARIS ANGELIDES &<br>     BARNERD LLC**<br>119 Maple St., Suite 201<br>Carrollton, GA  30117<br>Telephone:  770-834-2122<br>Facsimile:  770-214-2622<br>*Counsel for Plaintiff Mordecai* | Patricia E. Lowry<br>Florida Bar No. 332569<br>Email: plowry@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6198<br>Telephone:  561-650-7200<br>Facsimile:   561-655-1509<br>*Liaison Counsel for Defendants* |

WESTPALMBEACH/568886.1