UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-Middlebrooks/Johnson

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION - MDL -
1928

**This Document Relates to:**

*Linda Mordecai v. Bayer Corp., et al.*
Case No. 9:08-cv-80781-DMM

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT RELATED TO
ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE**

Plaintiff Linda Mordecai files this response to Bayer Defendants' Motion *in Limine* to Exclude Evidence, Testimony, and Argument Related to Assertions of Attorney-Client Privilege (D.E. 5809). In support thereof, Plaintiff respectfully shows the Court the following:

A defendant is not allowed to shield discoverable information by claiming a false privilege. In the present case, there are examples where Defendant Bayer was obviously forwarding information to its legal counsel in attempt to cloak the information in privilege. Of the millions of documents and pages provided during discovery, Plaintiffs have seen oceans of information blacked out. Plaintiffs do not know what is hidden behind the blacked out parts. We only know what has slipped through. Some of the documents that have slipped through show Bayer's intent to hide information by claiming a privilege where one does not exist. This fact should not be hidden from the jury.

As the Court is well aware, "the attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal

matter for which the client has sought professional advice.'" *Miccosukke Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1262 (11th Cir. 2008) (quoting *Mead Data Central, Inc. v. U.S. Dept. Of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977)). Pursuant to Florida law, "[a] communication between lawyer and client is 'confidential' if it is not intended to be disclosed to third persons." Fla. Stat. § 90.502(1)(c); *accord Cunningham v. Appel*, 831 So.2d 214, 215 (Fla. 5th Dist. Ct. App. 2002). As this Court stated in *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 689 (S.D. Fla. 2009):

> The Florida Supreme Court has held that the standard for asserting the privilege is more stringent for corporations than it is for individuals and, therefore, a corporation seeking to shield a communication between lawyer and client from disclosure bears the burden of proving, among other things, that: 'the communication would not have been made but for the contemplation of legal services; . . . the content of the communication relates to the legal services being rendered;' and 'the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.' *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 699 (S.D. Fla. 2008) (citing *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994)).

The burden of proof rests squarely on the party claiming the attorney-client privilege to show that the primary purpose of the communication in question was for the purpose of obtaining legal advice, not business advice. *Id.* (citing *Carpenter v. Mohawk Indus.*, No. 4:07- CV-0049-HLM, 2007 U.S. Dist. LEXIS 98135 (N.D. Ga. Oct. 1, 2007) ("When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply."); *Hasty v. Lockheed Martin Corp.*, No. Civ. A. 98- 1950, 1999 U.S. Dist. LEXIS 12373 (E.D. La. Aug. 6, 1999) ("[T]he business aspects of [a corporate] decision are not protected simply because legal considerations are also

involved;" and, "in those cases where the document does not contain sufficient information to indicate whether the material was considered confidential, that material should not be privileged.")).

> As this Court further stated in *Preferred Care*:
>
>> "[t]here is general agreement that the protection of the privilege applies only if the primary or predominate purpose of the attorney-client consultations is to seek legal advice or assistance." [1 Paul R. Rice, Attorney-Client Privilege in the United States] § 7:5. "There are substantial policy reasons for holding that business documents submitted for attorney review are not by that virtue automatically exempt as privileged or work product protected communications." *Visa USA, Inc. v. First Data Corp.*, 2004 U.S. Dist. LEXIS 17117 (N.D.Cal.2004).
>>
>> The structure of certain business enterprises, when their legal departments have broad powers, and the manner in which they circulate documents is broad, has consequences that those companies must live with relative to their burden of persuasion when privilege is asserted. *See, e.g., In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 805 (E.D.La. 2007). **When the business "simultaneously sends communications to both lawyers and non-lawyers, it usually cannot claim that the primary purpose of the communication was for legal advice or assistance because the communication served both business and legal purposes."** *Id.* (citing *United States v. Chevron Corp.*, 1996 U.S. Dist. LEXIS 8646 (N.D.Cal.1996)); *United States v. International Business Machines Corp.*, 66 F.R.D. 206, 213 (S.D.N.Y.1974) ("If the document was prepared for purposes of simultaneous review by legal and non-legal personnel, it cannot be said that the primary purpose of the document is to secure legal advice."). Consequently, the privilege does not protect such communications. *In re Vioxx*, 501 F.Supp.2d at 805; Attorney-Client Privilege § 7.2.1 ("Because of the ease with which e-mail technology allows in-house counsel to be brought into discussions, counsel are contacted far more frequently, and through those contacts, are likely encouraged to participate in regular business matters far more frequently and broadly than was the case in the past.").
>
> *Preferred Care Partners*, 258 F.R.D at 689-90 (emphasis added) (quoting *In re*

