**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928 THIS DOCUMENT RELATES TO: *Mordecai v. Bayer Corp., et al.* Case No. 9:08-cv-80781 | ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT**
**REGARDING ALLEGED OFF-LABEL PROMOTION OF TRASYLOL**

Plaintiff fails to refute Bayer's showings that evidence and argument related to

off-label Trasylol use and purported off-label promotion of Trasylol are irrelevant in this "on-

label" case, and would confuse the issues and unfairly prejudice Bayer.  Indeed, plaintiff appears

to agree on at least three key points in Bayer's Motion:

*First*, plaintiff does not dispute that the surgery performed on Mr. Mordecai was

within Trasylol's FDA-approved indication and thus does *not* involve off-label use.  *See* Motion

(D.E. 5803 in 1:08-md-1928; D.E. 129 in 9:08-cv-80781, incorporating by reference D.E. 4259

in 1:08-md-1928) at 3.  Nor does plaintiff dispute that because Mr. Mordecai's surgery was on-

label, evidence about off-label uses of Trasylol (or alleged off-label promotion) is not *directly*

relevant to plaintiff's claims.  *See* Motion at 3-4; *see also* Defendants' Reply In Support Of Their

Motion *In Limine* To Exclude Evidence And Argument Regarding Irrelevant Marketing

Materials (filed this date) 2-3 (detailing lack of connection between promotional materials and

Mr. Mordecai's treating physicians).  Instead, as discussed below, plaintiff argues that evidence of off-label use and promotion is indirectly relevant to other issues such as motive and intent.

*Second*, plaintiff does not dispute that off-label use of prescription medications by physicians is allowed by the FDA, and is an accepted medical practice.  *See* Motion at 1-2 & n.1. Plaintiff also does not argue that unlabeled use of a prescription medication, within the medical judgment of a qualified physician, is either prohibited or inherently unsafe.

*Third*, plaintiff affirmatively agrees that "[d]issemination of information regarding off-label uses . . . is permissible under the federal regulatory scheme."  Plaintiff's Opposition ("Opp.") (D.E. 5844 in 1:08-md-1928; D.E. 161 in 9:08-cv-80781) at 4; *see* Motion at 2 (noting that such dissemination is allowed, for example, in the context of continuing medical education, in response to unsolicited requests for information, and as non-promotional scientific exchange).  Plaintiff's remaining arguments in support of admissibility, based on theories of indirect relevance, lack any merit and would result in a significant waste of time at trial.

       **1.**    **"Motive and state of mind."**  Plaintiff argues that evidence about the proportion of Trasylol usage that was off-label is admissible to show "Bayer's motive and state of mind regarding profits over safety and regulatory compliance," Opp. at 9, presumably under Rule 404(b).  *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive . . . .").

This argument is incorrect.  First, plaintiff has not argued and cannot show that off-label uses of Trasylol under the supervision of a qualified physician present an inherently greater safety risk than on-label use of Trasylol.  Therefore, even if there were evidence that

Bayer promoted off-label use of Trasylol (and there is none),[1] plaintiff offers no explanation of how it would support her "profits over safety" accusation. Opp. at 9. Second, the mere fact that physicians chose to use Trasylol for purposes other than its FDA-approved indication—or that "a significant portion" of Trasylol use was off-label, *id.* at 4—does not support a claim that Bayer prioritized profit over "regulatory compliance." *Id.* at 9.[2] Bayer is not responsible for the independent medical judgments of thousands of surgeons and other medical professionals around the country. Third, evidence concerning the proportion of off-label Trasylol use in the United States is unrelated to "Bayer's motive and state of mind." A statistic showing that physicians, using their independent judgment, elected to use Trasylol off-label in large numbers is simply not probative of the "motive and state of mind" of Bayer or its employees in placing "profits ahead of safety," especially in a case having nothing to do with off-label use.

---

[1] Plaintiff has no evidence of off-label promotion, and, contrary to her suggestion, no admissible expert testimony to support an argument that Bayer promoted Trasylol off-label. *Compare* Order on Bayer's Motion to Exclude Testimony of Plaintiffs' Expert Suzanne Parisian (D.E. 5606 in 1:08-md-1928) at 41, *with* Opp. at 7 (quoting Dr. Parisian's opinion on purported off-label promotion). To the extent plaintiff relies on testimony by California-based pharmaceutical representative Katie Sheffield-Motika as "evidence" of off-label promotion, Ms. Sheffield-Motika has no relationship to Dr. Athanasuleas or this case, and her testimony (which plaintiff misconstrues anyway) has no bearing on matters at issue here. Opp. at 6.

