**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

IN RE TRASYLOL PRODUCTS LIABILITY  )
LITIGATION – MDL-1928      )
                )
THIS DOCUMENT RELATES TO:   )
                )
*William Campbell et al. v. Bayer Corporation et al.*, )
Case No. 9:10-cv-80635      )

**BAYER HEALTHCARE PHARMACEUTICALS INC.'S ANSWER AND**
**ADDITIONAL DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Bayer HealthCare Pharmaceuticals Inc., for its Answer to Plaintiffs'

Complaint (the "Complaint"), states as follows:

1.  Although the Complaint contains allegations referring to Bayer HealthCare

Pharmaceuticals Inc. and other entities collectively as "Defendants," "Defendant," and/or

"Bayer," Bayer HealthCare Pharmaceuticals Inc. is not answering the Complaint on behalf of

any entity other than Bayer HealthCare Pharmaceuticals Inc. and is not answering allegations

that are directed to any entity other than Bayer HealthCare Pharmaceuticals Inc. and its

predecessor in interest Bayer Pharmaceuticals Corporation.  Bayer HealthCare Pharmaceuticals

Inc. denies liability for any injuries or damages alleged in the Complaint and denies the

remaining allegations in paragraph 1 of the Complaint.

2.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.  Bayer HealthCare Pharmaceuticals Inc. admits that Bayer Corporation is an

Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania.  Bayer

HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief

as to the time period to which the allegations in the second sentence of paragraph 3 of the Complaint refer but admits that Bayer Corporation was promoting, marketing, distributing, testing, and/or selling Trasylol® in interstate commerce in the United States, including in Florida, at certain times prior to January 2003.  Bayer HealthCare Pharmaceuticals Inc. denies that Bayer Corporation has developed, manufactured, or licensed Trasylol®.  Because of the vagueness of the allegation in paragraph 3 of the Complaint that Bayer Corporation was "warranting" Trasylol®, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of that allegation.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 3 of the Complaint.

4.     Bayer HealthCare Pharmaceuticals Inc. admits that it is a Delaware corporation with its principal place of business in Wayne, New Jersey; that it is indirectly wholly owned by Bayer Corporation; and that it is successor in interest to Bayer Pharmaceuticals Corporation. Bayer HealthCare Pharmaceuticals Inc. further admits that at certain times in and after November 2002 and prior to January 2008, Bayer Pharmaceuticals Corporation was a wholly owned subsidiary of Bayer Corporation and had its principal place of business in West Haven, Connecticut.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the last sentence of paragraph 4 of the Complaint refer, but admits that at certain times in and after January 2003 and prior to January 2008, its predecessor in interest Bayer Pharmaceuticals Corporation was promoting, marketing, distributing, testing, and/or selling Trasylol® in interstate commerce in the United States, including in Florida.  Because of the vagueness of the allegation in paragraph 4 of the Complaint that Bayer Pharmaceuticals Corporation was "warranting" Trasylol®, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief

as to the truth of that allegation.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 4 of the Complaint.

5.      Bayer HealthCare Pharmaceuticals Inc. admits that Bayer Schering Pharma AG is a German corporation and that Bayer Schering Pharma AG is successor in interest to Bayer HealthCare AG.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the second sentence of paragraph 5 of the Complaint refer but admits that Bayer HealthCare AG, the predecessor in interest of Bayer Schering Pharma AG, was testing and/or manufacturing Trasylol® at certain times in and after October 2003 and prior to December 30, 2008.  Bayer HealthCare Pharmaceuticals Inc. admits that Bayer AG was designing, testing, and/or manufacturing Trasylol® at certain times prior to October 2003.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. states that, on the face of the Complaint, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and in which a citizen of a foreign state is an additional party, with an amount in controversy exceeding $75,000, exclusive of interest and costs.  Bayer HealthCare Pharmaceuticals Inc. further admits that this action was transferred to the Southern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 7 of the Complaint.

8.      Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is a prescription pharmaceutical, that Trasylol® is the proprietary name for aprotinin injection, and that since 1993 Trasylol® has been indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in certain coronary artery bypass graft surgical settings specified in its FDA-approved labeling.  Bayer HealthCare Pharmaceuticals Inc. admits that antifibrinolytics may be used to reduce or prevent bleeding when fibrinolysis contributes to bleeding.  Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is a proteinase inhibitor which, through inhibition of various hemostatic factors and processes, results in the attenuation of inflammatory responses, fibrinolysis, and thrombin generation, and that Trasylol®'s effects include inhibition of fibrinolysis.  Bayer HealthCare Pharmaceuticals Inc. further admits that Trasylol® from time to time is referred to as an "antifibrinolytic," although its mechanism of action is different from those of other drugs referred to as "antifibrinolytics."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 8 of the Complaint.

