UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION - MDL-1928

This Document Relates To: All Actions
_____/

**ORDER ON PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL OF THIS COURT'S ORDER EXCLUDING DR. PARISIAN'S TESTIMONY**

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Certify Interlocutory Appeal of this Court's Order Excluding Dr. Parisian's Testimony ("Motion") (DE 5792), filed on May 11, 2010. Defendants (hereinafter, collectively, "Bayer") filed a Response in opposition to the Motion (DE 6025). I have reviewed the pertinent parts of the record and am advised in the premises. For the reasons stated below, Plaintiffs' Motion shall be denied.

I.   **Background**

On December 17, 2009, Bayer filed a Motion to Exclude Testimony of Plaintiffs' Expert Suzanne Parisian (DE 3065). After holding a six-hour *Daubert* hearing and thoroughly reviewing Dr. Parisian's Report, I decided that Dr. Parisian's testimony must be excluded in its entirety pursuant to *Daubert* and Federal Rule of Evidence 702. In my Order excluding Dr. Parisian (DE

1

5606), I cited my concern with the testimony provided at the *Daubert* hearing.[1]  I concluded that Dr. Parisian's testimony was due to be excluded for two major, independent reasons.  Order at 32.  "First, most of her testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue.  Second, I find that Dr. Parisian's opinions are unreliable." *Id.*  I noted that "While there is a proper place for expert testimony with respect to FDA regulations in this Case, Dr. Parisian is not an appropriate witness for this testimony." *Id.*

In the instant Motion, Plaintiffs request that I amend my Order to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[2]  In support, Plaintiffs argue that "substantial ground for difference of opinion exists with respect to the admissibility of Dr. Parisian's expert opinions."[3]  Plaintiffs further state that the Order presents a controlling question

---

[1] I wrote that "Dr. Parisian's testimony at the six-hour *Daubert* hearing was problematic in various regards and intensified, rather than alleviated, my concerns.  More specifically, when efforts were made to establish the foundation of her opinions, Dr. Parisian retreated into obfuscation and referenced irrelevant FDA regulations while refusing to answer questions.  It was also apparent that her opinions were often inconsistent.  Moreover, she considered evidence and formed new opinions the night before the *Daubert* hearing.  Much of her testimony was based on her review of internal Bayer documents and lacked any valuable FDA expertise."  Order at 23.

[2] Under 28 U.S.C. § 1292(b), "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal thereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

[3] Plaintiffs refer to various courts that have rejected *Daubert* challenges and permitted Dr. Parisian's testimony.

of law: the Order "incorrectly applies the relevance and reliability standards of Federal Rule of Evidence 702." Finally, Plaintiffs assert that an interlocutory appeal will materially advance the litigation by avoiding numerous duplicative appeals as final judgments are entered in individual cases, eliminating uncertainty in trial preparations and settlement negotiations, and avoiding the expense to litigants and waste of judicial resources in trying numerous cases that are subject to reversal on appeal due to the improper exclusion of Dr. Parisian's testimony.

Bayer responds that Plaintiffs have not met the burden of establishing that the requirements of 28 U.S.C. § 1292(b) are satisfied. According to Bayer, the Court's Order does not involve a controlling question of law but is instead a prototypical exercise of judicial discretion in applying well-established legal standards to the facts. Additionally, the Order does not present substantial ground for difference of opinion as to a controlling question of law. "Plaintiffs do not suggest that there is any disagreement about the applicable legal standard for determining the admissibility of this testimony; rather, the disagreement concerns the Court's exercise of discretion to exclude the particular opinions [Dr. Parisian] has offered in this litigation." (DE 6025 at 6.) Finally, Bayer argues that certifying immediate appeal of the Court's evidentiary ruling would not materially advance the progress of the MDL.

**II.    Analysis**

Appellate review is generally postponed until after the entry of final judgment. There are four statutory criteria for the grant of a petition for interlocutory appeal under 28 U.S.C. § 1292(b): (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable;

3

and (4) its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Unless all criteria are satisfied, the district court may not certify its order for an immediate appeal under § 1292(b). *Id.* at 676. Certification is reserved for truly exceptional cases. *Judicial Watch v. Nat'l Energy Policy Dev.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002). "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Id* (internal quotations and citation omitted).

According to the *Ahrenholz* court, "question of law," as used in 28 U.S.C. § 1292(b),

> has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact. . . . The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

219 F.3d at 676-77. A question of law is distinguishable from "a question of fact or matter for the discretion of the trial court." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal citations omitted). *See also MapInfo Corp. v. Spatial Re-Eng'g Consultants*, 2007 WL 28411, at *2 (N.D.N.Y. Jan. 3, 2007) (finding that the issues raised by the defendant were essentially factual, not legal, because there was no issue as to the *Daubert* rule although its application to the facts may have been in issue).

A question of law is controlling if its resolution will "determine the outcome or even the future course of the litigation." *Judicial Watch*, 233 F. Supp. 2d at 19 (internal citations omitted).

Under § 1292(b), the threshold for establishing that there is a "substantial ground for

4

difference of opinion" with respect to a controlling question of law is a high one.  *Id.*  "A 'substantial ground for difference of opinion' means whether courts espouse different opinions as to the particular question of law, separate and apart from an application of the law to the facts." *Grand Lodge of Pa. v. Peters*, 2008 WL 2790237, at *1 (M.D. Fla. July 18, 2008).  A question of law is not contestable if there is "complete and unequivocal" agreement on that question between the court of appeals and the district court.  *McFarlin,* 381 F.3d at 1258 (internal citation omitted).

Resolution of a legal question may advance the ultimate termination of the litigation if it would serve to avoid a trial or otherwise substantially shorten the litigation.  *Id.* at 1259.

According to the Eleventh Circuit,

> The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.  In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed.  The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.  And the answer to that question must substantially reduce the amount of litigation left in the case.

*Id.*

My Order granting Bayer's Motion to Exclude Testimony of Plaintiffs' Expert Suzanne Parisian did not involve "a controlling question of law as to which there is a substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  It would therefore be improper to amend the Order to certify this matter for interlocutory appeal.

### III.  Conclusion

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Certify Interlocutory Appeal of this Court's Order Excluding Dr. Parisian's Testimony (DE 5792) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of June, 2010.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record