UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION - MDL-1928

This Document Relates To: All Actions
_____/

ORDER ON PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL OF
THIS COURT'S ORDER GRANTING BAYER'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE, TESTIMONY, AND ARGUMENT ALLEGING THAT BAYER PROVIDED
INADEQUATE OR INCOMPLETE DATA TO THE FEDERAL FOOD AND DRUG
ADMINISTRATION

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Certify Interlocutory

Appeal of this Court's Order granting Bayer's Motion *in Limine* to Exclude Evidence, Testimony,

and Argument Alleging that Bayer Provided Inadequate or Incomplete Data to the Federal Food and

Drug Administration ("Motion") (DE 5914), filed on May 19, 2010.  Defendants (hereinafter,

collectively, "Bayer") filed a Response in opposition to the Motion (DE 6127).  I have reviewed the

pertinent parts of the record and am advised in the premises.  For the reasons stated below, Plaintiffs'

Motion shall be denied.

I.      **Background**

In this Court's Order granting Bayer's Motion *in Limine* to Exclude Evidence, Testimony,

and Argument Alleging that Bayer Provided Inadequate or Incomplete Data to the Federal Food and

Drug Administration ("Order") (DE 5763), I framed the issue under consideration as follows.

1

*Buckman* and its progeny deal with the preemption of claims, not evidence.  Therefore, the Court must decide whether testimony or evidence that Bayer failed to adequately or timely provide information to the FDA is relevant to Plaintiffs' state-law claims rather than to a fraud-on-the-FDA claim that would be preempted by *Buckman*.  In other words, *Buckman* informs the relevance analysis.

Order at 25.  I decided that

[E]vidence or testimony that Bayer failed to adequately or timely provide information to the FDA pursuant to FDA reporting obligations that run to the FDA, such as § 314.80, is generally irrelevant to Plaintiffs' state-law claims and thus inadmissible.  Such evidence or testimony would instead be relevant to a fraud-on-the-FDA claim that is preempted by *Buckman*. . . . [T]his relevance determination may be altered depending on what unfolds at trial and the state-specific issues presented in each Case.  At this moment, I am unable to entirely foreclose the possibility that the evidence and testimony at issue may become relevant at some point during any of the trials in this MDL.

Order at 27, 29-30 (internal footnotes omitted).

In the instant Motion, Plaintiffs request that I amend my Order to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1]  In support, Plaintiffs argue that the Order presents a controlling question of law and an issue of first impression within the Eleventh Circuit: "whether the holding in *Buckman* that fraud-on-the-FDA claims are pre-empted by the FDCA can properly be extended to exclude evidence of a drug maker's communications with the FDA in support of state law claims."[2]  (DE 5914 at 2.)  According to Plaintiffs, the Order's holding will

_____

[1] Under 28 U.S.C. § 1292(b), "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal thereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

[2] Plaintiffs note that courts have recognized that preemption issues involve the interpretation of state and federal statutes or regulations and thus satisfy the certification

impact the discovery and trial progression of cases in the MDL. (DE 5914 at 3.) While Plaintiffs argue that substantial ground for difference of opinion exists with respect to whether *Buckman* preempts evidence of a drug manufacturer's dealings with the FDA when offered as evidence in support of state-law claims, they cite to district courts that have disagreed on whether state failure-to-warn claims were preempted by the FDCA and FDA regulations. Finally, Plaintiffs argue that an interlocutory appeal will materially advance the ultimate resolution of the many actions in the MDL by:

> (1) saving the time of the Court and sparing the expense to the parties of collecting and preparing evidence if the use of such evidence is actually pre-empted; (2) eliminating uncertainty in trial preparations and settlement negotiations resulting from questions regarding the propriety and vulnerability of the controversial pre-emption ruling; (3) avoiding the likelihood that, because of the significance of the issue to this litigation, numerous transferor courts will be faced with pre-emption related trial motions and motions to certify pre-emption issues; and (4) avoiding the expense to litigants and waste of judicial resources in trying numerous cases that are subject to reversal on appeal due to the improper exclusion of evidence regarding Bayer's dealings with the FDA.

(DE 5914 at 6.)

Bayer responds that the Motion should be denied because Plaintiffs have not met the burden of establishing that the requirements for interlocutory appeal under 28 U.S.C. § 1292(b) are satisfied. According to Bayer, the Court's Order is an evidentiary ruling that may be altered at trial; certification of this issue is premature. Bayer argues that this Court's evidentiary ruling does not involve a controlling question of law: interlocutory review of the Plaintiffs' question "would not be controlling here given the contingent nature of the ruling, which may be altered depending on the circumstances presented in individual cases." (DE 6127 at 2.) While Bayer posits that a legal determination regarding the scope of *Buckman* may be implicated by the Court's ruling, "the Order

_____

requirement that there be a controlling question of law. (DE 5914 at 2.)

