UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions.

### PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT PAUL WAYMACK, M.D.

Defendants' Opposition (D.E.6272 in 1:08-md-01928) is an unsuccessful and misleading attempt to harmonize the testimony of Dr. Waymack and the holding in *Wyeth v. Levine*. Though defendants argue that Plaintiffs' motion is merely "manufacturing" those inconsistencies, in fact, courts have continued to recognize the discrepancies between this expert's opinion and the law in *Levine* as recently as June 18, 2010.

First and foremost is the alleged "threshold issue" as to whether the motion *in limine* was in fact the proper vehicle through which to request relief for this issue. Plaintiffs moved to exclude the testimony of Dr. Waymack because his opinions are, admittedly, contrary to the law and principles set forth by the United States Supreme Court in *Wyeth v. Levine*, 129 S.Ct. 1187 (2009). Mot. at 1.  Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  For the reasons categorically delineated in Plaintiffs' motion and further supported by reasons stated below, Dr. Waymack's opinion testimony is misleading, unreliable and will not assist the trier of fact and should therefore be excluded in its entirety.  A motion *in limine* is a proper vehicle to exclude evidence that is misleading and unreliable.

Defendants also argue that Plaintiffs' motion is untimely, by taking this position, defendants willfully disregard one of the twin goals of the multidistrict litigation process. The goal of the MDL is to "promote the just and efficient conduct" of "civil actions involving one or more common questions of fact" that are pending in different districts. 28 U.S.C. § 1407(a). In order to properly handle this complex task, district courts have "broad discretion in determining how to perform its gatekeeper function." *Richter v. Home Depot, U.S.A., Inc.,* No. 8:05-cv-2153-T-TBM, 2009 WL 2914256, *3 (M.D. Fla. Aug. 4, 2009) (holding that it is within the court's discretion to hear even untimely *Daubert* objections). Furthermore, in order to balance the need for just conduct with the need for efficient conduct, the court has broad discretion to "get cases decided on the merits of issues that are truly meritorious and in dispute." *In re Phenylpropanolamine* (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227. At this point in the litigation, a request to evaluate the reliability of Dr. Waymack's opinions is not untimely and will not prejudice the defendants. This motion does not come on the eve of trial, nor does it interfere with any imminent trial deadlines. Defendants' hollow procedural argument is no doubt an attempt to detract from the substantive hurdles they are unable to overcome. Dr. Waymack's opinions must be excluded because they are inconsistent with the law and are therefore misleading and unreliable.

Second, defendants argue that plaintiff's have mischaracterized Dr. Waymack's testimony in order to create "the appearance of a conflict with *Levine.*" (Response at 6). This position ignores the plain language of Dr. Waymack's testimony and the opinions of at least one court in the Gadolinuim MDL which characterized Dr. Waymack's testimony as a "blatant disregard of the Supreme Court's pronouncements in *Wyeth.*" One need look no further than the

previously cited testimony of Dr. Waymack himself to judge whether Plaintiff's have improperly mischaracterized his testimony:

> Q. Do you disagree with the United States Supreme Court in the way they've interpreted the regulations as reflected in the opinion *Wyeth v. Levine*?
>
> A. I—based on my experience working at the FDA and with the FDA, I find my experience is consistent not with the majority opinion but with the minority opinion of Alito.

*See In re Gadolinium* 2010 WL 1796334 at 30; (N.D. Ohio May 4, 2010) and Waymack Depo. at 149:2-9. The only mischaracterization is on the part of defendants in futile attempts to synchronize Dr. Waymack's opinions with *Levine*. In fact, on June 18, 2010, the court in *In re Gadolinium* unequivocally stated that the following opinions held by Dr. Waymack "plainly contradict[ed]" *Levine*:

> [T]he FDA is the ultimate authority on information in the label, the FDA possesses a significant advantage over the manufacturer in evaluating safety information about the manufacturer's drug, the FDA can require the manufacturer to change its label to reflect updated safety information, and the manufacturer must follow the dictates of the FDA regarding the content of the labeling[.]

*In re Gadolinium* at *19 (N.D. Ohio June 18, 2010). Accordingly, the *In re Gadolinium* court excluded Dr. Waymack's testimony on the above issues. As highlighted in Plaintiffs' original motion, Dr. Waymack's conflict with *Wyeth* is intrinsic; and stems not from wily questioning as defendants insinuate, but rather is a reflection of his disagreement with the fundamental concept in *Wyeth*: that the FDA's standards set a floor for a drug company's conduct, not a ceiling. *Wyeth*, 129 S.Ct. at 1202.

