UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01928-CIV-MIDDLEBROOKS

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION - MDL - 1928

This Document Relates to:

*Roberts v. Bayer Corp.,*
Case No. 9:08-cv-80401-DMM
_____/

## ORDER GRANTING DEFENDANT BAYER'S MOTION TO TAX COSTS

THIS CAUSE comes before the Court upon Defendant Bayer's Motion to Tax Costs, Bill of Costs and Supporting Memorandum of Law ("Motion") (DE 5437 in 08-01928; DE 106 in the original case 08-80401) filed on April 14th, 2010. Plaintiff filed her Response in Opposition to, and Motion to Stay Determination of, Defendant Bayer's Motion to Tax Costs ("Opposition" or "Response") (DE 5776 in 08-01928; DE 112 in 08-80401) on May 10th, 2010. Defendant ("Defendant" or "Bayer") filed its Reply in Support of Motion to Tax Costs ("Reply") (DE 5880 in 08-01928; DE 113 in 08-80401) on May 18th, 2010. The Court has reviewed the Motion, the Response, the Reply and all pertinent material in the file and is otherwise fully advised in the premises. For the reasons stated below, the Motion is granted.

### I. Background

This Court granted Bayer's Motion for Summary Judgment in this case on March 5th, 2010 (DE 4672 in 08-01928; DE 101 in 08-80401) and entered the Final Judgment against the Plaintiff on March 15th, 2010 (DE 4843 in 08-01928; DE 103 in 08-80401). Plaintiff filed the Notice of Appeal (DE 5363 in 08-01928; DE 104 in 08-80401)[1] on April 8th, 2010.

---

[1] This Order will refer to the documents by their docket entry number in the MDL case 08-01928.

### A. Defendant's Motion to Tax Costs (DE 5437)

In the instant Motion to Tax Costs, Defendant argues that as the prevailing party in the action it is entitled to be awarded costs pursuant to the Federal Rule of Civil Procedure 54(d) and Rule 7.3 of the Local Rule for the Southern District of Florida. In particular, the Bill of Costs (DE 5437-1) and the Motion break down the total costs of $14,184.02 as follows:

- $535.00 for fees of the process server
- $8,064.10 for the court reporter fees for all or part of the stenographic transcript necessarily obtained for use in this case relating to the depositions of six witnesses (Plaintiff, Plaintiff's husband, three of Plaintiff's key treating medical providers and Plaintiff's expert) and not including court reporter's charges for ASCII disks and "real time" reporting)
- $5,384.92 for fees for the copies, which were necessarily obtained in this case
- $200.00 for witness fees.

### B. Plaintiff's Response in Opposition (DE 5776)

Plaintiff argues that this Court should either "(1) stay any ruling on Bayer's Motion pending resolution of the appeal of the summary judgment order, or (2) stay execution of any order taxing costs to the Plaintiff pending resolution of the appeal of the summary judgment order." Plaintiff further asserts that Bayer's Bill of Costs contains the following duplicative and unnecessary charges obtained only for the convenience of counsel, which thus cannot be properly taxed to the Plaintiff:

- Cost of the second set of Plaintiff's x-ray films from Orlando Regional Medical Center of $491

- Cost of the second set of Plaintiff's pathology slides from Orlando Regional Medical Center of $75
- Cost of the second and third sets of Plaintiff's medical records from Orlando Heart Center of $209.

Plaintiff also argues that stay of the execution of an order to tax costs, which could be of an amount not insignificant to the Plaintiff, will result in no harm to Bayer, a multi-billion dollar corporation.

### C. Defendant's Reply (DE 5880)

In the Reply, Bayer argues that the motion to stay should be denied since Bayer is the prevailing party notwithstanding the pending appeal. Bayer also states that all objected costs were necessary and therefore recoverable. The second sets of copies of the x-rays and pathology slides were obtained in anticipation of providing a copy to the expert. Bayer points out that invoices that were provided with the Motion show that the medical records from Orlando Heart Center were not duplicates of the same records: one invoice is for the Plaintiff's echocardiogram (page 38 of DE 5437-1); another is for Plaintiff's treatment records through September 2008 (page 40 of DE 5437-1); and the final invoice is for the Plaintiff's treatment records after September 2008 (page 39 of DE 5437-1). Thus, according to Bayer, all costs of $14,184.02 were necessarily and reasonably incurred and should be taxed to the Plaintiff.

