**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS<br>LIABILITY LITIGATION — MDL-1928<br><br>THIS DOCUMENT RELATES TO:<br><br>  *Frank Brady* v. *Bayer Corp. et al.*,<br>  Case No. 9:08-cv-80789<br><br>  *John Dodge* v. *Bayer Corp. et al.*,<br>  Case No. 9:08-cv-80788<br><br>  *Jerry Huskey* v. *Bayer Corp. et al.*,<br>  Case No. 9:08-cv-80791<br><br>  *Donna Rogers* v. *Bayer Corp. et al.*,<br>  Case No. 9:08-cv-80785 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO STRIKE THE EXPERT
REPORTS OF PETER ROST AND TO BAR HIS TESTIMONY**

Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Schering Pharma AG hereby move, pursuant to Federal Rules of Civil Procedure 26 and 37, Pretrial Order No. 6 ("PTO 6") (Sept. 19, 2008), Pretrial Order No. 12 ("PTO 12") (Mar. 16, 2009), and Pretrial Order No. 13 ("PTO 13") (July 21, 2009), to strike the expert reports of Peter Rost submitted by plaintiffs in these four cases and to bar him from testifying.

The four identical reports are nothing more than generic expert reports containing Dr. Rost's opinions about the legal, regulatory, and ethical duties of pharmaceutical companies. *See* Ex. A (attaching the identical reports of Dr. Rost in these four cases). As such, these reports are one year overdue. To the extent plaintiffs intend to offer Dr. Rost as the replacement generic expert for Drs. Suzanne Parisian and Curt Furberg, his report should be adopted as such by the

Plaintiffs' Steering Committee ("PSC") and made to comply with this Court's Order pertaining to this substitute expert. *See* Order Granting Mot. for Leave to File Supplemental Generic Expert Report (D.E. 6807) (Aug. 6, 2010).[1]

## BACKGROUND

On September 18, 2008, this Court adopted PTO 6 establishing a plan to manage expert witness discovery and motions practice in this litigation. *See* PTO 6. PTO 6 recognizes that in an MDL, while some expert testimony will have a generic character with potential relevance to all cases, other experts will opine only on plaintiff-specific issues. To permit the orderly and efficient progression of this MDL, and to avoid duplicative expert discovery, the parties agreed, and this Court ordered, that generic expert discovery for "expert witnesses who will offer opinions on issues of general applicability," PTO 6 § I.A, would be available to all parties in every case, and that "case-specific experts" would therefore be "limited to opinions concerning the individual Plaintiff," *id.* § III.C.[2] In recognition of the clear distinction between case-specific experts and generic experts, PTO 6 set separate schedules for each type of expert discovery. While case-specific expert discovery is ongoing as groups of cases proceed towards trial or remand, generic expert discovery was concluded long ago. *See id.*; PTO 13 §§ I.A, I.K.i

---

[1] In moving to strike, defendants in no way concede that Dr. Rost's opinions are otherwise admissible. If his report is permitted, defendants reserve their right to depose Dr. Rost and to file a motion challenging the admissibility of his opinion under the Federal Rules of Evidence and *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[2] Where a case-specific expert actually gives opinions about individual plaintiffs, he may not be prohibited "from offering testimony that may overlap with testimony from a Generic Expert," if "(a) the Generic Expert's opinion has not been excluded under *Daubert* or other rulings in this MDL; and (b) the testimony of the case-specific expert (i) is no broader than the testimony of the Generic Expert permitted by the MDL court; (ii) does not introduce any new theories or additional bases for the opinions of the Generic Expert; (iii) is relevant to the issues as to which the case-specific testimony is proffered; and (iv) is otherwise permissible under the Federal Rules of Evidence and applicable case law." PTO 6 § III.C. Dr. Rost does not meet the predicate for these requirements because he fails to offer a single case-specific opinion.

(establishing schedule that plaintiffs' generic expert reports were due on August 18, 2009, depositions of generic experts were completed by October 20, 2009, and defendants' *Daubert* motions were filed by January 22, 2010).

Plaintiffs in these four cases filed their complaints on July 16, 2008, and were later designated as "Group 4" cases. *See* Pretrial Order No. 16 ("PTO 16") (Nov. 13, 2009). As such, plaintiffs' deadline to submit case-specific experts was August 13, 2010. *See* Pretrial Order No. 21 ("PTO 21") (June 17, 2010). Within the time permitted, plaintiffs each served what purported to be their case-specific expert reports. Although the other expert reports disclosed by these plaintiffs contained opinions concerning the individual plaintiff, the reports from Dr. Rost do not. Dr. Rost does not mention any individual plaintiff, let alone Bayer or Trasylol. His report opines only on issues of general applicability, such as his opinions on "industry standards for drug companies" and "how a reasonable, prudent, drug company behaves in this industry." Report at 1 (Ex. A).

## ARGUMENT

### I. DR. ROST'S "CASE-SPECIFIC" EXPERT REPORT IS NOTHING MORE THAN AN UNTIMELY GENERIC EXPERT REPORT.

The Court should strike Dr. Rost's expert report and bar his testimony. Although plaintiffs label Dr. Rost's report "case-specific," it addresses only generic subjects, and the deadline for disclosing generic experts lapsed more than a year ago. Under this Court's orders, although generic experts may offer opinions on "issues of general applicability," PTO 6 § I.A, "[c]ase-specific experts shall be limited to opinions concerning the individual Plaintiff (or such Plaintiff's decedent or represented party)," *id*. at § III.C. Dr. Rost's reports do not mention any of the plaintiffs or any of the facts or issues in their individual claims. Indeed, Dr. Rost does not even discuss Trasylol or Bayer, but gives only the most general and generic views about the

3

pharmaceutical industry.  As such, Dr. Rost is offering opinion testimony solely on "issues of general applicability."  PTO 6 § I.A.

As a generic expert, Dr. Rost's report is untimely.  Under this Court's pretrial orders, plaintiffs were required to identify all generic expert witnesses and provide reports by August 18, 2009.  *See* PTO 13 § I.A.  But plaintiffs did not submit Dr. Rost's report until August 11 and 13, 2010—nearly a year after the deadline.

Because Dr. Rost's disclosure is untimely, it should be excluded.  Federal Rule of Civil Procedure 26(a)(2)(C) requires the disclosure of expert witnesses and their reports "at the times and in the sequence that the court orders."  Failure to comply with a court-ordered expert disclosure deadline precludes a party from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 37 Advisory Committee Notes (explaining that the rule "provides a *self-executing* sanction for failure to make a disclosure required by Rule 26(a) . . . Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1).").  Under the plain language of the Rules, Dr. Rost's untimely generic expert report should be excluded.

In addition, district courts in the Eleventh Circuit deciding whether to permit the presentation of untimely evidence have weighed "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."  *Vitola* v. *Paramount Automated Food Servs., Inc.*, No. 08-61849-CIV, 2009 WL 5067658, *1 (S.D. Fla. Dec. 17, 2009) (internal quotations omitted)

(quoting *Int'l Truck & Engine Corp.* v. *Caterpillar, Inc.*, No. 1:03-civ-265, 2004 WL 3217760, *1 (N.D. Ind. May 26, 2004)).

The late addition of a generic expert witness in only four cases would be prejudicial to Bayer because it would undermine the key distinction between generic and case-specific experts, harming a fundamental element of the case management in this litigation. The late naming of a generic expert under the guise of a case-specific submission could open the door to allow plaintiffs in hundreds of cases in this MDL to introduce generic experts long past the time when generic expert discovery has closed. This would invite an additional round of generic expert discovery in potentially every case, thereby trivializing the completed generic expert discovery and creating precisely the sort of inefficiency and needless burden that PTO 6 sought to avoid.

Moreover, permitting untimely generic expert testimony would substantially harm defendants, who have developed overall litigation strategies based on the long-disclosed pool of plaintiffs' generic expert witnesses and the Court's previous rulings on the admissibility of those reports. *See Wilson* v. *Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001) (refusing to admit an untimely expert report where newly disclosed report "would have compromised [defendants'] pretrial preparations") (internal quotations omitted); *Browning* v. *City of Balch Springs*, No. 3:96-cv-1411, 1997 WL 361632, *5 (N.D. Tex. June 20, 1997); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) (recognizing the importance of MDL courts "establish[ing] schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial"); *Macaulay* v. *Anas*, 321 F.3d 45, 51 (1st Cir. 2003) (a district court may consider "what the late disclosure portends for the court's docket"); *Salgado* v. *Gen. Motors Corp.*, 150 F.3d

735, 742 (7th Cir. 1998) ("[T]he court has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources.").

## II. ALTERNATIVELY, IF PLAINTIFFS INTEND TO OFFER DR. ROST AS THE GENERIC EXPERT TO REPLACE DRS. PARISIAN AND FURBERG, THEN HE SHOULD BE IDENTIFIED AS SUCH.

In the alternative, to the extent the PSC intends for Dr. Rost to be the new generic expert witness in place of Dr. Parisian and Dr. Furberg, then Dr. Rost must clearly be identified as such and comply with the conditions set forth by this Court in permitting this limited generic witness replacement. *See* Order Granting Mot. for Leave (D.E. 6807) (Aug. 6, 2010). That Order set out a process for designating that additional expert, and set limits on the scope of that expert's testimony. Nothing in this Court's August 6 Order can be construed to allow each individual plaintiff to provide their own generic expert report to replace Dr. Parisian and Dr. Furberg. Rather, that Order clearly contemplated that the PSC would submit a single replacement expert on behalf of all plaintiffs involved in the litigation.[3]

If Dr. Rost is the additional expert to be offered on behalf of all plaintiffs in this litigation, then the PSC should clearly identify him as such and his report must comply both in substance and process with this Court's Order. If he is not the one additional generic expert the PSC was allowed to provide, then this Court should strike his report and bar his testimony as an untimely generic expert in these four cases.

## CONCLUSION

For these reasons, Bayer respectfully requests an Order barring the testimony and striking the report of Peter Rost. In the alternative, if Dr. Rost is to be the PSC's replacement

---

[3] Defendants are assuming that the PSC is not adopting Dr. Rost or his report as the replacement for Drs. Parisian and Furberg and are reserving their rights to seek further relief insofar as Dr. Rost's report fails to conform to this Court's Order allowing the replacement.

expert, he should be designated as such and his report should conform to the limitations imposed by this Court's Order allowing a replacement expert for Drs. Parisian and Furberg.

## LOCAL RULE 7.1(a)3 CERTIFICATION

As required by this Court's Local Rule 7.1(a)(3), counsel for Bayer certifies that Bayer made a good faith effort to confer with the plaintiffs to resolve the issues raised in this motion. As of the time of the filing of this motion, the parties had not reached agreement on the issues raised in this motion.

August 27, 2010

Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry
Florida Bar No. 332569
E-mail: plowry@ssd.com
Barbara Bolton Litten
Florida Bar No. 91642
E-mail: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509

Philip S. Beck
Email: philip.beck@bartlit-beck.com
Steven E. Derringer
Email: steven.derringer@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 W. Hubbard Street, Suite 300
Chicago, IL 60603
Telephone: 312-494-4400
Facsimile: 312-494-4440

Eugene A. Schoon
Email: eschoon@sidley.com
Susan A. Weber
Email: saweber@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Rebecca K. Wood
Email: rwood@sidley.com
Clifford W. Berlow
Email: cberlow@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Susan Artinian
Email: sartinian@dykema.com
Daniel Stephenson
Email: dstephenson@dykema.com
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-268-9788
Facsimile: 313-568-6658

Richard K. Dandrea
Email: rdandrea@eckertseamans.com
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

*Attorneys for Bayer Corporation,*
*Bayer HealthCare Pharmaceuticals Inc.,*
*and Bayer Schering Pharma AG*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 1:08-MD-1928-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, BURNETT, LOVE & LEE, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Patrick E. Mahoney
Email: patrick@patrickmahoneylaw.com
**MAHONEY LAW, PLLC**
420 W. Main Street, Suite 206
Boise, ID 83702
Telephone:  208-345-6364
Facsimile:  208-336-2088
*Attorney for Plaintiffs*

Douglas W. Crandall
Email: dwc@crandall-law.net
**CRANDALL LAW OFFICE**
420 W. Main Street, Suite 206
Boise, ID 83702
Telephone:  208-343-1211
Facsimile:  208-336-2088
*Attorney for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*