UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*Gene Walters v. Bayer Corporation, et al.*,
Case No. 9:10-cv-80728-DMM

---

**BAYER CORPORATION'S MOTION
FOR A MORE DEFINITE STATEMENT DIRECTED TO
PLAINTIFF'S "AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL"**

Pursuant to Federal Rule of Civil Procedure 12(e), Bayer Corporation hereby moves for a more definite statement, on the grounds that plaintiff's "Amended Complaint and Demand for Jury Trial" is "so vague or ambiguous" that Bayer Corporation "cannot reasonably prepare a response."[1]  The Amended Complaint purports to state claims against new defendants—or perhaps substitutes new defendants for prior named entities, or perhaps dismisses some defendants and adds others, or perhaps merely changes the definition of the collective term "Defendants" without changing the parties.  Movant is unable to discern which parties remain defendants and to which current or former parties (or non-parties) the allegations refer.  Accordingly, Bayer Corporation is unable to answer the current Amended Complaint.  Plaintiff should be ordered to provide a more definite statement in the form of a further amended complaint that unambiguously states which defendants remain parties and clearly identifies which allegations are directed to which defendants.

---

[1] Rule 12(e) provides, in part:  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## BACKGROUND

Plaintiff filed his original Complaint on May 6, 2010, naming Bayer Corporation, "Bayer Healthcare," and Bayer AG as defendants. Compl., *Gene Walters v. Bayer Corp., et al.*, Case No. 9:10-cv-80728, ¶¶ 2-4 (D.E. 1). Plaintiff's Amended Complaint, filed on Aug. 16, 2010, creates substantial confusion about which parties are now defendants in this case and regarding which entities are alleged to have acted as described in the complaint. In the caption of the Amended Complaint, plaintiff identifies as defendants Bayer Corporation, "Bayer Healthcare Pharma (BHCP)," and Bayer Schering Pharma AG. Am. Compl., *Gene Walters v. Bayer Corp., et al.*, Case No. 9:10-cv-80728 (D.E. 6891 in 1:08-md-1928; D.E. 31 in Case No. 9:10-cv-80728). Yet allegations from the original Complaint that were directed specifically to "Bayer Healthcare" and Bayer AG were not removed from the body of the Amended Complaint, and it is not clear whether they remain defendants. *Id.* ¶¶ 3, 4. Indeed, the "Wherefore" clause of the Amended Complaint was not changed and includes a prayer for judgment against Bayer Corporation, "Bayer Healthcare," and Bayer AG.

Other than the changes to the caption, the only change in the Amended Complaint is the following, singularly unenlightening new paragraph:

> 5.   Defendants herein that may be described as BAYER CORPORATION, BAYER HEALTHCARE, AND BAYER AG are hereinafter referred to as BAYER CORPORATION, BAYER HEALTHCARE PHARMA (BHCP) AND BAYER SCHERING PHARMA AG whether properly described or not relative to Pretrial Order No. 4 and No. 11.

*Id.* ¶ 5. Particularly in the context of the rest of the Amended Complaint, this new paragraph is so vague and ambiguous that Bayer Corporation cannot reasonably respond. Plaintiff's Amended Complaint does *not* revise a different paragraph that also defines "Defendants," but defines that collective term as "Bayer Corporation, Bayer Healthcare and Bayer AG." *Id.* ¶ 4.

The collective term "Defendants" thus appears to be defined differently in two adjoining paragraphs, and it simply is not clear from which entities plaintiff seeks relief and to which entities plaintiff is directing nearly 100 allegations regarding the conduct of "Defendants."

The confusion reflected in the Amended Complaint is surprising in light of this Court's pretrial orders, which both identify proper defendants and inform plaintiffs how to effect expedited service on each of them.[2] The confusion here is additionally inexplicable because counsel for Bayer Corporation sent a letter to plaintiff's counsel to clarify what corporate entities are involved in MDL -1928. *See* Letter from Eugene A. Schoon to Bobby Moak and C. Mark Whitehead, III dated Aug. 2, 2010 (Ex. A). In that letter, counsel for Bayer Corporation notified counsel for plaintiff that there is no entity "Bayer Healthcare," which plaintiff alleged is a "division" of "Bayer Pharmaceutical [sic] Corporation." *See* Ex. A; *see also* Compl. ¶ 3. The letter informed plaintiff's counsel that the allegation in the Complaint relating to the corporate structure of "Bayer Healthcare" as related to "Bayer Pharmaceutical Corporation" is incorrect. The letter explained that the former entity Bayer Pharmaceuticals Corporation, which no longer exists, was merged with and into Bayer HealthCare Pharmaceuticals Inc., effective January 1, 2008.[3] The letter invited plaintiff to amend the complaint to name Bayer HealthCare Pharmaceuticals Inc. instead of the non-existent "Bayer Healthcare," and it referred plaintiff's counsel to the expedited service procedures for Bayer HealthCare Pharmaceuticals Inc. available

---

[2] *See* Pretrial Order No. 4 Relating to Case Management ("Pretrial Order No. 4") entered on May 22, 2008 (D.E. 60 in 1:08-md-1928; D.E. 12 in 9:10-cv-80728); Pretrial Order No. 11 Relating to Transfer of Interest from Bayer HealthCare AG to Bayer Schering Pharma AG ("Pretrial Order No. 11") entered on February 4, 2009 (D.E. 700 in 1:08-md-1928; D.E. 18 in Case No. 9:10-cv-80728).

[3] Bayer Corporation reiterated these points in its answer to the original Complaint, which it timely filed on August 4, 2010. *See* Answer ¶ 3 (D.E. 6793 in 1:08-md-1928; D.E. 28 in 9:10-cv-80728).

under Pretrial Order No. 4.  *See* Ex. A.[4]  Regarding Bayer AG and Bayer Schering Pharma AG, the letter specifically referred plaintiff's counsel to Pretrial Order No. 11 as well as Pretrial Order No. 4.  Even though this Court's Orders and the letter from Bayer Corporation's counsel provided a roadmap for plaintiff's counsel, Bayer Corporation now must seek relief from this Court because it cannot reasonably prepare a response to the Amended Complaint.

## ARGUMENT

Plaintiff's Amended Complaint leaves Bayer Corporation to guess which entities are defendants to this suit and to which entities (and non-entities) various allegations are directed.  These ambiguities leave movant unable to craft a responsive pleading in keeping with its obligations under Federal Rule of Civil Procedure 8.  Plaintiff should be required to provide a more definite statement.  Fed. R. Civ. P. 12(e); *see Sisk v. Texas Parks and Wildlife Dept*, 644 F.2d 1056, 1059 (5th Cir. 1981) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).") (citation omitted)[5]; *Clearwater Consulting Concepts, LLP v. Imperial Premium Fin., LLC*, No. 09-81042-CIV, 2010 WL 916392, at *1 (S.D. Fla. 2010) (Rule 12(e) motion is intended to provide a remedy for an "unintelligible pleading").

---

[4] Counsel for Bayer Corporation further advised counsel for plaintiff that defendant Bayer AG, a German corporation, cannot be served with process by mail, and explained that the Hague Convention requirements for service of process on Bayer AG are not altered by any MDL-1928 pretrial orders.  Ex. A at 2.

[5] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

4

As described above, the Amended Complaint's caption names Bayer Corporation, "Bayer Healthcare Pharma (BHCP),"[6] and Bayer Schering Pharma AG as defendants. But the body of the Amended Complaint fails to remove as defendants either Bayer AG or the non-existent entity "Bayer Healthcare." *See, e.g.*, Am. Compl. ¶¶ 3, 4, "Wherefore" clause. Further, as noted above, "Defendants" is defined differently in two introductory paragraphs in the Amended Complaint. *Id.* ¶ 4 (defining Defendants as Bayer Corporation, "Bayer Healthcare" and Bayer AG); ¶ 5 (defining Defendants as Bayer Corporation, "Bayer Healthcare Pharma (BHCP)", and Bayer Schering Pharma AG). Once "defined," the collective term is continually used throughout the remainder of the Amended Complaint. The conflicting and unclear definitions for "Defendants" make it impossible for Bayer Corporation to respond to the multiple paragraphs using that collective term. *See* Am. Compl. ¶¶ 6, 7, 44-52, 57, 59-61, 63, 68-74, 76, 79, 82-86, 88-91, 93-95, 97-101, subparagraphs of "Wherefore" clause. Indeed, Bayer Corporation would be unfairly prejudiced if it were required to answer plaintiff's Amended Complaint, because Bayer Corporation can only guess about which entities are the "Defendants" whose conduct is alleged. *See Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (granting Rule 12(e) motion where allegations employed the term "defendant" without "specifying which particular defendant is referred to").

Even if it were proper to look behind the plain language of the Amended Complaint and attempt to discern what plaintiff *intended* to allege – and indeed, it is not proper to do so – plaintiff's intent here cannot be determined: Is plaintiff adding two new defendants? Or is plaintiff substituting Bayer HealthCare Pharmaceuticals Inc. (improperly named as "Bayer

---

[6] It is unclear to what entity plaintiff intends to refer in naming "Bayer Healthcare Pharma (BHCP)" as a defendant in the caption of the Amended Complaint. No entity by that name has appeared in this MDL.

Healthcare Pharma (BHCP)") for the non-existent "Bayer Healthcare," dismissing Bayer AG, and adding Bayer Schering Pharma AG? Neither the Court nor Bayer Corporation should be required to speculate about what plaintiff intends to allege.

Plaintiff's imprecision concerning which entities are parties to this suit warrants an Order directing plaintiff to provide a more definite statement—in the form of a Second Amended Complaint that unambiguously sets forth which defendants remain parties and what allegations are directed to each of the clearly-identified defendants. *See, e.g., Esterson v. Broward County Sheriff's Dep't*, No. 09-60280-CIV, 2009 WL 2913225, at *2 (S.D. Fla. Sept. 4, 2009) (granting motion for a more definite statement directed at plaintiff's "vague allegations that do not permit Defendants to respond adequately"); *Bower*, 639 F. Supp. at 538 (granting Rule 12(e) motion and noting, "Obviously, [defendant] cannot effectively respond to [plaintiff's] complaint until he knows which claims [plaintiff] is asserting against him . . . ."); *cf. Guimaraes v. NORS,* No. 07-20592-CIV, 2008 WL 4186970, at *5-6 (S.D. Fla. Sept. 5, 2008) (striking plaintiff's Second Amended Complaint and ordering plaintiff to re-file an amended complaint because "it is impossible to determine what Plaintiff is claiming").[7]

## CONCLUSION

For these reasons, Bayer Corporation respectfully requests this Court to require plaintiff to file within fourteen days of this Court's Order on this motion a more definite statement in the

---

[7] Alternatively, any references to parties no longer remaining as defendants to this suit should be stricken pursuant to Fed. R. Civ. P. 12(f), which permits the Court to strike any "immaterial" matters. Thus, if it is determined that "Bayer Healthcare" and Bayer AG are no longer defendants, then all allegations directed to those entities should be struck. *See, e.g., Zdenek v. Sch. Bd. of Broward County*, No. 07-61110-CIV, 2007 WL 4521489, at *2 (S.D. Fla. Dec. 19, 2007) (striking sentence about plaintiff's son as immaterial and impertinent because son was not a party to the case); *Morrison v. Morgan Stanley Props.*, No. 06-80751-CIV, 2007 WL 2316495, at *10 (S.D. Fla. Aug. 9, 2007) (striking references to individuals plaintiff identified as "parties-in-interest" where they were not parties).

6

form of a Second Amended Complaint that clearly identifies which defendants remain parties to this action and details which allegations are directed to which remaining defendants.

### RULE 7.1(a)(3) CERTIFICATION

Counsel for Bayer certifies that on August 30, 2010, Bayer Corporation made a good faith effort to confer with plaintiff to resolve the issues raised in this Motion, but has not reached agreement with plaintiff's counsel.

Dated:  August 30, 2010　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/  Barbara Bolton Litten*
　　　　　　　　　　　　　　　　　　　　　　Patricia E. Lowry (Florida Bar No. 332569)
　　　　　　　　　　　　　　　　　　　　　　plowry@ssd.com
　　　　　　　　　　　　　　　　　　　　　　Barbara Bolton Litten (Florida Bar No. 91642)
　　　　　　　　　　　　　　　　　　　　　　blitten@ssd.com
　　　　　　　　　　　　　　　　　　　　　　**SQUIRE, SANDERS & DEMPSEY L.L.P.**
　　　　　　　　　　　　　　　　　　　　　　1900 Phillips Point West
　　　　　　　　　　　　　　　　　　　　　　777 South Flagler Drive
　　　　　　　　　　　　　　　　　　　　　　West Palm Beach, FL 33401-6198
　　　　　　　　　　　　　　　　　　　　　　Telephone:  561-650-7120
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  561-655-1509

　　　　　　　　　　　　　　　　　　　　　　Eugene A. Schoon
　　　　　　　　　　　　　　　　　　　　　　eschoon@sidley.com
　　　　　　　　　　　　　　　　　　　　　　**SIDLEY AUSTIN LLP**
　　　　　　　　　　　　　　　　　　　　　　One South Dearborn
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60603
　　　　　　　　　　　　　　　　　　　　　　Telephone:  312-853-7279
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  312-853-7036

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Bayer Corporation*

**CERTIFICATE OF SERVICE**

      I certify that on August 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Barbara Bolton Litten*
                                                Barbara Bolton Litten

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:10-cv-80728-DMM

James R. Ronca
Email:  jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email:  tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
& LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL  33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

C. Mark Whitehead, III
Email: cmw@whiteheadfirm.com
**THE WHITEHEAD LAW FIRM, L.L.C.**
Post Office Box 81007
Lafayette, LA 70598
Telephone: 337-740-6006
Facsimile: 888-740-6909
*Counsel for Plaintiff Gene Walters*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, BURNETT, LOVE & LEE G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email:  neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Robert W. Moak
Email: bmoak@locnet.net
**LAW OFFICE OF BOBBY MOAK, P.C.**
P. O. Box 242
Bogue Chitto, MS 39629
Telephone:  601-734-2566
Facsimile:  601-734-2563
*Counsel for Plaintiff Gene Walters*

Gerald Bernard Taylor , Jr.
Email: jerry@geraldbtaylor.com
**SIZEMORE TAYLOR, LLP**
316 Magnolia Avenue
Fairhope, AL 36532
Telephone: 251-990-4375
Facsimile: 251-990-4371
*Counsel for Plaintiff Gene Walters*