**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to:

*Johnny Ward Putnam v. Bayer AG, et al.*
Case No. 9:08-cv-81432

_____/

**BAYER'S MOTION TO COMPEL**
**PLAINTIFF TO PROVIDE EXPERT DEPOSITION DATES OR, IN THE**
**ALTERNATIVE, TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 26(b)(4)(A) and 37, Defendant Bayer Corporation

respectfully requests that this Court issue an Order compelling Plaintiff Johnny Ward Putnam to

provide, within seven (7) days, dates prior to December 1, 2010 for the depositions of his case-

specific experts, with the failure to do so resulting in dismissal of this action with prejudice.

Defendant repeatedly has attempted to procure dates for these depositions from plaintiff's

counsel, but plaintiff's counsel has been unresponsive.  Court intervention is necessary given the

impending December 1, 2010 deadline for the completion of plaintiff's case-specific expert

depositions in this case.

**MEMORANDUM OF LAW**

Pursuant to Pretrial Orders ("PTO") 16 and 21, plaintiff in this Group 4 case was

required to serve Rule 26(a)(2) reports for case-specific experts by August 13, 2010.  Plaintiff

served these reports on August 11, 2010, disclosing Carl Blond, M.D., Alexander R.

Marmureanu, M.D., and F. Gary Toback, M.D., Ph.D. as his case-specific experts.  *See*

Plaintiff's Rule 26(A)(2) Expert Disclosure [D.E. 6855 in 1:08-md-1928; D.E. 31 in

9:08-cv-81432]. Bayer has a right to depose these three experts prior to trial. Fed. R. Civ. P.

26(b)(4)(A). Indeed, the Court has designated a time period specifically for these depositions.

*See* Pretrial Order No. 21 [D.E. 6221 in 1:08-md-01928] , at 3 (in Group 4 cases, the depositions

of plaintiff's case-specific experts are to occur between September 1 and December 1, 2010).

Under Pretrial Order No. 21, plaintiff was required to provide a "reasonable

schedule of deposition dates" for his experts when he served their reports. *See* Pretrial Order

No. 21 at 3. Plaintiff failed to provide Bayer with such a schedule on August 11 – and has not

done so to date – even though counsel for Bayer wrote plaintiff's counsel on three separate

occasions requesting dates for the depositions of plaintiff's experts.[1] *See* Letter from R. Wiggs

dated Aug. 18, 2010 (Ex. A); Letter from R. Wiggs dated Aug. 26, 2010 (Ex. B); Letter from R.

Wiggs dated Sept. 1, 2010 (Ex. C). Plaintiff's counsel responded to Bayer for the first time on

Monday, September 27, 2010 – over a month after Bayer initially sought dates from him –

stating that he would provide dates for the depositions by the end of that week. To date, Bayer

still has not received dates to depose plaintiff's three case-specific experts.

Bayer seeks entry of a motion to compel because the deadline for depositions of

plaintiff's case-specific experts – December 1, 2010 – is rapidly approaching. *See* Pretrial Order

No. 21 at 3. Bayer currently is attempting to schedule and coordinate case-specific expert

depositions in a number of Group 4 cases, a task complicated by the limited availability of some

experts. In this case, the logistical difficulties of scheduling are compounded by the fact that

---

[1] On August 30, 2010, this Court entered an Order Granting Motion for Entry of Pretrial Order
No. 24 Modifying the Procedure for Submitting Case-Specific Expert Reports. [D.E. 32 in
9:08-cv-81432; D.E. 6987 in 1:08-md-01928.] This Order amends Pretrial Orders Nos. 21, 16,
and 7 and provides that a party submitting a case-specific expert report "shall provide within
seven days [after receiving a request to depose the expert] a reasonable schedule of dates for the
expert's deposition." *Id*. at 1-2. This Order was entered, in part, to address situations such as
this, where plaintiff fails to respond to Bayer's repeated requests for such a schedule.

plaintiff has designated three case-specific experts.  If Bayer does not receive dates to depose plaintiff's experts soon, it will be difficult – if not impossible – to meet the December 1 deadline for depositions of plaintiff's case-specific experts.

The tactic of submitting expert reports in a case and then ignoring Bayer's requests for the deposition of that expert effectively denies Bayer of its right to depose expert witnesses and should be disallowed.  It flouts this Court's Order and undermines the orderly development of expert evidence.  Moreover, it undermines the schedule that has long been in place for the hundreds of cases subject to PTO 16 and thwarts the ability of the parties to meet the deadlines imposed by this Court.  The resulting prejudice to Bayer, as well as disruption to the Court-mandated discovery deadlines, warrants the entry of an order compelling plaintiff to timely provide dates for the depositions of his experts.

Accordingly, Bayer moves for entry of an order compelling plaintiff to provide, within seven (7) days, dates for Bayer to depose Dr. Carl Blond, Dr. Alexander Marmureanu, and Dr. Gary Toback prior to December 1, 2010, with failure to do so resulting in dismissal of this action with prejudice.  Though dismissal is a harsh sanction, "Rule 37 permits the district court to dismiss an action for failure to cooperate during discovery."  *Smith v. Atlanta Postal Credit Union*, 350 Fed. Appx. 347, 350 (11th Cir. 2009) (citing Fed. R. Civ. P. 37).  Here, plaintiff's counsel's failure to respond to Bayer's counsel's requests for deposition dates on three separate occasions provides clear evidence of plaintiff's lack of cooperation during discovery.

**CONCLUSION**

For the foregoing reasons, this Court should compel plaintiff to provide dates to depose his case-specific experts prior to December 1, 2010 within seven (7) days, with the failure to do so resulting in dismissal of this action with prejudice.

## RULE 7.1(a)(3) CERTIFICATION

Counsel for Bayer certifies that on October 4, 2010, Bayer made a good faith effort to confer with plaintiff to resolve the issues in this Motion, but has not reached agreement with plaintiff's counsel.

Dated:  October 4, 2010                    Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7120
Facsimile:  561-655-1509

***Attorneys for Defendant Bayer Corporation***

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 4, 2010, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those parties who are not

authorized to receive Notices of Filing electronically.

/s/ Barbara Bolton Litten
Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 08-MD-1928-MIDDLEBROOKS/JOHNSON

### United States District Court
### Southern District of Florida

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
& LeCLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott Love
Email: slove@triallawfirm.com
**CLARK BURNETT LOVE & LEE, GP**
440 Louisiana, Suite 1600
Houston, TX 77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Timothy W. Porter
Email: tim@portermalouf.com
**PORTER & MALOUF, P.A.**
Post Office Box 12768
Jackson, MS 39236-2768
Telephone:  601-957-1173
Facsimile:  601-957-7366
*Counsel for Plaintiff*