# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

| | |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Rutha Mae Moses, etc. v. Bayer Corporation, et al.*, Case No. 9:10-cv-81051 | ) ) ) ) |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG move to dismiss the Complaint of plaintiff Rutha Mae Moses for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On the face of the Complaint, complete diversity is lacking. Plaintiff failed to plead her citizenship or that of the decedent.

While the Complaint sets forth the citizenship of the named defendants, *see* Compl. ¶¶ 2-4 (D.E. 1)[1], it does not contain any allegations concerning plaintiff's citizenship (or residency) or concerning the citizenship of plaintiff's decedent, William Moses.[2] *See id.* at pp. 1-21; *cf. id.* ¶ 41 ("On or about May 12, 2007, William Moses was admitted into Sinai-Grace Hospital in Detroit, Michigan where he underwent open heart surgery in May, 2007."). Nonetheless, plaintiff asserts "diversity subject-matter jurisdiction" pursuant to 28 U.S.C. § 1332(a). *Id.* ¶ 5.

---

[1] Because the Amended Complaint is a two-page document that merely incorporates the allegations of the original Complaint by reference, it is necessary to cite the original Complaint.

[2] The Complaint also is silent regarding the basis for plaintiff's standing to pursue a claim "on behalf of" the decedent.

Plaintiff subsequently filed an Amended Complaint, which substituted Bayer Healthcare Pharmaceuticals Inc. for the "incorrectly named," non-existent entity "Bayer Healthcare," Am. Compl. ¶ 1 (D.E. 16); *compare* Compl. ¶ 3, and substituted Bayer Schering Pharma AG for Bayer AG, which also was "incorrectly named in the original Complaint," Am. Compl. ¶ 2; *compare* Compl. ¶ 4.  Critically, however, plaintiff failed to amend her deficient allegations regarding her citizenship and that of the decedent.  *See* Am. Compl. ¶¶ 2-3.  Plaintiff's pleadings are insufficient to establish federal jurisdiction.

Because plaintiff has asserted diversity jurisdiction, she has the burden to prove that complete diversity exists.  *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007); *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979) ("the party invoking federal jurisdiction bears the burden of proof if diversity is challenged"). "Diversity jurisdiction requires that the plaintiff be a citizen of a state . . . different from that of any of the defendants."  *Bel-Bel Int'l Corp. v. Comm. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998).  For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A natural person is a citizen of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  While it is not clear in what capacity plaintiff purports to bring her claims "on behalf of" the decedent, *see* Compl. at 1 (opening paragraph), under § 1332, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).

Plaintiff's failure to plead anything regarding her own citizenship or the decedent's citizenship plainly does not provide a sufficient factual basis to support a finding of complete

2

diversity. Accordingly, this action must be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).[3]


## CONCLUSION

For these reasons, defendants respectfully submit that this case should be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332.


Dated: October 22, 2010

Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7120
Facsimile: 561-655-1509

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

---

[3] As in the fourteen companion cases plaintiff's counsel filed in the Central District of California on the same day, plaintiff also failed to timely serve defendants pursuant to Fed. R. Civ. P. 4(m). Instead, plaintiff first attempted service on Bayer Corporation by sending a waiver of service form on July 9, 2010—247 days after filing her original complaint. Then, plaintiff ultimately effectuated service on Bayer Corporation and Bayer HealthCare Pharmaceuticals on August 23, 2010—292 days after the original complaint was filed—and on Bayer Schering Pharma AG on September 6, 2010—306 days after the original complaint was filed. Thus, had plaintiff established diversity jurisdiction here, this action also would be subject to dismissal for failure to timely serve. Fed. R. Civ. P. 12(b)(5).

3

> Lory Barsdate Easton
> Email: leaston@sidley.com
> Eamon P. Joyce
> Email: ejoyce@sidley.com
> **SIDLEY AUSTIN LLP**
> 1501 K Street, N.W.
> Washington, DC  20005
> Telephone:  202-736-8000
> Facsimile:   202-736-8711
>
> *Attorneys for Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG*

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten (Florida Bar No. 91642)

## SERVICE LIST

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON
### Case No. 9:10-cv-81051

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Scott Love
Email: slove@triallawfirm.com
**CLARK, BURNETT, LOVE & LEE, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
& LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Gerald B. Taylor
Email: jerry@geraldbtaylor.com
**TAYLOR LAW FIRM**
7208 Fairwoods Place
Montgomery, AL 36117
Telephone:  334-775-1025
Facsimile:  334-775-1022
*Attorney for Plaintiff*

James Paul Sizemore
Email: gober@sizemoretaylor.net
**SIZEMORE TAYLOR LLP**
316 Magnolia Avenue
Fairhope, AL 36532
Telephone:  251-990-4375
Facsimile:  251-990-4371
*Attorney for Plaintiff*

Jennifer Lenze
Email: jlenze@girardikeese.com
**SIZEMORE TAYLOR LLC**
1601 North Sepulveda Boulevard, Suite 644
Manhattan Beach, CA 90266
Telephone:  760-500-2428
Facsimile:  213-481-1554
*Attorney for Plaintiff*