# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION – MDL-1928 | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *George Miller v. Bayer Corporation, et al.*, Case No. 9:10-cv-81049 | ) ) ) ) |

## DEFENDANTS' RULE 12(b)(5) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG (collectively "defendants") move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to timely serve the summons and complaint within 120 days after filing, as required by Rule 4(m).[1]  Plaintiff first attempted service on Bayer Corporation by sending a waiver of service form on July 9, 2010—247 days after filing his original complaint.  Plaintiff ultimately effected service on Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. on August 23, 2010—292 days after the original complaint was

---

[1] The Eleventh Circuit like the majority of courts recognizes that Rule 12(b)(5) is the correct vehicle for seeking dismissal for a violation of Rule 4(m).  *See Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277 (11th Cir. 2007) (underlying briefing invokes Rule 12(b)(5); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1131 (11th Cir. 2005) (same); *Melton v. Wiley*, 262 Fed. Appx. 921, 923 n.5 (11th Cir. 2008) (applying Rule 12(b)(5) in affirming dismissal for failure to comply with Rule 4(m)); *Anderson v. Osh Kosh B'Gosh*, 255 Fed. Appx. 345, 347 (11th Cir. 2006) (same); *see also, e.g.*, *Gartin v. Par Pharm. Companies*, 289 Fed. Appx. 688, 691-92 & n.3 (5th Cir. 2008) (same); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (same); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998).  Nonetheless, a few courts have suggested that Rule 12(b)(2) is the correct vehicle for obtaining a Rule 4(m) dismissal.  *See Fitzpatrick v. Gates*, No. CV 00-4191GAF, 2004 WL 239825, at *1 n.1 (C.D. Cal. Feb. 2, 2004).

filed—and on Bayer Schering Pharma AG on September 6, 2010—306 days after the original complaint was filed.  Because plaintiff cannot demonstrate good cause to excuse the untimely service and there is no reason for this Court to retroactively extend the time for service, defendants respectfully request that the Court dismiss the action without prejudice.

## INTRODUCTION AND BACKGROUND

This action is one of 15 Trasylol cases filed in the Central District of California by the law firm of Sizemore Taylor LLC, all of which recently were transferred to this Court.  *See* D.E. 17 (Sept. 1, 2010) (CTO-43).[2]  Mr. Miller originally sued Bayer Corporation, the non-existent entity "Bayer Healthcare," and Bayer AG.  *See* Compl., D.E. 1.  Plaintiff filed his complaint on November 4, 2009.  But for the next eight months, plaintiff did nothing to provide notice to any defendant of the pending lawsuit or otherwise prosecute his claim.  In the period between filing the 15 complaints and the eventual attempt to serve them, plaintiff's counsel was compelled to file papers in response to Orders to Show Cause issued by the Central District of California in this action.  *See, e.g.*, Order to Show Cause to Comply with Local Rule 3-2, *Miller*, No. 9:10-cv-81049, D.E. 6 (Collins, J. (C.D. Cal.)) (ordering plaintiff to electronically file all manually filed civil initiating documents within twenty-four hours or face sanctions) (entered by Collins, J., C.D. Cal.); Order To Show Cause re: *Pro Hac Vice* Application, *Miller*, D.E. 10 (Morrow, J. (C.D. Cal.)); *id.* D.E. 11 (notice of withdrawal of *pro hac vice* counsel in response to order to show cause).  Those papers also were not served on defendants, and thus defendants were unaware that the lawsuit or its companion cases had been filed until July 2010.

Plaintiff's first attempt to serve the complaint was both late and ineffective.  On July 9, 2010, 247 days after filing the complaint, plaintiff's counsel mailed a copy of the summons, the

---

[2]Defendants are filing Rule 12 motions in all 15 cases.

complaint, and a waiver of service form to Bayer Corporation's agent for service of process in California, Corporation Service Company.  *See* Notice of a Lawsuit and Request to Waive Service of a Summons (July 9, 2010) (Ex. A).  Upon learning of the action and the request to waive formal service of process, on July 28, 2010, Bayer Corporation executed the waiver form and returned it to plaintiff via certified and electronic mail.  *See* Letter from E. Schoon to J. Sizemore (July 28, 2010) (Ex. B); *see also* Fed. R. Civ. P. 4(d) (waiver of service).[3]  Contrary to Rule 4(d)(4) of the Federal Rules of Civil Procedure, plaintiff never filed the executed waiver and thus never perfected service.[4]

On August 13, 2010, plaintiff filed a first amended complaint.  *See* Am. Compl., D.E. 15. That amendment simply substituted Bayer HealthCare Pharmaceuticals Inc. for the nonexistent "Bayer Healthcare" and substituted Bayer Schering Pharma AG for Bayer AG.  *See id.* ¶¶ 1-2. This time plaintiff's counsel served the first amended complaint on Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer Schering Pharma AG pursuant to the simplified and expedited service procedures set forth in Section VI.A of Pretrial Order ("PTO") No. 4 (May 22,

---

[3] Neither "Bayer Healthcare" nor Bayer AG was properly served with the summons and complaint.  *See* Ltr. from E. Schoon at 1 (Ex. B).  Regarding "Bayer Healthcare," that entity does not exist and, therefore, it cannot be served.  *See id.*  Regarding Bayer AG, plaintiff mailed the summons and complaint to a different entity that formerly was a defendant in MDL-1928 cases—Bayer HealthCare AG—in Leverkusen, Germany.  This did not effect service on Bayer AG pursuant to the provisions of the Hague Convention as required by German and international law.  *See id.*; *see also* Fed. R. Civ. P. 4(f)(1) (providing for service under the Hague Convention).

[4] Where, as here, plaintiff requests and defendant executes a waiver of service form in lieu of formal service of process, Rule 4(d)(4) provides that the summons and complaint are deemed to have been served on the defendant on the date the plaintiff *files* the executed waiver form with the court.  Fed. R. Civ. P. 4(d)(4).  Rule 4(d)(4), however, "is clear that, if the waiver is not returned *and filed*, the limitations period under such a law [which requires service of process to toll the statute of limitations] is not tolled *and the action will not otherwise proceed* until formal service of process is effected."  *Id.*, cmt. to 1993 Amendments, Subdivision (d) (emphasis added); *accord* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1130 (3d ed.); *see Technologists, Inc. v. MIR's Ltd.*, __ F. Supp. 2d __, 2010 WL 2925946, at *4, *7 (D.D.C. July 27, 2010) (holding court did not have personal jurisdiction over defendant where, *inter alia*, plaintiff never filed the waiver of service with the court).

2008) (D.E. 22) and in PTO 11 (Feb. 4, 2009) (D.E. 28).  As to Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc., the service materials were mailed on August 13, 2010, and service accordingly was effected on August 23, 2010[5]—292 days after the original complaint was filed.  Service materials were sent via registered mail to Bayer Schering Pharma AG on August 27, 2010, and service was effected on September 6, 2010[6]—306 days after the original complaint was filed.

In sum, plaintiff did not attempt service of the original complaint on any defendant until 247 days after filing it—more than double the time allowed for effecting service of process under Rule 4(m)—and that service was never perfected.  Plaintiff did not effect service on any defendant until the first amended complaint was served 292 days after filing his original complaint.

Plaintiff's delay is prejudicial to defendants.  Although this case has been pending for nearly a year, defendants have been unable to take discovery or otherwise investigate plaintiff's allegations.  Indeed, defendants *still* cannot obtain any meaningful information about the suit because Mr. Miller has failed to serve a plaintiff fact sheet ("Fact Sheet") even though it was due no later than October 4, 2010.  *See* PTO 20 at 1 § I (June 2, 2010) (D.E. 39) (Fact Sheet is due 30 days after transfer to the MDL).  The prejudice is exacerbated by the fact that plaintiff asserts already stale claims.  Plaintiff alleges that he sustained kidney failure as a result of being administered Trasylol during open heart surgery at Doctors Hospital at Renaissance in Edinburg, Texas.  Compl. ¶¶ 41-43.[7]

---

[5] *See* PTO 4 § VI.A  ("Service will be effective ten (10) days after mailing in accordance with this Section.").

[6] *See* PTO 4; *see also* PTO 11 (expedited service procedures on Bayer Schering Pharma AG).

[7] Because the Amended Complaint is a two-page document that merely incorporates the allegations of the original Complaint by reference, it is necessary to cite the original Complaint.

As set forth below, because Mr. Miller failed to timely serve defendants as required by Rule 4(m), and there is no basis for extending that time, plaintiff's action should be dismissed without prejudice pursuant to Rule 12(b)(5).

## ARGUMENT

## I.   PLAINTIFF'S ACTION SHOULD BE DISMISSED WITHOUT PREJUDICE BECAUSE HE FAILED TO TIMELY SERVE DEFENDANTS.

It is indisputable that plaintiff failed to serve the summons and original complaint on any defendant within 120 days of filing the complaint as Rule 4(m) of the Federal Rules of Civil Procedure requires.  Because of this failure, plaintiff's action is subject to dismissal without prejudice.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  None of the grounds for an extension of time to serve that the Eleventh Circuit has directed the courts to consider justifies an extension here.  *See Lepone Dempsey*, 476 F.3d at 1281-82 (11th Cir.).

### A.   "Good Cause" Does Not Exist For Plaintiff's Dilatory Service.

Rule 4(m) requires that a court extend the 120-day deadline for service if a plaintiff can demonstrate "good cause" for his failure to meet the deadline.  Fed. R. Civ. P. 4(m).  Critical here, however, is that "[g]ood cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281-82 (internal quotation and citation omitted) (concluding plaintiffs failed to show good cause where failure was "due to the plaintiffs' own negligence"); *accord Anderson*, 255 Fed. Appx. at 347 (11th Cir.).  No such factor exists here.

There is nothing to suggest that some "outside factor," rather than "inadvertence or negligence," prevented service here. *Lepone-Dempsey*, 476 F.3d at 1281; *see generally Madison*

*v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) (equating "good cause" with "excusable neglect" and citing "sudden illness, natural catastrophe or evasion of service of process" as factors that may satisfy the good cause requirement).

Plaintiff did not attempt to serve any of the defendants in this action until well beyond the 120-day period. *See Newell v. U.S. Dep't of Justice*, No. 8:00-CV-376-T-17A, 2000 WL 1681234, at *2 (M.D. Fla. Oct. 20, 2000) ("If a plaintiff fails to make any attempt at service within the 120-day period, it is likely that a court will find no showing of good cause"). Additionally, plaintiff did not seek an extension of time to effect service of process, or proffer any reason for his delay in attempting to serve the defendants. *See Gartin*, 289 Fed. Appx. at 692 (5th Cir.) (good cause did not exist where plaintiffs failed to seek an extension to serve defendant prior to the expiration of the 120-day deadline); *Nafziger*, 467 F.3d at 522 (6th Cir.) (rejecting plaintiffs' counsel's claim that "significant personal matters" constituted good cause for delay, and explaining that "plaintiffs' counsel should have taken the simple step of requesting an extension of time from the court if his children's welfare had truly affected his ability to serve process").

Moreover, plaintiff's failure to serve was not the result of defendants' "faulty advice," or defendants' attempts to evade service or conceal defects in prior service. *Lepone-Dempsey*, 476 F.3d at 1282.[8]  Indeed, PTO 4, entered at the joint request of defendants and the MDL Plaintiffs' Steering Committee, provides plaintiffs with streamlined service procedures in this MDL by which hundreds of other plaintiffs have accomplished timely and proper service. *See*

---

[8] As discussed, Bayer Corporation promptly executed and returned the waiver of service, and defendants' counsel informed plaintiff that Bayer AG had not been properly served and that "Bayer Healthcare" was a non-existent entity. *See supra* at 3 & n.3.

*Fitzpatrick*, 2004 WL 239825, at *3 (plaintiff's ability to serve defendant out of time undercuts argument that delay was based on good cause).

Accordingly, every indication is that "inadvertence or negligence" caused the delay in service here.  Such neglect is not "good cause."  *Lepone-Dempsey*, 476 F.3d at 1281; *see also infra* § I.B.2.

### B. An Extension Of Time To Effect Service Is Not Justified Here.

The absence of good cause for the failure to meet the deadline does not necessarily end a district court's inquiry; the Eleventh Circuit has interpreted Rule 4(m) as allowing district courts some measure of discretion even when "good cause" has not been shown.  *See Lepone-Dempsey*, 476 F.3d at 1282 (discussing "not . . . exhaustive" circumstances the district courts should consider in determining whether an extension is warranted).

The Advisory Committee Note to Rule 4(m) suggests that in considering whether to grant a discretionary extension, a court may weigh whether the defendant is evading service, whether the defendant conceals a defect in attempted service, and whether the applicable statute of limitations would bar re-filing the action following dismissal for failure to serve.  *See Lepone-Dempsey*, 476 F.3d at 1282 (discussing Advisory Committee note).  None of these factors supports an extension here.  Moreover, many other factors that a court may consider strongly weigh against an extension.  Those factors supporting dismissal include:

- whether the failure to timely serve prejudiced the defendant, *see*, *e.g.*, *Gartin*, 289 Fed. Appx. at 693-94 (holding that prejudice to defendant that would flow from an extension was sufficient basis to deny extension); *Zapata v. City of N.Y.*, 502 F.3d 192, 198 (2d Cir. 2007) (discussing prejudice to the defendant); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (same);

- whether plaintiff has been diligent in conducting the litigation overall, including whether plaintiff sought an extension of time to effectuate service, *see*, *e.g.*, *Melton*, 262 Fed. Appx. at 924 (11th Cir.); *Gartin*, 289 Fed. Appx. at 694 (discussing plaintiff's "clear record of delay");

- the length of the delay in service, *see*, *e.g.*, *Gartin*, 289 Fed. Appx. at 693-94; *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007);

- whether plaintiff filed his or her complaint near the end of the statute of limitations period, *Gartin*, 289 Fed. Appx. at 694 (plaintiff filed suit one day before statute of limitations expired); *McCurdy*, 157 F.3d at 196 (3d Cir.); and

- whether defendant had actual knowledge of the lawsuit notwithstanding the lack of service, *Horenkamp*, 402 F.3d at 1133 (affirming extension where defendant had notice of the suit prior to service and service was only delayed by 29 days); *Troxell*, 160 F.3d at 383.

Accordingly, this Court should decline to exercise its discretion to extend retroactively the time for service in this case.  *See*, *e.g.*, *Melton*, 262 Fed. Appx. at 924 (rejecting extension); *Boston v. Potter*, 185 Fed. Appx. 853, 854-55 (11th Cir. 2006) (per curiam) (same).  Instead, this action should be dismissed pursuant to Rule 12(b)(5) for violation of Rule 4(m).

        1.        **An Extension Of Time Is Not Warranted Because The Delay In Filing And Serving This Case Prejudices Defendants' Ability To Defend Against Plaintiff's Claims.**

Potential prejudice to the defendant provides a powerful reason for denying a plaintiff additional time to serve.  *See*, *e.g.*, *Gartin*, 289 Fed. Appx. at 694 (denying extension because of prejudice to defendant); *Efaw*, 473 F.3d at 1041 (denying extension because of potential prejudice); *Davis v. Belk-Hudson Co. of Tifton, Inc.*, 173 F.R.D. 323, 326 (M.D. Ga. 1997) (denying extension because "[a]llowing plaintiff to perfect service at this late date would severely prejudice defendant's ability to conduct relevant discovery, and force the defendant to pay the penalty for plaintiff's counsel's incompetence").  Indeed, as other courts have recognized, "'[t]he purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay:  *e.g.*, loss of evidence, dimming of witnesses' memories, financial commitments based on *not* being sued, etc.'"  *Edmonds v. Indymac Bank*, No. CV 09-7527-RC, 2010 WL 960007, at *1 (C.D. Cal. Mar. 12, 2010) (emphasis in original, citation omitted), *report and recommendation adopted*, 2010 WL 960016

(C.D. Cal. Mar. 15, 2010).  It is well-established that delays in filing and service prejudice defendants because relevant evidence can be lost and witnesses' memories fade over time.  *See*, *e.g.*, *id.*; *Gartin*, 289 Fed. Appx. at 694; *Efaw*, 473 F.3d at 1041; *Davis*, 173 F.R.D. at 326.  This sort of prejudice is implicated in this action, just as it is in the other fourteen cases filed by plaintiff's counsel, and no extension should be granted.

Here, plaintiff alleges that he was administered Trasylol in Texas in February 2007 during his open heart surgery, Compl. ¶¶ 41-42, and sustained kidney failure as a result, *id.* ¶ 43. Nonetheless, he did not file his complaint until November 2009, and did not *attempt* to serve this lawsuit until July 2010, more than eight months after filing it.  He then failed to do so properly despite the existence of a simplified procedure readily available to him.[9]

Furthermore, even after this case and its 14 companions were transferred to this Court, plaintiffs disregarded their obligations by not serving Fact Sheets and medical authorizations that would allow defendants to begin the time-consuming task of collecting medical records and conducting other discovery.  *Contra* PTO 20.  Thus, when measured from the time of filing alone, plaintiff already has prevented defendants from obtaining discovery by nearly one *year* (and counting) about a claim that is now approximately four years old.  This is precisely the type of case in which the Fifth Circuit has held that permitting an extension would be "prejudicial by its very nature."  *Gartin*, 289 Fed. Appx. at 694 (seven-month delay in serving complaint filed one day before expiry of statute of limitations); *see also Parker v. Shaw & Lines, LLC*, No. CV

---

[9] Plaintiff's counsel's conduct does not appear to be the result of happenstance.  The Sizemore Taylor firm filed this and its 14 companion complaints on November 4, 2009, one day before the two-year anniversary of the temporary marketing suspension of Trasylol.  *See infra* at § I.B.2 (discussing the discovery rule).  It appears that plaintiff's counsel filed then in a (misguided) effort to avoid defendants' anticipated statute of limitations defenses.  Furthermore, plaintiff's counsel appears to have delayed serving the complaints in a unilateral effort to effectively extend the statute of limitations.

09-2003, 2010 WL 1640963, at *2 (D. Ariz. Apr. 20, 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade.").

The nature of plaintiff's claims and the Trasylol litigation heighten the prejudice to defendants.  As this Court is aware, coronary artery bypass grafting ("CABG") surgery—the type of open heart surgery for which Trasylol is indicated and Mr. Miller likely underwent, *see*, *e.g.*, Compl. ¶¶ 12-13 (discussing CABG)—is most commonly performed on patients who are elderly and who already suffer from serious medical conditions.  *See* Hannan et al., *Drug-Eluting Stents vs. Coronary-Artery Bypass Grafting in Multivessel Coronary Artery Disease*, 4 N. Eng. J. Med. 358 (2008) (stating that the median age of patients undergoing coronary artery bypass grafting surgery is 67 years old and listing multiple risk factors associated with CABG patients). As of the date of this motion, there have been dozens of suggestions of death filed on the record in the Trasylol litigation,[10] indicating that many plaintiffs have died during the pendency of their actions, often before defendants are able to begin, much less complete, discovery.  Given the profile of plaintiffs in this litigation, delayed service is even more likely to prevent defendants from obtaining necessary discovery or deposing the plaintiff or other key witnesses, such as plaintiff's treating physicians, at a time when they still are able to recollect the events giving rise to plaintiff's claim.

Due to the passage of time between the events underlying plaintiff's lawsuit, the filing of the complaint, and service of the complaint, there is a substantial risk that defendants will be prejudiced in their ability to defend against plaintiff's claims.  *See*, *e.g.*, *Gartin*, 289 Fed. Appx.

---

[10] *E.g.*, Rule 25(a) Notice, *Cascio v. Bayer Schering Pharma AG*, No. 9:09-cv-81204, D.E. 25 (S.D. Fla. Sept. 24, 2010); Suggestion of Death, *Borkowski v. Bayer Corp.*, No. 9:09-cv-80446, D.E. 35 (S.D. Fla. Aug. 19, 2010).

at 694; *Davis*, 173 F.R.D. at 326 (declining to grant extension because of prejudice to defendant, which was served approximately four years after the events giving rise to the complaint occurred). A discretionary extension of time is not warranted.

> **2.     An Extension Of Time Is Not Warranted Because The Plaintiff Has Not Been Diligent In Pursuing This Claim Overall.**

Plaintiff's counsel's conduct in this case and in the companion cases transferred here from the Central District of California provides an additional reason to deny a retroactive extension of the service deadline. *See, e.g., Melton*, 262 Fed. Appx. at 924 (affirming decision denying discretionary extension based on plaintiff's counsel failure to correct deficiencies); *Carodiskey v. Goodwill Indus. of Pittsburgh*, No. 2:09-cv-992, 2010 WL 956657, at *2 (W.D. Pa. Mar. 12, 2010) (dismissing case where "the lack of diligence by Plaintiff's counsel continued beyond the initial 120-day period," and whose conduct "constitutes inadvertence, half-hearted efforts, and/or disregard for the rules of service"); *cf. Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983) (focusing on counsel's "pattern of conduct" and "failures . . . to obey court rules and orders" in dismissing suit pursuant to Rule 41). In *Davis*, for instance, the Middle District of Georgia explained that although it "usually forgives procedural peccadilloes and honest mistakes," dismissal pursuant to Rule 4(m) was appropriate because of the "dilatory conduct displayed by plaintiff's counsel," including "failure to file suit until the statute of limitations was nearly past; failure to perfect service by mail, then waiting to attempt personal service until 117 days after the complaint was filed" and failures to take action until being "prompted by the court." 173 F.R.D. at 326-27.

The situation here is similar to that in *Davis* and more egregious. In addition to flouting Rule 4(m) in this action, plaintiff's counsel:

- filed *fifteen cases* on the same day, yet failed to attempt to serve a single defendant in any of them for eight months;

- was threatened with sanctions by the Central District of California for his failure to comply with court orders in a companion case;[11]

- named a non-existent defendant in this and the other actions, *see supra* at 3 & n.3; *Shive v. Circus Circus Miss., Inc.*, No. 3:08CV96, 2009 WL 4062976, at *2 (N.D. Miss. Nov. 20, 2009) ("Plaintiffs have a duty to sue the correct defendants and name confusion is no excuse for failure to do so.");

- named a German defendant that cannot be served under expedited MDL service procedures, and ignored the requirements of the Hague Convention and Rule 4(f)(1) for serving that defendant, *supra* at 3 n.3;

- failed to comply with the requirements for pleading diversity jurisdiction in this and other actions;[12]

- failed to file the waiver of service with the transferor court or this Court in contravention of Rule 4(d)(4); *see* Fed. R. Civ. P. 4(d)(4) (requiring that "the plaintiff file[] a waiver" after defendant returns it); *supra* at 2-3 & n.4; *see also* Notice of Lawsuit and Request to Waive Service of a Summons ("If you return the signed waiver, *I will file it with the court*.") (emphasis added) (Ex. A);

- has been subject to dozens of orders to show cause and other deficiency notices in this and its companion actions;[13] and

- failed to serve a Fact Sheet and medical records authorizations as required by PTO 20 and PTO 4, *supra* at 4, 9-10.

---

[11] *See Coleman v. Bayer Corporation et al.*, No. 9:10-cv-81060, D.E. 12 (warning that counsel's actions "may result in the imposition of sanctions") (Anderson, J. (C.D. Cal.)); *Coleman*, D.E. 7 (ordering plaintiff to show cause "why the Court should not dismiss this case or impose other sanctions") (Anderson, J. (C.D. Cal.)); *see also Miller*, D.E. 6 (warning that failure to comply with Local Rule 3-2 would result in a hearing and the imposition of sanctions).

[12] *See* 28 U.S.C. § 1332(a) (diversity of citizenship); Compl. ¶ 1 ("Plaintiff . . . [is] a resident of the State of Texas"); *see also* Order to Show Cause re: Dismissal for Lack of Subject Matter Jurisdiction, *Sellers v. Bayer Corporation et al.*, No. 9:10-cv-81059, D.E. 6 (S.D. Fla.) (Fischer, J. (C.D. Cal.)); Pl.'s Resp. to Order to Show Cause, *Sellers*, D.E. 7, at 4 ("Admittedly, the complaint erred in alleging 'residency' rather than 'citizenship'").

[13] *See, e.g., Miller*, D.E. 10 (Order to Show Cause) (Morrow, J. (C.D. Cal.)); *id.* D.E. 14,16 (deficiency notices); *see also Coleman*, No. 9:10-cv-81060, D.E. 6 (Order to Show Cause why plaintiff had not filed a notice of related case as required by the transferor court's Local Rule 83-1.3) (Anderson, J. (C.D. Cal.)); *id.* D.E. 7 (Order to Show Cause why case should not be dismissed for plaintiff's failure to respond to previous order to show cause) (Anderson, J. (C.D. Cal.)); *Coleman*, No. 9:10-cv-81060, D.E. 11, 15, 17, 19 (deficiency notices); *Sellers*, No. 9:10-cv-81059, D.E. 9, 12, 14, 16 (same).

Counsel's comprehensive failure to exercise diligence in prosecuting these cases makes dismissal especially appropriate.[14]  *See Davis*, 173 F.R.D. at 326; *see also Melton*, 262 Fed. Appx. at 924; *Norsyn, Inc. v. Bank of India*, No. 06-cv-00506-MSK-PAC, 2007 WL 840497, at *6 (D. Colo. Mar. 19, 2007) (declining to exercise discretion to extend time for service because "a lack of diligence on the part of the Plaintiff's counsel towards the sufficiency of service . . . tip[s] strongly against granting additional time").[15]

### 3.    Additional Factors Weigh Against Excusing The Untimely Service.

Additional factors apply here that support dismissing this action rather than granting an extension of time in which to serve *nunc pro tunc*:

- The length of the delay in service here was substantial (more than twice the 120-day limit).

- Defendants had no knowledge that this action was pending prior to the plaintiff's initial service attempt.

- Plaintiff sought no extension of time in which to serve the complaint.

---

[14] Given plaintiff's lack of diligence here, it further is appropriate that this case likely will be assigned to a later discovery group if it is re-filed following dismissal.  *See* PTO 7, PTO 16 (assigning cases to discovery groups by date of initial filing).  The claims of the many plaintiffs in this MDL who have complied with the rules and this Court's orders regarding service and discovery should have priority.

[15] *Accord Chin v. U.S. Postal Serv.*, No. 08-CV-01035, 2009 WL 1702255, at *3 (E.D.N.Y. June 16, 2009) (declining to grant discretionary extension where plaintiff "failed to follow the Court's unmistakably clear order" as "further indulgence of [plaintiff's] counsel's pattern of delay and inexplicable noncompliance would be unfairly prejudicial to the [defendant]"); *Wells v. Edgar*, No. CV 07-6616, 2009 WL 195900, at *3 (C.D. Cal. Jan. 26, 2009) (denying extension under Rule 4(m) because plaintiff failed to timely complete service "despite explicit explanation as to how service could be effected," and recognizing that "[p]laintiff's conduct hinders this Court's ability to move this case towards disposition and indicates that Plaintiff does not intend to litigate this action diligently") *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 33 (W.D.N.Y. 1996) ("lack of diligence on the part of plaintiff militates against the Court exercising its discretion to excuse his failure to comply with Rule 4(m)"); *see generally Link v. Wabash R.R.*, 370 U.S. 626, 633-34 & n.9 (1962) (rejecting argument that "dismissal of [plaintiff's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client," and explaining that a plaintiff "cannot . . . avoid the consequences of the acts or omissions of [counsel]").

- No defendant has evaded service.

- No defendant has concealed a defect in attempted service.

*See supra* at 7-8 (collecting authority supporting consideration of these factors).  Therefore, the Court should not excuse plaintiff's failure to timely effect service.  *See*, *e.g.*, *Gartin*, 289 Fed. Appx. at 694 (seven-month delay in serving and other circumstances noted above warranted dismissal); *Efaw*, 473 F.3d at 1041.

**4.      The Statute Of Limitations Does Not Justify An Extension.**

Finally, in addressing the factors that may support a discretionary extension of time to serve pursuant to Rule 4(m), the Eleventh Circuit has held that the court must consider whether the action would be time-barred if it is re-filed.  *Lepone-Dempsey*, 476 F.3d at 1282; *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments (explaining that an extension "may be justified . . . if the applicable statute of limitations would bar the refiled action").  Significantly, the Eleventh Circuit repeatedly has held that even where a dismissal for failure to timely serve would cause the statute of limitations to run, running of the statute of limitations "does not require that the district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282.[16]  Here, moreover, the statute of limitations does not support granting an extension because (a) plaintiff's claims already were time-barred when this complaint was filed,[17] and (b) even if a discovery rule applies to plaintiff's claims—which

---

[16] *Accord Horenkamp*, 402 F.3d at 1133 (same); *Boston*, 185 Fed. Appx. at 854 ("While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight.").

[17] As discussed further below, this action is time-barred under the law of Texas (where the claims arose) or California (where the case was filed).  Because this action was filed in the Central District of California before being transferred here pursuant to 28 U.S.C. § 1407, California's choice-of-law rules apply and determine what statute of limitations governs plaintiff's claims.  *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752

plaintiff has not pleaded, and which is not supported by the facts or the applicable law—his claims still would be untimely.[18]   Additionally, any extension of the service period here would undercut the concept of diligence underlying the purpose of the discovery rule exception to the ordinary statute of limitations.  *See generally DDD Exploration, Inc. v. Key Prod. Co.*, No. 2:08-CV-001, 2009 WL 1159154, at *3 (N.D. Tex. Apr. 28, 2009) ("The discovery rule is restricted to exceptional cases to avoid defeating the purposes behind the limitations statutes despite due diligence."); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 639 (S.D. Tex. 2007) (same); *see also Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (Cal. 2005) (plaintiff must demonstrate "reasonable diligence" to invoke the discovery rule); *Yumul v. Smart Balance, Inc.*, __ F. Supp. 2d __, No. CV 10-00927, 2010 WL 3359674, at *6 (C.D. Cal. July 30, 2010) ("The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer[.]") (internal quotation marks and citations omitted).

### a.   Plaintiff's Claims Already Were Time-Barred Before He Filed This Complaint.

Because the dismissal of this action pursuant to Rule 4(m) would not alter the timeliness of plaintiff's claims, the statute of limitations factor does not support an extension.  An extension

---

(11th Cir. 1998) ("the transferor court's choice-of-law rules apply to the transferred case even after the transfer occurs.").  California uses the governmental interest test to determine choice of law, including for statute of limitations questions.  *See McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 83 (Cal. 2010).  Based solely on the allegations of the complaint, it appears that the governmental interest analysis would require application of Texas law.  Plaintiff pleads that "[a]t all times relevant hereto, [he] has been a resident of the State of Texas," Compl. ¶ 1, and that he was administered Trasylol in Edinburg, Texas, *id.* ¶¶ 41-42.  By contrast, he pleads no connection to the State of California, let alone any connection between his alleged injuries and California.  Moreover, because plaintiff's claims are facially time-barred under Texas law, *see infra* § I.B.4.a, they also are foreclosed by the California borrowing statute, which bars any "cause of action [that] has arisen in another State . . . and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time."  Cal. Code Civ. P. § 361.

[18] Possible arguments related to the November 5, 2007, marketing suspension and the November 4, 2009, filing are discussed *supra* at 9 n.9 and *infra* at 17-18 n.21.

"is sometimes justified where the limitations period on the underlying action has *subsequently expired between filing and attempted service*." *See Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *11 (D.N.J. Mar. 1, 2010) (emphasis added); *see Lepone-Dempsey*, 476 F.3d at 1282 (district court must assess whether statute of limitations will run as a result of dismissing action for failure to comply with Rule 4(m)).

But that is not what happened here.  Plaintiff alleges that he was administered Trasylol in February 2007 and suffered kidney failure as a result.  Compl. ¶¶ 41-43.  Plaintiff's claims were filed more than two years after his alleged injury and are time-barred on the face of the complaint.  *See supra* at 14-15 n.17 (discussing choice of law); Tex. Civ. Prac. & Rem. Code § 16.003 (two-year limitations period for negligence, products liability and fraud claims); *see also Bechara v. Bayer Corp.*, No. 08-80776, slip op. at 8-9 & n.12 (S.D. Fla. Mar. 16, 2010) (applying California's two-year limitations period).[19]  Moreover, because Mr. Miller's claims arose in Texas and are barred under Texas law, the California borrowing statute likewise bars the claims.  Cal. Code Civ. P. § 361; *see Cossman v. DaimlerChrysler Corp.*, 108 Cal. App. 4th 370, 376 (2003) (explaining that the statute discourages forum shopping and "prevents residents of other states with claims that are barred in the jurisdiction in which they arose from using the California courts to prosecute an action").

Rather than supporting an extension, the statute of limitations factor favors dismissal here because the limitations period already had run by the time of filing:

---

[19] Under Texas law, the limitations period is not tolled unless plaintiff files suit *and* uses due diligence to serve the defendant.  *See, e.g.*, *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) ("[A] timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation."); *Johnson v. City of Houston*, 203 S.W.3d 7, 9 (Tex. App. 2006) ("Filing suit interrupts limitations only if a plaintiff exercises diligence in serving the defendant."); *see generally Walker* v. *Armco Steel Corp.*, 446 U.S. 740, 752-753 (1980) (holding that state law, not Rule 3 of the Federal Rules of Civil Procedure, determines what commences an action and thus tolls a state statute of limitations).

> Undue delay in service of the complaint is particularly problematic when the statute of limitations on claims has run prior to service of process because "[o]nce the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim.  If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."

*Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658, 2010 WL 2228936, at *3-4 (N.D. Cal. June 1, 2010) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976)). Similarly, in weighing dismissal for improper service, the Third Circuit has recognized that statute of limitations considerations are insignificant where the statute already had "'run[] . . . on the date the original complaint was filed.'"  *McCurdy*, 157 F.3d at 196; *see id.* at 196-97 (affirming dismissal because "at the time the district court ruled, the statute of limitations . . . had expired almost eighteen months prior"); *see also Belser v. Tex. State Bd. of Pardons & Paroles*, No. 99-50920, 2000 WL 1597979, at *2 (5th Cir. Sept. 25, 2000) (dismissing action that would have been out-of-time even with an extension under Rule 4(m)).

> **b.    Even The Application Of A Discovery Rule To Plaintiff's Otherwise-Untimely Claims Would Not Render Them Timely Or Preclude Dismissal For Dilatory Service Here.**

Plaintiff here may argue that his claims were not untimely when filed due to an application of a discovery rule,[20] but would be untimely if re-filed now.  As a preliminary matter, plaintiff's claims still would be time-barred under Texas law even if a discovery rule applies such that the statute of limitations did not start running until November 5, 2007.[21]  Under Texas

---

[20] Defendants maintain that plaintiff's claims are time-barred by the applicable statute of limitations and preserve all objections and defenses related to the statute of limitations, including whether and to what extent the discovery rule may toll plaintiff's claims.

[21] Defendants have admitted in this litigation that marketing of Trasylol was temporarily suspended on or about November 5, 2007.  *See* Bayer Corp.'s Master Answer & Add'l Defenses to Pls.' Master Compl., *In re Trasylol Prods. Liab. Litig.*, No. 1:08-md-1928, D.E. 1021 (S.D.

law, plaintiff's dilatory service has statute of limitations implications, so the mere filing of the lawsuit here did not interrupt the running of the statute of limitations; that is, the statute continued to run after the complaint was filed in November 2009 until August 23, 2010 when service was effected.  *See supra* at 16 n.19.  Moreover, if the discovery rule applied here (and it does not) and theoretically could save the timeliness of plaintiff's claims, this still would not justify an extension.

Neither the complaint nor the amended complaint alleges when plaintiff became aware of his cause of action.  Thus, he does not make any attempt to even invoke a discovery rule, much less carry his burden of demonstrating that it applies here.  *See, e.g.*, *Bradley*, 527 F. Supp. 2d at 639 ("The plaintiff, as the party seeking to benefit from the discovery rule, has the burden to plead and prove facts in order to avoid a limitations bar.") (collecting cases); *Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1158 (C.D. Cal. 2009) (reiterating "'[t]he burden is on the plaintiff'" to plead that the discovery rule applies); *see also Martinez v. Humble Sand & Gravel, Inc.*, 940 S.W.2d 139, 147-48 (Tex. App. 1996) (discovery rule does not apply to warranty claims).

But even if the discovery rule comes into play here despite that silence in the pleadings, this Court still should dismiss this case for failure to comply with Rule 4(m).  The Eleventh Circuit repeatedly has held that a district court need not grant an extension under Rule 4(m) even

---

Fla. Apr. 20, 2009) ("[O]n or about November 5, 2007, Bayer Pharmaceuticals Corporation elected to temporarily suspend marketing of Trasylol® until final results from the BART study could be compiled, received and evaluated, and that the FDA announced the marketing suspension on November 5, 2007.").  And although plaintiff has not pleaded that a discovery rule applies here, *see infra* § 1.B.4.b, it seems a remarkable coincidence that plaintiff's counsel filed *fifteen* actions exactly two years after that date—on November 4, 2009—while the alleged surgery dates in those fifteen actions range from 1995 to March 2008.  In any event, defendants dispute that November 5, 2007, would be the earliest "trigger" for discovery rule purposes.

where dismissal could cause the action to be time-barred upon re-filing.  *See supra* at 14 & n.16

(discussing *Lepone-Dempsey*, 476 F.3d at 1282, and other authority).  Indeed, the Eleventh

Circuit and other courts regularly have dismissed actions for noncompliance with Rule 4(m)

even where plaintiffs' claims would be time barred as a result.  *See*, *e.g.*, *Melton*, 262 Fed. Appx.

at 924 (holding that the district court properly exercised its discretion in dismissing the action

although "the statute of limitations bars a refiled complaint"); *Boston*, 185 Fed. Appx. at 855

(same where the district court recognized that "dismissal of [plaintiff's] complaint would result

in her claims being barred"); *Gartin*, 289 Fed. Appx. at 693-94; *Profit v. Americold Logistics,*

*LLC*, 248 F.R.D. 293, 297 (N.D. Ga. 2008).

   To do otherwise here would reward the misdeeds of plaintiffs who file on the eve of the

running of the statute of limitations and then attempt to artificially extend the limitations period

by delaying service.  *See Gartin*, 289 Fed. Appx. at 694-95 ("Rule 4(m) must have some teeth if

it is to avoid becoming a last-ditch, federal tolling mechanism for dilatory state tort claimants.");

*Fitzpatrick*, 2004 WL 239825, at *4 (failing to dismiss in these circumstances "would eviscerate

the statute of limitations . . . and . . . would allow lawyers to evade the effect of such statutes

simply by filing a complaint without serving defendants").  Granting plaintiff a retroactive

extension of the service deadline would punish defendants, despite their clean hands, because of

the considerable prejudice that results from a delay in service in this context.  *See supra* § I.B.1.

   Moreover, the timing of the *filing* of plaintiff's complaint here weighs against extending

the time for service.  *See supra* at 17-18 n.21 (discussing plaintiff's counsel's apparent strategy).

The Fifth Circuit and other courts have recognized that permitting an extension of time to serve a

complaint that was filed on the eve of the statute of limitations' expiration "'undercuts the

purposes served by the statute'" and is prejudicial.  *Gartin*, 289 Fed. Appx. at 694 (quoting

*Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)); *see also*, *e.g.*, *Jumpp*, 2010 WL 715678, at *11 ("Where a party files suit near the end of the limitations period . . . a court is justified in viewing the statute of limitations factor 'in a light less favorable to the plaintiff than might otherwise be the case.'") (quoting *McCurdy*, 157 F.3d at 196); *Fitzpatrick*, 2004 WL 239825, at *4.  This action should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss plaintiff's action without prejudice pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

Dated:  October 22, 2010                Respectfully submitted,

*/s/  Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: plowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7120
Facsimile:   561-655-1509


Eugene A. Schoon
Email:  eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  312-853-7000
Facsimile:   312-853-7036

Lory Barsdate Easton
Email:  leaston@sidley.com
Eamon P. Joyce
Email:  ejoyce@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC  20005
Telephone:  202-736-8000
Facsimile:   202-736-8711

***Attorneys for Defendants Bayer Corporation,
Bayer HealthCare Pharmaceuticals Inc., and
Bayer Schering Pharma AG***

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Barbara Bolton Litten*
Barbara Bolton Litten (Florida Bar No. 91642)

**SERVICE LIST**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**
**Case No. 9:10-cv-81049**

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,**
**FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-735-1130
Facsimile:  215-875-7758
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE**
**& LECLAINCHE, P.A.**
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: plowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

James Paul Sizemore
Email: gober@sizemoretaylor.net
**SIZEMORE TAYLOR LLP**
316 Magnolia Avenue
Fairhope, AL 36532
Telephone:  251-990-4375
Facsimile:  251-990-4371
*Attorney for Plaintiff*

Scott Love
Email: slove@triallawfirm.com
**CLARK, BURNETT, LOVE & LEE, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-759-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Gerald B. Taylor
Email: jerry@geraldbtaylor.com
**TAYLOR LAW FIRM**
7208 Fairwoods Place
Montgomery, AL 36117
Telephone:  334-775-1025
Facsimile:  334-775-1022
*Attorney for Plaintiff*

Jennifer Lenze
Email: jlenze@girardikeese.com
**SIZEMORE TAYLOR LLC**
1601 North Sepulveda Boulevard, Suite 644
Manhattan Beach, CA 90266
Telephone:  760-500-2428
Facsimile:  213-481-1554
*Attorney for Plaintiff*