UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL – 1928

This Document Relates to All Actions

## ORDER

AND NOW, upon consideration of the Motion to reimburse contributors to the Trasylol Plaintiffs' Common Benefit Fund for "Shared Costs" pursuant to Pretrial order 8, it is hereby ORDERED and DECREED that Alan B. Winikur shall reserve at least $300,000 as a cash Balance in the Common Benefit Fund and Reimburse the law firms and attorneys listed on Exhibit A a proportional share of the balance of funds available on the date he receives this order, as described in the motion, up to a maximum of 100% reimbursement and that he shall complete that reimbursement by December 23, 2010.

West Palm Beach, this _____ day of _____, 2010.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL – 1928

This Document Relates to All Actions

**MOTION TO REIMBURSE CONTRIBUTORS TO THE TRASYLOL PLAINTIFFS'
COMMON BENEFIT FUND FOR "SHARED COSTS"
PURSUANT TO PRETRIAL ORDER NO. 8**

1.  Pre-Trial Order No. 8 relating to Common Benefit Fund/Time and Expense Reimbursement, provides in subparagraph A that "a Common Benefit Fund for expenses will be established to receive and disburse funds as provided in this Order." This Common Benefit Fund has been established through contributions by members of the Plaintiffs' Steering Committee (hereinafter "PSC"). Pursuant to this order the Common Benefit Fund has been retained in an escrow account.

2.  Contributions to this fund were made from 23 law firms or lawyers representing plaintiffs in this litigation in the amount of Two Million Six Hundred and Seventy Thousand Dollars ($2,670,000). The names of the law firms and lawyers and the amount each contributed are listed on Exhibit A attached.

3.  Up and until May 2010, the Common Benefit Fund established with contributions by the members of the Plaintiffs' Steering Committee (PSC) and others has been held in an escrow account at Anapol Schwartz.

4.  Pre-Trial Order No. 8 also provides for an assessment against settlements or verdicts to be paid into the Common Benefit Fund. The assessment is six percent and is set forth in detail in Pre-Trial Order No. 8.

5. On May 28, 2010, the first deposit from assessments was made in the amount of $568,574.76.

6. In accordance with Pre-Trial Order No. 8, an accountant, Alan Winikur, was appointed by this Court on April 16, 2010. Pursuant to paragraph (a) of PTO 8, the court-appointed accountant has established an escrow account known as the "Common Benefit Fund".

7. Since that time further deposits have been made.

8. On June 22, 2010, this Court entered an order allowing for the payment of certain expenses from the fund created by the Court appointed accountant and funded by the assessment. This order stated in relevant part:

> PTO 8 is modified so that the Plaintiffs' Steering Committee through Co-Lead Counsel may request and the approved CPA may issue payment of common benefit "shared costs" as defined in PTO 8 and modified by this order, without further action by the Court. These costs include, and shall be limited to, costs incurred for the common benefit of the MDL as a whole, in the following categories:
> (a) Court filing, service and transcription costs;
> (b) Deposition and court reporter costs for depositions (excluding those that are client specific);
> (c) Document depository creation, operation, staffing, equipment and administration;
> (d) Photocopying documents for use as exhibits in generic depositions or for the initial MDL trials;
> (e) PSC adminstration matters, such as meetings and conference calls;
> (f) Accountant's fees;
> (g) Expert witness and consultant fees and expenses;
> (h) Research by outside third-party consultants;
> (i) Common witness expenses, including travel;
> (j) Translation costs;
> (k) Bank or financial institution charges; and
> (l) Investigative services.

9. Since that time, all Common Benefit expenses as defined above have been paid by the court appointed accountant from the Common Benefit Fund.

10. Currently the Common Benefit account has an excess of funds beyond what is needed to assure that common benefit shared costs can be paid as they are incurred.

11. As of October 31, 2010, the Trasylol Common Benefit Fund had a balance of $2,567,744.00 in the money market account and $48,779.35 in the checking account, or a total of $2,616, 523.35.

12. Monthly expenses for "shared costs" are much diminished at this time because:

    a. One of the major common benefit shared costs was loading and hosting 23 million pages of documents on a server with remote access so members of the PSC and others could review documents without visiting a physical repository and which provided numerous advanced search functions (exceeding $1 million for this litigation). The primary cost was loading and OCR procedures on these documents. Monthly maintenance of the site itself is a much smaller costs averaging less than $10,000 per month.

    b. A second major expense was depositions of Defendants' employees and third parties. These are, with a possible rare exception, all completed as of this time.

    c. A third major expense was the development of generic experts' reports, depositions of those experts and defendant's experts, and in one case, a Daubert hearing. With the exception of the deposition of plaintiffs substitute expert, Dr. Blume, these are completed.

13. Because the vast majority of "shared costs" have already been expended and because, as additional settlements are funded, additional substantial funds will be deposited in the common benefit account, there are clearly sufficient funds to reimburse those who contributed to the common benefit of all plaintiffs from the excess unneeded amount.

14. Pre-Trial Order No. 8 provides in paragraph 3(a):

Upon subsequent order of the Court, payments may be made from the Common Benefit Fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client(s), including services provided and expenses incurred in preparation and trial of the bellwether cases.

> Attorneys eligible thereto are limited to Plaintiffs' Lead Counsel, members of the Plaintiffs' Executive Committee, members of the PSC, Plaintiffs' Federal Liaison Counsel, members of subcommittees established by the PSC who are called upon to assist in performing PSC responsibilities (e.g., discovery and science committees), Plaintiffs' State Liaison Counsel, and other attorneys performing PSC-approved responsibilities in MDL or state court actions.

15. To date, common benefit expenses paid from the Common Benefit Fund have been limited to very specific categories described in Pre-Trial Order No. 8 as "shared costs" and are definitively related to the common benefit of all plaintiffs. These expenses have included only:

   a. Costs of document depository creation, operation, staffing, equipment and administration;
   b. generic expert witness and consultant fees and expenses
   c. Deposition, court reporter and videographer costs for depositions of Defendant's employees and former employees and third party witnesses of common importance such ad Alexander Walker M.D. and Laurie Simpson;
   d. Translation costs for the non-English speaking witnesses;
   e. Bank or financial institution charges;
   f. review of documents by an independent contractor
   g. the cost of a special discovery master to attend foreign depositions.

16. The members of the PSC and others have incurred other substantial costs for common benefit, such as travel to and from depositions including depositions abroad, copying documents, creation of a common benefit trial package etcetera. Expenses of this type are defined as "held costs" in Pre-Trial Order No. 8. The PSC is **not** requesting reimbursement for "held costs" at this time. The PSC is only requesting reimbursement for "shared costs" described in paragraph 15 above.

17. The PSC proposes that $300,000 be kept in the Common Benefit account and the the remaining $2,316, 523.35 be reimbursed proportionally to those who contributed (this figure

would vary depending on the exact amount in the account as of the date of the court's order). For example, Babbit, Johnson and Osborne contributed $185,000.00 of the total of $2,670,000.00 or 6.93% of the total. Therefore Babbitt, Johnson and Osborne would be reimbursed 6.93% of $2,316,523.35 or $160,535.07. Another example: Simmons cooper contributed $70,000.00 or 2.62% of the total contributed. Simmons Cooper would be reimbursed 2.62% of $2,316, 523.35 or $60,692.91.

18,   For purposes of law firm accounting for the end of the year, it is important to resolve this and make payments before December 31, 2010.

19.   The PSC and other contributors have expended substantial out of pocket costs for the benefit of all litigants and have been without the majority of these funds for over a year. The effort has been in part responsible for the successful conclusion of litigation in over 300 cases nationwide and the continued negation of cases for resolution. The PSC has incurred substantial other cost, such as travel expense but are "holding" those costs at present until such time as the Common Benefit Fund grow and a separate motion is made. Considering the excess in the Common Benefit Fund and the very specific and limited nature of the "shared costs" which we ask to be reimbursed, we ask the court to make an interim reimbursement under Pre-Trial Order No. 8.

20.   The defendants have no objection to this motion.

WHEREFORE, the Plaintiffs' Steering Committee respectfully requests the Court to order a proportional reimbursement of contributions from the Common Benefit Fund as described above and directing the court appointed accountant, Alan Winikur, to make such distribution.

Respectfully submitted,

ANAPOL SCHWARTZ

Date:   November 24, 2010                By:___/s/ James R. Ronca_____
                                                                James R. Ronca, Esquire
                                                                Supreme Ct. I.D. #25631
                                                                 1710 Spruce Street
                                                                 Philadelphia, PA  19103
                                                                 (215) 735-1130
                                                                 fax (215) 875-7758
                                                                 jronca@anapolschwartz.com
                                                                 ***Co-Lead Counsel for Plaintiffs***

                                                                _/s/ Joseph A. Osborne_____
                                                                Joseph A. Osborne
                                                                Bar Admission #880043
                                                               BABBITT  JOHNSON  OSBORNE  &  LECLAINCHE, P.A.
                                                                1641 Worthington Blvd., Suite 100
                                                               West Palm Beach, FL 33406
                                                               (561) 684-2500
                                                               (561) 684-6308 (fax)

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served on this day on the following counsel of record either via transmission of Notices of Electronic Filing generated by the CM/ECF or by mailing the same to the offices of said counsel by United States mail postage prepaid.

                                                                _/s/ Joseph A. Osborne_____
                                                                Joseph A. Osborne
                                                                Bar Admission #880043