**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

---

IN RE TRASYLOL PRODUCTS
LIABILITY LITIGATION – MDL-1928

This Document Relates to All Actions.

---

**PRETRIAL ORDER NO. __ RELATING TO PLAINTIFFS' PRELIMINARY DISCOVERY OBLIGATIONS**

In order to promote the fair and efficient administration of this litigation, the Court has determined that it is necessary to supplement certain discovery procedures and deadlines for the parties. This Order applies to all Parties as defined in Pretrial Order No. 4 ("PTO 4") (May 22, 2008).

**I. PLAINTIFFS' SUPPLEMENTAL DISCOVERY OBLIGATION.**

In addition to all other pre-existing disclosure obligations, all plaintiffs who have been assigned to Group Six and Group Seven pursuant to Pretrial Order No. 16 ("PTO 16") (November 13, 2009), or who have not been assigned to a group pursuant to PTO 16, must serve upon the defendants' Lead Counsel, as defined by PTO 4, by electronic and U.S. mail **one** of the following in accordance with the schedule provided in Section II below:

(A) An initial report and supporting documentation from the medical records ("Initial Report") that includes the following specific elements:

1. Identifies the specific page in the medical records documenting the administration of Trasylol to plaintiff or decedent (including all information as to dosage);
2. States each of the specific injuries plaintiff contends were caused by Trasylol;

3. Identifies the specific page in the medical records documenting the alleged injuries, including any injuries caused by Trasylol that plaintiff contends caused or contributed to the death of the decedent;
4. If claimed, identifies all instances of dialysis treatments plaintiff contends were caused by the administration of Trasylol, specifically noting the period of time (beginning and end dates) for dialysis treatment;
5. Includes a signed declaration that a medical expert has been retained by the plaintiff or plaintiff's counsel.

The Initial Report is to be signed by the plaintiff's counsel of record or by the pro se plaintiff, which signature constitutes a certification in accord with the provisions of Federal Rule of Civil Procedure 11. Subsequent to the service of the Initial Report, a plaintiff may not submit a Rule 26(a)(2) report that contradicts the information contained in the Initial Report except upon leave of this Court upon good cause shown. Good cause shall include the discovery of later-discovered facts that were not reasonably available to plaintiff at the time the Initial Report was submitted.

**OR**

(B) A case-specific report from a medical expert that complies with the requirements of Rule 26(a)(2) ("Expert Report"). If a plaintiff submits an Expert Report pursuant to this section, he or she shall be precluded from submitting any additional Rule 26(a)(2) case-specific expert report from a different medical expert as to the issues of alleged injuries and medical causation, except a rebuttal report on those issues, from the same expert who submitted the Expert Report, in response to the reports of experts retained by the defendants. Defendants reserve all rights to object to any such rebuttal report. Subsequent expert reports as to damages and/or life care plans are not precluded provided they are submitted in accordance with the applicable schedule.

In addition to the reports required under Sections I(A) or I(B) of this Order, a plaintiff must also simultaneously serve upon defendants' Lead Counsel:

(C) A copy of the relevant medical records, including, but not necessarily limited to, (1) all records of the hospitalization where Trasylol was administered, including operative reports, anesthesia and perfusion records, flow sheets, laboratory reports, medication orders, progress notes and billing records; (2) all records from the patient's primary care physician, cardiologist, and nephrologist, and any records from emergency room admissions, for the five-year period immediately preceding the hospitalization where Trasylol was administered; and (3) where the plaintiff is claiming kidney injury, (i) laboratory reports or other records from which the pre-operative and post-operative serum creatinine levels (or other laboratory measure from which kidney function can be determined) can be identified and (ii) the records documenting all dialysis treatments received by

plaintiff, if any. If records are unavailable through no fault of plaintiff (for example, the medical provider reports the records were lost or destroyed, or after repeated requests by plaintiff with sufficient time for response, the records are not supplied by the provider), plaintiff shall provide complete copies of the records obtained and may move before the deadline for relief from the mandatory record production required by this section as to any additional records. Plaintiff shall bear the burden of showing that the records are not available despite plaintiff's diligent efforts to obtain them.

If not previously undertaken, the parties shall commence good-faith efforts to resolve the case within ninety (90) days after plaintiff complies with Section I of this Order.

## II. SCHEDULE FOR COMPLIANCE WITH THIS ORDER.

### A. Cases Already Assigned To Group Six And Group Seven

Pretrial Order No. 21 ("PTO 21") (June 17, 2010), PTO 16, and Pretrial Order No. 7 ("PTO 7") (Sept. 19, 2008), are amended to provide that case-specific discovery and pretrial motions for the actions in Groups Six and Seven, as defined in PTO 16 Ex. C, shall proceed according the schedule set forth in Exhibit A hereto, which is made part of this Order.

### B. Ungrouped Cases Already Pending In This Court

All plaintiffs who have not been assigned to a Group pursuant to PTO 16, but were transferred to this Court prior to January 1, 2011 or filed their complaints directly into this Court on or before December 31, 2010, shall be assigned to groups based on each plaintiff's United States District Court for the Southern District of Florida case number as follows:

| | |
|---|---|
| Group Eight: | 09-23344 to 09-81690 |
| Group Nine: | 09-81691 to 09-81922 |
| Group Ten: | 09-81923 to 09-82143 |
| Group Eleven: | 09-82144 to 10-80161 |
| Group Twelve: | All remaining cases filed on or before December 31, 2010. |

Case-specific discovery and pretrial motions for the actions in Groups Eight through Twelve shall proceed according the schedule set forth in Exhibit A hereto.

If a single law firm is counsel of record for more than twenty-five (25) individual alleged Trasylol recipients or their estates assigned to a single group in Groups Six through Twelve, that law firm may, no later than thirty (30) days before the deadline for compliance with Section I of this Order, move the Court for a reasonable amount of additional time in which to comply with the due date, not to exceed ninety (90) days, which will be promptly reviewed and ruled on by the Court. Prior to the filing of any such motion, the parties and – if necessary – the PSC shall meet and confer in an attempt to resolve the request for additional time.

**C. Cases Filed or Transferred on or After January 1, 2011**

Plaintiffs who file their complaints outside this District, and are then transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") on or after January 1, 2011, shall comply with Section I of this Order no later than 120 days from the date the applicable Transfer Order is entered in the MDL-1928 docket.

Plaintiffs who file their complaints in this District on or after January 1, 2011, shall comply with Section I of this Order no later than 180 days from the date of filing.

After a reasonable period sufficient to enable the parties to assess the need for and appropriate time for entry of an additional scheduling order, and if such need arises, the parties shall submit to the Court a proposed case-specific discovery and motions schedule for cases filed, or transferred to this Court, on or after January 1, 2011.

**III. ENFORCEMENT PROCEDURE FOR SECTION I SUBMISSIONS.**

If defendants have not received the submissions required under Section I of this Order by the deadline established in Section II of this Order, the defendants may file and serve a notice

with the Court listing any such cases and move for their dismissal (the "Dismissal List"). At least ten (10) days before filing the Dismissal List, defendants must notify any plaintiff who is to be included on such a Dismissal List of the specific deficiencies on which dismissal is sought, and any plaintiff so notified shall have ten (10) days in which to cure such deficiencies. The Court will dismiss with prejudice the case of any plaintiff who fails to cure any deficiencies or to otherwise show good cause why the case should not be dismissed within ten (10) days after the filing of the Dismissal List.

A plaintiff who submits an Initial Report pursuant to Section I(A) of this Order that does not include one or more of the required elements listed in that section or who fails to timely serve the medical records required by Section I (C) of this Order shall be deemed to have missed the deadline set by this Order and shall be subject to the enforcement procedure described in this Section.

## IV. ENFORCEMENT PROCEDURE FOR CASE-SPECIFIC EXPERT REPORTS TO BE SERVED PURSUANT TO SCHEDULE A.

The Court is aware that in many instances case-specific expert reports have not been served on or before the Court-ordered deadlines. The failure to meet the deadline often means that the plaintiff does not intend to pursue the case. The failure to serve the expert report without a request for voluntary dismissal, however, creates an uncertainty as to the status of the case. This uncertainty creates potential problems for the Court and unfairly burdens the defendants. In response to this situation the parties have met and conferred and have suggested to the Court changes in procedure that are intended to streamline the process of clarifying the status of cases and ease the burden on defendants while at the same time preserve the claims of good-faith plaintiffs by requiring notice of potential dismissal with an opportunity to seek relief.

In any instance where a plaintiff has not served Rule 26(a)(2) case-specific expert reports by the later of the two deadlines established in Exhibit A hereto, defendants may submit a notice to the Court listing those cases and will serve a copy of the notice on all plaintiffs who are included on such list. If no action is taken by the plaintiff, the Court may dismiss those cases without prejudice ten (10) days after receiving the notice. A plaintiff whose case is dismissed pursuant to this procedure may move for reinstatement of their claims within thirty (30) days of dismissal upon a showing that their claims should survive despite the absence of expert testimony or a showing of good cause for failing to meet the deadline.

**V. EXTENSION OF DEADLINES.**

A plaintiff may bring a motion, no later than five (5) business days prior to the applicable deadline, seeking relief from a deadline established by this Order upon a showing of good cause as to why the plaintiff is unable to meet that deadline. Motions for relief from a deadline to comply with Section I of this Order filed less than five (5) business days before the deadline will be denied absent a showing of compelling circumstances as to why the motion could not have been filed earlier.

Notwithstanding any other provisions of this Order, a plaintiff who files an Initial Report pursuant to Section I(A) of this Order may not move for or be granted additional time to file his or her Rule 26(a)(2) case-specific expert reports under the schedule set forth in Exhibit A to this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _______ day of January, 2011.

______________________________
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE