UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928  This Document Relates to All Actions | ) ) ) ) ) ) ) |

**PRETRIAL ORDER NO. 31 RELATING TO
ENFORCEMENT OF REQUIREMENTS FOR SERVICE OF PROCESS**

The purpose of this Order is to provide a fair and efficient procedure for the enforcement of the requirements applicable to service of process in cases filed in or transferred to this MDL. This Order establishes a procedure for the disposition of cases that defendants contend were not timely served. This Order applies to all Parties as defined in Pretrial Order ("PTO") No. 4 and applies to cases currently pending in this MDL, as well as cases that may be filed in or transferred to this Court after the date of this Order.

If defendants contend that any case pending in this MDL has not been timely served, in lieu of filing a motion to dismiss, they may file a list of such unserved cases in a form resembling the attached Exhibit A ("Unserved Cases List"). Following review of an Unserved Cases List, the Court will issue in each listed case, in a form resembling the attached Exhibit B, an Order to Show Cause as to why that case should not be dismissed. Within fourteen (14) days of the entry of such an Order to Show Cause, the plaintiff(s) at issue in such a case must file a response showing why the case should not be dismissed without prejudice for lack of personal jurisdiction and/or for failure to serve defendants within the time permitted by Federal Rule of Civil Procedure 4(m). If a plaintiff fails to file a response within fourteen (14) days of the entry of the Order to Show Cause, the Court will dismiss the case without prejudice upon the filing by defendants in the applicable case of a Notice of Failure to Comply with PTO No. 31 Order to

Show Cause. The procedure set forth in this Order is without prejudice to any defenses defendants may have to the case, including lack of personal jurisdiction over any defendant.

DONE and ORDERED in Chambers, at West Palm Beach, Florida, this 14thday of April, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Exhibit A

PTO __ List of Unserved Cases

| No. | Case Caption | Case Specific No. | Counsel for Plaintiff(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

|  |  |
|---|---|
| IN RE TRASYLOL PRODUCTS LIABILITY LITIGATION — MDL-1928  This Document Relates to: | ) ) ) ) ) ) ) |

**PTO NO. ___ ORDER TO SHOW CAUSE**

Pretrial Order ("PTO") No. ___ provides that defendants may advise the Court of cases that they contend have not been properly served, and further provides that the Court will dismiss such cases without prejudice unless plaintiffs respond and show cause why such cases should not be dismissed. In accordance with PTO No. ___, defendants have submitted an Unserved Cases List that indicates that timely service has not been effected in the above-captioned case. It is, therefore,

ORDERED that the plaintiff(s) in this case shall SHOW CAUSE why the case should not be dismissed without prejudice for lack of personal jurisdiction and/or for failure to serve defendants within the time permitted by Federal Rule of Civil Procedure 4(m). In responding to this Order, plaintiff(s) shall proceed as follows:

A. Plaintiff(s) shall file a response to this Order within fourteen (14) days, as calculated pursuant to Local Civil Rule 7.1(c)(1)(A), of the entry of this Order on the Court's electronic public docket. Any such response shall include a memorandum of law, not to exceed twenty pages in length, as well as any supporting evidence.

  **B.**  If plaintiff(s) contend(s) that the case was timely, properly served, then in such response:

    **1.** If plaintiff(s) effected service under PTO Nos. 4 (D.E. 60 in 1:08-md-01928) (May 22, 2008) and 11 (D.E. 700 in 1:08-md-01928) (Feb. 4, 2009), plaintiff(s) shall submit proof of mailing and a return receipt demonstrating service on defendants; or

    **2.** If plaintiff(s) effected service pursuant to Federal Rule of Civil Procedure 4, plaintiff(s) shall submit a form of proof permitted by Rule 4(*l*).

  **C.**  In a case in which service has not been completed or in which service was accomplished more than 120 days after the complaint was filed, plaintiff(s) must include within the above-referenced memorandum a motion for an extension of time in which to serve defendants. Plaintiff(s) need not meet and confer with counsel for defendants pursuant to Local Civil Rule 7.1(a)(3) prior to filing such motion.

    **1.** Any such motion must demonstrate, with competent proof, that "good cause" existed for the failure timely to serve the complaint and must ask this Court to grant an extension of time in which to serve, or provide specific reasons, supported by Eleventh Circuit authority, explaining why this Court should exercise its discretion to permit plaintiff(s) additional time to properly serve the complaint.

    **2.** If any plaintiff contends that dismissal without prejudice would cause any of plaintiff's claim(s) to be barred in a refiled case by the statute of limitations, such plaintiff shall state the bases for that conclusion, including citations to the

5

applicable statute(s) of limitation, relevant caselaw as appropriate, and a statement of facts supporting the date on which plaintiff contends the claim(s) accrued. If plaintiff fails to demonstrate both:

    **(a)** that the claim(s) was/were timely when filed, and

    **(b)** that the claim(s) would be untimely in a refiled case,

the Court will not evaluate limitations issues any further with respect to that plaintiff's claim(s).

For each memorandum of law filed by a plaintiff or plaintiffs as called for in this Order, defendants may file a corresponding memorandum of law in response, which shall not exceed twenty pages in length. Any such response shall be filed within fourteen (14) days, as calculated pursuant to Local Civil Rule 7.1(c)(1)(A), of the entry on the Court's electronic public docket of the plaintiff's/plaintiffs' memorandum. Further briefing by any party will not be permitted absent a motion showing good cause for leave to file an additional memorandum.

If the plaintiff/plaintiffs named above does/do not respond to this Order within the time required, the Court will dismiss the case without prejudice upon the filing by defendants of a Notice of Failure to Comply with PTO No. __ Order to Show Cause. Defendants need not meet and confer with counsel for plaintiff(s) pursuant to Local Civil Rule 7.1(a)(3) prior to providing the Court with any such notice.

DONE and ORDERED in Chambers, at West Palm Beach, Florida, this ____ day of _____, 201__.

                                                                       _____
                                                                       DONALD M. MIDDLEBROOKS
                                                                       UNITED STATES DISTRICT JUDGE