IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE TRASYLOL PRODUCTS
LIABILITY LITIGATION – MDL-1928

THIS DOCUMENT RELATES TO:
*See Exhibit A*
_____/

**DEFENDANTS' REPLY REGARDING
MAY 23, 2011, PTO NO. 31 ORDER TO SHOW CAUSE**

Plaintiffs have not provided credible proof of service in any of the eleven cases listed on Exhibit A to this Court's May 23, 2011, Pretrial Order ("PTO") No. 31 Order to Show Cause (D.E. 9458 in 1:08-md-01928). In their response brief (D.E. 9614 in 1:08-md-01928), plaintiffs' counsel (Napoli Bern Ripka & Associates, LLP ("Napoli Bern")) assert that the complaint in each case was served pursuant to PTO Nos. 4 and 11, and for each case they attach registered mail return receipts to support their assertions. Yet these documents utterly fail to prove service.

Instead, it appears that Napoli Bern has once again relied on evidence that is simply not credible. Previously, in seeking to prove service, Napoli Bern offered the affidavit of a paralegal, which appeared to have been sworn within a month of the subject complaint's filing but which attested to serving an entity that was not then even a defendant or otherwise active in this MDL. *See* Defs.' Reply In Supp. Of Rule 12 Mot. To Dismiss Pls.' Compl., *Brinson v. Bayer Corp.*, No. 9:08-cv-81212 (D.E. 8616 in 1:08-md-01928) (Feb. 7, 2011). At the same time in another case, Napoli Bern submitted an otherwise-identical affidavit, purporting to have been sworn the same day, that purported to prove service on the correct defendant. *See* Defs.' Reply In Supp. Of Rule 12 Mot. To Dismiss Pl.'s Compl., *Ross v. Bayer Corp.*, No.

9:08-cv-81210 (D.E. 8617 in 1:08-md-01928) (Feb. 7, 2011). The inconsistencies between the affidavits called both into serious question.

This time, using registered mail receipts returned to the same paralegal who swore out the questionable affidavits, *see, e.g.,* Pls.' Response Exs. 1-11 (D.E. 9614 at 7-46)[1] (directing return receipt to paralegal), Napoli Bern has offered as proof of service registered mail records that were used to serve *different* Trasylol cases brought by that firm, but not *these* cases. The circumstantial evidence that these registered mailings did not include the subject complaints is clear: Plaintiffs failed to submit as proof any cover letters naming these cases as enclosures to those registered mailings, even though Napoli Bern routinely includes letters listing every case served in each mailing. Indeed, the cover letters defendants received via these registered mailings enumerated numerous other Napoli Bern suits that were being served, but none of the suits here at issue are listed. Moreover, neither defendants themselves, nor any of the numerous outside counsel for Bayer who, per PTO No. 4, were required to be provided with a copy of each served complaint, ever received any of these eleven suits' complaints. The only possible conclusion is that plaintiffs failed to serve the cases.

As a result, plaintiffs' claims should be dismissed without prejudice pursuant to PTO No. 31 (D.E. 9187) and this Court's May 23, 2011, Order to Show Cause because the Court lacks personal jurisdiction over the unserved defendants, and because no further extension of the time in which to serve should be granted in light of plaintiffs' years-long defiance of the plain terms of Fed. R. Civ. P. 4(m).

---

[1] Plaintiffs' brief and the exhibits thereto were docketed as a single PDF file (D.E. 9614). For the Court's convenience, defendants refer to the plaintiffs' exhibits both by exhibit number and by the applicable PDF page numbers.

2

**BACKGROUND**

PTO No. 31 provides a mechanism for defendants to advise the Court of cases that have not been properly served, and further provides for dismissal of such cases without prejudice unless plaintiffs show cause why they should not be dismissed. On May 13, 2011, defendants submitted a Notice of Unserved Cases List Pursuant to Pretrial Order No. 31 (D.E. 9358 in 1:08-md-01928), identifying eleven cases brought by plaintiffs represented by Napoli Bern for which defendants had no record of service. On May 23, 2011, this Court docketed an Order to Show Cause why those cases (listed on Exhibit A to the Order) should not be dismissed for lack of personal jurisdiction and/or failure to serve defendants within the time permitted by Rule 4(m). On June 7, plaintiffs filed their Response to the Court's Order to Show Cause (D.E. 9614), in which they claim that they served defendants pursuant to PTO Nos. 4 and 11 by sending the complaints via registered mail, return receipt requested to defendants' in-house counsel as specified in those PTOs.[2]

Importantly, each registered mail return receipt has its own unique registered mail number that allows for tracking of a particular envelope or package from the time of mailing to

---

[2] PTO No. 4 established streamlined service procedures, via registered mail with a return receipt, for Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer HealthCare AG. That PTO allowed Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. to be served by mail directed to Douglas A. Pearson in Pittsburgh, Pennsylvania. PTO No. 4 § VI.A. In February of 2009, this Court substituted Bayer Schering Pharma AG as a defendant in place of Bayer HealthCare AG. *See* PTO No. 11 (D.E. 700 in 1:08-md-01928). Pursuant to that Order, the service provisions of PTO No. 4, which previously permitted service on Bayer HealthCare AG by mail directed to Alexander Bey in Leverkusen, Germany, were revised to provide for service by mail directed to the general counsel of Bayer Schering Pharma AG in Berlin, Germany. *See id.* The service provisions of PTO No. 4 further require that a copy of the complaint be provided to lead and liaison counsel for defendants, including: Phillip S. Beck and Steven E. Derringer of Bartlit Beck Herman Palenchar & Scott LLP; Eugene A. Schoon of Sidley Austin LLP; Richard K. Dandrea of Eckert Seamans Cherin & Mellott, LLC; Susan Artinian of Dykema Gossett PLLC; and Patricia E. Lowry of Squire, Sanders & Dempsey (US) LLP. PTO No. 4 § III.D; *id.* § VI.A.

the time of delivery to the recipient.[3]  In an attempt to prove service, plaintiffs attach eleven exhibits to their Response (one for each of the eleven unserved cases), and each exhibit contains multiple registered mail return receipts (for service collectively on Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. in Pittsburgh, and separately for service on Bayer Schering Pharma AG in Germany).  None of these registered mail return receipts identifies the Trasylol cases that were included in the mailing sent to defendants on that particular date.  But, in reviewing their records, defendants determined that it had mailings that match up to the return receipts and those mailings included dated cover letters[4] corresponding to the postmark dates of those mailings.  Those letters identify the cases being served.  None of the cover letters list any of the eleven cases at issue here.

Significantly, in addition to these eleven cases, Napoli Bern is counsel of record for over 70 other Trasylol cases in this MDL.  In many of these other cases, Napoli Bern has properly served defendants pursuant to PTO Nos. 4 and 11 by mailing complaints via registered mail, return receipt requested to defendants' counsel in Pittsburgh, Pennsylvania and in Leverkusen

---

[3] Plaintiffs' exhibits include different versions of forms for sending registered mail, return receipt requested (*e.g.*, Domestic Return Receipt, Postal Service Form 3811).  But each form includes a registered mail number, which would have been assigned by the Postal Service at the time of mailing and which "incorporates a system of receipts to monitor the movement of the mail from the point of acceptance to delivery."  *See* United States Postal Service § 2.2.1, *available at* http://pe.usps.gov/text/dmm300/503.htm#wp1100045 ("Registered Mail is the most secure service that the USPS offers. . . .  Registered Mail provides the sender with a mailing receipt.").

[4] With respect to the June 8, 2009, mailing to Leverkusen, Germany, defendants were not able to locate a cover letter for this mailing at this time, more than two years later, *see* Defs.' Ex. E (June 8, 2009 mailing to Alexander Bey), but an identical mailing enclosing the same complaints was sent on the same date to the U.S. Bayer defendants in Pittsburgh.  The cover letter from that mailing, which is attached as Defendants' Exhibit D, lists as recipients both Bayer's U.S. in-house counsel in Pittsburgh as well as Alexander Bey in Leverkusen, Germany, demonstrating that the same cases were provided in both mailings.  *See* Defs.' Ex. D (June 8, 2009, cover letter received by Douglas A. Pearson listing Alexander Bey, as General Counsel for Bayer Schering Pharma AG, as a recipient of the letter).

and Berlin, Germany. Those mailings routinely include cover letters identifying the enclosed complaints, cover letters that are absent from plaintiffs' submissions in response to the Court's Order to Show Cause.

## ARGUMENT

All the cases listed on Exhibit A should be dismissed without prejudice because they have not been served on any defendant. The registered mail return receipt numbers from plaintiffs' exhibits prove that none of the cases listed on Exhibit A to the Court's Order were sent to any defendant by way of those mailings. Rather, the registered mail numbers on these return receipts correspond to mailings that defendants received containing copies of *other* Napoli Bern Trasylol complaints. Accordingly, plaintiffs have produced no evidence to demonstrate service of the cases listed on Exhibit A. Moreover, neither defendants' in-house counsel nor any of the five law firms that represent defendants as lead and liaison counsel in this MDL ever received the complaints listed on Exhibit A, either through registered mail or otherwise. *See* Decl. of Eugene A. Schoon at ¶¶ 4, 6-7 (Ex. A hereto). Finally, plaintiffs have not requested an extension of time to serve defendants now, well beyond the 120-day period allowed under Rule 4(m). And, in any event, an extension of time is unwarranted in light of the circumstances.

### I. PLAINTIFFS HAVE NOT MET THEIR BURDEN OF ESTABLISHING SERVICE ON DEFENDANTS.

Plaintiffs bear the "burden of demonstrating that service has been properly accomplished." *Phillips v. Vaughn*, No. CV-310-035, 2010 WL 4833862, at *1 (S.D. Ga. Oct. 22, 2010) (citing *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991)); *see also S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) ("The plaintiff bears the burden of establishing personal jurisdiction over the defendant.").

Here, plaintiffs assert that they served defendants pursuant to PTO Nos. 4 and 11 within 120 days of filing the complaints. PTO No. 4 provides that service be made "by registered mail, return receipt requested" on specified in-house counsel for defendants at specified addresses. PTO No. 4 § VI.A. Additionally, a copy is to be provided to lead and liaison counsel for defendants. *Id.*; *see supra* n.2 (identifying Bayer's lead and liaison counsel). "Service will be effective only if addressed as above. General mailing to any defendant will not be sufficient to effect service." *Id.* Defendants agreed to these streamlined service procedures in PTO No. 4 to "eliminate disputes over service of process." *Id.*

### A. The Registered Mail Return Receipts Provided By Plaintiffs Are Not Valid Proof of Service.

Defendants do not dispute that designated in-house counsel for defendants have received registered mail from Napoli Bern related to Trasylol cases other than those that are the subject of this Court's Order. Indeed, the registered mail numbers listed on the return receipts attached as Exhibits 1-11 (D.E. 9614 at 7-46) to plaintiffs' Response correspond to mailings defendants have received from Napoli Bern. Those mailings match cover letters identifying cases enclosed in those registered mailings. But service was not effected in the eleven unserved cases here at issue—those cases' short form complaints were not included in the mailings bearing the registered mail numbers plaintiffs cite, and they were not included in any other mailings defendants have received. The registered mail return receipts plaintiffs have offered are inadequate to demonstrate service in these cases, and their invalidity casts serious doubt on the veracity of plaintiffs' assertion that they have served defendants in these cases.

#### 1. The *Moore* (No. 9:09-cv-80058) and *Ledoux* (No. 9:09-cv-80062) cases have not been served.

Plaintiffs claim that *Moore* and *Ledoux* were served on Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. on March 13, 2009, apparently by enclosing both complaints in

6

the same envelope.[5]  Response at 1.  In support of this assertion, they attach a single registered mail return receipt for a mailing addressed to Douglas A. Pearson in Pittsburgh, Pennsylvania that is identified by registered mail number 7002 3150 0004 3312 275_.[6]  Response Exs. 1 and 2 (D.E. 9614 at 7-10).  Although Mr. Pearson received a mailing from Napoli Bern postmarked March 13, 2009, and identified by registered mail number 7002 3150 0004 3312 2753, that mailing did not include either the *Moore* or *Ledoux* short form complaints.  See Defs.' Ex. B (mailing received by Douglas A. Pearson from Napoli Bern postmarked March 13, 2009, with tracking number 7002 3150 0004 3312 2753, including envelope, cover letter, and short form complaints).  Rather, the March 13, 2009, cover letter that was included in this mailing expressly identifies eleven ***different*** Trasylol cases that were sent to Bayer.  Neither *Moore* nor *Ledoux* are among the enumerated cases listed on Napoli Bern's own cover letter.[7]

---

[5] In their Response, plaintiffs mistakenly refer to the postmark dates of the mailings to defendants as dates of "serv[ice]."  *See, e.g.*, Response at 1.  Pursuant to PTO No. 4 § VI.A, service is deemed effective ten days after the postmark date of the mailing containing the summons and complaint.  Here, the precise date of service is inconsequential because service has not been effected in any case.

[6] The last digit of the 20-digit tracking number on the registered mail return receipt for the March \ 13, 2009, mailing to Douglas A. Pearson is cut off on plaintiffs' Exhibits 1 and 2 (D.E. 9614 at 7, 9).  However, the first 19 digits correspond to the registered mail return receipt number for the only mailing from this law firm that was received by Mr. Pearson with a March 13, 2009, postmark date.  *See* Defs.' Ex. B.

[7] The cases that are identified in the March 13, 2009, cover letter and that were sent to Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. by way of the mailing to Douglas A. Pearson identified by registered mail number 7002 3150 0004 3312 2753 include: *Beauchamp, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80193; *Fierro, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80035; *Osborne v. Bayer Corp., et al.*, No. 9:09-cv-80169; *Jones, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80168; *Garrett v. Bayer Corp., et al.*, No. 9:09-cv-80170; *Ball, et al. v. Bayer Corp., et al.*, No. 1:08-cv-23354; *Webb, et al. v. Bayer Corp., et al.*, No. 1:08-cv-23166; *Egbert, et al. v. Bayer Corp., et al.*, No. 1:08-cv-23165; *Becker, et al. v. Bayer Corp., et al.*, No. 1:08-cv-23164; *Gasparro v. Bayer Corp., et al.*, No. 1:08-cv-23163; and *Monk, et al. v. Bayer Corp., et al.*, No. 1:08-cv-23359.  *See* Defs.' Ex. B.

7

Similarly, plaintiffs claim that *Moore* and *Ledoux* were served on Bayer Schering Pharma AG on March 13, 2009, and in support they attach a single return receipt for a mailing addressed to General Counsel, Bayer HealthCare AG in Berlin, Germany that is identified by registered mail number RE 333 780 262 US. Response Exs. 1 and 2 (D.E. 9614 at 7-10). Bayer Schering Pharma AG's in-house counsel received a mailing from Napoli Bern postmarked March 13, 2009, and bearing that registered mail number. As with the U.S. defendants, however, the materials sent to Bayer Schering Pharma AG did not include either the *Moore* or *Ledoux* short form complaints. *See* Defs.' Ex. C (mailing received by Bayer Schering Pharma AG from Napoli Bern postmarked March 13, 2009, with tracking number RE 333 780 262 US, including envelope, cover letter, and short form complaints).[8] Bayer Schering Pharma AG received the same cover letter as the U.S. defendants stating that service was being made in eleven other Napoli Bern Trasylol cases. Notably absent from the cover letter is any reference to the *Moore* or *Ledoux* cases.

> 2. **The *McDonald* (No. 9:09-cv-80195), *Morgan* (No. 9:09-cv-80272), *Jochum* (No. 9:09-cv-80339), *Nielsen* (No. 9:09-cv-80386), *Eckhout* (No. 9:09-cv-80387), *Wynn* (No. 9:09-cv-80389), *Paider* (No. 9:09-cv-80391), and *Snowden* (No. 9:09-cv-80393) cases have not been served.**

The same problem exists with plaintiffs' claim that *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, and *Snowden* were served on Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. on June 8, 2009. Evidently plaintiffs are claiming that all eight complaints were sent in a single envelope. Response at 1-3. In support of this assertion, plaintiffs attach a registered mail return receipt for a mailing addressed to Douglas A. Pearson in

---

[8] For the complaints sent to Bayer Schering Pharma AG by way of the March 13, 2009, mailing with registered mail number RE 333 780 262 US, *see supra* n.7.

Pittsburgh, Pennsylvania that is identified by registered mail number 7002 3150 0004 3310 0188. Response Exs. 3, 4, and 6-11 (D.E. 9614 at 11-18, and 23-46).

Again, defendants do not dispute that Mr. Pearson received a mailing from Napoli Bern postmarked June 8, 2009, and identified by that registered mail number. But that mailing did not include the *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, or *Snowden* short form complaints. *See* Defs.' Ex. D (mailing received by Douglas A. Pearson from Napoli Bern postmarked June 8, 2009, with registered mail number 7002 3150 0004 3310 0188, including envelope, cover letter, and short form complaints). Rather, the June 8, 2009, cover letter lists eighteen *other* Trasylol cases that were enclosed, all of which were brought by plaintiffs represented by Napoli Bern. Reference to the *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, or *Snowden* cases is notably absent from Napoli Bern's letter informing defendants that service is being effected in other Trasylol cases.[9]

Plaintiffs' claim that *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, and *Snowden* were served on Bayer Schering Pharma AG on June 8, 2009, also is undermined by other facts. Plaintiffs attach a single registered mail return receipt for a mailing sent to

---

[9] The cases identified in the June 8, 2009, cover letter and that were sent to Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. by way of the mailing to Douglas A. Pearson identified by registered mail number 7002 3150 0004 3310 0188 include: *Jarvis v. Bayer Corp., et al.*, No. 9:09-cv-80564; *Schult v. Bayer Corp., et al.*, No. 9:09-cv-80565; *Haley, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80494; *Watts, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80495; *Bynog v. Bayer Corp., et al.*, No. 9:09-cv-80493; *Woodruff, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80337; *Ambrose, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80492; *Graham, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80562; *Rowlett, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80563; *Akers, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80792; *Turner v. Bayer Corp., et al.*, No. 9:09-cv-80791; *Massaro, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80790; *Dezarn, et al. v. Bayer Corp., et al.*, No. 9:09-cv-80789; *Sheehan v. Bayer Corp., et al.*, No. 9:09-cv-80598; *Edgar v. Bayer Corp., et al.*, No. 9:09-cv-80627; *McCoy v. Bayer Corp., et al.*, No. 9:09-cv-80599; *Garrett v. Bayer Corp., et al.*, No. 9:09-cv-80170; and *Carter v. Bayer Corp., et al.*, No. 9:09-cv-80194. *See* Defs.' Ex. D.

9

Alexander Bey, General Counsel, Bayer Schering Pharma AG in Leverkusen, Germany. This mailing is identified by registered mail number RE 333 780 965 US. Response Exs. 3, 4 and 6-11 (D.E. 9614 at 11-18, and 23-46). A mailing from Napoli Bern postmarked June 8, 2009, and bearing that tracking number was received in Leverkusen. But, once again, the materials enclosed in this mailing did not include the short form complaints in *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, and *Snowden*. *See* Defs.' Ex. E (mailing from Napoli Bern postmarked June 8, 2009, with tracking number RE 333 780 965 US, including envelope and short form complaints).[10] Rather, other Napoli Bern short form complaints were enclosed in this mailing.[11]

In fact, Napoli Bern made a second attempt at service of the eighteen complaints that were sent to Alexander Bey in Leverkusen on June 8, 2009. Even in this second mailing, on July 16, 2009, Napoli Bern did not include any of the complaints at issue here, but instead included only the same eighteen cases that originally had been included in the first mailing. *See* Defs.' Ex. F (mailing received by Bayer Schering Pharma AG from Napoli Bern postmarked July 16, 2009, with tracking number RB 108 995 990 US, including envelope, cover letter, and short form complaints).[12] Bayer Schering Pharma AG had rejected Napoli Bern's initial attempt

---

[10] *See supra* n. 4 (explaining that Defs.' Exhibit E presently omits a cover letter and referencing June 8, 2009, cover letter sent to Douglas A. Pearson in Pittsburgh, which lists Alexander Bey in Leverkusen, Germany as an additional recipient of the mailing).

[11] For the complaints enclosed in the mailing to Alexander Bey postmarked June 8, 2009, and with registered mail number RE 333 780 965 US, *see supra* n.9.

[12] The cases that are identified in the July 16, 2009, cover letter and that were sent to Bayer Schering Pharma AG by way of the mailing to General Counsel for that defendant in Berlin, Germany, and identified by registered mail number RB 108 995 990 US, are the same cases that were sent to Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. by way of the June 8, 2009, mailing to Douglas A. Pearson, *see supra* n.9, and which Napoli Bern attempted to serve on Bayer Schering Pharma AG by way of the June 8, 2009, mailing to Alexander Bey in Leverkusen, Germany, *see supra* n.11. *See* Defs.' Ex. F (July 16, 2009, mailing received by Bayer Schering Pharma AG).

to serve those cases because the complaints had been mailed to an improper address.[13]  Plaintiffs do not claim—nor could they—that the *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, or *Snowden* cases were included in this subsequent, proper mailing, and they thus missed even this additional opportunity to complete service of the cases at issue here.

### 3. The *Stevens* (No. 9:09-cv-80338) case has not been served.

In the same fashion, it is clear that defendants have not been served in the *Marian Stevens* case.  In support of service, plaintiffs attach a registered mail return receipt for a January 14, 2010, mailing addressed to Douglas A. Pearson in Pittsburgh, Pennsylvania with registered mail number 7002 3150 0004 3312 4931.  Response Ex. 5 (D.E. 9614 at 19-22).  Mr. Pearson received a mailing from Napoli Bern postmarked January 14, 2010, with that registered mail number enclosing 36 other Trasylol complaints.  *See* Defs.' Ex. H (mailing received by Douglas A. Pearson from Napoli Bern postmarked January 14, 2010, with registered mail number 7002 3150 0004 3312 4931, including envelope, cover letter, and short form complaints).[14]  For

---

[13] As explained in defendants' July 7, 2009, letter to Napoli Bern rejecting service, at the time of the mailing, PTO No. 11 required that Bayer Schering Pharma AG be served by registered mail, return receipt requested directed to General Counsel for that entity in Berlin, Germany.  Service was rejected because those complaints were improperly sent to Alexander Bey in Leverkusen, Germany.  *See* Defs.' Ex. G (letter from N. Pieper to C. LoPalo dated July 7, 2009, rejecting attempted service of process on Bayer Schering Pharma AG in eighteen cases identified by name, *see supra* n.11, none of which was *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, or *Snowden*).  Accordingly, even if the *McDonald*, *Morgan*, *Jochum*, *Nielsen*, *Eckhout*, *Wynn*, *Paider*, and *Snowden* cases had been part of the June 8, 2009, mailing to Bayer Schering Pharma AG in Leverkusen, Germany—and they demonstrably were not—service was improper.

[14] The cases sent to Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. by way of the January 14, 2010, mailing to Douglas A. Pearson identified by registered mail number 7002 3150 0004 3312 4931 include:  *Putnam [as The Proposed Administrator of The Estate of Brock] v. Bayer Corp., et al.*, No. 9:09-cv-81635; *Calaway-Morton v. Bayer Corp., et al.*, No. 9:09-cv-81636; *Childs v. Bayer Corp., et al.*, No. 9:09-cv-81637; *Elliot [as The Proposed Administratrix of The Estate of Davis] v. Bayer Corp., et al.*, No. 9:09-cv-81638; *Eubanks v. Bayer Corp., et al.*, No. 9:09-cv-81639; *Fitzgerald v. Bayer Corp., et al.*, No. 9:09-cv-81640; *Garces v. Bayer Corp., et al.*, No. 9:09-cv-81641; *Ruark [as The Proposed Administratrix of The Estate of Kozlowski] v. Bayer Corp., et al.*, No. 9:09-cv-81642; *McClellan v. Bayer Corp., et al.*,

clarity, defendants note that the case at issue here is brought by plaintiffs Marian and Terry Stevens, Case No. 9:09-cv-80338. This complaint was not listed on the cover letter[15] or included in the January 14, 2010, mailing to defendants. *Id.* Although the mailing included a case named *Stevens*, it was a different case brought by plaintiffs Cathy and Jack Stevens, Case No. 9:09-cv-81774.

Nor did plaintiffs serve the *Marian Stevens* case on Bayer Schering Pharma AG. Without explanation, plaintiffs' exhibit in support of this claim includes *two different* return receipts for mailings to Bayer Schering Pharma AG in Berlin, Germany. The first return receipt is dated January 14, 2010, and lists registered mail number RE 333 837 449 US. Response Ex. 5 at 2 (D.E. 9614 at 20). Bayer Schering Pharma AG's in-house counsel received a mailing from Napoli Bern postmarked January 14, 2010, with that tracking number, which included the same

---

No. 9:09-cv-81643; *Pennington v. Bayer Corp., et al.*, No. 9:09-cv-81644; *Schy v. Bayer Corp., et al.*, No. 9:09-cv-81645; *Conchola v. Bayer Corp., et al.*, No. 9:09-cv-81646; *Zimmer v. Bayer Corp., et al.*, No. 9:09-cv-81647; *Chizek v. Bayer Corp., et al.*, No. 9:09-cv-81655; *Foster v. Bayer Corp., et al.*, No. 9:09-cv-81657; *Gaines v. Bayer Corp., et al.*, No. 9:09-cv-81654; *Leduke [as The Proposed Administratrix of The Estate of Hill] v. Bayer Corp., et al.*, No. 9:09-cv-81653; *Scott [as The Proposed Administratrix of The Estate of Hopson] v. Bayer Corp., et al.*, No. 9:09-cv-81651; *Jones, et al. v. Bayer Corp., et al.*, No. 9:09-cv-81650; *Karley v. Bayer Corp., et al.*, No. 9:09-cv-81649; *Reynolds [as The Proposed Administratrix of The Estate of Thompson] v. Bayer Corp., et al.*, No. 9:09-cv-81656; *Feiertag, et al. v. Bayer Corp., et al.*, No. 9:09-cv-81752; *Kramer v. Bayer Corp., et al.*, No. 9:09-cv-81760; *McRae v. Bayer Corp., et al.*, No. 9:09-cv-81768; *Ramirez v. Bayer Corp., et al.*, No. 9:09-cv-81769; *Smith v. Bayer Corp., et al.*, No. 9:09-cv-81772; *Cathy Stevens, et al. v. Bayer Corp., et al.*, No. 9:09-cv-81774; *Lauter, et al. v. Bayer Corp., et al.*, No. 9:09-cv-81766; *Buster, et al. v. Bayer Corp., et al.*, No. 9:09-cv-81983; *Roberts [as The Administratrix of The Estate of Harveston] v. Bayer Corp., et al.*, No. 9:09-cv-82032; *Vandenham v. Bayer Corp., et al.*, No. 9:09-cv-81528; *Smith v. Bayer Corp., et al.*, No. 9:09-cv-81527; *Levin, et al. v. Bayer Corp., et al.*, No. 9:09-cv-81537; *Ball v. Bayer Corp., et al.*, No. 9:09-cv-81578; *Raven v. Bayer Corp., et al.*, No. 9:09-cv-81658; and *Kyzar v. Bayer Corp.*, No. 9:09-cv-81648. *See* Defs.' Ex. H.

[15] The third and final page of the January 14, 2010, cover letter was missing in each of the mailings received by in-house counsel for defendants, as well as by outside law firms that serve as lead and liaison counsel for defendants. *See* Decl. of Eugene A. Schoon at ¶ 8 (Ex. A hereto). Each of these mailings included the 30 complaints listed on the cover letter, as well as six additional short form complaints, none of which was the Marian Stevens complaint. *Id.*

12

cover letter and 36 short form complaints sent to the U.S. defendants on the same date. *See* Defs.' Ex. I (mailing received by Bayer Schering Pharma AG from Napoli Bern postmarked January 14, 2010, with tracking number RE 333 837 449 US, including envelope, cover letter, and short form complaints).[16] As with the U.S. mailing, the *Marian Stevens* complaint was not listed on the cover letter or included in this mailing.

The second return receipt in plaintiffs' Exhibit 5 is for a mailing to Bayer Schering Pharma AG, postmarked January 15, 2010, and identified by number RE 333 782 396 US. Response Ex. 5 at 4 (D.E. 9614 at 22). Bayer Schering Pharma AG received this mailing as well, but it also did not include the *Marian Stevens* complaint. Rather, the cover letter identified a different Napoli Bern Trasylol complaint that was served on Bayer Schering Pharma AG by way of the January 15, 2010 mailing. *See* Defs.' Ex. J (mailing received by Bayer Schering Pharma AG from Napoli Bern postmarked January 15, 2010, with tracking number RE 333 782 396 US, including envelope, cover letter, and short form complaint).[17] Plaintiffs do not attempt to explain why they would have mailed the same complaint to the same defendant twice in the course of two days.[18]

---

[16] For the complaints sent to Bayer Schering Pharma AG by way of the January 14, 2010, mailing with registered mail number RE 333 837 449 US, *see supra* n.14.

[17] The case sent to Bayer Schering Pharma AG by way of the January 15, 2010, mailing identified by registered mail number RE 333 782 396 US, was *Shelton v. Bayer Corp., et al.*, No. 9:09-cv-81577.

[18] Moreover, even if plaintiffs had served the *Marian Stevens* case as they claim, such service would have been improper. The file-stamped complaint indicates filing on February 26, 2009. *See* D.E. 1 in 9:09-cv-80338. Yet plaintiffs themselves claim that the case was not served until January 14, 2010. *See* Response at 2 (citing Response Ex. 5 (D.E. 9614 at 19-22)). That is long past the 120 day period required by Rule 4(m), so such service would have failed, had it occurred. Service on January 14, 2010, would have been timely only if the complaint had been filed on November 2, 2009, as plaintiffs contend. *See id.* Instead, it appears that plaintiffs have used proof of service from the *Cathy Stevens* matter in an attempt to establish service in the distinct *Marian Stevens* case. The *Cathy Stevens* complaint was executed on the date plaintiffs wrongly attribute to *Marian Stevens*—November 2, 2009, *see* D.E. 1 in 9:09-cv-81774—and

\* \* \* \* \*

In sum, defendants did receive mailings from Napoli Bern that correspond to the dates and registered mail numbers listed on the return receipts attached as Exhibits 1-11 (D.E. 9614 at 7-46) to plaintiffs' Response. But none of these mailings contained any of the complaints at issue here. Further, plaintiffs' failure to provide any cover letters reflecting service of these complaints is telling. The return receipts offered by plaintiffs have no probative value on the issue of service, and indeed plaintiffs have failed to provide any valid evidence of service in these cases.

### B.    Neither Defendants Nor Their Counsel Received The Service Materials Purportedly Sent By Plaintiffs' Counsel.

If Napoli Bern had in fact served defendants under PTO Nos. 4 and 11 in the cases listed on Exhibit A to the Court's Order to Show Cause, the odds are high that at least one of the two in-house counsel for defendants or one of the five separate defense firms required to be served would have received those materials. But none of them have. Not one of seven separate addressees has received the service materials that purportedly were sent in March 2009, June 2009, or January 2010, for the eleven cases at issue here. *See* Decl. of Eugene A. Schoon at ¶¶ 4, 6-7 (Ex. A hereto) (attesting that defendants' in-house counsel and outside lead and liaison defense counsel, to all of whom plaintiffs were required by PTO No. 4 to send a copy of each complaint, did not receive service materials in any of the cases listed on Exhibit A to the Court's Order to Show Cause).

---

*Cathy Stevens* was served via the registered mailings they incorrectly attempt to attribute to *Marian Stevens. See supra* at 11-12, nn.14 & 116. In sum, plaintiffs have offered no proof whatsoever of proper service for the *Marian Stevens* case, and have merely established that *Cathy Stevens* was served—which defendants have never contested. For these further reasons, plaintiffs have not carried their burden of proving service in *Marian Stevens*.

14

Plaintiffs bear the burden of proving service if challenged.  If they fail to carry that burden, dismissal is appropriate.  *Muhammad v. HSBC Bank USA*, No. 10-00054-CG-B, 2010 WL 2573550, at *3 (S.D. Ala. June 9, 2010) (dismissing case under Rule 4(m) where "the record [] fails to affirmatively show effective service of process").  Because plaintiffs have not provided valid proof of service, they have failed to demonstrate compliance with the requirements of Rule 4(m), and this Court furthermore lacks personal jurisdiction over defendants in these cases.

## II.   THIS COURT SHOULD NOT ALLOW PLAINTIFFS ADDITIONAL TIME TO EFFECT SERVICE.

This Court's May 23, 2011, PTO No. 31 Order to Show Cause states that plaintiffs could respond to the Order by either 1) submitting sufficient proof of service of the cases on defendants, or 2) if service was not completed, requesting an extension of time in which to serve defendants.  Because plaintiffs maintained that these cases were served and did not request an extension of time to effectuate service of process, defendants respectfully submit that the proper course of action is dismissal without prejudice of the cases listed on Exhibit A.  Moreover, even assuming plaintiffs had sought an extension to serve defendants out of time, an extension would not be warranted because plaintiffs cannot establish good cause and a discretionary extension is not justified in light of plaintiffs' conduct in responding to the Court's Order to Show Cause, as well as the substantial delay in service notwithstanding the streamlined service procedures available in this MDL.  *See Good et al. v. Bayer Corp. et al.*, Nos. 9:09-cv-80235 et al., 2011 WL 830287 (S.D. Fla. Mar. 8, 2011).

## CONCLUSION

Plaintiffs' Response to the Court's PTO No. 31 Order To Show Cause fails to include any valid evidence demonstrating service of the cases listed on Exhibit A to the Order.  No extension

of the time to serve is warranted. The cases listed on Exhibit A should be dismissed without prejudice. Proposed Orders of Dismissal are attached hereto.

Dated: June 22, 2011

Respectfully submitted,

*/s/ Barbara Bolton Litten*
Patricia E. Lowry (Florida Bar No. 332569)
Email: patricia.lowry@ssd.com
Barbara Bolton Litten (Florida Bar No. 91642)
Email: barbara.litten@ssd.com
**SQUIRE, SANDERS & DEMPSEY (US) LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509

Eugene A. Schoon
Email: eschoon@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Peter C. Pfaffenroth
Email: ppfaffenroth@sidley.com
Amy L. Hanke
Email: ahanke@sidley.com
**SIDLEY AUSTIN LLP**
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

/s/ *Barbara Bolton Litten*
Barbara Bolton Litten

## SERVICE LIST

### In re Trasylol Products Liability Litigation – MDL-1928
### Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON

James R. Ronca
Email: jronca@anapolschwartz.com
**ANAPOL, SCHWARTZ, WEISS, COHAN,
   FELDMAN & SMALLEY, P.C.**
1710 Spruce Street
Philadelphia, PA 19103
Telephone:  215-790-4584
Facsimile:  215-875-7701
*Co-Lead Counsel for Plaintiffs*

Theodore Babbitt
Email: tedbabbitt@babbitt-johnson.com
**BABBITT JOHNSON OSBORNE
   & LECLAINCHE, P.A**.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Telephone:  561-684-2500
Facsimile:  561-684-6308
*Liaison Counsel for Plaintiffs*

Patricia E. Lowry
Florida Bar No. 332569
Email: patricia.lowry@ssd.com
**SQUIRE, SANDERS & DEMPSEY (US) LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile:  561-655-1509
*Liaison Counsel for Defendants*

Scott A. Love
Email:  slove@triallawfirm.com
**CLARK, BURNETT, LOVE & LEE, G.P.**
Lyric Center
440 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone:  713-757-1400
Facsimile:  713-759-1217
*Co-Lead Counsel for Plaintiffs*

Neal L. Moskow
Email: neal@urymoskow.com
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone:  203-610-6393
Facsimile:  203-610-6399
*Federal-State Liaison for Plaintiffs*

Christopher R. LoPalo
Email: clopalo@nbrlawfirm.com
**NAPOLI BERN RIPKA, LLP**
350 Fifth Avenue, Suite 7413
New York, NY 10118
Telephone:  212-267-3700
Facsimile:  212-587-0031
*Counsel for Plaintiffs*