*Seroquel Prods. Liability Litig.*, No. 6:06-md-1769-Orl-22DAB, 2008 U.S. Dist. LEXIS 39467, at *95-97 (M.D. Fla. May 7, 2008)).

Here, Bayer has failed to satisfy its burden of proving that the blacked out portions of numerous emails are protected by the attorney-client privilege because there is no evidence to establish that this communication was offered for the purpose of obtaining legal advice, as opposed to business advice. Examples of Bayer's attempts to hide information are found in numerous emails, including the following:

1. An email from Kemal Malik to both legal and non-legal personnel dated March 23, 2006 stating "I have said repeatedly that mails such as this must go out under Attorney-Client Privilege". *See* Exhibit A.

2. An email from Kemal Malik to both legal and non-legal personnel dated October 31, 2006 stating "What is the recommendation in terms of informing authorities about this?" with attachment of St. George Report. *See* Exhibit B.

Bayer will argue the fact that Exhibits A and B slipped through the cracks shows that they did not execute the privilege improperly. This is a misleading position. Instead, these exhibits show an intent to hide information by utilizing the attorney-client privilege where none should exist. Plaintiff has no way to verify the appropriateness of any claimed privilege. This Court, in checking a handful of documents, found valid privileges claimed. However, thousands of documents and other pages or phases are hidden based upon a claimed privilege that has not been

verified. This is improper and should be proven by Bayer in each instance offered by Plaintiff. If such burden is not met, the redacted information must be disclosed, and Plaintiff should be able to discuss it.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Bayer Defendants' Motion *in Limine* to exclude all evidence or argument related to assertions of attorney-client privilege.

PLAINTIFF

By Counsel

*/s/ Jonathan D. Boggs*
P. Gregory Haddad, Esq.
*ghaddad@baileyglasser.com*
Kerrie Wagoner Boyle, Esq.
*kboyle@baileyglasser.com*
Jonathan D. Boggs, Esq. (FL Bar #0106305)
*jboggs@baileyglasser.com*
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

David F. Miceli
*dmiceli@simmonsfirm.com*
Simmons, Browder, Gianaris, Angelides & Barnerd, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117
770-834-2122
770-214-2622

Leslie Ann Caldwell, Esq.
*lac@lusklaw.com*
LUSK, CALDWELL & DEAN P.C.
2101 Highland Avenue, Suite 410
Birmingham, Alabama 35205
(205) 933-7090 Telephone
(205) 933-7099 Facsimile

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-1928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:
LINDA MORDECAI v. BAYER CORPORATION, et al.,
Case No. 9:08-civ-80781-DMM

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2010, the foregoing ***PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT RELATED TO ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE*** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

>Brian A. Wahl
>Bradley, Arant, Rose & White, LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, Alabama 35203
>
>Phillip S. Beck
>Bartlit Beck Herman Palenchar & Scott LLP
>Courthouse Place
>54 West Hubbard Place, Suite 300
>Chicago, IL 60610
>
>Patricia Elaine Lowry
>Barbara Bolton Litten
>Squire Sanders & Dempsey LLP
>777 S Flagler Drive, Suite 1900
>West Palm Beach, FL 33401-6198
>
>Elizabeth C. Curtin
>Sidley Austin LLP
>1 S Dearborn Street
>Chicago, IL 60603

Richard K. Dandrea
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Daniel G. Wyllie
Dykema Gossett
400 Renaissance Center, 35th Floor
Detroit, MI 48243

*/s/ Jonathan D. Boggs*
Jonathan D. Boggs, Esq. (FL Bar #0106305)
*jboggs@baileyglasser.com*