[2] Plaintiff's suggestion that defendants violated any regulatory scheme by providing any information to physicians regarding Trasylol's effect on the systemic inflammatory response to bypass (or systemic inflammatory response syndrome, "SIRS") is baseless. Her argument is based on the testimony of Dr. Parisian, who has been excluded from testifying. Thus, plaintiff has no admissible expert testimony to support her argument that Bayer violated any regulations. Moreover, Trasylol's effect on SIRS (a physiological response to surgery with cardiopulmonary bypass) is a pharmacological mechanism of action for on-label uses that has been *in the labeling* since 1998—long before the surgery at issue here. The FDA-approved labeling states that Trasylol "modulates the systemic inflammatory response (SIR) associated with cardiopulmonary bypass (CPB) surgery." 1998 Product Insert (BAY00205260-61) (Ex. D attached hereto). The 1997 letter from the FDA that plaintiff cites (Opp. at 7 & Ex. 4) predated the 1998 labeling change, after which the effect on SIRS was expressly noted as a part of Trasylol's pharmacological mechanism of action. Thus, it is incorrect that disseminating information about a labeled mechanism of action violated any regulatory scheme.

**2.** **"Impeachment."**  Plaintiff argues that she should be allowed to use evidence about off-label use or purported off-label promotion of Trasylol to impeach Bayer witnesses who testify "that patient safety is Bayer's priority."[3]  Opp. at 10.  As noted, however, plaintiff offers no argument or evidence that off-label use of a medication is inherently less safe than labeled use; thus, the plaintiff's impeachment argument is unsupported.

**3.** **"Punitive damages."**  There is no merit to plaintiff's argument that evidence about off-label use or alleged off-label promotion is "relevant and admissible towards punitive damages."  Opp. at 10.  As explained more fully in Bayer's motion to exclude evidence not relevant to punitive damages (D.E. 5317 in 1:08-md-1928; D.E. 104 in 9:08-cv-80781, incorporating by reference D.E. 4258 in 1:08-md-1928) and reply in support thereof (filed this date), punitive damages may not be based on "conduct that bore no relation to the [plaintiff's] harm," because a "defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 410, 419, 422 (2003); *see id*. at 423 ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."); *Brown v. Miller*, 631 F.2d 408, 412-13 (5th Cir. 1980) (reversing punitive damages award based on wrongly admitted evidence of acts "entirely independent of the subject matter of th[e] lawsuit" and "obviously irrelevant to the present action"); *Ex parte Vulcan Materials Co.*, 992 So. 2d 1252, 1263 (Ala. 2008) (quoting *Campbell,* 538 U.S. at 423).  Accordingly, evidence

---

[3] Plaintiff quotes the testimony of pharmaceutical representative Sheffield-Motika as an example of Bayer testimony she "anticipates" she will need to impeach.  Opp. at 7, 9.  Plaintiff need not have any such expectation, as Defendant has no intention of introducing the testimony of a California-based pharmaceutical representative who never interacted with Dr. Athanasuleas and has no relevance to this case.  Nor does plaintiff, apparently, as she does not appear on plaintiff's witness list either.

related to surgeries with no connection to this case, involving patients with no connection to this case, would not be admissible to support any claim for punitive damages.

           **4.**     **Rule 403.**  Finally, plaintiff fails to offer any meaningful response to Bayer's showing that argument or evidence about off-label use or alleged off-label promotion would mislead and confuse the jury.  Motion at 4; Opp. at 11-12.  Indeed, her response brief underscores Bayer's showing.  For example, plaintiff insinuates that it is improper for a pharmaceutical company to study potential new uses of a medication, and that phase IV (post-marketing) studies of new or unlabeled uses (such as the study by Dr. Poston discussed in the emails in plaintiff's Exhibit 297) are part of an unlawful scheme.  *See* Opp. at 4-5, 11.  That inference is baseless; scientific studies of unlabeled uses regularly form the basis for seeking FDA approvals of new drug indications and are entirely appropriate.  Yet plaintiff would mislead the jury into thinking such studies are somehow improper—which in turn would require Bayer to spend considerable time educating the jury about the post-marketing study regime for prescription drugs and the process of obtaining regulatory approval for new indications.  For related reasons, allowing plaintiff to weave a tale about a supposed off-label marketing scheme would require defendants to devote substantial time to rebutting this charge by educating the jury about the complex and nuanced regulatory standards for dispersing information about off-label uses.[4]  In this case, involving an on-label surgery, such time-consuming testimony responding to irrelevant evidence is unjustified.

---

[4]  Plaintiff is also wrong to suggest that the dissemination of information about off-label uses is "unethical."  First, as plaintiff have acknowledged, "[d]issemination of information regarding off-label uses . . . is permissible under the federal regulatory scheme."  Opp. at 4.  Second, and more to the point, as this Court has already recognized, testimony regarding the "ethics" of particular acts and decisions is improper in a court of law where the proper inquiry is whether there has been a breach of a *legal*, rather than a moral or ethical, duty.  *See* Order on Bayer's Motion to Exclude Testimony of Plaintiffs' Expert Mark J. Eisenberg, at 15-21 (D.E. 4441 in

Plaintiff's response also confirms that evidence and argument about off-label issues would unfairly prejudice Bayer. Plaintiff admits that she intends to use off-label evidence to persuade the jury that "the risk to [Bayer's] patient population is outweighed by the monetary gain from marketing and selling Trasylol off-label." Opp. at 11. Especially given the lack of relevance of such evidence, Rule 403 forbids such a tactic. *See American Home Assurance Co. v. Merck & Co.*, 462 F. Supp. 2d 435, 446 (S.D.N.Y. 2006) (excluding evidence of Merck's conduct not at issue in that specific case because "the only possible purpose for offering such evidence would be to generally prejudice the fact finder against Merck through insinuations that it is a careless corporate citizen").[5]

## CONCLUSION

For these reasons, and for the reasons set forth in the Motion, Bayer respectfully

---

1:08-md-1928); *see also* Defendants' Motion *in Limine* to Exclude Evidence or Testimony Regarding "Moral Duties" or "Business Ethics", at 7-8 (D.E. 5318 in 1:08-md-1928; D.E. 105 in 9:08-cv-80781, incorporating by reference D.E. 4270 in 1:08-md-1928). Accordingly, plaintiff should be prohibited from presenting any argument, evidence, or testimony suggesting that Bayer acted "unethically" in its handling of issues related to the off-label use or alleged off-label promotion of Trasylol.

[5] *Benedi v. McNeil-P.P.C.*, 66 F.3d 1378 (4th Cir. 1995), does not support plaintiff. There, the court held that there was no Rule 403 violation where the evidence in question involved the same injuries claimed by the plaintiff, and was admitted solely to demonstrate that defendants had notice of potential harm. Here, plaintiff makes no effort to show that evidence of supposed off-label promotion would demonstrate Bayer's notice of anything relevant to this plaintiff's claims, particularly given that the evidence plaintiff seeks to introduce involves different medical procedures than those at issue here.

requests that this Court exclude evidence, testimony, and argument relating to any off-label use

or alleged off-label promotion of Trasylol.

Dated:  May **24**, 2010                                      Respectfully submitted,


                                                             */s/ Barbara Bolton Litten*
                                                             Patricia E. Lowry
                                                             Florida Bar No. 332569
                                                             E-mail:  plowry@ssd.com
                                                             Barbara Bolton Litten
                                                             Florida Bar No. 91642
                                                             E-mail:  blitten@ssd.com
                                                             **SQUIRE, SANDERS & DEMPSEY L.L.P.**
                                                             1900 Phillips Point West
                                                             777 South Flagler Drive
                                                             West Palm Beach, FL  33401-6198
                                                             Telephone:  561-650-7200
                                                             Facsimile:   561-655-1509

                                                             Philip S. Beck
                                                             Email:  philip.beck@bartlit-beck.com
                                                             Steven E. Derringer
                                                             Email:  steven.derringer@bartlit-beck.com
                                                             **BARTLIT BECK HERMAN PALENCHAR**
                                                                 **& SCOTT LLP**
                                                             54 W. Hubbard Street, Suite 300
                                                             Chicago, IL  60603
                                                             Telephone:  312-494-4400
                                                             Facsimile:   312-494-4440

                                                             Eugene A. Schoon
                                                             Email:  eschoon@sidley.com
                                                             Catherine Valerio Barrad
                                                             Email:  cbarrad@sidley.com
                                                             **SIDLEY AUSTIN LLP**
                                                             One South Dearborn Street
                                                             Chicago, Illinois 60603
                                                             Telephone:  312-853-7000
                                                             Facsimile:   312-853-7036

Rebecca K. Wood
Email:  rwood@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

Susan Artinian
Email:  sartinian@dykema.com
Daniel Stephenson
Email:  dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI  48243
Telephone:  313-268-9788
Facsimile:   313-568-6658

Richard K. Dandrea
Email:  rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA.  15219
Telephone:  412-566-6000
Facsimile:   412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*Bayer HealthCare LLC, and Bayer Schering*
*Pharma AG*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May **24**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Barbara Bolton Litten
Barbara Bolton Litten

**SERVICE LIST**

**In re Trasylol Products Liability Litigation – MDL-1928**
**Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON**

**United States District Court**
**Southern District of Florida**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN**
    **& SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone: 215-790-4584
Facsimile: 215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
    **& LeCLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone: 561-684-2500
Facsimile: 561-684-6308
*Liaison Counsel for Plaintiffs*

Leslie A. Caldwell
Email: lac@lusklaw.com
**LUSK CALDWELL & DEAN PC**
2101 Highland Ave., Suite 410
Birmingham, AL 35205
Telephone: 205-933-7090
Facsimile: 205-933-7099
*Counsel for Plaintiff Mordecai*

Scott A. Love
Email: slove@triallawfirm.
**CLARK, DEAN & BURNETT, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: 713-757-1400
Facsimile: 713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone: 203-610-6393
Facsimile: 203-610-6399
*Federal-State Liaison for Plaintiffs*

P. Gregory Haddad
Email: ghaddad@baileyglasser.com
Kerrie Wagoner Boyle
Email: kboyle@baileyglasser.com
Jonathan D. Boggs
Email: jboggs@baileyglasser.com
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
*Counsel for Plaintiff Mordecai*

David F. Miceli
Email:  dmiceli@simmonsfirm.com
**SIMMONS BROWDER GIANARIS ANGELIDES &**
 **BARNERD LLC**
119 Maple St., Suite 201
Carrollton, GA  30117
Telephone:  770-834-2122
Facsimile:  770-214-2622
*Counsel for Plaintiff Mordecai*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

WESTPALMBEACH/569219.1

11