9.      Bayer HealthCare Pharmaceuticals Inc. admits that aprotinin is the active ingredient in Trasylol®, that Trasylol® is a natural proteinase inhibitor obtained from bovine lung, that Trasylol® consists of 58 amino acid residues that are arranged in a single polypeptide chain, cross-linked by three disulfide bridges, that it has a molecular weight of 6512 daltons, that the active center of the aprotinin molecule is located on the lysine 15 and alanine 16 amino acid residues, and that aprotinin forms reversible stoichiometric enzyme-inhibitor complexes.  Bayer

4

HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 9 of the Complaint.

10.     Bayer HealthCare Pharmaceuticals Inc. admits that, in or around 1930 in Germany, Dr. Kraut and others isolated a kallikrein inhibitor from bovine lung; that aprotinin was first marketed as "Trasylol" in Germany in 1959 for treatment of pancreatitis; and that aprotinin from time to time has been sold outside the United States.  The allegation in paragraph 10 of the Complaint that Trasylol was sold "for several other indications" is vague and ambiguous, and therefore Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of that allegation.  Bayer HealthCare Pharmaceuticals Inc. admits that at certain times in and after October 2003 and prior to December 30, 2008, Bayer HealthCare AG, the predecessor in interest of Bayer Schering Pharma AG, manufactured Trasylol® in Germany.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 10 of the Complaint.

11.     Bayer HealthCare Pharmaceuticals Inc. admits that the FDA-approved labeling for Trasylol® stated that Trasylol® was supplied in 100 and 200 milliliter vials  and should be administered by a health care professional intravenously through a central line during surgery. Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the state of mind of individuals who may have been administered Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 11 of the Complaint.

12.     Bayer HealthCare Pharmaceuticals Inc. admits that aminocaproic acid and tranexamic acid are antifibrinolytic agents and admits upon information and belief that the FDA approved the sale and distribution in the United States of aminocaproic acid in 1964 and of

tranexamic acid in 1986.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 12 of the Complaint.

13.     Bayer HealthCare Pharmaceuticals Inc. admits that an article authored by Dr. David Royston et al. was published in *The Lancet* on or about December 5, 1987.  That article speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 13 of the Complaint to the extent they are inconsistent with the contents of that article.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 13 of the Complaint.

14.     Bayer HealthCare Pharmaceuticals Inc. admits that the FDA approved the sale and distribution of Trasylol® in the United States in December 1993 and approved labeling, including a package insert, for Trasylol® at that time; admits that the FDA regulates prescription drugs pursuant to, *inter alia*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. ("the FDCA") and conducts its regulatory activities, including review and approval of labeling for prescription drugs, pursuant to the FDCA and regulations promulgated under the FDCA; and admits the remaining allegations in the first sentence of paragraph 14 of the Complaint.  Bayer HealthCare Pharmaceuticals Inc. further admits that, at the time it was approved by the FDA for sale and distribution in the United States, Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass graft surgery in the course of repeat coronary artery bypass graft surgery, and for selected cases of primary coronary artery bypass graft surgery where the risk of bleeding is especially high (impaired hemostasis, e.g., presence of aspirin or other coagulopathy) or where transfusion is unavailable or unacceptable.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 14 of the Complaint.

15.     Bayer HealthCare Pharmaceuticals Inc. admits, upon information and belief, that potential renal effects of Trasylol® were discussed with the FDA in connection with the preclinical and clinical studies of Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. further admits that the "Indications and Usage" section of the FDA-approved labeling for Trasylol® in January 1994 stated that "selected use of Trasylol® in primary CABG patients is based on the risk of renal dysfunction and on the risk of anaphylaxis (should a second procedure be needed)" and discussed laboratory findings and data regarding renal dysfunction, kidney failure, and serum creatinine elevations in the "Adverse Reactions" section.  Because of the vagueness of the allegations, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

16.     Bayer HealthCare Pharmaceuticals Inc. admits that the Trasylol® package insert approved by the FDA in October 1994 states under the heading "DOSAGE AND ADMINISTRATION" that Trasylol is given "in both dose Regimen A and Regimen B (half dose Regimen A)."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 16 of the Complaint.

17.     Bayer HealthCare Pharmaceuticals Inc. admits that on August 8, 1997, the FDA approved a supplemental New Drug Application for Trasylol® that provided for new and revised statements in the Trasylol® package insert regarding the risk of anaphylactic reactions to Trasylol® as well as new data regarding other potential adverse reactions.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 17 of the Complaint.

18.     Bayer HealthCare Pharmaceuticals Inc. admits that the Trasylol® package insert

approved by the FDA in August 1998 states under the heading "INDICATIONS AND USAGE" that "Trasylol is indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 18 of the Complaint.

19.　　Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 19 of the Complaint.

20.　　Bayer HealthCare Pharmaceuticals Inc. admits, upon information and belief, that Bayer Corporation agreed to provide the FDA with post-marketing evaluations and analysis of reported adverse drug events in connection with the Supplemental New Drug Application approved by the FDA on August 28, 1998.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 20 of the Complaint.

21.　　Because of the vagueness of the allegations, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.　　Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 22 of the Complaint.

23.　　Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 23 of the Complaint.

24.　　Bayer HealthCare Pharmaceuticals Inc. admits that from January 1, 1985, through March 31, 2006, there had been an estimated cumulative 4.38 million patient exposures worldwide to Trasylol®; that it was reported in the 2005 Annual Report of Bayer AG that in 2005 Trasylol® generated sales of €230 million and was listed as eleventh among "Best-Selling

Bayer HealthCare Products"; and that in late 2005 it was estimated that the sales potential of Trasylol® could exceed €500 million. Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 24 of the Complaint.

25.     Bayer HealthCare Pharmaceuticals Inc. admits that an article authored by Mangano et al. was published in *The New England Journal of Medicine* on or about January 26, 2006. That article speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 25 of the Complaint to the extent they are inconsistent with the contents of that article. Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 25 of the Complaint.

26.     The article authored by Mangano et al. speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 26 of the Complaint to the extent they are inconsistent with the contents of that article. Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 26 of the Complaint.

27.     Bayer HealthCare Pharmaceuticals Inc. admits that an article authored by Karkouti et al. titled "A propensity score case-control comparison of aprotinin and tranexamic acid in high-transfusion-risk cardiac surgery" was published in the online edition of *Transfusion* on or about January 20, 2006. That article speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 27 of the Complaint to the extent they are inconsistent with the contents of that article. Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 27 of the Complaint.

28.     Bayer HealthCare Pharmaceuticals Inc. admits that on February 1, 2006, an employee of Bayer HealthCare AG contacted Dr. Alexander Walker of i3 Drug Safety to discuss the possibility of conducting an observational study involving Trasylol®, aminocaproic acid, and

tranexamic acid.  Upon information and belief, Bayer HealthCare Pharmaceuticals Inc. admits that Dr. Alexander Walker is a physician and pharmacoepidemiologist, is a graduate of the Harvard School of Public Health, and was senior vice president for epidemiology at i3 Drug Safety.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 28 of the Complaint.

29.    Bayer HealthCare Pharmaceuticals Inc. admits that the FDA announced in July 2006 that it would convene a public meeting of the Cardiovascular and Renal Drugs Advisory Committee on September 21, 2006, to discuss Trasylol®.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 29 of the Complaint.

30.    Bayer HealthCare Pharmaceuticals Inc. admits that two employees of Bayer HealthCare AG received a preliminary report concerning the ongoing observational study by i3 Drug Safety on or about September 14, 2006.  Bayer HealthCare Pharmaceuticals Inc. admits that the ongoing observational study by i3 Drug Safety and the preliminary report from that study were not discussed at the September 21, 2006, meeting of the Cardiovascular and Renal Drugs Advisory Committee convened by the FDA and admits that Bayer Pharmaceuticals Corporation submitted information regarding the i3 Drug Safety study, including the preliminary report, to the FDA on September 27, 2006.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 30 of the Complaint.

31.    Bayer HealthCare Pharmaceuticals Inc. admits that in a report dated August 2007 and prepared after an independent investigation, Zuckerman Spaeder LLP, in answering the question, "Why was the existence of the i3 study not communicated to FDA in advance of the Advisory Committee meeting on September 21, 2006?" identified the following factors:  "First, BPC's regulatory affairs leaders responsible for the FDA relationship believed erroneously that

the i3 study's preliminary results would not be available until months after the Advisory Committee meeting.  Second, BPC's scientific leaders opposed contracting for the i3 study because they were skeptical about its potential scientific value.  This negative view colored the approach to disclosure.  Third, the study did not undergo BPC's formal review procedures. Fourth, Bayer management handled the study in a way that diminished its visibility and importance to the BPC leaders.  Management assigned responsibility for the i3 study to Dr. Weidmann and Dr. Sprenger in Germany without establishing clear lines of communication to the BPC leaders coordinating Bayer's preparation for the Advisory Committee meeting; thus, the i3 study was a secondary priority in the minds of these BPC leaders."  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 31 of the Complaint.

32.     Bayer HealthCare Pharmaceuticals Inc. admits that the FDA receives and reviews various sources of information regarding approved pharmaceuticals and that a revised Trasylol® package insert was approved by the FDA on December 15, 2006.  The package insert speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 32 of the Complaint to the extent they are inconsistent with the contents of the FDA-approved labeling. Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 32 of the Complaint.

33.     Bayer HealthCare Pharmaceuticals Inc. admits that on or about December 15, 2006, the FDA issued an "FDA Alert" portions of which are quoted in the indented portions of paragraph 33 of the Complaint.  Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 33 of the Complaint to the extent they are inconsistent with the contents of the Alert and denies the remaining allegations in paragraph 33 of the Complaint.

34.     Bayer HealthCare Pharmaceuticals Inc. admits that in October 2007, Bayer Pharmaceuticals Corporation was informed that the executive committee of a study conducted in Canada by the Ottawa Health Research Institute, titled "Blood conservation using antifibrinolytics: A randomized trial in a cardiac surgery population" (the "BART" study), had halted patient enrollment in the aprotinin treatment group arm of the study.  Bayer HealthCare Pharmaceuticals Inc. further admits that Bayer Pharmaceuticals Corporation was informed that a planned periodic data analysis indicated reduced bleeding but also an increase in all-cause mortality (that almost reached conventional statistical significance for 30-day mortality) for patients receiving Trasylol® compared to patients who received either aminocaproic acid or tranexamic acid.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 34 of the Complaint.

35.     Bayer HealthCare Pharmaceuticals Inc. admits that, on or about November 5, 2007, Bayer Pharmaceuticals Corporation elected to temporarily suspend marketing of Trasylol® until final results from the BART study could be compiled, received and evaluated, and that the FDA announced the marketing suspension on November 5, 2007.  The November 5, 2007, FDA press release speaks for itself, and Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 35 of the Complaint to the extent they are inconsistent with the contents of that press release.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 35 of the Complaint.

36.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36 of the Complaint.  The second sentence of paragraph 36 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare

Pharmaceuticals Inc. admits that its predecessor in interest Bayer Pharmaceuticals Corporation was promoting, distributing, and/or selling Trasylol® at the time of the procedure alleged in paragraph 36 of the Complaint.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiff William Campbell.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 36 of the Complaint.

37.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 37 of the Complaint.

38.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 38 of the Complaint.

39.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 39 of the Complaint.

40.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

41.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 42 of the Complaint.

43.     Bayer HealthCare Pharmaceuticals Inc. denies that the warnings regarding Trasylol® were inadequate and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation had any duty to provide warnings directly to Plaintiffs William Campbell or Shirley Campbell, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiffs' claims, denies liability for any injury alleged in the Complaint, and denies the remaining allegations in paragraph 44 of the Complaint.

45.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 45 of the Complaint.

46.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 46 of the Complaint.

47.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 47 of the Complaint.

48.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 48 of the Complaint, including all subparts thereof.

49.     Paragraph 49 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that the warnings regarding Trasylol® were inadequate.  Because of the vagueness of the remaining allegations in paragraph 49 of the Complaint, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of those allegations.

50.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 50 of the Complaint.

51.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 51 of the Complaint.

52.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 52 of the Complaint.

53.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 53 of the Complaint.

54.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

55.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 55 of the Complaint.

56.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 56 of the Complaint refer, but admits that its predecessor in interest Bayer Pharmaceuticals Corporation distributed and/or sold Trasylol® at certain times in and after January 2003 and prior to January 2008.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether or when Trasylol® was administered to Plaintiffs William Campbell or Shirley Campbell.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation manufactured

Trasylol®.   Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of the Complaint because of the vagueness of those allegations.

58.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 58 of the Complaint, including all subparts thereof.

59.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 59 of the Complaint.

60.     Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint, including as to whether Trasylol® was administered to Plaintiffs William Campbell or Shirley Campbell and, if so, whether it reached Plaintiffs William Campbell or Shirley Campbell without substantial change from the condition in which it was sold.

61.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiffs William Campbell or Shirley Campbell and, if so, whether it reached Plaintiffs William Campbell or Shirley Campbell without substantial change from the condition in which it was sold.

62.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc.

states that because of the vagueness of the terms "entitled" and "withdraw," it is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 63 of the Complaint.

64.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 64 of the Complaint.

65.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

66.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that the warnings for Trasylol® were inadequate, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 68 of the Complaint.

69.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 69 of the Complaint, including all subparts thereof.

70.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 70 of the Complaint.

71.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the first sentence of paragraph 71 of the Complaint.  The second sentence of paragraph 71 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation manufactured Trasylol® and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 71 of the Complaint because of the vagueness of those allegations.

72.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 72 of the Complaint.

73.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

74.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 74 of the Complaint.

75.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. states that because of the vagueness of various terms including "entitled," "bona fide scientific data," and "withdrawn," Bayer HealthCare Pharmaceuticals Inc. is without knowledge or

information sufficient to form a belief as to the truth of those allegations in paragraph 76 of the Complaint.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 76 of the Complaint.

77.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 77 of the Complaint, including all subparts thereof.

78.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 78 of the Complaint.

79.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 79 of the Complaint.

80.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 80 of the Complaint.

81.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable legal duty relating to Plaintiffs' claims and denies the remaining allegations in paragraph 82 of the Complaint.

83.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 83 of the Complaint.

84.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 84 of the Complaint.

85.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 85 of the Complaint.

86.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 86 of the Complaint.

87.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

88.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 88 of the Complaint.

89.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in paragraph 89 of the Complaint refer, but admits that its predecessor in interest Bayer Pharmaceuticals Corporation tested, distributed, promoted, and/or sold Trasylol® at certain times in and after January 2003 and prior to January 2008.  Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiffs William Campbell or Shirley Campbell and, if so, whether it reached Plaintiffs William Campbell or Shirley Campbell without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is intended to be administered to patients by physicians in accordance with

FDA-approved labeling and is safe and effective when used in accordance with FDA-approved labeling.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in paragraph 90 of the Complaint.

91.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 91 of the Complaint.

92.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 92 of the Complaint.

93.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 93 of the Complaint.

94.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the first paragraph numbered 94 of the Complaint refer, but admits that its predecessor in interest Bayer Pharmaceuticals Corporation tested, distributed, promoted, and/or sold Trasylol® at certain times in and after January 2003 and prior to January 2008.  Bayer HealthCare Pharmaceuticals Inc. admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold. Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to whether Trasylol® was administered to Plaintiffs William Campbell or Shirley Campbell and, if so, whether it reached Plaintiffs William Campbell or Shirley Campbell without substantial change from the condition in which it was sold.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining allegations in the first paragraph numbered 94 of the Complaint.

95.     The first paragraph numbered 95 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare

Pharmaceuticals Inc. admits that Trasylol® is indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery who are at an increased risk for blood loss and blood transfusion and is safe and effective when used in accordance with FDA-approved labeling.  Bayer HealthCare Pharmaceuticals Inc. denies the remaining or inconsistent allegations in the first paragraph numbered 95 of the Complaint.

96.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the first paragraph numbered 96 of the Complaint.

97.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the first paragraph numbered 97 of the Complaint.

98.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the first paragraph numbered 98 of the Complaint.

94.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

95.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the second paragraph numbered 95 of the Complaint.

96.     The second paragraph numbered 96 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable legal duty relating to Plaintiffs' claims and denies the remaining allegations in the second paragraph numbered 96 of the Complaint.

97.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the second paragraph numbered 97 of the Complaint.

98.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in the second paragraph numbered 98 of the Complaint.

99.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 99 of the Complaint, including all subparts thereof.

100.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 100 of the Complaint.

101.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 101 of the Complaint.

102.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 102 of the Complaint.

103.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 103 of the Complaint.

104.    Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

105.    Because of the vagueness of the allegations, Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 106 of the Complaint.

107.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 107 of the Complaint.

108.    Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 108 of the Complaint, including all subparts thereof.

109.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 109 of the Complaint.

110.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 110 of the Complaint.

111.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 111 of the Complaint.

112.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 112 of the Complaint.

113.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

114.     Paragraph 114 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 114 of the Complaint.

115.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 115 of the Complaint.

116.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint.

117.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.     Bayer HealthCare Pharmaceuticals Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint.

119.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 119 of the Complaint.

120.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 120 of the Complaint.

121.     Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to each and every paragraph of the Complaint.

122.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 122 of the Complaint.

123.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 123 of the Complaint.

124.     Paragraph 124 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it or its predecessor in interest Bayer Pharmaceuticals Corporation breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 124 of the Complaint.

125.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 125 of the Complaint, including all subparts thereof.

126.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 126 of the Complaint.

127.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 127 of the Complaint.

128.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 128 of the Complaint.

129.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 129 of the Complaint.

130.     Bayer HealthCare Pharmaceuticals Inc. denies the allegations in paragraph 130 of the Complaint.

131.     Bayer HealthCare Pharmaceuticals Inc. denies liability for any injury alleged in the Complaint and denies that Plaintiffs are entitled to the relief requested in the "Wherefore" clause following paragraph 130 of the Complaint, including all subparts thereof.

132.     Wherever Plaintiffs have incorporated by reference prior allegations in the Complaint, Bayer HealthCare Pharmaceuticals Inc. incorporates by reference its responses to such allegations.

133.     Bayer HealthCare Pharmaceuticals Inc. denies each and every allegation in the Complaint that relates to or is directed to Bayer HealthCare Pharmaceuticals Inc. and its predecessor in interest Bayer Pharmaceuticals Corporation unless such allegations are expressly responded to in this Answer.

## **ADDITIONAL DEFENSES**

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Bayer HealthCare Pharmaceuticals Inc. in this matter.  Bayer HealthCare Pharmaceuticals Inc. accordingly reserves the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Bayer HealthCare Pharmaceuticals Inc. may withdraw any of these additional defenses as may be appropriate. Bayer HealthCare Pharmaceuticals Inc. further reserves the right to amend its answer and

defenses, and to assert additional defenses and other claims, as discovery proceeds.  Further answering, and by way of additional defense, Bayer HealthCare Pharmaceuticals Inc. states as follows:

**Defense No. 1.**    Plaintiffs' Complaint and each and every count contained therein fail to state a cause of action or claim on which relief can be granted against Bayer HealthCare Pharmaceuticals Inc.

**Defense No. 2.**    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**Defense No. 3.**    Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

**Defense No. 4.**    Plaintiffs' Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

**Defense No. 5.**    Plaintiffs' Complaint fails to state a claim for fraud, misrepresentation, deceit, concealment, suppression and/or omission, and fails to allege the circumstances constituting fraud with the required particularity.

**Defense No. 6.**    The alleged damages and injuries, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Bayer HealthCare Pharmaceuticals Inc. or its predecessor in interest Bayer Pharmaceuticals Corporation.

**Defense No. 7.**    Plaintiffs' claims are barred pursuant to Restatement (Second) of Torts § 402A, comment k.

**Defense No. 8.**    Plaintiffs did not suffer any actual injury, loss, or damages because of the alleged use of Trasylol®.

**Defense No. 9.**    The injuries and damages sustained by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and no act or omission on the part of Bayer HealthCare Pharmaceuticals Inc. or its predecessor in interest Bayer Pharmaceuticals Corporation was a proximate or competent producing cause of such alleged injuries or damages.

**Defense No. 10.**    The injuries and damages sustained by Plaintiffs, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, for which Bayer HealthCare Pharmaceuticals Inc. has no legal responsibility.

**Defense No. 11.**    The acts and omissions of Plaintiffs and/or other persons or entities, over whom Bayer HealthCare Pharmaceuticals Inc. and its predecessor in interest Bayer Pharmaceuticals Corporation had no supervision or control and for whose actions and omissions Bayer HealthCare Pharmaceuticals Inc. has no legal responsibility, caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of comparative fault.  Plaintiffs' recovery, if any, therefore is barred or should be reduced and/or apportioned in accordance with applicable law.

**Defense No. 12.**    Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.  To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law or any other applicable law.

**Defense No. 13.**   Plaintiffs' claims are barred because Trasylol® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying Trasylol® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and

instructions.

**Defense No. 14.**   To the extent applicable under governing law, Plaintiffs' claims are barred by the learned intermediary doctrine.

**Defense No. 15.**   Neither Bayer HealthCare Pharmaceuticals Inc. nor its predecessor in interest Bayer Pharmaceuticals Corporation sold or distributed Trasylol® to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint.

**Defense No. 16.**   Plaintiffs' claims for breach of warranty are barred by lack of privity between Plaintiffs on one hand and Bayer HealthCare Pharmaceuticals Inc. and/or its predecessor in interest Bayer Pharmaceuticals Corporation on the other.

**Defense No. 17.**   Plaintiffs' claims for breach of warranty are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty.

**Defense No. 18.**   Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning Trasylol®.

**Defense No. 19.**   Plaintiffs' claims of breach of warranty, express or implied, are barred by Florida law or other applicable law.

**Defense No. 20.**   Plaintiffs' claims of breach of warranty are barred in whole or in part because there is no warranty to a person who is unusually susceptible or unusually allergic to the use of a product.  To the extent Plaintiffs were unusually susceptible or unusually allergic to Trayslol®, Plaintiffs' claims are barred or should be reduced.

**Defense No. 21.**   Plaintiffs' Complaint fails to state a claim on which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, testing, distribution, marketing, and sale of Trasylol®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package

insert and other literature, conformed to the applicable state of the art.  Trasylol®, including its labeling approved by the United States Food and Drug Administration, complied with the state of scientific and medical knowledge available at the time of its design, testing, manufacture, distribution, marketing, and sale.  Plaintiffs' recovery accordingly is barred.

**Defense No. 22.**   Trasylol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, distribution, marketing, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous, and Fla. Stat. § 768.1256 thereby creates a statutory presumption that Trasylol® is not defective or unreasonably dangerous.  Plaintiffs' recovery accordingly is barred.

**Defense No. 23.**   If Plaintiffs sustained the injuries or incurred the expenses as alleged in the Complaint, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of Trasylol®. Plaintiffs' recovery accordingly is barred.

**Defense No. 24.**   Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal government's regulation of the manufacturing, testing, marketing, sale and labeling of prescription drugs.

**Defense No. 25.**   Plaintiffs' claims regarding warnings and labeling are barred by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

**Defense No. 26.**   Plaintiffs cannot state a claim with regard to the warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation

of the United States Food and Drug Administration.

**Defense No. 27.**  This Court should abstain from adjudicating Plaintiffs' claims relating to

warnings and labeling in deference to the interpretation of regulations relating to prescription

drug labeling by the United States Food and Drug Administration.

**Defense No. 28.**  Any claims by Plaintiffs relating to alleged communications with

governmental regulatory agencies are barred in whole or in part under applicable law, including

First and Fourteenth Amendment rights to petition the government.

**Defense No. 29.**  Plaintiffs' claims are barred in whole or in part because the commercial speech

relating to Trasylol® was not false or misleading and is protected under the First and Fourteenth

Amendments to the United States Constitution and applicable state constitutional provisions.

**Defense No. 30.**  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to

mitigate their alleged damages.

**Defense No. 31.**  Plaintiffs' Complaint fails to state a claim upon which relief can be granted as

to costs, attorney fees, expenses, pre-judgment interest, post-judgment interest, or treble

damages.

**Defense No. 32.**  To the extent Plaintiffs have settled or will in the future settle with any person

or entity with respect to the injuries asserted in the Complaint, the liability of Bayer HealthCare

Pharmaceuticals Inc., if any, should be reduced accordingly.

**Defense No. 33.**  Plaintiffs' Complaint fails to state a claim against Bayer HealthCare

Pharmaceuticals Inc. on which relief can be granted for punitive or exemplary damages.

**Defense No. 34.**  Bayer HealthCare Pharmaceuticals Inc. denies any conduct for which punitive

or exemplary damages could or should be awarded and denies that Plaintiffs have produced

evidence sufficient to support or sustain the imposition of punitive damages against Bayer

HealthCare Pharmaceuticals Inc. pursuant to the applicable standards of proof.

**Defense No. 35.**  Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad, would violate Bayer HealthCare Pharmaceuticals Inc.'s constitutional rights as secured by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, and would contravene the prohibition of excessive fines and other provisions of the United States Constitution, the Florida Constitution, and any other applicable state constitution.

**Defense No. 36.**  Plaintiffs cannot recover punitive or exemplary damages against Bayer HealthCare Pharmaceuticals Inc. because such an award, which is penal in nature, would violate Bayer HealthCare Pharmaceuticals Inc.'s rights under the United States Constitution, the Florida Constitution, and any applicable state constitution, unless Bayer HealthCare Pharmaceuticals Inc. is afforded the same procedural safeguards as are criminal defendants.

**Defense No. 37.**  Any imposition of punitive or exemplary damages in this case against Bayer HealthCare Pharmaceuticals Inc. would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute an undue and unreasonable burden on interstate commerce.

**Defense No. 38.**  With respect to Plaintiffs' demand for punitive or exemplary damages, Bayer HealthCare Pharmaceuticals Inc. incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under Florida law or other applicable state law.

**Defense No. 39.**  No act or omission of Bayer HealthCare Pharmaceuticals Inc. or its predecessor in interest Bayer Pharmaceuticals Corporation constituted intentional misconduct or gross negligence, nor was any act or omission of Bayer HealthCare Pharmaceuticals Inc.

outrageous or with ill will, bad motive, or reckless indifference to the interest of consumers, and Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.  Plaintiffs' Complaint seeks damages in excess of those permitted by law. Bayer HealthCare Pharmaceuticals Inc. asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 40.**  Plaintiffs' claim for punitive damages against Bayer HealthCare Pharmaceuticals Inc. cannot be sustained because, in all respects pertinent to this action, Bayer HealthCare Pharmaceuticals Inc. complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using Trasylol®.

**Defense No. 41.**  Plaintiffs' claim for punitive damages against Bayer HealthCare Pharmaceuticals Inc. cannot be sustained to the extent that, prior to the entry of any judgment or award in this case, an award of punitive or exemplary damages has been recovered from Bayer HealthCare Pharmaceuticals Inc. in a court of this state relating to Trasylol®.

**Defense No. 42.**  Plaintiffs' Complaint seeks damages in excess of those permitted by law. Bayer HealthCare Pharmaceuticals Inc. asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 43.**  Bayer HealthCare Pharmaceuticals Inc. preserves all objections and defenses relating to venue.

**Defense No. 44.**  Bayer HealthCare Pharmaceuticals Inc. adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer HealthCare Pharmaceuticals Inc.'s defenses pleaded in this Answer.

**WHEREFORE**, Bayer HealthCare Pharmaceuticals Inc. denies any and all liability with regard to Plaintiffs' claims and respectfully requests that Plaintiffs' claims against it be dismissed with prejudice and that Bayer HealthCare Pharmaceuticals Inc. be awarded such general, further relief as justice may require.

### JURY DEMAND

Bayer HealthCare Pharmaceuticals Inc. respectfully requests that a jury try the issues in this matter.

DATED:  June 21, 2010                              Respectfully submitted,


                                                   /s/  Barbara Bolton Litten
                                                   Patricia E. Lowry (Florida Bar No. 332569)
                                                   Email: plowry@ssd.com
                                                   Barbara Bolton Litten (Florida Bar No. 91642)
                                                   Email: blitten@ssd.com
                                                   **SQUIRE, SANDERS & DEMPSEY L.L.P.**
                                                   1900 Phillips Point West
                                                   777 South Flagler Drive
                                                   West Palm Beach, FL 33401-6198
                                                   Telephone:  561-650-7120
                                                   Facsimile:   561-655-1509

                                                   *Attorneys for Defendant Bayer HealthCare Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

I certify that on June 21, 2010, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

day on all counsel of record or pro se parties identified on the attached Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.


*/s/  Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:10-cv-80635-DMM

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,**
**FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
**& LeCLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott Love
Email: slove@triallawfirm.com
**CLARK, BURNETT, LOVE & LEE G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393/203-226-8088
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Neil D. Overholtz
Email: Noverholtz@awkolaw.com
**AYLSTOCK, WITKIN, KREIS**
**& OVERHOLTZ, P.L.L.C**
803 N. Palafox Street
Pensacola, FL 32501
Telephone:  850-916-7450
Facsimile:  850-916-7449
*Counsel for Plaintiffs William Campbell and*
*Shirley Campbell*