3

turned on a relevance assessment," which is within a trial court's discretion and is not the type of legal determination that should receive immediate appellate review.  (DE 6127 at 3.)  Bayer asserts that "Plaintiffs' contention that other courts have certified preemption issues for interlocutory review ignores the fact that those decisions involved the separate issue of whether federal law provides a preemption defense to plaintiffs' state-law claims–not *Buckman* issues."  (DE 6127 at 3.)  Bayer's Motion *in Limine* did not argue that issue and the Court's ruling did not address that legal question. (DE 6127 at 4.)  Bayer also responds that the Order necessarily does not present "a substantial ground for difference of opinion" as to a controlling question of law because it does not involve any controlling question of law.  (DE 6127 at 4.)  Rather, Plaintiffs cite to contradictory opinions on a legal question that is not addressed in the Order: whether the FDCA and FDA regulations provide a preemption defense to state-law tort claims.  (DE 6127 at 4-5.)  Finally, Bayer states that immediate appeal would not materially advance the progress of the MDL.  "Because the Court's *in limine* ruling may be modified based on the evidence and argument presented at trial, it is doubtful the Eleventh Circuit could even decide the issue without the benefit of a full trial record."  (DE 6127 at 5.)

## II.      Analysis

Appellate review is generally postponed until after the entry of final judgment.  There are four statutory criteria for the grant of a petition for interlocutory appeal under 28 U.S.C. § 1292(b): (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation.  *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).  Unless all criteria are satisfied, the district court may not certify

its order for an immediate appeal under § 1292(b).  *Id.* at 676.  Certification is reserved for truly

exceptional cases.  *Judicial Watch v. Nat'l Energy Policy Dev.*, 233 F. Supp. 2d 16, 20 (D.D.C.

2002).  "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome

the strong congressional policy against piecemeal reviews, and against obstructing or impeding an

ongoing judicial proceeding by interlocutory appeals."  *Id* (internal quotations and citation omitted).

According to the *Ahrenholz* court, "question of law," as used in 28 U.S.C. § 1292(b),

> has reference to a question of the meaning of a statutory or constitutional provision,
> regulation, or common law doctrine rather than to whether the party opposing summary
> judgment had raised a genuine issue of material fact. . . . The idea was that if a case turned
> on a pure question of law, something the court of appeals could decide quickly and cleanly
> without having to study the record, the court should be enabled to do so without having to
> wait till the end of the case.

219 F.3d at 676-77.  A question of law is distinguishable from "a question of fact or matter for the

discretion of the trial court."  *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir.

2004) (internal citations omitted).  *See also MapInfo Corp. v. Spatial Re-Eng'g Consultants*, 2007

WL 28411, at *2 (N.D.N.Y. Jan. 3, 2007) (finding that the issues raised by the defendant were

essentially factual, not legal, because there was no issue as to the *Daubert* rule although its

application to the facts may have been in issue).

A question of law is controlling if its resolution will "determine the outcome or even the

future course of the litigation."  *Judicial Watch*, 233 F. Supp. 2d at 19 (internal citations omitted).

Under § 1292(b), the threshold for establishing that there is a "substantial ground for

difference of opinion" with respect to a controlling question of law is a high one.  *Id.*  "A 'substantial

ground for difference of opinion' means whether courts espouse different opinions as to the

particular question of law, separate and apart from an application of the law to the facts."  *Grand*

*Lodge of Pa. v. Peters*, 2008 WL 2790237, at *1 (M.D. Fla. July 18, 2008).  A question of law is not contestable if there is "complete and unequivocal" agreement on that question between the court of appeals and the district court.  *McFarlin,* 381 F.3d at 1258 (internal citation omitted).

Resolution of a legal question may advance the ultimate termination of the litigation if it would serve to avoid a trial or otherwise substantially shorten the litigation.  *Id.* at 1259.

According to the Eleventh Circuit,

> The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.  In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed.  The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.  And the answer to that question must substantially reduce the amount of litigation left in the case.

*Id.*

In *Control Data Corp. v. Int'l Bus. Machs. Corp.,* the Eighth Circuit considered the district court's decision to certify for interlocutory appeal the pretrial "order striking all references contained in the various complaints to the 1935 and 1956 [consent] decrees [entered against IBM in antitrust litigation with the federal government] and the concomitant prayers for relief," and "the order heretofore made, and as clarified herein, providing that evidence of the said decrees will not be admitted in evidence and no reference thereto shall be permitted at trial."[3]  421 F.2d 323, 325 (8th Cir. 1970).  The Eighth Circuit, guided by the principle that permission to allow interlocutory appeals pursuant to 28 U.S.C. § 1292(b) should be granted sparingly, was

---

[3] The District Court in Minnesota, the district court in issue, was the transferee court for consolidated pretrial proceedings under 28 U.S.C. § 1407 by order of the Judicial Panel on Multidistrict Litigation.

6

persuaded that an early ruling on the points certified by the district court could only be hypothetical or advisory as to what may or may not be admissible in the actual trial itself. . . . [W]hether reference to the consent decrees may be made or whether the decrees themselves are admissible in evidence cannot be decided by this court at this time upon a record that is yet to be made. . . .   The district court's order also prohibits any reference at trial to the consent decrees since it would prejudicially implant in the minds of the jury the idea that there had been a prima facie violation of the antitrust laws.  However, we hold that a determination by this court as to whether or not there is 'prejudicial' reference to the decrees must await the full context of such reference. . . . Whether such ruling is prejudicially erroneous depends upon the factual proof elicited at trial and cannot be ruled upon here.  We cannot say, at the pleading stage, that such a ruling is a controlling question of law which may advance the ultimate termination of the litigation.  In effect, plaintiffs seek an advisory opinion as to their right to make reference to the consent decrees, before we know what the reference will be or the context of the subject matter surrounding it. . . . [A] trial court has a great latitude in ruling on the admissibility of evidence. [] [D]etermination of legal relevance is also an act of discretion not to be disturbed absent a clear showing of abuse. . . . In essence we hold that at the pleading stage, the issue of the proposed evidentiary admissibility lacks ripeness for decision. . . . [I]t is premature for an appellate court to decide whether or not the ruling was prejudicially erroneous.  This requires a complete record. . . . Appellate courts cannot waste their time on problems that may never arise or speculate on how the problem will arise.

*Id.* at 325-27.  Based on this reasoning, the Eighth Circuit denied permission to docket the appeal under § 1292(b); it refused to decide the evidentiary value of the consent decrees until the parties were allowed to fully develop what the evidentiary value might be.  *Id.* at 327-28 (noting that questions relating to the admissibility of evidence must ultimately relate to the trial court's actual ruling in view of the record).

My Order granting Bayer's Motion *in Limine* to Exclude Evidence, Testimony, and Argument Alleging that Bayer Provided Inadequate or Incomplete Data to the Federal Food and Drug Administration did not involve "a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b).  Rather, the Order involved an evidentiary ruling regarding relevance, a matter that is within this Court's discretion.  While *Buckman* informed the Court's relevance analysis, the cases cited by Plaintiffs are inapposite.  *See, e.g., Knipe v.*

7

*SmithKline Beecham*, 583 F. Supp. 2d 553, 599-601 (E.D. Pa. 2008) (finding that the issue presented, "whether the FDA effectively preempted a state law claim for failure to warn of the risk of suicide by pediatric users of Paxil," was a controlling question of law on which there was a substantial ground for difference of opinion, and that interlocutory appeal would materially advance the termination of the litigation) ("Should the Third Circuit reverse this Court's decision on preemption, the entire case will be dismissed and none of these additional aspects of the litigation need occur.").  It was clearly established in the Order that "Bayer does not claim that Plaintiffs should be precluded from arguing that Bayer knew certain information, which triggered a state-law duty to warn Plaintiffs' prescribing physicians," and "Bayer does not argue that Plaintiffs' state-law claims are otherwise preempted."  Order at 9, 26.  I found that

> Plaintiffs are simply incorrect in arguing that 'Bayer's improper expansion of the *Buckman* case would unjustifiably preclude Plaintiff from providing essential and relevant evidence that demonstrates Bayer's knowledge regarding the harms of Trasylol.'  This Order in no way limits evidence or testimony demonstrating Bayer's knowledge regarding the harms of Trasylol.  Rather, it limits evidence or testimony demonstrating Bayer's failure to report such knowledge *to the FDA*.

Order at 29.

Further, appellate review of this issue is premature as I specifically stated that my relevance determination could be altered depending on what unfolded at trial and the state-specific issues presented in each Case.  Order at 29-30.  Therefore, it would be improper to amend the Order to certify this matter for interlocutory appeal.

8

III.    **Conclusion**

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Certify Interlocutory Appeal of this Court's Order granting Bayer's Motion *in Limine* to Exclude Evidence, Testimony, and Argument Alleging that Bayer Provided Inadequate or Incomplete Data to the Federal Food and Drug Administration (DE 5914) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of June, 2010.

_____

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE


Copies to:        Counsel of Record