> Q. Do you agree with me that the FDA's standards are minimum standards?
>
> A. No.

Waymack Depo. at 36:18-20.  When faced with such a blunt conflict with the Supreme Court's opinion, there is no room for interpretation or qualification. The only mischaracterization of Dr. Waymack's testimony lies in the many pages of defendants' response; a response whose only real objective was to bury the preceding statement.

Defendants' opposition argument also grossly misrepresents the extent of the ruling in the June 18, 2010 Memorandum of Opinion and Order in *In re Gadolinium* (N.D. Ohio June 18, 2010). *See* Def. Resp. at Ex. "A." The Memorandum of Opinion and Order was issued in response to one of the defendant's motions for reconsideration. What defendants in this case attempt to characterize as a reversal is, in fact, merely a partial modification.  The court stated in its initial opinion, "Dr. Waymack's opinions are misleading because they attempt to minimize the manufacturer's role in the labeling process and therefore should not be presented to the trier of fact." *In re Gadolinium*, 2010 WL 1796334 at *30 (N.D. Ohio May 4, 2010).  Contrary to defendants assertion that the court in *In re Gadolinium* reversed itself in light of a "mistaken" view that Dr. Waymack's opinions contravened *Wyeth v. Levine*, the court remained unflinching in its holding that Dr. Waymack's opinions "plainly contradicts the Supreme Court[]" and his testimony was properly excluded.  *See* Def. Resp. at Ex. A, p. 20.

Defendants erroneously use *In re Gadolinium* to argue that this court is limited to providing "at most" partial exclusion of Dr. Waymack's testimony because that court modified its order to exclude Dr. Waymack's testimony in its entirety.  While the court in *In re Gadolinium* modified its order to exclude Dr. Waymack's testimony on labeling obligations, the exclusion is partial because the "[p]laintiffs did not seek the wholesale exclusion of his testimony." *Id.*  Thus, the court did not exclude his testimony in its entirety because doing so

exceeded the scope of the requested relief. In this matter, Plaintiffs' motion *in limine* does not suffer from the same limitations and specifically and appropriately requests complete exclusion.

For all these reasons and those stated in Plaintiffs' Motion, Plaintiffs respectfully request that this Court grant their Motion and exclude Dr. Waymack's testimony in its entirety, as his opinion testimony is misleading, unreliable and will not assist the trier of fact.

DATED: June 28, 2010.

                Respectfully submitted,

                /s/
                Theodore Babbitt (Florida Bar No. 91146)
                Email: tedbabbitt@babbitt-johnson.com
                Joseph Osborne (Florida Bar No. 880043)
                Email: JAOsborne@babbitt-johnson.com
                Babbitt, Johnson, Osborne
                & LeClainche, P.A.
                1450 Centerpark Blvd., Suite 100
                West Palm Beach, FL 33401
                Telephone: (561) 684-2500
                Facsimile: (561) 684-6308

                ***Liaison Counsel for Plaintiffs and Plaintiffs' Steering Committee***

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on the following counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by mailing the same to the offices of said counsel by United States mail, postage prepaid.

                /s/
                Theodore Babbitt

SERVICE LIST
In re Trasylol Products Liability Litigation – MDL-1928
Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON
United States District Court
Southern District of Florida

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Scott Love
Email:  slove@triallawfirm.com
**Clark, Burnett, Love & Lee, G.P.**
440 Louisiana St., Ste. 1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Plaintiffs' Steering Committee/Co-Lead Counsel*

Philip S. Beck
Email:  philip.beck@bartlit-beck.com
Steven E. Derringer
Email:  steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL 60610
Telephone:  312-494-4400
Facsimile:  312-494-4440
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

Eugene A. Schoon
Email:  eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036
*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG*

- 7 -

| | |
|---|---|
| Patricia E. Lowry<br>Email: plowry@ssd.com<br>Barbara Bolton Litten<br>Email: blitten@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY, L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6198<br>Telephone: 561-650-7200<br>Facsimile: 561-655-1509<br>*Liaison Counsel for Defendants and Attorney for Defendants Bayer Corporation, Bayer Healthecare Pharmaceuticals, Inc., Bayer Healthcare LLC, and Bayer Schering Pharma AG* | Richard K. Dandrea, Esq.<br>Email:  rdandrea@eckertseamans.com<br>**ECKERT SEAMANS CHERIN & MELLOTT, LLC**<br>U.S. Steel Tower<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>Telephone:  412-566-6000<br>Facsimile:   412-566-6099<br>*Defendants Co-Lead Counsel and Attorney for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer AG, and Bayer Healthcare AG* |