### II. Discussion

### A. Stay

The Court can consider the issue of costs while an appeal is pending and finds that no stay should be granted in this case. A district court has jurisdiction to tax costs after a notice of appeal has been filed. *Rothenberg v. Security Management*, 677 F.2d 64, 64 (11th Cir.

1982). Therefore, costs can be taxed while an appeal is pending. *Ward v. Nierlich*, 99-14227-CIV-MOORE/SIMONTON, 2008 U.S. Dist. LEXIS 61519, at *6 (S.D. Fla. July 25, 2008) citing *Rothenberg*, 677 F.2d at 64. Stays on the collection of cost awards are not routinely granted. *State Contracting & Eng'g Corp. v. Florida*, 97-7014-CIV, 2001 WL 36102762 (S.D. Fla. June 1, 2001) (holding that since no evidence of intervening law was presented to call into question the district court's order granting summary judgment no stay was warranted).

In this case, the Motion to Tax Costs can be considered and ruled on notwithstanding the pending appeal and no stay of the execution is necessary. The cases that Plaintiff relies on in support of her position either provide no explanation of the courts' reasoning for granting the stay or are distinguishable and thus are not persuasive. *See Eggleston v. Bradshaw*, 02-80555-CIV, 2007 WL 1760912, at *1 (S.D. Fla. June 18, 2007) (no reasoning); *Klayman v. Freedom's Watch, Inc.*, 07-22433-CIV, 2008 WL 4194881 (S.D. Fla. Sept. 12, 2008) (no reasoning); *Autry Petroleum Co. v. BP Prod. N. Am.*, 4:05-CV-113 (CDL), 2008 WL 693800, at *2 (M.D. Ga. March 12, 2008) (no reasoning); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 97-7014-CIV, 2002 WL 34365828 (S.D. Fla. Aug. 28, 2002) (no reasoning); *Hetrick v. Ideal Image Dev. Corp.*, 8:07-cv-871-T-33TBM, 2009 WL 413533 (M.D. Fla. Feb. 18, 2009) (the court found that the interests of the parties and the court would be best served by granting a stay of consideration of the request for attorney's fees and costs, however, the case dealt primarily with the issue of entitlement to attorney's fees under Florida statutes).

Plaintiff argues that "equity favors waiting for a final resolution of the summary judgment Order that entitles Bayer to seek costs from the Plaintiff prior to imposing the burden of paying such costs upon her" since Bayer, a large corporation, will suffer no harm in having to wait to collect roughly $14,000 in costs. Response at 3 (DE 5776). However, it is not inequitable to proceed in this case without waiting for the resolution of the appeal.

Plaintiff chose to litigate this case and to engage Bayer as the Defendant. As will be discussed below, it is well settled in federal law that costs can be taxed against the non-prevailing party. Thus, no stay is warranted in this case.

### B. Taxation of costs

Costs should be taxed to the Plaintiff as requested by the Defendant since all costs were necessarily and reasonably incurred during litigation. Federal Rule of Civil Procedure 54(d) states in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Thus, the prevailing party is presumed to be entitled to costs. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556-57 (11th Cir. 1984). Plaintiff does not challenge Bayer's status as the prevailing party in this case.

An item is recoverable as a cost under Rule 54(d) if it is enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441, 107 S.Ct. 2494, 2497 (1987). Section 1920 states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for the use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Here, Bayer filed the proper Bill of Costs and its compliance with the procedure is not challenged. Further, Plaintiff does not argue that Bayer seeks to tax costs that are not enumerated in the statute. Thus, Bayer established that it is presumptively entitled to costs.

Plaintiff only challenges the costs of the extra copies of the x-rays ($491), pathology slides ($75), and medical records from Orlando Heart Center ($209) as unnecessary and obtained for counsel's convenience only. In deciding entitlement to copy costs, the court must determine whether these costs were necessarily obtained for use in the case and were reasonable at the time they were taken. *U.S. Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Defendant stated that second sets of x-rays and pathology slides were obtained to be provided to the expert. The Court finds this use necessary and reasonable. Further, upon examination of the invoices Bayer attached to the Bill of Costs, the Court agrees that the records obtained from Orlando Heart Center were not duplicates, and these costs were necessarily and reasonably incurred. Thus, the costs should be taxed to the Plaintiff as requested by the Defendant.

### III. Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant Bayer's Motion to Tax Costs (DE 5437 in 08-01928; DE 106 in 08-80401) is **GRANTED** and costs in the amount of $14,184.02 are taxed to the Plaintiff.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 16 day of July, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE